# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Northern District of California

| | | |
|---|---|---|
| EPIC GAMES, INC. v. APPLE INC. | ) | Civil Action Nos.  4:20-CV-05640-YGR |
| CAMERON ET AL v. APPLE INC. | ) | 4:19-CV-03074-YGR |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | ) | 4:11-CV-06714-YGR |
| | ) | |
| | ) | |
| | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Basecamp, LLC
(c/o Jason Fried, 30 N. Racine Ave. #200, Chicago, IL 60607-2184)

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A

| Place: McDermott Will & Emery LLP<br>444 W Lake Street<br>Chicago, IL 60606<br><br>Or as otherwise agreed. | Date and Time:<br>December 22, 2020 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 8, 2020

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Michelle Lowery<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature*<br>Michelle Lowery |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Apple Inc.
_____, who issues or requests this subpoena, are:

Michelle Lowery, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206, mslowery@mwe.com, (310) 551-9309

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 4:20-CV-05640-YGR, 4:19-CV-03074-YGR, 4:20-CV-05640-YGR

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ on *(date)*

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____   My fees are $ _____   My fees are $ _____

I declare under penalty of perjury that this information is true.

Date: _____          Date: _____

                                                          *Server's signature*

                                        _____

                                                          *Printed name and title*

                                        _____

                                                          *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

## DEFINITIONS

1.      The following rules of construction shall apply to all discovery requests:

   a.   the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   b.   the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   c.   "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

   d.   the use of the singular form of any word includes the plural and vice versa.

2.      "**ADVERTISING**" shall mean the in-APP presentation of third-party promotional content in exchange for payment.

3.      "**APP**" shall mean a software application for a HANDHELD DEVICE or NON-HANDHELD DEVICE.  For the avoidance of doubt, the phrase "**YOUR APP**" shall mean any APP developed and/or published by YOU.

4.      "**APP DEVELOPER**" shall mean any PERSON who developed one or more APPS.

5.      "**APP MARKETPLACE**" shall mean any online storefront where APPS are offered for download and/or purchase. This term shall include, without limitation, Google Play, the Samsung Galaxy Store, Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon Underground, the Microsoft Store for Xbox, the Windows Store, the Windows Phone Store, the Epic Games Store, Steam, Origin, online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo, and websites that offer APPS.

6.    "**COALITION**" shall mean the Coalition for App Fairness in which YOU are a member or founder.

7.    "**COMMUNICATION**" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

8.    "**CONCERNING**" a given subject shall mean: directly or indirectly comprising, concerning, constituting, containing, discussing, embodying, evidencing, exhibiting, identifying, mentioning, negating, pertaining to, recording, regarding, reflecting, relating to, showing, or supporting a given subject matter.

9.    "**DEFENDANT**" shall mean Apple Inc.

10.    "**DEVICE**" shall mean any **HANDHELD DEVICE** or **NON-HANDHELD DEVICE.**

11.    "**DOCUMENT**" and "**DOCUMENTS**" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; COMMUNICATIONS; memoranda; records; REPORTS; books; records, REPORTS, and/or summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, REPORTS, and/or summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, INCLUDING information contained in any computer although not yet printed out. Any production of electronically stored information shall include the information needed to understand such information. The term "DOCUMENT" or "DOCUMENTS" further includes all copies where the copy is not identical to the original.

12.     "**EPIC**" shall mean Epic Games, Inc., its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, (including but not limited to Epic Games International S.à r.l and Life on Air, Inc.), and any PERSON that Epic Games, Inc., manages or controls.

13.     "**EXTERNAL PRODUCTS**" shall mean digital products and services purchased outside of an APP (such as through an APP DEVELOPER's website) that one may use within an APP.

14.     "**HANDHELD DEVICE**" shall mean any smartphone, tablet, or portable MP3 music player.

15.     "**INCLUDING**" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

16.     "**IN-APP PRODUCT**" shall mean any feature, service, or functionality that can be enabled or unlocked within an APP in exchange for a fee, INCLUDING subscriptions, access to premium content, unlocking a full version of an APP, or paying to eliminate advertisements within an application.

17.     "**MALWARE**" shall mean APPS and other software that could put users, user data, or devices at risk, INCLUDING computer viruses, worms, trojans, ransomware, scareware, spyware, phishing apps, backdoors, hostile downloaders, mobile billing fraud apps (including SMS fraud, call fraud, and toll fraud), and click fraud apps.

18.     "**NAMED CONSUMER PLAINTIFF**" shall mean a named plaintiff in *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.), INCLUDING:

   a.   **Edward W. Hayter**, of Brooklyn, NY;

   b.   **Edward Lawrence**, of California;

   c.   **Robert Pepper**, of Chicago, IL; and

3

   d. **Stephen H. Schwartz**, of Ardsley, NY.

  19. **"NAMED DEVELOPER PLAINTIFF"** shall mean a named plaintiff in *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.), and *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.), INCLUDING:

   a. **Donald R. Cameron**, of California;

   b. **Barry Sermons**, of Georgia; and

   c. **Pure Sweat Basketball, Inc.**, an Illinois corporation.

  20. "**NON-HANDHELD DEVICE**" shall mean laptop computers, desktop computers, or video game consoles.

  21. "**PERSON**" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

  22. "**REPORTS**" shall mean any final reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

  23. "**THE**" shall not be construed as limiting the scope of any topic.

  24. "**YOU**" or "**YOUR**" shall refer to Basecamp, LLC or any of its predecessor or successor companies, subsidiaries, corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

## INSTRUCTIONS

  1. All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether YOU consider the attachments and enclosures to be relevant or responsive to the Request.

  2. In responding to these Requests, YOU shall produce all DOCUMENTS and information in YOUR possession, custody, or control, and all DOCUMENTS reasonably available to YOU, INCLUDING those in the possession, custody, or control of YOUR present and former

attorneys, investigators, accountants, agents, representatives, or other PERSONS acting on YOUR behalf.

3.      These Requests shall not be deemed to call for identical copies of DOCUMENTS. "Identical" means precisely the same in all respects; for example, a DOCUMENT with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

4.      In the event YOU are able to produce only some of the DOCUMENTS called for in a particular Request, YOU shall produce all the DOCUMENTS available and state the reason(s) for YOUR inability to produce the remainder.

5.      If there are no DOCUMENTS responsive to a category in these Requests, YOU shall so state in writing. If a DOCUMENT requested is no longer existing or available, YOU shall so state in writing.

6.      If YOU object to a portion of any Request, YOU shall produce all DOCUMENTS called for by that portion of the Request to which YOU do not object.

7.      In producing DOCUMENTS responsive to these requests, YOU must Bates stamp them in a manner that clearly identifies the party that is producing each such DOCUMENT, and in whose possession the DOCUMENT was found.

8.      If any requested DOCUMENT is withheld on the basis of any claim of privilege, YOU must set forth the information necessary for DEFENDANT to ascertain whether the privilege properly applies, INCLUDING describing the DOCUMENT withheld, stating the privilege being relied upon, identifying all PERSONS (by name) who have had access to such DOCUMENT (INCLUDING all the identity(ies) of the author(s) or maker(s), recipient(s), carbon copy recipient(s), blind carbon copy recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the applicable date(s), and the subject matter(s) in a privilege log.

9.      If any portion of any DOCUMENT responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be

privileged redacted and logged in a privilege log pursuant to the preceding instructions.

10.     If YOU cannot answer all parts of a Request, but can answer some parts, YOU must answer those parts to which YOU can reply, and specify "unknown," or some other response, as appropriate, for any part to which YOU cannot reply.

11.     Unless otherwise stated, the time period for which the Requests seek DOCUMENTS is 2010 to the present.

12.     References to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof.

13.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from January 1 to December 31.

14.     These Requests are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers initially given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, YOU are required to supplement these responses and provide additional DOCUMENTS without a specific request from DEFENDANT.

15.     DEFENDANT serves these Requests without prejudice to its right to serve additional requests for production of DOCUMENTS.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to show the name of each APP, that YOU have published in any APP MARKETPLACE and for each such APP:

a.     the dates during which the APP was available for download by U.S. consumers from each APP MARKETPLACE;

b.      for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers from each APP MARKETPLACE;

c.      for each APP MARKETPLACE, the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the monetization strategy YOU did, and whether that strategy changed over time;

e.      the amount charged for APP downloads, subscriptions and IN-APP PRODUCTS, by APP MARKETPLACE;

f.      YOUR annual revenues from APP downloads, subscriptions, and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available); and

g.      the number of minutes of usage of such APP.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show, with respect to any APP MARKETPLACE:

a.      the total yearly amount remitted to YOU by each APP MARKETPLACE from sales of APPS, subscriptions, and IN-APP PRODUCTS (by APP and method of monetization, if available);

b.      any estimates of or accounting for annual ADVERTISING revenue attributable to each APP MARKETPLACE (by APP, if available);

c.      any estimates of or accounting for YOUR annual revenues from sales of EXTERNAL PRODUCTS attributable to each APP MARKETPLACE (by APP and method of monetization, if available);

d.      any estimates of or accounting for annual revenues (other than the foregoing) attributable to each APP MARKETPLACE (by APP and method of monetization, if available);

e.     any estimates of or accounting for annual earnings, income, or profit (whether gross or net) attributable to each APP MARKETPLACE (by APP and method of monetization, if available); and

f.     any comparisons of monetization rates across each APP MARKETPLACE for YOUR APPS distributed through each APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to HANDHELD DEVICE users, and for each such APP:

a.     the dates during which the APP was available for direct download to such U.S. consumers;

b.     for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers;

c.     the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.     YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did, and whether that strategy changed over time;

e.     the amount charged for APP downloads and IN-APP PRODUCTS;

f.     the percentage of the subscription costs paid to YOU that YOU retain for yourself versus pass through to the websites that you partner with; and

g.     YOUR annual revenues from APP downloads, subscriptions and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to NON-HANDHELD DEVICE users, and for each such APP:

a.      the dates during which the APP was available for direct download to such U.S. consumers;

b.      for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers;

c.      the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did, and whether that strategy changed over time;

e.      the amount charged for APP downloads and IN-APP PRODUCTS;

f.      the percentage of the subscription costs paid to YOU that YOU retain for yourself versus pass through to the websites that you partner with; and

g.      YOUR annual revenues from APP downloads, subscriptions, and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**REQUEST FOR PRODUCTION NO. 5:**

REPORTS comparing the distribution of YOUR APPS through different APP MARKETPLACES INCLUDING:

a.      the past or present benefits or costs of distribution in each APP MARKETPLACE;

b.      past or present fees and commission rates charged by each APP MARKETPLACE, INCLUDING how such fees and commission rates affect the attractiveness of the APP MARKETPLACE to YOU;

c.       past or present security or privacy protections offered in each APP MARKETPLACE;

d.       past or present APP REVIEW and approval procedures and practices in each APP MARKETPLACE;

e.       past or present tools for APP DEVELOPERS in each APP MARKETPLACE;

f.       past or present relative ease or difficulty of updating YOUR APPS in each APP MARKETPLACE;

g.       past or present decision to distribute YOUR APPS on a particular APP MARKETPLACE;

h.       contemplated, planned, or actual distribution of YOUR APPS directly (*i.e.*, not through an APP MARKETPLACE) to DEVICE users; and

i.       past or present APP maintenance activities in each APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 6:**

REPORTS concerning competition for each of YOUR APPS, INCLUDING:

a.       who YOU consider to be YOUR competitors for each of YOUR APPS;

b.       whether YOU offer the products or services available in YOUR APPS to NON-HANDHELD DEVICE users; and

c.       comparisons of YOUR APPS to other competing products.

**REQUEST FOR PRODUCTION NO. 7**:

DOCUMENTS sufficient to show YOUR processes and protocols related to security, user data protection and protection against MALWARE, INCLUDING:

a.   amount of time allocated as part of the development of YOUR APPS to security, user data protection and protection against MALWARE;

b.   costs YOU incur related to your efforts to make YOUR APPS secure, protect user data and protect users from MALWARE;

c.   controls you have in place in relation to each of YOUR APPS that protect user data and protect user from MALWARE; and

    d.   frequency of and results from third party security review.

**REQUEST FOR PRODUCTION NO. 8**:

REPORTS AND DOCUMENTS related to the existence of MALWARE in connection with any of YOUR APPS, INCLUDING, in relation to each MALWARE incident:

    a.   description of the MALWARE and how it was used to attack the user's DEVICE, INCLUDING whether the MALWARE resulted in ransomware being installed on the user's DEVICE;

    b.   the number of users impacted and any financial loss incurred by the users and by YOU;

    c.   breakdown of the DEVICES the users were using at the time the MALWARE was used to attack their DEVICE;

    d.   any change in user DEVICE preference as a result of a MALWARE incident;

    e.   breakdown of which APP MARKETPLACE(S) the users downloaded the APP from that was affected by the MALWARE;

    f.   details of how YOU became aware of the incident, how long the MALWARE was active, and what actions you took to stop the incident; and

    g.   security updates and measures you took to prevent future MALWARE incidents.

**REQUEST FOR PRODUCTION NO. 9**:

DOCUMENTS, INCLUDING COMMUNICATIONS, CONCERNING any   security   or privacy concerns or incidents YOU had in relation to any APP MARKETPLACE or DEVICE.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS, INCLUDING COMMUNICATIONS CONCERNING the COALITION INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, and fees.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS CONCERNING COMMUNICATIONS with any actual or proposed founder or member of the COALITION, INCLUDING Basecamp, Blix Inc., Blockchain.com,

Deezer, Epic Games Inc., European Publishers Council, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, and Tile, CONCERNING the COALITION, DEFENDANT, any APP MARKETPLACE, YOUR APP(s), and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 12:**

For each of YOUR APPS, DOCUMENTS sufficient to show the extent to which:

a.  IN-APP PRODUCTS or EXTERNAL PRODUCTS purchased on one DEVICE can be applied to the same APP on another DEVICE;

b.  products purchased outside of an APP (such are through an APP DEVELOPER's website) can be applied to YOUR APPS; and

c.  users can access activities, settings, calendars, documents, and messages in the APP across their different DEVICES.

**REQUEST FOR PRODUCTION NO. 13:**

For each of YOUR APPS, DOCUMENTS sufficient to show the prices of IN-APP PRODUCTS or EXTERNAL PRODUCTS, whether those prices vary based on DEVICE or where purchased, and whether APP users respond to discounts on IN-APP PRODUCTS or EXTERNAL PRODUCTS.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS CONCERNING YOUR decision to sell YOUR APPS, INCLUDING subscriptions, at a discounted or different price on YOUR website than through IN-APP purchases.

**REQUEST FOR PRODUCTION NO. 15:**

REPORTS CONCERNING the habits of YOUR APP users, INCLUDING whether users of YOUR APPS own multiple DEVICES and whether they use YOUR APPS on multiple DEVICES.

**REQUEST FOR PRODUCTION NO. 16**:

DOCUMENTS CONCERNING YOUR negotiations with operators of APP MARKETPLACES, INCLUDING YOUR negotiations CONCERNING commission rates.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show YOUR efforts to increase the ability of consumers in the United States to find and download YOUR APPS in any APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to show YOUR agreements or contracts with any APP MARKETPLACE or DEVICE manufacturer, INCLUDING any guidelines or rules setting forth the terms and conditions under which YOU may distribute YOUR APPS through any APP MARKETPLACE(S) or to DEVICE users.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show any marketing, services, assistance, or support provided to YOU by any APP MARKETPLACE or DEVICE manufacturer, INCLUDING APP development tools, application programming interfaces ("APIs"), programming tools, technical support, opportunities for testing APPS before they are released to the consumers, marketing, payment processing, refund processing, and security measures.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show YOUR marketing strategies for growing YOUR user and subscriber base and how each strategy contributed to the growth of YOUR user and subscriber base.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS describing the organizational structure of, and/or listing personnel working within, any division or unit of YOUR business that is responsible for YOUR APPS.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show what user information and data YOU collect and how YOU use user information and data, INCLUDING all third parties with whom you share user information and data with, INCLUDING REPORTS reflecting when and how you have shared user information and data with third parties.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS relating to YOUR privacy practices and concerns about user privacy, INCLUDING any customer COMMUNICATIONS raising questions or concerns about how YOU use and/or share customer information and data.

**REQUEST FOR PRODUCTION NO. 24:**

ALL COMMUNICATIONS between YOU and any NAMED CONSUMER PLAINTIFF or NAMED DEVELOPER PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 25:**

ALL COMMUNICATIONS between YOU and any APP DEVELOPER, INCLUDING EPIC, or any member of the COALITION, CONCERNING:

a.      the DEFENDANT'S iOS App Store, INCLUDING any guidelines, policies, and procedures for the DEFENDANT'S iOS App Store;

b.      policies, practices, and/or procedures for handling and processing payments for the sale of IN-APP PRODUCTS;

c.       the following ongoing litigation, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:

  i.      *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

  ii.     *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

  iii.    *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

  iv.     *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

  v.      *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 26:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE(S), the DEFENDANT, or YOUR privacy practices and user data.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS provided to EPIC in relation to any of the following litigations:

      i.     *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

      ii.    *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

      iii.   *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

      iv.   *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

      v.     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

# EXHIBIT 2

ADRMOP,PROTO,REFDIS,RELATE

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:20-cv-05640-YGR

Epic Games, Inc. v. Apple Inc.
Assigned to: Judge Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson
Relate Case Case: 4:19-cv-03074-YGR
Cause: 15:1 Antitrust Litigation

Date Filed: 08/13/2020
Jury Demand: Defendant
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**Epic Games, Inc.**                                   represented by   **Benjamin Hans Diessel**
Wiggin and Dana LLP
One Century Tower
PO Box 1832
New Haven, CT 06508-1832
203-498-4400
Fax: 203-782-2889
Email: bdiessel@wiggin.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine A Varney**
Cravath, Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
United Sta
212-474-1000
Email: cvarney@cravath.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Andrew Bornstein**
Cravath, Swaine and Moore
Worldwide Plaza
825 Eighth Ave.
New York, NY 10019
212-474-1000
Email: gbornstein@cravath.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine B. Forrest**
Cravath Swaine and Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
Email: kforrest@cravath.com

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Brent Byars**
Cravath, Swaine Moore LLP
825 Eighth avenue
New York, NY 10019
212-474-1000
Email: mbyars@cravath.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Seth Hoff**
Wiggin and Dana LLP
281 Tresser Blvd.
Stamford, CT 06901
203-363-7626
Email: rhoff@wiggin.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yonatan Even**
Cravath, Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1000
Fax: 212-474-3700
Email: yeven@cravath.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Norma Barreiro**
Cravath, Swaine Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
212-474-1000
Fax: 212-474-3700
Email: cbarreiro@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Darin P. McAtee**
Cravath, Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1000
Fax: 212-474-3700
Email: dmcatee@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hector J Valdes**

Cravath, Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
United Sta
212-474-1000
Email: hvaldes@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joe Wesley Earnhardt**
Cravath, Swaine and Moore LLP
825 8th Ave
New York, NY 10019
212-474-1138
Email: wearnhardt@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John I Karin**
Cravath, Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1000
Email: jkarin@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin C Clarke**
Cravath, Swaine and Moore LLP
825 EighthAvenue
New York, NY 10019
United Sta
212-474-1000
Email: jcclarke@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Ann Moskowitz**
Cravath Swaine Moore LLP
825 Eighth Avenue
New York, NY 10019
United Sta
212-474-1000
Fax: 212-474-3700
Email: lmoskowitz@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nathan E Denning**
Wiggin and Dana LLP
437 Madison Ave
35th Floor
New York, NY 10022
212-551-2630
Email: ndenning@wiggin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omid H. Nasab**
Cravath, Swaine Moore LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
Email: onasab@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel Adams Stuckey**
Cravath, Swaine Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
212-474-1000
Fax: 212-474-3700
Email: sstuckey@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Vanessa A. Lavely**
Cravath, Swaine and Moore LLP
825 8th Ave.
New York, NY 10019
212-474-1000
Fax: 212-474-3700
Email: vlavely@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Jeffrey Riehle**
Faegre Drinker Biddle & Reath LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
415-591-7500
Fax: 415-591-7510
Email: paul.riehle@faegredrinker.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Apple Inc.**                  represented by **Jason C Lo**
Gibson, Dunn & Crutcher LLP
333 S. Grand Ave.
Los Angeles, CA 90071
213-229-7153
Fax: 213-229-6153
Email: jlo@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica E Phillips**
Paul Weiss Rifkind Wharton Garrison LLP
2001 K Street NW Washington, D.C.

Washington, DC 20005
202-223-7300
Email: jphillips@paulweiss.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karen Leah Dunn**
Paul Weiss Rifkind Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300
Fax: (202) 223-7420
Email: kdunn@paulweiss.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meredith Richardson Dearborn**
Paul Weiss Rifkind Wharton & Garrison LLP
943 Steiner Street
San Francisco, CA 94117
(202) 223-7300
Fax: (202) 223-7420
Email: mdearborn@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter John Sacripanti**
McDermott Will and Emery LLP
340 Madison Avenue
New York, NY 10173-1922
212-547-5583
Fax: 212-547-5444
Email: psacripanti@mwe.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William A. Isaacson**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
2001 K Street, N.W
Washington, DC 20006
(202) 223-7300
Fax: (202) 223-7420
Email: wisaacson@paulweiss.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna L Casey**
Gibson, Dunn, and Crutcher
1050 Connecticut Ave. NW
Washington, DC 20036
202-887-3722
Email: acasey@gibsondunn.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Tryon Pletcher**
O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
415-984-8994
Email: apletcher@omm.com
*ATTORNEY TO BE NOTICED*

**Anthony Doc Bedel**
Gibson, Dunn and Crutcher
555 Mission St Ste 3000
San Francisco, CA 94105
United Sta
712-299-4971
Email: tbedel@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Arpine Lawyer**
Paul, Weiss, Rifkind, Wharton and Garrison
LLP
2001 K Street, NW
Washington, DC 20006
202-223-7443
Email: alawyer@paulweiss.com
*ATTORNEY TO BE NOTICED*

**Bethany Marvin Stevens**
Walker Stevens Cannom LLP
500 Molino Street #118
Los Angeles, CA 90013
213-337-4551
Fax: 213-403-4906
Email: bstevens@wscllp.com
*ATTORNEY TO BE NOTICED*

**Betty X Yang**
Gibson Dunn and Crutcher LLP
2100 McKinney Ave
Suite 1100
Dallas, TX 75201
(214) 698-3100
Email: BYang@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cynthia Richman**
Gibson Dunn and Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8234
Fax: (202) 467-0539
Email: crichman@gibsondunn.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Dana Li**
Gibson Dunn Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304
650-849-5368
Email: dli2@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Daniel Glen Swanson**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7340
Fax: (213) 229-7520
Email: dswanson@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**David R. Eberhart**
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8700
Fax: (415) 984-8701
Email: deberhart@omm.com
*ATTORNEY TO BE NOTICED*

**E. Joshua Rosenkranz**
Orrick Herrington Sutcliffe LLP
51 W 52nd St.
New York, NY 10019
(212) 506-5000
Email: jrosenkranz@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elena Zarabozo**
O'Melveny and Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
202-383-5300
Email: ezarabozo@omm.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Andrea Rodd**
McDermott Will and Emery
200 Clarendon Street
Floor 58
Boston, MA 02116-5021
617-535-4040
Fax: 617-535-3800
Email: erodd@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ethan D. Dettmer**

Gibson, Dunn & Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105
415-393-8200
Fax: 415-986-5309
Email: edettmer@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Evan R Kreiner**
Four Times Square
New York, NY 10036
212-735-2491
Email: evan.kreiner@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan N Schlom**
O'Melveny and Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
202-383-5300
Email: eschlom@omm.com
*ATTORNEY TO BE NOTICED*

**Hannah Cannom**
Walker Stevens Cannom LLP
500 Molino Street
Suite 118
Los Angeles, CA 90013
(213) 337-9972
Email: hcannom@wscllp.com
*ATTORNEY TO BE NOTICED*

**Harry Phillips**
Gibson, Dunn and Crutcher LLP
1050 Connecticut Avenue NW
Washington, DC 20036
202-887-3706
Email: hphillips2@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Henry H. Cornillie**
Gibson, Dunn & Crutcher LLP
Gibson, Dunn & Crutcher LLP
555 Mission St #3000
San Francisco
San Francisco, CA 94102
415.393.8394
Email: hcornillie@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Jagannathan P Srinivasan**
Gibson Dunn
333 S Grand Ave
Los Angeles, CA 90071
213-229-7296

Email: jsrinivasan@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Jennifer Bracht**
Gibson Dunn
1801 California Street
Suite 1400
Denver, CO 80202
(303) 298-5737
Email: JBracht@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer J. Rho**
Gibson, Dunn and Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
United Sta
213-229-7000
Fax: 213-229-7520
Email: jrho@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**John J. Calandra**
McDermott Will and Emery LLP
340 Madison Avenue
New York, NY 10173-1922
212-547-5489
Fax: 212-547-5444
Email: jcalandra@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julian Wolfe Kleinbrodt**
Gibson Dunn and Crutcher, LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105
415-393-8382
Email: JKleinbrodt@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Karen Hoffman Lent**
Skadden Arps Slate Meagher Flom LLP
One Manhattan West
New York, NY 10001
212-735-3000
Email: karen.lent@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katrina Marie Robson**
O'Melveny and Myers
1625 Eye St., NW
Washington, DC 20006
202-220-5052
Fax: 202-383-5414

Email: krobson@omm.com
*ATTORNEY TO BE NOTICED*

**Lauren Dansey**
Gibson, Dunn and Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105
415-393-8230
Email: LDansey@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Mark A. Perry**
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
202/887-3621
Fax: 202/530-9535
Email: mperry@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Michael R Huttenlocher**
McDermott Will Emery LLP
340 Madison Avenue
New York, NY 10173
United Sta
212-547-5400
Email: mhuttenlocher@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle S Lowery**
McDermott Will and Emery
2049 Century Park East
Los Angeles, CA 90067
(310) 551-9309
Email: mslowery@mwe.com
*ATTORNEY TO BE NOTICED*

**Nicole Lauren Castle**
McDermott Will and Emery LLP
340 Madison Avenue
New York, NY 10173-1922
212-547-5480
Fax: 212-547-5444
Email: ncastle@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel S. Brass**
Gibson Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
(415) 393-8200
Fax: (415) 393-8306
Email: rbrass@gibsondunn.com

*ATTORNEY TO BE NOTICED*

**Richard Joseph Doren**
Gibson Dunn Crutcher
333 S Grand Ave
Los Angeles, CA 90071
213-229-7038
Fax: 213-629-7038
Email: rdoren@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Scott A Schaeffer**
O'Melveny and Myers LLP
Plaza 66, 37th Floor
1266 Nanjing Road West
Shanghai 200040
China
213-430-6000
Email: sschaeffer@omm.com
*ATTORNEY TO BE NOTICED*

**Soolean Choy**
Gibson, Dunn and Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105
415-393-8276
Email: schoy@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Theodore J. Boutrous , Jr.**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7804
Fax: (213) 229-7520
Email: tboutrous@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Veronica Smith Moye**
Gibson Dunn Crutcher LLP
2001 Ross Avenue
Suite 1100
Dallas, TX 75201
214-698-3100
Fax: 214-571-2936
Email: VLewis@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**William F Stute**
Orrick, Herrington and Sutcliffe LLP
1152 15th St, NW
Washington, DC 20005
202-339-8400
Email: wstute@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zainab Ahmad**
Gibson, Dunn and Crutcher
200 Park Avenue
New York, NY 10166-0193
212-351-2609
Email: ZAhmad@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lyft, Inc.**                          represented by   **Ellen London**
Alto Litigation, PC
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 612-9566
Fax: (415) 436-6748
Email: ellen@altolit.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Reporters Committee for Freedom of the**   represented by   **Katie Townsend**
**Press and 18 Media Organizations**                         Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1020
Washington, DC 20005
(202) 795-9300
Fax: (202) 795-9310
Email: ktownsend@rcfp.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**App Annie Inc.**                       represented by   **Benjamin Matthew Crosson**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Fax: 650-565-5100
Email: bcrosson@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Amazon.com Services LLC**              represented by   **Molly Newland Tullman**
Davis Wright Tremaine LLP
1201 Third Avenue
Suite 2200
Seattle, WA 98101
206-622-3150
Fax: 206-757-7700
Email: mollytullman@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**3rd party defendant**

**Facebook, Inc.**                                              represented by **Emily Claire Curran-Huberty**
Munger Tolles and Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415-512-4052
Fax: 415-512-4077
Email: emily.curran-huberty@mto.com
*ATTORNEY TO BE NOTICED*

**Justin Paul Raphael**
Munger Tolles and Olson
560 Mission St.
Suite 2700
San Francisco, CA 94105
415-512-4000
Fax: 415-512-4077
Email: justin.raphael@mto.com
*ATTORNEY TO BE NOTICED*

**Rosemarie Theresa Ring**
Munger, Tolles & Olson LLP
560 Mission St
27th Floor
San Francisco, CA 95105-2907
415-512-4000
Fax: 415-512-4700
Email: rose.ring@mto.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Donald R. Cameron**                                        represented by **Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ben Michael Harrington**
Hagens Berman
715 Hearst Avenue, Suite 200
Berkeley, CA 94710
510-725-3000
Email: benh@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Robert F Lopez**
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
206-623-7292

Fax: 206-623-0594
Email: robl@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Valve Corporation**                    represented by   **Gavin W. Skok**
Fox Rothschild LLP
1001 Fourth Avenue
Suite 4500
Seattle, WA 98154
206-624-3600
Fax: 206-389-1708
Email: gskok@foxrothschild.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dwight Craig Donovan**
Fox Rothschild LLP
345 California Street, Suite 2200
San Francisco, CA 94104
415-364-5540
Fax: 415-391-4436
Email: ddonovan@foxrothschild.com
*ATTORNEY TO BE NOTICED*

**Jaemin Chang**
Fox Rothschild LLP
345 California Street
Suite 2200
San Francisco, CA 94104-2670
(415) 364-5540
Fax: (415) 391-4436
Email: jchang@foxrothschild.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Microsoft Corporation**               represented by   **David P. Chiappetta**
*Non Party*                                             Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
415-344-7076
Email: dchiappetta@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Judith Bond Jennison**
Perkins Coie LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
206-359-3489
Fax: 206-359-4489
Email: jjennison@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**PayPal, Inc.**                                    represented by **Yi Yang**
                                                    Norton Rose Fulbright US LLP
                                                    555 S. Flower St.
                                                    41st Floor
                                                    Los Angeles, CA 90017
                                                    213-892-9311
                                                    Email: eva.yang@nortonrosefulbright.com
                                                    *ATTORNEY TO BE NOTICED*

**Interested Party**

**Lyft, Inc.**                                      represented by **Ellen London**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Interested Party**

**Kabam, Inc.**                                     represented by **Marc E. Mayer**
                                                    Mitchell Silberberg & Knupp LLP
                                                    2049 Century Park East
                                                    18th Floor
                                                    Los Angeles, CA 90067-3120
                                                    310-312-3154
                                                    Fax: 310-312-3100
                                                    Email: mem@msk.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Interested Party**

**Visa Inc.**                                       represented by **Sharon D. Mayo**
                                                    Arnold & Porter Kaye Scholer LLP
                                                    Three Embarcadero Center, 10th Floor
                                                    San Francisco, CA 94111-4024
                                                    (415) 471-3100
                                                    Fax: (415) 471-3400
                                                    Email: sharon.mayo@arnoldporter.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Interested Party**

**The Gearbox Entertainment**                       represented by **Eric J. Ball**
                                                    Fenwick & West LLP
                                                    801 California Street
                                                    Mountain View, CA 94041
                                                    (650) 988-8500
                                                    Fax: (650) 938-5200
                                                    Email: eball@fenwick.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Amicus**

**Edward W. Hayter**                                represented by **Brittany Nicole DeJong**
                                                    Wolf Haldenstein Adler Freeman and Herz
                                                    LLP
                                                    750 B Street, Suite 1820
                                                    San Diego, CA 92101

(619) 239-4599
Fax: (619) 234-4599
Email: dejong@whafh.com
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
Wolf Haldenstein Adler Freeman & Herz LLP
Symphony Towers
750 B Street, Suite 1820
San Diego, CA 92101
(619) 239-4599
Fax: (619) 234-4599
Email: byrd@whafh.com
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Edward Lawrence**                    represented by **Brittany Nicole DeJong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Robert Pepper**                      represented by **Brittany Nicole DeJong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Stephen H. Schwartz**                represented by **Brittany Nicole DeJong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>Miscellaneous</u>

**Samsung Electronics America Inc**    represented by **Victoria F. Maroulis**
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
(650) 801-5000
Fax: (650) 801-5100
Email: victoriamaroulis@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Kenneth Batter**

Quinn Emanuel Urquhart Sullivan
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
United Sta
650-801-5000
Fax: 650-801-5000
Email: kylebatter@gmail.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Samsung Electronics Co., Ltd**                represented by **Kyle Kenneth Batter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Victoria F. Maroulis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Yoga Buddhi Co.**                represented by **Brandon Kressin**
1717 K St, NW
Suite 900
Washington, DC 20006
United Sta
202-792-3037
Email: brandon@kanterlawgroup.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas James Dixon**
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
(949) 229-6680
Fax: (888) 775-0898
Email: DDixon@hueston.com
*ATTORNEY TO BE NOTICED*

**Jonathan Kanter**
1717 K St, NW
Suite 900
Washington, DC 20006
United Sta
202-792-3037
Email: jonathan@kanterlawgroup.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Match Group, Inc.**                represented by **Douglas James Dixon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Google LLC**                represented by **Asim M. Bhansali**

Kwun Bhansali Lazarus LLP
555 Montgomery Street
Suite 750
San Francisco, CA 94111
(415) 630-2350
Fax: 415-367-1539
Email: abhansali@kblfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Sony Interactive Entertainment LLC**            represented by  **John F. Cove , Jr.**
Shearman & Sterling LLP
535 Mission Street, 25th Floor
Suite 900
San Francisco, CA 94105-2997
415-616-1100
Fax: 415-616-1199
Email: john.cove@shearman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew G Berkowitz**
Shearman Sterling LLP
1460 El Camino Real
2nd Floor
Menlo Park, CA 94025
650-838-3737
Email: matt.berkowitz@shearman.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Shelley Gould**            represented by  **Karl C. Huth**
Huth Reynolds LLP
41 Cannon Court
Huntington, NY 11743
212-731-9333
Email: huth@huthreynolds.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew John Reynolds**
Huth Reynolds LLP
7800 Grampian Court
Chesterfield, VA 23838
646-872-9353
Email: reynolds@huthreynolds.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**NVIDIA Corporation**            represented by  **Marc David Peters**
Turner Boyd LLP
702 Marshall Street

Suite 640
Redwood City, CA 94063-1826
(650) 521-5935
Fax: (650) 521-5931
Email: mdpeters@turnerboyd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Roblox, Inc.**                    represented by   **Patrick Maben Hammon**
McManis Faulkner
50 West San Fernando Street
10th Floor
San Jose, CA 95113
4082798700
Fax: 4082793244
Email: phammon@mcmanislaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Spotify USA Inc.**                represented by   **Steven L. Holley**
Sullivan and Cromwell LLP
125 Broad Street
New York, NY 10004
212-558-4737
Email: holleys@sullcrom.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brendan P. Cullen**
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
(650) 461-5600
Fax: (650) 461-5700
Email: cullenb@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Shane Michael Palmer**
Sullivan and Cromwell LLP
125 Broad Street
New York, NY 10004
212-558-4085
Fax: 212-558-1600
Email: palmersh@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Netflix, Inc.**                   represented by   **Matthew A Macdonald**
Munger Tolles Olson LLP
350 S Grand Ave 50th floor
Los Angeles, CA 90071
213-683-5131
Email: matthew.macdonald@mto.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren M. Harding**
Munger, Tolles and Olson
350 S. Grand Avenue
50th Floor
Los Angeles, CA 90071-3426
213-683-9100
Fax: 213-687-3702
Email: lauren.harding@MTO.com
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

Nintendo of America Inc.                     represented by **David P. Chiappetta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter-claimant**

Apple Inc.                     represented by **Jessica E Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen Leah Dunn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith Richardson Dearborn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter John Sacripanti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William A. Isaacson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anna Tryon Pletcher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Arpine Lawyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bethany Marvin Stevens**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Betty X Yang**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cynthia Richman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Glen Swanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Eberhart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**E. Joshua Rosenkranz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elena Zarabozo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Andrea Rodd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan D. Dettmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Evan R Kreiner**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan N Schlom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Cannom**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Phillips**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jagannathan P Srinivasan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason C Lo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John J. Calandra**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen Hoffman Lent**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katrina Marie Robson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark A. Perry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael R Huttenlocher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle S Lowery**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicole Lauren Castle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Joseph Doren**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott A Schaeffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theodore J. Boutrous , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Veronica Smith Moye**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William F Stute**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Counter-defendant**</u>

**Epic Games, Inc.**                                    represented by   **Christine A Varney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Andrew Bornstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine B. Forrest**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Brent Byars**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yonatan Even**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin C Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Ann Moskowitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nathan E Denning**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Jeffrey Riehle**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/13/2020 | 1 | COMPLAINT *For Injunctive Relief* against Apple Inc. ( Filing fee $ 400, receipt number 0971-14811219.). Filed byEpic Games, Inc.. (Attachments: # 1 Civil Cover Sheet)(Riehle, Paul) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 2 | Proposed Summons. (Riehle, Paul) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 3 | Certificate of Interested Entities by Epic Games, Inc. re 1 Complaint (Riehle, Paul) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Epic Games, Inc... (Riehle, Paul) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 5 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971- |

| | | |
|---|---|---|
| | | 14811813.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing) (Bornstein, Gary) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 6 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14811915.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Forrest, Katherine) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 7 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14811945.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Even, Yonatan) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 8 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14811968.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Byars, Michael) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 9 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14812272.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Varney, Christine) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/13/2020 | 10 | Case assigned to Judge Edward M. Chen.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. (haS, COURT STAFF) (Filed on 8/13/2020) (Entered: 08/13/2020) |
| 08/14/2020 | 11 | **Order by Judge Edward M. Chen granting 6 Motion for Pro Hac Vice.(afmS, COURT STAFF) (Filed on 8/14/2020) (Entered: 08/14/2020)** |
| 08/14/2020 | 12 | **Order by Judge Edward M. Chen granting 7 Motion for Pro Hac Vice.(afmS, COURT STAFF) (Filed on 8/14/2020) (Entered: 08/14/2020)** |
| 08/14/2020 | 13 | **Order by Judge Edward M. Chen granting 8 Motion for Pro Hac Vice.(afmS, COURT STAFF) (Filed on 8/14/2020) (Entered: 08/14/2020)** |
| 08/14/2020 | 14 | **Order by Judge Edward M. Chen granting 9 Motion for Pro Hac Vice.(afmS, COURT STAFF) (Filed on 8/14/2020) (Entered: 08/14/2020)** |
| 08/14/2020 | 15 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 11/5/2020. Initial Case Management Conference set for 11/12/2020 09:30 AM in San Francisco, Courtroom 05, 17th Floor. (elyS, COURT STAFF) (Filed on 8/14/2020) (Entered: 08/14/2020)** |
| 08/14/2020 | 16 | Summons Issued as to Apple Inc. (elyS, COURT STAFF) (Filed on 8/14/2020) (Entered: 08/14/2020) |
| 08/17/2020 | 17 | MOTION for Temporary Restraining Order *and Order to Show Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof* filed by Epic Games, Inc.. (Attachments: # 1 Declaration In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 2 Exhibit A to Paul Riehle Declaration In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 3 Exhibit B to Paul Riehle Declaration In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 4 Exhibit C to Paul Riehle Declaration In Support of Plaintiff's Motion for |

| | | |
|---|---|---|
| | | Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 5 Declaration of Andrew Grant In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 6 Exhibit A to Andrew Grant Declaration In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 7 Declaration of Nicholas Penwarden In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 8 Declaration of Timothy Sweeney In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 9 Exhibit A to Timothy Sweeney Declaration In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 10 Exhibit B to Timothy Sweeney Declaration In Support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, # 11 Proposed Order [Proposed] Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue, # 12 Certificate/Proof of Service)(Riehle, Paul) (Filed on 8/17/2020) (Entered: 08/17/2020) |
| 08/17/2020 | 18 | **Order by Judge Edward M. Chen granting 5 Motion for Pro Hac Vice.(afmS, COURT STAFF) (Filed on 8/17/2020) (Entered: 08/17/2020)** |
| 08/17/2020 | 19 | **CLERK'S NOTICE SETTING HEARING AND BRIEFING FOR 17 MOTION FOR TEMPORARY RESTRAINING ORDER: Hearing re: 17 MOTION for Temporary Restraining Order _and Order to Show Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof_ set for 8/24/2020 10:00 AM in San Francisco before Judge Edward M. Chen. Opposition due by 8/19/2020, 12:00 noon. No replies. Hearing to be conducted by Zoom Webinar. Information to follow. _(This is a text-only entry generated by the court. There is no document associated with this entry.)_ (afmS, COURT STAFF) (Filed on 8/17/2020) (Entered: 08/17/2020)** |
| 08/18/2020 | 20 | NOTICE of Appearance by Richard Joseph Doren (Doren, Richard) (Filed on 8/18/2020) (Entered: 08/18/2020) |
| 08/18/2020 | 21 | NOTICE of Appearance by Daniel Glen Swanson (Swanson, Daniel) (Filed on 8/18/2020) (Entered: 08/18/2020) |
| 08/18/2020 | 22 | NOTICE of Appearance by Jagannathan P Srinivasan (Srinivasan, Jagannathan) (Filed on 8/18/2020) (Entered: 08/18/2020) |
| 08/18/2020 | 23 | **CLERK'S NOTICE. Per the Court's discussion with the parties, Defendant shall have until Friday, August 21, 2020, to file an opposition to 17 Plaintiff's motion for a temporary restraining order. The hearing on the motion is temporarily vacated. Should the instant case be transferred to Judge Gonzalez-Rogers, briefing and/or hearing dates may be subject to change. _(This is a text-only entry generated by the court. There is no document associated with this entry.)_ (afmS, COURT STAFF) (Filed on 8/18/2020) (Entered: 08/18/2020)** |
| 08/19/2020 | 24 | **ORDER RELATING CASES 4:19-cv-3074-YGR and 3:20-cv-5640-EMC. Signed by Judge Yvonne Gonzalez Rogers on 8/19/2020. (fs, COURT STAFF) (Filed on 8/19/2020) (Entered: 08/19/2020)** |
| 08/19/2020 | 25 | NOTICE of Appearance by Theodore J. Boutrous, Jr (Boutrous, Theodore) (Filed on 8/19/2020) (Entered: 08/19/2020) |
| 08/19/2020 | 26 | **ORDER REASSIGNING CASE. Case reassigned to Judge Yvonne Gonzalez Rogers for all further proceedings. Judge Edward M. Chen no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Signed by the Clerk on 8/19/2020. (Attachments: # 1 Notice of Eligibility for Video Recording)(anjS, COURT STAFF) (Filed on 8/19/2020) (Entered: 08/19/2020)** |
| 08/19/2020 | 27 | Renotice motion hearing re 17 MOTION for Temporary Restraining Order _and Order to Show_ |

| | | |
|---|---|---|
| | | *Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof* filed byEpic Games, Inc.. (Related document(s) 17 ) (Riehle, Paul) (Filed on 8/19/2020) (Entered: 08/19/2020) |
| 08/19/2020 | 28 | TRANSCRIPT ORDER for proceedings held on August 19. 2020 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter: Raynee Mercado. (Forrest, Katherine) (Filed on 8/19/2020) Modified on 8/20/2020 (napS, COURT STAFF). (Entered: 08/19/2020) |
| 08/19/2020 | 29 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Status Conference held on 8/19/2020 via Zoom platform. Defendant Apple's Responses due by noon on Friday, 8/21/2020. Motion for TRO Hearing set for Monday, 8/24/2020 03:00 PM via Zoom platform before Judge Yvonne Gonzalez Rogers.Total Time in Court: 28 minutes. Court Reporter: Raynee Mercado. (fs, COURT STAFF) (Date Filed: 8/19/2020) (Entered: 08/19/2020)** |
| 08/20/2020 | 30 | TRANSCRIPT ORDER for proceedings held on 8/19/2020 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter: Raynee Mercado. (Srinivasan, Jagannathan) (Filed on 8/20/2020) Modified on 8/20/2020 (napS, COURT STAFF). (Entered: 08/20/2020) |
| 08/20/2020 | 31 | TRANSCRIPT ORDER for proceedings held on 8/19/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 8/20/2020) (Entered: 08/20/2020) |
| 08/20/2020 | 32 | MOTION for leave to appear in Pro Hac Vice *Cynthia E. Richman* ( Filing fee $ 310, receipt number 0971-14841513.) filed by Apple Inc.. (Richman, Cynthia) (Filed on 8/20/2020) (Entered: 08/20/2020) |
| 08/20/2020 | 33 | MOTION for leave to appear in Pro Hac Vice *Veronica S. Lewis* ( Filing fee $ 310, receipt number 0971-14841573.) filed by Apple Inc.. (Lewis, Veronica) (Filed on 8/20/2020) (Entered: 08/20/2020) |
| 08/20/2020 | 34 | **ORDER by Judge Yvonne Gonzalez Rogers granting 32 Motion for Pro Hac Vice as to Cynthia E. Richman. (fs, COURT STAFF) (Filed on 8/20/2020) (Entered: 08/20/2020)** |
| 08/20/2020 | 35 | **ORDER by Judge Yvonne Gonzalez Rogers granting 33 Motion for Pro Hac Vice as to Veronica S. Lewis. (fs, COURT STAFF) (Filed on 8/20/2020) (Entered: 08/20/2020)** |
| 08/21/2020 | 36 | OPPOSITION/RESPONSE (re 17 MOTION for Temporary Restraining Order *and Order to Show Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof* ) filed by Apple Inc. (Swanson, Daniel) (Filed on 8/21/2020) Modified on 8/24/2020 (jjbS, COURT STAFF). (Entered: 08/21/2020) |
| 08/21/2020 | 37 | DECLARATION (re 17 MOTION for Temporary Restraining Order *and Order to Show Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof* ) *Declaration of Philip W. Schiller in Support of Apple's Opposition to Plaintiff's Motion for Temporary Restraining Order* filed byApple Inc.. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Declaration, # 4 Declaration, # 5 Declaration, # 6 Declaration, # 7 Declaration, # 8 Declaration, # 9 Declaration)(Swanson, Daniel) (Filed on 8/21/2020) Modified on 8/24/2020 (jjbS, COURT STAFF) (Entered: 08/21/2020) |
| 08/21/2020 | 38 | **ORDER PERMITTING LIMITED REPLY BRIEF FROM PLAINTIFF EPIC GAMES, INC. Reply filed on or before 9:00 AM PDT on Sunday, 8/23/2020 and limited to ten (10) pages or less. Signed by Judge Yvonne Gonzalez Rogers on 8/21/2020. (fs, COURT STAFF) (Filed on 8/21/2020) (Entered: 08/21/2020)** |
| 08/21/2020 | 39 | CLERKS NOTICE SETTING ZOOM HEARING. Temporary Restraining Order Hearing set for Monday, 8/24/2020 03:00 PM. This proceeding will be held via a Zoom webinar. |

**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr

Please click the link below to join webinars (public hearings). If you are a case participant, you will j oin as an attendee, then you will be brought into the proceeding by court staff.

https://cand-uscourts.zoomgov.com/j/1618764848?
pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09

Webinar ID: 161 876 4848
Password: 715550

Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666

International numbers available: https://cand-uscourts.zoomgov.com/u/advFLxrTkx

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Temporary Restraining Order Hearing set for 8/24/2020 03:00 PM.

(Related documents(s) 17 ) *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 8/21/2020) (Entered: 08/21/2020)

| 08/23/2020 | 40 | Declaration of Kevin Gammill in Support of 17 MOTION for Temporary Restraining Order *and Order to Show Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof* filed byEpic Games, Inc.. (Related document(s) 17 ) (Forrest, Katherine) (Filed on 8/23/2020) (Entered: 08/23/2020) |
| --- | --- | --- |
| 08/23/2020 | 41 | Declaration of M. Brent Byars in Support of 17 MOTION for Temporary Restraining Order *and Order to Show Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof* filed byEpic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V)(Related document(s) 17 ) (Forrest, Katherine) (Filed on 8/23/2020) (Entered: 08/23/2020) |
| 08/23/2020 | 42 | Declaration of Nicholas Penwarden in Support of 17 MOTION for Temporary Restraining Order *and Order to Show Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof* filed byEpic Games, Inc.. (Related document(s) 17 ) (Forrest, Katherine) (Filed on 8/23/2020) (Entered: 08/23/2020) |
| 08/23/2020 | 43 | REPLY (re 17 MOTION for Temporary Restraining Order *and Order to Show Cause Why Preliminary Injunction Should Not Issue and Memorandum of Points and Authorities In Support Thereof* ) filed by Epic Games, Inc.. (Forrest, Katherine) (Filed on 8/23/2020) Modified on 8/24/2020 (jjbS, COURT STAFF). (Entered: 08/23/2020) |

| 08/24/2020 | 44 | Joint Submission of Schedule 2 to Apple Development Program License Agreement by Epic Games, Inc., Apple Inc. (Attachments: # 1 Schedule 2 Exhibit)(Forrest, Katherine) (Filed on 8/24/2020) Modified on 8/25/2020 (cjlS, COURT STAFF). (Entered: 08/24/2020) |
|---|---|---|
| 08/24/2020 | 45 | TRANSCRIPT ORDER for proceedings held on 8/24/2020 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Diane Skillman. (Srinivasan, Jagannathan) (Filed on 8/24/2020) Modified on 8/26/2020 (napS, COURT STAFF). (Entered: 08/24/2020) |
| 08/24/2020 | 46 | TRANSCRIPT ORDER for proceedings held on 8/24/2020 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter: Diane Skillman. (Forrest, Katherine) (Filed on 8/24/2020) Modified on 8/26/2020 (napS, COURT STAFF). (Entered: 08/24/2020) |
| 08/24/2020 | 47 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Motion Hearing held via Zoom and submitted on 8/24/2020 re 17 MOTION for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue filed by Epic Games, Inc. Total Time in Court: 1:26. Court Reporter: Diane Skillman. (fs, COURT STAFF) (Date Filed: 8/24/2020) (Entered: 08/24/2020)** |
| 08/24/2020 | 48 | **ORDER by Judge Yvonne Gonzalez Rogers granting in part and denying in part 17 Motion for Temporary Restraining Order. (fs, COURT STAFF) (Filed on 8/24/2020) (Entered: 08/24/2020)** |
| 08/25/2020 | 49 | TRANSCRIPT ORDER for proceedings held on 8/24/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 8/25/2020) (Entered: 08/25/2020) |
| 08/25/2020 | 50 | Transcript of Proceedings held on August 24, 2020, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 45 Transcript Order ) Release of Transcript Restriction set for 11/23/2020. (Related documents(s) 45 ) (Skillman, Diane) (Filed on 8/25/2020) (Entered: 08/25/2020) |
| 08/26/2020 | 52 | TRANSCRIPT ORDER for proceedings held on 8/24/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 8/26/2020) (Entered: 08/26/2020) |
| 08/27/2020 | 53 | TRANSCRIPT ORDER for proceedings held on 8/24/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (napS, COURT STAFF) (Filed on 8/27/2020) (Entered: 08/27/2020) |
| 08/27/2020 | 54 | CERTIFICATE OF SERVICE by Epic Games, Inc. *Of Summons, Complaint, And Supplementary Material On Apple Inc.* (Riehle, Paul) (Filed on 8/27/2020) (Entered: 08/27/2020) |
| 08/28/2020 | 55 | TRANSCRIPT ORDER for proceedings held on 08/24/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 8/28/2020) (Entered: 08/28/2020) |
| 08/31/2020 | 56 | STIPULATION WITH PROPOSED ORDER Regarding Briefing Page Limits on Motion for Preliminary Injunction filed by Epic Games, Inc. and Apple Inc. (Forrest, Katherine) (Filed on 8/31/2020) Modified on 9/1/2020 (jjbS, COURT STAFF). (Entered: 08/31/2020) |
| 08/31/2020 | 57 | **SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES. Cases 20-cv-5792-EMC; 20-cv-5671-JD; 19-cv-3074-YGR. Signed by Judge Edward M. Chen on 8/31/2020. (afmS, COURT STAFF) (Filed on 8/31/2020) (Entered: 09/01/2020)** |
| 09/01/2020 | 58 | **ORDER by Judge Yvonne Gonzalez Rogers granting 56 Stipulation re Briefing Page** |

| | | |
|---|---|---|
| | | Limits. (fs, COURT STAFF) (Filed on 9/1/2020) (Entered: 09/01/2020) |
| 09/03/2020 | 59 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14896973.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing (NY)) (Moskowitz, Lauren) (Filed on 9/3/2020) (Entered: 09/03/2020) |
| 09/04/2020 | 60 | **ORDER by Judge Yvonne Gonzalez Rogers granting 59 Motion for Pro Hac Vice as to Lauren A. Moskowitz. (fs, COURT STAFF) (Filed on 9/4/2020) (Entered: 09/04/2020)** |
| 09/04/2020 | 61 | MOTION for Preliminary Injunction filed by Epic Games, Inc.. Responses due by 9/18/2020. Replies due by 9/25/2020. (Attachments: # 1 Declaration of M. Brent Byars, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit BB, # 30 Exhibit CC, # 31 Exhibit DD, # 32 Exhibit EE, # 33 Exhibit FF, # 34 Exhibit GG, # 35 Exhibit HH, # 36 Proposed Order)(Forrest, Katherine) (Filed on 9/4/2020) (Entered: 09/04/2020) |
| 09/04/2020 | 62 | Declaration of David S. Evans in Support of 61 MOTION for Preliminary Injunction filed byEpic Games, Inc.. (Related document(s) 61 ) (Forrest, Katherine) (Filed on 9/4/2020) (Entered: 09/04/2020) |
| 09/04/2020 | 63 | Declaration of Andrew Grant in Support of 61 MOTION for Preliminary Injunction filed byEpic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Related document(s) 61 ) (Forrest, Katherine) (Filed on 9/4/2020) (Entered: 09/04/2020) |
| 09/04/2020 | 64 | Declaration of Nicholas Penwarden in Support of 61 MOTION for Preliminary Injunction filed byEpic Games, Inc.. (Related document(s) 61 ) (Forrest, Katherine) (Filed on 9/4/2020) (Entered: 09/04/2020) |
| 09/04/2020 | 65 | Declaration of Timothy Sweeney in Support of 61 MOTION for Preliminary Injunction filed byEpic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Related document(s) 61 ) (Forrest, Katherine) (Filed on 9/4/2020) (Entered: 09/04/2020) |
| 09/04/2020 | | Set/Reset Deadlines as to 61 MOTION for Preliminary Injunction . Motion Hearing set for 9/28/2020 09:30 AM before Judge Yvonne Gonzalez Rogers to be held via Zoom. (fs, COURT STAFF) (Filed on 9/4/2020) (Entered: 09/21/2020) |
| 09/08/2020 | 66 | ANSWER to Complaint with Trial by jury on all issues so triable , COUNTERCLAIM against Epic Games, Inc. byApple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Boutrous, Theodore) (Filed on 9/8/2020) (Entered: 09/08/2020) |
| 09/11/2020 | 67 | TRANSCRIPT ORDER for proceedings held on 8/24/20 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (napS, COURT STAFF) (Filed on 9/11/2020) (Entered: 09/11/2020) |
| 09/11/2020 | 68 | **RE-FILED AT DKT. NO. 71**<br><br>**MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14933073.) filed by Apple Inc.. (Rosenkranz, E. Joshua) (Filed on 9/11/2020) Modified on 9/16/2020 (fs, COURT STAFF). (Entered: 09/11/2020)** |
| 09/12/2020 | 69 | **RE-FILED AT DKT. NO. 72**<br><br>**MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-** |

| | | 14933618.) filed by Apple Inc.. (Stute, William) (Filed on 9/12/2020) Modified on 9/16/2020 (fs, COURT STAFF). (Entered: 09/12/2020) |
|---|---|---|
| 09/14/2020 | 70 | NOTICE of Appearance by Mark A. Perry (Perry, Mark) (Filed on 9/14/2020) (Entered: 09/14/2020) |
| 09/15/2020 | 71 | Amended MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14933073.) Filing fee previously paid on 9/11/2020 filed by Apple Inc.. (Rosenkranz, E. Joshua) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 72 | Amended MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14933618.) Filing fee previously paid on 9/12/2020 filed by Apple Inc.. (Stute, William) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 73 | OPPOSITION/RESPONSE (re 61 MOTION for Preliminary Injunction ) filed byApple Inc.. (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 74 | DECLARATION of Phillip W. Schiller in Opposition to 61 MOTION for Preliminary Injunction , 73 Opposition/Response to Motion filed byApple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Related document(s) 61 , 73 ) (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 75 | DECLARATION of Mark G. Graff in Opposition to 73 Opposition/Response to Motion, 61 MOTION for Preliminary Injunction filed byApple Inc.. (Related document(s) 73 , 61 ) (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 76 | DECLARATION of Mark Grimm in Opposition to 73 Opposition/Response to Motion, 61 MOTION for Preliminary Injunction filed byApple Inc.. (Related document(s) 73 , 61 ) (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 77 | DECLARATION of Lorin M. Hitt in Opposition to 73 Opposition/Response to Motion, 61 MOTION for Preliminary Injunction filed byApple Inc.. (Related document(s) 73 , 61 ) (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 78 | DECLARATION of Richard Schmalensee in Opposition to 73 Opposition/Response to Motion, 61 MOTION for Preliminary Injunction filed byApple Inc.. (Related document(s) 73 , 61 ) (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 79 | DECLARATION of Mike Schmid in Opposition to 73 Opposition/Response to Motion, 61 MOTION for Preliminary Injunction filed byApple Inc.. (Related document(s) 73 , 61 ) (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 80 | DECLARATION of Jay P. Srinivasan in Opposition to 73 Opposition/Response to Motion, 61 MOTION for Preliminary Injunction filed byApple Inc.. (Related document(s) 73 , 61 ) (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/15/2020 | 81 | Proposed Order re 73 Opposition/Response to Motion, 61 MOTION for Preliminary Injunction by Apple Inc.. (Boutrous, Theodore) (Filed on 9/15/2020) (Entered: 09/15/2020) |
| 09/16/2020 | 82 | **ORDER by Judge Yvonne Gonzalez Rogers granting 71 Motion for Pro Hac Vice as to E. Joshua Rosenkranz. (fs, COURT STAFF) (Filed on 9/16/2020) (Entered: 09/16/2020)** |
| 09/16/2020 | 83 | **ORDER by Judge Yvonne Gonzalez Rogers granting 72 Motion for Pro Hac Vice as to William F. Stute. (fs, COURT STAFF) (Filed on 9/16/2020) (Entered: 09/16/2020)** |
| 09/18/2020 | 84 | ASSOCIATION of Counsel *E. Joshua Rosenkranz and William F. Stute* by Apple Inc.. (Stute, William) (Filed on 9/18/2020) (Entered: 09/18/2020) |
| 09/18/2020 | 85 | **ORDER SETTING COMPLIANCE DEADLINE RE: SCHEDULE. Joint Statement filed by 4:00 PM (PDT) on Thursday, 9/24/2020. Signed by Judge Yvonne Gonzalez Rogers on 9/18/2020. (fs, COURT STAFF) (Filed on 9/18/2020) (Entered: 09/18/2020)** |

| | | |
|---|---|---|
| 09/18/2020 | 86 | Declaration of Timothy Sweeney in Support of 61 MOTION for Preliminary Injunction *("Declaration of Timothy Sweeney in Further Support of Plaintiff Epic Games Inc.'s Motion for a Preliminary Injunction")* filed byEpic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 61 ) (Forrest, Katherine) (Filed on 9/18/2020) (Entered: 09/18/2020) |
| 09/18/2020 | 87 | Declaration of Andrew Grant in Support of 61 MOTION for Preliminary Injunction *("Declaration of Andrew Grant in Further Support of Plaintiff Epic Games Inc.'s Motion for a Preliminary Injunction")* filed byEpic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Related document(s) 61 ) (Forrest, Katherine) (Filed on 9/18/2020) (Entered: 09/18/2020) |
| 09/18/2020 | 88 | Declaration of Dr. David S. Evans in Support of 61 MOTION for Preliminary Injunction *("Second Declaration of Dr. David S. Evans")* filed byEpic Games, Inc.. (Related document(s) 61 ) (Forrest, Katherine) (Filed on 9/18/2020) (Entered: 09/18/2020) |
| 09/18/2020 | 89 | Declaration of M. Brent Byars in Support of 61 MOTION for Preliminary Injunction *("Declaration of M. Brent Byars in Further Support of Plaintiff Epic Games Inc.'s Motion for a Preliminary Injunction")* filed byEpic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Related document(s) 61 ) (Forrest, Katherine) (Filed on 9/18/2020) (Entered: 09/18/2020) |
| 09/18/2020 | 90 | REPLY (re 61 MOTION for Preliminary Injunction ) *("Reply Memorandum of Points and Authorities in Support of Plaintiff Epic Games, Inc.'s Motion for a Preliminary Injunction")* filed byEpic Games, Inc.. (Forrest, Katherine) (Filed on 9/18/2020) (Entered: 09/18/2020) |
| 09/24/2020 | 91 | JOINT Statement re 85 Order, Set Deadlines by Epic Games, Inc. and Apple Inc. (Forrest, Katherine) (Filed on 9/24/2020) Modified on 9/25/2020 (jjbS, COURT STAFF). (Entered: 09/24/2020) |
| 09/25/2020 | 92 | CLERKS NOTICE SETTING ZOOM HEARING AS TO THE Preliminary Injunction Hearing set for 9/28/2020 09:30 AM before Hon. Yvonne Gonzalez Rogers.<br><br>This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr<br><br>Please click the link below to join webinar s (public hearings). I f you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff.<br><br>https://cand-uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09<br><br>Webinar ID: 161 876 4848<br>Password: 715550<br><br>Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666<br><br>International numbers available: https://cand-uscourts.zoomgov.com/u/advFLxrTkx<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court |

proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Preliminary Injunction Hearing 61 set for Monday 9/28/2020 09:30 AM.

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 9/25/2020) (Entered: 09/25/2020)

| | | |
|---|---|---|
| 09/28/2020 | 93 | TRANSCRIPT ORDER for proceedings held on September 28, 2020 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter Raynee Mercado. (Byars, Michael) (Filed on 9/28/2020) (Entered: 09/28/2020) |
| 09/28/2020 | 94 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter: Raynee Mercado. (Srinivasan, Jagannathan) (Filed on 9/28/2020) Modified on 9/28/2020 (napS, COURT STAFF). (Entered: 09/28/2020) |
| 09/28/2020 | 95 | TRANSCRIPT ORDER for proceedings held on 08/24/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (rjdS, COURT STAFF) (Filed on 9/28/2020) (Entered: 09/28/2020) |
| 09/28/2020 | 103 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Motion Hearing held via Zoom on 9/28/2020 and submitted re 61 MOTION for Preliminary Injunction filed by Epic Games, Inc. Case Management Statement due by 10/12/2020. Further Case Management Conference set for 10/19/2020 * 01:30 PM * via Zoom.Total Time in Court: 2:31. Court Reporter: Raynee Mercado. (fs, COURT STAFF) (Date Filed: 9/28/2020) (Entered: 09/29/2020)** |
| 09/29/2020 | 96 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/29/2020 | 97 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/29/2020 | 98 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/29/2020 | 99 | TRANSCRIPT ORDER for proceedings held on 8/19/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/29/2020 | 100 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/29/2020 | 101 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/29/2020 | 102 | TRANSCRIPT ORDER for proceedings held on 09/28/2020 before Judge Yvonne Gonzalez Rogers by Donald R. Cameron, for Court Reporter Raynee Mercado. (Lopez, Robert) (Filed on 9/29/2020) (Entered: 09/29/2020) |

| | | |
|---|---|---|
| 09/29/2020 | 104 | **ORDER RELATING TO CASE MANAGEMENT ISSUES. Case Management Conference set 10/19/2020 will be held at 9:30am PDT via Zoom.The 1:30pm time is VACATED. Signed by Judge Yvonne Gonzalez Rogers on 9/29/2020. (fs, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020)** |
| 09/29/2020 | 105 | Joint Statement *Concerning Trial* by Apple Inc. Epic Games, Inc. (Doren, Richard) (Filed on 9/29/2020) Modified on 9/30/2020 (jjbS, COURT STAFF). (Entered: 09/29/2020) |
| 09/29/2020 | | Set/Reset Hearing re 104 Order : Further Case Management Conference set for 10/19/2020 09:30 AM PDT via Zoom. (fs, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/29/2020 | 106 | ANSWER TO 66 COUNTERCLAIM by Epic Games, Inc.. (Bornstein, Gary) (Filed on 9/29/2020) Modified on 9/30/2020 (jjbS, COURT STAFF). (Entered: 09/29/2020) |
| 09/30/2020 | 107 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/30/2020) (Entered: 09/30/2020) |
| 09/30/2020 | 108 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/30/2020) (Entered: 09/30/2020) |
| 09/30/2020 | 109 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 9/30/2020) (Entered: 09/30/2020) |
| 10/01/2020 | 110 | STIPULATION WITH PROPOSED ORDER *RE PROTECTIVE ORDER* filed by Apple Inc. and Epic Games, Inc.. (Srinivasan, Jagannathan) (Filed on 10/1/2020) Modified on 10/2/2020 (jjbS, COURT STAFF). (Entered: 10/01/2020) |
| 10/02/2020 | 112 | **ORDER by Judge Yvonne Gonzalez Rogers granting 110 Stipulation and Protective Order. (fs, COURT STAFF) (Filed on 10/2/2020) (Entered: 10/02/2020)** |
| 10/02/2020 | 113 | MOTION for Judgment on the Pleadings filed by Epic Games, Inc.. Responses due by 10/16/2020. Replies due by 10/23/2020. (Attachments: # 1 Proposed Order)(Bornstein, Gary) (Filed on 10/2/2020) Modified on 10/5/2020 (jjbS, COURT STAFF). (Entered: 10/02/2020) |
| 10/05/2020 | 114 | TRANSCRIPT ORDER for proceedings held on 9/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 10/5/2020) (Entered: 10/05/2020) |
| 10/06/2020 | 115 | TRANSCRIPT ORDER for proceedings held on 09/28/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 10/6/2020) (Entered: 10/06/2020) |
| 10/06/2020 | 116 | **CASE SCHEDULING AND PRETRIAL ORDER. Close of Expert Discovery due by 3/31/2021. Close of Fact Discovery due by 2/15/2021. Opening Reports due by 2/15/2021. Rebuttal Reports due by 3/15/2021. Joint statement re compliance deadline is due by 3/26/2021. Bench Trial set for 5/3/2021 08:30 AM before Judge Yvonne Gonzalez Rogers. Joint Pretrial Conference Statement filed by 4/9/2021. Pretrial Conference set for WEDNESDAY, 4/21/2021 09:00 AM before Judge Yvonne Gonzalez Rogers. Compliance deadline re pretrial preparation is set for 4/2/2021 09:01 AM before Judge Yvonne Gonzalez Rogers. Joint proposed agenda for the 10/19/20 CMC filed by 10/15/2020. Signed by Judge Yvonne Gonzalez Rogers on 10/6/2021. (fs, COURT STAFF) (Filed on 10/6/2020) (Entered: 10/06/2020)** |
| 10/08/2020 | 117 | Corporate Disclosure Statement by Apple Inc. (Doren, Richard) (Filed on 10/8/2020) (Entered: 10/08/2020) |
| 10/09/2020 | 118 | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PRELIMINARY INJUNCTION by Judge Yvonne Gonzalez Rogers ; granting in part and** |

| | | denying in part 61 Motion for Preliminary Injunction. (fs, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020) |
|---|---|---|
| 10/12/2020 | 119 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Even, Yonatan) (Filed on 10/12/2020) (Entered: 10/12/2020) |
| 10/12/2020 | 120 | JOINT CASE MANAGEMENT STATEMENT filed by Epic Games, Inc. and Apple, Inc.. (Bornstein, Gary) (Filed on 10/12/2020) Modified on 10/14/2020 (jjbS, COURT STAFF). (Entered: 10/12/2020) |
| 10/13/2020 | 121 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Srinivasan, Jagannathan) (Filed on 10/13/2020) (Entered: 10/13/2020) |
| 10/15/2020 | 122 | Joint Proposed Agenda for Case Management Conference by Epic Games, Inc. and Apple Inc. (Bornstein, Gary) (Filed on 10/15/2020) Modified on 10/16/2020 (jjbS, COURT STAFF). (Entered: 10/15/2020) |
| 10/16/2020 | 123 | OPPOSITION/RESPONSE (re 113 MOTION for Judgment on the Pleadings *("Counter-Defendant Epic Games, Inc.'s Notice of Motion and Motion for Judgment on the Pleadings")* ) filed byApple Inc.. (Perry, Mark) (Filed on 10/16/2020) (Entered: 10/16/2020) |
| 10/16/2020 | 124 | Proposed Order re 123 Opposition/Response to Motion, by Apple Inc.. (Perry, Mark) (Filed on 10/16/2020) (Entered: 10/16/2020) |
| 10/16/2020 | 125 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE RELATED CASES 11-CV-6714-YGR; 19-CV-3074 AND 20-CV-5640-YGR FOR THE Further Case Management Conference set for MONDAY, 10/19/2020 AT 09:30 AM by Zoom Webinar Videoconference. This proceeding will be held via a Zoom webinar. **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr < /A> Please click the link below to join webinar s (public hearings). If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff. https://cand-uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09 Webinar ID: 161 876 4848 Password: 715550 Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666 **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. Further Case Management Conference set for related cases on Monday, 10/19/2020 09:30 AM |

| | | |
|---|---|---|
| | | by Zoom Video Webinar.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 10/16/2020) (Entered: 10/16/2020) |
| 10/19/2020 | [126](#) | TRANSCRIPT ORDER for proceedings held on October 19, 2020 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter Pam Batalo. (Byars, Michael) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | [127](#) | TRANSCRIPT ORDER for proceedings held on 10/19/2020 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Pam Batalo. (Srinivasan, Jagannathan) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | [128](#) | TRANSCRIPT ORDER for proceedings held on 10/19/2020 before Judge Yvonne Gonzalez Rogers by Donald R. Cameron, for Court Reporter Pam Batalo. (Lopez, Robert) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | [129](#) | OPPOSITION/RESPONSE (re [113](#) MOTION for Judgment on the Pleadings *("Counter-Defendant Epic Games, Inc.'s Notice of Motion and Motion for Judgment on the Pleadings")* ) *(AMENDED)* filed byApple Inc.. (Attachments: # [1](#) Proposed Order)(Perry, Mark) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | [130](#) | Transcript of Proceedings held on 10/19/2020, before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626-688-7509; pamela_batalo-hebel@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (126 in 4:20-cv-05640-YGR) Transcript Order ) Redaction Request due 11/9/2020. Redacted Transcript Deadline set for 11/19/2020. Release of Transcript Restriction set for 1/19/2021. (Batalo, Pam) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | [140](#) | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Further Case Management Conference held on 10/19/2020. Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference.Total Time in Court: 1:26. Court Reporter: Pam Hebel. (fs, COURT STAFF) (Date Filed: 10/19/2020) (Entered: 10/28/2020)** |
| 10/20/2020 | [131](#) | TRANSCRIPT ORDER for proceedings held on 10/19/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Pam Batalo. (oh, COURT STAFF) (Filed on 10/20/2020) (Entered: 10/20/2020) |
| 10/21/2020 | [132](#) | **ORDER RE: CASE MANAGEMENT CONFERENCE; ORDER REFERRING CASE to Magistrate Judge Thomas Hixson for Discovery purposes. Case Management Statement due by 2/22/2021. Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference. Signed by Judge Yvonne Gonzalez Rogers on 10/21/2020. (fs, COURT STAFF) (Filed on 10/21/2020) (Entered: 10/21/2020)** |
| 10/21/2020 | | CASE REFERRED to Magistrate Judge Thomas S. Hixson for Discovery (ahm, COURT STAFF) (Filed on 10/21/2020) (Entered: 10/22/2020) |
| 10/22/2020 | [133](#) | STIPULATION WITH PROPOSED ORDER *Regarding Document Subpoenas to Non-Parties, Authenticity and Service* filed by Epic Games, Inc. and Apple, Inc. (Bornstein, Gary) (Filed on 10/22/2020) Modified on 10/23/2020 (jjbS, COURT STAFF). (Entered: 10/22/2020) |
| 10/23/2020 | [134](#) | **RE-FILED AT DOCKET NO. [135](#) \*\*\*** REPLY (re [113](#) MOTION for Judgment on the Pleadings *("Counter-Defendant Epic Games, Inc.'s Notice of Motion and Motion for Judgment on the Pleadings")* ) *("Reply Memorandum In Support Of Counter-Defendant Epic Games, Inc.'s Motion For Judgment On The Pleadings")* filed byEpic Games, Inc.. (Bornstein, Gary) (Filed on 10/23/2020) Modified on 10/26/2020 (jjbS, COURT STAFF). (Entered: 10/23/2020) |

| 10/24/2020 | 135 | REPLY (re 113 MOTION for Judgment on the Pleadings *("Counter-Defendant Epic Games, Inc.'s Notice of Motion and Motion for Judgment on the Pleadings")* ) *("Reply Memorandum In Support Of Counter-Defendant Epic Games, Inc.'s Motion For Judgment On The Pleadings")* filed byEpic Games, Inc.. (Bornstein, Gary) (Filed on 10/24/2020) (Entered: 10/24/2020) |
|---|---|---|
| 10/26/2020 | 136 | JOINT Statement Regarding Order RE: Discovery of Electronically Stored Information by Apple Inc. and Epic Games, Inc (Attachments: # 1 Draft ESI Order)(Srinivasan, Jagannathan) (Filed on 10/26/2020) Modified on 10/28/2020 (jjbS, COURT STAFF). (Entered: 10/27/2020) |
| 10/27/2020 | 137 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE MOTION FOR JUDGMENT ON THE PLEADINGS 113 .<br><br>Motion Hearing set for 11/10/2020 03:00 PM via Zoom Webinar Videoconference before Judge Yvonne Gonzalez Rogers.<br><br>This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr<br><br>**Please click the link below to join webinar (public hearings). If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff.**<br><br>**https://cand-uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09**<br><br>**Webinar ID: 161 876 4848**<br>**Password: 715550**<br><br>**Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666**<br><br>**General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.**<br><br>**Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/.**<br><br>**Set/Reset Deadlines as to 113 MOTION for Judgment on the Pleadings *("Counter-Defendant Epic Games, Inc.'s Notice of Motion and Motion fo r Judgment on the Pleadings")*.**<br><br>**Motion for Judgment on the Pleadings Hearing set for 11/10/2020 03:00 PM via Zoom Webinar Videoconference before Judge Yvonne Gonzalez Rogers.**<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(fs, COURT STAFF) (Filed on 10/27/2020) (Entered: 10/27/2020)** |
| 10/27/2020 | 138 | TRANSCRIPT ORDER for proceedings held on 10/19/2020 before Judge Yvonne Gonzalez Rogers for Court Reporter Pam Batalo. (oh, COURT STAFF) (Filed on 10/27/2020) (Entered: 10/27/2020) |
| 10/27/2020 | 139 | **ORDER by Judge Yvonne Gonzalez Rogers granting 133 Stipulation. (fs, COURT** |

| | | |
|---|---|---|
| | | STAFF) (Filed on 10/27/2020) (Entered: 10/27/2020) |
| 10/28/2020 | 141 | FURTHER JOINT STATEMENT Regarding Order Re: Discovery of Electronically Stored Information by Apple Inc. and Epic Games, Inc. (Attachments: # 1 JOINT STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION)(Srinivasan, Jagannathan) (Filed on 10/28/2020) Modified on 10/29/2020 (jjbS, COURT STAFF). (Entered: 10/28/2020) |
| 11/02/2020 | 142 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-15142333.) filed by Apple Inc.. (Casey, Anna) (Filed on 11/2/2020) (Entered: 11/02/2020) |
| 11/02/2020 | 143 | **ORDER GRANTING STIPULATION RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION re (133 in 4:19-cv-03074-YGR) Notice (Other), filed by Donald R. Cameron, Barry Sermons, Apple Inc., Pure Sweat Basketball, Inc., (255 in 4:11-cv-06714-YGR) Notice (Other), filed by Stephen H. Schwartz, James Blackwell, Robert Pepper, Harry Bass, Crystal Boykin, Apple Inc., Edward Lawrence, Kevin Fahey, Edward W. Hayter, (141 in 4:20-cv-05640-YGR) Notice (Other), filed by Epic Games, Inc., Apple Inc.. Signed by Judge Yvonne Gonzalez Rogers on 11/2/2020. (fsS, COURT STAFF) (Filed on 11/2/2020) (Entered: 11/02/2020)** |
| 11/04/2020 | 144 | NOTICE of Appearance by David R. Eberhart *on behalf of Defendant and Counter-claimant Apple Inc.* (Eberhart, David) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 145 | NOTICE of Appearance by Anna Tryon Pletcher *on behalf of Defendant and Counter-claimant Apple Inc.* (Pletcher, Anna) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 146 | NOTICE of Appearance by Katrina Marie Robson *on behalf of Defendant and Counter-claimant Apple Inc.* (Robson, Katrina) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 147 | NOTICE of Appearance by Evan N Schlom *on behalf of Defendant and Counter-claimant Apple Inc.* (Schlom, Evan) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 148 | NOTICE of Appearance by Scott A Schaeffer *on behalf of Defendant and Counter-claimant Apple Inc.* (Schaeffer, Scott) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 149 | NOTICE of Appearance by Elena Zarabozo *on behalf of Defendant and Counter-claimant Apple Inc.* (Zarabozo, Elena) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 150 | NOTICE of Appearance by Michelle S Lowery *for Defendant Apple Inc.* (Lowery, Michelle) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/06/2020 | 151 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-15162150.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Karin, John) (Filed on 11/6/2020) (Entered: 11/06/2020) |
| 11/06/2020 | 152 | **ORDER by Judge Yvonne Gonzalez Rogers granting 142 Motion for Pro Hac Vice as to Anna Casey. (fs, COURT STAFF) (Filed on 11/6/2020) (Entered: 11/06/2020)** |
| 11/09/2020 | 153 | JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS by Apple Inc. and Epic Games, Inc. (Srinivasan, Jagannathan) (Filed on 11/9/2020) Modified on 11/10/2020 (jjbS, COURT STAFF). (Entered: 11/09/2020) |
| 11/10/2020 | 154 | **ORDER by Judge Yvonne Gonzalez Rogers granting 151 Motion for Pro Hac Vice as to John I.Karin. (fs, COURT STAFF) (Filed on 11/10/2020) (Entered: 11/10/2020)** |
| 11/10/2020 | 160 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Motion Hearing held via Zoom Webinar and Submitted on 11/10/2020 re 113 MOTION for Judgment on the Pleadings("Counter-Defendant Epic Games, Inc.'s Notice of Motion and Motion for Judgment on the Pleadings") filed by Epic Games, Inc.**<br><br>**Total Time in Court: 17 minutes. Court Reporter: Pam Hebel. (fs, COURT STAFF) (Date Filed: 11/10/2020) (Entered: 11/18/2020)** |

| 11/11/2020 | 155 | TRANSCRIPT ORDER for proceedings held on November 10, 2020 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter Pam Batalo. (Byars, Michael) (Filed on 11/11/2020) (Entered: 11/11/2020) |
|---|---|---|
| 11/12/2020 | 156 | Transcript of Proceedings before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626-688-7509; pamela_batalo-hebel@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 155 Transcript Order ) Redaction Request due 12/3/2020. Redacted Transcript Deadline set for 12/14/2020. Release of Transcript Restriction set for 2/10/2021. (Related documents(s) 155 ) (Batalo, Pam) (Filed on 11/12/2020) (Entered: 11/12/2020) |
| 11/12/2020 | 157 | TRANSCRIPT ORDER for proceedings held on November 10, 2020 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Pam Batalo. (Lowery, Michelle) (Filed on 11/12/2020) (Entered: 11/12/2020) |
| 11/13/2020 | 158 | *JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS* by Apple Inc., Epic Games, Inc., and Donald R. Cameron (Srinivasan, Jagannathan) (Filed on 11/13/2020) Modified on 11/16/2020 (jjbS, COURT STAFF). (Entered: 11/13/2020) |
| 11/16/2020 | 159 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-15200394.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing) (Earnhardt, Joe) (Filed on 11/16/2020) (Entered: 11/16/2020) |
| 11/18/2020 | 161 | MOTION for leave to appear in Pro Hac Vice *for Peter John Sacripanti* ( Filing fee $ 310, receipt number 0971-15211069.) filed by Apple Inc.. (Sacripanti, Peter) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 162 | MOTION for leave to appear in Pro Hac Vice *for John Calandra* ( Filing fee $ 310, receipt number 0971-15211101.) filed by Apple Inc.. (Calandra, John) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 163 | MOTION for leave to appear in Pro Hac Vice *for Nicole Castle* ( Filing fee $ 310, receipt number 0971-15211140.) filed by Apple Inc.. (Castle, Nicole) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 164 | MOTION for leave to appear in Pro Hac Vice *for Elizabeth Rodd* ( Filing fee $ 310, receipt number 0971-15211193.) filed by Apple Inc.. (Rodd, Elizabeth) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 165 | **ORDER by Judge Yvonne Gonzalez Rogers granting 113 Motion for Judgment on the Pleadings. (fs, COURT STAFF) (Filed on 11/18/2020) (Entered: 11/18/2020)** |
| 11/19/2020 | 166 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-15215284.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing) (Diessel, Benjamin) (Filed on 11/19/2020) (Entered: 11/19/2020) |
| 11/20/2020 | 167 | JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS by Apple Inc., Epic Games, Inc., and Donald R. Cameron (Srinivasan, Jagannathan) (Filed on 11/20/2020) Modified on 11/23/2020 (jjbS, COURT STAFF). (Entered: 11/20/2020) |
| 11/23/2020 | 168 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-15226565.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Hoff, Robert) (Filed on 11/23/2020) (Entered: 11/23/2020) |
| 11/24/2020 | | Electronic filing error. REMINDER TO COUNSEL: Counsel is instructed that all future filings shall bear the initials **YGR** immediately after the case number. Re: 168 MOTI ON for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-15226565.) filed by Epic Games, Inc. (jjbS, COURT STAFF) (Filed on 11/24/2020) (Entered: 11/24/2020) |

| 11/24/2020 | 169 | **ORDER by Judge Yvonne Gonzalez Rogers granting 159 Motion for Pro Hac Vice as to J. Wesley Earnhardt. (fs, COURT STAFF) (Filed on 11/24/2020) (Entered: 11/24/2020)** |
|---|---|---|
| 12/02/2020 | 170 | Joint Discovery Letter Brief*("Joint Letter Brief Regarding Validation Protocol")* filed by Epic Games, Inc.. (Attachments: # 1 Exhibit 1)(Moskowitz, Lauren) (Filed on 12/2/2020) (Entered: 12/02/2020) |
| 12/03/2020 | 171 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 12/9/2020 01:00 PM - Videoconference Only, re Joint Letter Brief dated 12/2/2020, re validation protocol, before Magistrate Judge Thomas S. Hixson.<br><br>On 12/8/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/9/2020 at 1:00 PM.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing by Zoom Video Conference set for 12/9/2020 01:00 PM, before Magistrate Judge Thomas S. Hixson. (Rel ated documents(s) 170 )<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/3/2020) (Entered: 12/03/2020) |
| 12/03/2020 | 172 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 12/15/2020 at 10:00 AM - Zoom Videoconference Only. before Magistrate Judge Thomas S. Hixson. This is re ECF Docket No. 158, Joint Discovery Letter Brief.<br><br><br>On 12/14/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/15/2020 at 10:00 AM.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Per sons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 12/15/2020 10:00 AM in San Francisco, before Magistrate Judge Thomas S. Hixson. (Related documents(s) 158 ) |

| | | |
|---|---|---|
| | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/3/2020) (Entered: 12/03/2020) |
| 12/07/2020 | 173 | Joint Administrative Motion to File Under Seal filed by Epic Games, Inc.. (Attachments: # 1 Declaration OF LAUREN A. MOSKOWITZ IN SUPPORT OF PLAINTIFFS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF AND SUPPORTING EXHIBITS, # 2 Proposed Order, # 3 JOINT DISCOVERY LETTER BRIEF REGARDING ADDITIONAL APPLE DOCUMENT CUSTODIANS, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11)(Moskowitz, Lauren) (Filed on 12/7/2020) (Entered: 12/07/2020) |
| 12/07/2020 | 174 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 173 Joint Administrative Motion to File Under Seal (Karin, John) (Filed on 12/7/2020) (Entered: 12/07/2020) |
| 12/08/2020 | 175 | CLERK'S NOTICE adding an additional matter to the Agenda of the Discovery Hearing scheduled for 12/15/2020 at 10:00 a.m.: <br><br> At the Discovery Hearing presently scheduled for 12/15/2020 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson, the Court is adding an additional matter for discussion. Counsel shall be prepared to discuss the Joint Letter Brief, filed on ECF, dated 12/7/2020. <br><br> Any questions shall be directed to the Courtroom Deputy by email: Rose_Maher@cand.uscourts.gov <br><br> *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/08/2020 | 176 | NOTICE of Appearance by Hannah Cannom *on behalf of Defendant and Counter-claimant Apple Inc.* (Cannom, Hannah) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/08/2020 | 177 | NOTICE of Appearance by Bethany Marvin Stevens (Stevens, Bethany) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/09/2020 | 178 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom on 12/9/2020 at 1:00 p.m.Total Time in Court: 59 minutes/Recorded by Zoom: 1:00-1:59. <br><br> Court Reporter: Katherine Sullivan. <br><br> Counsel Appearances: <br><br> 4:11-cv-6714 YGR (TSH)- In re Apple iPhone Antitrust Litigation <br> Counsel for Pltf: Rachele R. Byrd/Counsel for Def: Ethan Dettmer <br><br> 4:19-cv-3074 YGR (TSH) - Cameron, et al. v. Apple Inc. <br> Counsel for Pltf: Robert F. Lopez/Counsel for Def: Ethan Dettmer <br><br> 4:20-cv-5640 YGR(TSH) - Epic Games v. Apple Inc. <br> Counsel for Pltf: Lauren Moskowitz/Counsel for Def: Ethan Dettmer <br><br> Proceedings: Discovery Hearing held. Court Ordered as follows: Epic Games and Apple are to meet and confer re validation procedure in light of the Courts guidance. By 12/14/2020, the parties shall file either a stipulation and proposed order or a joint discovery letter brief with competing proposed orders. This issue will be added to the agenda for the December 15, 2020 hearing <br><br> Court also Ordered: Parties to meet and confer re Deposition limits. By 12/14/2020, they shall |

| | | |
|---|---|---|
| | | file either a stipulation and proposed order or a joint discovery letter brief not to exceed 10 pages (5 pages per side). This issue will also be added to the agenda for the December 15 hearing.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/9/2020) (Entered: 12/09/2020) |
| 12/09/2020 | 179 | TRANSCRIPT ORDER for proceedings held on 12/09/2020 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Katherine Sullivan. (Byars, Michael) (Filed on 12/9/2020) (Entered: 12/09/2020) |
| 12/10/2020 | 180 | TRANSCRIPT ORDER for proceedings held on 12/9/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Katherine Sullivan. (Srinivasan, Jagannathan) (Filed on 12/10/2020) (Entered: 12/10/2020) |
| 12/10/2020 | 181 | TRANSCRIPT ORDER for proceedings held on 12/09/2020 before Magistrate Judge Thomas S. Hixson for Court Reporter Katherine Sullivan. (rjdS, COURT STAFF) (Filed on 12/10/2020) (Entered: 12/10/2020) |
| 12/10/2020 | 182 | Transcript of Proceedings held on 12/9/20, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 179 in 4:20-cv-05640-YGR) Transcript Order, (181 in 4:20-cv-05640-YGR) Transcript Order, (180 in 4:20-cv-05640-YGR) Transcript Order ) Release of Transcript Restriction set for 3/10/2021. (Sullivan, Katherine) (Filed on 12/10/2020) (Entered: 12/10/2020) |
| 12/11/2020 | 183 | Declaration of Jay P. Srinivasan in Support of 173 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. 1), # 4 Redacted Version of Document Sought to be Sealed (Ex. 4), # 5 Redacted Version of Document Sought to be Sealed (Ex. 6))(Related document(s) 173 ) (Srinivasan, Jagannathan) (Filed on 12/11/2020) (Entered: 12/11/2020) |
| 12/11/2020 | 184 | EXHIBITS re 173 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. 1), # 3 Unredacted Version of Document Sought to be Sealed (Ex. 4), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 6))(Related document(s) 173 ) (Srinivasan, Jagannathan) (Filed on 12/11/2020) (Entered: 12/11/2020) |
| 12/14/2020 | 185 | NOTICE of Appearance by Jason C Lo (Lo, Jason) (Filed on 12/14/2020) (Entered: 12/14/2020) |
| 12/14/2020 | 186 | STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., Epic Games, Inc., and Donal R. Cameron. (Srinivasan, Jagannathan) (Filed on 12/14/2020) Modified on 12/15/2020 (jjbS, COURT STAFF). (Entered: 12/14/2020) |
| 12/15/2020 | 187 | Joint Administrative Motion to File Under Seal filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Yonatan Even in Support, # 2 Proposed Order, # 3 Joint Discovery Letter Brief, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit A, # 17 Exhibit B, # 18 Exhibit C, # 19 Exhibit D)(Even, Yonatan) (Filed on 12/15/2020) Modified on 12/16/2020 (jjbS, COURT STAFF). (Entered: 12/15/2020) |
| 12/15/2020 | 188 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 187 Joint Administrative Motion to File Under Seal (Karin, John) (Filed on 12/15/2020) (Entered: 12/15/2020) |

| 12/15/2020 | 189 | **STIPULATION AND ORDER re (186 in 4:19-cv-03074-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., (307 in 4:11-cv-06714-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., (186 in 4:20-cv-05640-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc. Signed by Magistrate Judge Thomas S. Hixson on 12/15/2020. (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020)** |
|---|---|---|
| 12/15/2020 | 190 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconferencing on 12/15/2020 at 10:00 a.m. |

Total Time in Court: 2 hours 56 mins.

Court Reporter: Katherine Sullivan.

Appearances:

Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation:
Rachele R. Byrd for Consumer Plaintiffs
Ethan Dettmer and Jay Srinivasan for Defendant Apple Inc.
Lawrence Papale for Plaintiff Edward Lawrence

Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.
Counsel for Plaintiffs:
Steve W. Berman
Robert F. Lopez
Benjamin J. Siegel
Theodore Wojcik

Counsel for Defendant Apple Inc.:
Ethan Dettmer and Jay Srinivasan

Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.
Lauren Moskowitz for Plaintiff Epic
Ethan Dettmer and Jay Srinivasan for Defendant Apple Inc.

Proceedings: Discovery Conferences held. Matter submitted. Court to issue Order.

Deadlines and Hearing:

Re Scheduling of Depositions:

Counsel to meet and confer re Number of Depositions. By noon, on 12/17/2020, they shall file a stipulation and proposed order, of if unable to agree, a Joint Letter Brief, no more than ten (10 )pages, five (5) pages each. A hearing will be scheduled for: 12/18/2020 at 9:00 a.m., by Zoom Webinar for further hearing re depositions.

Apex Issue:

Counsel to file a Joint Letter Brief by 1/19/2020, COB, no more than ten (10) pages, five(5)pages each. Hearing scheduled for: 1/21/2020 at 10:00 a.m., by Zoom Webinar.

Re Docket No. 269 - Consumer Plaintiff's request for Production 47:

Parties to file a joint discovery letter brief by 1/6/2021 concerning (and attaching) Plaintiffs expert declaration (and any declaration by Apple in response) concerning the relevance of RFP 47 to the Consumer Plaintiffs claims. Hearing scheduled for: 1/8/2021 at 9:00 a.m., by Zoom

| | | |
|---|---|---|
| | | Webinar. |
| | | Re additional letter briefs on other discovery disputes: |
| | | The next round of joint letter briefs concerning issues the parties previewed at the end of the hearing are due 12/28/2020 by Noon. Hearing scheduled for 12/29/2020 at 10:00 a.m., by Zoom Webinar. |
| | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | 191 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 12/18/2020 at 9:00 AM. This proceeding will be held via a Zoom webinar. |
| | | On 12/17/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/18/2020 at 9:00 a.m. |
| | | Courtroom Deputy email: Rose_Maher@cand.uscourts.gov |
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh |
| | | **General Order 58.** Persons granted access to court proceedings held by telephone or vi deoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |
| | | Zoom Video Camera hearing set for 12/18/2020 at 9:00 a.m. |
| | | *(This is a text-only entry generated by the court. There is no document associated with this ent ry.)* (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | | Set/Reset Hearing Video Camera hearing set for 12/18/2020 09:00 AM. (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/16/2020 | 192 | **Discovery Order re: ECF Nos. 269 , 270 , 271 , 295 , 298 in 4:11-cv-06714-YGR; ECF Nos. 145 , 146 , 147 , 173 , 177 in 4:19-cv-03074-YGR; ECF Nos. 170 , 173 in 4:20-cv-05640-YGR. Signed by Judge Thomas S. Hixson on 12/16/2020. (cdnS, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020)** |
| 12/16/2020 | 193 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing (Apex Issue) set for 1/21/2021 at 10:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar. |
| | | On 1/20/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/21/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. |
| | | Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov |

**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand .uscourts.gov/tsh

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Video Camera Discovery hearing set for 1/21/2021 at 10:00 AM. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020)

| 12/16/2020 | 194 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 1/8/2021 at 9:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 1/7/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/7/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Video Camera Discovery hearing set for 1/8/2021 at 09:00 AM. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 195 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 1/8/2021 at 9:00 AM., before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 1/7/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/7/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.g ov/tsh |

|  |  | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. Video Camera Discovery hearing set for 1/8/2021 at 9:00 AM . *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
|---|---|---|
| 12/16/2020 | 196 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 12/29/2020 10:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar. On 12/28/2020 by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 12/29/2020 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. Zoom Video Camera hearing set for 12/29/2020 at 10:00 AM. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 197 | NOTICE of Appearance by Ethan D. Dettmer (Dettmer, Ethan) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 198 | Transcript of Proceedings held on 12-15-20, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (313 in 4:11-cv-06714-YGR) Transcript Order, (311 in 4:11-cv-06714-YGR) Transcript Order, (316 in 4:11-cv-06714-YGR) Transcript Order, (312 in 4:11-cv-06714-YGR) Transcript Order ) Release of Transcript Restriction set for 3/16/2021. (kapS, COURT STAFF) (Filed on 12/16/2020) Modified on 12/30/2020 (ewn, COURT STAFF). (Entered: 12/16/2020) |
| 12/16/2020 | 199 | **ORDER by Judge Yvonne Gonzalez Rogers granting 168 Motion for Pro Hac Vice as to Robert S. Hoff. (fs, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020)** |
| 12/16/2020 | 200 | **ORDER by Judge Yvonne Gonzalez Rogers granting 161 Motion for Pro Hac Vice as to Peter John Sacripanti. (fs, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020)** |

| 12/17/2020 | 201 | Joint Discovery Letter Brief *regarding Apple depositions* filed by Epic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit 1)(Moskowitz, Lauren) (Filed on 12/17/2020) (Entered: 12/17/2020) |
| --- | --- | --- |
| 12/18/2020 | 202 | **Discovery Order re: (323 in 4:11-cv-06714-YGR), (201 in 4:20-cv-05640-YGR), (199 in 4:19-cv-03074-YGR). Signed by Judge Thomas S. Hixson on 12/18/2020. (cdnS, COURT STAFF) (Filed on 12/18/2020) (Entered: 12/18/2020)** |
| 12/18/2020 | 203 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconference on 12/18/2020 at 9:00 a.m.**<br><br>**Total Time in Court: 17 minutes.**<br><br>**Court Reporter: Debra Pas.**<br><br>**Appearances:**<br><br>**11-6714 YGR (TSH) - In Re Apple iPhone Antitrust Litigation**<br>**Consumer Plaintiffs Counsel: Rachele R. Byrd**<br>**Defendant Apple Counsel: Jay Srinivasan**<br><br>**19-3074 YGR (TSH) - Cameron et al. v. Apple Inc.**<br>**Counsel for Plaintiffs: Benjamin J. Siegel**<br>**Counsel for Defendant: Jay Srinivasan**<br><br>**20-5640 YGR (TSH) - Epic Games, Inc. v. Apple Inc.**<br>**Plaintiff's Counsel: Lauren Moskowitz**<br>**Defendant's Counsel: Jay Srinivasan**<br><br>**Proceedings: Discovery hearing held. Court had reviewed the parties joint letter brief and issued an Oral Ruling: There shall be 16 Apple Depositions.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/18/2020) (Entered: 12/18/2020)** |
| 12/22/2020 | 204 | Declaration of Jay P. Srinivasan in Support of 187 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. A), # 4 Redacted Version of Document Sought to be Sealed (Ex. C), # 5 Redacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 187 ) (Srinivasan, Jagannathan) (Filed on 12/22/2020) (Entered: 12/22/2020) |
| 12/22/2020 | 205 | EXHIBITS re 187 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. A), # 3 Unredacted Version of Document Sought to be Sealed (Ex. C), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 187 ) (Srinivasan, Jagannathan) (Filed on 12/22/2020) (Entered: 12/22/2020) |
| 12/22/2020 | 206 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (308) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting in part and denying in part (187) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR; granting in part and denying in part (187) Administrative Motion to File Under Seal in case 4:20-cv-05640-YGR. (tshlc2S, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |
| 12/22/2020 | 207 | **ORDER by Judge Yvonne Gonzalez Rogers granting 162 Motion for Pro Hac Vice as to John Calandra. (fs, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |

| | | |
|---|---|---|
| 12/22/2020 | 208 | **ORDER by Judge Yvonne Gonzalez Rogers granting 163 Motion for Pro Hac Vice as to Nicole Castle. (fs, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |
| 12/22/2020 | 209 | **ORDER by Judge Yvonne Gonzalez Rogers granting 164 Motion for Pro Hac Vice as to Elizabeth Rodd. (fs, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |
| 12/22/2020 | 210 | **ORDER by Judge Yvonne Gonzalez Rogers granting 166 Motion for Pro Hac Vice as to Benjamin Diessel. (fs, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |
| 12/23/2020 | 211 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15359048.) filed by Apple Inc.. (Lent, Karen) (Filed on 12/23/2020) (Entered: 12/23/2020) |
| 12/24/2020 | 212 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Transcript), # 3 Declaration of E. Dettmer - Redacted Version of Document Sought to be Filed Under Seal, # 4 Unredacted Version of Document Sought to be Sealed, # 5 Declaration of E. Dettmer - Unredacted Version of Document Sought to be Sealed, # 6 Exhibit A - Unredacted Version of Document Sought to be Sealed, # 7 Exhibit B - Unredacted Version of Document Sought to be Sealed, # 8 Exhibit C - Unredacted Version of Document Sought to be Sealed)(Lewis, Veronica) (Filed on 12/24/2020) (Entered: 12/24/2020) |
| 12/28/2020 | 213 | Administrative Motion to File Under Seal filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz in Support, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Epic's Requests for Production of Documents, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8) (Moskowitz, Lauren) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/28/2020 | 214 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 213 Administrative Motion to File Under Seal (Karin, John) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/28/2020 | 215 | Clerks Notice Continuing Discovery Hearing:

The Zoom Videoconference Discovery hearing scheduled for tomorrow 12/29/2020 at 10:00 a.m., is CONTINUED TO: 12/30/2020 at 10:00 a.m. All parties shall join the Zoom hearing at that date and time.

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/29/2020 | 216 | **ORDER re ECF No. 213 : On page 4 of the joint discovery letter brief, Epic Games cites APL_APPSTORE_00227526 and an excerpt from the Fischer deposition. The Court orders Epic to file those documents by noon Pacific time on December 29, 2020. Signed by Judge Thomas S. Hixson on 12/29/2020. (cdnS, COURT STAFF) (Filed on 12/29/2020) (Entered: 12/29/2020)** |
| 12/29/2020 | 217 | Administrative Motion to File Under Seal Supporting Exhibits A and B to the Joint Discovery Letter Brief Regarding Epic's Requests for Production of Documents filed by Epic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Declaration, # 4 Proposed Order)(Moskowitz, Lauren) (Filed on 12/29/2020) Modified on 12/30/20 (jjbS, COURT STAFF). (Entered: 12/29/2020) |
| 12/29/2020 | 218 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 217 Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to File Under Seal Supporting Exhibits A and B to the Joint Discovery Letter Brief Regarding Epic's Requests for Production of Documents")* (Karin, John) (Filed on 12/29/2020) (Entered: 12/29/2020) |
| 12/29/2020 | 219 | Transcript of Zoom Video Conference Proceedings held on 12-18-2020, before Judge Thomas S. Hixson. Court Reporter/Transcriber Debra L. Pas, CRR, telephone number (415) 431-1477/Email: Debra_Pas@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of |

|  |  | Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (329 in 4:11-cv-06714-YGR) Transcript Order ) Release of Transcript Restriction set for 3/29/2021. (Pas, Debra) (Filed on 12/29/2020) (Entered: 12/29/2020) |
|---|---|---|
| 12/30/2020 | 220 | Discovery Hearing held by Zoom Videoconferencing on 12/30/2020 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson: |
|  |  | Total Time in Court: 59 mins. |
|  |  | Court Reporter: Ana Dub |
|  |  | Appearances: |
|  |  | Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation: Counselfor Consumer Plaintiffs: Rachele R. Byrd Counsel for Defendant: Jay Srinivasan for Apple Inc. |
|  |  | Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc. Counsel for Plaintiffs: Robert F. Lopez - for Cameron Counsel for Defendant: Jay Srinivasan - for Apple Inc. |
|  |  | Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc. Counsel for Plaintiff: Lauren Moskowitz for Epic Counsel for Defendant: Jay Srinivasan - Apple Inc. |
|  |  | Proceedings: Discovery Conferences held. Matter submitted. Court to issue Order. |
|  |  | Deadlines and Hearing: By 1/6/2021 letter briefs due by Noon, for the 1/8/2021 discovery hearing. |
|  |  | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 221 | TRANSCRIPT ORDER for proceedings held on 12/30/2020 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Debra Pas. (Byars, Michael) (Filed on 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 222 | **ORDER by Magistrate Judge Thomas S. Hixson granting 212 Administrative Motion to File Under Seal. (rmm2S, COURT STAFF) (Filed on 12/30/2020) (Entered: 12/30/2020)** |
| 12/31/2020 | 223 | STATEMENT in Response to Order Tentatively Denying Administrative Motion to Modify Case Schedule by Apple Inc. (Attachments: # 1 Declaration of M. Rollins)(Dettmer, Ethan) (Filed on 12/31/2020) Modified on 1/4/2021 (jjbS, COURT STAFF). (Entered: 12/31/2020) |
| 12/31/2020 | 224 | Declaration of Ethan D. Dettmer in Support of 223 Notice (Other) filed byApple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Related document(s) 223 ) (Dettmer, Ethan) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 225 | Administrative Motion to File Under Seal *Exhibits to E. Dettmer Declaration* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration ISO Sealing, # 3 Declaration ISO Statement, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11)(Dettmer, Ethan) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 226 | **Discovery Order re 213 Joint Letter. Signed by Judge Thomas S. Hixson on 12/31/2020. (cdnS, COURT STAFF) (Filed on 12/31/2020) (Entered: 12/31/2020)** |
| 12/31/2020 | 227 | Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal* |

| | | |
|---|---|---|
| | | *Portion of Transcript")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Exhibit A, # 3 Proposed Order, # 4 Transcript [Redacted], # 5 Transcript [Unredacted])(Moskowitz, Lauren) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 228 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 227 Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal Portion of Transcript")* (Karin, John) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 01/01/2021 | 229 | EXHIBITS *re: ECF 187 as per Court Order in ECF 206* filed byEpic Games, Inc.. (Even, Yonatan) (Filed on 1/1/2021) (Entered: 01/01/2021) |
| 01/04/2021 | 230 | Joint Request for Clarification re 132 Order by Apple Inc. and Epic Games, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Perry, Mark) (Filed on 1/4/2021) Modified on 1/5/2021 (jjbS, COURT STAFF). (Entered: 01/04/2021) |
| 01/04/2021 | 231 | Declaration of Jay P. Srinivasan in Support of 213 Administrative Motion to File Under Seal , 217 Administrative Motion to File Under Seal Supporting Exhibits A and B to the Joint Discovery Letter Brief Regarding Epic's Requests for Production of Documents filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. 6), # 4 Redacted Version of Document Sought to be Sealed (Ex. 7), # 5 Redacted Version of Document Sought to be Sealed (Ex. A), # 6 Redacted Version of Document Sought to be Sealed (Ex. B))(Related document(s) 213 , 217 ) (Srinivasan, Jagannathan) (Filed on 1/4/2021) (Entered: 01/04/2021) |
| 01/04/2021 | 232 | EXHIBITS re 213 Administrative Motion to File Under Seal , 217 Administrative Motion to File Under Seal Supporting Exhibits A and B to the Joint Discovery Letter Brief Regarding Epic's Requests for Production of Documents filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. 6), # 3 Unredacted Version of Document Sought to be Sealed (Ex. 7), # 4 Unredacted Version of Document Sought to be Sealed (Ex. A), # 5 Unredacted Version of Document Sought to be Sealed (Ex. B))(Related document(s) 213 , 217 ) (Srinivasan, Jagannathan) (Filed on 1/4/2021) (Entered: 01/04/2021) |
| 01/06/2021 | 233 | Joint Discovery Letter Brief filed by Apple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Srinivasan, Jagannathan) (Filed on 1/6/2021) (Entered: 01/06/2021) |
| 01/06/2021 | 234 | Statement *Concerning Defendant Apple Inc.'s Statement in Response to Order Tentatively Denying Administrative Motion to Modify Case Schedule* by Epic Games, Inc.. (Moskowitz, Lauren) (Filed on 1/6/2021) Modified on 1/7/2021 (jjbS, COURT STAFF). (Entered: 01/06/2021) |
| 01/07/2021 | 235 | **Discovery Order re 233 Joint Discovery Letter Brief. Signed by Judge Thomas S. Hixson on 1/7/2021. (cdnS, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |
| 01/07/2021 | 236 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15413727.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Lavely, Vanessa) (Filed on 1/7/2021) (Entered: 01/07/2021) |
| 01/07/2021 | 237 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15413809.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing) (Stuckey, Samuel) (Filed on 1/7/2021) (Entered: 01/07/2021) |
| 01/07/2021 | 238 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15413786.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing) (Barreiro, Christina) (Filed on 1/7/2021) (Entered: 01/07/2021) |
| 01/07/2021 | 239 | **ORDER by Judge Yvonne Gonzalez Rogers granting 211 Motion for Pro Hac Vice as to Karen Lent. (fs, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |
| 01/08/2021 | 240 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery** |

| | | Hearing held on 1/8/2021 by Zoom Video Conference. |
|---|---|---|
| | | Court Reporter: Ruth Ekhaus/Total Time in Court: 9:00-9:17 - 17 minutes. |
| | | Appearances: |
| | | Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation:<br>Counsel for Consumer Plaintiffs: Rachele R. Byrd<br>Counsel for Defendant: Jay Srinivasan for Apple Inc. |
| | | Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.<br>Counsel for Plaintiffs: Robert F. Lopez/Benjamin J. Siegel - for Cameron<br>Counsel for Defendant: Jay Srinivasan - for Apple Inc. |
| | | Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.<br>Counsel for Plaintiff: Lauren Moskowitz for Epic<br>Counsel for Defendant: Jay Srinivasan - Apple Inc. |
| | | Proceedings: Discovery Hearing held, argument heard, matter submitted. Court to issue Order. |
| | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 241 | **ORDER RE: CASE SCHEDULING.**<br><br>**Set/Reset Deadlines as to extending briefing deadlines in 11-6714-YGR and 19-3074-YGR: Class Certification Motion due by 6/1/2021. Responses due by 8/10/2021. Replies due by 10/12/2021. Class Certification Motion Hearing set for 11/16/2021 10:00 AM OPST in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.**<br><br>**Signed by Judge Yvonne Gonzalez Rogers on 1/8/2021. (fs, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 242 | *AMENDED* STIPULATION WITH PROPOSED ORDER filed by Apple Inc., Apple, Inc., and Epic Games, Inc. (Srinivasan, Jagannathan) (Filed on 1/8/2021) Modified on 1/11/2021 (jjbS, COURT STAFF). (Entered: 01/08/2021) |
| 01/11/2021 | 243 | **ORDER by Magistrate Judge Thomas S. Hixson granting 227 Administrative Motion to File Under Seal. (rmm2S, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/11/2021 | 244 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15427394.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Valdes, Hector) (Filed on 1/11/2021) (Entered: 01/11/2021) |
| 01/11/2021 | 245 | **ORDER by Judge Yvonne Gonzalez Rogers granting (365) Amended Stipulation in case 4:11-cv-06714-YGR; granting (233) Amended Stipulation in case 4:19-cv-03074-YGR; granting (242) Amended Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/12/2021 | 246 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part 213 Administrative Motion to File Under Seal; granting in part and denying in part 217 Administrative Motion to File Under Seal. (cdnS, COURT STAFF) (Filed on 1/12/2021) (Entered: 01/12/2021)** |
| 01/14/2021 | 247 | *AMENDED* STIPULATION WITH PROPOSED ORDER filed by Apple Inc. and Epic Games, Inc. (Srinivasan, Jagannathan) (Filed on 1/14/2021) Modified on 1/15/2021 (jjbS, COURT STAFF). (Entered: 01/14/2021) |
| 01/14/2021 | 248 | TRANSCRIPT ORDER for proceedings held on December 18, 2020 before Magistrate Judge |

|  |  | Thomas S. Hixson by Epic Games, Inc., for Court Reporter Debra Pas. (Byars, Michael) (Filed on 1/14/2021) (Entered: 01/14/2021) |
|---|---|---|
| 01/19/2021 | 249 | NOTICE of Appearance by Meredith Richardson Dearborn (Dearborn, Meredith) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/19/2021 | 250 | MOTION for leave to appear in Pro Hac Vice *for Jessica E. Phillips* ( Filing fee $ 317, receipt number 0971-15461555.) filed by Apple Inc.. (Phillips, Jessica) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/19/2021 | 251 | MOTION for leave to appear in Pro Hac Vice *for William A. Isaacson* ( Filing fee $ 317, receipt number 0971-15461670.) filed by Apple Inc.. (Isaacson, William) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/19/2021 | 252 | MOTION for leave to appear in Pro Hac Vice *for Karen L. Dunn* ( Filing fee $ 317, receipt number 0971-15461748.) filed by Apple Inc.. (Dunn, Karen) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/19/2021 | 253 | **ORDER by Judge Yvonne Gonzalez Rogers granting 236 Motion for Pro Hac Vice as to Vanessa A. Lavely. (fs, COURT STAFF) (Filed on 1/19/2021) (Entered: 01/19/2021)** |
| 01/19/2021 | 254 | **ORDER by Judge Yvonne Gonzalez Rogers granting 237 Motion for Pro Hac Vice as to Samuel A. Stuckey. (fs, COURT STAFF) (Filed on 1/19/2021) (Entered: 01/19/2021)** |
| 01/19/2021 | 255 | **ORDER by Judge Yvonne Gonzalez Rogers granting 238 Motion for Pro Hac Vice as to Christina N. Barreiro. (fs, COURT STAFF) (Filed on 1/19/2021) (Entered: 01/19/2021)** |
| 01/19/2021 | 256 | **ORDER by Judge Yvonne Gonzalez Rogers granting 244 Motion for Pro Hac Vice as to Hector J. Valdes. (fs, COURT STAFF) (Filed on 1/19/2021) (Entered: 01/19/2021)** |
| 01/19/2021 | 257 | **ORDER by Judge Yvonne Gonzalez Rogers granting 250 Motion for Pro Hac Vice as to Jessica E. Phillips. (fs, COURT STAFF) (Filed on 1/19/2021) (Entered: 01/19/2021)** |
| 01/19/2021 | 258 | **ORDER by Judge Yvonne Gonzalez Rogers granting 251 Motion for Pro Hac Vice as to William A. Isaacson. (fs, COURT STAFF) (Filed on 1/19/2021) (Entered: 01/19/2021)** |
| 01/19/2021 | 259 | **ORDER by Judge Yvonne Gonzalez Rogers granting 252 Motion for Pro Hac Vice as to Karen L. Dunn. (fs, COURT STAFF) (Filed on 1/19/2021) (Entered: 01/19/2021)** |
| 01/19/2021 | 260 | Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of J. Lo, # 2 Proposed Order, # 3 Joint Letter Brief re Discovery, # 4 Exhibit 1, Joint Letter Brief re Discovery, # 5 Exhibit 2, Joint Letter Brief re Discovery, # 6 Certificate/Proof of Service)(Lo, Jason) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/19/2021 | 261 | Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Cue and Federighi Depositions, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7)(Moskowitz, Lauren) (Filed on 1/19/2021) Modified on 1/21/2021 (jjbS, COURT STAFF). (Entered: 01/20/2021) |
| 01/20/2021 | 262 | Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Cook Deposition) (Moskowitz, Lauren) (Filed on 1/20/2021) Modified on 1/21/2021 (jjbS, COURT STAFF). (Entered: 01/20/2021) |
| 01/20/2021 | 263 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 261 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* (Karin, John) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 264 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 262 Administrative Motion to File Under |

| | | |
|---|---|---|
| | | Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Deposition")* (Karin, John) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 265 | NOTICE of Appearance by Kyle Kenneth Batter *for Victoria F. Maroulis* (Batter, Kyle) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 266 | NOTICE of Appearance by Kyle Kenneth Batter (Batter, Kyle) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 267 | **Discovery Order rescheduling hearing from 1/21/2021 to 1/25/2021 at 10:00 a.m., by Zoom Video Conference. Signed by Magistrate Judge Thomas S. Hixson on 1/20/2021. (rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021)** |
| 01/20/2021 | 268 | (This is a duplicate order - of Discovery Order 267 - posted in error) **Discovery Order rescheduling Discovery Hearing from 1/21/2021 to 1/25/2021 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson. Signed by Magistrate Judge Thomas S. Hixson on 1/20/2021.(rmm2S, COURT STAFF) (Filed on 1/20/2021) Modified on 1/20/2021 (rmm2S, COURT STAFF). (Entered: 01/20/2021)** |
| 01/20/2021 | | Set/Reset Hearing re : Zoom Video Camera Discovery hearing set for 1/25/2021 at 10:00 AM., before Magistrate Judge Thomas S. Hixson.<br><br>Counsel shall by COB on Friday, 1/22/2021, email the Courtroom Deputy with their appearances. Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>(rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/21/2021 | 269 | Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of J. Srinivasan, # 2 Proposed Order, # 3 Joint Letter Brief re Discovery, # 4 Exhibit 1, Joint Letter Brief re Discovery, # 5 Exhibit 2, Joint Letter Brief re Discovery, # 6 Exhibit 3, Joint Letter Brief re Discovery, # 7 Exhibit 4, Joint Letter Brief re Discovery, # 8 Exhibit 5, Joint Letter Brief re Discovery, # 9 Certificate/Proof of Service) (Srinivasan, Jagannathan) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 270 | Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren M. Moskowitz, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L)(Moskowitz, Lauren) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 271 | Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren M. Moskowitz, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Moskowitz, Lauren) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 272 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 270 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* (Karin, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 273 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 271 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* (Karin, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 274 | **ORDER by Judge Yvonne Gonzalez Rogers granting 247 Stipulation and Amended Protective Order. (fs, COURT STAFF) (Filed on 1/21/2021) (Entered: 01/21/2021)** |
| | | |

| | | |
|---|---|---|
| 01/22/2021 | 275 | EXHIBITS *re: ECF 213 as per Court Order in ECF 246* filed byEpic Games, Inc.. (Moskowitz, Lauren) (Filed on 1/22/2021) (Entered: 01/22/2021) |
| 01/22/2021 | 276 | Joint Submission Regarding Trial Elements, Legal Framework and Remedies re 132 Order by Epic Games, Inc. and Apple, Inc. (Attachments: # 1 Appendix A-Remedies Sought--Specific Relief)(Bornstein, Gary) (Filed on 1/22/2021) Modified on 1/25/2021 (jjbS, COURT STAFF). (Entered: 01/22/2021) |
| 01/25/2021 | | Electronic filing error. No caption Page. Exhibits e-filed separately and not as an attachment, require a title page. Please refer to Civil Local Rules 3-4 re first page requireme nt and re-file in its entirety. Re: 275 Exhibits filed by Epic Games, Inc. (jjbS, COURT STAFF) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 277 | TRANSCRIPT ORDER for proceedings held on 1/25/2021 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Marla Knox. (Srinivasan, Jagannathan) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 278 | TRANSCRIPT ORDER for proceedings held on January 25, 2021 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Marla Knox. (Byars, Michael) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 279 | TRANSCRIPT ORDER for proceedings held on 01/25/2021 before Magistrate Judge Thomas S. Hixson by Samsung Electronics America Inc, for Court Reporter Marla Knox. (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 280 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconferencing on 1/25/2021 at 10:00 a.m.<br><br>Total Time in Court: 1 hour 25 minutes<br><br>Court Reporter: Marla Knox.<br><br>Appearances:<br><br>Case No. 11-6714 YGR (TSH)- In re Apple iPhone Antitrust Litigation:<br>Rachele R. Byrd for Consumer Plaintiffs<br>Jay Srinivasan for Defendant Apple Inc.<br><br>Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.<br>Robert F. Lopez and Benjamin J. Siegel for Plaintiff Developers<br>Jay Srinivasan - for Defendant Apple Inc.<br><br>Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.<br>Lauren Moskowitz for Plaintiff Epic<br>Victoria Maroulis, Kyle Batter and Richard Rosalez for non-party SEA<br>Jay Srinivasan for Defendant Apple Inc.<br><br>Proceedings: Discovery Conferences held. Matters submitted. Court to issue Order.<br><br>Deadlines and Hearing: Joint Letter Briefs due 1/29/2021 by Noon. A further hearing is scheduled for: 2/1/2021 at 10:00 a.m., by Zoom.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 281 | CLERKS NOTICE SETTING ZOOM FURTHER DISCOVERY HEARING. Video Camera hearing set for 2/1/2021 10:00 AM. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh |

On 1/29/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 2/1/2021 Disco very Zoom Hearing at 10:00 a.m. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.

Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Video Camera hearing set for 2/1/2021 10:00 AM. (Related documents(s) 280 ) *(This is a text - only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 1/25/2021) (Entered: 01/25/2021)

| | | |
|---|---|---|
| 01/25/2021 | 282 | NOTICE of Appearance by Kyle Kenneth Batter *on behalf of Victoria Maroulis* (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 283 | NOTICE of Appearance by Kyle Kenneth Batter (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 284 | Declaration of Kyle Batter in Support of 269 Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed bySamsung Electronics Co., Ltd. (Related document(s) 269 ) (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 285 | Declaration of Gary A. Bornstein in Support of 269 Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed byEpic Games, Inc.. (Attachments: # 1 Proposed Order) (Related document(s) 269 ) (Bornstein, Gary) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 286 | EXHIBITS re 246 Order on Administrative Motion to File Under Seal, *("Unsealed Exhibits to Joint Discovery Letter Brief Regarding Epic's Requests for Production of Documents [ECF No. 213]")* filed byEpic Games, Inc.. (Related document(s) 246 ) (Moskowitz, Lauren) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 287 | EXHIBITS re 271 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")*, 270 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")*, 261 Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")*, 262 Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition") Declaration of E. Dettmer In Support of Motions to Seal* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter re Apex Witnesses), # 3 Redacted Version of Document Sought to be Sealed (Ex. 1), # 4 Redacted Version of Document Sought to be Sealed (Ex. B), # 5 Redacted Version of Document Sought to be Sealed (Ex. C), # 6 Redacted Version of Document Sought to be Sealed (Ex. E), # 7 Redacted Version of Document Sought to be Sealed (Ex. F), # 8 Redacted Version of Document Sought to be Sealed (Ex. I), # 9 Redacted Version of Document Sought to be Sealed (Ex. J), # 10 Redacted Version of Document Sought to be Sealed (Ex. K), # 11 Redacted Version of Document Sought to be Sealed (Ex. L), # 12 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter re Deposition of Cook), # 13 Redacted Version of Document Sought to be Sealed (Ex. C), # 14 Redacted Version of Document Sought to be Sealed (Ex. D), # 15 Redacted Version of Document Sought to be Sealed (Ex. E), # 16 Redacted Version of Document Sought to be Sealed (Ex. F), # 17 Redacted Version of Document Sought to be Sealed (Ex. G), # 18 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter re Apex Witnesses), # 19 Unredacted |

| | | |
|---|---|---|
| | | Version of Documents Sought to be Sealed (Ex. 1), # 20 Unredacted Version of Document Sought to be Sealed (Ex. A), # 21 Unredacted Version of Document Sought to be Sealed (Ex. B), # 22 Unredacted Version of Document to be Sealed (Ex. C), # 23 Unredacted Version of Document Sought to be Sealed (Exhibit D), # 24 Unredacted Version of Document Sought to be Sealed (Ex. E), # 25 Unredacted Version of Document Sought to be Sealed (Ex. F), # 26 Unredacted Version of Document Sought to be Sealed (Ex. G), # 27 Unredacted Version of Document Sought to be Sealed (Ex. H), # 28 Unredacted Version of Document Sought to be Sealed (Ex. I), # 29 Unredacted Version of Document Sought to be Sealed (Ex. J), # 30 Unredacted Version of Document Sought to be Sealed (Ex. K), # 31 Unredacted Version of Document Sought to be Sealed (Ex. L), # 32 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter re Cook Deposition), # 33 Unredacted Version of Document Sought to be Sealed (Ex. C), # 34 Unredacted Version of Document Sought to be Sealed (Ex. D), # 35 Unredacted Version of Document Sought to be Sealed (Ex. E), # 36 Unredacted Version of Document Sought to be Sealed (Ex. F), # 37 Unredacted Version of Document Sought to be Sealed (Ex. G), # 38 Certificate/Proof of Service)(Related document(s) 271 , 270 , 261 , 262 ) (Dettmer, Ethan) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/26/2021 | 288 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15490719.) filed by Apple Inc.. (Yang, Betty) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | | Electronic filing error. No caption Page. Exhibits e-filed separately and not as an attachment, require a title page. Please refer to Civil Local Rules 3-4 re first page requireme nt. **Re-filing of the document is not necessary, but please include a caption page in the future.** Re: 229 Exhibits filed by Epic Games, Inc. (jjbS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 289 | MOTION for leave to appear in Pro Hac Vice *for Justin C. Clarke* ( Filing fee $ 317, receipt number 0971-15491937.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Clarke, Justin) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 290 | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL RE: (372 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal** *the Joint Discovery Letter Brief Regarding Cook Deposition")* **filed by Stephen H. Schwartz, Robert Pepper, Harry Bass, Crystal Boykin, Epic Games, Inc., Edward Lawrence, Edward W. Hayter, Kevin Fahey, (241 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* **filed by Epic Games, Inc., (271 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* **filed by Epic Games, Inc., (248 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* **filed by Epic Games, Inc., (240 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (249 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* **filed by Epic Games, Inc., (269 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (370 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (377 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal** *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* **filed by Epic Games, Inc., (242 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Depositions")* **filed by Epic Games, Inc., (371 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal** *Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* **filed by Stephen H. Schwartz, Crystal Boykin, Harry Bass, Robert Pepper, Epic Games, Inc., Edward Lawrence, Kevin Fahey, Edward W. Hayter, (247 in** |

**4:19-cv-03074-YGR)** Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (261 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (260 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (378 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (376 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (262 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (270 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc... Signed by Judge Thomas S. Hixson on 1/26/2021. (cdnS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021)

| 01/26/2021 | 291 | DISCOVERY ORDER - DOCUMENT E-FILED UNDER SEAL by Court Staff. (rmm2S, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| --- | --- | --- |
| 01/26/2021 | 296 | **Discovery Order (Public Redacted Version) re (264 in 4:19-cv-03074-YGR, 291 in 4:20-cv-05640-YGR, 392 in 4:11-cv-06714-YGR). Signed by Judge Thomas S. Hixson on 1/26/2021. (cdnS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/28/2021)** |
| 01/27/2021 | 292 | MOTION for leave to appear in Pro Hac Vice *for Nathan Denning* ( Filing fee $ 317, receipt number 0971-15499916.) filed by Epic Games, Inc.. (Attachments: # 1 Certificate of Good Standing)(Denning, Nathan) (Filed on 1/27/2021) (Entered: 01/27/2021) |
| 01/27/2021 | 293 | CLERK'S NOTICE CHANGING START TIME OF ZOOM DISCOVERY HEARING: The Zoom Video Conference Discovery Hearing scheduled for 2/1/2021, shall be heard at 9:00 a.m., rather than 10:00 a.m. All counsel shall join the Zoom call at 9:00 a.m.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 1/27/2021) (Entered: 01/27/2021) |
| 01/28/2021 | 294 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order, # 3 Sealed Discovery Order)(Dettmer, Ethan) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 01/28/2021 | 295 | REDACTION *Request re Court Order* by Samsung Electronics America Inc. (Batter, Kyle) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 01/29/2021 | 297 | Administrative Motion to File Under Seal *the Joint Letter Brief Concerning Epic's RFPs* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Letter Brief Concerning Epic's RFPs, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit by Apple, # 17 Exhibit by Apple, # 18 Exhibit by Apple, # 19 Exhibit by Apple, # 20 Exhibit by Apple, # 21 Exhibit by Apple) (Moskowitz, Lauren) (Filed on 1/29/2021) (Entered: 01/29/2021) |
| 01/29/2021 | 298 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 297 Administrative Motion to File Under Seal *the Joint Letter Brief Concerning Epic's RFPs and Supporting Exhibits* (Moskowitz, Lauren) (Filed on 1/29/2021) (Entered: 01/29/2021) |
| 01/29/2021 | 299 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 297 Administrative Motion to File Under Seal *the Joint Letter Brief Concerning Epic's RFPs with Supporting Exhibits. Correction of Docket # 298 .* (Karin, John) (Filed on 1/29/2021) (Entered: 01/29/2021) |
| 01/29/2021 | 300 | Transcript of Zoom Webinar Proceedings held on January 25, 2021, before Judge Thomas S. Hixson. Court Reporter, Marla F. Knox, RPR, CRR, RMR, telephone number (602) 391-6990. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the |

| | | |
|---|---|---|
| | | deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 277 Transcript Order ) Release of Transcript Restriction set for 4/29/2021. (Related documents(s) 277 ) (mfk, COURT STAFF) (Filed on 1/29/2021) (Entered: 01/29/2021) |
| 02/01/2021 | 301 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 2/1/2021 by Zoom.**<br><br>**Total Time in Court: 26 minutes.**<br><br>**Court Reporter: Belle Ball.**<br><br>**Plaintiff Attorney: Lauren Moskowitz.**<br><br>**Defendant Attorney: Jay Srinivasan.**<br><br>**Proceedings:**<br><br>**Discovery Conference held by Zoom Video Conferencing. The Court requested Apple to try to produce the requested documents to Epic by 2/5/2021.**<br><br>**A further hearing is scheduled for: 2/5/2021 at 1:00 pm, by Zoom.**<br><br>**By noon on : 2/4/2012, counsel shall file a joint letter brief with any remaining issues regarding the depositions or any other discovery issues the Court should review.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 2/1/2021) (Entered: 02/01/2021)** |
| 02/01/2021 | 302 | CLERKS NOTICE SETTING ZOOM HEARING. Video Camera hearing set for 2/5/2021 01:00 PM. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, rec ording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.can d.uscourts.gov/zoom/.<br><br>Video Camera hearing set for 2/5/2021 01:00 PM. (Related documents(s) 301 ) *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 2/1/2021) (Entered: 02/01/2021) |
| 02/01/2021 | 303 | TRANSCRIPT ORDER for proceedings held on 2/1/2021 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Belle Ball. (Srinivasan, Jagannathan) (Filed on 2/1/2021) (Entered: 02/01/2021) |
| 02/01/2021 | 304 | **Discovery Order re 297 Joint Letter Brief Concerning Epic's RFPs. Signed by Judge Thomas S. Hixson on 2/1/2021. (cdnS, COURT STAFF) (Filed on 2/1/2021) (Entered: 02/01/2021)** |
| 02/01/2021 | 305 | TRANSCRIPT ORDER for proceedings held on 02/01/2021 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Belle Ball. (Byars, Michael) (Filed on 2/1/2021) (Entered: 02/01/2021) |
| 02/01/2021 | 306 | Transcript of Proceedings held on 2/1/21, before Judge Thomas S. Hixson. Court Reporter |

| | | |
|---|---|---|
| | | Belle Ball, CSR, telephone number (415)373-2529, belle_ball@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 303 Transcript Order, 305 Transcript Order ) Release of Transcript Restriction set for 5/3/2021. (Related documents(s) 303 , 305 ) (ballbb15S, COURT STAFF) (Filed on 2/1/2021) (Entered: 02/01/2021) |
| 02/01/2021 | 307 | TRANSCRIPT ORDER for proceedings held on 02/01/2021 before Magistrate Judge Thomas S. Hixson by Donald R. Cameron, for Court Reporter Belle Ball. (Lopez, Robert) (Filed on 2/1/2021) (Entered: 02/01/2021) |
| 02/01/2021 | 308 | Letter Brief *(Redacted 269 Joint Letter Brief re Discovery)* filed byApple Inc.. (Srinivasan, Jagannathan) (Filed on 2/1/2021) (Entered: 02/01/2021) |
| 02/02/2021 | 309 | **ORDER by Judge Thomas S. Hixson granting (394) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; denying without prejudice (223) Administrative Motion to File Under Seal; granting (266) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR; granting (294) Administrative Motion to File Under Seal in case 4:20-cv-05640-YGR. (cdnS, COURT STAFF) (Filed on 2/2/2021) (Entered: 02/02/2021)** |
| 02/02/2021 | 310 | DECLARATION OF ETHAN DETTMER IN SUPPORT OF 270 ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEFS AND EXHIBITS filed by Apple Inc. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Exhibit J), # 3 Unredacted Version of Document Sought to be Sealed (Exhibit J), # 4 Certificate/Proof of Service)(Related document(s) 270 ) (Dettmer, Ethan) (Filed on 2/2/2021) Modified on 2/3/2021 (cjlS, COURT STAFF). (Entered: 02/02/2021) |
| 02/02/2021 | 311 | DECLARATION OF ETHAN DETTMER IN SUPPORT OF 297 ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF REGARDING EPICS OUTSTANDING DOCUMENT REQUESTS AND SUPPORTING EXHIBITS filed by Apple Inc. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Exhibit 1), # 3 Redacted Version of Document Sought to be Sealed (Ex. 4), # 4 Redacted Version of Document Sought to be Sealed (Ex. 5), # 5 Unredacted Version of Document Sought to be Sealed (Ex. 1), # 6 Unredacted Version of Document Sought to be Sealed (Ex. 4), # 7 Unredacted Version of Document Sought to be Sealed (Ex. 5), # 8 Certificate/Proof of Service)(Related document(s) 297 ) (Dettmer, Ethan) (Filed on 2/2/2021) Modified on 2/3/2021 (cjlS, COURT STAFF). (Entered: 02/02/2021) |
| 02/02/2021 | 312 | MOTION for leave to appear in Pro Hac Vice for Zainab Ahmad (Filing fee $ 317, receipt number 0971-15526032) filed by Apple Inc. (Ahmad, Zainab) (Filed on 2/2/2021) Modified on 2/3/2021 (cjlS, COURT STAFF). (Entered: 02/02/2021) |
| 02/03/2021 | 313 | NOTICE of Appearance by Ben Michael Harrington *for Developer Plaintiffs* (Harrington, Ben) (Filed on 2/3/2021) (Entered: 02/03/2021) |
| 02/03/2021 | 314 | TRANSCRIPT ORDER for proceedings held on 01/25/2021 before Magistrate Judge Thomas S. Hixson for Court Reporter Marla Knox. (rjdS, COURT STAFF) (Filed on 2/3/2021) (Entered: 02/03/2021) |
| 02/03/2021 | 315 | **ORDER by Judge Yvonne Gonzalez Rogers granting 288 Motion for Pro Hac Vice as to Betty Yang. (fs, COURT STAFF) (Filed on 2/3/2021) (Entered: 02/03/2021)** |
| 02/03/2021 | 316 | **ORDER by Judge Yvonne Gonzalez Rogers granting 289 Motion for Pro Hac Vice as to Justin C. Clarke. (fs, COURT STAFF) (Filed on 2/3/2021) (Entered: 02/03/2021)** |
| 02/03/2021 | 317 | **ORDER by Judge Yvonne Gonzalez Rogers granting 292 Motion for Pro Hac Vice as to Nathan E. Denning. (fs, COURT STAFF) (Filed on 2/3/2021) (Entered: 02/03/2021)** |
| 02/03/2021 | 318 | **ORDER by Judge Yvonne Gonzalez Rogers granting 312 Motion for Pro Hac Vice as to** |

| | | |
|---|---|---|
| | | **Zainab N. Ahmad. (fs, COURT STAFF) (Filed on 2/3/2021) (Entered: 02/03/2021)** |
| 02/04/2021 | 319 | Joint Discovery Letter Brief Regarding Apple's Attorney Lists filed byEpic Games, Inc., Apple Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Moskowitz, Lauren) (Filed on 2/4/2021) Modified on 2/4/2021 (cjlS, COURT STAFF). (Entered: 02/04/2021) |
| 02/04/2021 | 320 | STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY filed by Epic Games, Inc., Apple Inc. (Lavely, Vanessa) (Filed on 2/4/2021) Modified on 2/5/2021 (cjlS, COURT STAFF). (Entered: 02/04/2021) |
| 02/05/2021 | 321 | MOTION for leave to appear in Pro Hac Vice Re: Omid Nasab for Epic Games, Inc. (Filing fee $317, receipt number 0971-15538520) filed by Epic Games, Inc. (Attachments: # 1 Certificate of Good Standing)(Nasab, Omid) (Filed on 2/5/2021) Modified on 2/5/2021 (cjlS, COURT STAFF). (Entered: 02/05/2021) |
| 02/05/2021 | 322 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Video Conference on 2/5/2021 at 1:00 p.m.**<br><br>**Total Time in Court: 1:00-1:21 - total 21 minutes**<br><br>**Court Reporter: JoAnn Bryce.**<br><br>**Plaintiff Attorney: Lauren Moskowitz.**<br><br>**Defendant Attorney: Ethan Dettmer.**<br><br>**Proceedings: Discovery Hearing held by Zoom Video Conference. Argument heard. Court order parties to meet and confer about their outstanding issues. Court will not issue an order. If the parties can't resolve their issues they may contact the Courtroom Deputy, by email, to schedule a hearing.**<br><br>**Courtroom Deputy Information: Rose_Maher@cand.uscourts.gov**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** (rmm2S, COURT STAFF) (Date Filed: 2/5/2021) (Entered: 02/05/2021) |
| 02/05/2021 | 323 | TRANSCRIPT ORDER for proceedings held on 02/05/21 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Jo Ann Bryce. (Srinivasan, Jagannathan) (Filed on 2/5/2021) (Entered: 02/05/2021) |
| 02/05/2021 | 324 | TRANSCRIPT ORDER for proceedings held on February 5, 2021 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Jo Ann Bryce. (Byars, Michael) (Filed on 2/5/2021) (Entered: 02/05/2021) |
| 02/05/2021 | 325 | Consumer Plaintiffs' Amicus Brief Regarding Trial Elements, Legal Framework and Remedies re 276 Statement by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 2/5/2021) Modified on 2/8/2021 (cjlS, COURT STAFF). (Entered: 02/05/2021) |
| 02/05/2021 | 326 | Brief *of Amici Curiae Developer Plaintiffs Regarding Trial Elements* filed byDonald R. Cameron. (Berman, Steve) (Filed on 2/5/2021) (Entered: 02/05/2021) |
| 02/05/2021 | 327 | Unsealed Exhibits to 290 Joint Discovery Letter Briefs Regarding Cook, Cue, and Federighi filed by Epic Games, Inc. (Related document(s) 290 ) (Moskowitz, Lauren) (Filed on 2/5/2021) Modified on 2/8/2021 (cjlS, COURT STAFF). (Entered: 02/05/2021) |
| 02/06/2021 | 328 | Transcript of Proceedings held on 2/5/21, before Magistrate Judge Thomas S. Hixson. Court Reporter Jo Ann Bryce, Official Reporter, telephone number 510-910-5888, joann_bryce@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased |

| | | |
|---|---|---|
| | | through the Court Reporter until the deadline for the Release of Transcript Restriction after 90 days. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 323 Transcript Order ) Release of Transcript Restriction set for 5/7/2021. (Related documents(s) 323 ) (jabS, COURTSTAFF) (Filed on 2/6/2021) (Entered: 02/06/2021) |
| 02/08/2021 | 329 | **Discovery Order re 319 Letter Brief. Signed by Judge Thomas S. Hixson on 2/8/2021. (cdnS, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |
| 02/08/2021 | 330 | MOTION for leave to appear in Pro Hac Vice for Darin P. McAtee (Filing fee $317, receipt number 0971-15549330) filed by Epic Games, Inc. (Attachments: # 1 Certificate/Proof of Service Certificate of Good Standing)(McAtee, Darin) (Filed on 2/8/2021) Modified on 2/9/2021 (cjlS, COURT STAFF). (Entered: 02/08/2021) |
| 02/08/2021 | 331 | NOTICE of Appearance by Rachel S. Brass (Brass, Rachel) (Filed on 2/8/2021) (Entered: 02/08/2021) |
| 02/11/2021 | 332 | **ORDER by Judge Yvonne Gonzalez Rogers granting 321 Motion for Pro Hac Vice as to Omid Nasab. (fs, COURT STAFF) (Filed on 2/11/2021) (Entered: 02/11/2021)** |
| 02/11/2021 | 333 | **ORDER by Judge Yvonne Gonzalez Rogers granting 330 Motion for Pro Hac Vice as to Darin P. McAtee. (fs, COURT STAFF) (Filed on 2/11/2021) (Entered: 02/11/2021)** |
| 02/11/2021 | 334 | **ORDER [*AS MODIFIED BY THE COURT*] STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY by Judge Yvonne Gonzalez Rogers; granting as modified by the Court (402) Stipulation in case 4:11-cv-06714-YGR; granting as modified by the Court (276) Stipulation in case 4:19-cv-03074-YGR; granting as modified by the Court (320) Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 2/11/2021) (Entered: 02/11/2021)** |
| 02/12/2021 | 335 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part 297 Administrative Motion to File Under Seal. (cdnS, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/12/2021 | 336 | **STATUS REPORT ORDER: Status Report from Apple due by 2/17/2021. Signed by Judge Thomas S. Hixson on 2/12/2021. (cdnS, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/12/2021 | 337 | **ORDER re Motion to Seal. Signed by Magistrate Judge Thomas S. Hixson on 2/12/2021. (rmm2S, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/14/2021 | 338 | Joint Discovery Letter Brief *Regarding Apple's Request for an Extension* filed by Apple Inc., and Epic Games. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Perry, Mark) (Filed on 2/14/2021) Modified on 2/16/2021 (bnsS, COURT STAFF). (Entered: 02/14/2021) |
| 02/15/2021 | 339 | **DISCOVERY ORDER by Magistrate Judge Thomas S. Hixson denying 338 Discovery Letter Brief. (rmm2S, COURT STAFF) (Filed on 2/15/2021) (Entered: 02/15/2021)** |
| 02/15/2021 | 340 | STIPULATION WITH PROPOSED ORDER *re Case Schedule* filed by Apple Inc., and Epic Games, Inc.. (Perry, Mark) (Filed on 2/15/2021) Modified on 2/16/2021 (bnsS, COURT STAFF). (Entered: 02/15/2021) |
| 02/15/2021 | 341 | STIPULATION WITH PROPOSED ORDER *Permitting Non-Party Deposition of Adrian Ong of Match Group, Inc. After the Non-Expert Discovery Cutoff* filed by Epic Games, Inc., and Apple, Inc.. (Attachments: # 1 Declaration of J. Wesley Earnhardt)(Earnhardt, Joe) (Filed on 2/15/2021) Modified on 2/16/2021 (bnsS, COURT STAFF). (Entered: 02/15/2021) |
| 02/18/2021 | 342 | STATUS REPORT *re Motions to Seal* by Apple Inc.. (Dettmer, Ethan) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 02/18/2021 | 343 | **ORDER re (261 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting*** |

| | | |
|---|---|---|
| | | *Exhibits")* filed by Epic Games, Inc., (241 in 4:19-cv-03074-YGR) *Administrative Motion to File Under Seal ("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (371 in 4:11-cv-06714-YGR) *Administrative Motion to File Under Seal Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Stephen H. Schwartz, Robert Pepper, Harry Bass, Crystal Boykin, Epic Games, Inc., Edward Lawrence, Edward W. Hayter, Kevin Fahey. Signed by Judge Thomas S. Hixson on 2/18/2021. (cdnS, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 02/18/2021 | 344 | **ORDER by Judge Yvonne Gonzalez Rogers granting 341 Stipulation Permitting Non-Party Deposition of Adrian Ong. (fs, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021)** |
| 02/18/2021 | 345 | **ORDER by Judge Yvonne Gonzalez Rogers granting 340 Stipulation between Epic Games Inc. and Apple Inc. re: case schedule. (fs, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021)** |
| 02/18/2021 | 346 | Joint Discovery Letter Brief filed by Apple Inc., Non-Party Valve Corporation. (Attachments: # 1 Exhibit, # 2 Exhibit)(Lowery, Michelle) (Filed on 2/18/2021) Modified on 2/19/2021 (cjlS, COURT STAFF). (Entered: 02/18/2021) |
| 02/19/2021 | 347 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 2/24/2021 at 9:00 AM, before Magistrate Judge Thomas S. Hixson.<br><br>On 2/23/20, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 2/24/2021, at 9:00 a.m., Zoom Discovery Hearing re the Joint Letter brief, re ECF Docket Nos.: 11-6714 Doc. No. 413, 19-3074 Doc. No. 292, 20-5640 Doc. No. 346. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadca sting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/< /A>.<br><br>Zoom Video Camera Discovery hearing set for 2/24/2021 at 9:00 AM.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 2/19/2021) (Entered: 02/19/2021) |
| 02/19/2021 | 348 | Unsealed Joint Discovery Letter Brief Regarding Epic's Outstanding Document Requests and Supporting Exhibits filed byEpic Games, Inc., Apple Inc. (Related document(s) 335 ) (Moskowitz, Lauren) (Filed on 2/19/2021) Modified on 2/22/2021 (cjlS, COURT STAFF). (Entered: 02/19/2021) |
| 02/22/2021 | 349 | MOTION for leave to appear in Pro Hac Vice Re: Gavin W. Skok (Filing fee $ 317, receipt number 0971-15602806) filed by Valve Corporation. (Skok, Gavin) (Filed on 2/22/2021) Modified on 2/23/2021 (cjlS, COURT STAFF). (Entered: 02/22/2021) |
| 02/22/2021 | 350 | Further Stipulation and Proposed Order Permitting Non-Party Deposition of Adrian Ong of |

| | | |
|---|---|---|
| | | Match Group, Inc. After the Non-Expert Discovery Cutoff filed by Epic Games, Inc., Apple Inc. (Attachments: # 1 Declaration of J. Wesley)(Earnhardt, Joe) (Filed on 2/22/2021) Modified on 2/23/2021 (cjlS, COURT STAFF). (Entered: 02/22/2021) |
| 02/22/2021 | 351 | **Order Granting 350 Stipulation Re Extension of Deposition Date. Entered by Judge Yvonne Gonzalez Rogers.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(Entered: 02/22/2021)** |
| 02/22/2021 | 352 | JOINT CASE MANAGEMENT STATEMENT filed by Epic Games, Inc., Apple Inc. (Bornstein, Gary) (Filed on 2/22/2021) Modified on 2/23/2021 (cjlS, COURT STAFF). (Entered: 02/22/2021) |
| 02/24/2021 | 353 | TRANSCRIPT ORDER for proceedings held on 2/24/2021 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Ruth Ekhaus. (Srinivasan, Jagannathan) (Filed on 2/24/2021) (Entered: 02/24/2021) |
| 02/24/2021 | 354 | TRANSCRIPT ORDER for proceedings held on February 24, 2021 before Magistrate Judge Thomas Hixson by Epic Games, Inc., for Court Reporter Ruth Ekhaus. (Byars, Michael) (Filed on 2/24/2021) (Entered: 02/24/2021) |
| 02/24/2021 | 355 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 2/24/2021 at 9:00 a.m., by Zoom Video Conference.**<br><br>**Total Time in Court: 49 minutes.**<br><br>**Court Reporter: Ruth Levine Ekhaus.**<br><br>**Appearances:**<br><br>**Gavin Skok (Pro Hac Vice Counsel, Pending), Rep. Non-Party Valve Corp.**<br>**Jaemin Chang, Local Co-Counsel, Rep. Non-Party Valve Corp.**<br><br>**Robert F. Lopez, Representing for Developer Plaintiffs**<br><br>**Jay P. Srinivasan and Michelle Lowery, Representing Def. Apple, Inc.**<br><br>**Proceedings: Discovery hearing held. Argument heard, matter submitted. Court to issue Order.**<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 2/24/2021) (Entered: 02/24/2021) |
| 02/24/2021 | 356 | **Discovery Order re: (346 in 4:20-cv-05640-YGR) Discovery Letter Brief filed by Apple Inc., (413 in 4:11-cv-06714-YGR) Discovery Letter Brief filed by Apple Inc., (292 in 4:19-cv-03074-YGR) Discovery Letter Brief filed by Apple Inc. Signed by Judge Thomas S. Hixson on 2/24/2021. (cdnS, COURT STAFF) (Filed on 2/24/2021) (Entered: 02/24/2021)** |
| 02/25/2021 | 357 | **\*\*\* DISREGARD - FILED IN ERROR (SEE DOCKET # 361 ) \*\*\***<br>Transcript of Proceedings held on 02/24/2021, before Judge Thomas S. Hixson. Court Reporter Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219, telephone number (415)336-5223/ruth_ekhaus@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (353 in 4:20-cv-05640-YGR) Transcript Order, (354 in 4:20-cv-05640-YGR) Transcript Order ) Release of Transcript Restriction set for 5/26/2021. (rreS, COURT STAFF) (Filed on 2/25/2021) Modified on 2/26/2021 (rjdS, COURT STAFF). (Entered: 02/25/2021) |
| 02/25/2021 | 358 | TRANSCRIPT ORDER for proceedings held on 02/24/2021 before Magistrate Judge Thomas |

| | | |
|---|---|---|
| | | S. Hixson by Donald R. Cameron, for Court Reporter Ruth Ekhaus. (Lopez, Robert) (Filed on 2/25/2021) (Entered: 02/25/2021) |
| 02/25/2021 | 359 | TRANSCRIPT ORDER for proceedings held on 2/24/2021 before Magistrate Judge Thomas S. Hixson by Valve Corporation, for Court Reporter Ruth Ekhaus. (Chang, Jaemin) (Filed on 2/25/2021) (Entered: 02/25/2021) |
| 02/25/2021 | 360 | **ORDER REGARDING NOTICE OF AUDIO STREAMING PILOT PROJECT. Signed by Judge Yvonne Gonzalez Rogers on 2/25/2021. (fs, COURT STAFF) (Filed on 2/25/2021) (Entered: 02/25/2021)** |
| 02/26/2021 | 361 | ***AMENDED**** Transcript of Proceedings held on 02/24/2021, before Judge Thomas S. Hixson. Court Reporter Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219, telephone number (415)336-5223/ruth_ekhaus@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 359 Transcript Order, 358 Transcript Order, 353 Transcript Order, 354 Transcript Order ) Release of Transcript Restriction set for 5/27/2021. (Related documents(s) 359 , 358 , 353 , 354 ) (rreS, COURT STAFF) (Filed on 2/26/2021) (Entered: 02/26/2021) |
| 02/26/2021 | 362 | STIPULATION Regarding Audio Streaming Pilot Project filed by Epic Games, Inc., Apple Inc. (Forrest, Katherine) (Filed on 2/26/2021) Modified on 3/1/2021 (cjlS, COURT STAFF). (Entered: 02/26/2021) |
| 02/26/2021 | 363 | CLERK'S NOTICE: This Court is a participant in the District Court Audio Streaming Pilot. See : https://www.uscourts.gov/about-federal-courts/judicial-administration/district-court-audio-streaming-pilot<br><br>With the consent of the parties, the Monday, March 1, 2021 at 9:30am Case Management Conference hearing has been approved for participation in the District Court Audio Streaming Pilot.<br><br>Members of the press and public may listen to the live audio stream of this hearing at the courts YouTube channel: www.youtube.com/user/USDCCAND.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference. (fs, COURT STAFF) (Filed on 2/26/2021) (Entered: 02/26/2021) |
| 02/26/2021 | 364 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE Further Case Management Conference set for Monday, 3/1/2021 09:30 AM Via Zoom Webinar Videoconference.<br><br>This proceeding will be held via a Zoom webinar.<br><br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr<br><br>Please click the link below to join webinar (public hearings) . If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff.<br><br>https://cand-uscourts.zoomgov.com/j/1618764848?<br>pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09 |

Webinar ID: 161 876 4848
Password: 715550

Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscou rts.gov/zoom/.

Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference

(Related documents(s) 132 ) *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 2/26/2021) (Entered: 02/26/2021)

| | | |
|---|---|---|
| 03/01/2021 | 365 | TRANSCRIPT ORDER for proceedings held on March 1, 2021 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter Diane Skillman. (Forrest, Katherine) (Filed on 3/1/2021) (Entered: 03/01/2021) |
| 03/01/2021 | 366 | TRANSCRIPT ORDER for proceedings held on 3/1/2021 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Diane Skillman. (Srinivasan, Jagannathan) (Filed on 3/1/2021) (Entered: 03/01/2021) |
| 03/01/2021 | 367 | Unsealed Exhibit to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions re 343 Order filed by Epic Games, Inc. (Related document(s) 343 ) (Moskowitz, Lauren) (Filed on 3/1/2021) Modified on 3/2/2021 (cjlS, COURT STAFF). (Entered: 03/01/2021) |
| 03/01/2021 | 370 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Further CMC and Pretrial Conference held on 3/1/2021 via Zoom Webinar. Pretrial Conference set for Friday, 3/26/2021 09:30 AM via Zoom Webinar Videoconference before Judge Yvonne Gonzalez Rogers.Total Time in Court: 1:02. Court Reporter: Duane Skillman. (fs, COURT STAFF) (Date Filed: 3/1/2021) (Entered: 03/02/2021)** |
| 03/02/2021 | 368 | Transcript of Proceedings held on March 1, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 365 Transcript Order ) Release of Transcript Restriction set for 6/1/2021. (Related documents(s) 365 ) (Skillman, Diane) (Filed on 3/2/2021) (Entered: 03/02/2021) |
| 03/02/2021 | 369 | TRANSCRIPT ORDER for proceedings held on 03/01/2021 before Judge Yvonne Gonzalez Rogers by Donald R. Cameron, for Court Reporter Diane Skillman. (Lopez, Robert) (Filed on 3/2/2021) (Entered: 03/02/2021) |
| 03/02/2021 | 371 | **PRETRIAL ORDER NO. 1. Signed by Judge Yvonne Gonzalez Rogers on 3/2/2021. (fs, COURT STAFF) (Filed on 3/2/2021) (Entered: 03/02/2021)** |
| 03/02/2021 | 372 | **ORDER by Judge Yvonne Gonzalez Rogers granting 349 Motion for Pro Hac Vice as to Gavin W. Skok. (fs, COURT STAFF) (Filed on 3/2/2021) (Entered: 03/02/2021)** |
| 03/02/2021 | | NOTICE OF INPUTING ALL BENCH TRIAL DATES FOR THE 5/3/2021 BENCH TRIAL |

| | | SO THAT DATES WILL BE REFLECTED ON COURT'S CALENDAR: |
|---|---|---|
| | | Set Hearing Dates : Bench Trial set for 5/3/2021 at 8:00 AM before Judge Yvonne Gonzalez. Bench Trial set for 5/4/2021 at 8:00 AM before Judge Yvonne Gonzalez. Bench Trial set for 5/5/2021 at 8:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/6/2021 at 8:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/7/2021 at 8:00 AM before Judge Yvonne Gonzalez Rogers. <br><br> Bench Trial set for 5/10/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/11/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/12/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/13/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/14/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. <br><br> Bench Trial set for 5/17/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/18/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/19/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/20/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/21/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. Bench Trial set for 5/24/2021 08:00 AM before Judge Yvonne Gonzalez Rogers. <br><br> (fs, COURT STAFF) (Filed on 3/2/2021) (Entered: 04/08/2021) |
| 03/15/2021 | 373 | STIPULATION WITH [PROPOSED] ORDER RE: CASE SCHEDULE filed by Apple Inc., Epic Games, Inc. (Perry, Mark) (Filed on 3/15/2021) Modified on 3/16/2021 (cjlS, COURT STAFF). (Entered: 03/15/2021) |
| 03/17/2021 | 374 | **ORDER by Judge Yvonne Gonzalez Rogers granting 373 Stipulation re Case Schedule. (fs, COURT STAFF) (Filed on 3/17/2021) (Entered: 03/17/2021)** |
| 03/19/2021 | 375 | Witness List by Apple Inc. *(Tentative Initial)*. (Doren, Richard) (Filed on 3/19/2021) (Entered: 03/19/2021) |
| 03/19/2021 | 376 | Witness List by Epic Games, Inc. *("Epic Games, Inc.'s Tentative Trial Witness List")*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Forrest, Katherine) (Filed on 3/19/2021) (Entered: 03/19/2021) |
| 03/21/2021 | 377 | STIPULATION WITH [PROPOSED] ORDER Regarding Pretrial Schedule filed by Epic Games, Inc., Apple Inc. (Moskowitz, Lauren) (Filed on 3/21/2021) Modified on 3/22/2021 (cjlS, COURT STAFF). (Entered: 03/21/2021) |
| 03/22/2021 | 378 | Joint Discovery Letter Brief filed by Apple Inc. and Epic Games. (Perry, Mark) (Filed on 3/22/2021) Modified on 3/22/2021 (cjlS, COURT STAFF). (Entered: 03/22/2021) |
| 03/22/2021 | 379 | CLERKS NOTICE SETTING ZOOM DISCOVERY HEARING. Zoom Video Camera Discovery hearing set for 3/25/2021 at 10:00 AM, re ECF Docket No. 378, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar. <br><br> On 3/24/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 3/25/2021, 10:00 a.m., Zoom Discovery Hearing re Docket No. 378, Joint Letter Brief. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. <br><br> Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov <br><br> **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh |

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebr oadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/z oom/.

Video Camera hearing set for 3/25/2021 10:00 AM, re ECF Docket No. 378.

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 3/22/2021) (Entered: 03/22/2021)

| | | |
|---|---|---|
| 03/22/2021 | 380 | **DISCOVERY ORDER re ECF No. 378 . As the joint discovery letter brief is hard to evaluate without seeing both sides' expert reports, the Court will review them *in camera*. The Court orders the parties to email their expert reports by March 23, 2021. Signed by Judge Thomas S. Hixson on 3/22/2021. (cdnS, COURT STAFF) (Filed on 3/22/2021) (Entered: 03/22/2021)** |
| 03/23/2021 | 381 | **PRETRIAL ORDER NO. 2. Signed by Judge Yvonne Gonzalez Rogers on 3/23/2021. (fs, COURT STAFF) (Filed on 3/23/2021) (Entered: 03/23/2021)** |
| 03/23/2021 | 382 | MOTION for leave to appear in Pro Hac Vice Re: Evan R. Kreiner (Filing fee $ 317, receipt number 0971-15740652) filed by Apple Inc. (Kreiner, Evan) (Filed on 3/23/2021) Modified on 3/24/2021 (cjlS, COURT STAFF). (Entered: 03/23/2021) |
| 03/24/2021 | 383 | **ORDER by Judge Yvonne Gonzalez Rogers granting 382 Motion for Pro Hac Vice as to Evan R. Kreiner. (fs, COURT STAFF) (Filed on 3/24/2021) (Entered: 03/24/2021)** |
| 03/24/2021 | 384 | **ORDER re 378 Joint Discovery Letter Brief *for Apple Inc. and Epic Games* filed by Epic Games, Inc., Apple Inc. Signed by Magistrate Judge Thomas S. Hixson on 3/24/2021. (rmm2S, COURT STAFF) (Filed on 3/24/2021) (Entered: 03/24/2021)** |
| 03/25/2021 | 385 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE Pretrial Conference set for Friday, 3/26/2021 09:30 AM via Zoom Webinar Videoconference before Judge Yvonne Gonzalez Rogers.<br><br>This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr<br><br>Please click the link below to joi n webinar s (public hearings). If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff.<br><br>https://cand-uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09<br><br>Webinar ID: 161 876 4848<br>Password: 715550<br><br>Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court |

proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Pretrial Conference set for 3/26/2021 09:30 AM via Zoom Webinar Videoconference before Judge Yvonne Gonzalez Rogers. (Related documents(s) 371 )

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 3/25/2021) (Entered: 03/25/2021)

| | | |
|---|---|---|
| 03/26/2021 | 386 | TRANSCRIPT ORDER for proceedings held on 3/26/2021 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Raynee Mercado. (Srinivasan, Jagannathan) (Filed on 3/26/2021) (Entered: 03/26/2021) |
| 03/26/2021 | 387 | TRANSCRIPT ORDER for proceedings held on March 26, 2021 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter Raynee Mercado. (Byars, Michael) (Filed on 3/26/2021) (Entered: 03/26/2021) |
| 03/26/2021 | 388 | TRANSCRIPT ORDER for proceedings held on 03/26/2021 before Judge Yvonne Gonzalez Rogers by Donald R. Cameron, for Court Reporter Raynee Mercado. (Lopez, Robert) (Filed on 3/26/2021) (Entered: 03/26/2021) |
| 03/26/2021 | 390 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Pretrial Conference held via Zoom Webinar Videoconference on 3/26/2021. The 4/2/2021 at 9:01AM Compliance Deadline is vacated.Total Time in Court: 1:03. Court Reporter: Raynee Mercado. (fsS, COURT STAFF) (Date Filed: 3/26/2021) (Entered: 03/31/2021)** |
| 03/30/2021 | 389 | **PRETRIAL ORDER NO. 3. Signed by Judge Yvonne Gonzalez Rogers on 3/30/2021. (fs, COURT STAFF) (Filed on 3/30/2021) (Entered: 03/30/2021)** |
| 04/02/2021 | 392 | NOTICE of Appearance of Emily Claire Curran-Huberty as Counsel for 3d Party Respondent Facebook, Inc.. (Curran-Huberty, Emily) (Filed on 4/2/2021) Modified on 4/5/2021 (jlmS, COURT STAFF). (Entered: 04/02/2021) |
| 04/02/2021 | 393 | NOTICE of Appearance of Rosemarie Theresa Ring as Counsel for 3d Party Respondent Facebook, Inc.. (Ring, Rosemarie) (Filed on 4/2/2021) Modified on 4/5/2021 (jlmS, COURT STAFF). (Entered: 04/02/2021) |
| 04/02/2021 | 394 | NOTICE of Appearance of Justin Paul Raphael for 3d Party Respondent Facebook, Inc.. (Raphael, Justin) (Filed on 4/2/2021) Modified on 4/5/2021 (jlmS, COURT STAFF). (Entered: 04/02/2021) |
| 04/05/2021 | 395 | Joint Discovery Letter Brief Regarding Apple's Subpoenas To Non-Party Facebook, Inc. filed by Apple Inc., Facebook, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Lent, Karen) (Filed on 4/5/2021) Modified on 4/6/2021 (cjlS, COURT STAFF). (Entered: 04/05/2021) |
| 04/05/2021 | 396 | NOTICE of Appearance by David P. Chiappetta *for Non-Party Microsoft Corporation* (Chiappetta, David) (Filed on 4/5/2021) (Entered: 04/05/2021) |
| 04/05/2021 | 397 | NOTICE of Appearance by Judith Bond Jennison *for Non-Party Microsoft Corporation* (Jennison, Judith) (Filed on 4/5/2021) (Entered: 04/05/2021) |
| 04/05/2021 | 398 | Letter from J. Wes Earnhardt *to Magistrate Judge Hixson in response to Joint Discovery Letter Brief Regarding Apple's Subpoenas To Non-Party Facebook, Inc. (Docket No. 395) filed by Apple, Inc..* (Earnhardt, Joe) (Filed on 4/5/2021) (Entered: 04/05/2021) |
| 04/06/2021 | 399 | **Discovery Order re: (395 in 4:20-cv-05640-YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc., (428 in 4:11-cv-06714-** |

|  |  | **YGR) Joint Discovery Letter Brief** *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc., (314 in 4:19-cv-03074-YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc. Signed by Judge Thomas S. Hixson on 4/6/2021. (cdnS, COURT STAFF) (Filed on 4/6/2021) (Entered: 04/06/2021) |
|---|---|---|
| 04/06/2021 | 400 | NOTICE of Appearance by Douglas James Dixon (Dixon, Douglas) (Filed on 4/6/2021) (Entered: 04/06/2021) |
| 04/06/2021 | 401 | MOTION for leave to appear in Pro Hac Vice Re: Brandon Kressin (Filing fee $ 317, receipt number 0971-15800347) filed by Yoga Buddhi Co. (Attachments: # 1 Certificate of Good Standing)(Kressin, Brandon) (Filed on 4/6/2021) Modified on 4/7/2021 (cjlS, COURT STAFF). (Entered: 04/06/2021) |
| 04/06/2021 | 402 | MOTION for leave to appear in Pro Hac Vice Re: Jonathan Kanter (Filing fee $ 317, receipt number 0971-15800892) filed by Yoga Buddhi Co. (Attachments: # 1 Certificate of Good Standing)(Dixon, Douglas) (Filed on 4/6/2021) Modified on 4/7/2021 (cjlS, COURT STAFF). (Entered: 04/06/2021) |
| 04/07/2021 | 403 | Joint Discovery Letter Brief Regarding Epic Expert Productions filed by Apple Inc. Epic Games, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Srinivasan, Jagannathan) (Filed on 4/7/2021) Modified on 4/8/2021 (cjlS, COURT STAFF). (Entered: 04/07/2021) |
| 04/07/2021 | 404 | Administrative Motion to File Under Seal PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW filed by Epic Games, Inc. (Attachments: # 1 Unredacted Proposed Findings of Fact and Conclusions of Law)(Byars, Michael) (Filed on 4/7/2021) Modified on 4/8/2021 (cjlS, COURT STAFF). (Entered: 04/07/2021) |
| 04/07/2021 | 405 | ***SEE DOCKET ENTRY 410 FOR CORRECTED PDF WITH CAPTION PAGE*** Proposed Findings of Fact and Conclusions of Law by Apple Inc. (Perry, Mark) (Filed on 4/7/2021) Modified on 4/8/2021 (cjlS, COURT STAFF). Modified on 4/8/2021 (cjlS, COURT STAFF). (Entered: 04/07/2021) |
| 04/07/2021 | 406 | Administrative Motion to File Under Seal *Proposed Findings of Fact and Conclusions of Law* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order, # 3 Redacted Version of Document Sought to be Sealed, # 4 Unredacted Version of Document Sought to be Sealed, # 5 Certificate/Proof of Service)(Brass, Rachel) (Filed on 4/7/2021) (Entered: 04/08/2021) |
| 04/08/2021 | 407 | Proposed Findings of Fact and Conclusions of Law by Epic Games, Inc. (Forrest, Katherine) (Filed on 4/8/2021) Modified on 4/9/2021 (bnsS, COURT STAFF). (Entered: 04/08/2021) |
| 04/08/2021 | 408 | Amended Administrative Motion to File Under Seal *and Conclusions of Law (Corrected)* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order, # 3 Redacted Version of Document Sought to be Sealed, # 4 Unredacted Version of Document Sought to be Sealed, # 5 Certificate/Proof of Service)(Brass, Rachel) (Filed on 4/8/2021) (Entered: 04/08/2021) |
| 04/08/2021 | 409 | Declaration of M. Brent Byars in Support of 404 Administrative Motion to File Under Seal filed byEpic Games, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 404 ) (Byars, Michael) (Filed on 4/8/2021) (Entered: 04/08/2021) |
| 04/08/2021 | 410 | Proposed Findings of Fact by Apple Inc. *and Conclusions of Law (CORRECTION OF DOCKET # 405 ).* (Perry, Mark) (Filed on 4/8/2021) (Entered: 04/08/2021) |
| 04/08/2021 | 411 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing re ECF Docket No. 403, set for 4/9/2021 at 8:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar. |

Today, 4/8/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for 4/9/2021 at 8:00 a.m., Zoom Discovery hearing, re ECF Docket No. 403. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.

Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov

**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceed ings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Video Camera hearing set for 4/9/2021 08:00 AM. (Related documents(s) 403 )

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 4/8/2021) (Entered: 04/08/2021)

| | | |
|---|---|---|
| 04/08/2021 | 412 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 409 Declaration in Support, 408 Amended Administrative Motion to File Under Seal *and Conclusions of Law (Corrected)*, 404 Administrative Motion to File Under Seal (Byars, Michael) (Filed on 4/8/2021) (Entered: 04/08/2021) |
| 04/09/2021 | 413 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 4/9/2021 at 8:00 a.m., by Zoom Video Conference.**<br><br>**Total Time in Court: 8:00-8:31/ Total Time: 31 minutes.**<br><br>**Court Reporter: Katherine Sullivan.**<br><br>**Plaintiff Attorney: Lauren Moskowitz.**<br><br>**Defendant Attorney: Jay Srinivasan.**<br><br>**Proceedings: Discovery hearing held, argument heard, matter submitted. Court to issue Order.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 4/9/2021) (Entered: 04/09/2021)** |
| 04/09/2021 | 414 | **Discovery Order re: 403 Discovery Letter Brief *Regarding Epic Expert Productions* filed by Epic Games, Inc., Apple Inc. Signed by Judge Thomas S. Hixson on 4/9/2021. (cdnS, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/09/2021 | 415 | TRANSCRIPT ORDER for proceedings held on 4/9/2021 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Katherine Sullivan. (Srinivasan, Jagannathan) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 416 | STIPULATED PROPOSED Supplemental Protective Order Governing Discovery From Google filed by Apple Inc., Yoga Buddhi Co., Valve Corporation, Stephen H. Schwartz, Samsung Electronics Co., Ltd, Samsung Electronics America Inc, Robert Pepper, Microsoft Corporation, Edward Lawrence, Edward W. Hayter, Facebook Inc, Epic Games Inc, Donald R. Cameron. (Srinivasan, Jagannathan) (Filed on 4/9/2021) Modified on 4/12/2021 (amd3S, COURT STAFF). (Entered: 04/09/2021) |

| 04/09/2021 | 417 | STIPULATION WITH PROPOSED ORDER For Expedited Briefing Schedule and Hearing Regarding Apple's Motion for Pre-Trial Sanctions, filed by Apple Inc., Epic Games Inc. (Lent, Karen) (Filed on 4/9/2021) Modified on 4/12/2021 (amd3S, COURT STAFF). (Entered: 04/09/2021) |
| --- | --- | --- |
| 04/09/2021 | 418 | **ORDER [*AS MODIFIED BY THE COURT] by Judge Yvonne Gonzalez Rogers granting 417 Stipulation for Expedited Briefing Schedule. (fsS, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/09/2021 | 419 | MOTION For Pre-Trial Sanctions Against Epic Games, Inc. re 418 Order on Stipulation filed by Apple Inc.. Responses due by 4/12/2021. (Attachments: # 1 Declaration Of Karen Hoffman Lent and Exhibits A-C, # 2 Declaration Of Jay P. Srinivasan and Exhibits A-F, # 3 Declaration Of Michelle Lowery and Exhibits A-D, # 4 Proposed Order)(Lent, Karen) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 420 | **ORDER by Judge Yvonne Gonzalez Rogers granting 402 Motion for Pro Hac Vice as to Jonathan Kanter. (fs, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/09/2021 | 421 | **ORDER by Judge Yvonne Gonzalez Rogers granting 401 Motion for Pro Hac Vice as to Brandon Kressin. (fsS, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/09/2021 | 422 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 409 Declaration in Support, 408 Amended Administrative Motion to File Under Seal *and Conclusions of Law (Corrected)*, 404 Administrative Motion to File Under Seal (Byars, Michael) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 423 | **ORDER by Judge Yvonne Gonzalez Rogers granting (432) Stipulated Supplemental Protective Order in case 4:11-cv-06714-YGR; granting (318) Stipulated Supplemental Protective Order in case 4:19-cv-03074-YGR; granting (416) Stipulated Supplemental Protective Order in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/09/2021 | 424 | TRANSCRIPT ORDER for proceedings held on 4/9/2021 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Katherine Sullivan. (Byars, Michael) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 425 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts by Epic Games, Inc.. (Byars, Michael) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 426 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 409 Declaration in Support, 408 Amended Administrative Motion to File Under Seal *and Conclusions of Law (Corrected)*, 404 Administrative Motion to File Under Seal (Byars, Michael) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 427 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts by Apple Inc.. (Doren, Richard) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 428 | Joint Pretrial Conference Statement by Epic Games, Inc.,Apple Inc.. (Forrest, Katherine) (Filed on 4/9/2021) Modified on 4/12/2021 (jlmS, COURT STAFF). (Entered: 04/09/2021) |
| 04/12/2021 | 429 | Declaration of Sanghoon Park in Support of 408 Amended Administrative Motion to File Under Seal *and Conclusions of Law (Corrected)* filed bySamsung Electronics Co., Ltd. (Related document(s) 408 ) (Batter, Kyle) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 430 | NOTICE of Appearance by Douglas James Dixon (Dixon, Douglas) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 431 | OPPOSITION/RESPONSE (re 419 MOTION For Pre-Trial Sanctions Against Epic Games, Inc. re 418 Order on Stipulation ) filed byEpic Games, Inc.. (Attachments: # 1 Declaration of J. Wesley Earnhardt, # 2 Exhibit A to Earnhardt Declaration, # 3 Exhibit B to Earnhardt Declaration, # 4 Exhibit C to Earnhardt Declaration, # 5 Exhibit D to Earnhardt Declaration, # 6 Exhibit E to Earnhardt Declaration, # 7 Exhibit F to Earnhardt Declaration, # 8 Exhibit G to |

| | | Earnhardt Declaration, # 9 Declaration of Nathan E. Denning, # 10 Exhibit A to Denning Declaration, # 11 Exhibit B to Denning Declaration, # 12 Proposed Order)(Earnhardt, Joe) (Filed on 4/12/2021) (Entered: 04/12/2021) |
|---|---|---|
| 04/12/2021 | 432 | Transcript of Proceedings held on 4/9/21, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 424 Transcript Order, 415 Transcript Order ) Release of Transcript Restriction set for 7/12/2021. (Related documents(s) 424 , 415 ) (Sullivan, Katherine) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 433 | Declaration of Douglas J. Dixon in Response (re 404 Administrative Motion to File Under Seal) filed by Match Group, Inc. (Attachments: # 1 Exhibit A - Declaration of Adrian Ong) (Dixon, Douglas) (Filed on 4/12/2021) Modified on 4/13/2021 (cjlS, COURT STAFF). (Entered: 04/12/2021) |
| 04/12/2021 | 434 | NOTICE of Appearance by Asim M. Bhansali (Bhansali, Asim) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 435 | Declaration of ANDREW ROPE in Support of 408 Amended Administrative Motion to File Under Seal Conclusions of Law (Corrected) filed by Google LLC. (Related document(s) 408 ) (Bhansali, Asim) (Filed on 4/12/2021) Modified on 4/13/2021 (cjlS, COURT STAFF). (Entered: 04/12/2021) |
| 04/12/2021 | 436 | Letter Brief re 419 MOTION For Pre-Trial Sanctions Against Epic Games, Inc. re 418 Order on Stipulation filed byYoga Buddhi Co.. (Attachments: # 1 Exhibit Exhibit A)(Related document(s) 419 ) (Dixon, Douglas) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 437 | **ORDER DENYING DEFENDANT APPLE INC.S MOTION FOR PRETRIAL SANCTIONS by Judge Yvonne Gonzalez Rogers ;denying 419 Motion. (fs, COURT STAFF) (Filed on 4/12/2021) (Entered: 04/12/2021)** |
| 04/12/2021 | 438 | Declaration of R. Brass in Support of 404 Administrative Motion to File Under Seal filed by Apple Inc. (Attachments: # 1 Proposed Order, # 2 Unredacted Version of Document Sought to be Sealed, # 3 Certificate/Proof of Service)(Related document(s) 404 ) (Brass, Rachel) (Filed on 4/12/2021) Modified on 4/13/2021 (cjlS, COURT STAFF). (Entered: 04/12/2021) |
| 04/12/2021 | 439 | ADMINISTRATIVE MOTION by Class Plaintiffs for Permission to View Trial via Zoom filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 4/16/2021. (Attachments: # 1 Declaration Of Rachele R. Byrd, # 2 Proposed Order)(Byrd, Rachele) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 440 | STIPULATION WITH [PROPOSED] ORDER for Expedited Briefing and Hearing regarding Epic's Motion for Special Master filed by Epic Games, Inc. Apple, Inc. (Bornstein, Gary) (Filed on 4/12/2021) Modified on 4/13/2021 (cjlS, COURT STAFF). (Entered: 04/12/2021) |
| 04/12/2021 | 441 | MOTION to Appoint Special Master filed by Epic Games, Inc.. Responses due by 4/26/2021. Replies due by 5/3/2021. (Attachments: # 1 Declaration of Justin C. Clarke in Support of Epic Games, Inc.'s Motion to Appoint Special Master, # 2 Proposed Order Appointing Special Master for Pre-Trial Rulings)(Bornstein, Gary) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 442 | NOTICE of Appearance by John F. Cove, Jr (Cove, John) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 443 | NOTICE of Appearance by Matthew G Berkowitz (Berkowitz, Matthew) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/12/2021 | 444 | ADMINISTRATIVE MOTION to Keep Competitively Sensitive Information Under Seal re 410 Proposed Findings of Fact, 408 Amended Administrative Motion to File Under Seal and |

| | | |
|---|---|---|
| | | *Conclusions of Law (Corrected)* filed by Sony Interactive Entertainment LLC. Responses due by 4/16/2021. (Attachments: # 1 Declaration of D. Sechler Pursuant to Local Rule 79-5(e)(1) in Response to Apple Inc.'s Administrative Motion to Partially Seal its Proposed Findings of Fact and Conclusion of Law, # 2 Proposed Order Granting Non-Party Sony Interactive Entertainment LLC's Administrative Motion to Keep Competitively Sensitive Information Under Seal)(Cove, John) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/13/2021 | 445 | **Order Granting 440 Stipulation for Expedited Briefing. The Court will set a hearing, if necessary, after receipt and review of Apple's Responsive Brief. Entered by Judge Yvonne Gonzalez Rogers. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (Entered: 04/13/2021)** |
| 04/13/2021 | 446 | OPPOSITION/RESPONSE (re 441 MOTION to Appoint Special Master ) filed byApple Inc.. (Dettmer, Ethan) (Filed on 4/13/2021) (Entered: 04/13/2021) |
| 04/13/2021 | 466 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Status Conference held via Zoom platform on 4/13/2021.Total Time in Court: 08 minutes. Court Reporter: Raynee Mercado. (fs, COURT STAFF) (Date Filed: 4/13/2021) (Entered: 04/21/2021)** |
| 04/14/2021 | 447 | Exhibit List *of Discovery Excerpts Audio Video Likely To Be Used At Trial* by Apple Inc... (Doren, Richard) (Filed on 4/14/2021) (Entered: 04/14/2021) |
| 04/14/2021 | 448 | Plaintiff Epic Games, Inc.'s Exhibit List by Epic Games, Inc. (Byars, Michael) (Filed on 4/14/2021) Modified on 4/15/2021 (cjlS, COURT STAFF). (Entered: 04/14/2021) |
| 04/14/2021 | 449 | Plaintiff Epic Games, Inc.'s Audio Visual Exhibit List by Epic Games, Inc. (Byars, Michael) (Filed on 4/14/2021) Modified on 4/15/2021 (cjlS, COURT STAFF). (Entered: 04/14/2021) |
| 04/14/2021 | 450 | Expert Witness List by Apple Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Doren, Richard) (Filed on 4/14/2021) Modified on 4/15/2021 (cjlS, COURT STAFF). (Entered: 04/14/2021) |
| 04/14/2021 | 451 | Tentative Revised Trial Witness List by Apple Inc. (Doren, Richard) (Filed on 4/14/2021) Modified on 4/15/2021 (cjlS, COURT STAFF). (Entered: 04/14/2021) |
| 04/14/2021 | 452 | Stipulation and Proposed Order re Trial Stipulations filed by Epic Games, Inc., Apple Inc. (Forrest, Katherine) (Filed on 4/14/2021) Modified on 4/15/2021 (cjlS, COURT STAFF). (Entered: 04/14/2021) |
| 04/14/2021 | 453 | Exhibit List by Apple Inc... (Doren, Richard) (Filed on 4/14/2021) (Entered: 04/14/2021) |
| 04/14/2021 | 454 | Epic Games, Inc.'s Tentative Revised Trial Witness List by Epic Games, Inc. (Forrest, Katherine) (Filed on 4/14/2021) Modified on 4/15/2021 (cjlS, COURT STAFF). (Entered: 04/14/2021) |
| 04/16/2021 | 455 | NOTICE of Appearance of Katie Townsend as Counsel, filed by Reporters Committee for Freedom of the Press and 18 Media Organizations (Townsend, Katie) (Filed on 4/16/2021) Modified on 4/19/2021 (amd3S, COURT STAFF). (Entered: 04/16/2021) |
| 04/16/2021 | 456 | Corporate Disclosure Statement by Reporters Committee for Freedom of the Press and 18 Media Organizations (Townsend, Katie) (Filed on 4/16/2021) (Entered: 04/16/2021) |
| 04/16/2021 | 457 | ADMINISTRATIVE MOTION Trial Access filed by Reporters Committee for Freedom of the Press and 18 Media Organizations. Responses due by 4/20/2021. (Attachments: # 1 Declaration, # 2 Proposed Order)(Townsend, Katie) (Filed on 4/16/2021) (Entered: 04/16/2021) |
| 04/16/2021 | 458 | **ORDER re 457 ADMINISTRATIVE MOTION Trial Access filed by Reporters Committee for Freedom of the Press and 18 Media Organizations. Filing due no later than 12:30 PM PDT on April 19, 2021. Signed by Judge Yvonne Gonzalez Rogers on 4/16/2021. (fs, COURT STAFF) (Filed on 4/16/2021) (Entered: 04/16/2021)** |

| 04/19/2021 | 459 | Joint Response to 458 April 16, 2021 Order by Epic Games, Inc., Apple, Inc. (Forrest, Katherine) (Filed on 4/19/2021) Modified on 4/19/2021 (cjlS, COURT STAFF). (Entered: 04/19/2021) |
|---|---|---|
| 04/19/2021 | 460 | CLERK'S NOTICE :This court is a participant in the District Court Audio Streaming Pilot. See www.uscourts.gov/about-federal-courts/judicial-administration/district-court-audio-streaming-pilot. The parties in this case have consented to audio streaming the Wednesday, April 21, 2021 at 9:00 AM Pretrial Conference. Members of the press and public may listen to the live audio stream of the hearing at the court's YouTube channel: www.youtube.com/user/USDCCAND. Pretrial Conference set for WEDNESDAY, 4/21/2021 09:00 AM before Judge Yvonne Gonzalez Rogers. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 4/19/2021) (Entered: 04/19/2021) |
| 04/19/2021 | 461 | CLERKS NOTICE SETTING ZOOM WEBINAR VIDEOCONFERENCE HEARING FOR THE Pretrial Conference set for Wednesday, 4/21/2021 09:00 AM VIA ZOOM Webinar Videoconference before Judge Yvonne Gonzalez Rogers. This proceeding will be held via a Zoom webinar. **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr Please click the link below to join webinar (public hearings). If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff. https://cand-uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09 Webinar ID: 161 876 4848 Password: 715550 Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666 **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. Pretrial Conference set for 4/21/2021 09:00 AM in Oakland, - Videoconference Only before Judge Yvonne Gonzalez Rogers. (Related documents(s) 460 Live Aud io Stream: www.youtube.com/user/USDCCAND |

| | | |
|---|---|---|
| | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 4/19/2021) (Entered: 04/19/2021) |
| 04/19/2021 | [462](#) | Response re [457](#) ADMINISTRATIVE MOTION Trial Access byEpic Games, Inc.. (Forrest, Katherine) (Filed on 4/19/2021) (Entered: 04/19/2021) |
| 04/20/2021 | [463](#) | MOTION for leave to appear in Pro Hac Vice by Karl Huth of Huth Reynolds LLP ( Filing fee $ 317, receipt number 0971-15862001.) Filed by Shelley Gould. (Huth, Karl) (Filed on 4/20/2021) Modified on 4/21/2021 (amd3S, COURT STAFF). (Entered: 04/20/2021) |
| 04/20/2021 | [464](#) | MOTION for leave to appear in Pro Hac Vice *by Matthew John Reynolds of Huth Reynolds LLP* ( Filing fee $ 317, receipt number 0971-15862505.) filed by Shelley Gould. (Reynolds, Matthew) (Filed on 4/20/2021) (Entered: 04/20/2021) |
| 04/20/2021 | [465](#) | STIPULATION WITH PROPOSED ORDER Concerning Objections to Deposition Testimony filed by Epic Games, Inc., Apple Inc. (Forrest, Katherine) (Filed on 4/20/2021 Modified on 4/21/2021 (amd3S, COURT STAFF). (Entered: 04/20/2021) |
| 04/21/2021 | [467](#) | TRANSCRIPT ORDER for proceedings held on 4/21/2021 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Raynee Mercado. (Srinivasan, Jagannathan) (Filed on 4/21/2021) (Entered: 04/21/2021) |
| 04/21/2021 | [468](#) | **PRETRIAL ORDER NO. 4. Signed by Judge Yvonne Gonzalez Rogers on 4/21/2021. (fs, COURT STAFF) (Filed on 4/21/2021) (Entered: 04/21/2021)** |
| 04/21/2021 | [469](#) | TRANSCRIPT ORDER for proceedings held on 04/21/2021 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter Diane Skillman. (Byars, Michael) (Filed on 4/21/2021) (Entered: 04/21/2021) |
| 04/21/2021 | [470](#) | TRANSCRIPT ORDER for proceedings held on 4/21/21 before Judge Yvonne Gonzalez Rogers by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Diane Skillman. (Byrd, Rachele) (Filed on 4/21/2021) (Entered: 04/21/2021) |
| 04/21/2021 | [472](#) | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Pretrial Conference held via Zoom Webinar Videoconference on 4/21/2021 and via the District Court Audio Streaming Pilot. Total Time in Court: 1:30. Court Reporter: Diane Skillman. (fs, COURT STAFF) (Date Filed: 4/21/2021) Modified on 4/22/2021 (fs, COURT STAFF). (Entered: 04/22/2021)** |
| 04/22/2021 | [471](#) | Transcript of Proceedings held on April 21, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re [469](#) Transcript Order ) Release of Transcript Restriction set for 7/21/2021. (Related documents(s) [469](#) ) (Skillman, Diane) (Filed on 4/22/2021) (Entered: 04/22/2021) |
| 04/22/2021 | [473](#) | STIPULATION WITH PROPOSED ORDER re Claim for Breach of Contract filed by Apple Inc., Epic Games Inc. (Doren, Richard) (Filed on 4/22/2021) Modified on 4/23/2021 (amd3S, COURT STAFF). (Entered: 04/22/2021) |
| 04/23/2021 | [474](#) | **ORDER by Judge Yvonne Gonzalez Rogers granting [473](#) Stipulation re Breach of Contract Counterclaim. (fs, COURT STAFF) (Filed on 4/23/2021) (Entered: 04/23/2021)** |
| 04/23/2021 | [475](#) | Proposed Protocol for Press Pool Trial Coverage re [468](#) Pretrial Order by Reporters Committee for Freedom of the Press and 18 Media Organizations. (Townsend, Katie) (Filed on 4/23/2021) Modified on 4/27/2021 (cjlS, COURT STAFF). (Entered: 04/23/2021) |
| 04/23/2021 | [476](#) | Class Plaintiffs' Response to Court's Order re In-Person Attendance at Trial re [468](#) Pretrial |

| | | Order by Donald R. Cameron. (Berman, Steve) (Filed on 4/23/2021) Modified on 4/27/2021 (cjlS, COURT STAFF). (Entered: 04/23/2021) |
|---|---|---|
| 04/23/2021 | 477 | **ORDER by Judge Yvonne Gonzalez Rogers granting 463 Motion for Pro Hac Vice as to Karl Huth. (fs, COURT STAFF) (Filed on 4/23/2021) (Entered: 04/23/2021)** |
| 04/23/2021 | 478 | **ORDER by Judge Yvonne Gonzalez Rogers granting 464 Motion for Pro Hac Vice as to Matthew John Reynolds. (fs, COURT STAFF) (Filed on 4/23/2021) (Entered: 04/23/2021)** |
| 04/23/2021 | 479 | Proposed Order *Authorizing the Entry of Plaintiff Epic Games, Inc.'s Trial Equipment Into Courthouse* by Epic Games, Inc.. (Byars, Michael) (Filed on 4/23/2021) (Entered: 04/23/2021) |
| 04/25/2021 | 480 | DEFENDANT APPLE INC.S UPDATED LIST OF DISCOVERY EXCERPTS, AUDIO, AND VIDEO LIKELY TO BE USED AT TRIAL by Apple Inc. (Doren, Richard) (Filed on 4/25/2021) Modified on 4/27/2021 (cjlS, COURT STAFF). (Entered: 04/25/2021) |
| 04/25/2021 | 481 | Defendant Trial Exhibit List by Apple Inc. (Doren, Richard) (Filed on 4/25/2021) Modified on 4/27/2021 (cjlS, COURT STAFF). (Entered: 04/25/2021) |
| 04/25/2021 | 482 | Plaintiff Epic Games, Inc.'s Supplemental List of Summary Exhibits by Epic Games, Inc. (Byars, Michael) (Filed on 4/25/2021) Modified on 4/27/2021 (cjlS, COURT STAFF). (Entered: 04/25/2021) |
| 04/26/2021 | 483 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts. (oh, COURT STAFF) (Filed on 4/26/2021) (Entered: 04/26/2021) |
| 04/26/2021 | 484 | Proposed Order *Authorizing Entry of Apple's Trial Equipment* by Apple Inc.. (Lo, Jason) (Filed on 4/26/2021) (Entered: 04/26/2021) |
| 04/26/2021 | 485 | **PRETRIAL ORDER NO. 5. Signed by Judge Yvonne Gonzalez Rogers on 4/26/2021. (fs, COURT STAFF) (Filed on 4/26/2021) (Entered: 04/26/2021)** |
| 04/26/2021 | 486 | Administrative Motion to File Under Seal *DX-3891* filed by Apple Inc.. (Attachments: # 1 Declaration of Rachel Brass, # 2 Proposed Order, # 3 Exhibit DX-3891, # 4 Exhibit DX-3891 (unredacted), # 5 Certificate/Proof of Service)(Brass, Rachel) (Filed on 4/26/2021) (Entered: 04/26/2021) |
| 04/26/2021 | 487 | Second Revised Tentative Witness List by Apple Inc. (Doren, Richard) (Filed on 4/26/2021) Modified on 4/27/2021 (amd3S, COURT STAFF). (Entered: 04/26/2021) |
| 04/26/2021 | 488 | Epic Games, Inc.'s Tentative Updated Trial Witness List by Epic Games, Inc. (Forrest, Katherine) (Filed on 4/26/2021) Modified on 4/27/2021 (cjlS, COURT STAFF). (Entered: 04/26/2021) |
| 04/27/2021 | 489 | Administrative Motion to File Under Seal *Expert Written Direct Testimony* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order, # 3 Redacted Version of Document Sought to be Sealed (Ex. Expert 6), # 4 Redacted Version of Document Sought to be Sealed (Ex. Expert 7), # 5 Redacted Version of Document Sought to be Sealed (Ex. Expert 8), # 6 Redacted Version of Document Sought to be Sealed (Ex. Expert 11), # 7 Unredacted Version of Document Sought to be Sealed (Ex. Expert 6), # 8 Unredacted Version of Document Sought to be Sealed (Ex. Expert 7), # 9 Unredacted Version of Document Sought to be Sealed (Ex. Expert 8), # 10 Unredacted Version of Document Sought to be Sealed (Ex. Expert 11), # 11 Certificate/Proof of Service)(Brass, Rachel) (Filed on 4/27/2021) (Entered: 04/27/2021) |
| 04/27/2021 | 490 | NOTICE of Filing of Expert Written Direct Testimony by Apple Inc. (Attachments: # 1 Ex. Expert 6, # 2 Ex. Expert 7, # 3 Ex. Expert 8, # 4 Ex. Expert 9, # 5 Ex. Expert 10, # 6 Ex. Expert 11, # 7 Ex. Expert 12)(Brass, Rachel) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 491 | Epic Games, Inc.'s Administrative Motion to Seal Portions of its Four-Hour Deposition Designation filed by Epic Games, Inc. (Attachments: # 1 Declaration of M. Brent Byars, # 2 Proposed Order, # 3 Epic Games, Inc.'s Four-Hour Deposition Designation, # 4 |

| | | |
|---|---|---|
| | | Certificate/Proof of Service)(Byars, Michael) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 492 | Epic Games, Inc.'s Four-Hour Deposition Designation (Redacted) by Epic Games, Inc. (Forrest, Katherine) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 493 | Joint Discovery Letter Brief Regarding Apple's Clawback Of Documents filed by Epic Games, Inc., Apple Inc. (Even, Yonatan) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 494 | **ORDER AUTHORIZING THE ENTRY OF EPIC GAMES INC.'S TRIAL EQUIPMENT INTO COURTHOUSE. Signed by Judge Yvonne Gonzalez Rogers on 4/27/2021. (fs, COURT STAFF) (Filed on 4/27/2021) (Entered: 04/27/2021)** |
| 04/27/2021 | 495 | NOTICE of Filing of Deposition Designations by Apple Inc. (Brass, Rachel) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 496 | **ORDER re 493 Letter Brief filed by Epic Games, Inc. The Court orders Apple to submit the documents by emailing them by 5p.m. today. The Court orders Apple to file any declarations in support of its claim of privilege by 11:59 p.m. today. Epic may file a response to these declarations by noon tomorrow. Signed by Judge Thomas S. Hixson on 4/27/2021. (cdnS, COURT STAFF) (Filed on 4/27/2021) (Entered: 04/27/2021)** |
| 04/27/2021 | 497 | **ORDER AUTHORIZING THE ENTRY OF DEFENDANT APPLE INC.'S TRIAL EQUIPMENT INTO COURTHOUSE. Signed by Judge Yvonne Gonzalez Rogers on 4/27/2021. (fs, COURT STAFF) (Filed on 4/27/2021) (Entered: 04/27/2021)** |
| 04/27/2021 | 498 | Stipulation and Proposed Order Regarding Admissibility of Documents Submitted With Four-Hour Deposition Designations filed by Epic Games, Inc., Apple Inc. (Forrest, Katherine) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 499 | DECLARATION of SEAN CAMERON in Opposition to 493 to Epic's Motion to Compel Production of Documents filed by Apple Inc. (Related document(s) 493 ) (Dettmer, Ethan) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 500 | NOTICE of Appearance by Marc David Peters *for Non-Party NVIDIA Corporation* (Peters, Marc) (Filed on 4/27/2021) (Entered: 04/27/2021) |
| 04/27/2021 | 501 | DECLARATION of PHILLIP W. SCHILLER in Opposition to 493 to Epic's Motion to Compel Production of Documents filed byApple Inc. (Related document(s) 493 ) (Dettmer, Ethan) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 502 | Notice of Supporting Materials Cited in 493 Letter Brief by Apple Inc. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4, # 5 Attachment 5, # 6 Attachment 6, # 7 Attachment 7)(Dettmer, Ethan) (Filed on 4/27/2021) Modified on 4/28/2021 (cjlS, COURT STAFF). (Entered: 04/27/2021) |
| 04/27/2021 | 503 | Administrative Motion to File Under Seal *Deposition Testimony in Support of Apple Inc.'s Position in 493 Joint Letter Brief* filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order, # 3 Exhibit A, Dettmer Decl'n, # 4 Exhibit A, Dettmer Decl'n) (Dettmer, Ethan) (Filed on 4/27/2021) (Entered: 04/27/2021) |
| 04/27/2021 | 504 | ADMINISTRATIVE MOTION to seal portions of trial exhibits and testimony , Administrative Motion to File Under Seal filed by NVIDIA Corporation. Responses due by 5/3/2021. (Attachments: # 1 Declaration of Aashish Patel, # 2 Declaration of Marc David Peters, # 3 Proposed Order, # 4 Exhibit Redacted Version of Patel Exhibit A, # 5 Exhibit Unredacted Version of Patel Exhibit A, # 6 Exhibit Redacted Version of Patel Exhibit B, # 7 Exhibit Unredacted Version of Patel Exhibit B, # 8 Exhibit Redacted Version of Patel Exhibit C, # 9 Exhibit Unredacted Version of Patel Exhibit C)(Peters, Marc) (Filed on 4/27/2021) (Entered: 04/27/2021) |

| 04/27/2021 | 505 | Administrative Motion to File Under Seal *Deposition Designations* filed by Apple Inc.. (Attachments: # 1 Declaration of Rachel Brass, # 2 Proposed Order)(Brass, Rachel) (Filed on 4/27/2021) (Entered: 04/27/2021) |
|---|---|---|
| 04/27/2021 | 506 | Administrative Motion to File Under Seal filed by Google LLC. (Attachments: # 1 Declaration of Andrew Rope, # 2 Proposed Order, # 3 Unredacted Version of Exhibit A, # 4 Unredacted Version of Exhibit B, # 5 Unredacted Version of Exhibit C, # 6 Unredacted Version of Exhibit D, # 7 Unredacted Version of Exhibit E, # 8 Unredacted Version of Exhibit F, # 9 Unredacted Version of Exhibit G, # 10 Unredacted Version of Exhibit H, # 11 Unredacted Version of Exhibit I)(Bhansali, Asim) (Filed on 4/27/2021) (Entered: 04/27/2021) |
| 04/27/2021 | 507 | EXHIBITS re 506 Administrative Motion to File Under Seal filed byGoogle LLC. (Attachments: # 1 Unredacted Version of Exhibit K, # 2 Unredacted Version of Exhibit L, # 3 Unredacted Version of Exhibit M, # 4 Unredacted Version of Exhibit N, # 5 Unredacted Version of Exhibit O, # 6 Unredacted Version of Exhibit P, # 7 Unredacted Version of Exhibit Q, # 8 Unredacted Version of Exhibit R, # 9 Unredacted Version of Exhibit S)(Related document(s) 506 ) (Bhansali, Asim) (Filed on 4/27/2021) (Entered: 04/27/2021) |
| 04/28/2021 | 508 | NOTICE of submission of written direct testimony of expert witnesses by Epic Games, Inc. (Attachments: # 1 Ex. Expert 1, # 2 Ex. Expert 2, # 3 Ex. Expert 3, # 4 Ex. Expert 4, # 5 Ex. Expert 5, # 6 Ex. Expert 13, # 7 Ex. Expert 14, # 8 Ex. Expert 15, # 9 Ex. Expert 16)(Byars, Michael) (Filed on 4/28/2021) Modified on 4/29/2021 (amd3S, COURT STAFF). (Entered: 04/28/2021) |
| 04/28/2021 | 509 | Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Expert Written Direct Examinations filed by Epic Games, Inc. (Attachments: # 1 Attachment A, # 2 Declaration of M. Brent Byars, # 3 Proposed Order, # 4 Redacted Version of Ex. Expert 1, # 5 Unredacted Version of Ex. Expert 1, # 6 Redacted Version of Ex. Expert 2, # 7 Unredacted Version of Ex. Expert 2, # 8 Redacted Version of Ex. Expert 3, # 9 Unredacted Version of Ex. Expert 3, # 10 Redacted Version of Ex. Expert 13, # 11 Unredacted Version of Ex. Expert 13, # 12 Redacted Version of Ex. Expert 14, # 13 Unredacted Version of Ex. Expert 14, # 14 Redacted Version of Ex. Expert 15, # 15 Unredacted Version of Ex. Expert 15, # 16 Redacted Version of Ex. Expert 16, # 17 Unredacted Version of Ex. Expert 16)(Byars, Michael) (Filed on 4/28/2021) Modified on 4/29/2021 (cjlS, COURT STAFF). (Entered: 04/28/2021) |
| 04/28/2021 | 510 | Joint Stipulation and Proposed Order Regarding Expert Direct Testimony filed by Epic Games, Inc., Apple Inc. (Bornstein, Gary) (Filed on 4/28/2021) Modified on 4/29/2021 (cjlS, COURT STAFF). (Entered: 04/28/2021) |
| 04/28/2021 | 511 | PLAINTIFF AND COUNTERDEFENDANT EPIC GAMES, INC.S RESPONSE TO DECLARATIONS OF PHILLIP W. SCHILLER AND SEAN CAMERON IN SUPPORT OF APPLES OPPOSITION TO EPICS MOTION TO COMPEL PRODUCTION OF DOCUMENTS by Epic Games, Inc. (Even, Yonatan) (Filed on 4/28/2021) Modified on 4/29/2021 (cjlS, COURT STAFF). (Entered: 04/28/2021) |
| 04/28/2021 | **512** | **Discovery Order re 493 Letter Brief. Signed by Judge Thomas S. Hixson on 4/28/2021. (cdnS, COURT STAFF) (Filed on 4/28/2021) (Entered: 04/28/2021)** |
| 04/28/2021 | 513 | Third Party ADMINISTRATIVE MOTION PER CIVIL LOCAL RULE 7-11 TO SEAL TRIAL EXHIBITS IN THEIR ENTIRETY filed by App Annie Inc.. Responses due by 5/3/2021. (Attachments: # 1 Declaration of Benjamin M. Crosson, # 2 Declaration of Ketaki Rao, # 3 Proposed Order)(Crosson, Benjamin) (Filed on 4/28/2021) (Entered: 04/28/2021) |
| 04/28/2021 | 514 | Administrative Motion to File Under Seal *PX-2339* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order, # 3 Redacted Version of Document Sought to be Sealed, # 4 Unredacted Version of Document Sought to be Sealed, # 5 Certificate/Proof of Service)(Brass, Rachel) (Filed on 4/28/2021) (Entered: 04/28/2021) |
| 04/28/2021 | 515 | ADMINISTRATIVE MOTION Partially Seal the Courtroom filed by Apple Inc.. Responses due by 5/3/2021. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order)(Brass, Rachel) (Filed on 4/28/2021) (Entered: 04/28/2021) |

| 04/28/2021 | 516 | Non-Party Sony Interactive Entertainment LLC's Administrative Motion to Keep Competitively Sensitive Information Under Seal filed by Sony Interactive Entertainment LLC. (Attachments: # 1 Declaration of Don Sechler, # 2 Declaration of John F. Cove, Jr., # 3 Exhibit Exhibit A (Redacted), # 4 Exhibit Exhibit A (Unredacted), # 5 Exhibit Exhibit B (Redacted), # 6 Exhibit Exhibit B (Unredacted), # 7 Exhibit Exhibit C (Redacted), # 8 Exhibit Exhibit C (Unredacted), # 9 Proposed Order, # 10 Certificate/Proof of Service)(Cove, John) (Filed on 4/28/2021) Modified on 4/29/2021 (cjlS, COURT STAFF). (Entered: 04/28/2021) |
| 04/28/2021 | 517 | Administrative Motion to File Under Seal *Objections to Expert Testimony* filed by Apple Inc.. (Attachments: # 1 Declaration of M. Perry, # 2 Proposed Order, # 3 Redacted Version of Document Sought to be Sealed (Objections to Expert Testimony), # 4 Redacted Version of Document Sought to be Sealed (Athey Deposition), # 5 Unredacted Version of Document Sought to be Sealed (Objections to Expert Testimony), # 6 Unredacted Version of Document Sought to be Sealed (Athey Deposition), # 7 Certificate/Proof of Service)(Perry, Mark) (Filed on 4/28/2021) (Entered: 04/28/2021) |
| 04/28/2021 | 518 | OBJECTIONS to *Expert Testimony* by Apple Inc.. (Attachments: # 1 Declaration of M. Perry, # 2 Exhibit 1, # 3 Exhibit 2)(Perry, Mark) (Filed on 4/28/2021) (Entered: 04/28/2021) |
| 04/28/2021 | 519 | Joint Stipulation and Proposed Order Regarding Rebuttal Expert Direct Testimony filed by Epic Games, Inc., Apple Inc. (Bornstein, Gary) (Filed on 4/28/2021) Modified on 4/29/2021 (cjlS, COURT STAFF). (Entered: 04/28/2021) |
| 04/29/2021 | 520 | Statement of Objections to Apple Expert's Written Direct Testimony by Epic Games, Inc. (Bornstein, Gary) (Filed on 4/29/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/29/2021) |
| 04/29/2021 | 521 | **PRETRIAL ORDER NO. 6 RE: OBJECTIONS TO EXPERT WRITTEN DIRECT TESTIMONY 517 518 520 .** Signed by Judge Yvonne Gonzalez Rogers on 4/29/2021. (ygrlc2S, COURT STAFF) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/29/2021 | 522 | Administrative Motion to File Under Seal filed by Yoga Buddhi Co.. (Attachments: # 1 Declaration of Douglas J. Dixon, # 2 Declaration of Benjamin Simon, # 3 Proposed Order, # 4 Redacted Version of Exhibit A, # 5 Unredacted Version of Exhibit A, # 6 Redacted Version of Exhibit B, # 7 Unredacted Version of Exhibit B, # 8 Redacted Version of Exhibit C, # 9 Unredacted Version of Exhibit C, # 10 Redacted Version of Exhibit D, # 11 Unredacted Version of Exhibit D, # 12 Redacted Version of Exhibit E, # 13 Unredacted Version of Exhibit E, # 14 Redacted Version of Exhibit F, # 15 Unredacted Version of Exhibit F, # 16 Redacted Version of Exhibit G, # 17 Unredacted Version of Exhibit G, # 18 Redacted Version of Exhibit H, # 19 Unredacted Version of Exhibit H, # 20 Redacted Version of Exhibit I, # 21 Unredacted Version of Exhibit I, # 22 Redacted Version of Exhibit J, # 23 Unredacted Version of Exhibit J)(Dixon, Douglas) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/29/2021 | 523 | NOTICE of Appearance by Patrick Maben Hammon. (Hammon, Patrick) (Filed on 4/29/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/29/2021) |
| 04/29/2021 | 524 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/29/2021 | 525 | Administrative Motion to File Under Seal *Non-Party Roblox Inc's Administrative Motion to Keep Competitively Sensitive Information Under Seal* filed by Roblox, Inc.. (Attachments: # 1 Declaration Declaration of Hans Gunawan Pursuant to Local Rule 79-5(e)(1) In Support of Roblox Inc.'s Administrative Motion to Keep Competitively Sensitive Information Under Seal, # 2 Proposed Order [Proposed] Order Granting Non-Party Roblox Inc's Administrative Motion to Keep Competitively Sensitive Information Under Seal, # 3 Certificate/Proof of Service Certificate of Service)(Hammon, Patrick) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/29/2021 | 526 | Administrative Motion to File Under Seal *Certain Trial Exhibits* filed by Valve Corporation. (Attachments: # 1 Declaration of Karl Quackenbush in Support of Non-Party Valve |

| | | |
|---|---|---|
| | | Corporation's Administrative Motion to Seal Certain Trial Exhibits of Defendant Apple, Inc., # [2](#) Proposed Order Granting Non-Party Valve Corporation's Administrative Motion to Seal Certain Trial Exhibits of Defendant Apple, Inc., # [3](#) Exhibit A Unredacted DX3585, # [4](#) Exhibit B Unredacted DX5333, # [5](#) Exhibit C Unredacted DX3931, # [6](#) Exhibit D Unredacted DX4202, # [7](#) Exhibit E Unredacted DX4388, # [8](#) Exhibit F Unredacted DX3746, # [9](#) Exhibit G Unredacted DX3868 DX5322, # [10](#) Exhibit H Unredacted DX4514 DX5321, # [11](#) Exhibit I Unredacted DX4200 DX5365)(Chang, Jaemin) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/29/2021 | [527](#) | Epic Games, Inc.'s Notice of Submission of Redacted Version of Written Direct Testimony of Dr. David S. Evans (Ex. Expert 1) by Epic Games, Inc. (Attachments: # [1](#) Redacted Version of Ex. Expert 1)(Byars, Michael) (Filed on 4/29/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/29/2021) |
| 04/29/2021 | [528](#) | Administrative Motion to File Under Seal filed by Match Group, Inc.. (Attachments: # [1](#) Declaration, # [2](#) Declaration, # [3](#) Proposed Order, # [4](#) Unredacted Version of Exhibit A, # [5](#) Redacted Version of Exhibit B, # [6](#) Unredacted Version of Exhibit B, # [7](#) Redacted Version of Exhibit C, # [8](#) Unredacted Version of Exhibit C, # [9](#) Redacted Version of Exhibit D, # [10](#) Unredacted Version of Exhibit, # [11](#) Redacted Version of Exhibit E, # [12](#) Unredacted Version of Exhibit E, # [13](#) Redacted Version of Exhibit F, # [14](#) Unredacted Version of Exhibit F, # [15](#) Redacted Version of Exhibit G, # [16](#) Unredacted Version of Exhibit G, # [17](#) Unredacted Version of Exhibit H)(Dixon, Douglas) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/29/2021 | [529](#) | Declaration of Adrian Ong in Support of [491](#) Epic Games, Inc.'s Administrative Motion to Seal Portions of its Four-Hour Deposition Designation filed byMatch Group, Inc.. (Related document(s) [491](#) ) (Dixon, Douglas) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/29/2021 | [530](#) | CERTIFICATE OF SERVICE by Epic Games, Inc. re [509](#) Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Expert Written Direct Examinations (Byars, Michael) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/29/2021 | [531](#) | CERTIFICATE OF SERVICE by Epic Games, Inc. (Byars, Michael) (Filed on 4/29/2021) (Entered: 04/29/2021) |
| 04/30/2021 | [532](#) | Press Pool Schedule for Week of May 3, 2021 re [485](#) Pretrial Order by Reporters Committee for Freedom of the Press and 18 Media Organizations. (Townsend, Katie) (Filed on 4/30/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | [533](#) | Class Plaintiffs' Schedule Re: In-Person Attendance at Trial, Week of May 3, 2021 re [485](#) Pretrial Order by Donald R. Cameron.(Berman, Steve) (Filed on 4/30/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | [534](#) | DEFENDANT APPLE INC.S RESPONSE TO COURT ORDER RE: OBJECTIONS TO EXPERT TESTIMONY re [520](#) Statement, [521](#) Order on Objections to Expert Testimony by Apple Inc. (Perry, Mark) (Filed on 4/30/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | [535](#) | DECLARATION OF ANDREW ROPE IN SUPPORT OF SEALING PORTIONS PROPOSED TRIAL TESTIMONY re [509](#) Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Expert Written Direct Examinations, [489](#) Administrative Motion to File Under Seal Expert Written Direct Testimony, [505](#) Administrative Motion to File Under Seal Deposition Designations, [491](#) Epic Games, Inc.'s Administrative Motion to Seal Portions of its Four-Hour Deposition Designation filed by Google LLC. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D)(Related document(s) [509](#) , [489](#) , [505](#) , [491](#) ) (Bhansali, Asim) (Filed on 4/30/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | [536](#) | Epic Games, Inc.'s Statement Responding to Pretrial Order No. 6 & Apple Inc.'s Objections to Expert Testimony by Epic Games, Inc. (Bornstein, Gary) (Filed on 4/30/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | [537](#) | Proposed Order re [489](#) Administrative Motion to File Under Seal *Expert Written Direct Testimony*, [505](#) Administrative Motion to File Under Seal *Deposition Designations*, [491](#) Epic |

| | | |
|---|---|---|
| | | Games, Inc.'s Administrative Motion to Seal Portions of its Four-Hour Deposition Designation, 509 Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Expert Written Direct Examinations by Google LLC. (Bhansali, Asim) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 538 | SUPPLEMENTAL STIPULATION AND PROPOSED ORDER RE TRIAL STIPULATIONS filed by Epic Games, Inc., Apple Inc. (Forrest, Katherine) (Filed on 4/30/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | 539 | OPPOSITION/RESPONSE (re 515 ADMINISTRATIVE MOTION Partially Seal the Courtroom ) filed byEpic Games, Inc.. (Bornstein, Gary) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 540 | DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS filed by Apple Inc. (Attachments: # 1 Proposed Order, # 2 Unredacted Version of Document Sought to be Sealed (Ex. Expert 1), # 3 Unredacted Version of Document Sought to be Sealed (Ex. Expert 2), # 4 Unredacted Version of Document Sought to be Sealed (Ex. Expert 3), # 5 Unredacted Version of Document Sought to be Sealed (Ex. Expert 13), # 6 Unredacted Version of Document Sought to be Sealed (Ex. Expert 14), # 7 Unredacted Version of Document Sought to be Sealed (Ex. Expert 15), # 8 Unredacted Version of Document Sought to be Sealed (Ex. Expert 16), # 9 Certificate/Proof of Service)(Related document(s) 509 ) (Brass, Rachel) (Filed on 4/30/2021) Modified on 4/30/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | 541 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts. (oh, COURT STAFF) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 542 | REDACTED EXHIBIT re 489 Administrative Motion to File Under Seal Re: Expert Written Direct Testimony, 490 Notice (Other), (Replacement for 489-3 and 490-1 (Expert #6)) filed by Apple Inc. (Related document(s) 489 , 490 ) (Brass, Rachel) (Filed on 4/30/2021) Modified on 5/3/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | 543 | DECLARATION OF BRIAN SIMS IN SUPPORT OF APPLE INC.S ADMINISTRATIVE MOTION TO SEAL (re 515 ADMINISTRATIVE MOTION Partially Seal the Courtroom) filed by PayPal, Inc. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Yang, Yi) (Filed on 4/30/2021) Modified on 5/3/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | 544 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts. (oh, COURT STAFF) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 545 | DECLARATION OF BRIAN SIMS IN SUPPORT OF 515 APPLE INC.S ADMINISTRATIVE MOTION TO SEAL filed by PayPal, Inc. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Yang, Yi) (Filed on 4/30/2021) Modified on 5/3/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | 546 | Administrative Motion to File Under Seal -*Trial Exhibits*- filed by Facebook, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Redacted Version of Exh 1, # 4 Unredacted Version of Exh 1, # 5 Redacted Version of Exh 2, # 6 Unredacted Version of Exh 2, # 7 Redacted Version of Exh 3, # 8 Unredacted Version of Exh 3, # 9 Redacted Placeholder of Exh 4, # 10 Unredacted Version of Exh 4)(Curran-Huberty, Emily) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 547 | **PRETRIAL ORDER NO. 7: RE THIRD PARTY ADMINISTRATIVE MOTIONS TO SEAL. Signed by Judge Yvonne Gonzalez Rogers on 4/30/2021. (fs, COURT STAFF) (Filed on 4/30/2021) (Entered: 04/30/2021)** |
| 04/30/2021 | 548 | **PRETRIAL ORDER NO. 8 RE: ADMINISTRATIVE MOTION TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL. Signed by Judge Yvonne Gonzalez Rogers on 4/30/2021. (fs, COURT STAFF) (Filed on 4/30/2021) (Entered: 04/30/2021)** |
| | | |

| 04/30/2021 | 549 | NOTICE of Appearance by Ellen London *on Behalf of Non-Party Lyft, Inc.* (London, Ellen) (Filed on 4/30/2021) (Entered: 04/30/2021) |
|---|---|---|
| 04/30/2021 | 550 | Administrative Motion to File Under Seal *Portions of Trial Exhibits* filed by Lyft, Inc.. (Attachments: # 1 Declaration Declaration of Ellen London in Support of Non-Party Lyft, Inc.'s Administrative Motion to File Under Seal Portions of Trial Exhibits, # 2 Declaration Declaration of Mojin Chen in Support of Non-Party Lyft, Inc.'s Administrative Motion to File Under Seal Portions of Trial Exhibits, # 3 Proposed Order [Proposed] Order Granting Non-Party Lyft, Inc.'s Administrative Motion to Seal Confidential Information Pursuant to Civil L.R. 7-11 & 79.5, # 4 Exhibit Redacted Version of Exhibit A, # 5 Exhibit Unredacted Version of Exhibit A, # 6 Exhibit Redacted Version of Exhibit B, # 7 Exhibit Unredacted Version of Exhibit B, # 8 Exhibit Redacted Version of Exhibit C, # 9 Exhibit Unredacted Version of Exhibit C)(London, Ellen) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 551 | Administrative Motion to File Under Seal *Portions of Proposed Trial Exhibits* filed by Microsoft Corporation. (Attachments: # 1 Proposed Order, # 2 Declaration of David P. Chiappetta in Support of Administrative Motion to Seal Portions of Proposed Trial Exhibits, # 3 Declaration of David Hampton in Support of Administrative Motion to Seal Portions of Proposed Trial Exhibits, # 4 Redacted Hampton Ex. A PX-2477 DX-5523, # 5 Unredacted Hampton Ex. A PX-2477 DX-5523, # 6 Declaration of Herbert Holzer in Support of Administrative Motion to Seal Portions of Proposed Trial Exhibits, # 7 Redacted Holzer Ex. A PX-2478, # 8 Unredacted Holzer Ex. A PX-2478, # 9 Redacted Holzer Ex. B DX-5528, # 10 Unredacted Holzer Ex. B DX-5528, # 11 Declaration of David Los in Support of Administrative Motion to Seal Portions of Proposed Trial Exhibits, # 12 Redacted Los Ex. A DX-3110 5402, # 13 Unredacted Los Ex. A DX-3110 5402, # 14 Declaration of Stephanie Louie in Support of Administrative Motion to Seal Portions of Proposed Trial Exhibits, # 15 Redacted Louie Ex. A DX-3918, # 16 Unredacted Louie Ex. A DX-3918, # 17 Declaration of Cynthia Williams in Support of Administrative Motion to Seal Portions of Proposed Trial Exhibits, # 18 Redacted Williams Ex. A PX-2475 DX-5521, # 19 Unredacted Williams Ex. A PX-2475 DX-5521 Part 1, # 20 Unredacted Williams Ex. A PX-2475 DX-5521 Part 2, # 21 Redacted Williams Ex. B PX-2476 DX-5522, # 22 Unredacted Williams Ex. B PX-2476 DX-5522, # 23 Redacted Williams Ex. C DX-3437, # 24 Unredacted Williams Ex. C DX-3437, # 25 Redacted Williams Ex. D DX-3587, # 26 Unredacted Williams Ex. D DX-3587, # 27 Redacted Williams Ex. E DX-3764, # 28 Unredacted Williams Ex. E DX-3764)(Chiappetta, David) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 552 | NOTICE of Appearance by David P. Chiappetta *For Non-Party Nintendo of America Inc.* (Chiappetta, David) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 553 | NOTICE of Appearance by Marc E. Mayer *on behalf of Non-Party Kabam, Inc.* (Mayer, Marc) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 554 | Administrative Motion to File Under Seal filed by Nintendo of America Inc.. (Attachments: # 1 Exhibit Exhibit 1 redacted version, # 2 Exhibit Exhibit 1 sealed version, # 3 Declaration Declaration of Steven Singer in Spport of Non Party Nintendo of America's Administrative Motion to Seal, # 4 Proposed Order Proposed Order)(Chiappetta, David) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 555 | Administrative Motion to File Under Seal *Certain Trial Exhibits of Plaintiff Epic Games, Inc.* filed by Kabam, Inc.. (Attachments: # 1 Declaration of Marc E. Mayer, # 2 Declaration of Erick Chang, # 3 Proposed Order, # 4 Unredacted Version of Exhibit A, # 5 Unredacted Version of Exhibit B)(Mayer, Marc) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 556 | NOTICE OF SUBMISSION OF REDACTED VERSION OF WRITTEN DIRECT TESTIMONY OF NED S. BARNES, CPA by Epic Games, Inc. (Attachments: # 1 Exhibit Expert 2, WRITTEN DIRECT TESTIMONY OF NED S. BARNES, CPA)(Byars, Michael) (Filed on 4/30/2021) Modified on 5/3/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | 557 | NOTICE of Appearance by Brendan P. Cullen *on Behalf of Spotify USA Inc.* (Cullen, Brendan) (Filed on 4/30/2021) (Entered: 04/30/2021) |

| 04/30/2021 | 558 | NOTICE of Appearance by Shane Michael Palmer *on Behalf of Spotify USA Inc.* (Palmer, Shane) (Filed on 4/30/2021) (Entered: 04/30/2021) |
|---|---|---|
| 04/30/2021 | 559 | MOTION for leave to appear in Pro Hac Vice *re: Steven L. Holley* ( Filing fee $ 317, receipt number 0971-15914706.) filed by Spotify USA Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing)(Holley, Steven) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 560 | Administrative Motion to File Under Seal filed by Spotify USA Inc.. (Attachments: # 1 Declaration of Benjamin Kung, # 2 Declaration of Shane M. Palmer, # 3 Proposed Order, # 4 Unredacted Version of Exhibit 1, # 5 Unredacted Version of Exhibit 2)(Cullen, Brendan) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 561 | Administrative Motion to File Under Seal filed by Samsung Electronics Co., Ltd. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Exhibit)(Batter, Kyle) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 562 | Consumer Plaintiffs' Administrative Motion For Entry of Supplemental Protective Orders filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 5/4/2021. (Attachments: # 1 Declaration Declaration of Brittany N. DeJong, # 2 Proposed Order, # 3 Proposed Order, # 4 Proposed Order, # 5 Proposed Order, # 6 Certificate/Proof of Service)(DeJong, Brittany) (Filed on 4/30/2021) Modified on 5/3/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 04/30/2021 | 563 | STIPULATION WITH [PROPOSED] ORDER Regarding Access to Sealed Portions of Trial Testimony filed by Epic Games, Inc., Apple Inc. (Forrest, Katherine) (Filed on 4/30/2021) Modified on 5/3/2021 (cjlS, COURT STAFF). (Entered: 04/30/2021) |
| 05/02/2021 | 564 | **PRETRIAL ORDER NO. 9 RE: ADDITIONAL THIRD PARTY ADMINISTRATIVE MOTIONS TO SEAL** Re: 551 and 561 . Signed by Judge Yvonne Gonzalez Rogers on 5/2/2021. (ygrlc2S, COURT STAFF) (Filed on 5/2/2021) (Entered: 05/02/2021) |
| 05/02/2021 | 565 | NOTICE of Appearance by Jennifer J. Rho *for Defendant Apple Inc.* (Rho, Jennifer) (Filed on 5/2/2021) (Entered: 05/02/2021) |
| 05/03/2021 | 566 | NOTICE of Appearance by Henry H. Cornillie *for Defendant Apple Inc.* (Cornillie, Henry) (Filed on 5/3/2021) (Entered: 05/03/2021) |
| 05/03/2021 | 567 | DECLARATION of David P. Chiappetta in Opposition to 489 Administrative Motion to File Under Seal *Expert Written Direct Testimony*, 505 Administrative Motion to File Under Seal Deposition Designations (to Partially Seal)filed by Microsoft Corporation. (Attachments: # 1 Exhibit A - Declaration of Cynthia Williams)(Related document(s) 489 , 505 ) (Chiappetta, David) (Filed on 5/3/2021) Modified on 5/4/2021 (amd3S, COURT STAFF). (Entered: 05/03/2021) |
| 05/03/2021 | 568 | Declaration of Steven Singer in Support of 489 Administrative Motion to File Under Seal Expert Written Direct Testimony, 505 Administrative Motion to File Under Seal Deposition Designations filed by Nintendo of America Inc.. (Related document(s) 489 , 505 ) (Chiappetta, David) (Filed on 5/3/2021) Modified on 5/4/2021 (amd3S, COURT STAFF). (Entered: 05/03/2021) |
| 05/03/2021 | 569 | Declaration of Karl Quackenbush in Support of 489 Administrative Motion to File Under Seal *Expert Written Direct Testimony*, 509 Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Expert Written Direct Examinations filed by Valve Corporation. (Related document(s) 489 , 509 ) (Chang, Jaemin) (Filed on 5/3/2021) Modified on 5/4/2021 (amd3S, COURT STAFF). (Entered: 05/03/2021) |
| 05/03/2021 | 570 | Declaration of Adrian Ong in Support of 509 Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Expert Written Direct Examinations filed by Match Group, Inc.. (Related document(s) 509 ) (Dixon, Douglas) (Filed on 5/3/2021) Modified on 5/4/2021 (amd3S, COURT STAFF). (Entered: 05/03/2021) |
| 05/03/2021 | 571 | MOTION for Joinder *In 514 Defendant Apple Inc.'s Administrative Motion to Seal PX-2339* |

| | | |
|---|---|---|
| | | filed by Amazon.com Services LLC. (Attachments: # 1 Declaration of Andrew Bennet in Support of Joinder, # 2 Exhibit 1 to Declaration of Andrew Bennet, # 3 Proposed Order) (Tullman, Molly) (Filed on 5/3/2021) Modified on 5/4/2021 (amd3S, COURT STAFF). (Entered: 05/03/2021) |
| 05/03/2021 | 572 | ***SEE DOCKET 578 FOR CORRECTED ENTRY***<br><br>**Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/3/2021. Further Bench Trial Tuesday, 5/4/2021 at 8:00AM.Total Time in Court: 4:22. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br>**(fs, COURT STAFF) (Date Filed: 5/3/2021) Modified on 5/5/2021 (cjlS, COURT STAFF). (Entered: 05/03/2021)** |
| 05/03/2021 | 573 | Administrative Motion to File Under Seal *Non-Party Roblox Inc's Administrative Motion to Partially Seal Written Direct Testimony* filed by Roblox, Inc.. (Attachments: # 1 Declaration Declaration of Mark Barbolak in support of Apple Inc.'s and Epic Games, Inc.'s Motions to Seal Certain Expert Testimony, # 2 Proposed Order [Proposed] Order Granting Non-Party Roblox Inc's Administrative Motion to Partially Seal Written Direct Testimony, # 3 Certificate/Proof of Service Certificate of Service)(Hammon, Patrick) (Filed on 5/3/2021) (Entered: 05/03/2021) |
| 05/03/2021 | 574 | Declaration of Benjamin Kung in Support of 489 Administrative Motion to File Under Seal *Expert Written Direct Testimony* filed bySpotify USA Inc.. (Related document(s) 489 ) (Cullen, Brendan) (Filed on 5/3/2021) (Entered: 05/03/2021) |
| 05/03/2021 | 575 | Declaration of Benjamin Kung in Support of 509 Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Expert Written Direct Examinations filed by Spotify USA Inc.. (Related document(s) 509 ) (Cullen, Brendan) (Filed on 5/3/2021) Modified on 5/4/2021 (amd3S, COURT STAFF). (Entered: 05/03/2021) |
| 05/03/2021 | 576 | Administrative Motion to File Under Seal Non-Party Sony Interactive Entertainment LLC's Administrative Motion to Keep Competitively Sensitive Information Under Seal [Related Docket Entries 453 , 489 and 505 filed by Sony Interactive Entertainment LLC. (SEE DOCKET ENTRY 580 FOR CORRECTED VERSION OF ATTACHMNENT 17) (Attachments: # 1 Declaration of John F. Cove, Jr., # 2 Exhibit A (Redacted), # 3 Exhibit A (Unredacted), # 4 Exhibit B (Redacted), # 5 Exhibit B (Unredacted), # 6 Exhibit C (Redacted), # 7 Exhibit C (Unredacted), # 8 Exhibit D (Redacted), # 9 Exhibit D (Unredacted), # 10 Exhibit E (Redacted), # 11 Exhibit E (Unredacted), # 12 Exhibit F (Redacted), # 13 Exhibit F (Unredacted), # 14 Exhibit G (Redacted), # 15 Exhibit G (Unredacted), # 16 Exhibit H (Redacted), # 17 Exhibit H (Unredacted), # 18 Exhibit I (Redacted), # 19 Exhibit I (Unredacted), # 20 Exhibit J (Redacted), # 21 Exhibit J (Unredacted), # 22 Declaration of Don Sechler, # 23 Proposed Order, # 24 Certificate/Proof of Service)(Cove, John) (Filed on 5/3/2021) Modified on 5/4/2021 (amd3S, COURT STAFF). Modified on 5/4/2021 (cjlS, COURT STAFF). (Entered: 05/03/2021) |
| 05/03/2021 | 578 | Corrected 572 Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/3/2021. [minutes corrected to reflect correct exhibit number on the minute sheet.] (fs, COURT STAFF) (Filed on 5/3/2021) Modified on 5/5/2021 (cjlS, COURT STAFF). (Entered: 05/04/2021) |
| 05/04/2021 | 577 | Administrative Motion to File Under Seal *Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order)(Brass, Rachel) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 579 | Request to Modify List of Pre-Authorized Pool Reporters re 485 Pretrial Order, 475 Response by Reporters Committee for Freedom of the Press and 18 Media Organizations. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Proposed Order)(Townsend, Katie) (Filed on 5/4/2021) Modified on 5/5/2021 (cjlS, COURT STAFF). (Entered: 05/04/2021) |
| 05/04/2021 | 580 | UNREDACTED EXHIBIT H re 576 Non-Party Sony Interactive Entertainment LLC's Administrative Motion to Keep Competitively Sensitive Information Under Seal (Related Docket Entries 453 , 489 and 505 ) (CORRECTION OF DOCKET [576-17] EXHIBIT H) filed by Sony Interactive Entertainment LLC. (Related document(s) 576 ) (Cove, John) (Filed on 5/4/2021) Modified on 5/4/2021 (cjlS, COURT STAFF). (Entered: 05/04/2021) |
| 05/04/2021 | 581 | MOTION for leave to appear in Pro Hac Vice *by H. Phillips for Apple Inc.* ( Filing fee $ 317, receipt number 0971-15924156.) filed by Apple Inc.. (Phillips, Harry) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 582 | NOTICE of Appearance by Julian Wolfe Kleinbrodt *for Defendant Apple Inc.* (Kleinbrodt, Julian) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 583 | STIPULATION WITH [PROPOSED] ORDER Extending Time to Respond to 562 Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders filed by Apple Inc., Epic Games, Inc. (Attachments: # 1 Declaration of E. Dettmer)(Dettmer, Ethan) (Filed on 5/4/2021) Modified on 5/5/2021 (cjlS, COURT STAFF). (Entered: 05/04/2021) |
| 05/04/2021 | 584 | NOTICE of Appearance by Anthony Doc Bedel *for Defendant Apple Inc.* (Bedel, Anthony) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 585 | NOTICE of Appearance by Soolean Choy *for Defendant Apple Inc.* (Choy, Soolean) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 586 | MOTION for leave to appear in Pro Hac Vice *by J. Bracht for Apple Inc.* ( Filing fee $ 317, receipt number 0971-15926040.) filed by Apple Inc.. (Bracht, Jennifer) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 587 | NOTICE of Appearance by Lauren M. Harding *on behalf of Non-Party Netflix, Inc.* (Harding, Lauren) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 588 | Administrative Motion to File Under Seal *Trial Exhibits PX-0197 and PX-2140* filed by Netflix, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Redacted Version of Exhibit A, # 4 Unredacted Version of Exhibit A, # 5 Redacted Version of Exhibit B, # 6 Unredacted Version of Exhibit B)(Harding, Lauren) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 589 | CERTIFICATE OF SERVICE by Netflix, Inc. re 588 Administrative Motion to File Under Seal *Trial Exhibits PX-0197 and PX-2140* (Harding, Lauren) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 590 | NOTICE of Appearance by Lauren Dansey *for Defendant Apple Inc.* (Dansey, Lauren) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 591 | NOTICE of Appearance by Jennifer Bracht *for Defendant Apple Inc.* (Bracht, Jennifer) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 592 | ***SEE DOCKET 599 FOR CORRECTED ENTRY*** Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/4/2021. Further Bench Trial set Wednesday, 5/5/2021 at 8:00 AM.Total Time in Court: 6:13. Court Reporter: Diane Skillman.<br><br>FOR PUBLIC ACCESS TO BENCH TRIAL:<br>Please use the following Dial in information:<br>ATT PUBLIC DIAL IN: 1-877-336-1839<br>Access Code: 9403112<br>(fs, COURT STAFF) (Date Filed: 5/4/2021) Modified on 5/6/2021 (cjlS, COURT STAFF). (Entered: 05/04/2021) |
| 05/04/2021 | 599 | Corrected 592 Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: |

| | | |
|---|---|---|
| | | Bench Trial held on 5/4/2021. (fs, COURT STAFF) (Filed on 5/4/2021) Modified on 5/6/2021 (cjlS, COURT STAFF). (Entered: 05/06/2021) |
| 05/05/2021 | | Electronic filing error. REMINDER: No title Page. Exhibits e-filed separately and not as an attachment, requires a title page. Please refer to Civil Local Rules 3-4 re first page requirement. [err201] No further action is necessary. Re: 580 UNREDACTED EXHIBIT H to an Administrative Motion to File Under Seal, filed by Sony Interactive Entertainment LLC. (cjlS, COURT STAFF) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/05/2021 | 593 | NOTICE of Appearance by Matthew A Macdonald *on behalf of Non-Party Netflix, Inc.* (Macdonald, Matthew) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/05/2021 | 594 | **TRIAL ORDER NO.1 RE: STIPULATIONS, MEDIA REQUEST, AND REMAINING THIRD PARTY ADMINISTRATIVE MOTIONS TO SEAL. Signed by Judge Yvonne Gonzalez Rogers on 5/5/2021. (fs, COURT STAFF) (Filed on 5/6/2021 (amd3S, COURT STAFF). (Entered: 05/05/2021)** |
| 05/05/2021 | 595 | TRANSCRIPT ORDER for proceedings held on 5/4/2021 and 5/5/2021 before Judge Yvonne Gonzalez Rogers by NVIDIA Corporation, for Court Reporter Diane Skillman. (Peters, Marc) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/05/2021 | 600 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/5/2021. Further Bench Trial set 5/6/2021 at 8:00 AM.Total Time in Court: 6 hours. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:**<br>**ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br><br>**(fs, COURT STAFF) (Date Filed: 5/5/2021) (Entered: 05/06/2021)** |
| 05/06/2021 | 596 | Administrative Motion to File Under Seal *Limited Portions of the Parties' Trial Exhibits and Deposition Testimony and any References at Trial to the Information Sought to be Sealed* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Joseph Kreiner, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Byars, Michael) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/06/2021 | 597 | Declaration of Sanghoon Park in Support of 596 Administrative Motion to File Under Seal *Limited Portions of the Parties' Trial Exhibits and Deposition Testimony and any References at Trial to the Information Sought to be Sealed* filed bySamsung Electronics Co., Ltd. (Related document(s) 596 ) (Batter, Kyle) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/06/2021 | 598 | NOTICE by Facebook, Inc. *Motion for Clarification re: Trial Order No.1 594* (Curran-Huberty, Emily) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/06/2021 | | Electronic filing error. Incorrect event used. [err101] The proper event is a motion. This filing will not be processed by the clerks office. Please re-file in its entirety. Re : 598 ADMINISTRATIVE MOTION OF NON-PARTY FACEBOOK, INC. FOR CLARIFICATION RE: TRIAL ORDER NO. 1 [ECF 594] filed by Facebook, Inc. (cjlS, COURT STAFF) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/06/2021 | 601 | ADMINISTRATIVE MOTION for Clarification re: Trial Order No. 1 (ECF 594 ) (CORRECTION OF DOCKET # 598 ) filed by Facebook, Inc. Responses due by 5/10/2021. (Curran-Huberty, Emily) (Filed on 5/6/2021) Modified on 5/7/2021 (cjlS, COURT STAFF). (Entered: 05/06/2021) |
| 05/06/2021 | 602 | MOTION Regarding Adverse Credibility Finding filed by Apple Inc.. Motion Hearing set for 6/15/2021 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 5/20/2021. Replies due by 5/27/2021. (Attachments: # 1 Declaration, # 2 Proposed Order)(Srinivasan, Jagannathan) (Filed on 5/6/2021) (Entered: 05/06/2021) |

| | | |
|---|---|---|
| 05/06/2021 | [603](#) | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/6/2021. Further Bench Trial set Friday, 5/7/2021 at 8:00 AM.Total Time in Court: 6:17. Court Reporter: Diane Skillman.** <br><br> **FOR PUBLIC ACCESS TO BENCH TRIAL:** <br> **Please use the following Dial in information:** <br> **ATT PUBLIC DIAL IN: 1-877-336-1839** <br> **Access Code: 9403112** <br><br> **(fs, COURT STAFF) (Date Filed: 5/6/2021) (Entered: 05/06/2021)** |
| 05/07/2021 | [604](#) | Epic Games, Inc.'s Brief Regarding Apple Inc.'s Rule 802 Objections To Third Party Statements To Apple filed by Epic Games, Inc. (Forrest, Katherine) (Filed on 5/7/2021) Modified on 5/10/2021 (cjlS, COURT STAFF). (Entered: 05/07/2021) |
| 05/07/2021 | [605](#) | Press Pool Schedule for Week of May 10, 2021 by Reporters Committee for Freedom of the Press and 18 Media Organizations re [485](#) Pretrial Order. (Townsend, Katie) (Filed on 5/7/2021) Modified on 5/10/2021 (cjlS, COURT STAFF). (Entered: 05/07/2021) |
| 05/07/2021 | [606](#) | TRANSCRIPT ORDER for proceedings held on 5/5/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/7/2021) (Entered: 05/07/2021) |
| 05/07/2021 | [607](#) | Class Plaintiffs' Schedule Re: In-Person Attendance at Trial, Week of May 10, 2021 by Donald R. Cameron re [485](#) Pretrial Order. (Berman, Steve) (Filed on 5/7/2021) Modified on 5/10/2021 (cjlS, COURT STAFF). (Entered: 05/07/2021) |
| 05/07/2021 | [608](#) | Brief *re: Exhibits Containing inadmissible Hearsay* filed byApple Inc.. (Srinivasan, Jagannathan) (Filed on 5/7/2021) (Entered: 05/07/2021) |
| 05/07/2021 | [609](#) | **TRIAL ORDER NO. 2 RE: (1) [598](#) [601](#) FACEBOOK INC. ADMINISTRATIVE MOTION TO CLARIFY; AND (2) [491](#) [505](#) ADMINISTRATIVE MOTIONS TO SEAL DEPOSITION DESIGNATIONS**. Signed by Judge Yvonne Gonzalez Rogers on 5/7/2021. (ygrlc2S, COURT STAFF) (Filed on 5/7/2021) (Entered: 05/07/2021) |
| 05/07/2021 | [623](#) | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/7/2021. Further Bench Trial set Monday, 5/10/2021 at 8:00AM.** <br><br> **Total Time in Court: 6:13. Court Reporter: Diane Skillman.** <br><br> **FOR PUBLIC ACCESS TO BENCH TRIAL:** <br> **Please use the following Dial in information:** <br> **ATT PUBLIC DIAL IN: 1-877-336-1839** <br> **Access Code: 9403112** <br><br> **(fs, COURT STAFF) (Date Filed: 5/7/2021) (Entered: 05/10/2021)** |
| 05/08/2021 | [610](#) | Declaration of Steven Singer in Support of [596](#) Administrative Motion to File Under Seal *Limited Portions of the Parties' Trial Exhibits and Deposition Testimony and any References at Trial to the Information Sought to be Sealed Portions of DX-4365, DX-4485, PX-2456, and PX-2442 I,* filed byNintendo of America Inc.. (Related document(s) [596](#) ) (Chiappetta, David) (Filed on 5/8/2021) (Entered: 05/08/2021) |
| 05/08/2021 | [611](#) | Administrative Motion to File Under Seal *Trial Exhibits* filed by Apple Inc.. (Attachments: # [1](#) Declaration of R. Brass, # [2](#) Proposed Order, # [3](#) DX-4178, # [4](#) PX-0059, # [5](#) PX-0201, # [6](#) PX-0314, # [7](#) PX-0413, # [8](#) PX-0414)(Brass, Rachel) (Filed on 5/8/2021) (Entered: 05/08/2021) |
| 05/08/2021 | [612](#) | Notice of Withdrawal of Motion *[611](#) Administrative Motion to File Under Seal Trial Exhibits* (Brass, Rachel) (Filed on 5/8/2021) (Entered: 05/08/2021) |

| 05/09/2021 | 613 | **TRIAL ORDER NO. 3 RE: BENCH TRIAL WEEK 1 PARTY SEALING REQUESTS.** Signed by Judge Yvonne Gonzalez Rogers on 5/9/2021. (ygrlc2S, COURT STAFF) (Filed on 5/9/2021) (Entered: 05/09/2021) |
|---|---|---|
| 05/09/2021 | 614 | **TRIAL ORDER NO. 4 RE: (1) ADMINISTRATIVE MOTIONS TO SEAL; AND (2) PARTIAL RULING ON EXPERT OBJECTIONS.** Signed by Judge Yvonne Gonzalez Rogers on 5/9/2021. (ygrlc2S, COURT STAFF) (Filed on 5/9/2021) (Entered: 05/09/2021) |
| 05/09/2021 | 615 | NOTICE re Samsung Request to Seal May 4, 2021 Trial Transcript by Apple Inc. (Attachments: # 1 Exhibit A)(Dettmer, Ethan) (Filed on 5/9/2021) Modified on 5/10/2021 (cjlS, COURT STAFF). (Entered: 05/09/2021) |
| 05/10/2021 | 616 | Transcript of Proceedings held on May 3, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, telephone number 925-899-2812 Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Redacted Transcript Deadline set for 6/10/2021. Release of Transcript Restriction set for 8/9/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/10/2021) (Additional attachment(s) added on 6/11/2021: # 1 Supplement Master Index) (oh, COURT STAFF). (Entered: 05/10/2021) |
| 05/10/2021 | 617 | Transcript of Proceedings held on May 4, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, telephone number 925-899-2812 Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/9/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/10/2021) (Entered: 05/10/2021) |
| 05/10/2021 | 619 | Transcript of Proceedings held on May 6, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman and Pamela Hebel, telephone number 925-899-2812 Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/9/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/10/2021) (Entered: 05/10/2021) |
| 05/10/2021 | 620 | Transcript of Proceedings held on May 7, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman and Pamela Hebel, telephone number 925-899-2812 Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/9/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/10/2021) (Entered: 05/10/2021) |
| 05/10/2021 | 621 | Transcript of Proceedings held on May 5, 2021, before Judge Yvonne Gonzalez Rogers. Court |

|  |  | Reporters Diane E. Skillman and Pamela Hebel, telephone number 925-899-2812 Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/9/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/10/2021) (Entered: 05/10/2021) |
|---|---|---|
| 05/10/2021 | 622 | TRANSCRIPT ORDER for proceedings held on 5/3/2021 and full trial before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/10/2021) (Entered: 05/10/2021) |
| 05/10/2021 | 624 | Administrative Motion to File Under Seal *Non-Party Nintendo of America Inc.'s Administrative Motion to Seal Portions of DX-3464* filed by Nintendo of America Inc.. (Attachments: # 1 Exhibit Sealed Exhibit 1, # 2 Exhibit Redacted Exhibit 1, # 3 Proposed Order, # 4 Declaration Steven Singer)(Chiappetta, David) (Filed on 5/10/2021) **Locked per filer's request.** Modified on 5/10/2021 (ddkS, COURT STAFF). (Entered: 05/10/2021) |
| 05/10/2021 | 625 | MOTION for Leave to File *Non-Party Nintendo of America Inc.s Notice of Motion and Motion for Leave to Seek Reconsideration.* filed by Nintendo of America Inc.. (Attachments: # 1 Proposed Order [PROPOSED] Order Granting Non-Party Nintendo's Notice of Motion and Motion for Leave to Seek Reconsideration, # 2 Declaration Declaration of Steven Singer Non-Party Nintendo's Notice of Motion and Motion for Leave to Seek Reconsideration)(Chiappetta, David) (Filed on 5/10/2021) (Entered: 05/10/2021) |
| 05/10/2021 | 626 | **ORDER by Magistrate Judge Thomas S. Hixson granting 510 Stipulation. (rmm2S, COURT STAFF) (Filed on 5/10/2021) (Entered: 05/10/2021)** |
| 05/10/2021 | 627 | Declaration in Support of 596 Administrative Motion to File Under Seal *Limited Portions of the Parties' Trial Exhibits and Deposition Testimony and any References at Trial to the Information Sought to be Sealed Declaration of Brian Sims in Support of Epic Games, Inc.'s Administrative Motion to Seal* filed byPayPal, Inc.. (Attachments: # 1 Exhibit)(Related document(s) 596 ) (Yang, Yi) (Filed on 5/10/2021) (Entered: 05/10/2021) |
| 05/10/2021 | 628 | NOTICE of Appearance by Dana Li *for Defendant Apple Inc.* (Li, Dana) (Filed on 5/10/2021) (Entered: 05/10/2021) |
| 05/10/2021 | 629 | STIPULATION WITH PROPOSED ORDER *Regarding Testimony Submitted With Four-Hour Deposition Designations* filed by Apple Inc., Epic Games, Inc. (Perry, Mark) (Filed on 5/10/2021) Modified on 5/11/2021 (amd3S, COURT STAFF). (Entered: 05/10/2021) |
| 05/10/2021 | 636 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/10/2021. Further Bench Trial set for Tuesday, 5/11/2021 at 8:00 AM. Total Time in Court: 6:32. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:**<br>**ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br><br>**(fs, COURT STAFF) (Date Filed: 5/10/2021) (Entered: 05/11/2021)** |
| 05/11/2021 | 630 | NOTICE of Appearance by Arpine Lawyer *for Defendant Apple Inc.* (Lawyer, Arpine) (Filed on 5/11/2021) (Entered: 05/11/2021) |
| 05/11/2021 | 631 | TRANSCRIPT ORDER for proceedings held on 5/3/2021 - All trial days before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/11/2021) (Entered: 05/11/2021) |

| 05/11/2021 | 632 | TRANSCRIPT ORDER for proceedings held on 5/3/2021 - All trial days before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/11/2021) (Entered: 05/11/2021) |
|---|---|---|
| 05/11/2021 | 633 | TRANSCRIPT ORDER for proceedings held on 5/3,4,5/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/11/2021) (Entered: 05/11/2021) |
| 05/11/2021 | 634 | TRANSCRIPT ORDER for proceedings held on 3/1/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/11/2021) (Entered: 05/11/2021) |
| 05/11/2021 | 635 | STIPULATION WITH PROPOSED ORDER *Regarding Materials Relied Upon By Experts* filed by Apple Inc., Epic Games Inc. (Brass, Rachel) (Filed on 5/11/2021) Modified on 5/12/2021 (amd3S, COURT STAFF). (Entered: 05/11/2021) |
| 05/11/2021 | 637 | STIPULATION WITH PROPOSED ORDER *Regarding App Store App Categories* filed by Apple Inc., Epic Games, Inc. (Attachments: # 1 DX-5552)(Brass, Rachel) (Filed on 5/11/2021) Modified on 5/12/2021 (amd3S, COURT STAFF). (Entered: 05/11/2021) |
| 05/11/2021 | 638 | Administrative Motion to File Under Seal *Portions of SPOT-EPIC-00000932* filed by Spotify USA Inc.. (Attachments: # 1 Declaration of Benjamin Kung, # 2 Declaration of Shane M. Palmer, # 3 Proposed Order, # 4 Redacted Version of Exhibit A, # 5 Unredacted Version of Exhibit A)(Cullen, Brendan) (Filed on 5/11/2021) (Entered: 05/11/2021) |
| 05/11/2021 | 639 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/11/2021. Further Bench Trial set Wednesday, 5/12/2021 at 8:00 AM. Total Time in Court: 6:14. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:**<br>**ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br><br>**(fs, COURT STAFF) (Date Filed: 5/11/2021) (Entered: 05/12/2021)** |
| 05/12/2021 | 640 | STIPULATION WITH PROPOSED ORDER Regarding Materials Relied Upon By Experts, filed by Apple Inc., Epic Games, Inc. SEALED AT FILERS REQUEST. (Brass, Rachel) (Filed on 5/12/2021) Modified on 5/12/2021 (cjlS, COURT STAFF). Modified on 5/13/2021 (amd3S, COURT STAFF). (Entered: 05/12/2021) |
| 05/12/2021 | 641 | (Corrected) STIPULATION WITH [PROPOSED] ORDER Regarding Materials Relied Upon By Experts filed by Apple Inc., Epic Games, Inc. (Brass, Rachel) (Filed on 5/12/2021) Modified on 5/12/2021 (cjlS, COURT STAFF). (Entered: 05/12/2021) |
| 05/12/2021 | 642 | TRANSCRIPT ORDER for proceedings held on 5/3/2021 - 5/12/2021 and all future dates of trial before Judge Yvonne Gonzalez Rogers by Sony Interactive Entertainment LLC, for Court Reporter Diane Skillman. (Cove, John) (Filed on 5/12/2021) (Entered: 05/12/2021) |
| 05/12/2021 | 643 | **TRIAL ORDER NO. 5 RE: (1) MOTION FOR ADVERSE CREDIBILITY FINDING; (2) SEALING REQUESTS; (3) STIPULATIONS; AND (4) RELATED CASES COUNSEL ACCESS TO SEALED DOCUMENTS AND TRANSCRIPTS. Signed by Judge Yvonne Gonzalez Rogers on 5/12/2021. (fs, COURT STAFF) (Filed on 5/12/2021) (Entered: 05/12/2021)** |
| 05/12/2021 | 644 | **ORDER by Judge Yvonne Gonzalez Rogers granting 559 Motion for Pro Hac Vice as to Steven L. Holley. (fs, COURT STAFF) (Filed on 5/12/2021) (Entered: 05/12/2021)** |
| 05/12/2021 | 645 | **ORDER by Judge Yvonne Gonzalez Rogers granting 581 Motion for Pro Hac Vice as to Harry Phillips. (fs, COURT STAFF) (Filed on 5/12/2021) (Entered: 05/12/2021)** |

| | | |
|---|---|---|
| 05/12/2021 | 646 | **ORDER by Judge Yvonne Gonzalez Rogers granting 586 Motion for Pro Hac Vice as to Jennifer K. Bracht. (fs, COURT STAFF) (Filed on 5/12/2021) (Entered: 05/12/2021)** |
| 05/12/2021 | 647 | TRANSCRIPT ORDER for proceedings held on May 6, 7, 10, 11, 2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/12/2021) (Entered: 05/12/2021) |
| 05/12/2021 | 648 | Brief *("Epic Games, Inc.'s Opposition To Apple Inc.'s Motion For An Adverse Credibility Finding And Memorandum Of Points And Authorities In Support Thereof")* filed byEpic Games, Inc.. (Attachments: # 1 Declaration of J. Wesley Earnhardt, # 2 Exhibit A, # 3 Exhibit B (Redacted Version), # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order)(Earnhardt, Joe) (Filed on 5/12/2021) (Entered: 05/12/2021) |
| 05/12/2021 | 649 | Administrative Motion to File Under Seal *Portions of SPOT-EPIC-00000925 and SPOT-EPIC-00001023* filed by Spotify USA Inc.. (Attachments: # 1 Declaration of Benjamin Kung, # 2 Declaration of Shane M. Palmer, # 3 Proposed Order, # 4 Redacted Version of Exhibit A, # 5 Unredacted Version of Exhibit A, # 6 Redacted Version of Exhibit B, # 7 Unredacted Version of Exhibit B)(Cullen, Brendan) (Filed on 5/12/2021) (Entered: 05/12/2021) |
| 05/12/2021 | 650 | Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion To File Under Seal Supporting Exhibits To J. Wesley Earnhardt's Declaration In Support Of Epic Games, Inc.s Opposition To Apple Inc.'s Motion For An Adverse Credibility Finding")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of J. Wesley Earnhardt, # 2 Exhibit B, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit B (Redacted), # 6 Proposed Order)(Earnhardt, Joe) (Filed on 5/12/2021) (Entered: 05/12/2021) |
| 05/12/2021 | 651 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/12/2021. Further Bench Trial set Thursday, 5/13/2021 at 8:00 AM. Total Time in Court: 6:16. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:**<br>**ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br><br>**(fs, COURT STAFF) (Date Filed: 5/12/2021) (Entered: 05/13/2021)** |
| 05/13/2021 | 652 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts by Valve Corporation. (Chang, Jaemin) (Filed on 5/13/2021) (Entered: 05/13/2021) |
| 05/13/2021 | 653 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/13/2021. Further Bench Trial set Friday, 5/14/2021 at 8:00 AM.**<br><br>**Total Time in Court: 6:16. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:**<br>**ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br><br>**(fs, COURT STAFF) (Date Filed: 5/13/2021) (Entered: 05/13/2021)** |
| 05/14/2021 | 654 | Class Plaintiffs' Schedule re In-Person Attendance at Trial, Week of May 17, 2021 by Donald R. Cameron. (Berman, Steve) (Filed on 5/14/2021) Modified on 5/14/2021 (cjlS, COURT STAFF). (Entered: 05/14/2021) |
| 05/14/2021 | 655 | Press Pool Schedule for Week of May 17, 2021 by Reporters Committee for Freedom of the Press and 18 Media Organizations. (Townsend, Katie) (Filed on 5/14/2021) Modified on 5/14/2021 (cjlS, COURT STAFF). (Entered: 05/14/2021) |
| 05/14/2021 | 656 | Administrative Motion to File Under Seal *Trial Brief re Testimony of Dr. Cragg* filed by Apple |

| | | |
|---|---|---|
| | | Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order, # 3 Redacted Version of Document Sought to be Sealed (Trial Brief), # 4 Redacted Version of Document Sought to be Sealed (Declaration of R. Brass), # 5 Unredacted Version of Document Sought to be Sealed (Trial Brief), # 6 Unredacted Version of Document Sought to be Sealed (Declaration of R. Brass), # 7 Certificate/Proof of Service)(Brass, Rachel) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 657 | TRIAL BRIEF *re Testimony of Dr. Cragg* by Apple Inc.. (Attachments: # 1 Declaration of R. Brass)(Brass, Rachel) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 658 | TRANSCRIPT ORDER for proceedings held on May, 12, 13 & 14, 2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 659 | Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order)(Brass, Rachel) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 660 | Administrative Motion to File Under Seal filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Joseph Kreiner, # 2 Exhibit A to Declaration of Joseph Kreiner, # 3 DX-5549 (Sealed), # 4 DX-5550 (Sealed), # 5 DX-3233 (Sealed), # 6 DX-3233 (Redacted), # 7 DX-3297 (Sealed), # 8 DX-3297 (Redacted), # 9 DX-4362 (Sealed), # 10 DX-4362 (Redacted), # 11 DX-4800 (Sealed), # 12 DX-4800 (Redacted), # 13 Hitt Demonstratives (Sealed), # 14 Hitt Demonstratives (Redacted), # 15 PX-2456 (Sealed), # 16 PX-2456 (Redacted), # 17 PX-2469 (Sealed), # 18 PX-2469 (Redacted))(Clarke, Justin) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 661 | Proposed Order re 660 Administrative Motion to File Under Seal by Epic Games, Inc.. (Clarke, Justin) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 662 | EXHIBITS re 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed byApple Inc.. (Attachments: # 1 Cragg Direct Demonstrative, # 2 DX-3122, # 3 DX-3174, # 4 DX-3248, # 5 DX-3465, # 6 DX-4089, # 7 DX-4094, # 8 DX-4170, # 9 DX-4199, # 10 DX-4312, # 11 DX-4495, # 12 DX-4760, # 13 DX-4793, # 14 DX-4794, # 15 DX-4795, # 16 DX-4796, # 17 DX-4797, # 18 DX-4800, # 19 DX-4807, # 20 DX-4809, # 21 DX-4815, # 22 DX-5338, # 23 PDX-0041, # 24 PX-0432, # 25 PX-0526, # 26 PX-0602, # 27 PX-0603, # 28 PX-0604, # 29 PX-0605, # 30 PX-0606, # 31 PX-0607, # 32 PX-0608, # 33 PX-0609, # 34 PX-0610, # 35 PX-0611, # 36 PX-0612, # 37 PX-0747, # 38 PX-1000, # 39 PX-1001, # 40 PX-1003, # 41 PX-1026, # 42 PX-1036, # 43 PX-1049, # 44 PX-1050, # 45 PX-1066, # 46 PX-1077, # 47 PX-2126, # 48 PX-2142, # 49 PX-2176, # 50 PX-2326, # 51 PX-2328, # 52 PX-2385, # 53 PX-2391, # 54 PX-2392)(Related document(s) 659 ) (Brass, Rachel) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 663 | Administrative Motion to File Under Seal filed by Sony Interactive Entertainment LLC. (Attachments: # 1 Declaration of Don Sechler in support of motion, # 2 Declaration of Patrick Colsher in support of motion, # 3 Redacted Version of Exhibit A, # 4 Unredacted Version of Exhibit A, # 5 Redacted Version of Exhibit B, # 6 Unredacted Version of Exhibit B, # 7 Redacted Version of Exhibit C, # 8 Unredacted Version of Exhibit C, # 9 Redacted Version of Exhibit D, # 10 Unredacted Version of Exhibit D, # 11 Redacted Version of Exhibit E, # 12 Unredacted Version of Exhibit E, # 13 Redacted Version of Exhibit F, # 14 Unredacted Version of Exhibit F, # 15 Redacted Version of Exhibit G, # 16 Unredacted Version of Exhibit G, # 17 Redacted Version of Exhibit H, # 18 Unredacted Version of Exhibit H, # 19 Redacted Version of Exhibit I, # 20 Unredacted Version of Exhibit I, # 21 Redacted Version of Exhibit J, # 22 Unredacted Version of Exhibit J, # 23 Proposed Order, # 24 Certificate/Proof of Service)(Cove, John) (Filed on 5/14/2021) (Entered: 05/14/2021) |
| 05/14/2021 | 664 | CERTIFICATE OF SERVICE by Apple Inc. re 662 Exhibits to an Administrative Motion to File Under Seal,,,, 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* (Brass, Rachel) (Filed on 5/14/2021) (Entered: 05/14/2021) |

| 05/14/2021 | 665 | Declaration of Kyle Batter in Support of 660 Administrative Motion to File Under Seal , 662 Exhibits to an Administrative Motion to File Under Seal,,,, filed bySamsung Electronics Co., Ltd. (Related document(s) 660 , 662 ) (Batter, Kyle) (Filed on 5/14/2021) (Entered: 05/14/2021) |
|---|---|---|
| 05/14/2021 | 666 | NOTICE of Filing of Deposition Designations Pursuant to Trial Order No. 2 by Apple Inc. (Brass, Rachel) (Filed on 5/14/2021) Modified on 5/17/2021 (cjlS, COURT STAFF). (Entered: 05/14/2021) |
| 05/14/2021 | 667 | NOTICE of Filing of Four-Hour Deposition Designations Pursuant to Trial Order No. 2 by Epic Games, Inc. (Attachments: # 1 Exhibit 1)(Byars, Michael) (Filed on 5/14/2021) Modified on 5/17/2021 (cjlS, COURT STAFF). (Entered: 05/14/2021) |
| 05/14/2021 | 689 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/14/2021. Further Bench Trial set for Monday, 5/17/2021 at 8:00AM.Total Time in Court: 6:22. Court Reporter: Diane Skillman.** <br><br> **FOR PUBLIC ACCESS TO BENCH TRIAL:** <br> **Please use the following Dial in information:** <br> **ATT PUBLIC DIAL IN: 1-877-336-1839** <br> **Access Code: 9403112** <br><br> **(fs, COURT STAFF) (Date Filed: 5/14/2021) (Entered: 05/17/2021)** |
| 05/15/2021 | 668 | Declaration of David P. Chiappetta in Support of 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed byMicrosoft Corporation. (Related document(s) 659 ) (Chiappetta, David) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 669 | Declaration of Asim M. Bhansali in Support of 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed byGoogle LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 659 ) (Bhansali, Asim) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 670 | Declaration of Brian Sims in Support of 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed byPayPal, Inc.. (Related document(s) 659 ) (Yang, Yi) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 671 | Corrected EXHIBITS re 659 Administrative Motion to File Under Seal (Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto filed by Apple Inc. (Attachments: # 1 DX-4800 (corrected), # 2 Certificate/Proof of Service)(Related document(s) 659 ) (Brass, Rachel) (Filed on 5/15/2021) Modified on 5/17/2021 (cjlS, COURT STAFF). (Entered: 05/15/2021) |
| 05/15/2021 | 672 | Declaration of Ryan Takemoto in Support of 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed byVisa Inc.. (Related document(s) 659 ) (Mayo, Sharon) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 673 | Declaration of Cynthia Williams in Support of 660 Administrative Motion to File Under Seal *Limited Portions of the Parties Trial Exhibits and any References at Trial to the Information Sought to be Sealed* filed byMicrosoft Corporation. (Related document(s) 660 ) (Chiappetta, David) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 674 | Declaration of JONATHAN ROSS CHRISTIE in Support of 662 Exhibits to an Administrative Motion to File Under Seal,,,, 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed byApple Inc.. (Related document(s) 662 , 659 ) (Brass, Rachel) (Filed on 5/15/2021) (Entered: 05/15/2021) |

| | | |
|---|---|---|
| 05/15/2021 | 675 | Declaration of PETER WARMAN in Support of 662 Exhibits to an Administrative Motion to File Under Seal,,,, 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed byApple Inc.. (Related document(s) 662 , 659 ) (Brass, Rachel) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 676 | Notice of Withdrawal of Written Direct Testimony by Apple Inc. (Doren, Richard) (Filed on 5/15/2021) Modified on 5/17/2021 (cjlS, COURT STAFF). (Entered: 05/15/2021) |
| 05/15/2021 | 677 | Declaration of Don Sechler in Support of 660 Administrative Motion to File Under Seal *Portions of PX-2456* filed bySony Interactive Entertainment LLC. (Related document(s) 660 ) (Cove, John) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 678 | EXHIBITS re 660 Administrative Motion to File Under Seal *Sony Interactive's Proposed Redactions to PX-2456, accompanying Declaration of Don Sechler (ECF 677)* filed bySony Interactive Entertainment LLC. (Attachments: # 1 PX-2456 (redacted), # 2 Certificate/Proof of Service)(Related document(s) 660 ) (Cove, John) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 679 | Declaration of Shane M. Palmer in Support of 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed bySpotify USA Inc.. (Related document(s) 659 ) (Cullen, Brendan) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 680 | Declaration of Benjamin Kung in Support of 660 Administrative Motion to File Under Seal filed bySpotify USA Inc.. (Related document(s) 660 ) (Cullen, Brendan) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/15/2021 | 681 | EXHIBITS re 660 Administrative Motion to File Under Seal *accompanying Declaration of Benjamin Kung (Dkt. No. 680)* filed bySpotify USA Inc.. (Attachments: # 1 Unredacted Version of Exhibit A (DX-5549), # 2 Unredacted Version of Exhibit B (DX-5550))(Related document(s) 660 ) (Cullen, Brendan) (Filed on 5/15/2021) (Entered: 05/15/2021) |
| 05/16/2021 | 682 | STIPULATION WITH [PROPOSED] ORDER Regarding Materials Relied Upon By Experts filed by Apple Inc., Epic Games, Inc. (Brass, Rachel) (Filed on 5/16/2021) Modified on 5/17/2021 (cjlS, COURT STAFF). (Entered: 05/16/2021) |
| 05/17/2021 | 683 | Transcript of Proceedings held on May 10, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman and Pamela Batalo-Hebel, telephone number 925-899-2812, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/16/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/17/2021) Modified on 5/18/2021 (oh, COURT STAFF). (Entered: 05/17/2021) |
| 05/17/2021 | 685 | Transcript of Proceedings held on May 12, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman, Pamela Hebel, Raynee Mercado, telephone number 925-899-2812, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/16/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | 686 | Transcript of Proceedings held on May 13, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman, Pamela Hebel, Raynee Mercado, telephone number 925-899-2812, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference |

| | | |
|---|---|---|
| | | policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/16/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | 687 | Transcript of Proceedings held on May 14, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman, Pamela Hebel, Raynee Mercado telephone number 925-899-2812, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/16/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | 688 | **TRIAL ORDER NO. 6 RE: EXHIBITS ONLY CONTAINING HEARSAY RE: 604 and 608 .** Signed by Judge Yvonne Gonzalez Rogers on 5/17/2021. (ygrlc2, COURT STAFF) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | 690 | Declaration of Jenna Hardy in Support of 660 Administrative Motion to File Under Seal , 659 Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed byThe Gearbox Entertainment. (Related document(s) 660 , 659 ) (Ball, Eric) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | | Electronic filing error. REMINDER: No title Page. Exhibits e-filed separately and not as an attachment, requires a title page. Please refer to Civil Local Rules 3-4 re first page requirement. [err201] No further action is necessary. Re: 678 Exhibits to an Administrative Motion to File Under Seal, filed by Sony Interactive Entertainment LLC. (cjlS, COURT STAFF) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | 691 | OPPOSITION/RESPONSE (re 602 MOTION Regarding Adverse Credibility Finding ) filed byMicrosoft Corporation. (Attachments: # 1 Declaration of Brandon Kressin, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Chiappetta, David) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | 692 | Administrative Motion to File Under Seal *Portions of SPOT-EPIC-00001047* filed by Spotify USA Inc.. (Attachments: # 1 Declaration of Benjamin Kung, # 2 Declaration of Shane M. Palmer, # 3 Proposed Order, # 4 Redacted Version of Exhibit A, # 5 Unredacted Version of Exhibit A)(Cullen, Brendan) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | 693 | Declaration of David P. Chiappetta in Support of 650 Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion To File Under Seal Supporting Exhibits To J. Wesley Earnhardt's Declaration In Support Of Epic Games, Inc.s Opposition To Apple Inc.'s Motion Fo* filed byMicrosoft Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Related document(s) 650 ) (Chiappetta, David) (Filed on 5/17/2021) (Entered: 05/17/2021)* |
| 05/17/2021 | 694 | Declaration of Steven Singer in Support of 650 Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion To File Under Seal Supporting Exhibits To J. Wesley Earnhardt's Declaration In Support Of Epic Games, Inc.s Opposition To Apple Inc.'s Motion Fo* filed byNintendo of America Inc.. (Related document(s) 650 ) (Chiappetta, David) (Filed on 5/17/2021) (Entered: 05/17/2021)* |
| 05/17/2021 | 695 | *Stipulated [Proposed] Supplemental Protective Order Governing Discovery From Glu Mobile, Inc.* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Apple Inc., Epic Games, Inc. (DeJong, Brittany) (Filed on 5/17/2021) Modified on 5/18/2021 (amd3S, COURT STAFF). (Entered: 05/17/2021) |

| 05/17/2021 | <u>696</u> | Administrative Motion to File Under Seal *Portions of Epic Games, Inc.'s Opposition to Apple Inc.'s Motion to Strike Written and Oral Testimony of Dr. Michael I. Cragg* filed by Epic Games, Inc.. (Attachments: # <u>1</u> Exhibit A - Epic Games, Inc.'s Opposition to Apple Inc.'s Motion to Strike Written and Oral Testimony of Dr. Michael I. Cragg, # <u>2</u> Exhibit B - Epic Games, Inc.'s Opposition to Apple Inc.'s Motion to Strike Written and Oral Testimony of Dr. Michael I. Cragg (REDACTED), # <u>3</u> Declaration of S. Stuckey in Support of Epic Games, Inc.'s Administrative Motion to File Under Seal, # <u>4</u> Proposed Order Granting Epic Games, Inc.'s Motion to file Under Seal, # <u>5</u> Certificate/Proof of Service Certificate of Service)(Even, Yonatan) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| --- | --- | --- |
| 05/17/2021 | <u>697</u> | RESPONSE re <u>657</u> Trial Brief *Epic Games, Inc.'s Opposition to Apple Inc.'s Motion to Strike Written and Oral Testimony of Dr. Michael I. Cragg* by Epic Games, Inc.. (Attachments: # <u>1</u> Declaration of S. Stuckey in Support of Epic Games, Inc.'s Opposition to Apple Inc.'s Motion to Strike, # <u>2</u> Exhibit A to Decl. of S. Stuckey, # <u>3</u> Exhibit B to Decl. of S. Stuckey, # <u>4</u> Exhibit C to Decl. of S. Stuckey, # <u>5</u> Exhibit D to Decl. of S. Stuckey, # <u>6</u> Exhibit E to Decl. of S. Stuckey, # <u>7</u> Proposed Order Denying Apple Inc.'s Motion to Strike)(Even, Yonatan) (Filed on 5/17/2021) (Entered: 05/17/2021) |
| 05/17/2021 | <u>700</u> | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/17/2021. Further Bench Trial Tuesday, 5/18/2021 at 8:00AM.Total Time in Court: 6:19. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:**<br>**ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br><br>**(fs, COURT STAFF) (Date Filed: 5/17/2021) (Entered: 05/18/2021)** |
| 05/18/2021 | <u>698</u> | Epic Games, Inc.'s Notice of Submission of Redacted Versions of Expert Written Direct Testimony by Epic Games, Inc. (Attachments: # <u>1</u> Lesser Redacted Version of Ex. Expert 1, # <u>2</u> Lesser Redacted Version of Ex. Expert 13, # <u>3</u> Lesser Redacted Version of Ex. Expert 14, # <u>4</u> Lesser Redacted Version of Ex. Expert 15, # <u>5</u> Lesser Redacted Version of Ex. Expert 16) (Byars, Michael) (Filed on 5/18/2021) Modified on 5/19/2021 (cjlS, COURT STAFF). (Entered: 05/18/2021) |
| 05/18/2021 | <u>699</u> | Administrative Motion to File Under Seal *Portions of Ex. Expert 1* filed by Epic Games, Inc.. (Attachments: # <u>1</u> Exhibit Expert 1 [UNREDACTED], # <u>2</u> Exhibit Expert 1 [REDACTED], # <u>3</u> Declaration of M. Brent Byars in Support of Epic Games Inc.'s Administrative Motion to Seal, # <u>4</u> Proposed Order on Administrative Motion to Seal)(Byars, Michael) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | <u>701</u> | TRANSCRIPT ORDER for proceedings held on May 10, 11, 12, 13 & 14, 2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | <u>702</u> | Administrative Motion to File Under Seal *Reply Brief re Cragg Testimony* filed by Apple Inc.. (Attachments: # <u>1</u> Proposed Order, # <u>2</u> Redacted Version of Document Sought to be Sealed (Reply Brief), # <u>3</u> Unredacted Version of Document Sought to be Sealed (Reply Brief), # <u>4</u> Certificate/Proof of Service)(Brass, Rachel) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | <u>703</u> | TRIAL BRIEF re Testimony of Dr. Cragg by Apple Inc.. (Attachments: # <u>1</u> Declaration of R. Brass, # <u>2</u> Exhibit A)(Brass, Rachel) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | <u>704</u> | NOTICE of Withdrawal of Trial Exhibit by Apple Inc. (Doren, Richard) (Filed on 5/18/2021) Modified on 5/19/2021 (cjlS, COURT STAFF). (Entered: 05/18/2021) |
| 05/18/2021 | <u>705</u> | Administrative Motion to File Under Seal *Portions of Redlined Content Licence and Distribution Agreement* filed by Nintendo of America Inc.. (Attachments: # <u>1</u> Exhibit Redacted |

| | | |
|---|---|---|
| | | Version of Exhibit, # 2 Exhibit Unredacted Version of Exhibit, # 3 Proposed Order Proposed Order)(Chiappetta, David) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | 706 | ADMINISTRATIVE MOTION *for Leave to File Sur-Reply* filed by Epic Games, Inc.. Responses due by 5/24/2021. (Attachments: # 1 Declaration of Yonatan Even in Support of Epic Games, Inc.'s Administrative Motion for Leave To File Sur-Reply in Response to Apple's Reply in Support of Its Motion To Strike Written and Oral Testimony of Dr. Michael I. Cragg, # 2 Epic Games, Inc.'s Sur-Reply in Response To Apple's Reply in Support of Its Motion To Strike Written and Oral Testimony of Dr. Michael I. Cragg, # 3 Declaration of Yonatan Even in Support of Epic Games, Inc.'s Sur-Reply in Response To Apple's Reply in Support of Its Motion To Strike Written and Oral Testimony of Dr. Michael I. Cragg, # 4 Exhibit A, # 5 Proposed Order)(Even, Yonatan) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | 707 | Administrative Motion to File Under Seal filed by Epic Games, Inc.. (Attachments: # 1 Epic Games, Inc.'s Sur-Reply in Response to Apple's Reply in Support of Its Motion To Strike Written and Oral Testimony of Dr. Michael I. Cragg - SEALED/UNREDACTED, # 2 Epic Games, Inc.'s Sur-Reply in Response to Apple's Reply in Support of Its Motion To Strike Written and Oral Testimony of Dr. Michael I. Cragg - PUBLIC/REDACTED, # 3 Exhibit A SEALED/UNREDACTED, # 4 Exhibit A PUBLIC/REDACTED, # 5 Declaration of Samuel A. Stuckey in Support of Epic Games, Inc.'s Administrative Motion To File Under Seal Exhibits to Its Administrative Motion for Leave To File Sur-Reply in Response to Apple's Reply in Support of Its Motion To Strike Written and Oral Testimony of Dr. Michael I. Cragg, # 6 Proposed Order, # 7 Certificate of Service)(Even, Yonatan) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | 708 | MOTION for Judgment on Partial Findings *Pursuant to Fed. R. Civ. P. 52(c)* filed by Apple Inc.. Motion Hearing set for 5/24/2021 08:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 5/20/2021. Replies due by 5/21/2021. (Perry, Mark) (Filed on 5/18/2021) (Entered: 05/18/2021) |
| 05/18/2021 | 709 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/18/2021. Further Bench Trial set for Wednesday, 5/19/2021 at 8:00AM.Total Time in Court: 6:15. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:**<br>**ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br><br>**(fs, COURT STAFF) (Date Filed: 5/18/2021) (Entered: 05/19/2021)** |
| 05/19/2021 | 710 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 699 Administrative Motion to File Under Seal *Portions of Ex. Expert 1* (Byars, Michael) (Filed on 5/19/2021) (Entered: 05/19/2021) |
| 05/19/2021 | 711 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/19/2021. Further Bench Trial on Thursday, 5/20/2021 at 8:00AM.Total Time in Court: 6:38. Court Reporter: Diane Skillman.**<br><br>**FOR PUBLIC ACCESS TO BENCH TRIAL:**<br>**Please use the following Dial in information:**<br>**ATT PUBLIC DIAL IN: 1-877-336-1839**<br>**Access Code: 9403112**<br><br>**(fs, COURT STAFF) (Date Filed: 5/19/2021) (Entered: 05/19/2021)** |
| 05/19/2021 | 712 | REPLY (re 602 MOTION Regarding Adverse Credibility Finding ) filed byApple Inc.. (Attachments: # 1 Declaration of J. Calandra, # 2 Declaration of J. Srinivasan)(Srinivasan, Jagannathan) (Filed on 5/19/2021) (Entered: 05/19/2021) |
| 05/19/2021 | 713 | NOTICE of Submission of Amended and Redacted Versions of Expert Written Direct |

| | | |
|---|---|---|
| | | Testimony by Apple Inc. (Attachments: # 1 Exhibit Expert 6, # 2 Exhibit Expert 7, # 3 Exhibit Expert 8)(Doren, Richard) (Filed on 5/19/2021) Modified on 5/20/2021 (cjlS, COURT STAFF). (Entered: 05/19/2021) |
| 05/19/2021 | 714 | Joint Discovery Letter Brief Regarding Apple Inc.'s Clawback of Document filed by Epic Games, Inc., Apple Inc. (Moskowitz, Lauren) (Filed on 5/19/2021) Modified on 5/20/2021 (cjlS, COURT STAFF). (Entered: 05/19/2021) |
| 05/20/2021 | 715 | **TRIAL ORDER NO. 7 RE: (1) PENDING STIPULATIONS; (2) BRIEFING SCHEDULE RE: MOTION FOR JUDGMENT ON PARTIAL FINDINGS; AND (3) WEEK 2 SEALING REQUESTS. Signed by Judge Yvonne Gonzalez Rogers on 5/20/2021. (fs, COURT STAFF) (Filed on 5/20/2021) (Entered: 05/20/2021)** |
| 05/20/2021 | 716 | **DISCOVERY ORDER re 714 Discovery Letter Brief. The Court orders Apple to email the document by 1:00 p.m. today for *in camera* review, along with any declarations in support of its claims of attorney-client privilege and work product. Epic may file any response to those declarations by 4:00 p.m. today. Signed by Judge Thomas S. Hixson on 5/20/2021. (cdnS, COURT STAFF) (Filed on 5/20/2021) (Entered: 05/20/2021)** |
| 05/20/2021 | | Set/Reset Deadlines as to 708 MOTION for Judgment on Partial Findings Pursuant to Fed. R. Civ. P. 52(c): Responses due by 5/23/2021 by 12:00 PM PDT. Replies due by 5/26/2021. (fs, COURT STAFF) (Filed on 5/20/2021) (Entered: 05/20/2021) |
| 05/20/2021 | 717 | **DISCOVERY ORDER re 716 Order. The Court orders Apple to file the Andeer Declaration and orders Epic to file its response. Signed by Judge Thomas S. Hixson on 5/20/2021. (cdnS, COURT STAFF) (Filed on 5/20/2021) (Entered: 05/20/2021)** |
| 05/20/2021 | 718 | **Discovery Order re: 714 Joint Discovery Letter Brief Regarding Apple Inc.'s Clawback of Document. Apple's clawback is SUSTAINED. Signed by Judge Thomas S. Hixson on 5/20/2021. (cdnS, COURT STAFF) (Filed on 5/20/2021) (Entered: 05/20/2021)** |
| 05/20/2021 | 719 | Declaration of Kyle Andeer in Support of 717 Order *in Support of Apple's Joint Letter Submission Regarding Clawback of Document* filed byApple Inc.. (Related document(s) 717 ) (Dettmer, Ethan) (Filed on 5/20/2021) (Entered: 05/20/2021) |
| 05/20/2021 | 720 | Epic Games Inc.'s Response to Declaration of Kyle Andeer in Support of Apple's Joint Letter Submission Regarding Clawback of Document by Epic Games, Inc. (Attachments: # 1 Exhibit A)(Moskowitz, Lauren) (Filed on 5/20/2021) Modified on 5/21/2021 (cjlS, COURT STAFF). (Entered: 05/20/2021) |
| 05/20/2021 | 721 | MOTION to Strike *Dr. Susan Athey's Written and Oral Expert Testimony* filed by Apple Inc.. Motion Hearing set for 5/24/2021 08:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 5/21/2021. Replies due by 5/24/2021. (Attachments: # 1 Declaration of M. Perry, # 2 Exhibit A, Perry Decl., # 3 Exhibit B, Perry Decl., # 4 Proposed Order)(Perry, Mark) (Filed on 5/20/2021) (Entered: 05/20/2021) |
| 05/20/2021 | 722 | Brief *Regarding Susan Athey's Direct Written Testimony* filed byEpic Games, Inc.. (Attachments: # 1 Appendix A, # 2 Declaration of Yonatan Even, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4)(Even, Yonatan) (Filed on 5/20/2021) (Entered: 05/20/2021) |
| 05/20/2021 | 723 | NOTICE of Submission of Amended and Redacted Versions of Certain Expert Written Direct Testimony and Withdrawal of Certain Expert Written Direct Testimony by Epic Games, Inc. (Attachments: # 1 Ex. Expert 1, # 2 Ex. Expert 16)(Byars, Michael) (Filed on 5/20/2021) Modified on 5/21/2021 (cjlS, COURT STAFF). (Entered: 05/20/2021) |
| 05/20/2021 | 724 | NOTICE of Joint Filing Pursuant to Stipulation Governing Objections to Deposition Testimony by Epic Games, Inc., Apple Inc (Attachments: # 1 Deposition Objections Chart and Rulings Thereon)(Forrest, Katherine) (Filed on 5/20/2021) Modified on 5/21/2021 (cjlS, COURT STAFF). (Entered: 05/20/2021) |
| 05/20/2021 | 725 | STIPULATION WITH [PROPOSED] ORDER Regarding Admission of Exhibits and Deposition Designations filed by Epic Games, Inc. Apple Inc. (Clarke, Justin) (Filed on |

| | | |
|---|---|---|
| | | 5/20/2021) Modified on 5/21/2021 (cjlS, COURT STAFF). (Entered: 05/20/2021) |
| 05/20/2021 | 744 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/20/2021. Further Bench Trial set for Friday, 5/21/2021 at 8:00AM.Total Time in Court: 6:24. Court Reporter: Diane Skillman.** <br><br> **FOR PUBLIC ACCESS TO BENCH TRIAL:** <br> **Please use the following Dial in information:** <br> **ATT PUBLIC DIAL IN: 1-877-336-1839** <br> **Access Code: 9403112** <br><br> **(fs, COURT STAFF) (Date Filed: 5/20/2021) (Entered: 05/24/2021)** |
| 05/21/2021 | 726 | Press Pool Schedule for Week of May 24, 2021 by Reporters Committee for Freedom of the Press and 18 Media Organizations. (Townsend, Katie) (Filed on 5/21/2021) Modified on 5/24/2021 (cjlS, COURT STAFF). (Entered: 05/21/2021) |
| 05/21/2021 | 727 | Class Plaintiffs' Schedule Re: In-Person Attendance at Trial, Week of May 24, 2021 by Donald R. Cameron. (Berman, Steve) (Filed on 5/21/2021) Modified on 5/24/2021 (cjlS, COURT STAFF). (Entered: 05/21/2021) |
| 05/21/2021 | 728 | TRANSCRIPT ORDER for proceedings held on 5/21/21 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/21/2021) (Entered: 05/21/2021) |
| 05/21/2021 | 729 | Administrative Motion to File Under Seal *(Partially) Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order)(Brass, Rachel) (Filed on 5/21/2021) (Entered: 05/21/2021) |
| 05/21/2021 | 730 | EXHIBITS TO DECLARATION OF RACHEL S. BRASS IN SUPPORT OF 729 DEFENDANT APPLE INC.S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO filed by Apple Inc. (Attachments: # 1 DX-4089A, # 2 PX-0101, # 3 PX-0191, # 4 PX-1085, # 5 PX-1086, # 6 PX-1901, # 7 PX-1922, # 8 PX-2090, # 9 PX-2174, # 10 PX-2302, # 11 PX-2303, # 12 PX-2309, # 13 PX-2337, # 14 PX-2350, # 15 PX-2366, # 16 PX-2367, # 17 PX-2378, # 18 PX-2389, # 19 PX-2390)(Related document(s) 729 ) (Brass, Rachel) (Filed on 5/21/2021) Modified on 5/24/2021 (cjlS, COURT STAFF). (Entered: 05/21/2021) |
| 05/21/2021 | 731 | Administrative Motion to File Under Seal *Limited Portions of the Parties' Trial Exhibits and Any References at Trial to the Information Sought to be Sealed* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Joseph Kreiner in Support of Epic's Motion to Seal, # 2 Exhibit A of Joseph Kreiner Declaration, # 3 Exhibit, # 4 Exhibit, # 5 Proposed Order)(Clarke, Justin) (Filed on 5/21/2021) (Entered: 05/21/2021) |
| 05/21/2021 | 732 | Declaration of Cynthia Williams in Support of 731 Administrative Motion to File Under Seal *Limited Portions of the Parties' Trial Exhibits and Any References at Trial to the Information Sought to be Sealed* filed byMicrosoft Corporation. (Related document(s) 731 ) (Chiappetta, David) (Filed on 5/21/2021) (Entered: 05/21/2021) |
| 05/21/2021 | 733 | Declaration of Don Sechler in Support of 731 Administrative Motion to File Under Seal *Limited Portions of the Parties' Trial Exhibits and Any References at Trial to the Information Sought to be Sealed* filed bySony Interactive Entertainment LLC. (Related document(s) 731 ) (Cove, John) (Filed on 5/21/2021) (Entered: 05/21/2021) |
| 05/21/2021 | 734 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 731 Administrative Motion to File Under Seal *Limited Portions of the Parties' Trial Exhibits and Any References at Trial to the Information Sought to be Sealed* (Karin, John) (Filed on 5/21/2021) (Entered: 05/21/2021) |
| 05/21/2021 | 735 | EXHIBITS TO DECLARATION OF RACHEL S. BRASS IN SUPPORT OF 729 DEFENDANT APPLE INC.S ADMINISTRATIVE MOTION TO PARTIALLY SEAL |

| | | |
|---|---|---|
| | | PORTIONS OF THE PARTIES TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO filed by Apple Inc. (Attachments: # 1 Epic Ex. Depo. 8, # 2 Epic Ex. Depo. 9, # 3 Epic Ex. Depo. 11, # 4 Epic Ex. Depo. 12, # 5 Epic Ex. Depo. 13, # 6 Epic Ex. Depo. 19, # 7 Certificate/Proof of Service)(Related document(s) 729 ) (Brass, Rachel) (Filed on 5/21/2021) Modified on 5/24/2021 (cjlS, COURT STAFF). (Entered: 05/21/2021) |
| 05/21/2021 | 736 | Declaration of Shane M. Palmer in Support of 707 Administrative Motion to File Under Seal *Exhibits to Epic's Administrative Motion for Leave to File Sur-Reply* filed bySpotify USA Inc.. (Related document(s) 707 ) (Palmer, Shane) (Filed on 5/21/2021) (Entered: 05/21/2021) |
| 05/21/2021 | 751 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held on 5/21/2021. Further Bench Trial set for Monday, 5/24/2021 at 8:00 AM.Total Time in Court: 5:14. Court Reporter: Diane Skillman.** <br><br> **FOR PUBLIC ACCESS TO BENCH TRIAL:** <br> **Please use the following Dial in information:** <br> **ATT PUBLIC DIAL IN: 1-877-336-1839** <br> **Access Code: 9403112** <br><br> **(fs, COURT STAFF) (Date Filed: 5/21/2021) (Entered: 05/25/2021)** |
| 05/23/2021 | 737 | Opposition to 708 Apple Inc.'s Motion for Judgment on Partial Findings filed by Epic Games, Inc. (Bornstein, Gary) (Filed on 5/23/2021) Modified on 5/24/2021 (cjlS, COURT STAFF). (Entered: 05/23/2021) |
| 05/23/2021 | 738 | **ORDER GRANTING 725 STIPULATION RE: ADMISSION OF EXHIBITS AND DEPOSITION DESIGNATIONS** by Judge Yvonne Gonzalez Rogers. (ygrlc2S, COURT STAFF) (Filed on 5/23/2021) (Entered: 05/23/2021) |
| 05/23/2021 | 739 | ADMINISTRATIVE MOTION For Clarification re 715 Order *ADMINISTRATIVE MOTION OF NON-PARTY SONY INTERACTIVE ENTERTAINMENT FOR CLARIFICATION RE: TRIAL ORDER NO. 7 [ECF 715]* filed by Sony Interactive Entertainment LLC. Responses due by 5/27/2021. (Cove, John) (Filed on 5/23/2021) (Entered: 05/23/2021) |
| 05/23/2021 | 740 | Administrative Motion to File Under Seal *Exhibit PX-1047 and Live Trial Testimony Related Thereto* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order, # 3 PX-1047, # 4 Certificate/Proof of Service)(Brass, Rachel) (Filed on 5/23/2021) (Entered: 05/23/2021) |
| 05/23/2021 | 741 | STIPULATION WITH [PROPOSED] ORDER Regarding Withdrawal of Exhibits from Evidence filed by Epic Games, Inc., Apple Inc. (Clarke, Justin) (Filed on 5/23/2021) Modified on 5/24/2021 (cjlS, COURT STAFF). (Entered: 05/23/2021) |
| 05/23/2021 | 742 | NOTICE of Filing of Expert Written Direct Testimony by Apple Inc. (Attachments: # 1 Ex. Expert 6, # 2 Ex. Expert 7, # 3 Ex. Expert 8, # 4 Ex. Expert 10, # 5 Ex. Expert 11, # 6 Ex. Expert 12)(Doren, Richard) (Filed on 5/23/2021) Modified on 5/24/2021 (cjlS, COURT STAFF). (Entered: 05/23/2021) |
| 05/23/2021 | 743 | Notice of Filing of Unredacted Written Direct Testimony filed by Apple Inc. (Attachments: # 1 Ex. Expert 6, # 2 Ex. Expert 7, # 3 Ex. Expert 8, # 4 Ex. Expert 11)(Related document(s) 489 ) (Doren, Richard) (Filed on 5/23/2021) Modified on 5/24/2021 (cjlS, COURT STAFF). (Entered: 05/23/2021) |
| 05/24/2021 | 745 | NOTICE of Errata Regarding Filing of Unredacted Final Versions of Expert Written Direct Testimony by Apple Inc. (Attachments: # 1 Ex. Expert 6, # 2 Ex. Expert 12)(Brass, Rachel) (Filed on 5/24/2021) Modified on 5/25/2021 (cjlS, COURT STAFF). (Entered: 05/24/2021) |
| 05/24/2021 | 746 | TRANSCRIPT ORDER for proceedings held on 5/21/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/24/2021) (Entered: 05/24/2021) |

| | | |
|---|---|---|
| 05/24/2021 | 747 | Administrative Motion to File Under Seal *Exhibits PX-1017 and PX-2946* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order, # 3 PX-1017, # 4 PX-2946, # 5 Certificate/Proof of Service)(Brass, Rachel) (Filed on 5/24/2021) (Entered: 05/24/2021) |
| 05/24/2021 | 748 | Declaration of RACHEL S. BRASS in Support of 699 Administrative Motion to File Under Seal *Portions of Ex. Expert 1* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Certificate/Proof of Service)(Related document(s) 699 ) (Brass, Rachel) (Filed on 5/24/2021) (Entered: 05/24/2021) |
| 05/24/2021 | 749 | EXHIBIT TO DECLARATION OF RACHEL S. BRASS IN RESPONSE TO 699 EPIC GAMES, INC.S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EX. EXPERT 1 filed by Apple Inc. (Attachments: # 1 Ex. Expert 1)(Related document(s) 699 ) (Brass, Rachel) (Filed on 5/24/2021) Modified on 5/25/2021 (cjlS, COURT STAFF). (Entered: 05/24/2021) |
| 05/24/2021 | 753 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Bench Trial held and completed on 5/24/2021.Total Time in Court: 3:33. Court Reporter: Diane Skillman. (fs, COURT STAFF) (Date Filed: 5/24/2021) (Entered: 05/25/2021)** |
| 05/25/2021 | 750 | TRANSCRIPT ORDER for proceedings held on 5/20/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/25/2021) (Entered: 05/25/2021) |
| 05/25/2021 | 752 | TRANSCRIPT ORDER for proceedings held on 5/6/21 and transcripts going forward until the end of the trial before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/25/2021) (Entered: 05/25/2021) |
| 05/26/2021 | 754 | Transcript of Proceedings held on May 17, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, Pamela Hebel, Raynee Mercado, telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/24/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 755 | Transcript of Proceedings held on May 18, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, Pamela Hebel, Raynee Mercado, telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/24/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 756 | Transcript of Proceedings held on May 19, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, Pamela Hebel, Raynee Mercado, telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/24/2021. (Related documents(s) 427 ) (Skillman, Diane) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 757 | Transcript of Proceedings held on May 20, 2021, before Judge Yvonne Gonzalez Rogers. Court |

| | | |
|---|---|---|
| | | Reporter Diane E. Skillman, Pamela Hebel, Raynee Mercado telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/24/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 758 | Transcript of Proceedings held on May 21, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, Pamela Hebel, Raynee Mercado telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/24/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 760 | Transcript of Proceedings held on May 24, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman and Pamela Hebel, telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporters until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/24/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 761 | Sealed Transcript of Proceedings held on May 3, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, Telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 6/23/2021. (desS, COURT STAFF) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 762 | Sealed Transcript of Proceedings held on May 4, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Diane E. Skillman, Telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 6/23/2021. (desS, COURT STAFF) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 763 | Sealed Transcript of Proceedings held on May 5, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman Pamela Hebel, Telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 6/23/2021. (desS, COURT STAFF) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 764 | Sealed Transcript of Proceedings held on May 6, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman and Pamela Hebel, Telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 6/23/2021. (desS, COURT STAFF) (Filed on 5/26/2021) (Entered: 05/26/2021) |

| 05/26/2021 | 765 | Sealed Transcript of Proceedings held on May 11, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman and Pamela Hebel, Telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 6/23/2021. (desS, COURT STAFF) (Filed on 5/26/2021) (Entered: 05/26/2021) |
|---|---|---|
| 05/26/2021 | 766 | TRANSCRIPT ORDER for proceedings held on 5/3, 5/21 & 5/24 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Diane Skillman. (Stute, William) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/26/2021 | 767 | REPLY (re 708 MOTION for Judgment on Partial Findings *Pursuant to Fed. R. Civ. P. 52(c)* ) filed byApple Inc.. (Perry, Mark) (Filed on 5/26/2021) (Entered: 05/26/2021) |
| 05/27/2021 | 768 | Sealed Transcript of Proceedings held on May 13, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman, Pamela Hebel, Raynee Mercado, Telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 6/24/2021. (desS, COURT STAFF) (Filed on 5/27/2021) (Entered: 05/27/2021) |
| 05/27/2021 | 769 | Sealed Transcript of Proceedings held on May 14, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman, Pamela Hebel, Raynee Mercado, Telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 6/24/2021. (desS, COURT STAFF) (Filed on 5/27/2021) (Entered: 05/27/2021) |
| 05/27/2021 | 770 | Sealed Transcript of Proceedings held on May 21, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman, Pamela Hebel, Raynee Mercado, Telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 6/24/2021. (desS, COURT STAFF) (Filed on 5/27/2021) (Entered: 05/27/2021) |
| 05/28/2021 | 771 | TRANSCRIPT ORDER for proceedings held on 5/3/21 - 5/24/21 Trial Days before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 772 | TRANSCRIPT ORDER for proceedings held on 5/3/21- 5/24/21 All Trial Days before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 773 | TRANSCRIPT ORDER for proceedings held on 5/6 & 7/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 774 | TRANSCRIPT ORDER for proceedings held on 5/17 & 18/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 775 | TRANSCRIPT ORDER for proceedings held on 5/3 - 24/2021 Full Trial before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 776 | *Notice of Submission of Full Set of Expert Written Direct Testimony* re 509 Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Expert Written Direct Examinations filed by Epic Games, Inc.. (Attachments: # 1 Ex. Expert 1, # 2 Ex. Expert 1 (Sealed), # 3 Ex. Expert 2, # 4 Ex. Expert 2 (Sealed), # 5 Ex. Expert 3, # 6 Ex. Expert 3 (Sealed), # 7 Ex. Expert 4, # 8 Ex. Expert 5, # 9 Ex. Expert 13, # 10 Ex. Expert 13 (Sealed), # 11 Ex. Expert 16, # 12 Ex. Expert |

| | | 16 (Sealed))(Related document(s) 509 ) (Byars, Michael) (Filed on 5/28/2021) Modified on 5/28/2021 (jmlS, COURT STAFF). (Entered: 05/28/2021) |
|---|---|---|
| 05/28/2021 | 777 | Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Proposed Findings of Fact and Conclusions of Law filed by Epic Games, Inc. (Attachments: # 1 Declaration of M. Brent Byars, # 2 Proposed Order, # 3 Findings of Fact and Conclusions of Law (Redacted), # 4 Findings of Fact and Conclusions of Law (Unredacted))(Byars, Michael) (Filed on 5/28/2021) Modified on 6/1/2021 (cjlS, COURT STAFF). (Entered: 05/28/2021) |
| 05/28/2021 | 778 | Administrative Motion to File Under Seal *Final Proposed Findings of Fact and Conclusions of Law* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order, # 3 Redacted Version of Document Sought to be Sealed, # 4 Unredacted Version of Document Sought to be Sealed, # 5 Certificate/Proof of Service)(Brass, Rachel) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 779 | Proposed Findings of Fact by Apple Inc. . (Attachments: # 1 Final Proposed Findings of Fact and Conclusions of Law)(Perry, Mark) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 780 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 777 Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal Portions of Its Proposed Findings of Fact and Conclusions of Law")* (Byars, Michael) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 781 | CERTIFICATE OF SERVICE by Apple Inc. re 778 Administrative Motion to File Under Seal *Final Proposed Findings of Fact and Conclusions of Law* (Brass, Rachel) (Filed on 5/28/2021) (Entered: 05/28/2021) |
| 05/28/2021 | 782 | CORRECTED Transcript of Proceedings held on May 11, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporters Diane E. Skillman and Pamela Hebel, telephone number 925-899-2912, Diane_Skillman@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 427 Transcript Order - Future Trial with Daily Transcripts, 425 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/26/2021. (Related documents(s) 427 , 425 ) (Skillman, Diane) (Filed on 5/28/2021) Modified on 5/28/2021 (oh, COURT STAFF). (Entered: 05/28/2021) |
| 05/29/2021 | 783 | Declaration of Victoria F. Maroulis in Support of 778 Administrative Motion to File Under Seal *Final Proposed Findings of Fact and Conclusions of Law* filed bySamsung Electronics Co., Ltd. (Related document(s) 778 ) (Maroulis, Victoria) (Filed on 5/29/2021) (Entered: 05/29/2021) |
| 06/01/2021 | 784 | Declaration of Asim M. Bhansali in Support of 778 Administrative Motion to File Under Seal *Final Proposed Findings of Fact and Conclusions of Law* filed byGoogle LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Related document(s) 778 ) (Bhansali, Asim) (Filed on 6/1/2021) (Entered: 06/01/2021) |
| 06/01/2021 | 785 | Declaration of David P. Chiappetta in Support of 778 Administrative Motion to File Under Seal *Final Proposed Findings of Fact and Conclusions of Law* filed byMicrosoft Corporation. (Related document(s) 778 ) (Chiappetta, David) (Filed on 6/1/2021) (Entered: 06/01/2021) |
| 06/01/2021 | 786 | Declaration of Don Sechler in Support of 778 Administrative Motion to File Under Seal *Final Proposed Findings of Fact and Conclusions of Law* filed bySony Interactive Entertainment LLC. (Related document(s) 778 ) (Cove, John) (Filed on 6/1/2021) (Entered: 06/01/2021) |
| 06/03/2021 | 787 | NOTICE of Appearance by Dwight Craig Donovan (Donovan, Dwight) (Filed on 6/3/2021) (Entered: 06/03/2021) |
| 06/04/2021 | 788 | MOTION for leave to appear in Pro Hac Vice Re: Michael R. Huttenlocher (Filing fee $ 317, receipt number 0971-16042357) filed by Apple Inc. (Attachments: # 1 Certificate of Good |

| | | Standing)(Huttenlocher, Michael) (Filed on 6/4/2021) Modified on 6/4/2021 (cjlS, COURT STAFF). (Entered: 06/04/2021) |
|---|---|---|
| 06/07/2021 | 789 | TRANSCRIPT ORDER for proceedings held on 5/21/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/08/2021 | 790 | TRANSCRIPT ORDER for proceedings held on 5/24/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/08/2021 | 791 | Epic Games, Inc.'s Objections to Apple Inc.'s Proposed Findings of Fact and Conclusions of Law by Epic Games, Inc. (Bornstein, Gary) (Filed on 6/8/2021) Modified on 6/9/2021 (cjlS, COURT STAFF). (Entered: 06/08/2021) |
| 06/09/2021 | 792 | TRANSCRIPT ORDER for proceedings held on 5/3/2021 - 5/24/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Diane Skillman. (oh, COURT STAFF) (Filed on 6/9/2021) (Entered: 06/09/2021) |
| 06/09/2021 | 793 | APPLE INC.S RESPONSE TO 791 OBJECTIONS TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by Apple Inc. (Perry, Mark) (Filed on 6/9/2021) Modified on 6/10/2021 (cjlS, COURT STAFF). (Entered: 06/09/2021) |
| 06/09/2021 | 794 | **POSTTRIAL ORDER NO. 1 RE: (1) ORDER GRANTING PENDING STIPULATION; (2) SONY INTERACTIVE ENTERTAINMENT LLCS ADMINISTRATIVE MOTION TO CLARIFY; (3) FINAL SEALING REQUESTS; AND (4) DEFERRED DOCUMENTS. Signed by Judge Yvonne Gonzalez Rogers on 6/9/2021. (fs, COURT STAFF) (Filed on 6/9/2021) (Entered: 06/09/2021)** |
| 06/09/2021 | 795 | **ORDER by Judge Yvonne Gonzalez Rogers granting 788 Motion for Pro Hac Vice as to Michael R. Huttenlocher. (fs, COURT STAFF) (Filed on 6/9/2021) (Entered: 06/09/2021)** |
| 06/11/2021 | 796 | Joint Trial Transcript Errata by Epic Games, Inc., Apple Inc. (Forrest, Katherine) (Filed on 6/11/2021) Modified on 6/11/2021 (cjlS, COURT STAFF). (Entered: 06/11/2021) |
| 06/25/2021 | 797 | Statement *of Recent Decision* by Apple Inc.. (Attachments: # 1 Exhibit 1)(Perry, Mark) (Filed on 6/25/2021) (Entered: 06/25/2021) |
| 06/25/2021 | 798 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NIANTIC, INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 799 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ELECTRONIC ARTS INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 800 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM WALT DISNEY COMPANY. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 801 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ZYNGA, INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/28/2021 | 802 | **ORDER GRANTING STIPULATION EXTENDING TIME TO RESPOND TO CONSUMER PLAINTIFFS' ADMINISTRATIVE MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDERS by Judge Yvonne Gonzalez Rogers ;granting (436) Stipulation in case 4:11-cv-06714-YGR; granting (325) Stipulation in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 06/28/2021 | 803 | **ORDER GRANTING STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM GLU MOBILE INC. by Judge Yvonne Gonzalez Rogers; granting (440) Stipulation in case 4:11-cv-06714-YGR; granting (330) Stipulation** |

| | | |
|---|---|---|
| | | **in case 4:19-cv-03074-YGR; granting (695) Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 07/16/2021 | <u>804</u> | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7-3.d filed byApple Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4)(Perry, Mark) (Filed on 7/16/2021) (Entered: 07/16/2021) |

# EXHIBIT 3

ADRMOP,CONSOL,PROTO,PRVADR,REFDIS,RELATE

## U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:19-cv-03074-YGR

Cameron et al v. Apple Inc.

Assigned to: Judge Yvonne Gonzalez Rogers

Referred to: Magistrate Judge Thomas S. Hixson

Relate Case Cases: 4:11-cv-06714-YGR
                    4:20-cv-05640-YGR

Cause: 15:2 Antitrust Litigation

Date Filed: 06/04/2019

Jury Demand: Both

Nature of Suit: 410 Anti-Trust

Jurisdiction: Federal Question

**Plaintiff**

**Donald R. Cameron**
*a California resident*

represented by **Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alberto Rodriguez**
Sperling & Slater P.C.
55 W. Monroe St
Suite 3200
Chicago, IL 60603
(312) 641-3200
Email: arodriguez@sperling-law.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ben Michael Harrington**
Hagens Berman
715 Hearst Avenue, Suite 200
Berkeley, CA 94710
510-725-3000
Email: benh@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Benjamin Jacob Siegel**
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3036
Fax: (510) 725-3001
Email: bens@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Eamon Padraic Kelly**
Sperling & Slater P.C.
55 West Monroe Street

Suite 3200
Chicago, IL 60603
312-641-3200
Email: ekelly@sperling-law.com
*ATTORNEY TO BE NOTICED*

**Joseph M Vanek**
Sperling & Slater, P.C.
55 West Monroe Street
Suite 3200
Chicago, IL 60603
312-641-3200
Email: jvanek@sperling-law.com
*ATTORNEY TO BE NOTICED*

**Robert F Lopez**
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
206-623-7292
Fax: 206-623-0594
Email: robl@hbsslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ted Wojcik**
Hagens Berman Sobol Shapiro
1301 2nd Ave
No. 2000
Seattle, WA 98101
206-623-7292
Email: tedw@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Shana E. Scarlett**
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000
Fax: (510) 725-3001
Email: shanas@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pure Sweat Basketball, Inc.**
*an Illinois corporation, on behalf of*
*themselves and all others similarly situated*

represented by **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alberto Rodriguez**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ben Michael Harrington**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Benjamin Jacob Siegel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eamon Padraic Kelly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M Vanek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert F Lopez**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ted Wojcik**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shana E. Scarlett**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**<u>Consol Plaintiff</u>**

**Barry Sermons**                  represented by   **Cadio R. Zirpoli**
*TERMINATED: 11/24/2020*                            Saveri & Saveri, Inc.
                                                    706 Sansome Street
                                                    San Francisco, CA 94111
                                                    415-217-6810
                                                    Fax: 415-217-6813
                                                    Email: cadio@saveri.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Benjamin Jacob Siegel**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Brian Michael Hogan**
                                                    Freed Kanner London Millen LLC
                                                    2201 Waukegan Rd.
                                                    Suite 130
                                                    Bannockburn, IL 60015
                                                    224-632-4500
                                                    Fax: 224-632-4521
                                                    Email: bhogan@fklmlaw.com
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Douglas A. Millen**

Freed Kanner London & Millen LLC
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
224-632-4500
Fax: 224-632-4519
Email: doug@fklmlaw.com
*ATTORNEY TO BE NOTICED*

**Guido Saveri**
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
415-217-6810
Fax: 415-217-6813
Email: guido@saveri.com
*ATTORNEY TO BE NOTICED*

**Jonathan Marc Jagher**
Freed Kanner London & Millen LLC
923 Fayette Street
Conshohocken, PA 19428
6102346487
Email: jjagher@fklmlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kimberly A Justice**
Freed Kanner London & Millen LLC
923 Fayette Street
Conshohocken, PA 19428
610-234-6487
Fax: 224-632-4521
Email: kjustice@fklmlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard Alexander Saveri**
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
415-217-6810
Fax: 415-217-6813
Email: rick@saveri.com
*ATTORNEY TO BE NOTICED*

**Sarah Jane Van Culin**
Saveri & Saveri, Inc
706 Sansome Street
San Francisco, CA 94111
4152176810
Fax: 4152176813
Email: sarah@saveri.com
*ATTORNEY TO BE NOTICED*

**Shana E. Scarlett**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Apple Inc.**                    represented by **Jason C Lo**
*a California corporation*                        Gibson, Dunn & Crutcher LLP
                                                  333 S. Grand Ave.
                                                  Los Angeles, CA 90071
                                                  213-229-7153
                                                  Fax: 213-229-6153
                                                  Email: jlo@gibsondunn.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Peter John Sacripanti**
                                                  McDermott Will and Emery LLP
                                                  340 Madison Avenue
                                                  New York, NY 10173-1922
                                                  212-547-5583
                                                  Fax: 212-547-5444
                                                  Email: psacripanti@mwe.com
                                                  *LEAD ATTORNEY*
                                                  *PRO HAC VICE*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Theodore J. Boutrous , Jr.**
                                                  Gibson, Dunn & Crutcher LLP
                                                  333 South Grand Avenue
                                                  Los Angeles, CA 90071-3197
                                                  (213) 229-7804
                                                  Fax: (213) 229-7520
                                                  Email: tboutrous@gibsondunn.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Anna Tryon Pletcher**
                                                  O'Melveny & Myers LLP
                                                  Two Embarcadero Center
                                                  28th Floor
                                                  San Francisco, CA 94111
                                                  415-984-8994
                                                  Email: apletcher@omm.com
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Bethany Marvin Stevens**
                                                  Walker Stevens Cannon LLP
                                                  500 Molino Street #118
                                                  Los Angeles, CA 90013
                                                  213-337-4551
                                                  Fax: 213-403-4906
                                                  Email: bstevens@wscllp.com

*ATTORNEY TO BE NOTICED*

**Betty X Yang**
Gibson Dunn and Crutcher LLP
2100 McKinney Ave
Suite 1100
Dallas, TX 75201
(214) 698-3100
Email: BYang@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cynthia Richman**
Gibson Dunn and Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8234
Fax: (202) 467-0539
Email: crichman@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dana Lynn Craig**
Gibson Dunn Crutcher LLP
333 S. Grand Avenue
Suite 5300
Los Angeles, CA 90071
(213) 229-7469
Fax: (213) 229-6469
Email: DCraig@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Daniel Glen Swanson**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7340
Fax: (213) 229-7520
Email: dswanson@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**David R. Eberhart**
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8700
Fax: (415) 984-8701
Email: deberhart@omm.com
*ATTORNEY TO BE NOTICED*

**Elena Zarabozo**
O'Melveny and Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
202-383-5300
Email: ezarabozo@omm.com
*ATTORNEY TO BE NOTICED*

**Eli Martin Lazarus**
Gibson, Dunn and Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
415-393-8200
Email: elazarus@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Andrea Rodd**
McDermott Will and Emery
200 Clarendon Street
Floor 58
Boston, MA 02116-5021
617-535-4040
Fax: 617-535-3800
Email: erodd@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ethan D. Dettmer**
Gibson, Dunn & Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105
415-393-8200
Fax: 415-986-5309
Email: edettmer@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Evan R Kreiner**
Four Times Square
New York, NY 10036
212-735-2491
Email: evan.kreiner@skadden.com
*ATTORNEY TO BE NOTICED*

**Evan N Schlom**
O'Melveny and Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
202-383-5300
Email: eschlom@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hannah Cannom**
Walker Stevens Cannom LLP
500 Molino Street
Suite 118
Los Angeles, CA 90013
(213) 337-9972
Email: hcannom@wscllp.com
*ATTORNEY TO BE NOTICED*

**Harry Phillips**

Gibson, Dunn and Crutcher LLP
1050 Connecticut Avenue NW
Washington, DC 20036
202-887-3706
Email: hphillips2@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jagannathan P Srinivasan**
Gibson Dunn
333 S Grand Ave
Los Angeles, CA 90071
213-229-7296
Email: jsrinivasan@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**John J. Calandra**
McDermott Will and Emery LLP
340 Madison Avenue
New York, NY 10173-1922
212-547-5489
Fax: 212-547-5444
Email: jcalandra@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karen Hoffman Lent**
Skadden Arps Slate Meagher Flom LLP
One Manhattan West
New York, NY 10001
212-735-3000
Email: karen.lent@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katrina Marie Robson**
O'Melveny and Myers
1625 Eye St., NW
Washington, DC 20006
202-220-5052
Fax: 202-383-5414
Email: krobson@omm.com
*ATTORNEY TO BE NOTICED*

**Mark A. Perry**
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
202/887-3621
Fax: 202/530-9535
Email: mperry@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Melissa Phan**
Gibson Dunn
333 South Grand Avenue

Los Angeles, CA 90071
213-229-7346
Email: mphan@gibsondunn.com
*TERMINATED: 11/25/2019*

**Michael J. Holecek**
Gibson Dunn Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7018
Fax: (213) 229-7520
Email: mholecek@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Michael R Huttenlocher**
McDermott Will Emery LLP
340 Madison Avenue
New York, NY 10173
United Sta
212-547-5400
Email: mhuttenlocher@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle S Lowery**
McDermott Will and Emery
2049 Century Park East
Los Angeles, CA 90067
(310) 551-9309
Email: mslowery@mwe.com
*ATTORNEY TO BE NOTICED*

**Nicole Lauren Castle**
McDermott Will and Emery LLP
340 Madison Avenue
New York, NY 10173-1922
212-547-5480
Fax: 212-547-5444
Email: ncastle@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel S. Brass**
Gibson Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
(415) 393-8200
Fax: (415) 393-8306
Email: rbrass@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Richard Joseph Doren**
Gibson Dunn Crutcher
333 S Grand Ave
Los Angeles, CA 90071
213-229-7038
Fax: 213-629-7038

Email: rdoren@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Scott A Schaeffer**
O'Melveny and Myers LLP
Plaza 66, 37th Floor
1266 Nanjing Road West
Shanghai 200040
China
213-430-6000
Email: sschaeffer@omm.com
*ATTORNEY TO BE NOTICED*

**Veronica Smith Moye**
Gibson Dunn Crutcher LLP
2001 Ross Avenue
Suite 1100
Dallas, TX 75201
214-698-3100
Fax: 214-571-2936
Email: VLewis@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Zainab Ahmad**
Gibson, Dunn and Crutcher
200 Park Avenue
New York, NY 10166-0193
212-351-2609
Email: ZAhmad@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.
**Movant**

| Robert Pepper | represented by | **Brittany Nicole DeJong** |

Wolf Haldenstein Adler Freeman and Herz
LLP
750 B Street, Suite 1820
San Diego, CA 92101
(619) 239-4599
Fax: (619) 234-4599
Email: dejong@whafh.com
*ATTORNEY TO BE NOTICED*

**Movant**

| Stephen H. Schwartz | represented by | **Brittany Nicole DeJong** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

| Edward W. Hayter | represented by | **Brittany Nicole DeJong** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Edward Lawrence**                          represented by **Brittany Nicole DeJong**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*

**Interested Party**

**Epic Games, Inc.**                         represented by **Gary Andrew Bornstein**
                                             Cravath, Swaine and Moore
                                             Worldwide Plaza
                                             825 Eighth Ave.
                                             New York, NY 10019
                                             212-474-1000
                                             Email: gbornstein@cravath.com
                                             *ATTORNEY TO BE NOTICED*

                                             **Joe Wesley Earnhardt**
                                             Cravath, Swaine and Moore LLP
                                             825 8th Ave
                                             New York, NY 10019
                                             212-474-1138
                                             Email: wearnhardt@cravath.com
                                             *ATTORNEY TO BE NOTICED*

                                             **John I Karin**
                                             Cravath, Swaine and Moore LLP
                                             825 Eighth Avenue
                                             New York, NY 10019
                                             212-474-1000
                                             Email: jkarin@cravath.com
                                             *ATTORNEY TO BE NOTICED*

                                             **Justin C Clarke**
                                             Cravath, Swaine and Moore LLP
                                             825 EighthAvenue
                                             New York, NY 10019
                                             United Sta
                                             212-474-1000
                                             Email: jcclarke@cravath.com
                                             *ATTORNEY TO BE NOTICED*

                                             **Lauren Ann Moskowitz**
                                             Cravath Swaine Moore LLP
                                             825 Eighth Avenue
                                             New York, NY 10019
                                             United Sta
                                             212-474-1000
                                             Fax: 212-474-3700
                                             Email: lmoskowitz@cravath.com
                                             *ATTORNEY TO BE NOTICED*

                                             **Michael Brent Byars**
                                             Cravath, Swaine Moore LLP
                                             825 Eighth avenue
                                             New York, NY 10019
                                             212-474-1000
                                             Email: mbyars@cravath.com
                                             *ATTORNEY TO BE NOTICED*

**Paul Jeffrey Riehle**
Faegre Drinker Biddle & Reath LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
415-591-7500
Fax: 415-591-7510
Email: paul.riehle@faegredrinker.com
*ATTORNEY TO BE NOTICED*

**Vanessa A. Lavely**
Cravath, Swaine and Moore LLP
825 8th Ave.
New York, NY 10019
212-474-1000
Fax: 212-474-3700
Email: vlavely@cravath.com
*ATTORNEY TO BE NOTICED*

**Yonatan Even**
Cravath, Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1000
Fax: 212-474-3700
Email: yeven@cravath.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Valve Corporation**                    represented by **Dwight Craig Donovan**
Fox Rothschild LLP
345 California Street, Suite 2200
San Francisco, CA 94104
415-364-5540
Fax: 415-391-4436
Email: ddonovan@foxrothschild.com
*ATTORNEY TO BE NOTICED*

**Gavin W. Skok**
Fox Rothschild LLP
1001 Fourth Avenue
Suite 4500
Seattle, WA 98154
206-624-3600
Fax: 206-389-1708
Email: gskok@foxrothschild.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Microsoft Corporation**               represented by **David P. Chiappetta**
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
415-344-7076
Email: dchiappetta@perkinscoie.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Judith Bond Jennison**
Perkins Coie LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
206-359-3489
Fax: 206-359-4489
Email: jjennison@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Samsung Electronics America Inc.**                represented by  **Victoria F. Maroulis**
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
(650) 801-5000
Fax: (650) 801-5100
Email: victoriamaroulis@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Kenneth Batter**
Quinn Emanuel Urquhart Sullivan
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
United Sta
650-801-5000
Fax: 650-801-5000
Email: kylebatter@gmail.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Google LLC**                represented by  **Brian C. Rocca**
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000
Fax: (415) 442-1001
Email: brian.rocca@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Asim M. Bhansali**
Kwun Bhansali Lazarus LLP
555 Montgomery Street
Suite 750
San Francisco, CA 94111
(415) 630-2350
Fax: 415-367-1539
Email: abhansali@kblfirm.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Samsung Electronics Co., Ltd.**                    represented by  **Kyle Kenneth Batter**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Facebook, Inc.**                                   represented by  **Rosemarie Theresa Ring**
                                                                    Munger, Tolles & Olson LLP
                                                                    560 Mission St
                                                                    27th Floor
                                                                    San Francisco, CA 95105-2907
                                                                    415-512-4000
                                                                    Fax: 415-512-4700
                                                                    Email: rose.ring@mto.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Emily Claire Curran-Huberty**
                                                                    Munger Tolles and Olson LLP
                                                                    560 Mission Street
                                                                    27th Floor
                                                                    San Francisco, CA 94105
                                                                    415-512-4052
                                                                    Fax: 415-512-4077
                                                                    Email: emily.curran-huberty@mto.com
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Justin Paul Raphael**
                                                                    Munger Tolles and Olson
                                                                    560 Mission St.
                                                                    Suite 2700
                                                                    San Francisco, CA 94105
                                                                    415-512-4000
                                                                    Fax: 415-512-4077
                                                                    Email: justin.raphael@mto.com
                                                                    *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Yoga Buddhi Co.**                                  represented by  **Douglas James Dixon**
                                                                    Hueston Hennigan LLP
                                                                    620 Newport Center Drive, Suite 1300
                                                                    Newport Beach, CA 92660
                                                                    (949) 229-6840
                                                                    Fax: (888) 775-0898
                                                                    Email: DDixon@hueston.com
                                                                    *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Match Group, Inc.**                                represented by  **Douglas James Dixon**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2019 | 1 | CLASS ACTION COMPLAINT with Jury Demand against Apple Inc. (Filing fee $ 400, receipt number 0971-13404013.). Filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Civil Cover Sheet)(Scarlett, Shana) (Filed on 6/4/2019) Modified on 6/5/2019 (ajsS, COURT STAFF). (Entered: 06/04/2019) |
| 06/04/2019 | 2 | Proposed Summons. (Scarlett, Shana) (Filed on 6/4/2019) (Entered: 06/04/2019) |
| 06/04/2019 | 3 | Case assigned to Magistrate Judge Donna M. Ryu.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 6/18/2019. (bwS, COURT STAFF) (Filed on 6/4/2019) (Entered: 06/04/2019) |
| 06/04/2019 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Donald R. Cameron, Pure Sweat Basketball, Inc... (Scarlett, Shana) (Filed on 6/4/2019) (Entered: 06/04/2019) |
| 06/05/2019 | 5 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 8/28/2019. Initial Case Management Conference set for 9/4/2019 01:30 PM in Oakland, Courtroom 4, 3rd Floor. (ajsS, COURT STAFF) (Filed on 6/5/2019) (Entered: 06/05/2019)** |
| 06/05/2019 | 6 | Summons Issued as to Apple Inc. (ajsS, COURT STAFF) (Filed on 6/5/2019) (Entered: 06/05/2019) |
| 06/07/2019 | 7 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (igS, COURT STAFF) (Filed on 6/7/2019) (Entered: 06/07/2019) |
| 06/07/2019 | 8 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge William Alsup for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras.. Signed by the Clerk on 06/07/2019. (Attachments: # 1 Notice of Eligibility for Video Recording)(ajsS, COURT STAFF) (Filed on 6/7/2019) (Entered: 06/07/2019)** |
| 06/07/2019 | 9 | CLERK'S NOTICE SCHEDULING CMC ON REASSIGNMENT: Case Management Statement due by 9/5/2019. Initial Case Management Conference set for 9/12/2019 11:00 AM in San Francisco, Courtroom 12, 19th Floor. Standing orders can be downloaded from the Court's web page at www.cand.uscourts.gov/whaorders. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tlhS, COURT STAFF) (Filed on 6/7/2019) (Entered: 06/07/2019) |
| 06/07/2019 | 10 | MOTION for leave to appear in Pro Hac Vice *of Robert L. Lopez* ( Filing fee $ 310, receipt number 0971-13419251.) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Certificate of Good Standing)(Lopez, Robert) (Filed on 6/7/2019) (Entered: 06/07/2019) |
| 06/07/2019 | 11 | MOTION for leave to appear in Pro Hac Vice *of Steve W. Berman* ( Filing fee $ 310, receipt number 0971-13419310.) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Certificate of Good Standing)(Berman, Steve) (Filed on 6/7/2019) (Entered: 06/07/2019) |
| 06/13/2019 | 12 | **ORDER by Judge William Alsup granting 10 Motion for Pro Hac Vice as to attorney Robert L. Lopez. (tlhS, COURT STAFF) (Filed on 6/13/2019) (Entered: 06/13/2019)** |
| 06/13/2019 | 13 | **ORDER by Judge William Alsup granting 11 Motion for Pro Hac Vice as to attorney Steve W. Berman. (tlhS, COURT STAFF) (Filed on 6/13/2019) (Entered: 06/13/2019)** |
| 06/24/2019 | 14 | NOTICE of Appearance by Daniel Glen Swanson *Notice of Appearance of Theodore J. Boutrous, Jr.* (Swanson, Daniel) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/24/2019 | 15 | NOTICE of Appearance by Daniel Glen Swanson *Notice of Appearance of Richard J. Doren* (Swanson, Daniel) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/24/2019 | 16 | NOTICE of Appearance by Daniel Glen Swanson (Swanson, Daniel) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/24/2019 | 17 | NOTICE of Appearance by Daniel Glen Swanson *Notice of Appearance of Melissa Phan* (Swanson, Daniel) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/24/2019 | 18 | Corporate Disclosure Statement by Apple Inc. *and Certificate of Interested Entities or Persons* (Swanson, Daniel) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/24/2019 | 19 | NOTICE of Appearance by Melissa Phan *Correction to ECF No. 17* (Phan, Melissa) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/24/2019 | 20 | NOTICE of Appearance by Daniel Glen Swanson *Correction to ECF No. 16* (Swanson, Daniel) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/24/2019 | 21 | NOTICE of Appearance by Richard Joseph Doren *Correction to ECF No. 15* (Doren, Richard) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/24/2019 | 22 | Corporate Disclosure Statement by Apple Inc. *Pursuant to FED. R. CIV. P. 7.1 and Certificate of Interested Entities or Persons Pursuant to Civil L.R. 3-15/ Correction to ECF No. 18* (Doren, Richard) (Filed on 6/24/2019) (Entered: 06/24/2019) |
| 06/25/2019 | 23 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13465673.) filed by Apple Inc.. (Richman, Cynthia) (Filed on 6/25/2019) (Entered: 06/25/2019) |
| 06/25/2019 | 24 | **ORDER by Judge William Alsup denying 23 Motion for Pro Hac Vice as to attorney Cynthia E. Richman. (tlhS, COURT STAFF) (Filed on 6/25/2019) (Entered: 06/25/2019)** |
| 06/27/2019 | 25 | SUMMONS Returned Executed by Donald R. Cameron, Pure Sweat Basketball, Inc.. Apple Inc. served on 6/13/2019, answer due 7/5/2019. (Berman, Steve) (Filed on 6/27/2019) (Entered: 06/27/2019) |
| 06/27/2019 | 26 | MOTION for leave to appear in Pro Hac Vice *corrected version of Dkt. #23* ( Filing fee $ 310, receipt number 0971-13465673.) Filing fee previously paid on 6/25/19 filed by Apple Inc.. (Richman, Cynthia) (Filed on 6/27/2019) (Entered: 06/27/2019) |
| 06/27/2019 | 27 | **ORDER by Judge William Alsup granting 26 Motion for Pro Hac Vice as to attorney Cynthia E. Richman. (tlhS, COURT STAFF) (Filed on 6/27/2019) (Entered: 06/27/2019)** |
| 07/03/2019 | 28 | STIPULATION *for Extension of Time for Defendant Apple Inc. to Answer or Otherwise Respond to Complaint* filed by Apple Inc., Pure Sweat Basketball, Inc. and Donald R. Cameron. (Doren, Richard) (Filed on 7/3/2019) Modified on 7/5/2019 (amgS, COURT STAFF). (Entered: 07/03/2019) |

| 08/05/2019 | 29 | STIPULATION *for Extension of Time for Defendant Apple Inc. to Answer or Otherwise Respond to Complaint Pursuant to Civil Local Rule 6-1(a)* filed by Apple Inc., Pure Sweat Basketball, Inc. and Donald R. Cameron. (Doren, Richard) (Filed on 8/5/2019) Modified on 8/7/2019 (amgS, COURT STAFF). (Entered: 08/05/2019) |
|---|---|---|
| 08/07/2019 | 30 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13589341.) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Vanek, Joseph) (Filed on 8/7/2019) (Entered: 08/07/2019) |
| 08/07/2019 | 31 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13589374.) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Kelly, Eamon) (Filed on 8/7/2019) (Entered: 08/07/2019) |
| 08/07/2019 | 32 | **ORDER by Judge William Alsup denying 30 Motion for Pro Hac Vice as to attorney Joseph M. Vanek. (tlhS, COURT STAFF) (Filed on 8/7/2019) (Entered: 08/07/2019)** |
| 08/07/2019 | 33 | **ORDER by Judge William Alsup denying 31 Motion for Pro Hac Vice as to attorney Eamon P. Kelly. (tlhS, COURT STAFF) (Filed on 8/7/2019) (Entered: 08/07/2019)** |
| 08/08/2019 | 34 | **\*\*\* DISREGARD. ERROR IN FILING. PLEASE SEE 35 FOR CORRECTION \*\*\*** MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13589374.) Filing fee previously paid on August 7, 2019 filed by Pure Sweat Basketball, Inc.. (Kelly, Eamon) (Filed on 8/8/2019) Modified on 8/8/2019 (amgS, COURT STAFF). (Entered: 08/08/2019) |
| 08/08/2019 | 35 | MOTION for leave to appear in Pro Hac Vice *CORRECTION OF DOCKET 34* ( Filing fee $ 310, receipt number 0971-13589374.) Filing fee previously paid on August 7, 2019 filed by Pure Sweat Basketball, Inc.. (Kelly, Eamon) (Filed on 8/8/2019) (Entered: 08/08/2019) |
| 08/09/2019 | 36 | Second MOTION for leave to appear in Pro Hac Vice *CORRECTION OF DOCKET [NO. 30]* ( Filing fee $ 310, receipt number 0971-13589341.) Filing fee previously paid on August 7, 2019 filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Vanek, Joseph) (Filed on 8/9/2019) (Entered: 08/09/2019) |
| 08/09/2019 | 37 | **ORDER by Judge William Alsup granting 35 Motion for Pro Hac Vice as to attorney Eamon P. Kelly. (tlhS, COURT STAFF) (Filed on 8/9/2019) (Entered: 08/09/2019)** |
| 08/09/2019 | 38 | **ORDER by Judge William Alsup granting 36 Motion for Pro Hac Vice as to attorney Joseph M. Vanek. (tlhS, COURT STAFF) (Filed on 8/9/2019) (Entered: 08/09/2019)** |
| 08/22/2019 | 39 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *of Donald R. Cameron* (Lopez, Robert) (Filed on 8/22/2019) (Entered: 08/22/2019) |
| 08/22/2019 | 40 | **ORDER RELATING CASES 4:11-cv-6714-YGR and 19-cv-3074-WHA and 19-cv-3796-WHA. Case Management Statement due by 9/6/2019. Initial Case Management Conference in all cases is specially set for Friday, 9/13/2019 09:00 AM before Hon. Judge Yvonne Gonzalez Rogers in Oakland, Courtroom 1, 4th Floor. Signed by Judge Yvonne Gonzalez Rogers on 8/22/2019. (fs, COURT STAFF) (Filed on 8/22/2019) (Entered: 08/22/2019)** |
| 08/22/2019 | | Set Deadlines/Hearings: Case Management Statement due by 9/6/2019. Initial Case Management Conference SPECIALLY set for FRIDAY 9/13/2019 09:00 AM BEFORE HON. JUDGE YVONNE GONZALEZ ROGERS in Oakland, Courtroom 1, 4th Floor. (fs, COURT STAFF) (Filed on 8/22/2019) (Entered: 08/22/2019) |
| 08/22/2019 | 41 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *of Apple Inc.* (Richman, Cynthia) (Filed on 8/22/2019) (Entered: 08/22/2019) |
| 08/22/2019 | 42 | STIPULATION and Proposed Order selecting Private ADR by Apple Inc. filed by Apple Inc., Pure Sweat Basketball, Inc. and Donald R. Cameron. (Richman, Cynthia) (Filed on 8/22/2019) Modified on 8/23/2019 (amgS, COURT STAFF). (Entered: 08/22/2019) |

| 08/23/2019 | 43 | Case reassigned to Judge Yvonne Gonzalez Rogers. Judge William Alsup no longer assigned to the case. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. (ajsS, COURT STAFF) (Filed on 8/23/2019) (Entered: 08/23/2019) |
|---|---|---|
| 08/23/2019 | 44 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Kelly, Eamon) (Filed on 8/23/2019) (Entered: 08/23/2019) |
| 08/30/2019 | 45 | STIPULATION WITH PROPOSED ORDER *Continuing Case Management Conference* filed by Donald R. Cameron, Pure Sweat Basketball, Inc., Apple Inc. (Attachments: # 1 Declaration of Mark C. Rifkin in Support of Stipulation and [Proposed] Order Continuing Case Management Conference)(Rifkin, Mark) (Filed on 8/30/2019) Modified on 9/1/2019 (cpS, COURT STAFF). (Entered: 08/30/2019) |
| 09/05/2019 | 46 | **ORDER CONTINUING CASE MANAGEMENT CONFERENCE by Judge Yvonne Gonzalez Rogers; granting (169) Stipulation in case 4:11-cv-06714-YGR; granting (24) Stipulation in case 4:19-cv-02852-YGR; granting (45) Stipulation in case 4:19-cv-03074-YGR; granting (38) Stipulation in case 4:19-cv-03796-YGR. The Case Management Conference is continued from 9/13/2019 to 10/7/2019 at 2:00 p.m.; the parties in each related action shall file a joint CMC statement no later than 9/30/2019; the parties in each related action shall file their ADR Certifications by 9/16/2019. (fs, COURT STAFF) (Filed on 9/5/2019) (Entered: 09/05/2019)** |
| 09/05/2019 |  | Set Deadlines/Hearings: Case Management Statement due by 9/30/2019. Further Case Management Conference set for 10/7/2019 02:00 PM in Oakland, Courtroom 1, 4th Floor. (fs, COURT STAFF) (Filed on 9/5/2019) (Entered: 09/05/2019) |
| 09/11/2019 | 47 | STIPULATION *for Extension of Time for Defendant Apple Inc. to Answer or Otherwise Respond to Complaint Pursuant to Civil Local Rule 6-1(a)* filed by Apple Inc., Donald R. Cameron, Pure Sweat Basketball, Inc. (Doren, Richard) (Filed on 9/11/2019) Modified on 9/12/2019 (cpS, COURT STAFF). (Entered: 09/11/2019) |
| 09/16/2019 | 48 | **STIPULATION AND ORDER FOR EXTENSION OF TIME FOR DEFENDANT APPLE INC. TO ANSWER re 47 Stipulation, filed by Donald R. Cameron, Apple Inc., Pure Sweat Basketball, Inc.. Signed by Judge Yvonne Gonzalez Rogers on 9/16/2019. (fs, COURT STAFF) (Filed on 9/16/2019) (Entered: 09/16/2019)** |
| 09/25/2019 | 49 | *Motion for Appointment of Interim lead Class Counsel and Executive Committee* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of Steve W. Berman, # 3 Declaration of R. Alexander Saveri, # 4 Declaration of Eamon P. Kelly, # 5 Declaration of Jonathan M. Jagher)(Berman, Steve) (Filed on 9/25/2019) Modified on 9/26/2019 (jmlS, COURT STAFF). (Entered: 09/25/2019) |
| 09/25/2019 | 50 | CLERK'S NOTICE SETTING DEADLINES RE DKT. NO. 49. Set/Reset Deadlines as to 49 MOTION to Appoint Interim lead Class Counsel and Executive Committee. Responses due by 10/9/2019. Replies due by 10/16/2019. Motion Hearing set for 11/5/2019 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. <br><br> *(This is a text-only entry generated by the court. There is no document associated with this entry.)*,(fs, COURT STAFF) (Filed on 9/25/2019) (Entered: 09/26/2019) |
| 09/26/2019 | 51 | NOTICE of Appearance by Cadio R. Zirpoli (Zirpoli, Cadio) (Filed on 9/26/2019) (Entered: 09/26/2019) |
| 09/30/2019 | 52 | *Plaintiff Pure Sweat Basketball, Inc.'s Corporate Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 and Certificate of Interested Entities or Persons Pursuant to Civil L.R. 3-15* by Pure Sweat Basketball, Inc. (Kelly, Eamon) (Filed on 9/30/2019) Modified on 9/30/2019 (jmlS, COURT STAFF). (Entered: 09/30/2019) |
| 09/30/2019 | 53 | *Plaintiffs' Consolidated Class Action Complaint for Violations of the Sherman Act and California Unfair Competition Law* against Apple Inc.. Filed by Donald R. Cameron, Barry |

| | | Sermons, Pure Sweat Basketball, Inc.. (Berman, Steve) (Filed on 9/30/2019) Modified on 10/1/2019 (jmlS, COURT STAFF). (Entered: 09/30/2019) |
|---|---|---|
| 09/30/2019 | 54 | JOINT CASE MANAGEMENT STATEMENT filed by Donald R. Cameron, Pure Sweat Basketball, Inc., Barry Sermons and Apple, Inc. (Berman, Steve) (Filed on 9/30/2019) Modified on 10/1/2019 (jmlS, COURT STAFF). (Entered: 09/30/2019) |
| 10/01/2019 | 55 | MOTION for leave to appear in Pro Hac Vice *for Kimberly A. Justice* ( Filing fee $ 310, receipt number 0971-13754641.) filed by Barry Sermons. (Justice, Kimberly) (Filed on 10/1/2019) Modified on 10/2/2019 (cjlS, COURT STAFF). (Entered: 10/01/2019) |
| 10/01/2019 | 56 | MOTION for leave to appear in Pro Hac Vice *for Jonathan M. Jagher* ( Filing fee $ 310, receipt number 0971-13754682.) filed by Barry Sermons. (Jagher, Jonathan) (Filed on 10/1/2019) Modified on 10/2/2019 (cjlS, COURT STAFF). (Entered: 10/01/2019) |
| 10/02/2019 | 57 | MOTION to Appear by Telephone *At Initial Case Management Conference* filed by Pure Sweat Basketball, Inc.. (Attachments: # 1 Proposed Order)(Kelly, Eamon) (Filed on 10/2/2019) Modified on 10/3/2019 (jjbS, COURT STAFF). (Entered: 10/02/2019) |
| 10/02/2019 | 58 | **ORDER by Judge Yvonne Gonzalez Rogers granting 55 Motion for Pro Hac Vice as to KImberly A. Justice. (fs, COURT STAFF) (Filed on 10/2/2019) (Entered: 10/02/2019)** |
| 10/02/2019 | 59 | **ORDER by Judge Yvonne Gonzalez Rogers granting 56 Motion for Pro Hac Vice as to Jonathan M. Jagher. (fs, COURT STAFF) (Filed on 10/2/2019) (Entered: 10/02/2019)** |
| 10/03/2019 | 60 | **ORDER [*AS MODIFIED BY THE COURT*] by Judge Yvonne Gonzalez Rogers granting 57 Plaintiffs' Counsel Eamon P. Kelly of Sperling & Slater, P.C. Motion to Appear by Telephone at the 10/7/2019 at 2:00 p.m. Initial Case Management Conference. Plaintiffs' Counsel Eamon P. Kelly of Sperling & Slater, P.C. may only listen in and may not speak during the conference. (fs, COURT STAFF) (Filed on 10/3/2019) (Entered: 10/03/2019)** |
| 10/03/2019 | 61 | CLERK'S NOTICE: Plaintiffs Counsel Eamon P. Kelly of Sperling & Slater P.C. shall contact CourtCall at (888) 882-6878 to make arrangements for the Monday, 10/7/19 at 2:00 PM telephonic appearance before Judge Yvonne Gonzalez Rogers. **See Order, docket no. 60 *** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 10/3/2019) (Entered: 10/03/2019) |
| 10/07/2019 | 62 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Further Case Management Conference held on 10/7/2019. CASE REFERRED to Magistrate Judge Thomas Hixon for Discovery, Case referred to Private ADR for Private Mediation to be completed by 5/1/2020. Class Certification Motion filed by 9/30/2020. Responses due by 12/7/2020. Replies due by 1/8/2021. Motion Hearing set for Monday, 2/1/2021 at specially set time of 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Case Management Statement due by 1/6/2020. Further Case Management Conference set for 1/13/2020 02:00 PM in Oakland, Courtroom 1, 4th Floor. Jury Selection set for 3/7/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Jury Trial set for 3/7/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Pretrial Conference Statement filed 2/4/2022. Pretrial Conference set for Friday, 2/18/2022 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Statement re name of private mediator due by 11/1/2019. Compliance hearing re name of private mediator set for Friday, 11/18/2019 09:01 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.. Compliance hearing re pretrial preparation is set for 1/28/2022 09:01 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Statement re pretrial preparation filed by 1/21/2022. Total Time in Court: 28 min. Court Reporter: Pam Hebel. (fs, COURT STAFF) (Date Filed: 10/7/2019) (Entered: 10/09/2019)** |
| 10/07/2019 | | CASE REFERRED to Magistrate Judge Thomas S. Hixson for Discovery (ahm, COURT |

| | | STAFF) (Filed on 10/7/2019) (Entered: 10/15/2019) |
|---|---|---|
| 10/10/2019 | 63 | TRANSCRIPT ORDER for proceedings held on 10/07/2019 before Judge Yvonne Gonzalez Rogers by Donald R. Cameron, Pure Sweat Basketball, Inc., Barry Sermons, for Court Reporter Pam Batalo. (Scarlett, Shana) (Filed on 10/10/2019) (Entered: 10/10/2019) |
| 10/10/2019 | 64 | **Discovery Order re 62 Case Referred to Magistrate Judge for Discovery. Signed by Magistrate Judge Thomas S. Hixson on 10/10/2019.**<br><br>**(Attachments: # 1 Standing Order re Discovery)**<br><br>**(rmm2S, COURT STAFF) (Filed on 10/10/2019) (Entered: 10/10/2019)** |
| 10/10/2019 | 65 | **ORDER [*AS MODIFIED BY THE COURT*] by Judge Yvonne Gonzalez Rogers granting 49 Motion for Appointment of Interim Lead Class Counsel and Executive Committee. The Court VACATES the hearing scheduled for 11/5/2019. (fs, COURT STAFF) (Filed on 10/10/2019) (Entered: 10/10/2019)** |
| 10/16/2019 | 66 | Transcript of Proceedings held on 10/07/19, before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626-688-7509; pamela_batalo-hebel@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (179 in 4:11-cv-06714-YGR) Transcript Order ) Redaction Request due 11/6/2019. Redacted Transcript Deadline set for 11/18/2019. Release of Transcript Restriction set for 1/14/2020. (Batalo, Pam) (Filed on 10/16/2019) (Entered: 10/16/2019) |
| 10/28/2019 | 67 | STIPULATION WITH PROPOSED ORDER *for Extension of Time for Defendant Apple Inc. to Answer Complaint Pursuant to Civil Local Rule 6-1* filed by Apple Inc., Donald R. Cameron, et al. (Attachments: # 1 Declaration in Support of Stipulation)(Swanson, Daniel) (Filed on 10/28/2019) Modified on 10/29/2019 (cpS, COURT STAFF). (Entered: 10/28/2019) |
| 10/29/2019 | 68 | **ORDER by Judge Yvonne Gonzalez Rogers granting 67 Stipulation. Answer to Consolidate Complaint filed by 11/11/2019. (fs, COURT STAFF) (Filed on 10/29/2019) (Entered: 10/29/2019)** |
| 11/01/2019 | 69 | STIPULATION WITH PROPOSED ORDER *Consolidating Related Developer Cases for All Purposes* filed by Donald R. Cameron, Pure Sweat Basketball, Inc., Apple Inc. (Berman, Steve) (Filed on 11/1/2019) Modified on 11/4/2019 (cpS, COURT STAFF). (Entered: 11/01/2019) |
| 11/01/2019 | 70 | Joint Statement Regarding Mediation by Donald R. Cameron, Pure Sweat Basketball, Inc., Barry Sermons, Apple Inc. (Byrd, Rachele) (Filed on 11/1/2019) Modified on 11/4/2019 (cpS, COURT STAFF). (Entered: 11/01/2019) |
| 11/05/2019 | 71 | CLERK'S NOTICE VACATING THE MONDAY, NOVEMBER 18, 2019 AT 9:01AM COMPLIANCE HEARING re name of mediator. In light of the filing at Dkt. no. 70, the Monday, November 18, 2019 at 9:01 AM Compliance hearing is VACATED.<br><br>The Friday, November 8, 2019 Compliance hearing date is VACATED.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 11/5/2019) (Entered: 11/05/2019) |
| 11/05/2019 | 72 | **ORDER by Judge Yvonne Gonzalez Rogers granting (69) Stipulation Consolidating Related Developer Cases for All Purposes in case 4:19-cv-03074-YGR; granting (46) Stipulation Consolidating Related Developer Cases for All Purposes in case 4:19-cv-03796-YGR. The Clerk of the Court is directed to administratively close the Sermons Action [Case No. 19-cv-03796-YGR]. All future filings shall be made in the Cameron** |

| | | |
|---|---|---|
| | | **Action [Case No. 19-cv-03074-YGR]. (fs, COURT STAFF) (Filed on 11/5/2019) (Entered: 11/05/2019)** |
| 11/07/2019 | 73 | MOTION for leave to appear in Pro Hac Vice *Veronica S. Lewis* ( Filing fee $ 310, receipt number 0971-13866413.) filed by Apple Inc.. (Lewis, Veronica) (Filed on 11/7/2019) Modified on 11/8/2019 (cpS, COURT STAFF). (Entered: 11/07/2019) |
| 11/08/2019 | | Electronic filing error. Judge initials are missing Re: 73 MOTION for leave to appear in Pro Hac Vice *Veronica S. Lewis* filed by Apple Inc. <br><br> Counsel need not re-fi le the document, but should reference the judge initials as YGR after the case number, and correctly reflected on your document as 4:19-cv-03074-YGR on future filings. (cpS, COURT STAFF) (Filed on 11/8/2019) (Entered: 11/08/2019) |
| 11/11/2019 | 74 | ANSWER to Amended Complaint *with Jury Demand* byApple Inc.. (Richman, Cynthia) (Filed on 11/11/2019) (Entered: 11/11/2019) |
| 11/14/2019 | 75 | **ORDER by Judge Yvonne Gonzalez Rogers granting 73 Motion for Pro Hac Vice as to Veronica S. Lewis. (fs, COURT STAFF) (Filed on 11/14/2019) (Entered: 11/14/2019)** |
| 11/21/2019 | 76 | NOTICE of Appearance by Eli Martin Lazarus (Lazarus, Eli) (Filed on 11/21/2019) (Entered: 11/21/2019) |
| 11/22/2019 | 77 | CLERK'S NOTICE CHANGING TIME OF CASE MANAGEMENT CONFERENCE. The Further Case Management Conference set for 1/13/2020 WILL BE HELD AT 01:00 PM in Oakland, Courtroom 1, 4th Floor. The 2:00 PM time is VACATED. <br><br> . *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 11/22/2019) (Entered: 11/22/2019) |
| 11/25/2019 | 78 | NOTICE by Apple Inc. *OF WITHDRAWAL OF ATTORNEY MELISSA PHAN* (Phan, Melissa) (Filed on 11/25/2019) (Entered: 11/25/2019) |
| 01/02/2020 | 79 | STIPULATION WITH PROPOSED ORDER *REGARDING COORDINATION OF DISCOVERY* filed by Apple Inc., Pure Sweat Basketball Inc., Barry Sermons, Donald R. Cameron. (Richman, Cynthia) (Filed on 1/2/2020) Modified on 1/2/2020 (cpS, COURT STAFF). (Entered: 01/02/2020) |
| 01/06/2020 | 80 | **ORDER by Judge Yvonne Gonzalez Rogers granting (193) Stipulation regarding Coordination of Discovery in case 4:11-cv-06714-YGR; granting (79) Stipulation regarding Coordination of Discovery in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 1/6/2020) (Entered: 01/06/2020)** |
| 01/06/2020 | 81 | STIPULATION WITH PROPOSED ORDER *RE PROTECTIVE ORDER* filed by Apple Inc., Donald R. Cameron, Pure Sweat Basketball Inc, Barry Sermons. (Richman, Cynthia) (Filed on 1/6/2020) Modified on 1/7/2020 (cpS, COURT STAFF). (Entered: 01/06/2020) |
| 01/06/2020 | 82 | FURTHER JOINT CASE MANAGEMENT STATEMENT filed by Donald R. Cameron, Pure Sweat Basketball, Inc., Barry Sermons., Apple Inc (Byrd, Rachele) (Filed on 1/6/2020) Modified on 1/7/2020 (cpS, COURT STAFF). (Entered: 01/06/2020) |
| 01/09/2020 | 83 | **ORDER CONTINUING FURTHER CASE MANAGEMENT CONFERENCE. Case Management Statement due by 7/27/2020. Further Case Management Conference set for 1/13/2020 is CONTINUED to Monday, 8/3/2020 02:00 PM in Oakland, Courtroom 1, 4th Floor. Signed by Judge Yvonne Gonzalez Rogers on 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020)** |
| 01/09/2020 | 84 | **REVISED CASE MANAGEMENT AND PRETRIAL ORDER. Signed by Judge Yvonne Gonzalez Rogers on 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020)** |
| 01/09/2020 | 85 | **STIPULATED PROTECTIVE ORDER. Signed by Judge Yvonne Gonzalez Rogers on** |

| | | |
|---|---|---|
| | | 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020) |
| 01/28/2020 | 86 | EXPERT STIPULATION WITH PROPOSED ORDER filed by Apple Inc., Donald R. Cameron, Pure Sweat Basketball, Inc., Barry Sermons,. (Lazarus, Eli) (Filed on 1/28/2020) Modified on 1/29/2020 (cpS, COURT STAFF). (Entered: 01/28/2020) |
| 01/29/2020 | 87 | **ORDER by Judge Yvonne Gonzalez Rogers granting (200) Expert Stipulation in case 4:11-cv-06714-YGR; granting (86) Expert Stipulation in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 1/29/2020) (Entered: 01/30/2020)** |
| 03/25/2020 | 88 | STIPULATION WITH PROPOSED ORDER *Extending Mediation Deadline* filed by Donald R. Cameron, Pure Sweat Basketball, Inc., Barry Sermons and Apple, Inc. (Byrd, Rachele) (Filed on 3/25/2020) Modified on 3/26/2020 (jjbS, COURT STAFF). (Entered: 03/25/2020) |
| 03/26/2020 | 89 | **ORDER by Judge Yvonne Gonzalez Rogers granting (204) Stipulation to Extend Private Mediation Deadline from 5/1/2020 to 7/30/2020 in case 4:11-cv-06714-YGR; granting (88) Stipulation to Extend Private Mediation Deadline from 5/1/2020 to 7/30/2020 in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 3/26/2020) (Entered: 03/26/2020)** |
| 05/11/2020 | 90 | NOTICE of Appearance by Benjamin Jacob Siegel (Siegel, Benjamin) (Filed on 5/11/2020) (Entered: 05/11/2020) |
| 05/13/2020 | 91 | NOTICE of Appearance by Ethan D. Dettmer (Dettmer, Ethan) (Filed on 5/13/2020) (Entered: 05/13/2020) |
| 05/27/2020 | 92 | STIPULATION WITH PROPOSED ORDER *Modifying Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc., Barry Sermons, and Apple Inc.. (Berman, Steve) (Filed on 5/27/2020) Modified on 5/28/2020 (jjbS, COURT STAFF). (Entered: 05/27/2020) |
| 06/02/2020 | 93 | **ORDER by Judge Yvonne Gonzalez Rogers granting 92 Stipulation Modifying Schedule.Class Certification Motion due by 2/3/2021. Replies due by 5/14/2021. Responses due by 4/12/2021. Joint Statement re pretrial preparation due by 5/27/2021. Jury Selection set for 7/11/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. [Jury selection is scheduled in the week prior to the Jury Trial date.] Jury Trial set for 7/11/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Class Certification Motion Hearing set for 6/7/2021 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Pretrial Conference Statement filed by 6/10/2022. Pretrial Conference set for 6/24/2022 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Compliance hearing re pretrial preparation is set for 6/3/2022 09:01 AM before Judge Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 6/2/2020) (Entered: 06/02/2020)** |
| 07/14/2020 | 94 | NOTICE of Appearance by Jagannathan P Srinivasan (Srinivasan, Jagannathan) (Filed on 7/14/2020) (Entered: 07/14/2020) |
| 07/14/2020 | 95 | Joint Discovery Letter Brief filed by Apple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H) (Srinivasan, Jagannathan) (Filed on 7/14/2020) (Entered: 07/14/2020) |
| 07/14/2020 | 96 | NOTICE of Appearance by Kyle Kenneth Batter *on behalf of Victoria F. Maroulis* (Batter, Kyle) (Filed on 7/14/2020) (Entered: 07/14/2020) |
| 07/14/2020 | 97 | NOTICE of Appearance by Kyle Kenneth Batter (Batter, Kyle) (Filed on 7/14/2020) (Entered: 07/14/2020) |
| 07/15/2020 | 98 | **Discovery Order re (212 in 4:11-cv-06714-YGR), (95 in 4:19-cv-03074-YGR). Signed by Judge Thomas S. Hixson on 7/15/2020. (cdnS, COURT STAFF) (Filed on 7/15/2020) (Entered: 07/15/2020)** |
| 07/28/2020 | 99 | Further Joint CASE MANAGEMENT STATEMENT filed by Donald R. Cameron, Pure Sweat Basketball, Inc. and Apple, Inc.. (Byrd, Rachele) (Filed on 7/28/2020) Modified on 7/29/2020 (jmlS, COURT STAFF). (Entered: 07/28/2020) |

| 07/31/2020 | [100](#) | **ORDER CONTINUING FURTHER CASE MANAGEMENT CONFERENCE. Case Management Statement due by 1/4/2021. Further Case Management Conference set for 8/3/2020 is CONTINUED to 1/11/2021 02:00 PM. Signed by Judge Yvonne Gonzalez Rogers on 7/31/2020. (fs, COURT STAFF) (Filed on 7/31/2020) (Entered: 07/31/2020)** |
|---|---|---|
| 07/31/2020 | [101](#) | MOTION to Compel *Discovery from Non-Party Samsung Electronics America, Inc.* filed by Apple Inc.. Motion Hearing set for 9/10/2020 10:00 AM in San Francisco, Courtroom G, 15th Floor before Magistrate Judge Thomas S. Hixson. Responses due by 8/14/2020. Replies due by 8/21/2020. (Attachments: # [1](#) Declaration of Jay Srinivasan, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Exhibit D, # [6](#) Exhibit E, # [7](#) Exhibit F, # [8](#) Exhibit G, # [9](#) Exhibit H, # [10](#) Exhibit I, # [11](#) Proposed Order)(Srinivasan, Jagannathan) (Filed on 7/31/2020) (Entered: 07/31/2020) |
| 08/14/2020 | [102](#) | OPPOSITION/RESPONSE (re [101](#) MOTION to Compel *Discovery from Non-Party Samsung Electronics America, Inc.* ) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Berman, Steve) (Filed on 8/14/2020) Modified on 8/17/2020 (jjbS, COURT STAFF). (Entered: 08/14/2020) |
| 08/14/2020 | [103](#) | OPPOSITION/RESPONSE (re [101](#) MOTION to Compel *Discovery from Non-Party Samsung Electronics America, Inc.* ) filed bySamsung Electronics America Inc.. (Attachments: # [1](#) Declaration of Kyle Batter, # [2](#) Proposed Order)(Batter, Kyle) (Filed on 8/14/2020) (Entered: 08/14/2020) |
| 08/14/2020 | [104](#) | Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* filed by Samsung Electronics America Inc.. (Attachments: # [1](#) Declaration in Support, # [2](#) Proposed Order, # [3](#) Unredacted Version of Viejo Declaration and Exhibits to be Sealed)(Batter, Kyle) (Filed on 8/14/2020) (Entered: 08/14/2020) |
| 08/18/2020 | [105](#) | STIPULATION WITH PROPOSED ORDER filed by Apple Inc.. (Attachments: # [1](#) Exhibit A) (Richman, Cynthia) (Filed on 8/18/2020) (Entered: 08/18/2020) |
| 08/18/2020 | [106](#) | OPPOSITION/RESPONSE (re [104](#) Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* ) filed byApple Inc.. (Attachments: # [1](#) Proposed Order) (Srinivasan, Jagannathan) (Filed on 8/18/2020) (Entered: 08/18/2020) |
| 08/19/2020 | [107](#) | **ORDER RELATING CASES 4:19-cv-3074-YGR and 3:20-cv-5640-EMC. Signed by Judge Yvonne Gonzalez Rogers on 8/19/2020. (fs, COURT STAFF) (Filed on 8/19/2020) (Entered: 08/19/2020)** |
| 08/21/2020 | [108](#) | STIPULATION re [104](#) Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* filed by Samsung Electronics America Inc. and Apple, Inc. (Batter, Kyle) (Filed on 8/21/2020) Modified on 8/24/2020 (jjbS, COURT STAFF). (Entered: 08/21/2020) |
| 08/21/2020 | [109](#) | Proposed Order re [104](#) Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* by Samsung Electronics America Inc.. (Batter, Kyle) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/21/2020 | [110](#) | Administrative Motion to File Under Seal *Its Reply Brief in Support of Motion to Compel Discovery* filed by Apple Inc.. (Attachments: # [1](#) Declaration of Harry Phillips in Support, # [2](#) Redacted Version of Reply Brief, # [3](#) Unredacted Version of Reply Brief)(Srinivasan, Jagannathan) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/21/2020 | [111](#) | REPLY (re [101](#) MOTION to Compel *Discovery from Non-Party Samsung Electronics America, Inc.* ) filed byApple Inc.. (Srinivasan, Jagannathan) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/24/2020 | [112](#) | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (221) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting in part and denying in part (104) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR. (tshlc2S, COURT STAFF) (Filed on 8/24/2020) (Entered: 08/24/2020)** |
| 08/25/2020 | [113](#) | TRANSCRIPT ORDER for proceedings held on 10/07/2019 before Judge Yvonne Gonzalez Rogers by Samsung Electronics America Inc., for Court Reporter Pam Batalo. (Batter, Kyle) |

| | | (Filed on 8/25/2020) (Entered: 08/25/2020) |
|---|---|---|
| 08/31/2020 | 114 | **SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES. Cases 20-cv-5792-EMC; 20-cv-5671-JD; 20-cv-5640-YGR. Signed by Judge Edward M. Chen on 8/31/2020. (afmS, COURT STAFF) (Filed on 8/31/2020) (Entered: 09/01/2020)** |
| 09/03/2020 | 115 | RESPONSE re 114 Order by Google LLC. (Rocca, Brian) (Filed on 9/3/2020) (Entered: 09/03/2020) |
| 09/04/2020 | 116 | RESPONSE re 114 Order *Sua Sponte Referring Case for Determination of Relatedness* by Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Robert F. Lopez, # 2 Exhibit Lopez Exhibits 1-3, # 3 Proposed Order)(Berman, Steve) (Filed on 9/4/2020) (Entered: 09/04/2020) |
| 09/08/2020 | | **ORDER The September 10, 2020 hearing on Apple Inc.'s Motion to Compel Discovery from Non-Party Samsung Electronics America, Inc. is vacated. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tshlc2S, COURT STAFF) (Filed on 9/8/2020) (Entered: 09/08/2020)** |
| 09/29/2020 | 117 | CLERK'S NOTICE SETTING CASE MANAGEMENT CONFERENCE IN RELATED CASES 20-cv-5640-YGR; 11-cv-6714-YGR AND 19-cv-3704-YGR.<br><br>Further Case Management Conference set for Monday, 10/19/2020 09:30 AM via Zoom before Hon. Yvonne Gonzalez Rogers. Updated CMC Statement filed by 10/12/2020.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/30/2020 | 118 | CLERKS NOTICE SETTING ZOOM HEARING: Discovery Hearing re Motion to Compel set for 10/8/2020 at 2:00 PM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at Rose_Maher@cand.uscourts.gov no later than October 7, 2020 by COB.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 10/8/2020 at 2:00 PM, before Magistrate Judge Thomas S. Hixson. by Zoom. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 9/30/2020) (Entered: 09/30/2020) |
| 10/06/2020 | 119 | **ORDER RE: CASE MANAGEMENT CONFERENCE. Signed by Judge Yvonne Gonzalez Rogers on 10/6/2020. (fs, COURT STAFF) (Filed on 10/6/2020) (Entered: 10/06/2020)** |
| 10/07/2020 | 120 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-15034181.) filed by Apple Inc.. (Phillips, Harry) (Filed on 10/7/2020) (Entered: 10/07/2020) |
| 10/08/2020 | 121 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson:**<br><br>**Discovery Hearing held on 10/8/2020 at 2:00 p.m, by Zoom Video Conference.** |

|  |  | **Total Time in Court: 41 minutes**<br>**Court Reporter: JoAnn Bryce.**<br><br>**Attorneys for Apple: Jay Srinivasan, argued as Counsel for Apple; Harry Phillips,**<br>**counsel for Apple.**<br><br>**Attorneys for Non-Party Samsung: Victoria Maroulis, argued as Counsel for Samsung;**<br>**Kyle Batter, Counsel for Samsung.**<br><br>**Proceedings: Discovery Hearing held by Zoom, all parties appeared by Zoom. Argument**<br>**heard. Matter submitted. Court to issue Order.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this***<br>***entry.)* (rmm2S, COURT STAFF) (Date Filed: 10/8/2020) (Entered: 10/08/2020)** |
|---|---|---|
| 10/09/2020 | 122 | NOTICE of Appearance by Mark A. Perry (Perry, Mark) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 123 | Transcript of Proceedings held on 10/8/20, before Judge Thomas S. Hixson. Court Reporter Jo Ann Bryce, telephone number 510-910-5888, joann_bryce@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction after 90 days. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (238 in 4:11-cv-06714-YGR) Transcript Order ) Release of Transcript Restriction set for 1/7/2021. (jabS, COURTSTAFF) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 124 | TRANSCRIPT ORDER for proceedings held on 10/08/2020 before Magistrate Judge Thomas S. Hixson for Court Reporter Jo Ann Bryce. (rjdS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 125 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (218) Motion to Compel in case 4:11-cv-06714-YGR; granting in part and denying in part (101) Motion to Compel in case 4:19-cv-03074-YGR. (cdnS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020)** |
| 10/09/2020 | 126 | **ORDER by Magistrate Judge Thomas S. Hixson granting (225) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting (110) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR.** ***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** **(cdnS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020)** |
| 10/12/2020 | 127 | JOINT CASE MANAGEMENT STATEMENT filed by Apple Inc., Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons. (Richman, Cynthia) (Filed on 10/12/2020) Modified on 10/13/2020 (jjbS, COURT STAFF). (Entered: 10/12/2020) |
| 10/15/2020 | 128 | Joint Proposed Agenda for Case Management Conference by Donald R. Cameron, Pure Sweat Basketball, Inc., and Apple, Inc.. (DeJong, Brittany) (Filed on 10/15/2020) Modified on 10/16/2020 (jjbS, COURT STAFF). (Entered: 10/15/2020) |
| 10/16/2020 | 129 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE RELATED CASES 11-CV-6714-YGR; 19-CV-3074 AND 20-CV-5640-YGR FOR THE Further Case Management Conference set for MONDAY, 10/19/2020 AT 09:30 AM by Zoom Webinar Videoconference.<br><br>This proceeding will be held via a Zoom webinar. |

**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr < /A>

Please click the link below to join webinar s (public hearings). If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff.

https://cand-uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09

Webinar ID: 161 876 4848
Password: 715550

Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Further Case Management Conference set for related cases on Monday, 10/19/2020 09:30 AM by Zoom Video Webinar.

*(This is a te xt-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 10/16/2020) (Entered: 10/16/2020)

| 10/16/2020 | 130 | **ORDER by Judge Yvonne Gonzalez Rogers granting 120 Motion for Pro Hac Vice as to Harry R. S. Phillips. (fs, COURT STAFF) (Filed on 10/16/2020) (Entered: 10/16/2020)** |
| 10/19/2020 | 131 | Transcript of Proceedings held on 10/19/2020, before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626-688-7509; pamela_batalo-hebel@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (126 in 4:20-cv-05640-YGR) Transcript Order ) Redaction Request due 11/9/2020. Redacted Transcript Deadline set for 11/19/2020. Release of Transcript Restriction set for 1/19/2021. (Batalo, Pam) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | 134 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Further Case Management Conference held on 10/19/2020. Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference.Total Time in Court: 1:26. Court Reporter: Pam Hebel. (fs, COURT STAFF) (Date Filed: 10/19/2020) (Entered: 10/28/2020)** |
| 10/21/2020 | 132 | **ORDER RE: CASE MANAGEMENT CONFERENCE; ORDER REFERRING CASE to Magistrate Judge Thomas Hixson for Discovery purposes. Case Management Statement due by 2/22/2021. Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference. Signed by Judge Yvonne Gonzalez Rogers on 10/21/2020. (fs, COURT STAFF) (Filed on 10/21/2020) (Entered: 10/21/2020)** |
| 10/27/2020 | 133 | JOINT STATEMENT Regarding Order Re: Discovery of Electronically Stored Information by |

| | | |
|---|---|---|
| | | Apple Inc. Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons (Attachments: # 1 Draft ESI Order)(Srinivasan, Jagannathan) (Filed on 10/27/2020) Modified on 10/28/2020 (jjbS, COURT STAFF). Modified on 10/28/2020 (jjbS, COURT STAFF). (Entered: 10/27/2020) |
| 10/28/2020 | 135 | Further Joint Statement Re: Discovery of Electronically Stored Information by Donald R. Cameron, Pure Sweat Basketball, Inc. and Apple, Inc. (Attachments: # 1 Joint Stipulation and [Proposed] Order Re: Discovery of Electronically Stored Information)(Berman, Steve) (Filed on 10/28/2020) Modified on 10/29/2020 (jjbS, COURT STAFF). (Entered: 10/28/2020) |
| 11/02/2020 | 136 | **ORDER GRANTING STIPULATION RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION re (133 in 4:19-cv-03074-YGR) Notice (Other), filed by Donald R. Cameron, Barry Sermons, Apple Inc., Pure Sweat Basketball, Inc., (255 in 4:11-cv-06714-YGR) Notice (Other), filed by Stephen H. Schwartz, James Blackwell, Robert Pepper, Harry Bass, Crystal Boykin, Apple Inc., Edward Lawrence, Kevin Fahey, Edward W. Hayter, (141 in 4:20-cv-05640-YGR) Notice (Other), filed by Epic Games, Inc., Apple Inc.. Signed by Judge Yvonne Gonzalez Rogers on 11/2/2020. (fsS, COURT STAFF) (Filed on 11/2/2020) (Entered: 11/02/2020)** |
| 11/04/2020 | 137 | NOTICE of Appearance by David R. Eberhart *on behalf of Defendant Apple Inc.* (Eberhart, David) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 138 | NOTICE of Appearance by Anna Tryon Pletcher *on behalf of Defendant Apple Inc.* (Pletcher, Anna) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 139 | NOTICE of Appearance by Katrina Marie Robson *on behalf of Defendant Apple Inc.* (Robson, Katrina) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 140 | NOTICE of Appearance by Evan N Schlom *on behalf of Defendant Apple Inc.* (Schlom, Evan) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 141 | NOTICE of Appearance by Scott A Schaeffer *on behalf of Defendant Apple Inc.* (Schaeffer, Scott) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 142 | NOTICE of Appearance by Elena Zarabozo *on behalf of Defendant Apple Inc.* (Zarabozo, Elena) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 143 | NOTICE of Appearance by Michelle S Lowery *for Defendant Apple Inc.* (Lowery, Michelle) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/09/2020 | 144 | JOINT STATEMENT Regarding Validation of Document Productions by Apple Inc., Pure Sweat Basketball, Inc., and Barry Sermons (Srinivasan, Jagannathan) (Filed on 11/9/2020) Modified on 11/10/2020 (jjbS, COURT STAFF). (Entered: 11/09/2020) |
| 11/13/2020 | 145 | Joint Statement Regarding Apple's Production of Documents Responsive to Consumer Plaintiffs' 2nd Set of Requests for Production of Documents filed by Donald R. Cameron, Pure Sweat Basketball, Inc. and Apple Inc.. (Lopez, Robert) (Filed on 11/13/2020) Modified on 11/16/2020 (jjbS, COURT STAFF). (Entered: 11/13/2020) |
| 11/13/2020 | 146 | Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Robert F. Lopez, # 2 Proposed Order, # 3 SEALED Joint Letter Brief Regarding Apple's Production of Cost and Expense Documents and Data, # 4 Certificate/Proof of Service) (Lopez, Robert) (Filed on 11/13/2020) (Entered: 11/13/2020) |
| 11/13/2020 | 147 | Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Robert F. Lopez, # 2 Proposed Order, # 3 SEALED Joint Statement Regarding Apple's Production of Transactional Data, # 4 Certificate/Proof of Service)(Lopez, Robert) (Filed on 11/13/2020) (Entered: 11/13/2020) |
| 11/13/2020 | 148 | JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS filed |

| | | |
|---|---|---|
| | | by Apple, Inc., Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons (Srinivasan, Jagannathan) (Filed on 11/13/2020) Modified on 11/16/2020 (jjbS, COURT STAFF). (Entered: 11/13/2020) |
| 11/16/2020 | 149 | STIPULATION WITH PROPOSED ORDER *GRANTING BARRY SERMONS' VOLUNTARY DISMISSAL* filed by Barry Sermons, Apple, Inc., and Pure Sweat Basketball, Inc. (Saveri, Richard) (Filed on 11/16/2020) Modified on 11/17/2020 (jjbS, COURT STAFF). (Entered: 11/16/2020) |
| 11/17/2020 | 150 | Declaration of Ethan D. Dettmer in Support of 146 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Cost Data* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit Redacted Version of Documents Sought to Be Sealed)(Related document(s) 146 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 151 | EXHIBITS re 146 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Cost Data* filed byApple Inc.. (Related document(s) 146 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 152 | Declaration of Ethan D. Dettmer in Support of 147 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Transactional Data* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit Redacted Version of Documents Sought to Be Sealed)(Related document(s) 147 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 153 | EXHIBITS re 147 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Transactional Data* filed byApple Inc.. (Related document(s) 147 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/18/2020 | 154 | MOTION for leave to appear in Pro Hac Vice *for Peter Sacripanti* ( Filing fee $ 310, receipt number 0971-15210740.) filed by Apple Inc.. (Sacripanti, Peter) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 155 | MOTION for leave to appear in Pro Hac Vice *for John Calandra* ( Filing fee $ 310, receipt number 0971-15210832.) filed by Apple Inc.. (Calandra, John) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 156 | MOTION for leave to appear in Pro Hac Vice *for Nicole Castle* ( Filing fee $ 310, receipt number 0971-15210945.) filed by Apple Inc.. (Castle, Nicole) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 157 | MOTION for leave to appear in Pro Hac Vice *for Elizabeth Rodd* ( Filing fee $ 310, receipt number 0971-15211022.) filed by Apple Inc.. (Rodd, Elizabeth) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/20/2020 | 158 | JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS by Apple Inc., Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons (Srinivasan, Jagannathan) (Filed on 11/20/2020) Modified on 11/23/2020 (jjbS, COURT STAFF). (Entered: 11/20/2020) |
| 11/23/2020 | 159 | Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Benjamin J. Siegel, # 2 Proposed Order, # 3 Plaintiffs' Administrative Motion to Modify Case Schedule [Public], # 4 Declaration of Benjamin J. Siegel in Support of Administrative Motion to Modify Case Scheduleof, # 5 Exhibit Exhibits 1-7 [Public], # 6 Exhibit Exhibit 8 [Public], # 7 Exhibit Exhibit 8 [Sealed], # 8 Exhibit Exhibits 9-11 [Public], # 9 Exhibit Exhibit 12 [Public], # 10 Exhibit Exhibit 12 [Sealed], # 11 Exhibit Exhibit 13 [Public], # 12 Exhibit Exhibits 14-15 [Public], # 13 Exhibit Exhibits 14-15 [Sealed], # 14 Exhibit Exhibit 16 [Public], # 15 Exhibit Exhibits 17-19 [Public], # 16 Exhibit Exhibits 17-19 [Sealed], # 17 Exhibit Exhibits 20-26 [Public], # 18 Exhibit |

| | | |
|---|---|---|
| | | Exhibits 20-26 [Sealed], # [19](#) Exhibit Exhibit 27 [Public], # [20](#) Exhibit Exhibit 28 [Public], # [21](#) Exhibit Exhibit 28 [Sealed], # [22](#) Exhibit Exhibits 29-33 [Public], # [23](#) Exhibit Exhibit 34 [Public], # [24](#) Exhibit Exhibit 34 [Sealed], # [25](#) Exhibit Exhibits 35-45 [Public], # [26](#) Proposed Order Granting Administrative Motion to Modify Case Schedule, # [27](#) Certificate/Proof of Service)(Berman, Steve) (Filed on 11/23/2020) (Entered: 11/23/2020) |
| 11/24/2020 | [160](#) | **ORDER by Judge Yvonne Gonzalez Rogers granting [149](#) Stipulation for Barry Sermons' Voluntary Withdrawal. (fs, COURT STAFF) (Filed on 11/24/2020) (Entered: 11/24/2020)** |
| 11/25/2020 | [161](#) | **ORDER by Judge Yvonne Gonzalez Rogers granting [154](#) Motion for Pro Hac Vice as to Peter John Sacripanti. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | [162](#) | **ORDER by Judge Yvonne Gonzalez Rogers granting [155](#) Motion for Pro Hac Vice as to John J. Calandra. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | [163](#) | **ORDER by Judge Yvonne Gonzalez Rogers granting [156](#) Motion for Pro Hac Vice as to Nicole Castle. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | [164](#) | **ORDER by Judge Yvonne Gonzalez Rogers granting [157](#) Motion for Pro Hac Vice as to Elizabeth Rodd. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/27/2020 | [165](#) | OPPOSITION/RESPONSE (re [159](#) Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* ) filed by Apple Inc.. (Perry, Mark) (Filed on 11/27/2020) Modified on 11/30/2020 (jjbS, COURT STAFF). (Entered: 11/27/2020) |
| 11/27/2020 | [166](#) | Declaration of Ethan D. Dettmer in Support of [165](#) Opposition/Response to Motion, filed byApple Inc.. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E)(Related document(s) [165](#) ) (Perry, Mark) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | [167](#) | Declaration of Ethan D. Dettmer in Support of [159](#) Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed byApple Inc.. (Attachments: # [1](#) Proposed Order, # [2](#) Exhibit Redacted Version of Document Sought To Be Sealed (Ex. 12), # [3](#) Exhibit Redacted Version of Document Sought To Be Sealed (Ex. 17-19))(Related document(s) [159](#) ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | [168](#) | EXHIBITS re [159](#) Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule Unredacted Version of Document Sought To Be Sealed (Ex. 12)* filed byApple Inc.. (Related document(s) [159](#) ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | [169](#) | EXHIBITS re [159](#) Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule Unredacted Version of Document Sought To Be Sealed (Ex. 17-19)* filed byApple Inc.. (Related document(s) [159](#) ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | [170](#) | NOTICE of Appearance by Paul Jeffrey Riehle (Riehle, Paul) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | [171](#) | Statement in Support filed by Epic Games, Inc.. (Attachments: # [1](#) Declaration Paul J. Riehle, # [2](#) Proposed Order)(Riehle, Paul) (Filed on 11/27/2020) Modified on 11/30/2020 (jjbS, COURT STAFF). (Entered: 11/27/2020) |
| 11/30/2020 | | [Electronic filing error](#). When a document sought to be filed under seal would normally be e-filed using the Motions or Response and Replies events, a redacted version of the docum e nt must be filed again using the appropriate event. Please e-file a redacted version of the Motion |

| | | |
|---|---|---|
| | | to Modify Case Schedule on the docket. Re: 159 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc. (jjbS, COURT STAFF) (Filed on 11/30/2020) (Entered: 11/30/2020) |
| 12/01/2020 | 172 | ADMINISTRATIVE MOTION Modify Case Schedule re 159 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. Responses due by 12/7/2020. (Berman, Steve) (Filed on 12/1/2020) (Entered: 12/01/2020) |
| 12/02/2020 | 173 | Joint Discovery Letter Brief *Regarding Validation Protocol* filed by Donald R. Cameron, Pure Sweat Basketball, Inc. and Apple, Inc. (Attachments: # 1 Exhibit 1)(Byrd, Rachele) (Filed on 12/2/2020) Modified on 12/3/2020 (jjbS, COURT STAFF). (Entered: 12/02/2020) |
| 12/03/2020 | 174 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 12/9/2020 at 1:00 PM re Joint Letter Brief dated 12/2/2020, re Validation protocol - Zoom Videoconference Only, before Magistrate Judge Thomas S. Hixson.<br><br>On 12/8/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/9/2020 at 1:00 PM.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Perso ns granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 12/9/2020 01:00 PM - Videoconference Only before Magistrate Judge Thomas S. Hixso n. Re Joint Letter brief dated 12/2/2020 re validation protocol.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/3/2020) (Entered: 12/03/2020) |
| 12/03/2020 | 175 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 12/15/2020 at 10:00 AM - Zoom Videoconference Only before Magistrate Judge Thomas S. Hixson. Re ECF Docket Joint Letter Briefs dated 11/13/2020.<br><br>On 12/14/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/15/2020 at 10:00 AM.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh |

|  |  | **General Order 58.** Persons granted ac cess to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
|---|---|---|
|  |  | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |
|  |  | Discovery Hearing set for 12/15/2020 at 10:00 AM - Zoom Videoconference Only before Magistrate Judge Thomas S. Hixson. Re: Joint Letter Brief dated 11/13/2020. |
|  |  | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/3/2020) (Entered: 12/03/2020) |
| 12/04/2020 | 176 | MOTION for leave to appear in Pro Hac Vice *of Theodore Wojcik* ( Filing fee $ 317, receipt number 0971-15274371.) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Certificate of Good Standing)(Wojcik, Ted) (Filed on 12/4/2020) (Entered: 12/04/2020) |
| 12/07/2020 | 177 | Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Proposed Order, # 3 Unredacted Version of Joint Discovery Letter Brief, # 4 Unredacted Version of Exhibit 1, # 5 Unredacted Version of Exhibit 2, # 6 Unredacted Version of Exhibit 3, # 7 Unredacted Version of Exhibit 4, # 8 Unredacted Version of Exhibit 5, # 9 Unredacted Version of Exhibit 6, # 10 Unredacted Version of Exhibit 7, # 11 Unredacted Version of Exhibit 8, # 12 Unredacted Version of Exhibit 9, # 13 Unredacted Version of Exhibit 10, # 14 Unredacted Version of Exhibit 11, # 15 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 12/7/2020) Modified on 12/8/2020 (jjbS, COURT STAFF). (Entered: 12/07/2020) |
| 12/08/2020 | 178 | CLERK'S NOTICE adding an additional matter to the Agenda of the Discovery Hearing scheduled for 12/15/2020 at 10:00 a.m.:<br><br>At the Discovery Hearing presently scheduled for 12/15/2020 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson, the Court is adding an additional matter for discussion. Counsel shall be be prepared to discuss the Joint Letter Brief, filed on ECF, dated 12/7/2020.<br><br>Any questions shall be directed to the Courtroom Deputy by email: Rose_Maher@cand.uscourts.gov<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/08/2020 | 179 | NOTICE of Appearance by Hannah Cannom *on behalf of Defendant Apple Inc.* (Cannom, Hannah) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/08/2020 | 180 | NOTICE of Appearance by Bethany Marvin Stevens (Stevens, Bethany) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/09/2020 | 181 | NOTICE of Appearance by Dana Lynn Craig (Craig, Dana) (Filed on 12/9/2020) (Entered: 12/09/2020) |
| 12/09/2020 | 182 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom on 12/9/2020 at 1:00 p.m.Total Time in Court: 59 minutes/Recorded by Zoom: 1:00-1:59.<br><br>Court Reporter: Katherine Sullivan.<br><br>Counsel Appearances:<br><br>4:11-cv-6714 YGR (TSH)- In re Apple iPhone Antitrust Litigation |

|  |  | Counsel for Pltf: Rachele R. Byrd/Counsel for Def: Ethan Dettmer |
|---|---|---|
|  |  | 4:19-cv-3074 YGR (TSH) - Cameron, et al. v. Apple Inc.<br>Counsel for Pltf: Robert F. Lopez/Counsel for Def: Ethan Dettmer<br><br>4:20-cv-5640 YGR(TSH) - Epic Games v. Apple Inc.<br>Counsel for Pltf: Lauren Moskowitz/Counsel for Def: Ethan Dettmer<br><br>Proceedings: Discovery Hearing held. Court Ordered as follows: Epic Games and Apple are to meet and confer re validation procedure in light of the Courts guidance. By 12/14/2020, the parties shall file either a stipulation and proposed order or a joint discovery letter brief with competing proposed orders. This issue will be added to the agenda for the December 15, 2020 hearing<br><br>Court also Ordered: Parties to meet and confer re Deposition limits. By 12/14/2020, they shall file either a stipulation and proposed order or a joint discovery letter brief not to exceed 10 pages (5 pages per side). This issue will also be added to the agenda for the December 15 hearing.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/9/2020) (Entered: 12/09/2020) |
| 12/10/2020 | 183 | Transcript of Proceedings held on 12/9/20, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (179 in 4:20-cv-05640-YGR) Transcript Order, (181 in 4:20-cv-05640-YGR) Transcript Order, (180 in 4:20-cv-05640-YGR) Transcript Order ) Release of Transcript Restriction set for 3/10/2021. (Sullivan, Katherine) (Filed on 12/10/2020) (Entered: 12/10/2020) |
| 12/11/2020 | 184 | Declaration of Jay P. Srinivasan in Support of 177 Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. 1), # 4 Redacted Version of Document Sought to be Sealed (Ex. 4), # 5 Redacted Version of Document Sought to be Sealed (Ex. 6))(Related document(s) 177 ) (Srinivasan, Jagannathan) (Filed on 12/11/2020) (Entered: 12/11/2020) |
| 12/11/2020 | 185 | EXHIBITS re 177 Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. 1), # 3 Unredacted Version of Document Sought to be Sealed (Ex. 4), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 6))(Related document(s) 177 ) (Srinivasan, Jagannathan) (Filed on 12/11/2020) (Entered: 12/11/2020) |
| 12/14/2020 | 186 | STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., Donal R. Cameron, and Pure Sweat Basketball, Inc.. (Srinivasan, Jagannathan) (Filed on 12/14/2020) Modified on 12/15/2020 (jjbS, COURT STAFF). (Entered: 12/14/2020) |
| 12/15/2020 | 187 | Joint Administrative Motion to File Under Seal filed by Epic Games, Inc.. (Attachments: # 1 Declaration OF YONATAN EVEN IN SUPPORT OF PLAINTIFFS JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF REGARDING APPLE DEPOSITIONS AND SUPPORTING EXHIBITS, # 2 JOINT DISCOVERY LETTER BRIEF REGARDING APPLE DEPOSITIONS, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit A, # 16 |

| | | |
|---|---|---|
| | | Exhibit B, # 17 Exhibit C, # 18 Exhibit D, # 19 Proposed Order)(Even, Yonatan) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | 188 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 187 Joint Administrative Motion to File Under Seal (Karin, John) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | 189 | **STIPULATION AND ORDER re (186 in 4:19-cv-03074-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., (307 in 4:11-cv-06714-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., (186 in 4:20-cv-05640-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc. Signed by Magistrate Judge Thomas S. Hixson on 12/15/2020. (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020)** |
| 12/15/2020 | 190 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconferencing on 12/15/2020 at 10:00 a.m.

Total Time in Court: 2 hours 56 mins.

Court Reporter: Katherine Sullivan.

Appearances:

Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation:
Rachele R. Byrd for Consumer Plaintiffs
Ethan Dettmer and Jay Srinivasan for Defendant Apple Inc.
Lawrence Papale for Plaintiff Edward Lawrence

Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.
Counsel for Plaintiffs:
Steve W. Berman
Robert F. Lopez
Benjamin J. Siegel
Theodore Wojcik

Counsel for Defendant Apple Inc.:
Ethan Dettmer and Jay Srinivasan

Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.
Lauren Moskowitz for Plaintiff Epic
Ethan Dettmer and Jay Srinivasan for Defendant Apple Inc.

Proceedings: Discovery Conferences held. Matter submitted. Court to issue Order.

Deadlines and Hearing:

Re Scheduling of Depositions:

Counsel to meet and confer re Number of Depositions. By noon, on 12/17/2020, they shall file a stipulation and proposed order, of if unable to agree, a Joint Letter Brief, no more than ten (10)pages, five (5) pages each. A hearing will be scheduled for: 12/18/2020 at 9:00 a.m., by Zoom Webinar for further hearing re depositions.

Apex Issue:

Counsel to file a Joint Letter Brief by 1/19/2020, COB, no more than ten (10) pages, five(5)pages each. Hearing scheduled for: 1/21/2020 at 10:00 a.m., by Zoom Webinar. |

| | | |
|---|---|---|
| | | Re Docket No. 269 - Consumer Plaintiff's request for Production 47:<br><br>Parties to file a joint discovery letter brief by 1/6/2021 concerning (and attaching) Plaintiffs expert declaration (and any declaration by Apple in response) concerning the relevance of RFP 47 to the Consumer Plaintiffs claims. Hearing scheduled for: 1/8/2021 at 9:00 a.m., by Zoom Webinar.<br><br>Re additional letter briefs on other discovery disputes:<br><br>The next round of joint letter briefs concerning issues the parties previewed at the end of the hearing are due 12/28/2020 by Noon. Hearing scheduled for 12/29/2020 at 10:00 a.m., by Zoom Webinar.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/15/2020) Modified on 12/15/2020 (rmm2S, COURT STAFF). (Entered: 12/15/2020) |
| 12/15/2020 | 191 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 12/18/2020 at 9:00 AM. This proceeding will be held via a Zoom webinar.<br><br>On 12/17/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/18/2020 at 9:00 a.m.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Zoom Video Camera hearing set for 12/18/2020 at 9:00 a.m. *(This is a text-only entry generated by the court. There is no document associated with this entry.)< /I>* (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/16/2020 | 192 | **Discovery Order re: ECF Nos. 269 , 270 , 271 , 295 , 298 in 4:11-cv-06714-YGR; ECF Nos. 145 , 146 , 147 , 173 , 177 in 4:19-cv-03074-YGR; ECF Nos. 170 , 173 in 4:20-cv-05640-YGR. Signed by Judge Thomas S. Hixson on 12/16/2020. (cdnS, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020)** |
| 12/16/2020 | 193 | CLERKS NOTICE SETTING ZOOM DISCOVERY HEARING. Zoom Video Camera Discovery hearing (Apex Issue) set for 1/21/2021 at 10:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 1/20/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/21/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. |

Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov

**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Zoom Video Camera Discovery hearing (Ap ex Issue) set for 1/21/2021 10:00 AM.

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020)

| 12/16/2020 | 194 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15325304.) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Rodriguez, Alberto) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| --- | --- | --- |
| 12/16/2020 | 195 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 1/8/2021 at 9:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar. <br><br> On 1/7/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/7/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. <br><br> Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov <br><br> **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ tsh <br><br> **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. <br><br> **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. <br><br> Zoom Video Camera Discovery hearing set for 1/8/2021 at 9:00 A M. <br><br> *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 196 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 12/29/2020 at 10:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar. <br><br> On 12/28/2020 by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 12/29/2020 Discovery Zoom Hearing. Counsel will join the hearing |

| | | |
|---|---|---|
| | | as an attendee and will be promoted to Panelist to participate in the hearing. |
| | | Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov |
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.go v/tsh |
| | | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |
| | | Zoom Video Camera Discovery hearing set for 12/29/2020 10:00 AM. |
| | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 197 | STIPULATION WITH PROPOSED ORDER *Joint Stipulation and [Proposed] Order Re: Authenticity Presumptions* filed by Donald R. Cameron, Pure Sweat Basketball, Inc., and Apple, Inc. (Lopez, Robert) (Filed on 12/16/2020) Modified on 12/17/2020 (jjbS, COURT STAFF). (Entered: 12/16/2020) |
| 12/16/2020 | 198 | Transcript of Proceedings held on 12-15-20, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (313 in 4:11-cv-06714-YGR) Transcript Order, (311 in 4:11-cv-06714-YGR) Transcript Order, (316 in 4:11-cv-06714-YGR) Transcript Order, (312 in 4:11-cv-06714-YGR) Transcript Order ) Release of Transcript Restriction set for 3/16/2021. (kapS, COURT STAFF) (Filed on 12/16/2020) Modified on 12/30/2020 (ewn, COURT STAFF). (Entered: 12/16/2020) |
| 12/17/2020 | 199 | Joint Discovery Letter Brief *regarding Apple depositions* filed by Epic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit 1)(Moskowitz, Lauren) (Filed on 12/17/2020) (Entered: 12/17/2020) |
| 12/18/2020 | 200 | **Discovery Order re: (323 in 4:11-cv-06714-YGR), (201 in 4:20-cv-05640-YGR), (199 in 4:19-cv-03074-YGR). Signed by Judge Thomas S. Hixson on 12/18/2020. (cdnS, COURT STAFF) (Filed on 12/18/2020) (Entered: 12/18/2020)** |
| 12/18/2020 | 201 | Joint MOTION for Leave to File *Reply in Support of Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Attachment 1: [Proposed] Reply in Support of Administrative Motion to Modify Case Schedule, # 2 Declaration of Benjamin J. Siegel in Support of Motion for Leave to File Reply, # 3 Proposed Order)(Berman, Steve) (Filed on 12/18/2020) (Entered: 12/18/2020) |
| 12/18/2020 | 202 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconference on 12/18/2020 at 9:00 a.m.** **Total Time in Court: 17 minutes.** **Court Reporter: Debra Pas.** **Appearances:** |

**11-6714 YGR (TSH) - In Re Apple iPhone Antitrust Litigation**
**Consumer Plaintiffs Counsel: Rachele R. Byrd**
**Defendant Apple Counsel: Jay Srinivasan**

**19-3074 YGR (TSH) - Cameron et al. v. Apple Inc.**
**Counsel for Plaintiffs: Benjamin J. Siegel**
**Counsel for Defendant: Jay Srinivasan**

**20-5640 YGR (TSH) - Epic Games, Inc. v. Apple Inc.**
**Plaintiff's Counsel: Lauren Moskowitz**
**Defendant's Counsel: Jay Srinivasan**

**Proceedings: Discovery hearing held. Court had reviewed the parties joint letter brief and issued an Oral Ruling: There shall be 16 Apple Depositions.**

***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** (rmm2S, COURT STAFF) (Date Filed: 12/18/2020) (Entered: 12/18/2020)

| | | |
|---|---|---|
| 12/18/2020 | 203 | **ORDER TENTATIVELY DENYING ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE by Judge Yvonne Gonzalez Rogers 294 in case 4:11-cv-06714-YGR and 172 in case 4:19-cv-03074-YGR; GRANTING(282) Administrative Motion to File Under Seal AND DENYING (327) Motion for Leave to File; in case 4:11-cv-06714-YGR; GRANTING (159) Administrative Motion to File Under Seal; DENYING (201) Motion for Leave to File in case 4:19-cv-03074-YGR. (ygrlc1, COURT STAFF) (Filed on 12/18/2020) (Entered: 12/18/2020)** |
| 12/21/2020 | 204 | Declaration of Jay P. Srinivasan in Support of 187 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. A), # 4 Redacted Version of Document Sought to be Sealed (Ex. C), # 5 Redacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 187 ) (Srinivasan, Jagannathan) (Filed on 12/21/2020) (Entered: 12/21/2020) |
| 12/21/2020 | 205 | EXHIBITS re 187 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. A), # 3 Unredacted Version of Document Sought to be Sealed (Ex. C), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 187 ) (Srinivasan, Jagannathan) (Filed on 12/21/2020) (Entered: 12/21/2020) |
| 12/21/2020 | 206 | **\*\*\* DUPLICATE OF DOCKET NO. 204 \*\*\*** Declaration of Jay P. Srinivasan in Support of 187 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. A), # 4 Redacted Version of Document Sought to be Sealed (Ex. C), # 5 Redacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 187 ) (Srinivasan, Jagannathan) (Filed on 12/21/2020) Modified on 12/22/2020 (jjbS, COURT STAFF). Modified on 12/22/2020 (jjbS, COURT STAFF). (Entered: 12/21/2020) |
| 12/21/2020 | 207 | **\*\*\*DUPLICATE OF DOCKET NO. 205 \*\*\*** EXHIBITS re 187 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. A), # 3 Unredacted Version of Document Sought to be Sealed (Ex. C), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 187 ) (Srinivasan, Jagannathan) (Filed on 12/21/2020) Modified on 12/22/2020 (jjbS, COURT STAFF). (Entered: 12/21/2020) |
| 12/22/2020 | 208 | **ORDER by Judge Yvonne Gonzalez Rogers granting 176 Motion for Pro Hac Vice as to Theodore Wojcik. (fs, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |

| | | |
|---|---|---|
| 12/22/2020 | <u>209</u> | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (308) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting in part and denying in part (187) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR; granting in part and denying in part (187) Administrative Motion to File Under Seal in case 4:20-cv-05640-YGR. (tshlc2S, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |
| 12/23/2020 | <u>210</u> | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15360133.) filed by Apple Inc.. (Lent, Karen) (Filed on 12/23/2020) (Entered: 12/23/2020) |
| 12/24/2020 | <u>211</u> | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # <u>1</u> Proposed Order, # <u>2</u> Redacted Version of Document Sought to be Sealed (Transcript), # <u>3</u> Declaration of E. Dettmer - Redacted Version of Document Sought to be Sealed, # <u>4</u> Unredacted Version of Document Sought to be Sealed (Transcript), # <u>5</u> Declaration of E. Dettmer - Unredacted Version of Document Sought to be Sealed, # <u>6</u> Exhibit A - Unredacted Version of Document Sought to be Sealed, # <u>7</u> Exhibit B - Unredacted Version of Document Sought to be Sealed, # <u>8</u> Exhibit C - Unredacted Version of Document Sought to be Sealed)(Lewis, Veronica) (Filed on 12/24/2020) (Entered: 12/24/2020) |
| 12/28/2020 | 212 | Clerks Notice Continuing Discovery Hearing:<br><br>The Zoom Videoconference Discovery hearing scheduled for tomorrow 12/29/2020 at 10:00 a.m., is CONTINUED TO: 12/30/2020 at 10:00 a.m. All parties shall join the Zoom hearing at that date and time.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/28/2020 | <u>213</u> | OPPOSITION/RESPONSE (re <u>211</u> Administrative Motion to File Under Seal ) filed byDonald R. Cameron, Pure Sweat Basketball, Inc.. (Berman, Steve) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/29/2020 | <u>214</u> | Transcript of Zoom Video Conference Proceedings held on 12-18-2020, before Judge Thomas S. Hixson. Court Reporter/Transcriber Debra L. Pas, CRR, telephone number (415) 431-1477/Email: Debra_Pas@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (329 in 4:11-cv-06714-YGR) Transcript Order ) Release of Transcript Restriction set for 3/29/2021. (Pas, Debra) (Filed on 12/29/2020) (Entered: 12/29/2020) |
| 12/30/2020 | 215 | Discovery Hearing held by Zoom Videoconferencing on 12/30/2020 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson:<br><br>Total Time in Court: 59 mins.<br><br>Court Reporter: Ana Dub<br><br>Appearances:<br><br>Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation:<br>Counselfor Consumer Plaintiffs: Rachele R. Byrd<br>Counsel for Defendant: Jay Srinivasan for Apple Inc.<br><br>Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.<br>Counsel for Plaintiffs: Robert F. Lopez - for Cameron<br>Counsel for Defendant: Jay Srinivasan - for Apple Inc. |

Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.
Counsel for Plaintiff: Lauren Moskowitz for Epic
Counsel for Defendant: Jay Srinivasan - Apple Inc.

Proceedings: Discovery Conferences held. Matter submitted. Court to issue Order.

Deadlines and Hearing: By 1/6/2021 letter briefs due by Noon, for the 1/8/2021 discovery hearing.

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/30/2020) (Entered: 12/30/2020)

| | | |
|---|---|---|
| 12/30/2020 | 216 | **ORDER by Magistrate Judge Thomas S. Hixson granting (336) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting (211) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR. (rmm2S, COURT STAFF) (Filed on 12/30/2020) (Entered: 12/30/2020)** |
| 12/30/2020 | 217 | Statement in Response to 203 Order on Administrative Motion to File Under Seal by Apple Inc.. (Attachments: # 1 Declaration of M. Rollins)(Dettmer, Ethan) (Filed on 12/30/2020) Modified on 1/4/2021 (jjbS, COURT STAFF). (Entered: 12/30/2020) |
| 12/30/2020 | 218 | Declaration of Ethan D. Dettmer in Support of 217 Notice (Other), filed byApple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Related document(s) 217 ) (Dettmer, Ethan) (Filed on 12/30/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 219 | Administrative Motion to File Under Seal *Exhibits to E. Dettmer Declaration* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration ISO Sealing, # 3 Declaration ISO Statement, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11)(Dettmer, Ethan) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 220 | Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal Portion of Transcript")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Exhibit A, # 3 Proposed Order, # 4 Transcript [Redacted], # 5 Transcript [Unredacted])(Moskowitz, Lauren) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 221 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 220 Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal Portion of Transcript")* (Karin, John) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 01/01/2021 | 222 | EXHIBITS *re: ECF 187 as per Court Order in ECF 209* filed byEpic Games, Inc.. (Even, Yonatan) (Filed on 1/1/2021) (Entered: 01/01/2021) |
| 01/06/2021 | 223 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order and Stipulation, # 3 Unredacted Version of Joint Letter Brief, # 4 Unredacted Version of Exhibit A, # 5 Unredacted Version of Exhibit B, # 6 Unredacted Version of Exhibit C, # 7 Unredacted Version of Exhibit D, # 8 Unredacted Version of Exhibit E, # 9 Unredacted Version of Exhibit F, # 10 Unredacted Version of Exhibit G)(Lewis, Veronica) (Filed on 1/6/2021) (Entered: 01/06/2021) |
| 01/06/2021 | 224 | RESPONSE *to Apple Inc.'s Statement in Response to Order Tentatively Denying Administrative Motion to Modify Case Schedule* by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Berman, Steve) (Filed on 1/6/2021) Modified on 1/7/2021 (jjbS, COURT STAFF). (Entered: 01/06/2021) |
| 01/06/2021 | 225 | Statement *Concerning Defendant Apple Inc.'s Statement in Response to Order Tentatively Denying Administrative Motion to Modify Case Schedule")* by Epic Games, Inc.. (Moskowitz, Lauren) (Filed on 1/6/2021) Modified on 1/7/2021 (jjbS, COURT STAFF). (Entered: 01/06/2021) |

| | | |
|---|---|---|
| 01/07/2021 | 226 | **Discovery Order re 223 : The parties' Joint Discovery Letter Brief Regarding Motion for Sanctions is denied without prejudice to Apple filing a sanctions motion under Civil Local Rule 7. Signed by Judge Thomas S. Hixson on 1/7/2021. (cdnS, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |
| 01/07/2021 | 227 | **ORDER by Judge Yvonne Gonzalez Rogers granting 194 Motion for Pro Hac Vice as to Alberto Rodriguez. (fs, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |
| 01/07/2021 | 228 | **ORDER by Judge Yvonne Gonzalez Rogers granting 210 Motion for Pro Hac Vice as to Karen Lent. (fs, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |
| 01/07/2021 | 229 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order and Stipulation, # 3 Redacted Version of Motion for Sanctions, # 4 Unredacted Version of Motion for Sanctions, # 5 Unredacted Version of Declaration of E. Dettmer, # 6 Unredacted Version of Exhibit C, # 7 Unredacted Version of Exhibit D, # 8 Unredacted Version of Exhibit E, # 9 Unredacted Version of Exhibit F)(Lewis, Veronica) (Filed on 1/7/2021) (Entered: 01/07/2021) |
| 01/07/2021 | 230 | MOTION for Sanctions filed by Apple Inc.. Motion Hearing set for 2/11/2021 10:00 AM before Magistrate Judge Thomas S. Hixson. Responses due by 1/21/2021. Replies due by 1/28/2021. (Attachments: # 1 Proposed Order, # 2 Declaration of E. Dettmer, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F)(Lewis, Veronica) (Filed on 1/7/2021) (Entered: 01/07/2021) |
| 01/08/2021 | 231 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 1/8/2021 by Zoom Video Conference.**<br><br>**Court Reporter: Ruth Ekhaus/Total Time in Court: 9:00-9:17 - 17 minutes.**<br><br>**Appearances:**<br><br>**Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation:**<br>**Counselfor Consumer Plaintiffs: Rachele R. Byrd**<br>**Counsel for Defendant: Jay Srinivasan for Apple Inc.**<br><br>**Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.**<br>**Counsel for Plaintiffs: Robert F. Lopez/Benjamin J. Siegel - for Cameron**<br>**Counsel for Defendant: Jay Srinivasan - for Apple Inc.**<br><br>**Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.**<br>**Counsel for Plaintiff: Lauren Moskowitz for Epic**<br>**Counsel for Defendant: Jay Srinivasan - Apple Inc.**<br><br>**Proceedings: Discovery Hearing held, argument heard, matter submitted. Court to issue Order.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 232 | **ORDER RE: CASE SCHEDULING.**<br><br>**Set/Reset Deadlines as to extending briefing deadlines in 11-6714-YGR and 19-3074-YGR: Class Certification Motion due by 6/1/2021. Responses due by 8/10/2021. Replies due by 10/12/2021. Class Certification Motion Hearing set for 11/16/2021 10:00 AM OPST in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.**<br><br>**Signed by Judge Yvonne Gonzalez Rogers on 1/8/2021. (fs, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021)** |

| 01/08/2021 | 233 | *AMENDED* STIPULATION WITH PROPOSED ORDER filed by Apple Inc., Donald R. Cameron, Pure Sweat Basketball, Inc., and Epic Games, Inc. (Srinivasan, Jagannathan) (Filed on 1/8/2021) Modified on 1/11/2021 (jjbS, COURT STAFF). (Entered: 01/08/2021) |
|---|---|---|
| 01/11/2021 | 234 | **ORDER by Magistrate Judge Thomas S. Hixson granting (348) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting (220) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR. (rmm2S, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/11/2021 | 235 | **ORDER by Judge Yvonne Gonzalez Rogers granting (321) Stipulation re Authenticity Presumptions in case 4:11-cv-06714-YGR; granting (197) Stipulation re Authenticity Presumptions in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/11/2021 | 236 | **ORDER by Judge Yvonne Gonzalez Rogers granting (365) Amended Stipulation in case 4:11-cv-06714-YGR; granting (233) Amended Stipulation in case 4:19-cv-03074-YGR; granting (242) Amended Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/12/2021 | 237 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part 229 Administrative Motion to File Under Seal. (cdnS, COURT STAFF) (Filed on 1/12/2021) (Entered: 01/12/2021)** |
| 01/13/2021 | 238 | Second Administrative Motion to File Under Seal *Motion for Sanctions* filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order and Stipulation, # 3 Redacted Version of Document Sought to be Sealed (Declaration), # 4 Redacted Version of Document Sought to be Sealed (Ex. C), # 5 Unredacted Version of Document Sought to be Sealed (Declaration), # 6 Unredacted Version of Document Sought to be Sealed (Ex. C))(Lewis, Veronica) (Filed on 1/13/2021) (Entered: 01/13/2021) |
| 01/14/2021 | 239 | *AMENDED* STIPULATION WITH PROPOSED ORDER filed by Apple Inc., Donald R. Cameron, and Pure Sweat Basketball, Inc. (Richman, Cynthia) (Filed on 1/14/2021) Modified on 1/15/2021 (jjbS, COURT STAFF). (Entered: 01/14/2021) |
| 01/19/2021 | 240 | Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of J. Lo, # 2 Proposed Order, # 3 Joint Letter Brief re Discovery, # 4 Exhibit 1, Joint Letter Brief re Discovery, # 5 Exhibit 2, Joint Letter Brief re Discovery, # 6 Certificate/Proof of Service)(Lo, Jason) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/20/2021 | 241 | Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Cue and Federighi Depositions, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7)(Moskowitz, Lauren) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 242 | Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Depositions")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Cook Deposition)(Moskowitz, Lauren) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 243 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 241 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* (Karin, John) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 244 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 242 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Depositions")* (Karin, John) (Filed on 1/20/2021) (Entered: 01/20/2021) |

| | | |
|---|---|---|
| 01/20/2021 | 245 | **ORDER by Magistrate Judge Thomas S. Hixson granting 238 Second Administrative Motion to File Under Seal. (rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021)** |
| 01/20/2021 | 246 | **Discovery Order rescheduling hearing from 1/21/2021 to 1/25/2021 at 10:00 a.m., by Zoom Video Conference. Signed by Magistrate Judge Thomas S. Hixson on 1/20/2021. (rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021)** |
| 01/20/2021 | | Set/Reset Hearing re (246 in 4:19-cv-03074-YGR, 375 in 4:11-cv-06714-YGR) Discovery Order Rescheduling Discovery hearing:<br><br>Zoom Video Camera hearing set for 1/25/2021 10:00 AM, before Magistrate Judge Thomas S. Hixson.<br><br>Counsel shall by COB on Friday, 1/22/2021, email the Courtroom Deputy with their appearances. Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>(rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/21/2021 | 247 | Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of J. Srinivasan, # 2 Proposed Order, # 3 Joint Letter Brief re Discovery, # 4 Exhibit 1, Joint Letter Brief re Discovery, # 5 Exhibit 2, Joint Letter Brief re Discovery, # 6 Exhibit 3, Joint Letter Brief re Discovery, # 7 Exhibit 4, Joint Letter Brief re Discovery, # 8 Exhibit 5, Joint Letter Brief re Discovery, # 9 Certificate/Proof of Service) (Srinivasan, Jagannathan) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 248 | Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren M. Moskowitz, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L)(Moskowitz, Lauren) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 249 | Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Moskowitz, Lauren) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 250 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 248 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* (Karin, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 251 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 249 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* (Karin, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 252 | **ORDER by Judge Yvonne Gonzalez Rogers granting (369) Stipulated Amended Protective Order in case 4:11-cv-06714-YGR; granting (239) Stipulated Amended Protective Order in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 1/21/2021) (Entered: 01/21/2021)** |
| 01/21/2021 | 253 | Administrative Motion to File Under Seal *Developer Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Sanctions* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Steve W. Berman in Support of Administrative Motion to Seal, # 2 Proposed Order, # 3 Developer Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Sanctions (Sealed), # 4 Declaration of Benjamin J. Siegel in Support of Developer |

| | | |
|---|---|---|
| | | Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Sanctions, Exhibits A-T Thereto (Sealed), # 5 Certificate/Proof of Service)(Berman, Steve) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/25/2021 | 254 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconferencing on 1/25/2021 at 10:00 a.m.<br><br>Total Time in Court: 1 hour 25 minutes<br><br>Court Reporter: Marla Knox.<br><br>Appearances:<br><br>Case No. 11-6714 YGR (TSH)- In re Apple iPhone Antitrust Litigation:<br>Rachele R. Byrd for Consumer Plaintiffs<br>Jay Srinivasan for Defendant Apple Inc.<br><br>Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.<br>Robert F. Lopez and Benjamin J. Siegel for Plaintiff Developers<br>Jay Srinivasan - for Defendant Apple Inc.<br><br>Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.<br>Lauren Moskowitz for Plaintiff Epic<br>Victoria Maroulis, Kyle Batter and Richard Rosalez for non-party SEA<br>Jay Srinivasan for Defendant Apple Inc.<br><br>Proceedings: Discovery Conferences held. Matters submitted. Court to issue Order.<br><br>Deadlines and Hearing: Joint Letter Briefs due 1/29/2021 by Noon. A further hearing is scheduled for: 2/1/2021 at 10:00 a.m., by Zoom.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 255 | CLERKS NOTICE SETTING FURTHER ZOOM DISCOVERY HEARING BEFORE MAGISTRATE JUDGE THOMAS S. HIXSON. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>On 1/29/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 2/1/2021 Discovery Z oom Hearing at 10:00 a.m. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry .)* (rmm2S, COURT STAFF) (Filed on 1/25/2021) (Entered: 01/25/2021) |

| 01/25/2021 | | Set/Reset Hearing re (255 in 4:19-cv-03074-YGR) Clerk's Notice Setting Zoom Hearing. Zoom Video Camera further Discovery hearing set for 2/1/2021 at 10:00 AM. (rmm2S, COURT STAFF) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| --- | --- | --- |
| 01/25/2021 | 256 | NOTICE of Appearance by Kyle Kenneth Batter *on behalf of Victoria Maroulis* (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 257 | NOTICE of Appearance by Kyle Kenneth Batter (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 258 | Declaration of Kyle Batter in Support of 247 Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed bySamsung Electronics Co., Ltd.. (Related document(s) 247 ) (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 259 | Declaration of Gary A. Bornstein in Support of 247 Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed byEpic Games, Inc.. (Attachments: # 1 Proposed Order) (Related document(s) 247 ) (Bornstein, Gary) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 260 | EXHIBITS re 253 Administrative Motion to File Under Seal *Developer Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Sanctions Declaration of E. Dettmer In Support of Motion to Seal* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to Be Sealed (Opposition to Motion for Sanctions), # 3 Redacted Version of Document Sought to be Sealed (Siegel Declaration and Exs. A-T), # 4 Unredacted Version of Document Sought to be Sealed (Opposition to Motion for Sanctions), # 5 Unredacted Version of Document Sought to be Sealed (Siegel Declaration and Exs. A-T), # 6 Certificate/Proof of Service)(Related document(s) 253 ) (Dettmer, Ethan) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 261 | EXHIBITS re 249 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")*, 242 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Depositions")*, 241 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")*, 248 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions") Declaration of E. Dettmer In Support of Motions to Seal* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter re Apex Witnesses), # 3 Redacted Version of Document Sought to be Sealed (Ex. 1), # 4 Redacted Version of Document Sought to be Sealed (Ex. B), # 5 Redacted Version of Document Sought to be Sealed (Ex. C), # 6 Redacted Version of Document Sought to be Sealed (Ex. E), # 7 Redacted Version of Document Sought to be Sealed (Ex. F), # 8 Redacted Version of Document Sought to be Sealed (Ex. I), # 9 Redacted Version of Document Sought to be Sealed (Ex. J), # 10 Redacted Version of Document Sought to be Sealed (Ex. K), # 11 Redacted Version of Document Sought to be Sealed (Ex. L), # 12 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter re Deposition of Cook), # 13 Redacted Version of Document Sought to be Sealed (Ex. C), # 14 Redacted Version of Document Sought to be Sealed (Ex. D), # 15 Redacted Version of Document Sought to be Sealed (Ex. E), # 16 Redacted Version of Document Sought to be Sealed (Ex. F), # 17 Redacted Version of Document Sought to be Sealed (Ex. G), # 18 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter re Apex Witnesses), # 19 Unredacted Version of Documents Sought to be Sealed (Ex. 1), # 20 Unredacted Version of Document Sought to be Sealed (Ex. A), # 21 Unredacted Version of Document Sought to be Sealed (Ex. B), # 22 Unredacted Version of Document to be Sealed (Ex. C), # 23 Unredacted Version of Document Sought to be Sealed (Exhibit D), # 24 Unredacted Version of Document Sought to be Sealed (Ex. E), # 25 Unredacted Version of Document Sought to be Sealed (Ex. F), # 26 Unredacted Version of Document Sought to be Sealed (Ex. G), # 27 Unredacted Version of Document Sought to be Sealed (Ex. H), # 28 Unredacted Version of Document Sought to be Sealed (Ex. I), # 29 Unredacted Version of |

| | | |
|---|---|---|
| | | Document Sought to be Sealed (Ex. J), # 30 Unredacted Version of Document Sought to be Sealed (Ex. K), # 31 Unredacted Version of Document Sought to be Sealed (Ex. L), # 32 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter re Cook Deposition), # 33 Unredacted Version of Document Sought to be Sealed (Ex. C), # 34 Unredacted Version of Document Sought to be Sealed (Ex. D), # 35 Unredacted Version of Document Sought to be Sealed (Ex. E), # 36 Unredacted Version of Document Sought to be Sealed (Ex. F), # 37 Unredacted Version of Document Sought to be Sealed (Ex. G), # 38 Certificate/Proof of Service)(Related document(s) 249 , 242 , 241 , 248 ) (Dettmer, Ethan) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/26/2021 | 262 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15490731.) filed by Apple Inc.. (Yang, Betty) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 263 | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL RE: (372 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Stephen H. Schwartz, Robert Pepper, Harry Bass, Crystal Boykin, Epic Games, Inc., Edward Lawrence, Edward W. Hayter, Kevin Fahey, (241 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (271 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (248 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc., (240 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (249 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (269 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (370 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (377 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc., (242 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Depositions")* filed by Epic Games, Inc., (371 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Stephen H. Schwartz, Crystal Boykin, Harry Bass, Robert Pepper, Epic Games, Inc., Edward Lawrence, Kevin Fahey, Edward W. Hayter, (247 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (261 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (260 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (378 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (376 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (262 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (270 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc... Signed by Judge Thomas S. Hixson on 1/26/2021. (cdnS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021)** |
| 01/26/2021 | 264 | DISCOVERY ORDER - DOCUMENT E-FILED UNDER SEAL by Court Staff. (rmm2S, |

| | | COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021) |
|---|---|---|
| 01/26/2021 | 268 | **Discovery Order (Public Redacted Version) re (264 in 4:19-cv-03074-YGR, 291 in 4:20-cv-05640-YGR, 392 in 4:11-cv-06714-YGR). Signed by Judge Thomas S. Hixson on 1/26/2021. (cdnS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/28/2021)** |
| 01/27/2021 | 265 | CLERK'S NOTICE CHANGING START TIME OF ZOOM DISCOVERY HEARING: The Zoom Video Conference Discovery Hearing scheduled for 2/1/2021, shall be heard at 9:00 a.m., rather than 10:00 a.m. All counsel shall join the Zoom call at 9:00 a.m. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 1/27/2021) (Entered: 01/27/2021) |
| 01/28/2021 | 266 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order, # 3 Sealed Discovery Order)(Dettmer, Ethan) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 01/28/2021 | 267 | REDACTION *Request re Court Order* by Samsung Electronics America Inc.. (Batter, Kyle) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 01/28/2021 | 269 | Administrative Motion to File Under Seal *Reply in Support of Motion for Sanctions* filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order and Stipulation, # 3 Redacted Version of Document Sought to be Sealed (Reply in Support of Motion for Sanctions), # 4 Unredacted Version of Document Sought to be Sealed (Reply in Support of Motion for Sanctions), # 5 Certificate/Proof of Service)(Lewis, Veronica) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 01/28/2021 | 270 | REPLY (re 230 MOTION for Sanctions ) filed byApple Inc.. (Lewis, Veronica) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 02/01/2021 | 271 | Letter Brief *(Redacted 247 Joint Letter Brief re Discovery)* filed byApple Inc.. (Srinivasan, Jagannathan) (Filed on 2/1/2021) (Entered: 02/01/2021) |
| 02/02/2021 | 272 | **ORDER by Judge Thomas S. Hixson granting (394) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; denying without prejudice (223) Administrative Motion to File Under Seal; granting (266) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR; granting (294) Administrative Motion to File Under Seal in case 4:20-cv-05640-YGR. (cdnS, COURT STAFF) (Filed on 2/2/2021) (Entered: 02/02/2021)** |
| 02/02/2021 | 273 | EXHIBITS re 248 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* Declaration of E. Dettmer In Support of Motion to Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Exhibit J), # 3 Unredacted Version of Document Sought to be Sealed (Exhibit J), # 4 Certificate/Proof of Service)(Related document(s) 248 ) (Dettmer, Ethan) (Filed on 2/2/2021) (Entered: 02/02/2021) |
| 02/02/2021 | 274 | MOTION for leave to appear in Pro Hac Vice *for Zainab Ahmad* ( Filing fee $ 317, receipt number 0971-15526017.) filed by Apple Inc.. (Ahmad, Zainab) (Filed on 2/2/2021) (Entered: 02/02/2021) |
| 02/03/2021 | 275 | NOTICE of Appearance by Ben Michael Harrington *for Developer Plaintiffs* (Harrington, Ben) (Filed on 2/3/2021) (Entered: 02/03/2021) |
| 02/04/2021 | 276 | STIPULATION WITH PROPOSED ORDER *STIPULATED PROPOSED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY* filed by Epic Games, Inc.. (Lavely, Vanessa) (Filed on 2/4/2021) (Entered: 02/04/2021) |
| 02/05/2021 | | Set/Reset Hearing re 230 MOTION for Sanctions Motion Hearing set for 2/18/2021 10:00 AM in San Francisco, - Videoconference Only before Magistrate Judge Thomas S. Hixson. Zoom Video Camera hearing set for 2/18/2021 at 10:00 AM. (rmm2S, COURT STAFF) (Filed on 2/5/2021) (Entered: 02/05/2021) |

| 02/05/2021 | 277 | EXHIBITS re 263 Discovery Order, Terminate Motions *("Unsealed Exhibits to Joint Discovery Letter Briefs Regarding Cook, Cue, and Federighi")* filed by Epic Games, Inc.. (Related document(s) 263 ) (Moskowitz, Lauren) (Filed on 2/5/2021) Modified on 2/8/2021 (bnsS, COURT STAFF). (Entered: 02/05/2021) |
|---|---|---|
| 02/08/2021 | 278 | **ORDER by Judge Yvonne Gonzalez Rogers granting 262 Motion for Pro Hac Vice as to Betty Yang. (fs, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |
| 02/08/2021 | 279 | **ORDER by Judge Yvonne Gonzalez Rogers granting 274 Motion for Pro Hac Vice as to Zainab N. Ahmad. (fs, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |
| 02/08/2021 | 280 | NOTICE of Appearance by Rachel S. Brass (Brass, Rachel) (Filed on 2/8/2021) (Entered: 02/08/2021) |
| 02/09/2021 | 281 | Declaration of E. Dettmer In Support of Motion to Seal re 223 Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Letter re Sanctions), # 3 Unredacted Version of Document Sought to be Sealed (Joint Letter re Sanctions), # 4 Unredacted Version of Document Sought to be Sealed (Ex. A), # 5 Unredacted Version of Document Sought to be Sealed (Ex. B), # 6 Unredacted Version of Document Sought to be Sealed (Ex. C), # 7 Unredacted Version of Document Sought to be Sealed (Ex. D), # 8 Unredacted Version of Document Sought to be Sealed (Ex. E), # 9 Unredacted Version of Document Sought to be Sealed (Ex. F), # 10 Exhibit G, # 11 Certificate/Proof of Service)(Related document(s) 223 ) (Dettmer, Ethan) (Filed on 2/9/2021) Modified on 2/10/2021 (bnsS, COURT STAFF). (Entered: 02/09/2021) |
| 02/10/2021 | | Electronic filing error. Incorrect event used. [err101] **NOTICE TO COUNSEL:</b For future filings, the correct event is Declaration In Support. Correct event is found under Civil Events > Motions and Related Filings > Other Supporting Documents. Corrected by Clerk's Office. No further action is necessary. Re: 281 Exhibits to an Administrative Motion to File Under Seal, filed by Apple Inc. (bnsS, COURT STAFF) (Filed on 2/10/2021) (Entered: 02/10/2021)** |
| 02/11/2021 | 282 | **ORDER [*AS MODIFIED BY THE COURT*] STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY by Judge Yvonne Gonzalez Rogers; granting as modified by the Court (402) Stipulation in case 4:11-cv-06714-YGR; granting as modified by the Court (276) Stipulation in case 4:19-cv-03074-YGR; granting as modified by the Court (320) Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 2/11/2021) (Entered: 02/11/2021)** |
| 02/12/2021 | 283 | **ORDER re 223 Administrative Motion to File Under Seal filed by Apple Inc.. Signed by Magistrate Judge Thomas S. Hixson on 2/12/2021. (rmm2S, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/12/2021 | 284 | **STATUS REPORT ORDER: Status Report from Apple due by 2/17/2021. Signed by Judge Thomas S. Hixson on 2/12/2021. (cdnS, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/12/2021 | 285 | **ORDER re Motion to Seal. Signed by Magistrate Judge Thomas S. Hixson on 2/12/2021. (rmm2S, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/15/2021 | 286 | Consent ADMINISTRATIVE MOTION to Partially Seal Hearing on Motion for Sanctions re 230 MOTION for Sanctions filed by Apple Inc.. Responses due by 2/19/2021. (Attachments: # 1 Declaration of E. Dettmer, # 2 Exhibit A, # 3 Proposed Order)(Dettmer, Ethan) (Filed on 2/15/2021) (Entered: 02/15/2021) |
| 02/16/2021 | 287 | CLERK'S NOTICE CONTINUING MOTION FOR SANCTIONS HEARING BY ZOOM:<br><br>The Motion for Sanctions presently scheduled for 2/18/2021 at 10:00 a.m., is CONTINUED to: 3/4/2021 at 10:00 a.m., by Zoom Video Conference, before Magistrate Judge Thomas S. Hixson. |

| | | |
|---|---|---|
| | | The Zoom link remains the same.<br><br>Counsel shall send the Courtroom Deputy their appearances by email on 3/3/2021 by COB.<br><br>Courtroom Deputy email:Rose_Maher@cand.uscourts.gov<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* Video Camera hearing set for 3/4/2021 10:00 AM. (rmm2S, COURT STAFF) (Filed on 2/16/2021) (Entered: 02/16/2021) |
| 02/18/2021 | [288](#) | STATUS REPORT *re Motions to Seal* by Apple Inc.. (Dettmer, Ethan) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 02/18/2021 | [289](#) | **ORDER re (261 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (241 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (371 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Stephen H. Schwartz, Robert Pepper, Harry Bass, Crystal Boykin, Epic Games, Inc., Edward Lawrence, Edward W. Hayter, Kevin Fahey. Signed by Judge Thomas S. Hixson on 2/18/2021. (cdnS, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021)** |
| 02/18/2021 | [290](#) | **ORDER by Magistrate Judge Thomas S. Hixson granting [269](#) Administrative Motion to File Under Seal. (rmm2S, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021)** |
| 02/18/2021 | [291](#) | **ORDER by Magistrate Judge Thomas S. Hixson granting [253](#) Administrative Motion to File Under Seal. (rmm2S, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021)** |
| 02/18/2021 | [292](#) | Discovery Letter Brief filed by Apple Inc.. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit)(Lowery, Michelle) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 02/19/2021 | 293 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera hearing set for 2/24/2021 at 9:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 2/23/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 2/24/2021, Zoom Discovery Hearing re Joint Letter brief at 9:00 a.m., re ECF Docket Nos. 11-6714 Doc. No. 413, 19-3074 Doc. No. 292, 20-5640 Doc. No. 346. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photogra phing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https ://www.cand.uscourts.gov/zoom/.<br><br>Video Camera hearing set for 2/24/2021 09:00 AM. |

| | | |
|---|---|---|
| | | *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 2/19/2021) (Entered: 02/19/2021) |
| 02/22/2021 | 294 | Further Joint CASE MANAGEMENT STATEMENT filed by Donald R. Cameron, Pure Sweat Basketball, Inc. and Apple Inc.. (Byrd, Rachele) (Filed on 2/22/2021) Modified on 2/23/2021 (jmlS, COURT STAFF). (Entered: 02/22/2021) |
| 02/23/2021 | 295 | **ORDER by Magistrate Judge Thomas S. Hixson granting in part and denying in part 286 Administrative Motion Sealing Hearing. (rmm2S, COURT STAFF) (Filed on 2/23/2021) (Entered: 02/23/2021)** |
| 02/23/2021 | 296 | **ORDER VACATING CASE MANAGEMENT CONFERENCE. The case management conference currently set for March 1, 2021 is VACATED. Signed by Judge Yvonne Gonzalez Rogers on 2/23/2021. (fs, COURT STAFF) (Filed on 2/23/2021) (Entered: 02/23/2021)** |
| 02/24/2021 | 297 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 2/24/2021 at 9:00 a.m., by Zoom Video Conference.** <br><br> **Total Time in Court: 49 minutes.** <br><br> **Court Reporter: Ruth Levine Ekhaus.** <br><br> **Appearances:** <br><br> **Gavin Skok (Pro Hac Vice Counsel, Pending), Rep. Non-Party Valve Corp.** <br> **Jaemin Chang, Local Co-Counsel, Rep. Non-Party Valve Corp.** <br><br> **Robert F. Lopez, Representing for Developer Plaintiffs** <br><br> **Jay P. Srinivasan and Michelle Lowery, Representing Def. Apple, Inc.** <br><br> **Proceedings: Discovery hearing held. Argument heard, matter submitted. Court to issue Order.** <br><br> *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(rmm2S, COURT STAFF) (Date Filed: 2/24/2021) (Entered: 02/24/2021)** |
| 02/24/2021 | 298 | **Discovery Order re: (346 in 4:20-cv-05640-YGR) Discovery Letter Brief filed by Apple Inc., (413 in 4:11-cv-06714-YGR) Discovery Letter Brief filed by Apple Inc., (292 in 4:19-cv-03074-YGR) Discovery Letter Brief filed by Apple Inc. Signed by Judge Thomas S. Hixson on 2/24/2021. (cdnS, COURT STAFF) (Filed on 2/24/2021) (Entered: 02/24/2021)** |
| 02/25/2021 | 299 | Transcript of Proceedings held on 02/24/2021, before Judge Thomas S. Hixson. Court Reporter Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219, telephone number (415)336-5223/ruth_ekhaus@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (353 in 4:20-cv-05640-YGR) Transcript Order, (354 in 4:20-cv-05640-YGR) Transcript Order ) Release of Transcript Restriction set for 5/26/2021. (rreS, COURT STAFF) (Filed on 2/25/2021) (Entered: 02/25/2021) |
| 02/25/2021 | 300 | **ORDER REGARDING NOTICE OF AUDIO STREAMING PILOT PROJECT. Signed by Judge Yvonne Gonzalez Rogers on 2/25/2021. (fs, COURT STAFF) (Filed on 2/25/2021) (Entered: 02/25/2021)** |
| 03/01/2021 | 301 | EXHIBITS re 289 Order,,, *("Unsealed Exhibit to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed byEpic Games, Inc.. (Related document(s) 289 ) |

| | | (Moskowitz, Lauren) (Filed on 3/1/2021) (Entered: 03/01/2021) |
|---|---|---|
| 03/04/2021 | 303 | TRANSCRIPT ORDER for proceedings held on 3/4/2021 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Marla Knox. (Srinivasan, Jagannathan) (Filed on 3/4/2021) (Entered: 03/04/2021) |
| 03/04/2021 | 304 | TRANSCRIPT ORDER for proceedings held on March 4, 2021 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Marla Knox. (Byars, Michael) (Filed on 3/4/2021) (Entered: 03/04/2021) |
| 03/04/2021 | 305 | **ORDER by Judge Thomas S. Hixson re 230 Motion for Sanctions. (cdnS, COURT STAFF) (Filed on 3/4/2021) (Entered: 03/04/2021)** |
| 03/05/2021 | 306 | Sealed Transcript of Zoom Webinar Proceedings held on March 4, 2021, before Judge Thomas S. Hixson. Court Reporter, Marla F. Knox, RPR, CRR, RMR, Telephone number (602) 391-6990. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (mfk, COURT STAFF) (Filed on 3/5/2021) (Entered: 03/05/2021) |
| 03/12/2021 | 307 | NOTICE of Intent to Request Redaction of Transcript by Jagannathan P Srinivasan (Srinivasan, Jagannathan) (Filed on 3/12/2021) (Entered: 03/12/2021) |
| 03/23/2021 | 308 | MOTION for leave to appear in Pro Hac Vice for Evan R. Kreiner ( Filing fee $ 317, receipt number 0971-15740769.) filed by Apple Inc.. (Kreiner, Evan) (Filed on 3/23/2021) Modified on 3/24/2021 (bnsS, COURT STAFF). (Entered: 03/23/2021) |
| 03/25/2021 | 309 | Administrative Motion to File Under Seal *Portions of Transcript of March 4, 2021 Proceeding* filed by Apple Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 March 4, 2021 Transcript (Redacted), # 4 March 4, 2021 Transcript (Unredacted))(Srinivasan, Jagannathan) (Filed on 3/25/2021) (Entered: 03/25/2021) |
| 03/26/2021 | 310 | **ORDER by Judge Yvonne Gonzalez Rogers granting 308 Motion for Pro Hac Vice as to Evan R. Kreiner. (fs, COURT STAFF) (Filed on 3/26/2021) (Entered: 03/26/2021)** |
| 04/02/2021 | 311 | NOTICE of Appearance by Emily Claire Curran-Huberty *for 3d Party Respondent Facebook, Inc.* (Curran-Huberty, Emily) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/02/2021 | 312 | NOTICE of Appearance by Rosemarie Theresa Ring *for 3d Party Respondent Facebook, Inc.* (Ring, Rosemarie) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/02/2021 | 313 | NOTICE of Appearance by Justin Paul Raphael *for 3d Party Respondent Facebook, Inc.* (Raphael, Justin) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/05/2021 | 314 | Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Lent, Karen) (Filed on 4/5/2021) (Entered: 04/05/2021) |
| 04/05/2021 | 315 | Letter from J. Wes Earnhardt *to Magistrate Judge Hixson in response to Joint Discovery Letter Brief Regarding Apple's Subpoenas To Non-Party Facebook, Inc. (Docket No. 314) filed by Apple, Inc..* (Earnhardt, Joe) (Filed on 4/5/2021) (Entered: 04/05/2021) |
| 04/06/2021 | 316 | **Discovery Order re: (395 in 4:20-cv-05640-YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc., (428 in 4:11-cv-06714-YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc., (314 in 4:19-cv-03074-YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc. Signed by Judge Thomas S. Hixson on 4/6/2021. (cdnS, COURT STAFF) (Filed on 4/6/2021) (Entered: 04/06/2021)** |
| 04/06/2021 | 317 | NOTICE of Appearance by Douglas James Dixon (Dixon, Douglas) (Filed on 4/6/2021) (Entered: 04/06/2021) |
| 04/09/2021 | 318 | STIPULATION WITH PROPOSED ORDER *re Supplemental Protective Order Governing* |

| | | |
|---|---|---|
| | | *Discovery From Google* filed by Apple Inc.. (Srinivasan, Jagannathan) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 319 | **ORDER by Judge Yvonne Gonzalez Rogers granting (432) Stipulated Supplemental Protective Order in case 4:11-cv-06714-YGR; granting (318) Stipulated Supplemental Protective Order in case 4:19-cv-03074-YGR; granting (416) Stipulated Supplemental Protective Order in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/12/2021 | 320 | NOTICE of Appearance by Douglas James Dixon (Dixon, Douglas) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/28/2021 | 321 | **ORDER by Judge Thomas S. Hixson denying 309 Administrative Motion to File Under Seal. (cdnS, COURT STAFF) (Filed on 4/28/2021) (Entered: 04/28/2021)** |
| 04/30/2021 | 322 | NOTICE of Appearance by Brittany Nicole DeJong *on Behalf of Consumer Plaintiffs* (DeJong, Brittany) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 04/30/2021 | 323 | ADMINISTRATIVE MOTION Consumer Plaintiffs' Administrative Motion For Entry of Supplemental Protective Orders filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 5/4/2021. (Attachments: # 1 Declaration Declaration of Brittany N. DeJong, # 2 Proposed Order, # 3 Proposed Order, # 4 Proposed Order, # 5 Proposed Order, # 6 Certificate/Proof of Service)(DeJong, Brittany) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 05/03/2021 | 324 | ***DOCUMENT FILED IN THE WRONG CASE*** Administrative Motion to File Under Seal *Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto* filed by Apple Inc.. (Attachments: # 1 Declaration of R. Brass, # 2 Proposed Order)(Brass, Rachel) (Filed on 5/3/2021) Modified on 5/4/2021 (cjlS, COURT STAFF). (Entered: 05/03/2021) |
| 05/04/2021 | 325 | STIPULATION WITH PROPOSED ORDER re 323 ADMINISTRATIVE MOTION Consumer Plaintiffs' Administrative Motion For Entry of Supplemental Protective Orders *Extending Time to Respond to Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders* filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer)(Dettmer, Ethan) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/04/2021 | 326 | Notice of Withdrawal of Motion *324 to Seal Trial Exhibits* (Lazarus, Eli) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/05/2021 | 327 | OPPOSITION/RESPONSE (re 323 ADMINISTRATIVE MOTION Consumer Plaintiffs' Administrative Motion For Entry of Supplemental Protective Orders ) filed byApple Inc.. (Attachments: # 1 Declaration of E. Dettmer)(Dettmer, Ethan) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/05/2021 | 328 | EXHIBITS re 327 Opposition/Response to Motion, filed byApple Inc.. (Attachments: # 1 Exhibit A, Dettmer Decl, # 2 Exhibit B, Dettmer Decl, # 3 Exhibit C, in support of opposition, # 4 Exhibit D, in support of opposition, # 5 Exhibit E, in support of opposition, # 6 Exhibit F, in support of opposition)(Related document(s) 327 ) (Dettmer, Ethan) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/06/2021 | 329 | Supplemental Brief re 327 Opposition/Response to Motion, 323 ADMINISTRATIVE MOTION Consumer Plaintiffs' Administrative Motion For Entry of Supplemental Protective Orders , 328 Exhibits, filed byApple Inc.. (Attachments: # 1 Declaration of E. Dettmer) (Related document(s) 327 , 323 , 328 ) (Dettmer, Ethan) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/17/2021 | 330 | Stipulated [Proposed] Supplemental Protective Order Governing Discovery From Glu Mobile, Inc. filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Epic Games, Inc.. (DeJong, Brittany) (Filed on 5/17/2021) Modified on 5/18/2021 (bnsS, COURT STAFF). (Entered: 05/17/2021) |
| 06/01/2021 | 331 | Administrative Motion to File Under Seal filed by Donald R. Cameron, Pure Sweat Basketball, |

|  |  | Inc.. (Attachments: # 1 Declaration of Steve W. Berman, # 2 Proposed Order, # 3 [REDACTED] Developer Plaintiffs' Motion for Class Certification, # 4 [SEALED] Developer Plaintiffs' Motion for Class Certification, # 5 [SEALED] Expert Class Certification Report of Professor Nicholas Economides, # 6 [SEALED] Expert Class Certification Report of Professor Einer Elhauge, # 7 [SEALED] Expert Report of Christian Tregillis, CPA, ABV, CFF, CLP, # 8 Declaration of Steve W. Berman in Support of Developer Plaintiffs' Motion for Class Certification, # 9 Exhibit 1 [Sealed], # 10 Exhibit 3 [Sealed], # 11 Exhibit 5-6 [Sealed], # 12 Exhibit 10-15 [Sealed], # 13 Exhibit 17-20 [Sealed], # 14 Certificate/Proof of Service [Regarding Counsel of Record], # 15 Certificate/Proof of Service [Regarding Non-Parties]) (Berman, Steve) (Filed on 6/1/2021) (Entered: 06/01/2021) |
|---|---|---|
| 06/01/2021 | 332 | Developer Plaintiffs' Motion for Class Certification [Public Version] filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. Motion Hearing set for 11/16/2021 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 8/10/2021. Replies due by 10/12/2021. (Attachments: # 1 Expert Class Certification Report of Professor Nicholas Economides (Cover Only), # 2 Expert Class Certification Report of Professor Einer Elhauge (Cover Only), # 3 Expert Report of Christian Tregillis, CPA, ABV, CFF, CLP (Cover Only), # 4 Declaration of Steve W. Berman in Support of Developer Plaintiffs' Motion for Class Certification, # 5 Exhibit 1 [Submitted Under Seal], # 6 Exhibit 2, # 7 Exhibit 3 [Submitted Under Seal], # 8 Exhibit 4, # 9 Exhibit 5-6 [Submitted Under Seal], # 10 Exhibit 7-9, # 11 Exhibit 10-15 [Submitted Under Seal], # 12 Exhibit 16, # 13 Exhibit 17-20 [Submitted Under Seal], # 14 Exhibit 21-23, # 15 Declaration of Donald R. Cameron in Support of Developer Plaintiffs' Motion for Class Certification, # 16 Declaration of Richard Czeslawski in Support of Developer Plaintiffs' Motion for Class Certification, # 17 Proposed Order Granting Developer Plaintiffs' Motion for Class Certification)(Berman, Steve) (Filed on 6/1/2021) Modified on 6/2/2021 (cjlS, COURT STAFF). (Entered: 06/01/2021) |
| 06/01/2021 | 333 | AMENDED CERTIFICATE OF SERVICE re 331 Administrative Motion to File Under Seal by Donald R. Cameron, Pure Sweat Basketball, Inc. [Regarding Counsel of Record] (Berman, Steve) (Filed on 6/1/2021) Modified on 6/2/2021 (cjlS, COURT STAFF). (Entered: 06/01/2021) |
| 06/03/2021 | 334 | NOTICE of Appearance by Dwight Craig Donovan (Donovan, Dwight) (Filed on 6/3/2021) (Entered: 06/03/2021) |
| 06/04/2021 | 335 | MOTION for leave to appear in Pro Hac Vice Re: Michael R. Huttenlocher (Filing fee $ 317, receipt number 0971-16042815) filed by Apple Inc.. (Attachments: # 1 Certificate of Good Standing)(Huttenlocher Michael) (Filed on 6/4/2021) Modified on 6/4/2021 (cjlS, COURT STAFF). (Entered: 06/04/2021) |
| 06/04/2021 | 336 | NOTICE of Appearance by Asim M. Bhansali on behalf of non-party Google LLC (Bhansali, Asim) (Filed on 6/4/2021) (Entered: 06/04/2021) |
| 06/04/2021 | 337 | Declaration of Andrew Rope in Support of re 331 Administrative Motion to File Under Seal filed by Google LLC. (Attachments: # 1 Unredacted Elhauge Ex A, # 2 Unredacted Economides Ex A)(Related document(s) 331 ) (Bhansali, Asim) (Filed on 6/4/2021) Modified on 6/4/2021 (cjlS, COURT STAFF). (Entered: 06/04/2021) |
| 06/07/2021 | 338 | Declaration of Karl Quackenbush in Support of 331 Administrative Motion to File Under Seal filed byValve Corporation. (Related document(s) 331 ) (Donovan, Dwight) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 339 | NOTICE of Appearance by David P. Chiappetta on behalf of Non-Party Microsoft Corporation (Chiappetta, David) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 340 | NOTICE of Appearance by Judith Bond Jennison on behalf of Non-Party Microsoft Corporation (Jennison, Judith) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 341 | MOTION for leave to appear in Pro Hac Vice Re: Gavin W. Skok (Filing fee $ 317, receipt number 0971-16050522) filed by Valve Corporation. (Skok, Gavin) (Filed on 6/7/2021) Modified on 6/7/2021 (cjlS, COURT STAFF). (Entered: 06/07/2021) |

| 06/07/2021 | 342 | Declaration of David P. Chiappetta in Support of 331 Administrative Motion to File Under Seal filed byMicrosoft Corporation. (Related document(s) 331 ) (Chiappetta, David) (Filed on 6/7/2021) (Entered: 06/07/2021) |
|---|---|---|
| 06/07/2021 | 343 | Declaration of Herbert T. Holzer in Support of 331 Administrative Motion to File Under Seal filed byMicrosoft Corporation. (Attachments: # 1 Exhibit A - Excerpted Economides Report Redacted, # 2 Exhibit B - Excerpted Elhauge Report Redacted)(Related document(s) 331 ) (Chiappetta, David) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 344 | STIPULATION WITH [PROPOSED] ORDER Granting Extension of Samsung Electronics Co., Ltd.'s Deadline to Submit Declaration in Support of Sealing Pursuant to Local Rule 79-5(e)(1) filed by Donald R. Cameron, Pure Sweat Basketball, Inc., Samsung Electronics Co., Ltd. (Berman, Steve) (Filed on 6/7/2021) Modified on 6/8/2021 (cjlS, COURT STAFF). (Entered: 06/07/2021) |
| 06/07/2021 | 345 | Declaration of RACHEL S. BRASS in Support of 331 Administrative Motion to File Under Seal filed byApple Inc.. (Related document(s) 331 ) (Brass, Rachel) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 346 | EXHIBITS TO 345 DECLARATION OF RACHEL S. BRASS IN RESPONSE TO 331 DEVELOPER PLAINTIFFS ADMINISTRATIVE MOTION TO FILE UNDER SEAL filed by Apple Inc. (Attachments: # 1 Developer Class Certification Motion, # 2 Berman Decl. Ex 1, # 3 Berman Decl. Ex 6, # 4 Berman Decl. Ex 12, # 5 Berman Decl. Ex 13, # 6 Berman Decl. Ex 14, # 7 Berman Decl. Ex 15, # 8 Tregillis Class Certification Report, # 9 Elhauge Class Certification Report, # 10 Economides Class Certification Report, # 11 Certificate/Proof of Service)(Related document(s) 331 ) (Brass, Rachel) (Filed on 6/7/2021) Modified on 6/8/2021 (cjlS, COURT STAFF). (Entered: 06/07/2021) |
| 06/07/2021 | 347 | Declaration of Joseph Kreiner in Support of 331 Developer Plaintiffs' Motion to Seal filed by Epic Games, Inc. (Attachments: # 1 Exhibit A)(Related document(s) 331 ) (Clarke, Justin) (Filed on 6/7/2021) Modified on 6/8/2021 (cjlS, COURT STAFF). (Entered: 06/07/2021) |
| 06/08/2021 | 348 | Declaration of Sanghoon Park in Support of 331 Administrative Motion to File Under Seal filed bySamsung Electronics Co., Ltd.. (Related document(s) 331 ) (Batter, Kyle) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/11/2021 | 349 | Developer Plaintiffs' Administrative Motion to File Under Seal Errata Regarding Expert Class Certification Report of Professor Nicholas Economides filed by Donald R. Cameron, Pure Sweat Basketball, Inc. (Attachments: # 1 Declaration of Steve W. Berman, # 2 Proposed Order, # 3 [Redacted] Errata Regarding Expert Class Certification Report of Professor Nicholas Economides, # 4 [Unredacted] Errata Regarding Expert Class Certification Report of Professor Nicholas Economides, # 5 Certificate/Proof of Service)(Berman, Steve) (Filed on 6/11/2021) Modified on 6/11/2021 (cjlS, COURT STAFF). (Entered: 06/11/2021) |
| 06/11/2021 | 350 | DEVELOPER PLAINTIFFS NOTICE OF FILING OF ERRATA REGARDING EXPERT CLASS CERTIFICATION REPORT OF PROFESSOR NICHOLAS ECONOMIDES re 332 Developer Plaintiffs' Motion for Class Certification [Public Version], 331 Administrative Motion to File Under Seal by Donald R. Cameron, Pure Sweat Basketball, Inc. (Attachments: # 1 Errata [Redacted Version])(Berman, Steve) (Filed on 6/11/2021) Modified on 6/11/2021 (cjlS, COURT STAFF). (Entered: 06/11/2021) |
| 06/15/2021 | 351 | Declaration of MICHAEL J. HOLECEK in Response to 350 Developer Plaintiffs' Administrative Motion to File Under Seal Errata Regarding Class Certification Report of Prof. N. Economides filed by Apple Inc. (Related document(s) 350 ) (Holecek, Michael) (Filed on 6/15/2021) Modified on 6/16/2021 (cjlS, COURT STAFF). (Entered: 06/15/2021) |
| 06/15/2021 | 352 | EXHIBITS re 349 Developer Plaintiffs' Administrative Motion to File Under Seal Errata Regarding Expert Class Certification Report of Professor Nicholas Economides, 350 Errata Regarding Expert Class Certification Report of Professor Nicholas Economides, and 351 Declaration of Michael J. Holecek in Response to 349 Developer Plaintiffs' Administrative |

| | | |
|---|---|---|
| | | Motion to File Under Seal filed by Apple Inc. (Attachments: # 1 Economides Class Cert Report, # 2 Civil Cover Sheet to Economides Class Report, # 3 Certificate/Proof of Service) (Related document(s) 349 ) (Holecek, Michael) (Filed on 6/15/2021) Modified on 6/16/2021 (cjlS, COURT STAFF). (Entered: 06/15/2021) |
| 06/16/2021 | 353 | Developer Plaintiffs' Unopposed Administrative Motion for Leave to File Supplemental Declaration in Support of Motion for Class Certification filed by Donald R. Cameron, Pure Sweat Basketball, Inc. (Attachments: # 1 Declaration of Eamon P. Kelly, # 2 Exhibit A - Supplemental Declaration of Richard Czeslawski, # 3 Proposed Order)(Berman, Steve) (Filed on 6/16/2021) Modified on 6/16/2021 (cjlS, COURT STAFF). (Entered: 06/16/2021) |
| 06/25/2021 | 354 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NIANTIC, INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 355 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ELECTRONIC ARTS INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 356 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM WALT DISNEY COMPANY. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 357 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ZYNGA, INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/28/2021 | 358 | **ORDER by Judge Yvonne Gonzalez Rogers granting 353 Motion for Leave to File Supplemental Declaration in Support of Motion for Class Certification. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 06/28/2021 | 359 | **ORDER by Judge Yvonne Gonzalez Rogers granting 344 Stipulation Granting Extension of Deadline. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 06/28/2021 | 360 | **ORDER GRANTING STIPULATION EXTENDING TIME TO RESPOND TO CONSUMER PLAINTIFFS' ADMINISTRATIVE MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDERS by Judge Yvonne Gonzalez Rogers ;granting (436) Stipulation in case 4:11-cv-06714-YGR; granting (325) Stipulation in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 06/28/2021 | 361 | **ORDER GRANTING STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM GLU MOBILE INC. by Judge Yvonne Gonzalez Rogers; granting (440) Stipulation in case 4:11-cv-06714-YGR; granting (330) Stipulation in case 4:19-cv-03074-YGR; granting (695) Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 07/09/2021 | 362 | **ORDER by Judge Yvonne Gonzalez Rogers granting 335 Motion for Pro Hac Vice as to Michael R. Huttenlocher. (fs, COURT STAFF) (Filed on 7/9/2021) (Entered: 07/09/2021)** |
| 07/09/2021 | 363 | **ORDER by Judge Yvonne Gonzalez Rogers granting 341 Motion for Pro Hac Vice as to Gavin W. Skok. (fs, COURT STAFF) (Filed on 7/9/2021) (Entered: 07/09/2021)** |

# EXHIBIT 4

ADRMOP,CONSOL,PROTO,PRVADR,REFDIS,RELATE,REOPEN

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:11-cv-06714-YGR

In re Apple iPhone Antitrust Litigation
Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson
Relate Case Cases: 4:12-cv-05404-YGR
      5:07-cv-05152-JW
      4:19-cv-03074-YGR
      4:19-cv-03796-YGR
      4:20-cv-07034-YGR
      4:20-cv-08733-YGR
Case in other court:  USCA 9th Circuit, 14-15000
         U.S. Supreme Court, 17-00204
Cause: 15:2 Antitrust Litigation

Date Filed: 12/29/2011
Jury Demand: Both
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**Robert Pepper**

represented by **Betsy Carol Manifold**
Wolf Haldenstein Adler Freeman & Herz, LLP
Symphony Towers
750 B Street, Suite 1820
San Diego, CA 92101
(619) 239-4599
Fax: (619) 234-4599
Email: manifold@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Carl Rifkin**
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
212-545-4600
Fax: 212-545-4653
Email: rifkin@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
Wolf Haldenstein Adler Freeman & Herz LLP
Symphony Towers
750 B Street, Suite 1820
San Diego, CA 92101
(619) 239-4599
Fax: (619) 234-4599
Email: byrd@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
Alexander H. Schmidt, Esq.

5 Professional Circle
Suite 204
Colts Neck, NJ 07722
732-226-0004
Fax: 732-845-9087
Email: alex@alexschmidt.law
*TERMINATED: 01/30/2019*

**Brittany Nicole DeJong**
Wolf Haldenstein Adler Freeman and Herz
LLP
750 B Street, Suite 1820
San Diego, CA 92101
(619) 239-4599
Fax: (619) 234-4599
Email: dejong@whafh.com
*ATTORNEY TO BE NOTICED*

**David C. Frederick**
Kellogg, Hansen, Todd, Figel & Frederick,
PLLC
1615 M Street, NW
Suite 400
Washington, DC 20036
202-326-7951
Email: dfrederick@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis M. Gregorek**
Wolf Haldenstein Adler Freeman & Herz LLP
Symphony Towers
750 B Street
Suite 2770
San Diego, CA 92101
619-239-4599
Email: gregorek@whafh.com
*TERMINATED: 01/30/2019*

**Matthew Moylan Guiney**
Wolf Haldenstein Adler Freeman Herz LLP
270 Madison
New York, NY 10016
212-545-4600
Fax: 2125454600
Email: guiney@whafh.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Liskow**
Calcaterra Pollack LLP
1140 Avenue of the Americas
9th Floor
New York, NY 10036-5803
(212) 899-1761
Email: mliskow@calcaterrapollack.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen H. Schwartz**

represented by **Betsy Carol Manifold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Brittany Nicole DeJong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David C. Frederick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis M. Gregorek**
(See above for address)
*TERMINATED: 01/30/2019*

**Matthew Moylan Guiney**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward W. Hayter**

represented by **Betsy Carol Manifold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Brittany Nicole DeJong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David C. Frederick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis M. Gregorek**
(See above for address)
*TERMINATED: 01/30/2019*

**Matthew Moylan Guiney**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Harry Bass**                          represented by   **Betsy Carol Manifold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Francis M. Gregorek**
(See above for address)
*TERMINATED: 01/30/2019*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eric Terrell**
*TERMINATED: 11/14/2019*

represented by **Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Brittany Nicole DeJong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David C. Frederick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Moylan Guiney**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Blackwell**

represented by **Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Crystal Boykin**

represented by **Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**

(See above for address)
*TERMINATED: 01/30/2019*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**<u>Consol Plaintiff</u>**

**Edward Lawrence**                    represented by   **Joseph M. Alioto , Sr.**
Alioto Law Firm
One Sansome Street, 35th Floor
San Francisco, CA 94104
(415) 434-8900
Fax: (415) 434-9200
Email: jmalioto@aliotolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brittany Nicole DeJong**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher A. Nedeau**
Law Offices of Gregory J. Ryken
750 Battery Street, Seventh Floor
San Francisco, CA 94111
(415) 524-0070
Email: cnedeau@nedeaulaw.net
*ATTORNEY TO BE NOTICED*

**Jamie Lynne Miller**
Alioto Law Firm
One Sansome Street
35th Floor
San Francisco, CA 94104
415-434-8900
Fax: 415-434-9200
Email: jmiller@aliotolaw.com
*TERMINATED: 12/17/2020*

**Jeffery Kenneth Perkins**
Law Offices of Jeffery Kenneth Perkins
1550-G Tiburon Blvd., Suite 344
Tiburon, CA 94920
415-302-1115
Fax: 415-435-4053
Email: jefferykperkins@aol.com
*ATTORNEY TO BE NOTICED*

**Lawrence Genaro Papale**

Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
707-963-1704
Email: lgpapale@papalelaw.com
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa Driscoll Moore**
Alioto Law Firm
One Sansome Street
35th Floor
San Francisco, CA 94104
415-434-8900
Fax: 415-434-9200
Email: TMoore@aliotolaw.com
*ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Kevin Fahey**                                  represented by  **Thomas C. Willcox**
THOMAS C. WILLCOX, ATTORNEY AT
LAW
1701 16th Street NW
211
Washington, DC 20009
(202) 338-0818
Email: tcw19law@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Apple Inc.**                                   represented by  **Christopher S. Yates**
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-391-0600
Fax: 415-395-8095
Email: chris.yates@lw.com
*TERMINATED: 02/25/2020*
*LEAD ATTORNEY*

**Daniel Murray Wall**
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-395-8240
Fax: 415-395-8095
Email: dan.wall@lw.com
*TERMINATED: 02/25/2020*
*LEAD ATTORNEY*

**Jason C Lo**
Gibson, Dunn & Crutcher LLP
333 S. Grand Ave.
Los Angeles, CA 90071
213-229-7153
Fax: 213-229-6153
Email: jlo@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter John Sacripanti**
McDermott Will and Emery LLP
340 Madison Avenue
New York, NY 10173-1922
212-547-5583
Fax: 212-547-5444
Email: psacripanti@mwe.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sadik Harry Huseny**
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-391-0600
Fax: 415-395-8095
Email: sadik.huseny@lw.com
*TERMINATED: 02/25/2020*
*LEAD ATTORNEY*

**Anna Tryon Pletcher**
O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
415-984-8994
Email: apletcher@omm.com
*ATTORNEY TO BE NOTICED*

**Bethany Marvin Stevens**
Walker Stevens Cannom LLP
500 Molino Street #118
Los Angeles, CA 90013
213-337-4551
Fax: 213-403-4906
Email: bstevens@wscllp.com
*ATTORNEY TO BE NOTICED*

**Betty X Yang**
Gibson Dunn and Crutcher LLP
2100 McKinney Ave
Suite 1100
Dallas, TX 75201
(214) 698-3100
Email: BYang@gibsondunn.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cynthia Richman**
Gibson Dunn and Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8234
Fax: (202) 467-0539
Email: crichman@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dana Lynn Craig**
Gibson Dunn Crutcher LLP
333 S. Grand Avenue
Suite 5300
Los Angeles, CA 90071
(213) 229-7469
Fax: (213) 229-6469
Email: DCraig@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Daniel Glen Swanson**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7340
Fax: (213) 229-7520
Email: dswanson@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**David R. Eberhart**
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8700
Fax: (415) 984-8701
Email: deberhart@omm.com
*ATTORNEY TO BE NOTICED*

**Elena Zarabozo**
O'Melveny and Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
202-383-5300
Email: ezarabozo@omm.com
*ATTORNEY TO BE NOTICED*

**Eli Martin Lazarus**
Gibson, Dunn and Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
415-393-8200
Email: elazarus@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Andrea Rodd**
McDermott Will and Emery
200 Clarendon Street
Floor 58
Boston, MA 02116-5021
617-535-4040
Fax: 617-535-3800
Email: erodd@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ethan D. Dettmer**
Gibson, Dunn & Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105
415-393-8200
Fax: 415-986-5309
Email: edettmer@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Evan R Kreiner**
Four Times Square
New York, NY 10036
212-735-2491
Email: evan.kreiner@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan N Schlom**
O'Melveny and Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
202-383-5300
Email: eschlom@omm.com
*ATTORNEY TO BE NOTICED*

**Hannah Cannom**
Walker Stevens Cannom LLP
500 Molino Street
Suite 118
Los Angeles, CA 90013
(213) 337-9972
Email: hcannom@wscllp.com
*ATTORNEY TO BE NOTICED*

**Harry Phillips**
Gibson, Dunn and Crutcher LLP
1050 Connecticut Avenue NW
Washington, DC 20036
202-887-3706
Email: hphillips2@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jagannathan P Srinivasan**

Gibson Dunn
333 S Grand Ave
Los Angeles, CA 90071
213-229-7296
Email: jsrinivasan@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**John J. Calandra**
McDermott Will and Emery LLP
340 Madison Avenue
New York, NY 10173-1922
212-547-5489
Fax: 212-547-5444
Email: jcalandra@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karen Hoffman Lent**
Skadden Arps Slate Meagher Flom LLP
One Manhattan West
New York, NY 10001
212-735-3000
Email: karen.lent@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katrina Marie Robson**
O'Melveny and Myers
1625 Eye St., NW
Washington, DC 20006
202-220-5052
Fax: 202-383-5414
Email: krobson@omm.com
*ATTORNEY TO BE NOTICED*

**Mark A. Perry**
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
202/887-3621
Fax: 202/530-9535
Email: mperry@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Melissa Phan**
Gibson Dunn
333 South Grand Avenue
Los Angeles, CA 90071
213-229-7346
Email: mphan@gibsondunn.com
*TERMINATED: 11/25/2019*

**Michael R Huttenlocher**
McDermott Will Emery LLP
340 Madison Avenue
New York, NY 10173

United Sta
212-547-5400
Email: mhuttenlocher@mwe.com
*ATTORNEY TO BE NOTICED*

**Michelle S Lowery**
McDermott Will and Emery
2049 Century Park East
Los Angeles, CA 90067
(310) 551-9309
Email: mslowery@mwe.com
*ATTORNEY TO BE NOTICED*

**Nicole Lauren Castle**
McDermott Will and Emery LLP
340 Madison Avenue
New York, NY 10173-1922
212-547-5480
Fax: 212-547-5444
Email: ncastle@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel S. Brass**
Gibson Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
(415) 393-8200
Fax: (415) 393-8306
Email: rbrass@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Richard Joseph Doren**
Gibson Dunn Crutcher
333 S Grand Ave
Los Angeles, CA 90071
213-229-7038
Fax: 213-629-7038
Email: rdoren@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Scott A Schaeffer**
O'Melveny and Myers LLP
Plaza 66, 37th Floor
1266 Nanjing Road West
Shanghai 200040
China
213-430-6000
Email: sschaeffer@omm.com
*ATTORNEY TO BE NOTICED*

**Theodore Joseph Boutrous , Jr.**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
213-229-7804
Fax: 213-229-6804

Email: tboutrous@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Veronica Smith Moye**
Gibson Dunn Crutcher LLP
2001 Ross Avenue
Suite 1100
Dallas, TX 75201
214-698-3100
Fax: 214-571-2936
Email: VLewis@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Zainab Ahmad**
Gibson, Dunn and Crutcher
200 Park Avenue
New York, NY 10166-0193
212-351-2609
Email: ZAhmad@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

John Pistacchio                      represented by  **Todd Anthony Seaver**
                                     Berman Tabacco
                                     44 Montgomery Street, Suite 650
                                     San Francisco, CA 94104
                                     415-433-3200
                                     Email: tseaver@bermantabacco.com
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Interested Party**

Epic Games, Inc.                     represented by  **Paul Jeffrey Riehle**
                                     Faegre Drinker Biddle & Reath LLP
                                     Four Embarcadero Center, 27th Floor
                                     San Francisco, CA 94111
                                     415-591-7500
                                     Fax: 415-591-7510
                                     Email: paul.riehle@faegredrinker.com
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Gary Andrew Bornstein**
Cravath, Swaine and Moore
Worldwide Plaza
825 Eighth Ave.
New York, NY 10019
212-474-1000
Email: gbornstein@cravath.com
*ATTORNEY TO BE NOTICED*

**Joe Wesley Earnhardt**
Cravath, Swaine and Moore LLP

825 8th Ave
New York, NY 10019
212-474-1138
Email: wearnhardt@cravath.com
*ATTORNEY TO BE NOTICED*

**John I Karin**
Cravath, Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1000
Email: jkarin@cravath.com
*ATTORNEY TO BE NOTICED*

**Justin C Clarke**
Cravath, Swaine and Moore LLP
825 EighthAvenue
New York, NY 10019
United Sta
212-474-1000
Email: jcclarke@cravath.com
*ATTORNEY TO BE NOTICED*

**Lauren Ann Moskowitz**
Cravath Swaine Moore LLP
825 Eighth Avenue
New York, NY 10019
United Sta
212-474-1000
Fax: 212-474-3700
Email: lmoskowitz@cravath.com
*ATTORNEY TO BE NOTICED*

**Michael Brent Byars**
Cravath, Swaine Moore LLP
825 Eighth avenue
New York, NY 10019
212-474-1000
Email: mbyars@cravath.com
*ATTORNEY TO BE NOTICED*

**Vanessa A. Lavely**
Cravath, Swaine and Moore LLP
825 8th Ave.
New York, NY 10019
212-474-1000
Fax: 212-474-3700
Email: vlavely@cravath.com
*ATTORNEY TO BE NOTICED*

**Yonatan Even**
Cravath, Swaine and Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1000
Fax: 212-474-3700

Email: yeven@cravath.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**SaurikIT, LLC**                        represented by **Adam Bryan Wolfson**
Quinn Emanuel Urquhart Sullivan LLP
865 S Figeuroa
Los Angeles, CA 90017
213-443-3000
Email: adamwolfson@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Yoga Buddhi Co.**                      represented by **Douglas James Dixon**
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
(949) 229-6840
Fax: (888) 775-0898
Email: DDixon@hueston.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Pocket Gems, Inc.**                    represented by **Steven Shea Kaufhold**
Kaufhold Gaskin Gallagher LLP
485 Pacific Avenue
San Francisco, CA 94133
415-881-3189
Fax: 415-480-6078
Email: skaufhold@kaufholdgaskin.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Microsoft Corporation**               represented by **David P. Chiappetta**
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
415-344-7076
Email: dchiappetta@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Judith Bond Jennison**
Perkins Coie LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
206-359-3489
Fax: 206-359-4489
Email: jjennison@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Donald R. Cameron**                    represented by **Ben Michael Harrington**
Hagens Berman

715 Hearst Avenue, Suite 200
Berkeley, CA 94710
510-725-3000
Email: benh@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Robert F Lopez**
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
206-623-7292
Fax: 206-623-0594
Email: robl@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

| Pure Sweat Basketball, Inc. | represented by | **Ben Michael Harrington** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert F Lopez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

| Barry Sermons | represented by | **Richard Alexander Saveri** |

Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
415-217-6810
Fax: 415-217-6813
Email: rick@saveri.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

| Samsung Electronics America Inc. | represented by | **Victoria F. Maroulis** |

Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
(650) 801-5000
Fax: (650) 801-5100
Email: victoriamaroulis@quinnemanuel.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Kenneth Batter**
Quinn Emanuel Urquhart Sullivan
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
United Sta
650-801-5000
Fax: 650-801-5000
Email: kylebatter@gmail.com
*ATTORNEY TO BE NOTICED*

<u>**Miscellaneous**</u>

**Samsung Electronics Co., Ltd.**                represented by   **Kyle Kenneth Batter**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Miscellaneous**</u>

**Facebook, Inc.**                represented by   **Rosemarie Theresa Ring**
Munger, Tolles & Olson LLP
560 Mission St
27th Floor
San Francisco, CA 95105-2907
415-512-4000
Fax: 415-512-4700
Email: rose.ring@mto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Claire Curran-Huberty**
Munger Tolles and Olson LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415-512-4052
Fax: 415-512-4077
Email: emily.curran-huberty@mto.com
*ATTORNEY TO BE NOTICED*

**Justin Paul Raphael**
Munger Tolles and Olson
560 Mission St.
Suite 2700
San Francisco, CA 94105
415-512-4000
Fax: 415-512-4077
Email: justin.raphael@mto.com
*ATTORNEY TO BE NOTICED*

<u>**Miscellaneous**</u>

**Match Group, Inc.**                represented by   **Douglas James Dixon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Spotify USA Inc.**                                  represented by   **Steven L. Holley**
Sullivan and Cromwell LLP
125 Broad Street
New York, NY 10004
212-558-4737
Email: holleys@sullcrom.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brendan P. Cullen**
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
(650) 461-5600
Fax: (650) 461-5700
Email: cullenb@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Shane Michael Palmer**
Sullivan and Cromwell LLP
125 Broad Street
New York, NY 10004
212-558-4085
Fax: 212-558-1600
Email: palmersh@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Playtika Ltd.**                                     represented by   **Andy M. LeGolvan**
Paul Hastings LLP
4747 Executive Drive, Twelfth Floor
San Diego, CA 92121
(858) 458-3006
Email: andylegolvan@paulhastings.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/2011 | 1 | COMPLAINT against Apple Inc. ( Filing fee $ 350, receipt number 34611068684.). Filed byRobert Pepper, Edward W. Hayter, Harry Bass, Stephen H. Schwartz. (Attachments: # 1 Summons)(ga, COURT STAFF) (Filed on 12/29/2011) (Additional attachment(s) added on 1/11/2016: # 2 Summons issued **Correction of Attachment 1**) (kc, COURT STAFF). (Entered: 12/29/2011) |
| 12/29/2011 | 2 | Certificate of Interested Entities by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz re 1 Complaint (ga, COURT STAFF) (Filed on 12/29/2011) (Entered: 12/29/2011) |
| 12/29/2011 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 4/5/2012. Case Management Conference set for 4/12/2012 10:00 AM in Courtroom B, 15th Floor, San Francisco.. Signed by Judge Maria-Elena James on 12/29/11. (Attachments: # 1 Standing Order)(ga, COURT STAFF) (Filed on 12/29/2011) (Entered: 12/29/2011) |
| 01/06/2012 | 4 | MOTION for Mark C. Rifkin leave to appear in Pro Hac Vice ( Filing fee $ 305, receipt number 34611069117.) Filing fee previously paid on 1/6/12 filed by Harry Bass, Edward W. |

| | | |
|---|---|---|
| | | Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order)(ga, COURT STAFF) (Filed on 1/6/2012) (Entered: 01/11/2012) |
| 01/06/2012 | 5 | MOTION for attorney Alexander H. Schmidt leave to appear in Pro Hac Vice ( Filing fee $ 305, receipt number 34611069128.) Filing fee previously paid on 1/6/12 filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order) (ga, COURT STAFF) (Filed on 1/6/2012) (Entered: 01/11/2012) |
| 01/12/2012 | 6 | ORDER by Chief Magistrate Judge MARIA-ELENA JAMES granting 4 Motion for Pro Hac Vice as to Mark C. Rifkin. (bjtS, COURT STAFF) (Filed on 1/12/2012) (Entered: 01/12/2012) |
| 01/12/2012 | 7 | ORDER by Chief Magistrate Judge MARIA-ELENA JAMES granting 5 Motion for Pro Hac Vice as to Alexander H. Schmidt. (bjtS, COURT STAFF) (Filed on 1/12/2012) (Entered: 01/12/2012) |
| 01/23/2012 | 8 | SUMMONS Returned Executed by Robert Pepper, Edward W. Hayter, Harry Bass, Stephen H. Schwartz. Apple Inc. served on 1/12/2012, answer due 2/2/2012. (Rickert, Rachele) (Filed on 1/23/2012) (Entered: 01/23/2012) |
| 02/02/2012 | 9 | NOTICE of Appearance by Sadik Harry Huseny *on behalf of Defendant Apple Inc.* (Huseny, Sadik) (Filed on 2/2/2012) (Entered: 02/02/2012) |
| 02/02/2012 | 10 | STIPULATION *Extending Time to Respond to Complaint Pursuant to Civil Local Rule 6-1* filed by Apple Inc.. (Huseny, Sadik) (Filed on 2/2/2012) (Entered: 02/02/2012) |
| 02/09/2012 | 11 | ORDER RELATING CASE. Case now related to 07-5152 JW. Signed by Judge James Ware on 2/9/12. (sis, COURT STAFF) (Filed on 2/9/2012) (Entered: 02/09/2012) |
| 02/10/2012 | | Case Reassigned to Judge Hon. James Ware. Magistrate Judge Maria-Elena James no longer assigned to the case. (as, COURT STAFF) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/29/2012 | 12 | ORDER setting case management conference. Signed by Judge James Ware on February 29, 2012. (jwlc2, COURT STAFF) (Filed on 2/29/2012) (Entered: 02/29/2012) |
| 02/29/2012 | | Set Deadlines/Hearings: Case Management Statement due by 3/16/2012. Case Management Conference set for 3/26/2012 10:00 AM in Courtroom 9, 19th Floor, San Francisco. (sis, COURT STAFF) (Filed on 2/29/2012) (Entered: 02/29/2012) |
| 03/02/2012 | 13 | Certificate of Interested Entities by Apple Inc. (Yates, Christopher) (Filed on 3/2/2012) (Entered: 03/02/2012) |
| 03/02/2012 | 14 | MOTION to Dismiss filed by Apple Inc.. Motion Hearing set for 4/16/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 3/16/2012. Replies due by 3/23/2012. (Attachments: # 1 Proposed Order)(Yates, Christopher) (Filed on 3/2/2012) (Entered: 03/02/2012) |
| 03/05/2012 | 15 | CLERKS NOTICE Continuing Motion Hearing, Set/Reset Deadlines as to 14 MOTION to Dismiss . Motion Hearing set for 4/23/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (sis, COURT STAFF) (Filed on 3/5/2012) (Entered: 03/05/2012) |
| 03/07/2012 | 16 | NOTICE of Appearance by Michael Milton Liskow (Liskow, Michael) (Filed on 3/7/2012) (Entered: 03/07/2012) |
| 03/15/2012 | 17 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 18 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 19 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 20 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *ADR Certification by* |

| | | |
|---|---|---|
| | | *Parties and Counsel* (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 21 | CERTIFICATE OF SERVICE by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz re 19 ADR Certification (ADR L.R. 3-5 b)of discussion of ADR options, 20 ADR Certification (ADR L.R. 3-5 b)of discussion of ADR options, 18 ADR Certification (ADR L.R. 3-5 b)of discussion of ADR options, 17 ADR Certification (ADR L.R. 3-5 b)of discussion of ADR options (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 22 | JOINT CASE MANAGEMENT STATEMENT filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/16/2012 | 23 | RESPONSE (re 14 MOTION to Dismiss ) *Plaintiffs' Opposition to Defendant Apple Inc.'s Motion to Dismiss* filed byHarry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Rickert, Rachele) (Filed on 3/16/2012) (Entered: 03/16/2012) |
| 03/16/2012 | 24 | Declaration of Rachele R. Rickert in Support of 23 Opposition/Response to Motion *Declaration of Rachele R. Rickert in Support of Plantiffs' Opposition to Defendant Apple Inc.'s Motion to Dismiss* filed byHarry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Related document(s) 23 ) (Rickert, Rachele) (Filed on 3/16/2012) (Entered: 03/16/2012) |
| 03/20/2012 | 25 | ORDER VACATING CASE MANAGEMENT CONFERENCE; CONSOLIDATING CASES; DENYING MOTION TO DISMISS AS MOOT, Cases associated., Motions terminated: (14 in 3:11-cv-06714-JW) MOTION to Dismiss filed by Apple Inc.. Signed by Judge James Ware on 3/20/12. (sis, COURT STAFF) (Filed on 3/20/2012) (Entered: 03/20/2012) |
| 03/21/2012 | 26 | CONSOLIDATED CLASS ACTION COMPLAINT against Apple Inc. DEMAND FOR JURY TRIAL. Filed by Edward W. Hayter, Robert Pepper, Harry Bass, Stephen H. Schwartz, Eric Terrell, James Blackwell, Crystal Boykin. (Rickert, Rachele) (Filed on 3/21/2012) Modified on 3/22/2012 (far, COURT STAFF). (Entered: 03/21/2012) |
| 03/26/2012 | 27 | MOTION to Appoint Lead Plaintiff and Lead Counsel *Notice of Motion and Motion for Appointment of Interim Class Counsel; Memorandum of Points and Authorities* filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. Motion Hearing set for 5/21/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 4/9/2012. Replies due by 4/16/2012. (Attachments: # 1 Proposed Order) (Rickert, Rachele) (Filed on 3/26/2012) (Entered: 03/26/2012) |
| 03/26/2012 | 28 | Declaration of Rachele R. Rickert in Support of 27 MOTION to Appoint Lead Plaintiff and Lead Counsel *Notice of Motion and Motion for Appointment of Interim Class Counsel; Memorandum of Points and Authorities* filed byHarry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit Exhibits A-B, # 2 Exhibit Exhibits C-F, # 3 Certificate/Proof of Service)(Related document(s) 27 ) (Rickert, Rachele) (Filed on 3/26/2012) (Entered: 03/26/2012) |
| 03/27/2012 | 29 | MOTION to Shorten Time *The Pepper Plaintiffs' L.R. 6-3 Motion to Change Time for Briefing and Hearing on Motion for Appointment of Interim Class Counsel [ECF No. 27]* filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order)(Rickert, Rachele) (Filed on 3/27/2012) (Entered: 03/27/2012) |
| 03/27/2012 | 30 | Declaration of Rachele R. Rickert in Support of 29 MOTION to Shorten Time *The Pepper Plaintiffs' L.R. 6-3 Motion to Change Time for Briefing and Hearing on Motion for Appointment of Interim Class Counsel [ECF No. 27]* filed byHarry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Certificate/Proof of Service)(Related document(s) 29 ) (Rickert, Rachele) (Filed on 3/27/2012) (Entered: 03/27/2012) |
| 03/29/2012 | 31 | ORDER by Judge James Ware granting in part and denying in part 29 Motion to Shorten Time (jwlc2, COURT STAFF) (Filed on 3/29/2012) (Entered: 03/29/2012) |
| 03/29/2012 | | Set/Reset Deadlines as to 27 MOTION to Appoint Lead Plaintiff and Lead Counsel *Notice of Motion and Motion for Appointment of Interim Class Counsel; Memorandum of Points and* |

| | | |
|---|---|---|
| | | *Authorities.*, Set Deadlines/Hearings: Responses due by 4/5/2012. Replies due by 4/9/2012. Motion Hearing set for 4/23/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Motions due by 4/2/2012. (sis, COURT STAFF) (Filed on 3/29/2012) (Entered: 03/29/2012) |
| 04/09/2012 | 32 | STIPULATION WITH PROPOSED ORDER *Extending Time to Respond to Consolidated Complaint and Extending Time to File Opposition Brief* filed by Apple Inc.. (Huseny, Sadik) (Filed on 4/9/2012) (Entered: 04/09/2012) |
| 04/09/2012 | 33 | Declaration of Sadik Huseny in Support of 32 STIPULATION WITH PROPOSED ORDER *Extending Time to Respond to Consolidated Complaint and Extending Time to File Opposition Brief* filed byApple Inc.. (Related document(s) 32 ) (Huseny, Sadik) (Filed on 4/9/2012) (Entered: 04/09/2012) |
| 04/09/2012 | 34 | ORDER by Judge James Ware granting 27 Motion to Appoint Lead Plaintiff and Lead Counsel (jwlc3, COURT STAFF) (Filed on 4/9/2012) (Entered: 04/09/2012) |
| 04/13/2012 | 35 | ORDER by Chief Judge James Ware granting 32 Stipulation Extending Time to Respond to Consolidated Complaint and Extending Time to File Opposition Brief (ahm, COURT STAFF) (Filed on 4/13/2012) (Entered: 04/13/2012) |
| 04/16/2012 | 36 | Administrative Motion to File Under Seal *Defendant Apple Inc.'s Motion to Dismiss Plaintiffs' Consolidated Complaint* filed by Apple Inc.. (Attachments: # 1 Declaration in Support, # 2 Proposed Order)(Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/16/2012 | 37 | MOTION to Dismiss *[REDACTED]* filed by Apple Inc.. Motion Hearing set for 6/11/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 4/30/2012. Replies due by 5/7/2012. (Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/16/2012 | 38 | Declaration of Eddy Cue in Support of 37 MOTION to Dismiss *[REDACTED]* filed byApple Inc.. (Related document(s) 37 ) (Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/16/2012 | 39 | Declaration of Shari Ross Lahlou in Support of 37 MOTION to Dismiss *[REDACTED]* filed byApple Inc.. (Related document(s) 37 ) (Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/16/2012 | 40 | Proposed Order re 37 MOTION to Dismiss *[REDACTED]* by Apple Inc.. (Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/25/2012 | 41 | ORDER by Judge James Ware granting 36 Administrative Motion to File Under Seal (tdm, COURT STAFF) (Filed on 4/25/2012) (Entered: 04/25/2012) |
| 04/25/2012 | 42 | DOCUMENT E-FILED UNDER SEAL re 41 Order on Administrative Motion to File Under Seal *Defendant Apple Inc.'s Motion to Dismiss Plaintiffs' Consolidated Complaint* by Apple Inc.. (Attachments: # 1 Declaration of Eddy Cue In Support)(Yates, Christopher) (Filed on 4/25/2012) (Entered: 04/25/2012) |
| 05/07/2012 | 43 | Administrative Motion to File Under Seal *Plaintiffs' Notice of Motion and Administrative Motion to File Under Seal [Pursuant to Civil L.R. 7-11 And 79-5(d)]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rickert, Rachele) (Filed on 5/7/2012) (Entered: 05/07/2012) |
| 05/07/2012 | 44 | RESPONSE (re 43 Administrative Motion to File Under Seal *Plaintiffs' Notice of Motion and Administrative Motion to File Under Seal [Pursuant to Civil L.R. 7-11 And 79-5(d)]* ) *[REDACTED]* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rickert, Rachele) (Filed on 5/7/2012) (Entered: 05/07/2012) |
| 05/07/2012 | 45 | Declaration of Rachele R. Rickert in Support of 44 Opposition/Response to Motion, *Declaration of Rachele R. Rickert In Support of Plaintiffs' Opposition To Defendant Apple* |

| | | |
|---|---|---|
| | | *Inc.'s Motion to Dismiss the Consolidated Complaint [REDACTED]* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 44 ) (Rickert, Rachele) (Filed on 5/7/2012) (Entered: 05/07/2012) |
| 05/11/2012 | 46 | STIPULATION WITH PROPOSED ORDER *Extending Time To File Reply in Support of Apple Inc.'s Motion to Dismiss* filed by Apple Inc.. (Attachments: # 1 Declaration in Support) (Yates, Christopher) (Filed on 5/11/2012) (Entered: 05/11/2012) |
| 05/14/2012 | 47 | RESPONSE (re 43 Administrative Motion to File Under Seal *Plaintiffs' Notice of Motion and Administrative Motion to File Under Seal [Pursuant to Civil L.R. 7-11 And 79-5(d)]* ) filed byApple Inc.. (Yates, Christopher) (Filed on 5/14/2012) (Entered: 05/14/2012) |
| 05/14/2012 | 48 | MOTION to Compel *Arbitration of Claims* filed by Apple Inc.. Motion Hearing set for 6/18/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 5/29/2012. Replies due by 6/5/2012. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Yates, Christopher) (Filed on 5/14/2012) (Entered: 05/14/2012) |
| 05/14/2012 | 49 | STIPULATION AND ORDER EXTENDING TIME re 46 STIPULATION WITH PROPOSED ORDER. Reply in Support of Motion due by 5/18/2012. Signed by Judge James Ware on May 14, 2012. (wsn, COURT STAFF) (Filed on 5/14/2012) (Entered: 05/14/2012) |
| 05/15/2012 | 50 | Proposed Order re 43 Administrative Motion to File Under Seal *Plaintiffs' Notice of Motion and Administrative Motion to File Under Seal [Pursuant to Civil L.R. 7-11 And 79-5(d)]* by Apple Inc.. (Yates, Christopher) (Filed on 5/15/2012) (Entered: 05/15/2012) |
| 05/15/2012 | 51 | MOTION to Shorten Time *for Briefing and Hearing on Apple's Motion to Compel Arbitration* filed by Apple Inc.. (Attachments: # 1 Declaration of Christopher S. Yates in Support, # 2 Proposed Order)(Yates, Christopher) (Filed on 5/15/2012) (Entered: 05/15/2012) |
| 05/16/2012 | 52 | ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL by Judge James Ware granting 43 Administrative Motion to File Under Seal. Signed by Judge James Ware on May 16, 2012. (wsn, COURT STAFF) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| 05/16/2012 | 53 | ORDER by Judge James Ware denying 51 Motion to Shorten Time (jwlc2, COURT STAFF) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| 05/16/2012 | | Set/Reset Deadlines as to 37 MOTION to Dismiss. Motion Hearing set for 6/18/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (wsn, COURT STAFF) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| 05/17/2012 | 54 | MOTION for Extension of Time to File Response/Reply as to 48 MOTION to Compel *Arbitration of Claims Plaintiffs' L.R. 6-3 Administrative Motion to Enlarge Time for Briefing and Hearing on Apple Inc.'s Motion to Compel Arbitration [ECF No. 48]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Declaration of Rachele R. Rickert in Support of Plaintiffs' L.R. 6-3 Administrative Motion to Enlarge Time for Briefing and Hearing on Apple Inc.'s Motion to Compel Arbitration [ECF No. 48], # 2 Proposed Order)(Rickert, Rachele) (Filed on 5/17/2012) (Entered: 05/17/2012) |
| 05/18/2012 | 55 | RESPONSE (re 54 MOTION for Extension of Time to File Response/Reply as to 48 MOTION to Compel *Arbitration of Claims Plaintiffs' L.R. 6-3 Administrative Motion to Enlarge Time for Briefing and Hearing on Apple Inc.'s Motion to Compel Arbitr* ) filed byApple Inc.. (Attachments: # 1 Declaration of Christopher S. Yates in Support Thereof)(Yates, Christopher) (Filed on 5/18/2012) (Entered: 05/18/2012)* |
| 05/18/2012 | 56 | Administrative Motion to File Under Seal *the Reply in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint* filed by Apple Inc.. (Attachments: # 1 Proposed Order)(Yates, Christopher) (Filed on 5/18/2012) (Entered: 05/18/2012) |
| 05/18/2012 | 57 | REPLY (re 37 MOTION to Dismiss *[REDACTED]* ) filed byApple Inc.. (Yates, Christopher) (Filed on 5/18/2012) (Entered: 05/18/2012) |

| 05/22/2012 | 58 | ORDER GRANTING DEFENDANT APPLE INC.S ADMINISTRATIVE MOTION TO FILE UNDER SEAL signed by Judge James Ware granting 56 Administrative Motion to File Under Seal. (wsn, COURT STAFF) (Filed on 5/22/2012) (Entered: 05/22/2012) |
|---|---|---|
| 05/22/2012 | 59 | DOCUMENT E-FILED UNDER SEAL re 58 Order on Administrative Motion to File Under Seal *Defendant Apple Inc.'s Reply in Support of its Motion to Dismiss Plaintiffs' Consolidated Complaint* by Apple Inc.. (Yates, Christopher) (Filed on 5/22/2012) (Entered: 05/22/2012) |
| 05/23/2012 | 60 | ORDER by Judge May 23, 2012 denying 54 Motion for Extension of Time to File Response/Reply (jwlc2, COURT STAFF) (Filed on 5/23/2012) (Entered: 05/23/2012) |
| 05/29/2012 | 61 | RESPONSE (re 48 MOTION to Compel *Arbitration of Claims* ) filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rifkin, Mark) (Filed on 5/29/2012) (Entered: 05/29/2012) |
| 05/29/2012 | 62 | Declaration of Mark C. Rifkin in Support of 61 Opposition/Response to Motion *Declaration of Mark C. Rifkin In Support of Plaintiffs' Opposition to Apple's Motion to Compel Arbitration* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 61 ) (Rifkin, Mark) (Filed on 5/29/2012) (Entered: 05/29/2012) |
| 05/29/2012 | 63 | Declaration of Simon J. Wilkie, PH.D. in Support of 61 Opposition/Response to Motion *Expert Declaration of Simon J. Wilkie, PH.D.* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 61 ) (Rifkin, Mark) (Filed on 5/29/2012) (Entered: 05/29/2012) |
| 05/29/2012 | 64 | Declaration of Michael A. Williams, PH.D. in Support of 61 Opposition/Response to Motion *Expert Declaration of Michael A. Williams, PH.D.* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 61 ) (Rifkin, Mark) (Filed on 5/29/2012) (Entered: 05/29/2012) |
| 06/05/2012 | 65 | REPLY (re 48 MOTION to Compel *Arbitration of Claims* ) filed byApple Inc.. (Yates, Christopher) (Filed on 6/5/2012) (Entered: 06/05/2012) |
| 06/08/2012 | 66 | MOTION for Leave to File *Plaintiffs' Civil L.R. 7-3 Motion For Permission To File A Sur-Reply Brief On Apple Inc.'s Motion To Compel Arbitration [ECF No. 48]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Proposed Order [Proposed] Order Granting Plaintiffs' Civil L.R. 7-3 Motion For Permission To File A Sur-Reply Brief On Apple Inc.'s Motion To Compel Arbitration [ECF No. 48])(Rickert, Rachele) (Filed on 6/8/2012) (Entered: 06/08/2012) |
| 06/08/2012 | 67 | Declaration of Mark C. Rifkin in Support of 66 MOTION for Leave to File *Plaintiffs' Civil L.R. 7-3 Motion For Permission To File A Sur-Reply Brief On Apple Inc.'s Motion To Compel Arbitration [ECF No. 48] Declaration of Mark C. Rifkin In Support of Plaintiffs' Civil L.R. 7-3 Motion For Permission To File A Sur-Reply Brief On Apple Inc.'s Motion to Compel Arbitration [ECF No. 48]* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 66 ) (Rickert, Rachele) (Filed on 6/8/2012) (Entered: 06/08/2012) |
| 06/12/2012 | 68 | RESPONSE (re 66 MOTION for Leave to File *Plaintiffs' Civil L.R. 7-3 Motion For Permission To File A Sur-Reply Brief On Apple Inc.'s Motion To Compel Arbitration [ECF No. 48]* ) filed byApple Inc.. (Yates, Christopher) (Filed on 6/12/2012) (Entered: 06/12/2012) |
| 06/15/2012 | 69 | OBJECTIONS to re 67 Declaration in Support,, 62 Declaration in Support, *in connection with Apple's Motion to Compel Arbitration* by Apple Inc.. (Yates, Christopher) (Filed on 6/15/2012) (Entered: 06/15/2012) |
| 06/18/2012 | 70 | Minute Entry: Motion Hearing held on 6/18/2012 before Chief Judge James Ware re 48 MOTION to Compel; and 37 MOTION to Dismiss. (Date Filed: 6/18/2012). (Court Reporter Jim Yeomans.) (wsn, COURT STAFF) (Date Filed: 6/18/2012) (Entered: 06/18/2012) |
| 06/21/2012 | 71 | Transcript of Proceedings held on 06/18/12, before Judge James Ware. Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber James Yeomans, Telephone number (415) 863-5179. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 9/19/2012. (jjy, COURT STAFF) (Filed on 6/21/2012) (Entered: 06/21/2012) |
| 07/02/2012 | 72 | MOTION for Leave to File *Plaintiffs' L.R. 7-3 Motion For Permission To File A Supplemental Brief On Apple Inc.'s Motion To Dismiss [ECF No. 37] And Motion to Compel Arbitration [ECF No. 48]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Proposed Order [Proposed] Order Granting Plaintiffs' Civil L.R. 7-3 Motion For Permission To File A Supplemental Brief On Apple Inc.'s Motion to Dismiss [ECF No. 37] And Motion To Compel Arbitration [ECF No. 48])(Rifkin, Mark) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 73 | Declaration of Mark C. Rifkin in Support of 72 MOTION for Leave to File *Plaintiffs' L.R. 7-3 Motion For Permission To File A Supplemental Brief On Apple Inc.'s Motion To Dismiss [ECF No. 37] And Motion to Compel Arbitration [ECF No. 48]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 72 ) (Rifkin, Mark) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/06/2012 | 74 | RESPONSE (re 72 MOTION for Leave to File *Plaintiffs' L.R. 7-3 Motion For Permission To File A Supplemental Brief On Apple Inc.'s Motion To Dismiss [ECF No. 37] And Motion to Compel Arbitration [ECF No. 48]* ) filed byApple Inc.. (Yates, Christopher) (Filed on 7/6/2012) (Entered: 07/06/2012) |
| 07/11/2012 | 75 | ORDER by Judge James Ware granting in part and denying in part 37 Motion to Dismiss; denying 48 Motion to Compel; finding as moot 66 Motion for Leave to File; denying 72 Motion for Leave to File (jwlc2, COURT STAFF) (Filed on 7/11/2012) (Entered: 07/11/2012) |
| 07/11/2012 | | Set Deadlines/Hearings: Joint Case Management Statement due by 9/14/2012. Case Management Conference set for 9/24/2012 10:00 AM in Courtroom 9, 19th Floor, San Francisco. (wsn, COURT STAFF) (Filed on 7/11/2012). (Entered: 07/12/2012) |
| 07/23/2012 | 76 | STIPULATION WITH PROPOSED ORDER *Extending Plaintiffs' Time To File An Amended Complaint* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Declaration Of Rachele R. Rickert In Support Of Stipulation And [Proposed] Order Extending Plaintiffs' Time To File An Amended Complaint)(Rickert, Rachele) (Filed on 7/23/2012) (Entered: 07/23/2012) |
| 07/25/2012 | 77 | STIPULATION AND ORDER EXTENDING PLAINTIFFS TIME TO FILE AN AMENDED COMPLAINT re 76 STIPULATION WITH PROPOSED ORDER. Signed by Chief Judge James Ware on July 25, 2012. (wsn, COURT STAFF) (Filed on 7/25/2012) (Entered: 07/25/2012) |
| 09/06/2012 | 78 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Yvonne Gonzalez Rogers for all further proceedings. Judge Hon. James Ware no longer assigned to the case. (cp, COURT STAFF) (Filed on 9/6/2012) (Entered: 09/06/2012) |
| 09/06/2012 | 79 | REASSIGNMENT ORDER OF JUDGE YVONNE GONZALEZ ROGERS. Signed by Judge Yvonne Gonzalez Rogers on 9/6/12. (fs, COURT STAFF) (Filed on 9/6/2012) (Entered: 09/13/2012) |
| 09/24/2012 | 80 | JOINT CASE MANAGEMENT STATEMENT filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc.. (Rickert, Rachele) (Filed on 9/24/2012) Modified on 9/25/2012 (cp, COURT STAFF). (Entered: 09/24/2012) |
| 09/28/2012 | 81 | *AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; JURY TRIAL* against Apple Inc.. Filed byCrystal Boykin, Robert Pepper, Edward W. Hayter, James Blackwell, Harry Bass, |

| | | |
|---|---|---|
| | | Eric Terrell, Stephen H. Schwartz. (Rickert, Rachele) (Filed on 9/28/2012) Modified on 10/1/2012 (cpS, COURT STAFF). (Entered: 09/28/2012) |
| 10/05/2012 | 82 | STIPULATION *Extending Time to Respond to Plaintiffs' Amended Consolidated Class Action Complaint* filed by Apple Inc., Robert Pepper. (Huseny, Sadik) (Filed on 10/5/2012) Modified on 10/9/2012 (cjl, COURT STAFF). (Entered: 10/05/2012) |
| 10/18/2012 | 83 | STIPULATION AND ORDER EXTENDING TIME TO RESPOND TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT re 82 Stipulation filed by Robert Pepper, Apple Inc. Signed by Judge Yvonne Gonzalez Rogers on 11/18/12. (nah, COURT STAFF) (Filed on 10/18/2012) (Entered: 10/18/2012) |
| 10/25/2012 | 84 | CLERKS NOTICE Initial Case Management Conference set for 12/10/2012 02:00 PM in Courtroom 5, 2nd Floor, Oakland. (Attachments: # 1 Standing Order) (fs, COURT STAFF) (Filed on 10/25/2012) (Entered: 10/25/2012) |
| 10/25/2012 | 85 | CORRECTED CLERKS NOTICE SETTING Initial Case Management Conference set for 12/10/2012 02:00 PM in Courtroom 5, 2nd Floor, Oakland. [Corrected to reflect correct case number] (Attachments: # 1 Standing Order) (fs, COURT STAFF) (Filed on 10/25/2012) (Entered: 10/26/2012) |
| 11/01/2012 | 86 | STIPULATION Extending Time to Respond to Plaintiffs' Amended Consolidated Class Action Complaint, filed by Apple Inc., Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Huseny, Sadik) (Filed on 11/1/2012) Modified on 11/2/2012 (jlm, COURT STAFF). (Entered: 11/01/2012) |
| 11/02/2012 | 87 | MOTION to Relate Case and [Proposed] Order filed by Apple Inc. (Attachments: # 1 Proposed Order)(Yates, Christopher) (Filed on 11/2/2012) Modified on 11/5/2012 (cjl, COURT STAFF). (Entered: 11/02/2012) |
| 11/02/2012 | 88 | MOTION to Dismiss and [Proposed] Order filed by Apple Inc. Motion Hearing set for 12/18/2012 02:00 PM before Hon. Yvonne Gonzalez Rogers. Responses due by 11/16/2012. Replies due by 11/26/2012. (Attachments: # 1 Proposed Order)(Wall, Daniel) (Filed on 11/2/2012) Modified on 11/5/2012 (cjl, COURT STAFF). (Entered: 11/02/2012) |
| 11/02/2012 | 89 | Request for Judicial Notice re 88 MOTION to Dismiss filed byApple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 88 ) (Wall, Daniel) (Filed on 11/2/2012) (Entered: 11/02/2012) |
| 11/02/2012 | 90 | CERTIFICATE OF SERVICE by Apple Inc. re 87 MOTION to Relate Case (Yates, Christopher) (Filed on 11/2/2012) (Entered: 11/02/2012) |
| 11/14/2012 | 91 | STIPULATION WITH PROPOSED ORDER *Extending Briefing Schedule on Defendant Apple Inc.'s Motion to Dismiss Plaintiffs' Amended Consolidated Complaint [ECF NO. 88]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Attachments: # 1 Declaration of Rachele R. Rickert in Support of Stipulation and [Proposed] Order Extending Briefing Schedule on Defendant Apple Inc.'s Motion to Dismiss Plaintiffs' Amended Consolidated Complaint [ECF NO. 88])(Rickert, Rachele) (Filed on 11/14/2012) Modified on 11/15/2012 (cp, COURT STAFF). (Entered: 11/14/2012) |
| 11/15/2012 | 92 | ORDER RELATING CASES C-11-6714-YGR and C-12-5404-JCS. Signed by Judge Yvonne Gonzalez Rogers on 11/15/12. (fs, COURT STAFF) (Filed on 11/15/2012) (Entered: 11/15/2012) |
| 11/15/2012 | 93 | ORDER by Judge Yvonne Gonzalez Rogers granting 91 Stipulation Extending Briefing Schedule (fs, COURT STAFF) (Filed on 11/15/2012) (Entered: 11/16/2012) |
| 11/15/2012 | | Set/Reset Deadlines as to 88 MOTION to Dismiss . Responses due by 12/7/2012. Replies due by 12/21/2012. Motion Hearing set for 1/15/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 11/15/2012) (Entered: 11/16/2012) |

| | | |
|---|---|---|
| 11/28/2012 | 94 | STIPULATION WITH PROPOSED ORDER *CONTINUING CASE MANAGEMENT CONFERENCE* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Rickert, Rachele) (Filed on 11/28/2012) Modified on 11/29/2012 (cpS, COURT STAFF). (Entered: 11/28/2012) |
| 11/28/2012 | 95 | Declaration of RACHELE R. RICKERT in Support of 94 STIPULATION WITH PROPOSED ORDER *CONTINUING CASE MANAGEMENT CONFERENCE* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 94 ) (Rickert, Rachele) (Filed on 11/28/2012) (Entered: 11/28/2012) |
| 12/03/2012 | 96 | JOINT CASE MANAGEMENT STATEMENT filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Rickert, Rachele) (Filed on 12/3/2012) Modified on 12/4/2012 (cpS, COURT STAFF). (Entered: 12/03/2012) |
| 12/03/2012 | 97 | ORDER DENYING STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE by Judge Yvonne Gonzalez Rogers denying (94) Stipulation in case 4:11-cv-06714-YGR; denying (8) Stipulation in case 4:12-cv-05404-YGR (fs, COURT STAFF) (Filed on 12/3/2012) (Entered: 12/04/2012) |
| 12/06/2012 | 98 | JOINT CASE MANAGEMENT STATEMENT *(Amended)* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Rickert, Rachele) (Filed on 12/6/2012) Modified on 12/7/2012 (cp, COURT STAFF). (Entered: 12/06/2012) |
| 12/07/2012 | 99 | RESPONSE (re 88 MOTION to Dismiss ) *PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT APPLES MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Schmidt, Alexander) (Filed on 12/7/2012) (Entered: 12/07/2012) |
| 12/07/2012 | 100 | Declaration of Michael Liskow in Support of 99 Opposition/Response to Motion, filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Related document(s) 99 ) (Liskow, Michael) (Filed on 12/7/2012) (Entered: 12/07/2012) |
| 12/10/2012 | 101 | Minute Entry: Initial Case Management Conference held on 12/10/2012 before Yvonne Gonzalez Rogers (Date Filed: 12/10/2012). Further Case Management Conference set for 12/17/2012 02:00 PM in Courtroom 5, 2nd Floor, Oakland. (Court Reporter Raynee Mercado.) (fs, COURT STAFF) (Date Filed: 12/10/2012) (Entered: 12/10/2012) |
| 12/17/2012 | | CLERKS NOTICE : THE 12/17/12 AT 2:00PM CASE MANAGEMENT CONFERENCES IN CASE C-11-6714-YGR AND CASE C-12-5404-YGR ARE VACATED.<br><br>**(This is a text only docket entry, there is no document associated with this notice.)**<br><br>(fs, COURT STAFF) (Filed on 12/17/2012) (Entered: 12/17/2012) |
| 12/18/2012 | 102 | Transcript of Proceedings held on December 10, 2012, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, Telephone number 510-451-7530, raynee_mercado@cand.uscourts.gov, rayneeh@hotmail.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 1/8/2013. Redacted Transcript Deadline set for 1/18/2013. Release of Transcript Restriction set for 3/18/2013. (rhm) (Filed on 12/18/2012) (Entered: 12/18/2012) |

| 12/21/2012 | 103 | REPLY (re 88 MOTION to Dismiss ) filed byApple Inc.. (Huseny, Sadik) (Filed on 12/21/2012) (Entered: 12/21/2012) |
|---|---|---|
| 01/07/2013 | | CLERKS NOTICE CONTINUING HEARING ON DEFENDANT APPLE'S MOTION TO DISMISS PLAINTIFF'S AMENDED CONSOLIDATED COMPLAINT [Dkt. No. 88] Motion Hearing set for 1/15/2013 is VACATED AND RESET to Tuesday 2/12/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers.<br><br>**(This is a text only docket entry, there is no document associated with this notice.)**<br><br>(fs, COURT STAFF) (Filed on 1/7/2013) (Entered: 01/07/2013) |
| 01/07/2013 | | Set/Reset Deadlines as to 88 MOTION to Dismiss . Motion Hearing set for 2/12/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 1/7/2013) (Entered: 01/07/2013) |
| 01/14/2013 | 104 | STIPULATION WITH PROPOSED ORDER *To Continue Hearing on Defendant's Motion to Dismiss* filed by Apple Inc., Robert Pepper, et al. (Huseny, Sadik) (Filed on 1/14/2013) Modified on 1/15/2013 (cpS, COURT STAFF). (Entered: 01/14/2013) |
| 01/24/2013 | 105 | ORDER by Judge Yvonne Gonzalez Rogers granting 104 Stipulation to Continue Hearing on Defendant's Motion to Dismiss (fs, COURT STAFF) (Filed on 1/24/2013) (Entered: 01/24/2013) |
| 01/24/2013 | | Set/Reset Deadlines as to 88 MOTION to Dismiss . Motion Hearing set for 3/5/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 1/24/2013) (Entered: 01/24/2013) |
| 03/05/2013 | 106 | Minute Entry: Motion Hearing held and submitted on 3/5/2013 before Yvonne Gonzalez Rogers (Date Filed: 3/5/2013) re 88 MOTION to Dismiss filed by Apple Inc.. (Court Reporter Raynee Mercado.) (fs, COURT STAFF) (Date Filed: 3/5/2013) (Entered: 03/13/2013) |
| 04/03/2013 | 107 | Transcript of Proceedings held on March 5, 2013, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, Telephone number 510-451-7530, rayneeh@hotmail.com, raynee_mercado@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 7/2/2013. (rhm) (Filed on 4/3/2013) (Entered: 04/03/2013) |
| 08/15/2013 | 108 | **ORDER by Judge Yvonne Gonzalez Rogers granting 88 Motion to Dismiss Plaintiffs' Amended Consolidated Complaint with Leave to Amend. (fs, COURT STAFF) (Filed on 8/15/2013) (Entered: 08/15/2013)** |
| 08/15/2013 | | Set/Reset Hearing per the 108 Order on Motion to Dismiss. Case Management Conference set for Monday, 11/4/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland. (fs, COURT STAFF) (Filed on 8/15/2013) (Entered: 08/15/2013) |
| 08/28/2013 | 109 | STIPULATION WITH PROPOSED ORDER *Extending Time to Respond to Plaintiffs' Second Amended Consolidated Class Action Complaint* filed by Apple Inc., Robert Pepper, et al. (Yates, Christopher) (Filed on 8/28/2013) Modified on 8/29/2013 (cpS, COURT STAFF). (Entered: 08/28/2013) |
| 08/29/2013 | 110 | **ORDER by Judge Yvonne Gonzalez Rogers DENYING 109 Stipulation (fs, COURT STAFF) (Filed on 8/29/2013) (Entered: 08/29/2013)** |
| 09/05/2013 | 111 | AMENDED COMPLAINT *CONSOLIDATED CLASS ACTION COMPLAINT (SECOND)*; Jury Demand against Robert Pepper, Edward W. Hayter, Eric Terrell, Stephen H. Schwartz. Filed byRobert Pepper, Edward W. Hayter, Eric Terrell, Stephen H. Schwartz. (Rickert, |

| | | |
|---|---|---|
| | | Rachele) (Filed on 9/5/2013) Modified on 9/6/2013 (cpS, COURT STAFF). (Entered: 09/05/2013) |
| 09/10/2013 | 112 | MOTION for Extension of Time to File Answer filed by Apple Inc.. (Attachments: # 1 Declaration of Sadik Huseny, # 2 Proposed Order)(Huseny, Sadik) (Filed on 9/10/2013) (Entered: 09/10/2013) |
| 09/10/2013 | 113 | RESPONSE (re 112 MOTION for Extension of Time to File Answer ) filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Declaration of Alexander H. Schmidt In Support of Plaintiffs' Response to Defendant's Administrative Motion To Enlarge Time To Respond To Second Amended Complaint)(Schmidt, Alexander) (Filed on 9/10/2013) (Entered: 09/10/2013) |
| 09/11/2013 | 114 | **ORDER by Judge Yvonne Gonzalez Rogers granting 112 Motion for Extension of Time to Answer to 9/30/2013. (fs, COURT STAFF) (Filed on 9/11/2013) (Entered: 09/11/2013)** |
| 09/30/2013 | 115 | MOTION to Dismiss *Plaintiffs' Second Amended Complaint* filed by Apple Inc.. Motion Hearing set for 11/5/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. Responses due by 10/15/2013. Replies due by 10/22/2013. (Attachments: # 1 Proposed Order)(Wall, Daniel) (Filed on 9/30/2013) (Entered: 09/30/2013) |
| 10/15/2013 | 116 | RESPONSE (re 115 MOTION to Dismiss *Plaintiffs' Second Amended Complaint* ) *Memorandum of Points and Authorities In Opposition to Defendant Apple's Motion to Dismiss Plaintiffs' Second Amended Consolidated Complaint* filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Proposed Order Denying Defendant Apple's Motion to Dismiss Plaintiff's Second Amended Complaint)(Schmidt, Alexander) (Filed on 10/15/2013) (Entered: 10/15/2013) |
| 10/21/2013 | 117 | CLERKS NOTICE CHANGING TIME OF HEARING ON NOVEMBER 5, 2013. Set/Reset Deadlines as to 115 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*. Motion Hearing set for 11/5/2013 WILL BE HELD AT 10:00 AM (Instead of at 2:00PM) in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. **(This is a text only docket entry, there is no document associated with this notice.)** (fs, COURT STAFF) (Filed on 10/21/2013) (Entered: 10/21/2013) |
| 10/22/2013 | 118 | REPLY (re 115 MOTION to Dismiss *Plaintiffs' Second Amended Complaint* ) filed byApple Inc.. (Wall, Daniel) (Filed on 10/22/2013) (Entered: 10/22/2013) |
| 10/28/2013 | 119 | JOINT CASE MANAGEMENT STATEMENT filed by Apple Inc., Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rickert, Rachele) (Filed on 10/28/2013) Modified on 10/29/2013 (cpS, COURT STAFF). (Entered: 10/28/2013) |
| 10/30/2013 | 120 | CLERKS NOTICE CONTINUING CASE MANAGEMENT CONFERENCE. Case Management Conference set for 11/4/2013 is CONTINUED to Monday, 12/16/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland. **(This is a text only docket entry, there is no document associated with this notice.)** (fs, COURT STAFF) (Filed on 10/30/2013) (Entered: 10/30/2013) |
| 11/07/2013 | 121 | Minute Entry: Motion Hearing held and submitted on 11/5/2013 before Yvonne Gonzalez Rogers (Date Filed: 11/7/2013) re 115 MOTION to Dismiss *Plaintiffs' Second Amended Complaint* filed by Apple Inc.. (Court Reporter Raynee Mercado.) (fs, COURT STAFF) (Date Filed: 11/7/2013) (Entered: 11/07/2013) |
| 11/07/2013 | 122 | TRANSCRIPT ORDER by Apple Inc. for Court Reporter Raynee Mercado. (Wall, Daniel) (Filed on 11/7/2013) (Entered: 11/07/2013) |
| 11/25/2013 | 123 | Transcript of Proceedings held on November 5, 2013, before Judge Yvonne Gonzalez Rogers. |

| | | |
|---|---|---|
| | | Court Reporter Raynee H. Mercado, CSR, Telephone number 510-451-7530, cacsr8258@gmail.com, raynee_mercado@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 2/24/2014. (Related document(s) 122 ) (rhm) (Filed on 11/25/2013) (Entered: 11/25/2013) |
| 12/02/2013 | 124 | **ORDER by Judge Yvonne Gonzalez Rogers granting 115 Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice. (fs, COURT STAFF) (Filed on 12/2/2013) (Entered: 12/02/2013)** |
| 12/04/2013 | 125 | TRANSCRIPT ORDER by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell for Court Reporter Raynee Mercado. (Rickert, Rachele) (Filed on 12/4/2013) (Entered: 12/04/2013) |
| 12/30/2013 | 126 | Proposed Judgment by Apple Inc. (Yates, Christopher) (Filed on 12/30/2013) Modified on 12/31/2013 (kcS, COURT STAFF). (Entered: 12/30/2013) |
| 12/31/2013 | 127 | NOTICE OF APPEAL to the 9th CCA Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. Appeal of Order on Motion to Dismiss 124 (Appeal fee of $505 receipt number 0971-8263870 paid.) (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rickert, Rachele) (Filed on 12/31/2013) (Entered: 12/31/2013) |
| 01/02/2014 | 128 | USCA Case Number 14-15000 for 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter. (cjl, COURT STAFF) (Filed on 1/2/2014) (Entered: 01/02/2014) |
| 01/07/2014 | 129 | **JUDGMENT. Signed by Judge Yvonne Gonzalez Rogers on 1/7/2014. (fs, COURT STAFF) (Filed on 1/7/2014) (Entered: 01/07/2014)** |
| 01/30/2014 | 130 | Transcript Designation Form for proceedings held on 11/05/13, 03/05/13, 12/10/12, 06/18/12 before Judge Yvonne Gonzalez-Rogers, James Ware, (Attachments: # 1 Certificate/Proof of Service)(Rickert, Rachele) (Filed on 1/30/2014) (Entered: 01/30/2014) |
| 01/12/2017 | 131 | Opinion of USCA as to 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter. REVERSED AND REMANDED. (cjlS, COURT STAFF) (Filed on 1/12/2017) Modified on 1/13/2017 (vlkS, COURT STAFF). (Entered: 01/12/2017) |
| 05/12/2017 | 132 | MANDATE of USCA as to 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter (cpS, COURT STAFF) (Filed on 5/12/2017) (Entered: 05/17/2017) |
| 08/07/2017 | 133 | USCA Case Number 17-204 US Supreme Court (petition for a writ of certiorari) (cjlS, COURT STAFF) (Filed on 8/7/2017) Modified on 6/21/2018 (cpS, COURT STAFF). (Entered: 08/08/2017) |
| 05/09/2018 | 134 | NOTICE of filing to provide the Court with an update regarding Apples petition for a writ of certiorari to the Supreme Court by Apple Inc. (Attachments: # 1 Exhibit A)(Huseny, Sadik) (Filed on 5/9/2018) Modified on 5/9/2018 (cpS, COURT STAFF). (Entered: 05/09/2018) |
| 06/18/2018 | 135 | ORDER of U.S. Supreme Court: Granting petition for a writ of certiorari as to 133 USCA Case Number 17-204. (cpS, COURT STAFF) (Filed on 6/18/2018) (Entered: 06/21/2018) |
| 09/04/2018 | 136 | NOTICE of Change of Address by Michael Milton Liskow (Liskow, Michael) (Filed on 9/4/2018) Modified on 9/5/2018 (cpS, COURT STAFF). (Entered: 09/04/2018) |
| 09/06/2018 | 137 | NOTICE of Filing of Opening and Amicus Briefs with the U.S. Supreme Court by Apple Inc. (Attachments: # 1 Exhibit A)(Huseny, Sadik) (Filed on 9/6/2018) Modified on 9/7/2018 (cjlS, COURT STAFF). (Entered: 09/06/2018) |
| 01/30/2019 | 138 | NOTICE of Withdrawal by Attorneys Francis M. Gregorek and Alexander Schmidt by Edward |

| | | W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell (Byrd, Rachele) (Filed on 1/30/2019) Modified on 1/31/2019 (cpS, COURT STAFF). (Entered: 01/30/2019) |
|---|---|---|
| 01/30/2019 | 139 | NOTICE of Change of Address by Rachele R. Byrd (Byrd, Rachele) (Filed on 1/30/2019) (Entered: 01/30/2019) |
| 05/13/2019 | 140 | U.S. Supreme Court Notice of Opinion. (jmlS, COURT STAFF) (Filed on 5/13/2019) (Entered: 05/15/2019) |
| 05/13/2019 | 141 | U.S. Supreme Court Opinion. (jmlS, COURT STAFF) (Filed on 5/13/2019) (Entered: 05/15/2019) |
| 05/23/2019 | 142 | Received Document From Rudolf J. Friederich. (Attachments: # 1 Envelope)(jmlS, COURT STAFF) (Filed on 5/23/2019) (Entered: 05/28/2019) |
| 06/07/2019 | 143 | MOTION to Relate Case *Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 6/7/2019) (Entered: 06/07/2019) |
| 06/11/2019 | 144 | OPPOSITION/RESPONSE (re 143 MOTION to Relate Case *Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12* ) filed byApple Inc.. (Attachments: # 1 Certificate of Service)(Huseny, Sadik) (Filed on 6/11/2019) (Entered: 06/11/2019) |
| 06/12/2019 | 145 | **RELATED CASE ORDER by Judge Yvonne Gonzalez Rogers granting 143 Motion to Relate Case. The Court finds that Cases 11-cv-06714 YGR and 19-cv-2852 WHA are related.**(dtmS, COURT STAFF) (Filed on 6/12/2019) (Entered: 06/12/2019) |
| 06/17/2019 | 146 | U.S. Supreme Court JUDGMENT affirmed as to 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter (jmlS, COURT STAFF) (Filed on 6/17/2019) (Entered: 06/20/2019) |
| 06/21/2019 | 147 | NOTICE of Appearance by Daniel Glen Swanson (Swanson, Daniel) (Filed on 6/21/2019) (Entered: 06/21/2019) |
| 06/21/2019 | 148 | NOTICE of Appearance by Daniel Glen Swanson *Notice of Appearance by Richard J. Doren* (Swanson, Daniel) (Filed on 6/21/2019) (Entered: 06/21/2019) |
| 06/21/2019 | 149 | NOTICE of Appearance by Daniel Glen Swanson *Notice of Appearance by Theodore J. Boutrous, Jr.* (Swanson, Daniel) (Filed on 6/21/2019) (Entered: 06/21/2019) |
| 06/21/2019 | 150 | MOTION to Relate Case filed by Apple Inc.. (Attachments: # 1 Declaration of Daniel G. Swanson in Support of Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12, # 2 Exhibit A to the Declaration of Daniel G. Swanson, # 3 Exhibit B to the Declaration of Daniel G. Swanson, # 4 Proposed Order Granting Administrative Motion to Consider Whether Cases Should be Realted Pursuant to Civil L.R. 3-12)(Swanson, Daniel) (Filed on 6/21/2019) (Entered: 06/21/2019) |
| 06/25/2019 | 151 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13465834.) filed by Apple Inc.. (Richman, Cynthia) (Filed on 6/25/2019) (Entered: 06/25/2019) |
| 06/25/2019 | 152 | OPPOSITION/RESPONSE (re 150 MOTION to Relate Case ) *Cameron Plaintiffs' Memorandum in Opposition to Defendant Apple, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civ. L.R. 3-12* filed byDonald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Proposed Order)(Berman, Steve) (Filed on 6/25/2019) (Entered: 06/25/2019) |
| 06/26/2019 | 153 | OPPOSITION/RESPONSE (re 150 MOTION to Relate Case ) *Plaintiffs' Response to Defendant Apple Inc.'s Administrative Motion to Consider Whether Cases Should be Related* |

| | | |
|---|---|---|
| | | *Pursuant to Civil L.R. 3-12* filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rifkin, Mark) (Filed on 6/26/2019) (Entered: 06/26/2019) |
| 06/26/2019 | 154 | NOTICE of Appearance by Melissa Phan (Phan, Melissa) (Filed on 6/26/2019) (Entered: 06/26/2019) |
| 06/27/2019 | 155 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13473246.) filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Certificate of Good Standing)(Guiney, Matthew) (Filed on 6/27/2019) (Entered: 06/27/2019) |
| 06/27/2019 | 156 | **ORDER ALLOWING ADDITIONAL SUBMISSIONS REGARDING PENDING MOTION TO RELATE re 150 MOTION to Relate Case filed by Apple Inc. Parties may file a supplemental brief by 4:00 PM on Monday, July 8, 2019, not to exceed five pages. Signed by Judge Yvonne Gonzalez Rogers on 6/27/2019. (fsS, COURT STAFF) (Filed on 6/27/2019) (Entered: 06/27/2019)** |
| 06/27/2019 | 157 | **ORDER by Judge Yvonne Gonzalez Rogers granting 155 Motion for Pro Hac Vice as to Matthew M. Guiney. (fs, COURT STAFF) (Filed on 6/27/2019) (Entered: 06/27/2019)** |
| 06/27/2019 | 158 | **ORDER by Judge Yvonne Gonzalez Rogers granting 151 Motion for Pro Hac Vice as to Cynthia Richman. (fs, COURT STAFF) (Filed on 6/27/2019) (Entered: 06/27/2019)** |
| 07/08/2019 | 159 | Supplemental Brief re 150 MOTION to Relate Case *Plaintiffs' Supplemental Response Regarding Defendant Apple Inc.'s Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12* filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 150 ) (Rifkin, Mark) (Filed on 7/8/2019) (Entered: 07/08/2019) |
| 07/08/2019 | 160 | Supplemental Brief re 150 MOTION to Relate Case *Defendant Apple Inc.'s Supplemental Brief in Support of Its Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12* filed byApple Inc.. (Related document(s) 150 ) (Swanson, Daniel) (Filed on 7/8/2019) (Entered: 07/08/2019) |
| 07/08/2019 | 161 | Supplemental Brief re 156 Order, *Cameron Plaintiffs' Supplemental Opposition to Apple Inc.'s Motion to Relate Cases* filed byDonald R. Cameron. (Related document(s) 156 ) (Berman, Steve) (Filed on 7/8/2019) (Entered: 07/08/2019) |
| 07/16/2019 | 162 | ORDER of USCA Remanding case to United States District Court as to 135 USCA Order (jmlS, COURT STAFF) (Filed on 7/16/2019) (Entered: 07/16/2019) |
| 07/22/2019 | 163 | MOTION to Relate Case filed by Apple Inc.. (Attachments: # 1 Declaration Declaration of Daniel G. Swanson in Support of Apple's Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12, # 2 Exhibit Exhibit A to the Declaration of Daniel G. Swanson, # 3 Proposed Order Proposed Order Granting Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12)(Swanson, Daniel) (Filed on 7/22/2019) (Entered: 07/22/2019) |
| 07/26/2019 | 164 | OPPOSITION/RESPONSE (re 163 MOTION to Relate Case ) *Plaintiffs' Response to Defendant Apple Inc.'s Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12* filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rifkin, Mark) (Filed on 7/26/2019) (Entered: 07/26/2019) |
| 07/26/2019 | 165 | OPPOSITION/RESPONSE (re 163 MOTION to Relate Case ) filed byBarry Sermons. (Attachments: # 1 Proposed Order Denying Administrative Motion to Relate)(Saveri, Richard) (Filed on 7/26/2019) (Entered: 07/26/2019) |
| 07/30/2019 | 166 | ANSWER to Second Amended Consolidated Class Action Complaint with Jury Demand by Apple Inc.. (Richman, Cynthia) (Filed on 7/30/2019) Modified on 7/31/2019 (jmlS, COURT STAFF). (Entered: 07/30/2019) |
| 08/22/2019 | 167 | MANDATE of USCA as to 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert |

| | | |
|---|---|---|
| | | Pepper, Eric Terrell, Edward W. Hayter. (cjlS, COURT STAFF) (Filed on 8/22/2019) (Entered: 08/22/2019) |
| 08/22/2019 | 168 | **ORDER GRANTING ADMINISTRATIVE MOTIONS TO RELATE CASES by Judge Yvonne Gonzalez Rogers granting 150 Motion to Relate Cases 4:11-cv-6714-YGR and 19-cv-3074-WHA; granting 163 Motion to Relate Cases 4:11-cv-6714-YGR and 19-cv-3796-WHA. Case Management Statement due by 9/6/2019. Initial Case Management Conference in all cases is specially set for Friday, 9/13/2019 09:00 AM before Hon. Judge Yvonne Gonzalez Rogers in Oakland, Courtroom 1, 4th Floor. (fs, COURT STAFF) (Filed on 8/22/2019) (Entered: 08/22/2019)** |
| 08/30/2019 | 169 | STIPULATION WITH PROPOSED ORDER *Continuing Case Management Conference* filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Barry Semons, et al. (Attachments: # 1 Declaration of Mark C. Rifkin in Support of Stipulation and [Proposed] Order Continuing Case Management Conference)(Rifkin, Mark) (Filed on 8/30/2019) Modified on 8/30/2019 (cpS, COURT STAFF). (Entered: 08/30/2019) |
| 09/05/2019 | 170 | **ORDER CONTINUING CASE MANAGEMENT CONFERENCE by Judge Yvonne Gonzalez Rogers; granting (169) Stipulation in case 4:11-cv-06714-YGR; granting (24) Stipulation in case 4:19-cv-02852-YGR; granting (45) Stipulation in case 4:19-cv-03074-YGR; granting (38) Stipulation in case 4:19-cv-03796-YGR. The Case Management Conference is continued from 9/13/2019 to 10/7/2019 at 2:00 p.m.; the parties in each related action shall file a joint CMC statement no later than 9/30/2019; the parties in each related action shall file their ADR Certifications by 9/16/2019. (fs, COURT STAFF) (Filed on 9/5/2019) (Entered: 09/05/2019)** |
| 09/05/2019 | | Set Deadlines/Hearings: Case Management Statement due by 9/30/2019. Further Case Management Conference set for 10/7/2019 02:00 PM in Oakland, Courtroom 1, 4th Floor. (fs, COURT STAFF) (Filed on 9/5/2019) (Entered: 09/05/2019) |
| 09/05/2019 | 171 | NOTICE of Appearance by Brittany Nicole DeJong (DeJong, Brittany) (Filed on 9/5/2019) (Entered: 09/05/2019) |
| 09/16/2019 | 172 | NOTICE of Change of Address by Michael Milton Liskow (Liskow, Michael) (Filed on 9/16/2019) (Entered: 09/16/2019) |
| 09/16/2019 | 173 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Richman, Cynthia) (Filed on 9/16/2019) (Entered: 09/16/2019) |
| 09/30/2019 | 174 | Joint CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell and Apple, Inc.. (Byrd, Rachele) (Filed on 9/30/2019) Modified on 10/1/2019 (jmlS, COURT STAFF). (Entered: 09/30/2019) |
| 10/02/2019 | 175 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-13757598.) filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Certificate of Good Standing)(Frederick, David) (Filed on 10/2/2019) (Entered: 10/02/2019) |
| 10/04/2019 | 176 | **ORDER by Judge Yvonne Gonzalez Rogers granting 175 Motion for Pro Hac Vice as to David C. Frederick. (fs, COURT STAFF) (Filed on 10/4/2019) (Entered: 10/04/2019)** |
| 10/04/2019 | 177 | STIPULATION WITH PROPOSED ORDER *Consolidating Related Consumer Cases for All Purposes* filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell and Apple, Inc. (Byrd, Rachele) (Filed on 10/4/2019) Modified on 10/7/2019 (jmlS, COURT STAFF). (Entered: 10/04/2019) |
| 10/07/2019 | 178 | **Minute EntryFurther Case Management Conference held on 10/7/2019.CASE REFERRED to Magistrate Judge Thomas Hixson for Discovery. Case referred to Private ADR: Private Mediation to be completed by 5/1/2020. Class Certification Motion due by 9/30/2020. Responses due by 12/7/2020. Replies due by 1/8/2021. Class Certification Motion Hearing set for Monday, 2/1/2021 at specially set time of 10:00 AM in Oakland,** |

| | | |
|---|---|---|
| | | **Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Statement re name of private mediator due by 11/1/2019. Compliance hearing re name of private mediator is set for Friday, 11/18/2019 09:01 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Further Case Management Conference set for 1/13/2020 01:30 PM in Oakland, Courtroom 1, 4th Floor. Case Management Statement due by 1/6/2020. Jury Selection set for 3/7/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Jury Trial set for 3/7/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Rogers. Joint Pretrial Conference Statement filed by 2/4/2022. Pretrial Conference set for Friday, 2/18/2022 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Compliance hearing re pretrial preparation is set for Friday, 1/28/2022 09:01 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Statement filed by 1/21/2022Total Time in Court: 28 minutes. Court Reporter: Pam Hebel. (fs, COURT STAFF) (Date Filed: 10/7/2019) (Entered: 10/09/2019)** |
| 10/07/2019 | | CASE REFERRED to Magistrate Judge Thomas S. Hixson for Discovery (ahm, COURT STAFF) (Filed on 10/7/2019) (Entered: 10/11/2019) |
| 10/09/2019 | 179 | TRANSCRIPT ORDER for proceedings held on 10/7/2019 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Pam Batalo. (Richman, Cynthia) (Filed on 10/9/2019) (Entered: 10/09/2019) |
| 10/10/2019 | 180 | TRANSCRIPT ORDER for proceedings held on 10/7/2019 before Judge Yvonne Gonzalez Rogers by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, for Court Reporter Pam Batalo. (Byrd, Rachele) (Filed on 10/10/2019) (Entered: 10/10/2019) |
| 10/10/2019 | 181 | **Discovery Order re 178 Case Management Conference - Case Referred to Magistrate Judge for Discovery. Signed by Magistrate Judge Thomas S. Hixson on 10/10/2019.**<br><br>**(Attachments: # 1 Standing Order re Discovery)**<br><br>**(rmm2S, COURT STAFF) (Filed on 10/10/2019) (Entered: 10/10/2019)** |
| 10/16/2019 | 182 | Transcript of Proceedings held on 10/07/19, before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626-688-7509; pamela_batalo-hebel@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (179 in 4:11-cv-06714-YGR) Transcript Order ) Redaction Request due 11/6/2019. Redacted Transcript Deadline set for 11/18/2019. Release of Transcript Restriction set for 1/14/2020. (Batalo, Pam) (Filed on 10/16/2019) (Entered: 10/16/2019) |
| 10/29/2019 | 183 | **ORDER [*AS MODIFIED BY THE COURT*] by Judge Yvonne Gonzalez Rogers granting (177) Stipulation CONSOLIDATING Related Consumer Cases for all Purposes in case 4:11-cv-06714-YGR; granting (30) Stipulation CONSOLIDATING Related Consumer Cases for All Purposes in case 4:19-cv-02852-YGR.**<br><br>**The Clerk of the Court is directed to administratively close the Lawrence action, Case No. 4:19-cv-2852-YGR. ALL FUTURE FILING WILL BE MADE IN THE PEPPER ACTION, Case No. 4:11-cv-06714-YGR.**<br><br>**(fs, COURT STAFF) (Filed on 10/29/2019) (Entered: 10/29/2019)** |
| 11/01/2019 | 184 | Joint Statement Regarding Mediation by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Byrd, Rachele) (Filed on 11/1/2019) Modified on 11/4/2019 (cpS, COURT STAFF). (Entered: 11/01/2019) |
| 11/05/2019 | 185 | CLERK'S NOTICE VACATING COMPLIANCE HEARING regarding name of Mediator. In |

| | | |
|---|---|---|
| | | light of the filing at Dkt. no. 184, the Monday, November 18, 2019 at 9:01 AM Compliance hearing is VACATED.<br><br>The Friday, 11/8/2019 at 9:01am Compliance date is also VACATED.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 11/5/2019) (Entered: 11/05/2019) |
| 11/07/2019 | 186 | MOTION for leave to appear in Pro Hac Vice *Veronica S. Lewis* ( Filing fee $ 310, receipt number 0971-13866526.) filed by Apple Inc.. (Lewis, Veronica) (Filed on 11/7/2019) Modified on 11/8/2019 (cpS, COURT STAFF). (Entered: 11/07/2019) |
| 11/08/2019 | | Electronic filing error. Judge initials are missing Re: 186 MOTION for leave to appear in Pro Hac Vice filed by Apple Inc..<br><br>Counsel need not re-file the document, but should r eference the correct judge initials as YGR after the case number, and correctly reflected on your document as 4:11-cv-06714-YGR on future filings. (cpS, COURT STAFF) (Filed on 11/8/2019) (Entered: 11/08/2019) |
| 11/08/2019 | 187 | STIPULATION WITH PROPOSED ORDER *Dismissing the Individual Claims of Named Plaintiff Eric Terrell without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)* filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Byrd, Rachele) (Filed on 11/8/2019) Modified on 11/11/2019 (cpS, COURT STAFF). (Entered: 11/08/2019) |
| 11/14/2019 | 188 | **ORDER by Judge Yvonne Gonzalez Rogers granting 186 Motion for Pro Hac Vice as to Veronica S. Lewis. (fs, COURT STAFF) (Filed on 11/14/2019) (Entered: 11/14/2019)** |
| 11/14/2019 | 189 | **ORDER by Judge Yvonne Gonzalez Rogers granting 187 Stipulation Dismissing the Individual Claims of Named Plaintiff Eric Terrell without Prejudice pursuant to FRCP 41(a)(1)(A)(ii). (fs, COURT STAFF) (Filed on 11/14/2019) (Entered: 11/14/2019)** |
| 11/21/2019 | 190 | NOTICE of Appearance by Eli Martin Lazarus (Lazarus, Eli) (Filed on 11/21/2019) (Entered: 11/21/2019) |
| 11/22/2019 | 191 | CLERK'S NOTICE CHANGING TIME OF FURTHER CASE MANAGEMENT CONFERENCE TO 1:00 PM. The Further Case Management Conference set for 1/13/2020 WILL BE HELD AT 01:00 PM in Oakland, Courtroom 1, 4th Floor. The 2:00 PM time is VACATED.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 11/22/2019) (Entered: 11/22/2019) |
| 11/25/2019 | 192 | NOTICE by Apple Inc. *OF WITHDRAWAL OF ATTORNEY MELISSA PHAN* (Phan, Melissa) (Filed on 11/25/2019) (Entered: 11/25/2019) |
| 01/02/2020 | 193 | STIPULATION WITH PROPOSED ORDER *REGARDING COORDINATION OF DISCOVERY* filed by Apple Inc., Pure Sweat Basketball Inc, Edward W. Hayter, Harry Bass, Robert Pepper, Stephen H. Schwartz, Crystal Boykin, James Blackwell. (Richman, Cynthia) (Filed on 1/2/2020) Modified on 1/2/2020 (cpS, COURT STAFF). (Entered: 01/02/2020) |
| 01/06/2020 | 194 | **ORDER by Judge Yvonne Gonzalez Rogers granting (193) Stipulation regarding Coordination of Discovery in case 4:11-cv-06714-YGR; granting (79) Stipulation regarding Coordination of Discovery in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 1/6/2020) (Entered: 01/06/2020)** |
| 01/06/2020 | 195 | STIPULATION WITH PROPOSED ORDER *RE PROTECTIVE ORDER* filed by Apple Inc., Robert Pepper, Pure Sweat Basketball Inc, et al. (Richman, Cynthia) (Filed on 1/6/2020) Modified on 1/7/2020 (cpS, COURT STAFF). (Entered: 01/06/2020) |
| 01/06/2020 | 196 | FURTHER CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Pure Sweat Basketball Inc, Donald R. |

| | | |
|---|---|---|
| | | Cameron. (Byrd, Rachele) (Filed on 1/6/2020) Modified on 1/7/2020 (cpS, COURT STAFF). (Entered: 01/06/2020) |
| 01/09/2020 | 197 | **ORDER CONTINUING FURTHER CASE MANAGEMENT CONFERENCE. Case Management Statement due by 7/27/2020. Further Case Management Conference set for 1/13/2020 is CONTINUED to Monday, 8/3/2020 at 02:00 PM in Oakland, Courtroom 1, 4th Floor. Signed by Judge Yvonne Gonzalez Rogers on 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020)** |
| 01/09/2020 | 198 | **REVISED CASE MANAGEMENT AND PRETRIAL ORDER. Signed by Judge Yvonne Gonzalez Rogers on 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020)** |
| 01/09/2020 | 199 | **STIPULATED PROTECTIVE ORDER. Signed by Judge Yvonne Gonzalez Rogers on 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020)** |
| 01/28/2020 | 200 | EXPERT STIPULATION WITH PROPOSED ORDER filed by Apple Inc., Donald R. Cameron, Pure Sweat Basketball Inc, Barry Sermons. (Lazarus, Eli) (Filed on 1/28/2020) Modified on 1/29/2020 (cpS, COURT STAFF). (Entered: 01/28/2020) |
| 01/29/2020 | 201 | **ORDER by Judge Yvonne Gonzalez Rogers granting (200) Expert Stipulation in case 4:11-cv-06714-YGR; granting (86) Expert Stipulation in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 1/29/2020) (Entered: 01/30/2020)** |
| 02/21/2020 | 202 | MOTION to Withdraw as Attorney filed by Apple Inc.. Responses due by 3/6/2020. Replies due by 3/13/2020. (Attachments: # 1 Proposed Order)(Wall, Daniel) (Filed on 2/21/2020) (Entered: 02/21/2020) |
| 02/25/2020 | 203 | **ORDER by Judge Yvonne Gonzalez Rogers granting 202 Motion to Withdraw as Attorney. Daniel Wall, Christopher Yates and Sadik Huseny terminated as counsel. (fs, COURT STAFF) (Filed on 2/25/2020) (Entered: 02/25/2020)** |
| 03/25/2020 | 204 | STIPULATION WITH PROPOSED ORDER *Extending Mediation Deadline* filed by Donald R. Cameron, Edward W. Hayter, Edward Lawrence, Robert Pepper, Pure Sweat Basketball, Inc., Stephen H. Schwartz, Barry Sermons, Apple, Inc., harry Bass, James Blackwell, Crystal Boykin. (Byrd, Rachele) (Filed on 3/25/2020) Modified on 3/26/2020 (jjbS, COURT STAFF). (Entered: 03/25/2020) |
| 03/26/2020 | 205 | **ORDER by Judge Yvonne Gonzalez Rogers granting (204) Stipulation to Extend Private Mediation Deadline from 5/1/2020 to 7/30/2020 in case 4:11-cv-06714-YGR; granting (88) Stipulation to Extend Private Mediation Deadline from 5/1/2020 to 7/30/2020 in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 3/26/2020) (Entered: 03/26/2020)** |
| 05/13/2020 | 206 | NOTICE of Appearance by Ethan D. Dettmer (Dettmer, Ethan) (Filed on 5/13/2020) (Entered: 05/13/2020) |
| 05/19/2020 | 207 | NOTICE of Change of Address by Michael Liskow (Liskow, Michael) (Filed on 5/19/2020) (Entered: 05/19/2020) |
| 05/27/2020 | 208 | STIPULATION WITH PROPOSED ORDER *Modifying Schedule* filed by Donald R. Cameron, Edward W. Hayter, Edward Lawrence, Robert Pepper, Pure Sweat Basketball, Inc., Stephen H. Schwartz, Barry Sermons, Apple, Inc., Crystal Boykin, James Blackwell. (Berman, Steve) (Filed on 5/27/2020) Modified on 5/28/2020 (jjbS, COURT STAFF). (Entered: 05/27/2020) |
| 06/02/2020 | 209 | **ORDER by Judge Yvonne Gonzalez Rogers granting 208 Stipulation Modifying Schedule. Class Certification Motion due by 2/3/2021. Replies due by 5/14/2021. Responses due by 4/12/2021. Joint Statement re pretrial preparation due by 5/27/2022. Jury Selection set for 7/11/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.[Jury selection is held in the week prior to the Jury trial date.] Jury Trial set for 7/11/2022 08:30 AM before Judge Yvonne Gonzalez Rogers. Class Certification Motion Hearing set for 6/7/2021 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Pretrial conference statement filed 6/10/2022 Pretrial** |

| | | |
|---|---|---|
| | | **Conference set for 6/24/2022 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Compliance hearing re pretrial preparation is set for 6/3/2022 09:01 AM before Judge Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 6/2/2020) (Entered: 06/02/2020)** |
| 06/11/2020 | 210 | NOTICE of Appearance by Thomas C. Willcox *on behalf of Kevin Fahey* (Willcox, Thomas) (Filed on 6/11/2020) (Entered: 06/11/2020) |
| 06/12/2020 | | Electronic filing error. **REMINDER TO COUNSEL:** Counsel is instructed that all future filings shall bear the initials **YGR** immediately after the case number. Re: 210 Notice of Appearance filed by Kevin Fahey. (jjbS, COURT STAFF) (Filed on 6/12/2020) (Entered: 06/12/2020) |
| 07/13/2020 | 211 | NOTICE of Appearance by Jagannathan P Srinivasan (Srinivasan, Jagannathan) (Filed on 7/13/2020) (Entered: 07/13/2020) |
| 07/13/2020 | 212 | Letter from Apple Inc. and Samsung Electronics America, Inc. Regarding Discovery Dispute . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Srinivasan, Jagannathan) (Filed on 7/13/2020) (Entered: 07/13/2020) |
| 07/14/2020 | 213 | NOTICE of Appearance by Kyle Kenneth Batter *on behalf of Victoria F. Maroulis* (Batter, Kyle) (Filed on 7/14/2020) (Entered: 07/14/2020) |
| 07/14/2020 | 214 | NOTICE of Appearance by Kyle Kenneth Batter (Batter, Kyle) (Filed on 7/14/2020) (Entered: 07/14/2020) |
| 07/15/2020 | 215 | **Discovery Order re (212 in 4:11-cv-06714-YGR), (95 in 4:19-cv-03074-YGR). Signed by Judge Thomas S. Hixson on 7/15/2020. (cdnS, COURT STAFF) (Filed on 7/15/2020) (Entered: 07/15/2020)** |
| 07/28/2020 | 216 | Further Joint CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Donald R. Cameron, Pure Sweat Basketball, Inc. and Apple Inc.. (Byrd, Rachele) (Filed on 7/28/2020) Modified on 7/29/2020 (jmlS, COURT STAFF). (Entered: 07/28/2020) |
| 07/31/2020 | 217 | **ORDER CONTINUING FURTHER CASE MANAGEMENT CONFERENCE. Case Management Statement due by 1/4/2021. Further Case Management Conference set for 8/3/2020 is CONTINUED to 1/11/2021 02:00 PM. Signed by Judge Yvonne Gonzalez Rogers on 7/31/2020. (fs, COURT STAFF) (Filed on 7/31/2020) (Entered: 07/31/2020)** |
| 07/31/2020 | 218 | MOTION to Compel *Discovery from Non-Party Samsung Electronics America, Inc.* filed by Apple Inc.. Motion Hearing set for 9/10/2020 10:00 AM in San Francisco, Courtroom G, 15th Floor before Magistrate Judge Thomas S. Hixson. Responses due by 8/14/2020. Replies due by 8/21/2020. (Attachments: # 1 Declaration of Jay Srinivasan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Proposed Order)(Srinivasan, Jagannathan) (Filed on 7/31/2020) (Entered: 07/31/2020) |
| 08/14/2020 | 219 | OPPOSITION/RESPONSE (re 218 MOTION to Compel *Discovery from Non-Party Samsung Electronics America, Inc.* ) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Berman, Steve) (Filed on 8/14/2020) Modified on 8/17/2020 (jjbS, COURT STAFF). (Entered: 08/14/2020) |
| 08/14/2020 | 220 | OPPOSITION/RESPONSE (re 218 MOTION to Compel *Discovery from Non-Party Samsung Electronics America, Inc.* ) filed bySamsung Electronics America Inc.. (Attachments: # 1 Declaration of Kyle Batter, # 2 Proposed Order)(Batter, Kyle) (Filed on 8/14/2020) (Entered: 08/14/2020) |
| 08/14/2020 | 221 | Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* filed by Samsung Electronics America Inc.. (Attachments: # 1 Declaration in Support, # 2 Proposed |

| | | Order, # 3 Unredacted Version of Viejo Declaration and Exhibits to be Sealed)(Batter, Kyle) (Filed on 8/14/2020) (Entered: 08/14/2020) |
|---|---|---|
| 08/18/2020 | 222 | OPPOSITION/RESPONSE (re 221 Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* ) filed byApple Inc.. (Attachments: # 1 Proposed Order) (Srinivasan, Jagannathan) (Filed on 8/18/2020) (Entered: 08/18/2020) |
| 08/21/2020 | 223 | STIPULATION re Third Party Samsung Electronics America, Inc's 221 Administrative Motion to File Under Seal filed by Samsung Electronics America Inc. and Apple Inc. (Batter, Kyle) (Filed on 8/21/2020) Modified on 8/24/2020 (jjbS, COURT STAFF). (Entered: 08/21/2020) |
| 08/21/2020 | 224 | Proposed Order re 221 Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* by Samsung Electronics America Inc.. (Batter, Kyle) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/21/2020 | 225 | Administrative Motion to File Under Seal *Its Reply Brief in Support of Motion to Compel Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of Harry Phillips in Support, # 2 Redacted Version of Reply Brief, # 3 Unredacted Version of Reply Brief)(Srinivasan, Jagannathan) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/21/2020 | 226 | REPLY (re 218 MOTION to Compel *Discovery from Non-Party Samsung Electronics America, Inc.* ) filed byApple Inc.. (Srinivasan, Jagannathan) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/24/2020 | 227 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (221) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting in part and denying in part (104) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR. (tshlc2S, COURT STAFF) (Filed on 8/24/2020) (Entered: 08/24/2020)** |
| 09/08/2020 | | **ORDER The September 10, 2020 hearing on Apple Inc.'s Motion to Compel Discovery from Non-Party Samsung Electronics America, Inc. is vacated. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tshlc2S, COURT STAFF) (Filed on 9/8/2020) (Entered: 09/08/2020)** |
| 09/11/2020 | 228 | STIPULATION WITH PROPOSED ORDER *for Leave to File Third Amended Consolidated Class Action Complaint* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz and Apple Inc. (Byrd, Rachele) (Filed on 9/11/2020) Modified on 9/14/2020 (jjbS, COURT STAFF). (Entered: 09/11/2020) |
| 09/17/2020 | 229 | **ORDER by Judge Yvonne Gonzalez Rogers granting 228 Stipulation for Leave to file Third Amended Consolidated Class Action Complaint. (fs, COURT STAFF) (Filed on 9/17/2020) (Entered: 09/17/2020)** |
| 09/29/2020 | 230 | CLERK'S NOTICE SETTING CASE MANAGEMENT CONFERENCE IN RELATED CASES 20-cv-5640-YGR; 11-cv-6714-YGR AND 19-cv-3704-YGR. Further Case Management Conference set for Monday, 10/19/2020 09:30 AM via Zoom before Hon. Yvonne Gonzalez Rogers. Updated CMC Statement filed by 10/12/2020. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |
| 09/30/2020 | 231 | CLERKS NOTICE SETTING ZOOM HEARING: Discovery Hearing re Motion to Compel set for 10/8/2020 at 2:00 PM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar. **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh **Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the |

| | | |
|---|---|---|
| | | hearing. A list of names and emails must be sent to the CRD at Rose_Maher@cand.uscourts.gov no later than October 7, 2020 by COB.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 10/8/2020 at 2:00 PM, before Magistrate Judge Thomas S. Hixson. by Zoom. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 9/30/2020) (Entered: 09/30/2020) |
| 10/06/2020 | 232 | **ORDER RE: CASE MANAGEMENT CONFERENCE. Signed by Judge Yvonne Gonzalez Rogers on 10/6/2020. (fs, COURT STAFF) (Filed on 10/6/2020) (Entered: 10/06/2020)** |
| 10/07/2020 | 233 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-15034255.) filed by Apple Inc.. (Phillips, Harry) (Filed on 10/7/2020) (Entered: 10/07/2020) |
| 10/08/2020 | 234 | TRANSCRIPT ORDER for proceedings held on 10/8/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter FTR - Oakland. (Srinivasan, Jagannathan) (Filed on 10/8/2020) (Entered: 10/08/2020) |
| 10/08/2020 | 235 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson:**<br><br>**Discovery Hearing held on 10/8/2020 at 2:00 p.m, by Zoom Video Conference.**<br><br>**Total Time in Court: 41 minutes**<br>**Court Reporter: JoAnn Bryce.**<br><br>**Attorneys for Apple: Jay Srinivasan, argued as Counsel for Apple; Harry Phillips, counsel for Apple.**<br><br>**Attorneys for Non-Party Samsung: Victoria Maroulis, argued as Counsel for Samsung; Kyle Batter, Counsel for Samsung.**<br><br>**Proceedings: Discovery Hearing held by Zoom, all parties appeared by Zoom. Argument heard. Matter submitted. Court to issue Order.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 10/8/2020) (Entered: 10/08/2020)** |
| 10/09/2020 | 236 | TRANSCRIPT ORDER for proceedings held on 10/08/2020 before Magistrate Judge Thomas S. Hixson by Samsung Electronics America Inc., for Court Reporter Jo Ann Bryce. (Batter, Kyle) (Filed on 10/9/2020) Modified on 10/9/2020: Added court reporter's name. (rjdS, COURT STAFF). (Entered: 10/09/2020) |
| 10/09/2020 | 237 | TRANSCRIPT ORDER for proceedings held on 10/8/2020 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Jo Ann Bryce. (Byrd, Rachele) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 238 | TRANSCRIPT ORDER for proceedings held on 10/8/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Jo Ann Bryce. (Srinivasan, Jagannathan) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 239 | NOTICE of Appearance by Mark A. Perry (Perry, Mark) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 240 | Transcript of Proceedings held on 10/8/20, before Judge Thomas S. Hixson. Court Reporter Jo |

| | | |
|---|---|---|
| | | Ann Bryce, telephone number 510-910-5888, joann_bryce@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction after 90 days. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (238 in 4:11-cv-06714-YGR) Transcript Order ) Release of Transcript Restriction set for 1/7/2021. (jabS, COURTSTAFF) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 241 | TRANSCRIPT ORDER for proceedings held on 10/08/2020 before Magistrate Judge Thomas S. Hixson for Court Reporter Jo Ann Bryce. (rjdS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 242 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (218) Motion to Compel in case 4:11-cv-06714-YGR; granting in part and denying in part (101) Motion to Compel in case 4:19-cv-03074-YGR. (cdnS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020)** |
| 10/09/2020 | 243 | **ORDER by Magistrate Judge Thomas S. Hixson granting (225) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting (110) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(cdnS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020)** |
| 10/12/2020 | 244 | JOINT CASE MANAGEMENT STATEMENT filed by Apple Inc and Plaihntiffs. (Richman, Cynthia) (Filed on 10/12/2020) Modified on 10/13/2020 (jjbS, COURT STAFF). (Entered: 10/12/2020) |
| 10/15/2020 | 245 | Statement *Joint Proposed Agenda for Case Management Conference* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (DeJong, Brittany) (Filed on 10/15/2020) (Entered: 10/15/2020) |
| 10/16/2020 | 246 | **ORDER by Judge Yvonne Gonzalez Rogers granting 233 Motion for Pro Hac Vice as to Harry R.S. Phillips. (fs, COURT STAFF) (Filed on 10/16/2020) (Entered: 10/16/2020)** |
| 10/16/2020 | 247 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE RELATED CASES 11-CV-6714-YGR; 19-CV-3074 AND 20-CV-5640-YGR FOR THE Further Case Management Conference set for MONDAY, 10/19/2020 AT 09:30 AM by Zoom Webinar Videoconference. <br><br> This proceeding will be held via a Zoom webinar. <br><br> **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr < /A> <br><br> Please click the link below to join webinar s (public hearings). If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff. <br><br> https://cand-uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09 <br><br> Webinar ID: 161 876 4848 <br> Password: 715550 <br><br> Local telephone dial-in:US: +1 (669) 254-5252 or +1 (646) 828-7666 |

|  |  | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Further Case Management Conference set for related cases on Monday, 10/19/2020 09:30 AM by Zoom Video Webinar.<br><br>*(This is a te xt-only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 10/16/2020) (Entered: 10/16/2020) |
| 10/19/2020 | 248 | Answer to Consumer Plaintiffs' Third Amended Consolidated Class Action Complaint by Apple Inc.. (Richman, Cynthia) (Filed on 10/19/2020) Modified on 10/20/2020 (bnsS, COURT STAFF). (Entered: 10/19/2020) |
| 10/19/2020 | 249 | TRANSCRIPT ORDER for proceedings held on 10/19/2020 before Judge Yvonne Gonzalez Rogers by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Pam Batalo. (Byrd, Rachele) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | 250 | Transcript of Proceedings held on 10/19/2020, before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626-688-7509; pamela_batalo-hebel@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 11/9/2020. Redacted Transcript Deadline set for 11/19/2020. Release of Transcript Restriction set for 1/19/2021. (Batalo, Pam) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | 257 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Further Case Management Conference held on 10/19/2020. Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference.Total Time in Court: 1:26. Court Reporter: Pam Hebel. (fs, COURT STAFF) (Date Filed: 10/19/2020) (Entered: 10/28/2020)** |
| 10/20/2020 | 251 | TRANSCRIPT ORDER for proceedings held on 10/19/2020 before Judge Yvonne Gonzalez Rogers by Samsung Electronics America Inc., for Court Reporter Pam Batalo. (Batter, Kyle) (Filed on 10/20/2020) (Entered: 10/20/2020) |
| 10/21/2020 | 252 | **ORDER RE: CASE MANAGEMENT CONFERENCE; ORDER REFERRING CASE to Magistrate Judge Thomas Hixson for Discovery purposes. Case Management Statement due by 2/22/2021. Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference. Signed by Judge Yvonne Gonzalez Rogers on 10/21/2020. (fs, COURT STAFF) (Filed on 10/21/2020) (Entered: 10/21/2020)** |
| 10/23/2020 | 253 | Joint ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11 filed by Apple Inc.. Responses due by 10/27/2020. (Attachments: # 1 Proposed Order)(Dearborn, Meredith) (Filed on 10/23/2020) (Entered: 10/23/2020) |
| 10/23/2020 | 254 | Declaration of Meredith R. Dearborn in Support of 253 Joint ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11 filed byApple Inc.. (Related document(s) 253 ) (Dearborn, Meredith) (Filed on 10/23/2020) (Entered: 10/23/2020) |
| 10/27/2020 | 255 | JOINT STATEMENT Regarding Order Re: Discovery of Electronically Stored Information by |

| | | |
|---|---|---|
| | | Apple Inc, Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, James Blackwell, Crystal Boykin, Edward Lawrence, and Kevin Fahey. (Attachments: # 1 Draft ESI Order)(Srinivasan, Jagannathan) (Filed on 10/27/2020) Modified on 10/28/2020 (jjbS, COURT STAFF). (Entered: 10/27/2020) |
| 10/27/2020 | 256 | OPPOSITION/RESPONSE (re 253 Joint ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11 ) filed byJohn Pistacchio. (Attachments: # 1 Proposed Order, # 2 Certificate/Proof of Service)(Seaver, Todd) (Filed on 10/27/2020) (Entered: 10/27/2020) |
| 10/28/2020 | 258 | FURTHER JOINT STATEMENT Regarding Order Re: Discovery of Electronically Stored Information by Apple Inc., Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, James Blackwell, Crystal Boykin, and Edward Lawrence (Attachments: # 1 JOINT STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION)(Srinivasan, Jagannathan) (Filed on 10/28/2020) Modified on 10/29/2020 (jjbS, COURT STAFF). (Entered: 10/28/2020) |
| 11/02/2020 | 259 | **ORDER GRANTING STIPULATION RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION re (133 in 4:19-cv-03074-YGR) Notice (Other), filed by Donald R. Cameron, Barry Sermons, Apple Inc., Pure Sweat Basketball, Inc., (255 in 4:11-cv-06714-YGR) Notice (Other), filed by Stephen H. Schwartz, James Blackwell, Robert Pepper, Harry Bass, Crystal Boykin, Apple Inc., Edward Lawrence, Kevin Fahey, Edward W. Hayter, (141 in 4:20-cv-05640-YGR) Notice (Other), filed by Epic Games, Inc., Apple Inc.. Signed by Judge Yvonne Gonzalez Rogers on 11/2/2020. (fsS, COURT STAFF) (Filed on 11/2/2020) (Entered: 11/02/2020)** |
| 11/02/2020 | 260 | **ORDER by Judge Yvonne Gonzalez Rogers granting 253 Administrative Motion to Relate Cases 4:11-6714-YGR and 3:20-cv-07034-RS and ORDER RELATING CASES. (fs, COURT STAFF) (Filed on 11/2/2020) (Entered: 11/02/2020)** |
| 11/04/2020 | 261 | NOTICE of Appearance by David R. Eberhart *on behalf of Defendant Apple Inc.* (Eberhart, David) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 262 | NOTICE of Appearance *on behalf of Defendant Apple Inc.* by Anna Tryon Pletcher (Pletcher, Anna) (Filed on 11/4/2020) Modified on 11/5/2020 (jjbS, COURT STAFF). (Entered: 11/04/2020) |
| 11/04/2020 | 263 | NOTICE of Appearance by Katrina Marie Robson *on behalf of Defendant Apple Inc.* (Robson, Katrina) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 264 | NOTICE of Appearance by Evan N Schlom *on behalf of Defendant Apple Inc.* (Schlom, Evan) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 265 | NOTICE of Appearance by Scott A Schaeffer *on behalf of Defendant Apple Inc.* (Schaeffer, Scott) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 266 | NOTICE of Appearance by Elena Zarabozo *on behalf of Defendant Apple Inc.* (Zarabozo, Elena) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 267 | NOTICE of Appearance by Michelle S Lowery *for Defendant Apple Inc.* (Lowery, Michelle) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/09/2020 | 268 | JOINT STATEMENT Regarding Validation of Document Production by Apple Inc. and all Plaintiffs. (Srinivasan, Jagannathan) (Filed on 11/9/2020) Modified on 11/10/2020 (jjbS, COURT STAFF). (Entered: 11/09/2020) |
| 11/13/2020 | 269 | Joint Statement Regarding Apple's Production of Documents Responsive to Consumer Plaintiffs' 2nd Set of Requests for Production of Documents filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Lopez, Robert) (Filed on 11/13/2020) Modified on 11/16/2020 (jjbS, COURT STAFF). (Entered: 11/13/2020) |
| 11/13/2020 | 270 | Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting* |

| | | |
|---|---|---|
| | | *Exhibits* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Robert F. Lopez, # 2 Proposed Order, # 3 SEALED Joint Letter Brief Regarding Apple's Production of Cost and Expense Documents and Data, # 4 Certificate/Proof of Service) (Lopez, Robert) (Filed on 11/13/2020) (Entered: 11/13/2020) |
| 11/13/2020 | 271 | Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Robert F. Lopez, # 2 Proposed Order, # 3 SEALED Joint Statement Regarding Apple's Production of Transactional Data, # 4 Certificate/Proof of Service)(Lopez, Robert) (Filed on 11/13/2020) (Entered: 11/13/2020) |
| 11/13/2020 | 272 | JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS filed by Apple Inc., Harry Bass, James Blackwell, Crystal Boykin, Donald R. Cameron, Kevin Fahey, Edward W. Hayter, Edward Lawrence, Robert Pepper, John Pistacchio, Pure Sweat Basketball, Inc., Samsung Electronics America Inc., Stephen H. Schwartz, Barry Sermons (Srinivasan, Jagannathan) (Filed on 11/13/2020) Modified on 11/16/2020 (jjbS, COURT STAFF). (Entered: 11/13/2020) |
| 11/17/2020 | 273 | Declaration of Ethan D. Dettmer in Support of 270 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Cost Data* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit Redacted Version of Documents Sought to Be Sealed)(Related document(s) 270 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 274 | EXHIBITS re 270 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Cost Data* filed byApple Inc.. (Related document(s) 270 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 275 | Declaration of Ethan D. Dettmer in Support of 271 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Transactional Data* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit)(Related document(s) 271 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 276 | EXHIBITS re 271 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Transactional Data* filed byApple Inc.. (Related document(s) 271 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/18/2020 | 277 | MOTION for leave to appear in Pro Hac Vice *for Peter John Sacripanti* ( Filing fee $ 310, receipt number 0971-15211227.) filed by Apple Inc.. (Sacripanti, Peter) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 278 | MOTION for leave to appear in Pro Hac Vice *for John Calandra* ( Filing fee $ 310, receipt number 0971-15211330.) filed by Apple Inc.. (Calandra, John) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 279 | MOTION for leave to appear in Pro Hac Vice *for Nicole Castle* ( Filing fee $ 310, receipt number 0971-15211361.) filed by Apple Inc.. (Castle, Nicole) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 280 | MOTION for leave to appear in Pro Hac Vice *for Elizabeth Rodd* ( Filing fee $ 310, receipt number 0971-15211389.) filed by Apple Inc.. (Rodd, Elizabeth) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/20/2020 | 281 | *JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS* by Apple Inc and all Plaintiffs. (Srinivasan, Jagannathan) (Filed on 11/20/2020) Modified on 11/23/20 (jjbS, COURT STAFF). (Entered: 11/20/2020) |
| 11/23/2020 | 282 | Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Benjamin J. Siegel, # 2 Proposed Order, # 3 |

| | | |
|---|---|---|
| | | Plaintiffs' Administrative Motion to Modify Case Schedule [Public], # 4 Declaration of Benjamin J. Siegel in Support of Administrative Motion to Modify Case Schedule [Public], # 5 Exhibit Exhibits 1-7 [Public], # 6 Exhibit Exhibit 8 [Public], # 7 Exhibit Exhibit 8 [Sealed], # 8 Exhibit Exhibits 9-11 [Public], # 9 Exhibit Exhibit 12 [Public], # 10 Exhibit Exhibit 12 [Sealed], # 11 Exhibit Exhibit 13 [Public], # 12 Exhibit Exhibits 14-15 [Public], # 13 Exhibit Exhibits 14-15 [Sealed], # 14 Exhibit Exhibit 16 [Public], # 15 Exhibit Exhibits 17-19 [Public], # 16 Exhibit Exhibits 17-19 [Sealed], # 17 Exhibit Exhibits 20-26 [Public], # 18 Exhibit Exhibits 20-26 [Sealed], # 19 Exhibit Exhibit 27 [Public], # 20 Exhibit Exhibit 28 [Public], # 21 Exhibit Exhibit 28 [Sealed], # 22 Exhibit Exhibits 29-33 [Public], # 23 Exhibit Exhibit 34 [Public], # 24 Exhibit Exhibit 34 [Sealed], # 25 Exhibit Exhibits 35-45 [Public], # 26 Proposed Order Granting Motion to Modify Case Schedule, # 27 Certificate/Proof of Service)(Berman, Steve) (Filed on 11/23/2020) (Entered: 11/23/2020) |
| 11/25/2020 | 283 | **ORDER by Judge Yvonne Gonzalez Rogers granting 277 Motion for Pro Hac Vice as to Peter John Sacripanti. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | 284 | **ORDER by Judge Yvonne Gonzalez Rogers granting 278 Motion for Pro Hac Vice as to John Calandra. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | 285 | **ORDER by Judge Yvonne Gonzalez Rogers granting 279 Motion for Pro Hac Vice as to Nicole Castle. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | 286 | **ORDER by Judge Yvonne Gonzalez Rogers granting 280 Motion for Pro Hac Vice as to Elizabeth Rodd. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/27/2020 | 287 | OPPOSITION/RESPONSE (re 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* ) filed by Apple Inc.. (Perry, Mark) (Filed on 11/27/2020) Modified on 11/30/2020 (jjbS, COURT STAFF). (Entered: 11/27/2020) |
| 11/27/2020 | 288 | Declaration of Ethan D. Dettmer in Support of 287 Opposition/Response to Motion, *OPPOSITION TO MOTION TO MODIFY CASE SCHEDULE* filed by Apple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Related document(s) 287 ) (Perry, Mark) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 289 | Declaration of Ethan D. Dettmer in Support of 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit Redacted Version of Documents Sought to Be Sealed, # 3 Exhibit Redacted Version of Documents Sought to Be Sealed)(Related document(s) 282 ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 290 | EXHIBITS re 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule Unredacted version of document sought to be sealed (Ex. 12)* filed by Apple Inc.. (Related document(s) 282 ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 291 | EXHIBITS re 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule Unredacted version of document sought to be sealed (Ex. 17-19)* filed by Apple Inc.. (Related document(s) 282 ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 292 | NOTICE of Appearance by Paul Jeffrey Riehle (Riehle, Paul) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 293 | Statement in Support filed by Epic Games, Inc.. (Attachments: # 1 Declaration Paul J. Riehle, # 2 Proposed Order)(Riehle, Paul) (Filed on 11/27/2020) Modified on 11/30/2020 (jjbS, COURT |

| | | STAFF). (Entered: 11/27/2020) |
|---|---|---|
| 11/30/2020 | | Electronic filing error. When a document sought to be filed under seal would normally be e-filed using the Motions or Response and Replies events, a redacted version of the docume nt must be filed again using the appropriate event. Please e-file a redacted version of the Motion to Modify Case Schedule on the docket. Re: 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc. (jjbS, COURT STAFF) (Filed on 11/30/2020) (Entered: 11/30/2020) |
| 12/01/2020 | 294 | ADMINISTRATIVE MOTION Modify Case Schedule re 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. Responses due by 12/7/2020. (Berman, Steve) (Filed on 12/1/2020) (Entered: 12/01/2020) |
| 12/02/2020 | 295 | Joint Discovery Letter Brief *Regarding Validation Protocol* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Apple, Inc., Harry Bass, James Blackwell, Crystal Boykin, and Kevin Fahey. (Attachments: # 1 Exhibit 1)(Byrd, Rachele) (Filed on 12/2/2020) Modified on 12/3/2020 (jjbS, COURT STAFF). (Entered: 12/02/2020) |
| 12/03/2020 | 296 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 12/9/2020 at 1:00 PM re Joint Letter Brief dated 12/2/2020, re Validation protocol - Zoom Videoconference Only, before Magistrate Judge Thomas S. Hixson.<br><br>On 12/8/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/9/2020 at 1:00 PM.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Perso ns granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 12/9/2020 01:00 PM - Videoconference Only before Magistrate Judge Thomas S. Hixso n. Re Joint Letter brief dated 12/2/2020 re validation protocol.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/3/2020) (Entered: 12/03/2020) |
| 12/03/2020 | 297 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 12/15/2020 at 10:00 AM - Zoom Videoconference Only before Magistrate Judge Thomas S. Hixson. Re ECF Docket Joint Letter Briefs dated 11/13/2020.<br><br>On 12/14/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/15/2020 at 10:00 AM. |

Courtroom Deputy email: Rose_Maher@cand.uscourts.gov

**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh

**General Order 58.** Persons granted ac cess to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.

Discovery Hearing set for 12/15/2020 at 10:00 AM - Zoom Videoconference Only before Magistrate Judge Thomas S. Hixson. Re: Joint Letter Brief dated 11/13/2020.

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/3/2020) (Entered: 12/03/2020)

| 12/07/2020 | 298 | Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Epic Games, Inc., Harry Bass, James Blackwell, Crystal Boykin, and Kevin Fahey. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Proposed Order, # 3 Unredacted Version of Joint Discovery Letter Brief, # 4 Unredacted Version of Exhibit 1, # 5 Unredacted Version of Exhibit 2, # 6 Unredacted Version of Exhibit 3, # 7 Unredacted Version of Exhibit 4, # 8 Unredacted Version of Exhibit 5, # 9 Unredacted Version of Exhibit 6, # 10 Unredacted Version of Exhibit 7, # 11 Unredacted Version of Exhibit 8, # 12 Unredacted Version of Exhibit 9, # 13 Unredacted Version of Exhibit 10, # 14 Unredacted Version of Exhibit 11, # 15 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 12/7/2020) Modified on 12/8/2020 (jjbS, COURT STAFF). (Entered: 12/07/2020) |
|---|---|---|
| 12/08/2020 | 299 | CLERK'S NOTICE adding an additional matter to the Agenda of the Discovery Hearing scheduled for 12/15/2020 at 10:00 a.m.:<br><br>At the Discovery Hearing presently scheduled for 12/15/2020 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson, the Court is adding an additional matter for discussion. Counsel shall be be prepared to discuss the Joint Letter Brief, filed on ECF, dated 12/7/2020.<br><br>Any questions shall be directed to the Courtroom Deputy by email: Rose_Maher@cand.uscourts.gov<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/08/2020 | 300 | NOTICE of Appearance by Hannah Cannom *on behalf of Defendant Apple Inc.* (Cannom, Hannah) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/08/2020 | 301 | NOTICE of Appearance by Bethany Marvin Stevens (Stevens, Bethany) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/09/2020 | 302 | NOTICE of Appearance by Dana Lynn Craig (Craig, Dana) (Filed on 12/9/2020) (Entered: 12/09/2020) |
| 12/09/2020 | 303 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom on 12/9/2020 at 1:00 p.m.Total Time in Court: 59 minutes/Recorded by Zoom: 1:00-1:59.<br><br>Court Reporter: Katherine Sullivan.<br><br>Counsel Appearances: |

|  |  | 4:11-cv-6714 YGR (TSH)- In re Apple iPhone Antitrust Litigation<br>Counsel for Pltf: Rachele R. Byrd/Counsel for Def: Ethan Dettmer<br><br>4:19-cv-3074 YGR (TSH) - Cameron, et al. v. Apple Inc.<br>Counsel for Pltf: Robert F. Lopez/Counsel for Def: Ethan Dettmer<br><br>4:20-cv-5640 YGR(TSH) - Epic Games v. Apple Inc.<br>Counsel for Pltf: Lauren Moskowitz/Counsel for Def: Ethan Dettmer<br><br>Proceedings: Discovery Hearing held. Court Ordered as follows: Epic Games and Apple are to meet and confer re validation procedure in light of the Courts guidance. By 12/14/2020, the parties shall file either a stipulation and proposed order or a joint discovery letter brief with competing proposed orders. This issue will be added to the agenda for the December 15, 2020 hearing<br><br>Court also Ordered: Parties to meet and confer re Deposition limits. By 12/14/2020, they shall file either a stipulation and proposed order or a joint discovery letter brief not to exceed 10 pages (5 pages per side). This issue will also be added to the agenda for the December 15 hearing.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/9/2020) (Entered: 12/09/2020) |
| 12/10/2020 | 304 | Transcript of Proceedings held on 12/9/20, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (179 in 4:20-cv-05640-YGR) Transcript Order, (181 in 4:20-cv-05640-YGR) Transcript Order, (180 in 4:20-cv-05640-YGR) Transcript Order ) Release of Transcript Restriction set for 3/10/2021. (Sullivan, Katherine) (Filed on 12/10/2020) (Entered: 12/10/2020) |
| 12/11/2020 | 305 | Declaration of Jay P. Srinivasan in Support of 298 Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. 1), # 4 Redacted Version of Document Sought to be Sealed (Ex. 4), # 5 Redacted Version of Document Sought to be Sealed (Ex. 6))(Related document(s) 298 ) (Srinivasan, Jagannathan) (Filed on 12/11/2020) (Entered: 12/11/2020) |
| 12/11/2020 | 306 | EXHIBITS re 298 Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. 1), # 3 Unredacted Version of Document Sought to be Sealed (Ex. 4), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 6))(Related document(s) 298 ) (Srinivasan, Jagannathan) (Filed on 12/11/2020) (Entered: 12/11/2020) |
| 12/14/2020 | 307 | STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc. Rober Pepper, Edward W. Hayter, Harry Bass, Crystal Boykin, Edward Lawrence, and Kevin Fahey. (Srinivasan, Jagannathan) (Filed on 12/14/2020) Modified on 12/15/2020 (jjbS, COURT STAFF). (Entered: 12/14/2020) |
| 12/15/2020 | 308 | Joint Administrative Motion to File Under Seal filed by Epic Games, Inc., Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, James Blackwell, Edward Lawrence, and Kevin Fahey. (Attachments: # 1 Declaration of Yonatan even in Support, # 2Joint Discovery Letter Brief, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit |

| | | |
|---|---|---|
| | | 6, # <u>9</u> Exhibit 7, # <u>10</u> Exhibit 8, # <u>11</u> Exhibit 9, # <u>12</u> Exhibit 10, # <u>13</u> Exhibit 11, # <u>14</u> Exhibit 12, # <u>15</u> Exhibit A, # <u>16</u> Exhibit B, # <u>17</u> Exhibit C, # <u>18</u> Exhibit D, # <u>19</u> Proposed Order)(Even, Yonatan) (Filed on 12/15/2020) Modified on 12/16/2020 (jjbS, COURT STAFF). (Entered: 12/15/2020) |
| 12/15/2020 | <u>309</u> | CERTIFICATE OF SERVICE by Epic Games, Inc. re <u>308</u> Joint Administrative Motion to File Under Seal (Karin, John) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | <u>310</u> | **STIPULATION AND ORDER re (186 in 4:19-cv-03074-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., (307 in 4:11-cv-06714-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., (186 in 4:20-cv-05640-YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc. Signed by Magistrate Judge Thomas S. Hixson on 12/15/2020. (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020)** |
| 12/15/2020 | <u>311</u> | TRANSCRIPT ORDER for proceedings held on 12/15/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Katherine Powell. (Srinivasan, Jagannathan) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | <u>312</u> | TRANSCRIPT ORDER for proceedings held on 12/15/2020 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Katherine Sullivan. (Byrd, Rachele) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | <u>313</u> | TRANSCRIPT ORDER for proceedings held on 12/15/2020 before Magistrate Judge Thomas S. Hixson by Donald R. Cameron, Pure Sweat Basketball, Inc., for Court Reporter Katherine Powell. (Lopez, Robert) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | 314 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconferencing on 12/15/2020 at 10:00 a.m.<br><br>Total Time in Court: 2 hours 56 mins.<br><br>Court Reporter: Katherine Sullivan.<br><br>Appearances:<br><br>Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation:<br>Rachele R. Byrd for Consumer Plaintiffs<br>Ethan Dettmer and Jay Srinivasan for Defendant Apple Inc.<br>Lawrence Papale for Plaintiff Edward Lawrence<br><br>Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.<br>Counsel for Plaintiffs:<br>Steve W. Berman<br>Robert F. Lopez<br>Benjamin J. Siegel<br>Theodore Wojcik<br><br>Counsel for Defendant Apple Inc.:<br>Ethan Dettmer and Jay Srinivasan<br><br>Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.<br>Lauren Moskowitz for Plaintiff Epic<br>Ethan Dettmer and Jay Srinivasan for Defendant Apple Inc.<br><br>Proceedings: Discovery Conferences held. Matter submitted. Court to issue Order. |

Deadlines and Hearing:

Re Scheduling of Depositions:

Counsel to meet and confer re Number of Depositions. By noon, on 12/17/2020, they shall file a stipulation and proposed order, of if unable to agree, a Joint Letter Brief, no more than ten (10 )pages, five (5) pages each. A hearing will be scheduled for: 12/18/2020 at 9:00 a.m., by Zoom Webinar for further hearing re depositions.

Apex Issue:

Counsel to file a Joint Letter Brief by 1/19/2020, COB, no more than ten (10) pages, five(5)pages each. Hearing scheduled for: 1/21/2020 at 10:00 a.m., by Zoom Webinar.

Re Docket No. 269 - Consumer Plaintiff's request for Production 47:

Parties to file a joint discovery letter brief by 1/6/2021 concerning (and attaching) Plaintiffs expert declaration (and any declaration by Apple in response) concerning the relevance of RFP 47 to the Consumer Plaintiffs claims. Hearing scheduled for: 1/8/2021 at 9:00 a.m., by Zoom Webinar.

Re additional letter briefs on other discovery disputes:

The next round of joint letter briefs concerning issues the parties previewed at the end of the hearing are due 12/28/2020 by Noon. Hearing scheduled for 12/29/2020 at 10:00 a.m., by Zoom Webinar.

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/15/2020) Modified on 12/15/2020 (rmm2S, COURT STAFF). (Entered: 12/15/2020)

| 12/15/2020 | 315 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 12/18/2020 at 9:00 AM. This proceeding will be held via a Zoom webinar.<br><br>On 12/17/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/18/2020 at 9:00 a.m.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Zoom Video Camera hearing set for 12/18/2020 at 9:00 a.m. *(This is a text-only entry generated by the court. There is no document associated with this entry.)< /I>* (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020) |

| 12/16/2020 | 316 | TRANSCRIPT ORDER for proceedings held on 12/15/2020 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Katherine Powell. (Byars, Michael) (Filed on 12/16/2020) (Entered: 12/16/2020) |
|---|---|---|
| 12/16/2020 | 317 | **Discovery Order re: ECF Nos. 269 , 270 , 271 , 295 , 298 in 4:11-cv-06714-YGR; ECF Nos. 145 , 146 , 147 , 173 , 177 in 4:19-cv-03074-YGR; ECF Nos. 170 , 173 in 4:20-cv-05640-YGR. Signed by Judge Thomas S. Hixson on 12/16/2020. (cdnS, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020)** |
| 12/16/2020 | 318 | CLERKS NOTICE SETTING ZOOM DISCOVERY HEARING. Zoom Video Camera Discovery hearing (Apex Issue) set for 1/21/2021 at 10:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 1/20/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/21/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https: //www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Zoom Video Camera Discovery hearing (Ap ex Issue) set for 1/21/2021 10:00 AM.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 319 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 1/8/2021 at 9:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 1/7/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/7/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |

| | | Video Camera Discovery hearing set for 1/8/2021 at 09:00 AM. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
|---|---|---|
| 12/16/2020 | 320 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 12/29/2020 at 10:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 12/28/2020 by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 12/29/2020 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.go v/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Zoom Video Camera Discovery hearing set for 12/29/2020 10:00 AM.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 321 | STIPULATION WITH PROPOSED ORDER *Joint Stipulation and [Proposed] Order Re: Authenticity Presumptions* filed by Donald R. Cameron, Pure Sweat Basketball, Inc. Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, James Blackwell, Crystal Boykin, Edward Lawrence, and Kevin Fahey. (Lopez, Robert) (Filed on 12/16/2020) Modified on 12/17/2020 (jjbS, COURT STAFF). (Entered: 12/16/2020) |
| 12/16/2020 | 322 | Transcript of Proceedings held on 12-15-20, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (313 in 4:11-cv-06714-YGR) Transcript Order, (311 in 4:11-cv-06714-YGR) Transcript Order, (316 in 4:11-cv-06714-YGR) Transcript Order, (312 in 4:11-cv-06714-YGR) Transcript Order ) Release of Transcript Restriction set for 3/16/2021. (kapS, COURT STAFF) (Filed on 12/16/2020) Modified on 12/30/2020 (ewn, COURT STAFF). (Entered: 12/16/2020) |
| 12/17/2020 | 323 | Joint Discovery Letter Brief *regarding Apple depositions* filed by Epic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit 1)(Moskowitz, Lauren) (Filed on 12/17/2020) (Entered: 12/17/2020) |
| 12/17/2020 | 324 | NOTICE by Edward Lawrence *of Withdrawal of Counsel, Jamie L. Miller* (Alioto, Joseph) (Filed on 12/17/2020) (Entered: 12/17/2020) |
| 12/18/2020 | 325 | **Discovery Order re: (323 in 4:11-cv-06714-YGR), (201 in 4:20-cv-05640-YGR), (199 in 4:19-cv-03074-YGR). Signed by Judge Thomas S. Hixson on 12/18/2020. (cdnS, COURT STAFF) (Filed on 12/18/2020) (Entered: 12/18/2020)** |

| 12/18/2020 | 326 | TRANSCRIPT ORDER for proceedings held on 12/18/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Debra Pas. (Srinivasan, Jagannathan) (Filed on 12/18/2020) (Entered: 12/18/2020) |
|---|---|---|
| 12/18/2020 | 327 | Joint MOTION for Leave to File *Reply in Support of Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Attachment 1: [Proposed] Reply in Support of Administrative Motion to Modify Case Schedule, # 2 Declaration of Benjamin J. Siegel in Support of Motion for Leave to File Reply, # 3 Proposed Order)(Berman, Steve) (Filed on 12/18/2020) (Entered: 12/18/2020) |
| 12/18/2020 | 328 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconference on 12/18/2020 at 9:00 a.m.**<br><br>**Total Time in Court: 17 minutes.**<br><br>**Court Reporter: Debra Pas.**<br><br>**Appearances:**<br><br>**11-6714 YGR (TSH) - In Re Apple iPhone Antitrust Litigation**<br>**Consumer Plaintiffs Counsel: Rachele R. Byrd**<br>**Defendant Apple Counsel: Jay Srinivasan**<br><br>**19-3074 YGR (TSH) - Cameron et al. v. Apple Inc.**<br>**Counsel for Plaintiffs: Benjamin J. Siegel**<br>**Counsel for Defendant: Jay Srinivasan**<br><br>**20-5640 YGR (TSH) - Epic Games, Inc. v. Apple Inc.**<br>**Plaintiff's Counsel: Lauren Moskowitz**<br>**Defendant's Counsel: Jay Srinivasan**<br><br>**Proceedings: Discovery hearing held. Court had reviewed the parties joint letter brief and issued an Oral Ruling: There shall be 16 Apple Depositions.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/18/2020) (Entered: 12/18/2020)** |
| 12/18/2020 | 329 | TRANSCRIPT ORDER for proceedings held on 12/18/2020 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Debra Pas. (Byars, Michael) (Filed on 12/18/2020) (Entered: 12/18/2020) |
| 12/18/2020 | 330 | **ORDER TENTATIVELY DENYING ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE by Judge Yvonne Gonzalez Rogers 294 in case 4:11-cv-06714-YGR and 172 in case 4:19-cv-03074-YGR; GRANTING(282) Administrative Motion to File Under Seal AND DENYING (327) Motion for Leave to File; in case 4:11-cv-06714-YGR; GRANTING (159) Administrative Motion to File Under Seal; DENYING (201) Motion for Leave to File in case 4:19-cv-03074-YGR. (ygrlc1, COURT STAFF) (Filed on 12/18/2020) (Entered: 12/18/2020)** |
| 12/21/2020 | 331 | Declaration of Jay P. Srinivasan in Support of 308 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. A), # 4 Redacted Version of Document Sought to be Sealed (Ex. C), # 5 Redacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 308 ) (Srinivasan, Jagannathan) (Filed on 12/21/2020) (Entered: 12/21/2020) |
| 12/21/2020 | 332 | EXHIBITS re 308 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. A), # 3 |

| | | |
|---|---|---|
| | | Unredacted Version of Document Sought to be Sealed (Ex. C), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 308 ) (Srinivasan, Jagannathan) (Filed on 12/21/2020) (Entered: 12/21/2020) |
| 12/22/2020 | 333 | ADMINISTRATIVE MOTION to Consider Whether Cases Should Be Related filed by SaurikIT, LLC. Responses due by 12/28/2020. (Attachments: # 1 Declaration of Adam B. Wolfson, # 2 Exhibit 1 (SaurikIT v Apple Complaint))(Wolfson, Adam) (Filed on 12/22/2020) (Entered: 12/22/2020) |
| 12/22/2020 | 334 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (308) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting in part and denying in part (187) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR; granting in part and denying in part (187) Administrative Motion to File Under Seal in case 4:20-cv-05640-YGR. (tshlc2S, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |
| 12/23/2020 | 335 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15360272.) filed by Apple Inc.. (Lent, Karen) (Filed on 12/23/2020) (Entered: 12/23/2020) |
| 12/24/2020 | 336 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Transcript), # 3 Declaration of E. Dettmer - Redacted Version of Document Sought to be Sealed, # 4 Unredacted Version of Document Sought to be Sealed (Transcript), # 5 Declaration of E. Dettmer - Unredacted Version of Document Sought to be Sealed, # 6 Exhibit A - Unredacted Version of Document Sought to be Sealed, # 7 Exhibit B - Unredacted Version of Document Sought to be Sealed, # 8 Exhibit C - Unredacted Version of Document Sought to be Sealed)(Lewis, Veronica) (Filed on 12/24/2020) (Entered: 12/24/2020) |
| 12/28/2020 | 337 | OPPOSITION/RESPONSE (re 333 ADMINISTRATIVE MOTION to Consider Whether Cases Should Be Related ) filed byApple Inc.. (Dearborn, Meredith) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/28/2020 | 338 | OPPOSITION/RESPONSE (re 333 ADMINISTRATIVE MOTION to Consider Whether Cases Should Be Related ) filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 12/28/2020) Modified on 12/29/2020 (jjbS, COURT STAFF). (Entered: 12/28/2020) |
| 12/28/2020 | 339 | Clerks Notice Continuing Discovery Hearing:<br><br>The Zoom Videoconference Discovery hearing scheduled for tomorrow 12/29/2020 at 10:00 a.m., is CONTINUED TO: 12/30/2020 at 10:00 a.m. All parties shall join the Zoom hearing at that date and time.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/29/2020 | 340 | Transcript of Zoom Video Conference Proceedings held on 12-18-2020, before Judge Thomas S. Hixson. Court Reporter/Transcriber Debra L. Pas, CRR, telephone number (415) 431-1477/Email: Debra_Pas@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (329 in 4:11-cv-06714-YGR) Transcript Order ) Release of Transcript Restriction set for 3/29/2021. (Pas, Debra) (Filed on 12/29/2020) (Entered: 12/29/2020) |
| 12/30/2020 | 341 | Discovery Hearing held by Zoom Videoconferencing on 12/30/2020 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson:<br><br>Total Time in Court: 59 mins. |

| | | Court Reporter: Ana Dub<br><br>Appearances:<br><br>Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation:<br>Counsel for Consumer Plaintiffs: Rachele R. Byrd<br>Counsel for Defendant: Jay Srinivasan for Apple Inc.<br><br>Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.<br>Counsel for Plaintiffs: Robert F. Lopez - for Cameron<br>Counsel for Defendant: Jay Srinivasan - for Apple Inc.<br><br>Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.<br>Counsel for Plaintiff: Lauren Moskowitz for Epic<br>Counsel for Defendant: Jay Srinivasan - Apple Inc.<br><br>Proceedings: Discovery Conferences held. Matter submitted. Court to issue Order.<br><br>Deadlines and Hearing: By 1/6/2021 letter briefs due by Noon, for the 1/8/2021 discovery hearing.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 342 | TRANSCRIPT ORDER for proceedings held on 12/30/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Ana Dub. (Srinivasan, Jagannathan) (Filed on 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 343 | TRANSCRIPT ORDER for proceedings held on 12/30/2020 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Ana Dub. (Byrd, Rachele) (Filed on 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 344 | **ORDER by Magistrate Judge Thomas S. Hixson granting (336) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting (211) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR. (rmm2S, COURT STAFF) (Filed on 12/30/2020) (Entered: 12/30/2020)** |
| 12/31/2020 | 345 | Statement in Response to 330 Order on Administrative Motion to File Under Seal by Apple Inc. (Attachments: # 1 Declaration of M. Rollins)(Dettmer, Ethan) (Filed on 12/31/2020) Modified on 1/4/2021 (jjbS, COURT STAFF). (Entered: 12/31/2020) |
| 12/31/2020 | 346 | Declaration of Ethan D. Dettmer in Support of 345 Notice (Other), filed byApple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Related document(s) 345 ) (Dettmer, Ethan) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 347 | Administrative Motion to File Under Seal *Exhibits to E. Dettmer Declaration* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration ISO Sealing, # 3 Declaration ISO Statement, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11)(Dettmer, Ethan) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 348 | Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal Portion of Transcript")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Exhibit A, # 3 Proposed Order, # 4 Transcript [Redacted], # 5 Transcript [Unredacted])(Moskowitz, Lauren) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 349 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 348 Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal Portion of Transcript")* (Karin, John) |

| | | (Filed on 12/31/2020) (Entered: 12/31/2020) |
|---|---|---|
| 12/31/2020 | 355 | Transcript of Remote Zoom Video Conference Proceedings held on 12/30/2020, before Magistrate Judge Thomas S. Hixson. Court Reporter Ana M. Dub, CSR 7445, RDR, CRR, telephone number 415-290-1651; ana_dub@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 342 Transcript Order ) Release of Transcript Restriction set for 3/31/2021. (Related documents(s) 342 ) (rjdS, COURT STAFF) (Filed on 12/31/2020) Modified on 5/31/2021: Corrected hearing date. (rjdS, COURT STAFF). (Entered: 01/08/2021) |
| 01/01/2021 | 350 | EXHIBITS *re: ECF 308 as per Court Order in ECF 334* filed byEpic Games, Inc.. (Even, Yonatan) (Filed on 1/1/2021) (Entered: 01/01/2021) |
| 01/05/2021 | 351 | TRANSCRIPT ORDER for proceedings held on 12/30/2021 before Magistrate Judge Thomas S. Hixson by Donald R. Cameron, Pure Sweat Basketball, Inc., for Court Reporter Ana Dub. (Lopez, Robert) (Filed on 1/5/2021) (Entered: 01/05/2021) |
| 01/06/2021 | 352 | Joint Discovery Letter Brief*Regarding Apple's Production of Documents Responsive to Consumer Plaintiffs' 2nd Set of Requests for Production of Documents* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, and Apple, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Byrd, Rachele) (Filed on 1/6/2021) Modified on 1/7/2021 (jjbS, COURT STAFF). (Entered: 01/06/2021) |
| 01/06/2021 | 353 | Statement *Concerning Defendant Apple Inc.'s Statement in Response to Order Tentatively Denying Administrative Motion to Modify Case Schedule* by Epic Games, Inc.. (Moskowitz, Lauren) (Filed on 1/6/2021) Modified on 1/7/2021 (jjbS, COURT STAFF). (Entered: 01/06/2021) |
| 01/07/2021 | 354 | **ORDER by Judge Yvonne Gonzalez Rogers granting 335 Motion for Pro Hac Vice as to Karen Lent. (fs, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |
| 01/08/2021 | 356 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 1/8/2021 by Zoom Video Conference.**<br><br>**Court Reporter: Ruth Ekhaus/Total Time in Court: 9:00-9:17 - 17 minutes.**<br><br>**Appearances:**<br><br>**Case No. 11-6714 YGR (TSH)-In re Apple iPhone Antitrust Litigation:**<br>**Counselfor Consumer Plaintiffs: Rachele R. Byrd**<br>**Counsel for Defendant: Jay Srinivasan for Apple Inc.**<br><br>**Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.**<br>**Counsel for Plaintiffs: Robert F. Lopez/Benjamin J. Siegel - for Cameron**<br>**Counsel for Defendant: Jay Srinivasan - for Apple Inc.**<br><br>**Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.**<br>**Counsel for Plaintiff: Lauren Moskowitz for Epic**<br>**Counsel for Defendant: Jay Srinivasan - Apple Inc.**<br><br>**Proceedings: Discovery Hearing held, argument heard, matter submitted. Court to issue Order.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 357 | TRANSCRIPT ORDER for proceedings held on 1/8/2021 before Magistrate Judge Thomas S. |

| | | | |
|---|---|---|---|
| | | | Hixson by Apple Inc., for Court Reporter Ruth Ekhaus. (Srinivasan, Jagannathan) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 358 | | TRANSCRIPT ORDER for proceedings held on January 8, 2021 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Ruth Ekhaus. (Byars, Michael) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 359 | | **ORDER by Judge Yvonne Gonzalez Rogers granting 333 Administrative Motion to relate cases 4:11-cv-6714-YGR and 4:20-8733-HSG; and ORDER RELATING CASES. (fs, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 360 | | TRANSCRIPT ORDER for proceedings held on 1/8/2021 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Ruth Ekhaus. (Byrd, Rachele) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 361 | | TRANSCRIPT ORDER for proceedings held on 01/08/2021 before Magistrate Judge Thomas S. Hixson by Donald R. Cameron, Pure Sweat Basketball, Inc., for Court Reporter Ruth Ekhaus. (Lopez, David) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 362 | | **ORDER RE: CASE SCHEDULING.** <br><br> **Set/Reset Deadlines as to extending briefing deadlines in 11-6714-YGR and 19-3074-YGR: Class Certification Motion due by 6/1/2021. Responses due by 8/10/2021. Replies due by 10/12/2021. Class Certification Motion Hearing set for 11/16/2021 10:00 AM OPST in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.** <br><br> **Signed by Judge Yvonne Gonzalez Rogers on 1/8/2021. (fs, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 363 | | Transcript of Proceedings held on 01/08/2021, before Judge Thomas S. Hixson. Court Reporter Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219, telephone number (415)336-5223/ruth_ekhaus@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 358 Transcript Order, 361 Transcript Order ) Release of Transcript Restriction set for 4/8/2021. (Related documents(s) 358 , 361 ) (rreS, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 364 | | **Discovery Order re: 352 Joint Statement Regarding Apple's Production of Documents Responsive to Consumer Plaintiffs' 2nd Set of Requests for Production of Documents. Signed by Judge Thomas S. Hixson on 1/8/2021. (cdnS, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 365 | | *AMENDED* STIPULATION WITH PROPOSED ORDER filed by Apple Inc., Epic Games, Inc., Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Kevin Fahey. (Srinivasan, Jagannathan) (Filed on 1/8/2021) Modified on 1/11/2021 (jjbS, COURT STAFF). (Entered: 01/08/2021) |
| 01/11/2021 | 366 | | **ORDER by Magistrate Judge Thomas S. Hixson granting (348) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; granting (220) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR. (rmm2S, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/11/2021 | 367 | | **ORDER by Judge Yvonne Gonzalez Rogers granting (321) Stipulation re Authenticity Presumptions in case 4:11-cv-06714-YGR; granting (197) Stipulation re Authenticity Presumptions in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/11/2021 | 368 | | **ORDER by Judge Yvonne Gonzalez Rogers granting (365) Amended Stipulation in case** |

| | | |
|---|---|---|
| | | **4:11-cv-06714-YGR; granting (233) Amended Stipulation in case 4:19-cv-03074-YGR; granting (242) Amended Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/14/2021 | 369 | *AMENDED* STIPULATION WITH PROPOSED ORDER filed by Apple Inc. and all Plaintiffs (Richman, Cynthia) (Filed on 1/14/2021) Modified on 1/15/2021 (jjbS, COURT STAFF). (Entered: 01/14/2021) |
| 01/19/2021 | 370 | Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of J. Lo, # 2 Proposed Order, # 3 Joint Letter Brief re Discovery, # 4 Exhibit 1, Joint Letter Brief re Discovery, # 5 Exhibit 2, Joint Letter Brief re Discovery, # 6 Certificate/Proof of Service)(Lo, Jason) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/20/2021 | 371 | Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, Crystal Boykin, Edward Lawrence, and Kevin Kahey (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Cue and Federighi Depositions, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7)(Moskowitz, Lauren) (Filed on 1/20/2021) Modified on 1/21/2021 (jjbS, COURT STAFF). (Entered: 01/20/2021) |
| 01/20/2021 | 372 | Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., Robert Pepper, Edward Lawrence, Kevin Fahey, Harry Bass, Stephen H. Schwartz, Edward W. Hayter, Crystal Boykin. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Cook Deposition)(Moskowitz, Lauren) (Filed on 1/20/2021) Modified on 1/21/2021 (jjbS, COURT STAFF). (Entered: 01/20/2021) |
| 01/20/2021 | 373 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 371 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* (Karin, John) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 374 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 372 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Deposition")* (Karin, John) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 375 | **Discovery Order rescheduling hearing from 1/21/2021 to 1/25/2021 at 10:00 a.m., by Zoom Video Conference. Signed by Magistrate Judge Thomas S. Hixson on 1/20/2021. (rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021)** |
| 01/20/2021 | | Set/Reset Hearing re (246 in 4:19-cv-03074-YGR, 375 in 4:11-cv-06714-YGR) Discovery Order Rescheduling Discovery hearing: <br><br> Zoom Video Camera hearing set for 1/25/2021 10:00 AM, before Magistrate Judge Thomas S. Hixson. <br><br> Counsel shall by COB on Friday, 1/22/2021, email the Courtroom Deputy with their appearances. Courtroom Deputy email: Rose_Maher@cand.uscourts.gov <br><br> (rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/21/2021 | 376 | Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of J. Srinivasan, # 2 Proposed Order, # 3 Joint Letter Brief re Discovery, # 4 Exhibit 1, Joint Letter Brief re Discovery, # 5 Exhibit 2, Joint Letter Brief re Discovery, # 6 Exhibit 3, Joint Letter Brief re Discovery, # 7 Exhibit 4, Joint Letter Brief re Discovery, # 8 Exhibit 5, Joint Letter Brief re Discovery, # 9 Certificate/Proof of Service) (Srinivasan, Jagannathan) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 377 | Administrative Motion to File Under Seal *Supporting Exhibits A to L to the Joint Discovery* |

| | | |
|---|---|---|
| | | *Letter Brief Regarding Cue and Federighi Depositions* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L)(Moskowitz, Lauren) (Filed on 1/21/2021) Modified on 1/22/2021 (jjbS, COURT STAFF). (Entered: 01/21/2021) |
| 01/21/2021 | 378 | Administrative Motion to File Under Seal *Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition* filed by Epic Games, Inc. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Moskowitz, Lauren) (Filed on 1/21/2021) Modified on 1/22/2021 (jjbS, COURT STAFF). (Entered: 01/21/2021) |
| 01/21/2021 | 379 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 377 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* (Karin, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 380 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 378 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* (Karin, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 381 | **ORDER by Judge Yvonne Gonzalez Rogers granting (369) Stipulated Amended Protective Order in case 4:11-cv-06714-YGR; granting (239) Stipulated Amended Protective Order in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 1/21/2021) (Entered: 01/21/2021)** |
| 01/25/2021 | 382 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconferencing on 1/25/2021 at 10:00 a.m.<br><br>Total Time in Court: 1 hour 25 minutes<br><br>Court Reporter: Marla Knox.<br><br>Appearances:<br><br>Case No. 11-6714 YGR (TSH)- In re Apple iPhone Antitrust Litigation:<br>Rachele R. Byrd for Consumer Plaintiffs<br>Jay Srinivasan for Defendant Apple Inc.<br><br>Case No. 19-3074 YGR(TSH)- Cameron et al. v. Apple Inc.<br>Robert F. Lopez and Benjamin J. Siegel for Plaintiff Developers<br>Jay Srinivasan - for Defendant Apple Inc.<br><br>Case No. 20-5640 YGR (TSH)- Epic Games v. Apple Inc.<br>Lauren Moskowitz for Plaintiff Epic<br>Victoria Maroulis, Kyle Batter and Richard Rosalez for non-party SEA<br>Jay Srinivasan for Defendant Apple Inc.<br><br>Proceedings: Discovery Conferences held. Matters submitted. Court to issue Order.<br><br>Deadlines and Hearing: Joint Letter Briefs due 1/29/2021 by Noon. A further hearing is scheduled for: 2/1/2021 at 10:00 a.m., by Zoom.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 383 | CLERKS NOTICE SETTING FURTHER ZOOM DISCOVERY HEARING BEFORE MAGISTRATE JUDGE THOMAS S. HIXSON. This proceeding will be held via a Zoom |

| | | |
|---|---|---|
| | | webinar. |
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh |
| | | On 1/29/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 2/1/2021 Discovery Z oom Hearing at 10:00 a.m. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. |
| | | Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov |
| | | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |
| | | *(This is a text-only entry generated by the court. There is no document associated with this entry .)* (rmm2S, COURT STAFF) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | | Set/Reset Hearing re (255 in 4:19-cv-03074-YGR) Clerk's Notice Setting Zoom Hearing. Zoom Video Camera further Discovery hearing set for 2/1/2021 at 10:00 AM. (rmm2S, COURT STAFF) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 384 | TRANSCRIPT ORDER for proceedings held on 1/25/2021 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Marla Knox. (Byrd, Rachele) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 385 | NOTICE of Appearance by Kyle Kenneth Batter *on behalf of Victoria Maroulis* (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 386 | NOTICE of Appearance by Kyle Kenneth Batter (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 387 | Declaration of Kyle Batter in Support of 376 Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed bySamsung Electronics Co., Ltd.. (Related document(s) 376 ) (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 388 | Declaration of Gary A. Bornstein in Support of 376 Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed byEpic Games, Inc.. (Attachments: # 1 Proposed Order) (Related document(s) 376 ) (Bornstein, Gary) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 389 | EXHIBITS re 378 Administrative Motion to File Under Seal *Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")*, 377 Administrative Motion to File Under Seal *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")*, 372 Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition")*, 371 Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits") Declaration of E. Dettmer In Support of Motions to Seal* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter re Apex Witnesses), # 3 Redacted Version of Document Sought to be Sealed (Ex. 1), # 4 Redacted Version of Document Sought to be Sealed (Ex. B), # 5 Redacted Version of Document Sought to be Sealed (Ex. C), # 6 Redacted Version of Document Sought to be Sealed (Ex. E), # 7 Redacted Version of Document Sought to be Sealed (Ex. F), # 8 Redacted Version of Document Sought to be Sealed (Ex. I), # 9 Redacted Version of Document Sought to be Sealed (Ex. J), # 10 Redacted Version of Document Sought to be Sealed (Ex. K), # 11 Redacted Version of Document Sought to be Sealed (Ex. L), # 12 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter re Deposition of Cook), # 13 Redacted Version of |

Document Sought to be Sealed (Ex. C), # [14](#) Redacted Version of Document Sought to be Sealed (Ex. D), # [15](#) Redacted Version of Document Sought to be Sealed (Ex. E), # [16](#) Redacted Version of Document Sought to be Sealed (Ex. F), # [17](#) Redacted Version of Document Sought to be Sealed (Ex. G), # [18](#) Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter re Apex Witnesses), # [19](#) Unredacted Version of Documents Sought to be Sealed (Ex. 1), # [20](#) Unredacted Version of Document Sought to be Sealed (Ex. A), # [21](#) Unredacted Version of Document Sought to be Sealed (Ex. B), # [22](#) Unredacted Version of Document to be Sealed (Ex. C), # [23](#) Unredacted Version of Document Sought to be Sealed (Exhibit D), # [24](#) Unredacted Version of Document Sought to be Sealed (Ex. E), # [25](#) Unredacted Version of Document Sought to be Sealed (Ex. F), # [26](#) Unredacted Version of Document Sought to be Sealed (Ex. G), # [27](#) Unredacted Version of Document Sought to be Sealed (Ex. H), # [28](#) Unredacted Version of Document Sought to be Sealed (Ex. I), # [29](#) Unredacted Version of Document Sought to be Sealed (Ex. J), # [30](#) Unredacted Version of Document Sought to be Sealed (Ex. K), # [31](#) Unredacted Version of Document Sought to be Sealed (Ex. L), # [32](#) Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter re Cook Deposition), # [33](#) Unredacted Version of Document Sought to be Sealed (Ex. C), # [34](#) Unredacted Version of Document Sought to be Sealed (Ex. D), # [35](#) Unredacted Version of Document Sought to be Sealed (Ex. E), # [36](#) Unredacted Version of Document Sought to be Sealed (Ex. F), # [37](#) Unredacted Version of Document Sought to be Sealed (Ex. G), # [38](#) Certificate/Proof of Service)(Related document(s) [378](#) , [377](#) , [372](#) , [371](#) ) (Dettmer, Ethan) (Filed on 1/25/2021) (Entered: 01/25/2021)

| | | |
|---|---|---|
| 01/26/2021 | [390](#) | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971-15490729.) filed by Apple Inc.. (Yang, Betty) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | [391](#) | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL RE: (372 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Stephen H. Schwartz, Robert Pepper, Harry Bass, Crystal Boykin, Epic Games, Inc., Edward Lawrence, Edward W. Hayter, Kevin Fahey, (241 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (271 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (248 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc., (240 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (249 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (269 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (370 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (377 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc., (242 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Depositions")* filed by Epic Games, Inc., (371 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Stephen H. Schwartz, Crystal Boykin, Harry Bass, Robert Pepper, Epic Games, Inc., Edward Lawrence, Kevin Fahey, Edward W. Hayter, (247 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (261 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (260 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple** |

| | | |
|---|---|---|
| | | Inc., (378 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (376 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc., (262 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., (270 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed by Epic Games, Inc... Signed by Judge Thomas S. Hixson on 1/26/2021. (cdnS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 392 | DISCOVERY ORDER - DOCUMENT E-FILED UNDER SEAL by Court Staff. (rmm2S, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 396 | **Discovery Order (Public Redacted Version) re (264 in 4:19-cv-03074-YGR, 291 in 4:20-cv-05640-YGR, 392 in 4:11-cv-06714-YGR). Signed by Judge Thomas S. Hixson on 1/26/2021. (cdnS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/28/2021)** |
| 01/27/2021 | 393 | CLERK'S NOTICE CHANGING START TIME OF ZOOM DISCOVERY HEARING: The Zoom Video Conference Discovery Hearing scheduled for 2/1/2021, shall be heard at 9:00 a.m., rather than 10:00 a.m. All counsel shall join the Zoom call at 9:00 a.m. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 1/27/2021) (Entered: 01/27/2021) |
| 01/28/2021 | 394 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order, # 3 Sealed Discovery Order)(Dettmer, Ethan) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 01/28/2021 | 395 | REDACTION *Request re Court Order* by Samsung Electronics America Inc.. (Batter, Kyle) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 02/01/2021 | 397 | Letter Brief *(Redacted 376 Joint Letter Brief re Discovery)* filed byApple Inc., Samsun Electronics America, Inc.. (Srinivasan, Jagannathan) (Filed on 2/1/2021) Modified on 2/2/2021 (bnsS, COURT STAFF). (Entered: 02/01/2021) |
| 02/02/2021 | 398 | **ORDER by Judge Thomas S. Hixson granting (394) Administrative Motion to File Under Seal in case 4:11-cv-06714-YGR; denying without prejudice (223) Administrative Motion to File Under Seal; granting (266) Administrative Motion to File Under Seal in case 4:19-cv-03074-YGR; granting (294) Administrative Motion to File Under Seal in case 4:20-cv-05640-YGR. (cdnS, COURT STAFF) (Filed on 2/2/2021) (Entered: 02/02/2021)** |
| 02/02/2021 | 399 | EXHIBITS re 377 Administrative Motion to File Under Seal *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* Declaration of E. Dettmer In Support of Motion to Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Exhibit J), # 3 Unredacted Version of Document Sought to be Sealed (Exhibit J), # 4 Certificate/Proof of Service)(Related document(s) 377 ) (Dettmer, Ethan) (Filed on 2/2/2021) (Entered: 02/02/2021) |
| 02/02/2021 | 400 | MOTION for leave to appear in Pro Hac Vice *for Zainab Ahmad* ( Filing fee $ 317, receipt number 0971-15525988.) filed by Apple Inc.. (Ahmad, Zainab) (Filed on 2/2/2021) (Entered: 02/02/2021) |
| 02/03/2021 | 401 | NOTICE of Appearance by Ben Michael Harrington *for Developer Plaintiffs* (Harrington, Ben) (Filed on 2/3/2021) (Entered: 02/03/2021) |
| 02/04/2021 | 402 | STIPULATED PROPOSED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY filed by Epic Games, Inc., Apple Inc., . (Lavely, Vanessa) (Filed on 2/4/2021) Modified on 2/5/2021 (bnsS, COURT STAFF). (Entered: 02/04/2021) |
| 02/05/2021 | 403 | EXHIBITS re 391 Discovery Order, Terminate Motions *("Unsealed Exhibits to Joint Discovery Letter Briefs Regarding Cook, Cue, and Federighi")* filed byEpic Games, Inc.. (Related |

| | | document(s) 391 ) (Moskowitz, Lauren) (Filed on 2/5/2021) Modified on 2/8/2021 (bnsS, COURT STAFF). (Entered: 02/05/2021) |
|---|---|---|
| 02/08/2021 | 404 | **ORDER by Judge Yvonne Gonzalez Rogers granting 390 Motion for Pro Hac Vice as to Betty Yang. (fs, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |
| 02/08/2021 | 405 | **ORDER by Judge Yvonne Gonzalez Rogers granting 400 Motion for Pro Hac Vice as to Zainab N. Ahmad. (fs, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |
| 02/08/2021 | 406 | NOTICE of Appearance by Rachel S. Brass (Brass, Rachel) (Filed on 2/8/2021) (Entered: 02/08/2021) |
| 02/08/2021 | 408 | Received Document- Letter from Christopher Pergrossi. (bnsS, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/12/2021) |
| 02/11/2021 | 407 | **ORDER [*AS MODIFIED BY THE COURT*] STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY by Judge Yvonne Gonzalez Rogers; granting as modified by the Court (402) Stipulation in case 4:11-cv-06714-YGR; granting as modified by the Court (276) Stipulation in case 4:19-cv-03074-YGR; granting as modified by the Court (320) Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 2/11/2021) (Entered: 02/11/2021)** |
| 02/12/2021 | 409 | **STATUS REPORT ORDER: Status Report from Apple due by 2/17/2021. Signed by Judge Thomas S. Hixson on 2/12/2021. (cdnS, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/12/2021 | 410 | **ORDER re Motion to Seal. Signed by Magistrate Judge Thomas S. Hixson on 2/12/2021. (rmm2S, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/18/2021 | 411 | STATUS REPORT *re Motions to Seal* by Apple Inc.. (Dettmer, Ethan) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 02/18/2021 | 412 | **ORDER re (261 in 4:20-cv-05640-YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (241 in 4:19-cv-03074-YGR) Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (371 in 4:11-cv-06714-YGR) Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Stephen H. Schwartz, Robert Pepper, Harry Bass, Crystal Boykin, Epic Games, Inc., Edward Lawrence, Edward W. Hayter, Kevin Fahey. Signed by Judge Thomas S. Hixson on 2/18/2021. (cdnS, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021)** |
| 02/18/2021 | 413 | Discovery Letter Brief filed by Apple Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit)(Lowery, Michelle) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 02/19/2021 | 414 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 2/24/2021 at 9:00 AM, before Magistrate Judge Thomas S. Hixson. <br><br> On 2/23/20, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 2/24/2021, at 9:00 a.m., Zoom Discovery Hearing re the Joint Letter brief, re ECF Docket Nos.: 11-6714 Doc. No. 413, 19-3074 Doc. No. 292, 20-5640 Doc. No. 346. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. <br><br> Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov |

**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh

**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadca sting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.

**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/< /A>.

Zoom Video Camera Discovery hearing set for 2/24/2021 at 9:00 AM.

*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 2/19/2021) (Entered: 02/19/2021)

| | | |
|---|---|---|
| 02/22/2021 | 415 | Further Joint CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz and Apple, Inc.. (Byrd, Rachele) (Filed on 2/22/2021) Modified on 2/23/2021 (jmlS, COURT STAFF). (Entered: 02/22/2021) |
| 02/23/2021 | 416 | **ORDER VACATING CASE MANAGEMENT CONFERENCE. The case management conference currently set for March 1, 2021 is VACATED. Signed by Judge Yvonne Gonzalez Rogers on 2/23/2021. (fs, COURT STAFF) (Filed on 2/23/2021) (Entered: 02/23/2021)** |
| 02/24/2021 | 417 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 2/24/2021 at 9:00 a.m., by Zoom Video Conference.**<br><br>**Total Time in Court: 49 minutes.**<br><br>**Court Reporter: Ruth Levine Ekhaus.**<br><br>**Appearances:**<br><br>**Gavin Skok (Pro Hac Vice Counsel, Pending), Rep. Non-Party Valve Corp.**<br>**Jaemin Chang, Local Co-Counsel, Rep. Non-Party Valve Corp.**<br><br>**Robert F. Lopez, Representing for Developer Plaintiffs**<br><br>**Jay P. Srinivasan and Michelle Lowery, Representing Def. Apple, Inc.**<br><br>**Proceedings: Discovery hearing held. Argument heard, matter submitted. Court to issue Order.**<br><br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 2/24/2021) (Entered: 02/24/2021)** |
| 02/24/2021 | 418 | **Discovery Order re: (346 in 4:20-cv-05640-YGR) Discovery Letter Brief filed by Apple Inc., (413 in 4:11-cv-06714-YGR) Discovery Letter Brief filed by Apple Inc., (292 in 4:19-cv-03074-YGR) Discovery Letter Brief filed by Apple Inc. Signed by Judge Thomas S. Hixson on 2/24/2021. (cdnS, COURT STAFF) (Filed on 2/24/2021) (Entered: 02/24/2021)** |
| 02/25/2021 | 419 | Transcript of Proceedings held on 02/24/2021, before Judge Thomas S. Hixson. Court Reporter Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219, telephone number (415)336-5223/ruth_ekhaus@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (353 in 4:20-cv-05640-YGR) Transcript Order, (354 in 4:20-cv-05640-YGR) Transcript Order |

| | | |
|---|---|---|
| | | ) Release of Transcript Restriction set for 5/26/2021. (rreS, COURT STAFF) (Filed on 2/25/2021) (Entered: 02/25/2021) |
| 02/25/2021 | 420 | **ORDER REGARDING NOTICE OF AUDIO STREAMING PILOT PROJECT. Signed by Judge Yvonne Gonzalez Rogers on 2/25/2021. (fs, COURT STAFF) (Filed on 2/25/2021) (Entered: 02/25/2021)** |
| 03/01/2021 | 421 | EXHIBITS re 412 Order,,, *("Unsealed Exhibit to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed byEpic Games, Inc.. (Related document(s) 412 ) (Moskowitz, Lauren) (Filed on 3/1/2021) (Entered: 03/01/2021) |
| 03/19/2021 | 422 | TRANSCRIPT ORDER for proceedings held on 2/24/2021 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Ruth Ekhaus. (Byrd, Rachele) (Filed on 3/19/2021) (Entered: 03/19/2021) |
| 03/23/2021 | 423 | MOTION for leave to appear in Pro Hac Vice for Evan R. Kreiner ( Filing fee $ 317, receipt number 0971-15740811.) filed by Apple Inc.. (Kreiner, Evan) (Filed on 3/23/2021) Modified on 3/24/2021 (bnsS, COURT STAFF). (Entered: 03/23/2021) |
| 03/26/2021 | 424 | **ORDER by Judge Yvonne Gonzalez Rogers granting 423 Motion for Pro Hac Vice as to Evan R. Kreiner. (fs, COURT STAFF) (Filed on 3/26/2021) (Entered: 03/26/2021)** |
| 04/02/2021 | 425 | NOTICE of Appearance by Emily Claire Curran-Huberty *for 3d Party Respondent Facebook, Inc.* (Curran-Huberty, Emily) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/02/2021 | 426 | NOTICE of Appearance by Rosemarie Theresa Ring *for 3d Party Respondent Facebook, Inc.* (Ring, Rosemarie) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/02/2021 | 427 | NOTICE of Appearance by Justin Paul Raphael *for 3d Party Respondent Facebook, Inc.* (Raphael, Justin) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/05/2021 | 428 | Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Lent, Karen) (Filed on 4/5/2021) (Entered: 04/05/2021) |
| 04/05/2021 | 429 | Letter from J. Wes Earnhardt *to Magistrate Judge Hixson in response to Joint Discovery Letter Brief Regarding Apple's Subpoenas To Non-Party Facebook, Inc. (Docket No. 428) filed by Apple, Inc..* (Earnhardt, Joe) (Filed on 4/5/2021) (Entered: 04/05/2021) |
| 04/06/2021 | 430 | Discovery Order re: (395 in 4:20-cv-05640-YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc., (428 in 4:11-cv-06714-YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc., (314 in 4:19-cv-03074-YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non-Party Facebook, Inc.* filed by Apple Inc. Signed by Judge Thomas S. Hixson on 4/6/2021. (cdnS, COURT STAFF) (Filed on 4/6/2021) (Entered: 04/06/2021) |
| 04/06/2021 | 431 | NOTICE of Appearance by Douglas James Dixon (Dixon, Douglas) (Filed on 4/6/2021) (Entered: 04/06/2021) |
| 04/09/2021 | 432 | STIPULATION WITH PROPOSED ORDER *re Supplemental Protective Order Governing Discovery From Google* filed by Apple Inc.. (Srinivasan, Jagannathan) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 433 | **ORDER by Judge Yvonne Gonzalez Rogers granting (432) Stipulated Supplemental Protective Order in case 4:11-cv-06714-YGR; granting (318) Stipulated Supplemental Protective Order in case 4:19-cv-03074-YGR; granting (416) Stipulated Supplemental Protective Order in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/12/2021 | 434 | NOTICE of Appearance by Douglas James Dixon (Dixon, Douglas) (Filed on 4/12/2021) (Entered: 04/12/2021) |

| 04/30/2021 | [435](#) | ADMINISTRATIVE MOTION *by Consumer Plaintiffs for Entry of Supplemental Protective Orders* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 5/4/2021. (Attachments: # [1](#) Declaration of Brittany N. DeJong, # [2](#) Proposed Order, # [3](#) Proposed Order, # [4](#) Proposed Order, # [5](#) Proposed Order, # [6](#) Certificate/Proof of Service)(DeJong, Brittany) (Filed on 4/30/2021) (Entered: 04/30/2021) |
|---|---|---|
| 05/04/2021 | [436](#) | STIPULATION WITH PROPOSED ORDER re [435](#) ADMINISTRATIVE MOTION *by Consumer Plaintiffs for Entry of Supplemental Protective Orders Extending Time to Respond to Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders* filed by Apple Inc.. (Attachments: # [1](#) Declaration of E. Dettmer)(Dettmer, Ethan) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/05/2021 | [437](#) | OPPOSITION/RESPONSE (re [435](#) ADMINISTRATIVE MOTION *by Consumer Plaintiffs for Entry of Supplemental Protective Orders* ) filed byApple Inc.. (Attachments: # [1](#) Declaration of E. Dettmer)(Dettmer, Ethan) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/05/2021 | [438](#) | EXHIBITS re [437](#) Opposition/Response to Motion filed byApple Inc.. (Attachments: # [1](#) Exhibit A, Dettmer Decl, # [2](#) Exhibit B, Dettmer Decl, # [3](#) Exhibit C, in support of opposition, # [4](#) Exhibit D, in support of opposition, # [5](#) Exhibit E, in support of opposition, # [6](#) Exhibit F, in support of opposition)(Related document(s) [437](#) ) (Dettmer, Ethan) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/06/2021 | [439](#) | Supplemental Brief re [435](#) ADMINISTRATIVE MOTION *by Consumer Plaintiffs for Entry of Supplemental Protective Orders*, [438](#) Opposition/Response to Motion, filed byApple Inc.. (Attachments: # [1](#) Declaration of E. Dettmer)(Related document(s) [435](#) , [437](#) , [438](#) ) (Dettmer, Ethan) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/17/2021 | [440](#) | Stipulated [Proposed] Supplemental Protective Order Governing Discovery From Glu Mobile, Inc. filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (DeJong, Brittany) (Filed on 5/17/2021) Modified on 5/18/2021 (bnsS, COURT STAFF). (Entered: 05/17/2021) |
| 06/01/2021 | [441](#) | [Redacted] Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Motion Hearing set for 11/16/2021 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 6/15/2021. Replies due by 6/22/2021. (Attachments: # [1](#) Proposed Order)(Byrd, Rachele) (Filed on 6/1/2021) Modified on 6/2/2021 (cjlS, COURT STAFF). (Entered: 06/01/2021) |
| 06/01/2021 | [442](#) | Declaration of Rachele R. Byrd in Support of [441](#) Redacted Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F, # [7](#) Exhibit G, # [8](#) Exhibit H, # [9](#) Exhibit I, # [10](#) Exhibit J, # [11](#) Exhibit K, # [12](#) Exhibit L, # [13](#) Exhibit M, # [14](#) Exhibit N, # [15](#) Exhibit O, # [16](#) Exhibit P, # [17](#) Exhibit Q, # [18](#) Exhibit R, # [19](#) Exhibit S, # [20](#) Exhibit T, # [21](#) Exhibit U, # [22](#) Exhibit V, # [23](#) Exhibit W, # [24](#) Exhibit X, # [25](#) Exhibit Y, # [26](#) Exhibit Z, # [27](#) Exhibit AA, # [28](#) Exhibit BB, # [29](#) Exhibit CC, # [30](#) Exhibit DD, # [31](#) Exhibit EE, # [32](#) Exhibit FF, # [33](#) Exhibit HH, # [34](#) Exhibit II, # [35](#) Exhibit JJ, # [36](#) Exhibit KK, # [37](#) Exhibit LL, # [38](#) Exhibit MM, # [39](#) Exhibit NN, # [40](#) Exhibit OO, # [41](#) Exhibit PP, # [42](#) Exhibit QQ)(Related document(s) [441](#) ) (Byrd, Rachele) (Filed on 6/1/2021) Modified on 6/2/2021 (cjlS, COURT STAFF). (Entered: 06/01/2021) |
| 06/02/2021 | [443](#) | Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # [1](#) Declaration of Brittany N. DeJong, # [2](#) Proposed Order, # [3](#) Redacted Motion for Class Certification, # [4](#) Unredacted Motion for Class Certification, # [5](#) Unredacted Exhibit A, # [6](#) Unredacted Exhibit B, # [7](#) Unredacted Exhibit D, # [8](#) Unredacted Exhibit E, # [9](#) Unredacted Exhibit F, # [10](#) Unredacted Exhibit G, # [11](#) Unredacted Exhibit H, # [12](#) Unredacted Exhibit I, # [13](#) Unredacted Exhibit J, # [14](#) Unredacted Exhibit K, # [15](#) Unredacted Exhibit M, # [16](#) Unredacted Exhibit N, # [17](#) Unredacted Exhibit O, # [18](#) |

| | | |
|---|---|---|
| | | Unredacted Exhibit P, # [19] Unredacted Exhibit Q, # [20] Unredacted Exhibit R, # [21] Unredacted Exhibit S, # [22] Unredacted Exhibit T, # [23] Unredacted Exhibit V, # [24] Unredacted Exhibit W, # [25] Unredacted Exhibit X, # [26] Unredacted Exhibit Y, # [27] Unredacted Exhibit Z, # [28] Unredacted Exhibit AA, # [29] Unredacted Exhibit BB, # [30] Unredacted Exhibit DD, # [31] Unredacted Exhibit EE, # [32] Unredacted Exhibit FF, # [33] Unredacted Exhibit II, # [34] Unredacted Exhibit JJ, # [35] Unredacted Exhibit KK, # [36] Certificate/Proof of Service, # [37] Certificate/Proof of Service)(DeJong, Brittany) (Filed on 6/2/2021) (Entered: 06/02/2021) |
| 06/04/2021 | [444] | MOTION for leave to appear in Pro Hac Vice Re: Michael R. Huttenlocher (Filing fee $ 317, receipt number 0971-16042267) filed by Apple Inc. (Attachments: # [1] Certificate of Good Standing)(Huttenlocher, Michael) (Filed on 6/4/2021) Modified on 6/4/2021 (cjlS, COURT STAFF). (Entered: 06/04/2021) |
| 06/06/2021 | [445] | DECLARATION OF HELEN HSU IN SUPPORT OF [443] PLAINTIFFS ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS MOTION FOR CLASS CERTIFICATION AND EXHIBITS IN SUPPORT THEREOF filed by Pocket Gems, Inc. (Attachments: # [1] Exhibit Exhibit A (442-11) Non-Redacted, # [2] Exhibit Exhibit A (442-11) Redacted, # [3] Proposed Order)(Related document(s) [443] ) (Kaufhold, Steven) (Filed on 6/6/2021) Modified on 6/7/2021 (cjlS, COURT STAFF). (Entered: 06/06/2021) |
| 06/07/2021 | [446] | Declaration of Adrian Ong in Support of [443] Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* filed by Match Group, Inc.. (Related document(s) [443] ) (Dixon, Douglas) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | [447] | NOTICE of Appearance by Brendan P. Cullen *on Behalf of Non-Party Spotify USA Inc.* (Cullen, Brendan) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | [448] | NOTICE of Appearance by Shane Michael Palmer *on Behalf of Non-Party Spotify USA Inc.* (Palmer, Shane) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | [449] | Administrative Motion to File Under Seal - *Declaration of Andy LeGolvan In Support Of Plaintiffs' Administrative Motion to File Under Seal* filed by Playtika Ltd.. (Attachments: # [1] Expert Report of Daniel L. McFadden in Support of Plaintiffs' Motion for Class Certification (SEALED), # [2] Expert Report of Daniel L. McFadden in Support of Plaintiffs' Motion for Class Certification (PUBLIC), # [3] Proposed Order Granting Plaintiffs' Administrative Motion to File Under Seal)(LeGolvan, Andy) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | [450] | MOTION for leave to appear in Pro Hac Vice *re: Steven L. Holley* ( Filing fee $ 317, receipt number 0971-16050996.) filed by Spotify USA Inc.. (Attachments: # [1] Certificate of Good Standing)(Holley, Steven) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | [451] | Declaration of Benjamin Kung in Support of [443] Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* filed by Spotify USA Inc.. (Related document(s) [443] ) (Cullen, Brendan) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | [452] | ***ERROR ON THE PDF, SEE RE-FILED DOCUMENT AT [457] *** EXHIBITS re [443] Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof accompanying Declaration of Benjamin Kung (Dkt. No. 451)* filed by Spotify USA Inc.. (Attachments: # [1] Unredacted Version of Exhibit A)(Related document(s) [443] ) (Cullen, Brendan) (Filed on 6/7/2021) Modified on 6/8/2021 (cjlS, COURT STAFF). (Entered: 06/07/2021) |
| 06/07/2021 | [453] | Declaration of RACHEL S. BRASS in Support of [443] Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* filed by Apple Inc.. (Attachments: # [1] Certificate/Proof of Service)(Related document(s) [443] ) (Brass, Rachel) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | [454] | EXHIBITS re [443] Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* ( [453] *Declaration of RACHEL S. BRASS in* |

| | | |
|---|---|---|
| | | *Response)* filed byApple Inc.. (Attachments: # 1 Consumer Class Certification Motion, # 2 Exhibit F, # 3 Exhibit I, # 4 Exhibit K, # 5 Exhibit M, # 6 Exhibit W, # 7 Exhibit X, # 8 Exhibit Y, # 9 Exhibit II, # 10 Certificate/Proof of Service)(Related document(s) 443 ) (Brass, Rachel) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 455 | Declaration of Joseph Kreiner in Support of 443 Consumer Plaintiffs' Motion to Seal filed by Epic Games, Inc. (Attachments: # 1 Exhibit A)(Related document(s) 443 ) (Clarke, Justin) (Filed on 6/7/2021) Modified on 6/8/2021 (cjlS, COURT STAFF). (Entered: 06/07/2021) |
| 06/08/2021 | 456 | NOTICE of Appearance by Andy M. LeGolvan (LeGolvan, Andy) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/08/2021 | 457 | EXHIBITS re 443 Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof accompanying Declaration of Benjamin Kung (Dkt. No. 451) CORRECTION OF DOCKET # 452* filed bySpotify USA Inc.. (Attachments: # 1 Unredacted Version of Exhibit A)(Related document(s) 443 ) (Cullen, Brendan) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/10/2021 | 458 | NOTICE of Appearance by David P. Chiappetta *on Behalf of Microsoft Corporation* (Chiappetta, David) (Filed on 6/10/2021) (Entered: 06/10/2021) |
| 06/10/2021 | 459 | NOTICE of Appearance by Judith Bond Jennison *on Behalf of Microsoft Corporation* (Jennison, Judith) (Filed on 6/10/2021) (Entered: 06/10/2021) |
| 06/25/2021 | 460 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NIANTIC, INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 461 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ELECTRONIC ARTS INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 462 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM WALT DISNEY COMPANY. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 463 | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ZYNGA, INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/28/2021 | 464 | **ORDER GRANTING STIPULATION EXTENDING TIME TO RESPOND TO CONSUMER PLAINTIFFS' ADMINISTRATIVE MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDERS by Judge Yvonne Gonzalez Rogers ;granting (436) Stipulation in case 4:11-cv-06714-YGR; granting (325) Stipulation in case 4:19-cv-03074-YGR. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 06/28/2021 | 465 | **ORDER GRANTING STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM GLU MOBILE INC. by Judge Yvonne Gonzalez Rogers; granting (440) Stipulation in case 4:11-cv-06714-YGR; granting (330) Stipulation in case 4:19-cv-03074-YGR; granting (695) Stipulation in case 4:20-cv-05640-YGR. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 07/06/2021 | 466 | **ORDER by Judge Yvonne Gonzalez Rogers granting 444 Motion for Pro Hac Vice as to Michael R. Huttenlocher. (fs, COURT STAFF) (Filed on 7/6/2021) (Entered: 07/06/2021)** |
| 07/06/2021 | 467 | **ORDER by Judge Yvonne Gonzalez Rogers granting 450 Motion for Pro Hac Vice as to Steven L. Holley. (fs, COURT STAFF) (Filed on 7/6/2021) (Entered: 07/06/2021)** |

# EXHIBIT 5

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

◁ DEFENDANT ▷

United States District Court
Northern District of California

Case No. __4:20-cv-05640-YGR__
Case Title *Epic Games, Inc. v. Apple, Inc.*
Exhibit No. __DX-3774__
Date Entered _____
                    Susan Y. Soong, Clerk
By:_____
                    , Deputy Clerk



# Project Liberty

*Update to the Board of Directors*

July 27, 2020

EPIC_04058762

DX-3774.001

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

# Executive Summary

## The Agenda for today is to update the board on Project Liberty

- **Epic Performance is Strong**
  - Fortnite reached record engagement of 81.2mm MAUs in May 2020 and Season 13 Battle Pass launched June 2020 is on par with the best season ever -- **Fortnite revenue in 1H was $2.0bn beating forecast by 70%**
  - We are seeing a slow down in engagement of last 30-day rolling active users and expect **Fortnite revenue in 2H to be $2.2bn ending the year at $4.2bn of total Fortnite revenue**
  - Post E2 cash balance of $3.4bn

- **Tide is Turning Against Apple and Google**
  - Multiple investigations in U.S. and EU
  - Unhappy customers, partners, and ecosystem
  - Negative Press

- **Significant Planning has gone into Project Liberty, Epic's War Against Mobile Platform Fees**
  - Epic has a detailed Public Relations and Legal Policy strategy

- **The Time is Now**
  - [ REDACTED FOR PRIVILEGE ]
  - Fortnite's all time high user base plus the Marvel Season and concerts adds pressure to Apple and Google
  - Growth is predicated on user generated content; stronger creator revenue share from lower mobile platform fees
  - Solve this problem before AR takes off and that rate is set at 30%

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-3774.002

EPIC_04058763

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

# Executive Summary (Cont'd)

| | |
|---|---|
| **Overview of Project Liberty** | Project Liberty's goal is to end the anti-competitive 30% tax on the Apple App and Google Play store<br><br>• Epic will introduce Epic Direct Pay on Apple App and Google Play with 20% discounted prices relative to those charged by mobile app stores, with consoles receiving the 20% discount to maintain price parity<br>• Apple and Google may reject future Fortnite builds and/or block the existing Fortnite build in retaliation against Epic for supporting direct payment<br>• Epic will embark on an aggressive and sustained legal and media campaign until platform fees are lowered, apps are allowed to use their own payment platform or 3rd party app stores are allowed on mobile<br>• Epic will attempt to lead a coalition of other leading tech companies in a PR and policy campaign against the 30% tax |
| **Why Do This?** | • Pass mobile payment processing savings on to consumers through a direct Epic customer relationship<br>• Create a better ecosystem for all developers -- ability to invest in development and creative vs pay a tax<br>• Remove anti-competitive barriers to Epic introducing a competing mobile app store on iOS and Android<br>• Feasible economics for Epic and creators, in preparation for Valkyrie paying creators for Fortnite based content |
| **Potential Near-Term Implications** | • Near term Epic P&L impact<br>• Possible loss of revenue and access to our customers due to potential Apple or Google retaliation<br>• Possible negative player sentiment as Apple and Google PR campaigns direct blame to Epic |

**Epic is Prepared to Fight as Long as it Takes and Will Not Back Down from Direct Payments**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-3774.003

EPIC_04058764

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

# Mobile Platform Fees an Existential Issue as FN Evolves

## New Content will be Driven by Other Creators

- Fortnite as a competitive platform for user content requires <u>sharing majority of profit</u> with creators








4

EPIC_04058765

DX-3774.004

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT



# Project Liberty Plan

EPIC_04058766

DX-3774.005

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

Project Liberty

# Overview of Battle Plan

- Hotfix Fortnite on iOS and Android to support Epic payments side-by-side with Apple and Google Payments

- Permanently drop prices by 20% on PC, console, mobile (via Epic payment only)

- Leave Apple and Google payment prices (subject to 30% tax) unchanged

- Launch public campaign around payment processing freedom and passing savings on to consumers

# REDACTED FOR PRIVILEGE

6

EPIC_04058767

DX-3774.006

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

7

Project Liberty

# Legal Strategy

**Canon Discussion**

EPIC_04058768

DX-3774.007

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

Project Liberty

# Timeline | The Time is Now

**July**
- Form coalition
- Test payment system
- Public outreach (e.g. CNBC)

**Aug 10: Final Go / No Go**
- Price changes irreversibly committed

**Aug 13: Go Live**
- Hot Fix launch
- Price drop
- Press interviews
- Social Media campaign

REDACTED FOR PRIVILEGE

**Ongoing**
- Weekly press beats
- Ongoing press interviews
- Ongoing coalition communications

August 27: Marvel Season Launches

Launch of Marvel Season is a Point of Maximum Leverage impacting Fortnite users and



EPIC_04058769

DX-3774.008

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

8

Project Liberty

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

**EPIC GAMES**

# Price Change

## Price Change Goals

**Goal: pass on the cost savings of Epic direct payment directly to consumers, while maintaining price parity on consoles**

Guideposts:

- V-Buck amounts remain the same -- easy to understand the discounts

- Maintain bonuses across SKUs

- Maintain pricing parity across platforms

- Maintain pricing aesthetics as much as possible

## Price Changes

| Updated Pricing Proposal | 1,000 V-Bucks | 2,800 V-Bucks | 5,000 V-Bucks | 13,500 V-Bucks |
|---|---|---|---|---|
| Apple / Google Pricing (Unchanged) | $9.99 | $24.99 | $39.99 | $99.99 |
| Updated Pricing (USD) | $7.99 | $19.99 | $31.99 | $79.99 |
| % Epic Discount | 20% | 20% | 20% | 20% |
| Net Revenue on Apple/Google (30% to Apple/Google using old prices) | $6.99 | $17.49 | $27.99 | $69.99 |
| Net Revenue on Epic Pay (Assumes 12% "platform fee" on Epic Pay) | $7.03 | $17.59 | $28.15 | $70.39 |
| Net Revenue on Console (30% to Sony/MSFT/Nintendo, using new prices) | $5.59 | $13.99 | $22.39 | $55.99 |

**EPIC**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

EPIC_04058770

DX-3774.009

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

Project Liberty - Elasticity Test Results

# Limited Narrow Test Demonstrates Partial Elasticity

- **Test:** Lowered prices in Denmark (test) while holding Norway (control) constant
- **Results:** Purchase frequency is up, but not enough to offset price reductions.
- **ARPDAU deficit: -10.8% for DK vs NO**
  - ○ This is 6 STDEVs below the mean
  - ○ 95% confidence interval: -14.4% to -7.2%
  - ○ 68% confidence interval: -12.6% to -9.0%



Distribution of 30-Day ARPDAU Trend Deviation for DK vs NO: Weekly Samples 2020

■ frequency  — normal distribution

Price-change test

magnitude (axis marks STDEV / 2)

Baseline ARPDAU **100%** ⇨ Transactions per Player-day (vs NO) **+15.2%** = 115.2% ⇨ Rev per Transaction (vs NO) **-22.6%** = 89.2% ⇨ ARPDAU Change (vs Expected) **-10.8%**

| Metric | Result vs Control | Notes |
|---|---|---|
| ARPDAU | -10.8% | 95% confidence interval (using DK vs NO analysis) is -14.4% to -7.2% |
| Purchases per Player-day | +15.2% | 25%+ for full elasticity |
| Rev per Transaction | -22.6% | Discount combined with shift to lower-end SKUs drove down rev per transaction |
| ARPU (per user in whole period) | -10.9% | Similar to ARPDAU-based measurement |
| Conversion in Period | +5.6% (relative) | Slightly more users spending -- however, no increase in first-time conversion |
| Purchases per Player-day (Period Payers Only) | +8.4% | Purchases per player-day (for payers only) is up more than conversion |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-3774.010

EPIC_04058771

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

# Project Liberty P&L Impact

EPIC_04058772

DX-3774.011

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

2020 Forecast Update

# Fortnite is Beating Plan by 70%



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

EPIC_04058773

DX-3774.012

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

**2020 Forecast Update**

# Revised 2020 Forecast Based on Trends



EPIC_04058774

DX-3774.013

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

Project Liberty P&L Impact

# Project Liberty | 2020 P&L Impact Scenarios



EPIC_04058775

DX-3774.014

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

Project Liberty P&L Impact

# Project Liberty | 2020 EBITDAB Impact

## 2020 Original Plan vs Current Plan and Post Project Liberty

($ in millions)



**Impact Assumes Base Case**
- 20% price discount across Epic Direct Pay and consoles
- Purchase price elasticity +10% (recovers 50% of discount)
- Kicked off Apple app store and Google Play
- 50% app store revenue transfer to other platforms

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

EPIC_04058776

DX-3774.015

PRIVILEGED & CONFIDENTIAL - ATTORNEY CLIENT WORK PRODUCT

Project Liberty

## Conclusions

- This is likely going to be a long protracted battle

- The time is now given egregiousness of Apple, Google stance

- Downside mitigated by our business performance

- All consumers and developers benefit alongside Epic from freeing the industry from payments and store monopolies

## Thank You!

16

EPIC_04058777

DX-3774.016

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# EXHIBIT 6

United States District Court
Northern District of California
Case No. **4:20-cv-05640-YGR**
Case Title *Epic Games, Inc. v. Apple, Inc.*
Exhibit No. **DX-4177**
Date Entered
Susan Y. Soong, Clerk
By: , Deputy Clerk

**From:** Matt Weissinger
**Sent:** Fri, 15 May 2020 01:12:48 +0000 (UTC)

-We will face challenge: Google and Apple are so large, there are beat reporters on them as their job. They will defer to Google and Apple. When it is large company vs large company, these writers will defer to Google and Apple and defend them.

-The way that changes is if you go to that table with their friends.
-Epic is not sympathetic.
-But for all of the developers that suffer from those attacks, they are sympathetic. All of our gaming partners who lose a cut.
-Is it possible to get these people behind us.

-Start to build a coalition (501c4). Publically announce the coalition and their mission.
-Have an agency from public affairs that helps to manage it.
-Come up with your list of advocacy points.
-Get rid of the tax. And add some other issues.

-There is a large press cycle. Now we're not the only voice in the cycle. Now it isn't only us, and the conversation is much larger. When it comes to the press, that results in more neutral to positive coverage.

-The coalition is in a position to advocate for these stories over and over. Talk about the development of any individual member or policy.

-One company versus another on a policy issue is one dimensional and not sustainable.

-Coalitions will do polling on whether prices are too high. They'll do polling on

-Coalition will take one to two months to get started. $80K - $100K to get the coalition funded. Their running polls, their running ads.

-Go the nuclear option. It becomes the catalyst for the coalition, which is up and running, and can dimensionalize the battle for us.
-That being said, we recommend we go the nuclear option and submit onto Google Play.

-Hoping for a sustained media press or ongoing groundswell is unlikely.

-Our company is too successful to be sympathetic about. It's a rich company versus a rich company.

-Because it is Fortnite, we likely get a three day cycle.
-Next salvo of press: how are consumers getting around it?
-Each additional feature is a media moment, but we have shifted to a legal battle, and press will only cover it when there is a decision.

-We just need a sustained amount of press.

-They could come up with a policy that appeases some of the press, but doesn't help us.

-Google Play is our test bed.

-The problem with this fight is that nothing new will happen. We will not win with a sustained battle. It is big successful company vs big successful company.

-Do they care about

-55% play for free.
-Paragon situation.

-We have employed the firm who can run the strategy for us and build the coalition for us.
-We can have him meet with Lane.


FIRST OPTION:

-When we take this move, here is the sentiment, and for the likelihood that we could sustain as a single company, we might get 72 hours of cycles, people will care less. The only way that we sustain the cycle is to have a diverse set of stakeholders talk about this. This expands the opportunities and expands the perspective.

ALT OPTION:

-Just remove Google, fake submission with Apple.
-Has to be perceived as a win for the consumer.
-But the 80% of savings isn't enough to win by taking the game away.
-Strategy 2 increases our chances of winning and we've got them on our side.

-

-Plan of what he wants, and what he think the outcome is.
-There will be some press, we may see some positive sentiment, but we won't be able to sustain it.
-Apple has no problem going down a litigation path, and they will not cave in a week or a month.
-We have to have a strategy of sustained sympathy, and at some point they can't take it anymore. One company can't do that.
-Ideally try to get to a 2% activation rate for the public. Think about the action that you want them to take and apply the pressure.

-And then present our plan that we think will create the best outcome.

CONFIDENTIAL

EPIC_00523030

# EXHIBIT 7



United States District Court
Northern District of California

Case No. **4:20-cv-05640-YGR**
Case Title *Epic Games, Inc.* v. *Apple, Inc.*
Exhibit No **DX-4561**
Date Entered _____
By: _____ Susan Y. Soong, Clerk
_____ Deputy Clerk

△ DEFENDANT △

# Project Liberty Update

## July 1, 2020

EPIC_0408371

DX-4561.001

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Agenda

- Legal strategy
- Business strategy
- Overview Timeline
- Price reduction
- Sustainable platforms
- Payment system hotfix and related code
- New payment flow UX
- PR Push
- Communication update
- Communication with partners
- SAC
- POSA Card

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

EPIC_04036372

DX-4561.002

# Legal Strategy Update

Verbal, to be delivered by Gena

EPIC_04036373

DX-4561.003

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Business Strategy

- **Goal**: On Apple and Android mobile devices, publishers allowed to offer
  1) third party payment options for apps on the Apple App Store and Google Play
  2) seamless third party app store functionality

- **Strategy**:
  - Propose in writing to Apple and Google the goals
  - If either platform is willing, negotiate acceptable timetable for implementation
  - If either platform is unwilling, hotfix option into FN for users to select Epic payment process
    - Proposed date for hotfix is Thu Aug 13: This is *after* 13.40 (Aug 4) but *before* S14 (Aug 27)
    - Permanently adjust pricing across all platforms such that Apple and Google mobile payment platforms are more expensive (other payment platforms pass savings directly to players)
  - If either platform blocks updates after competing payment platforms are added, FN mobile enters "sustainable platform" phase

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.004

EPIC_04036374

# Overview Timeline

- Assumes Apple/Google do not accept proposal
- Assumes dev work for sustainability/payments are not limiters
- Point of "no return" from pricing change is currently August 11
- Hotfix occurs Aug 13, two weeks before Marvel Season

| Jun 30 | Jul 20 | Aug 4 | Aug 11 | Aug 13 |
|---|---|---|---|---|
| **Mobile First Party Outreach** | **Console First Party Outreach** | **13.40 Client Goes Live, Sustain Test** | **Last Opportunity for Console Price Changes** | **Competing Payment Methods HF On, Price Reductions Live** |
| Ask Apple and Google leadership to allow competing stores and competing payment methods | Reach out to console partners to begin discussing upcoming price changes | Cert: July 31<br><br>Includes tech for HF-on competing payment methods<br><br>Delay Google Play build by several hours to verify sustainable platform functionality | Last change for emergency price change on console, based on time required to update | Two weeks in advance of S14 launch |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.005

EPIC_04036375

# Price Reduction (USD)

| | 1,000 V-Bucks | 2,800 V-Bucks | 5,000 V-Bucks | 13,500 V-Bucks |
|---|---|---|---|---|
| Apple / Google Pricing (Unchanged) | $9.99 | $24.99 | $39.99 | $99.99 |
| Updated Pricing | $7.99 | $19.99 | $32.99 | $81.99 |
| % Epic Discount | 20% | 20% | 18% | 18% |
| Net Revenue on Apple/Google *(30% to Apple/Google, using old prices)* | $6.99 | $17.49 | $27.99 | $69.99 |
| Implied Net Revenue on Epic Pay *(Assumes 12% "platform fee" on Epic Pay)* | $7.03 | $17.59 | $29.03 | $72.15 |
| Net Revenue on Sony/MSFT/Nintendo *(30% to Sony/MSFT/Nintendo, using new prices)* | $5.59 | $13.99 | $23.09 | $57.39 |

Prices change on day of hotfix (Aug 13).  Need to be configured by Aug 4.
Dependencies: Pre-brief appropriate partners (console, etc) starting two weeks from hotfix (July 20).

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.006

EPIC_04036376

# Sustainable Platform Features

- Two Sustainable Modes
- "Mid Season" – All platforms are on 13.xx
  - ○ Challenges, content, and events already in the build will continue to be unlocked.
  - ○ Content that was "Work in Progress" when the build shipped will not be available - challenges are the main 'late season' change
  - ○ The later we "sustain" a release the less impact in a season
  - ○ Only previous LTMs and Store content are available
- "Out of Season" – Other platforms receive S14
  - ○ All Battle Pass screens and progress go away
  - ○ E.g. no challenges

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.007

EPIC_04036377

# Sustainable Platform Timeline

- 07/21: FN 13.30
  - Sustained Release changes are live and can be tested against future backends
  - If problems are found fixes can be made in 13.31 or 13.40
- 07/XX:
  - Test release of independent EGS / GP Android builds
- 08/04: FN 13.40
  - Ideally run a final test on 13.30 compatibility by holding Fortnite 13.40 on Google Play for 1-2 hours due to 'a problem'

EPIC_04036378

DX-4561.008

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Payment System Hotfix

- In general we should be ready with the hotfix and UX flow for 13.40 (Live Aug 4, Submitting July 31)
- Work Remaining
  - Enable and verify web payment flow on iOS (in progress)
  - Extend catalog code to support multiple RMT storefronts (almost complete)
  - UI work to present payment options. (beginning soon)
  - Reverse engineering pass on binary to gauge detectability (not started)
  - Any fallout from the above and QA pass
  - Allow Infosec to attempt to hack the hotfix code and reveal the intent

1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.009

EPIC_04036379

Slide 9

1      ▮   who is on point from infosec to support?

       _Reassigned to David Nikdel_
       Alec Shobin, 7/1/2020

2      I added the 13.40 cert date as a sub bullet on the timeline and added it here as well for ref.
       Alec Shobin, 7/1/2020

1      ▮   +

       How much time does Infosec need to try to hack the code? Should the time when the build is submitted to Apple/Google be on the master
       timeline?

       _Reassigned to Alec Shobin_
       Ed Zobrist, 7/1/2020

1      REDACTED FOR PRIVILEGE

       David Nikdel, 7/1/2020

EPIC_0403638O

DX-4561.010



# UX Flow

By default, **regular prices** appear in the RMT store, plus a **discount disclaimer**

EPIC_04036381

DX-4561.011

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



## UX Flow

Nothing pre-selected until the user sets a preference

### How do you want to pay?

Samsung — $19.99 — Discount applied

Google Play — $24.99 — Regular price

Epic direct payment — $19.99 — Discount applied

CONTINUE

V-BUCKS

12% BONUS

2,800
V-BUCKS

$24.99

Direct payment methods receive a special discount.

EPIC_04036382

DX-4561.012

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



UX Flow

EPIC_04036383

DX-4561.013

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



EPIC_04036384

DX-4561.014

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



## UX Flow

EPIC_04036385

DX-4561.015

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



# UX Flow

**Discounted prices**
shown after user
selected Epic and
marked the checkbox

EPIC_04036386

DX-4561.016

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Speaker Notes for Slide 15

Make players aware that they are getting the discounted price

EPIC_04036387

DX-4561.017

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# UX Flow

ACTION ITEMS

- Revisit decision to only allow users to **save their preference** for "Epic direct payment"? >>

- Need to review RMT store messaging for **consoles** >>

- Need to **finalize** copy, ordering of the options, and branding.

EPIC_0403638

DX-4561.018

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**Project Liberty Comms Timeline (Pending Legal Review)**

# REDACTED FOR PRIVILEGE

EPIC_04036389

DX-4561.019

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# PR Strategy - Hotfix Update

**Goal**

- Get players, media, and industry on "Epic's side"

**Timeline**

- Launch (August TBD)

**Strategy**

- Provide clear communications that emphasize savings benefits for players.
- Provide media with Epic's stance on the business and industry benefits that they can carry forward to their readers; provide them enough background/education on the topic so they can have an informed opinion in discussions.

**Plan**

- *Player-facing*: direct communication on price changes (blog, social), with emphasis on choice and value.
  - ○ Explore opportunity to support with branding
- *Media-facing*: share plans with media (blog), along with a longer media-only note explaining why this is important.
  - ○ Targeted real-time proactive/pitched follow up interviews with key friendly media outlets in tech, business.
- *Industry-facing*: explore the creation of a coalition that can drive amplify discussion

**Challenges**

- High risk of leaks limits ability to pre-brief media; proactive can't start until ship
- Difficult to convert media/players sympathetic to Apple/Google

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.020

EPIC_04036390

Project Liberty Campaign Timeline (Pending Legal Review)

# REDACTED FOR PRIVILEGE

EPIC_0436391

DX-4561.021

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Project Liberty Timeline (Pending Legal Review)

# REDACTED FOR PRIVILEGE

EPIC_04036392

DX-4561.022

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Project Liberty Communications Themes

- Campaign Themes (Pending Legal Review):

## REDACTED FOR PRIVILEGE

EPIC_04036393

DX-4561.023

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Partner Communications

Initial outreach driven by leadership followed by all other contacts not commenting

| Category | Partner | Who are we calling | Who is calling? | When are we calling | What are we saying |
|---|---|---|---|---|---|
| Console 1st Party | Sony | Phil Rosenberg | Adam | July 20 | |
| | Microsoft | Phil Spencer | Tim | July 20 | |
| | Nintendo | Steve Singer | Adam | July 20 | |
| Mobile 1st Party | Google | Sundar Pichai | Tim | June 30 | All developers with apps on Android should be allowed to choose any payment provider and release their own stores without monopolistic impediments. Google will have two weeks to schedule a meeting to discuss. |
| | Apple | Tim Cook | Tim | June 30 | All developers with apps on iOS should be allowed to choose any payment provider and release their own stores without monopolistic impediments. Apple will have two weeks to schedule a meeting to discuss. |
| OEMs | Samsung | Jong Woo | Hans | TBD | Informational<br>i.e., what we're doing and why. |
| | OnePlus | Eric Gass | Hans | August 14 | Note: Samsung is the only OEM with a storefront at our preferred RS of 88/12, no other OEM currently has a storefront |
| | Sony Mobile | Daniel Steingrimsson | Hans | August 14 | |
| Carriers | Verizon | Rob McQueen | Hans | August 14 | Informational<br>i.e., what we're doing and why. |
| | Telefonica (Movistar, O2) | Mariano Martinez Lopez | Hans | August 14 | Note: all carriers have API integration into Epic Games Store at a RS of 95/5, no independent payment platforms or storefronts |
| | Hutchison (Three, Wind Tre) | Erica Katsambis | Hans | August 14 | |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.024

EPIC_04036394

# Support-a-Creator Options

Currently SaC payouts are calculated as 5% of V-Bucks spent paid in USD. Actual player spend is not factored into the calculation
[20 V-Bucks spent = $0.01 affiliate revenue]

## Reduce SAC Pay Rate

**Reduce Proposal**

- Reduce affiliate payments a commensurate 20%: 25 V-Bucks spent = $0.01 affiliate revenue

- Non V-Bucks pack RMT price decrease will cause revenue decrease for creators. True in both scenarios.

**Reduction Ramifications**

- A payment rate decrease could lead to influencer frustration and less support for Fortnite overall and this issue specifically

- Requires public messaging change.
    - Current public message: "*accepted Creators will receive $5 USD (or the local currency equivalent) for every 10,000 V-Bucks spent by players*"

## Maintain SAC Pay Rate

**Maintain Proposal**

- Maintain affiliate payments at current rate: .20 V-Bucks spent = $0.01 (affiliate revenue)

- Non V-Bucks pack RMT price decrease will cause revenue decrease for creators. True in both scenarios

**Maintain Ramifications**

- Creators see no change to affiliate income other than normal volatility they experience from macro Fortnite engagement & V-Bucks spending fluctuations

- Message to influencers is simple: "*this doesn't affect your earning rates at all, this is purely a price drop for players*".

- Influencer support for Liberty more likely.

> **TENTATIVELY RECOMMENDED**
> Analysis of impact forthcoming

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.025

EPIC_04036395

# Support-A-Creator Impact: Maintain Pay Rate

## Support a Creator Payments Would Increase +$3.9mm to $8.8mm Annually

| Support-A-Creator Spend | Support a Creator Baseline Payments | | | | Project Liberty Scenario Impact | | |
|---|---|---|---|---|---|---|---|
| | YTD Actuals | Forecast | | | | | |
| | Jan - June 2020 | July - Dec 2020 | 2020 Total | % of Total | Scenario 1 | Scenario 2 | Scecnario 3 |
| PS4 | $17 | $16 | $33 | 40.7% | $1.1 | $1.9 | $0.8 |
| XBOX One | $10 | $9 | $19 | 23.7% | $0.7 | $1.1 | $0.5 |
| Switch | $6 | $6 | $12 | 14.8% | $0.4 | $0.7 | $0.3 |
| PC | $6 | $5 | $11 | 13.1% | $0.4 | $0.6 | $0.2 |
| iOS | $2 | $2 | $5 | 5.7% | | | $0.1 |
| Android | $1 | $1 | $1 | 1.4% | $0.0 | $0.1 | $0.0 |
| Google | $0 | $0 | $0 | 0.6% | | | $0.0 |
| 2020 Baseline | $42 | $39 | $80 | 100.0% | | | |
| 2020 Impact | | | | | $2.6 | $4.4 | $1.9 |
| Annualized Impact | | | | | $5.2 | $8.8 | $3.9 |

**Scenario 1 : $5.2mm annual increase in SAC payments**
- 5% increase in V-Bucks purchased on console and PC
- Fortnite is removed from iOS and Google Play
- 30% of app store revenue is transferred console and PC

**Scenario 2 : $8.8mm annual increase in SAC payments**
- 10% 5% increase in V-Bucks purchased on console and PC
- Fortnite is removed from iOS and Google Play
- 30% of app store revenue is transferred console and PC

**Scenario 3 : $3.9mm annual increase in SAC payments**
- 5% increase in V-Bucks purchased on console and PC
- Fortnite stays on iOS and Google Play

**Summary:**

- Creators will see neutral or slightly increased SAC payouts.

- We recommend maintaining current SAC payout rates to encourage positive sentiment



# POSA TRANSITION OPTIONS – U.S.A & Canada

## Maintain Secrecy & share once updates are announced

Advantages
- Reduces potential for leaks

Disadvantages/Risks
- ETA for new cards on shelf: Q1 2020
- Potential that activators/retailers aren't able to change price on existing inventory (won't know for sure until we communicate)
- Cards would still have current pricing on them through EOY

## Share New Pricing with Gearbox & begin re-printing now

Advantages
- New cards *potentially* on shelf in Nov.

Disadvantages/Risks
- Increases leak potential
  - Cover story: Black Friday promo?
- Still need UPC's from POSA activators to print the back of cards
- Even with heads up, some retailers might not be able to transition/would still have old cards on shelf through EOY

## Share New Pricing with Gearbox and POSA activators once public

Advantages
- New cards on shelf Nov.
- Confirms ability to change price on existing inventory
- Improves speed to shelf for new price

Disadvantages/Risks
- **POSA activators have relationships with Apple, Google, MS, & Sony**

RECOMMENDATION: Share new pricing with Gearbox and begin reprinting front of cards ASAP

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

EPIC_04036397

DX-4561.027

# POSA ACTION PLAN

## GOAL: Migrate POSA to new pricing ASAP

NA: position this as a price change in NA and not new SKUs / replace cards with new price ASAP

EU: delay initial print run until after new price is public / set up as new SKUs at new pricing

NA Plan

- Once public, notify retailers about new price for existing cards
- **IF** POSA activators are able to modify pricing of existing inventory, time to update in stores would take 2-4 weeks
- Cards would sell at new price – but old price would still be on cards
- There is still strong potential that old inventory could remain on the shelves after transitioning to new cards
  - o We could "turn off" the old cards at some point in the future

EU Plan: Updated launch timing shifts November (some retailers will push to Q1 2021)

- New Product "certification": 3-4 weeks from time of notification
- Card printing: 6-8 weeks
- Time to shelf: 2-4 weeks

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.028

EPIC_04036398

# IMPLICATIONS OF POSA TRANSITION

## U.S. & Canada

- Cards on shelf will still be at current pricing after announcement
    - Goal: update pricing in systems ASAP to surprise & delight with lower price when consumer purchases cards
    - Idea: give bonus V-Bucks to players that purchased digital V-Bucks or POSA in previous 2 weeks
    - If it takes retailers longer than 2 weeks to update pricing, consider giving bonus V-Bucks if POSA price was higher
- Cost to transition inventory could exceed $4MM
    - Large print runs already in process for back half inventory requirements
    - Epic would need to pay for "merchandising" visits to help with transitioning cards
    - Epic would need to reimburse Gearbox for unsold inventory
- Retailers are forecasting their sales based on current pricing
    - Idea: revisit Merry Mint 2.0 as a "make good" and to help drive incremental sales
- We have already committed $536K in MDF for Q4 display programs (with cards being printed now/delivered in August)
    - Some of these programs are based on current pricing (i.e. $10 pallet program at Kroger)

## Europe: Updated launch timing shifts to November

- New Product "certification": 3-4 weeks from time of notification
- Card printing: 6-8 weeks
- Time to shelf: 2-4 weeks

Contractual Requirements if POSA activators/retailers consider current SKU's "discontinued product":

- InComm U.S.: minimum of 45 written notice of change and "reasonable effort" for retail wind-down
- Blackhawk:  notify and transition "as soon as commercially practicable"

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.029

EPIC_04036399

# Potential Timeline (based on recommendation of sharing with GB sooner)

|  | July | Aug | Sept | Oct/Nov/Dec |
|---|---|---|---|---|
| | Tap the Breaks & Prepare Assets | Reveal Plan / Begin Transition | Execute Plan | Launch New Cards |
| **US/Canada** | - Communicate to GB<br>- Deliver updated card art ASAP<br>- Review/approve print numbers<br>- Begin front of card printing<br>- Include new platforms on reprint | - Communicate to retail/POSA activators day of announce<br>- update pricing w/activators<br><br>- Set up new UPC's<br>- Continue print run with new back of card & UPC<br>- Begin certification process on new SKU's | - Existing cards begin selling at new price<br>- complete certification process<br>- complete initial print run | - OCT: begin shipping cards to warehouses<br>- NOV: new cards hit NA retail<br>- Pay GB for cost of unsold inventory (~$3.3MM) |
| **Europe** | - Tap breaks on EU launch timing<br>- Finalize contracts<br>- Approve updated pricing<br>- Update card art<br><br>- Manage launch timing expectations | - Set up new SKU's<br>- Begin certification process | - Complete certification process<br>- Begin printing cards | - OCT: complete printing<br>- NOV: launch cards in UK/DE/FR |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.030

EPIC_04036400

# Speaker Notes for Slide 28

There are a lot of variables at play that could impact the timing positively or negatively (i.e. if printers have limited capacity - it could negatively impact number of cards we could print)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.031

EPIC_04036401

# Potential Timeline (based on maintaining secrecy)

## July

### Tap the Breaks & Prepare Assets

- Update card art ASAP
- Delay larger print runs

**US/Canada**

- Tap breaks on EU launch timing
- Finalize contracts
- Approve updated pricing (internal)
- Update card art
- Manage launch timing expectations

**Europe**

## Aug

### Reveal Plan

- Communicate new pricing 8/13
- update pricing w/activators

- Set up new UPC's
- Begin certification process for cards at new price
- Provide players with Bonus V-BUCKS if they redeem prior to price updating?

- Begin certification process

## Sept/Oct

### Begin Transition

- Existing cards begin selling at new price if activators/retailers are able to execute

- Begin print run

- Begin printing cards
- Begin certification process

## Nov/Dec/Jan

### Launch New Cards

- NOV: ship cards if/where viable

-Q1 '21: ship new cards during Spring resets

- OCT: complete printing
- NOV: launch cards in select retailers

Note: delay could push some key retailers (i.e. Rewe) to Spring 2021

EPIC_04036402

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.032

## Speaker Notes for Slide 29

Given the volume of cards - it will probably take more than 8 weeks to reprint all NA channel inventory.

EPIC_04036403

DX-4561.033

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# PROJECT LIBERTY - Proposed POSA Pricing Changes (USD)

| | Tier 1 | Tier 2 | Tier 3 | Tier 4 |
|---|---|---|---|---|
| Proposed Digital Price | $7.99 | $19.99 | $29.99 | $79.99 |
| Digital V-Bucks | 1,000 | 2,800 | 5,000 | 13,500 |
| Digital Breakdown | 1,000 | 2,000 + 800 Bonus | 4,000 + 1,000 Bonus | 10,000 + 3,500 Bonus |
| Digital Price per V-BUCK | $0.0080 | $0.0071 | $0.0060 | $0.0059 |
| POSA Price (no change) | $8 | $20 | $30 | $80 |
| Proposed POSA V-Bucks | 1,000 | 2,800 | 5,000 | 13,500 |
| POSA Breakdown | 1,000 | 2,000 + 800 Bonus | 4,000 + 1,000 Bonus | 10,000 + 3,500 Bonus |
| POSA Price per V-BUCK | $0.0080 | $0.0071 | $0.0060 | $0.0059 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.034

EPIC_04036404

EPIC_04036405

# APPENDIX

DX-4561.035

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Next Steps - July 1

1. Strengthen timeline to ensure nothing missing - update coming tomorrow (Cameron/Alec)
   a. Validate integrated dev schedule (Nikdel, Grant, Diaz)
   b. Validate integrated comms schedule (MattW/NickC)
2. Scenario planning breakdown (Ed/Alec/Cameron)
3. **REDACTED FOR PRIVILEGE**
4. Update and refine Comms plan (MattW/NickC)
   a. Including addition of pre-seeding key press in US and EU
5. Solidify details (dates, contacts, talking points) around outreach to first parties, OEMs, mobile carriers (Cameron/NateN/Hans/AlecS)
   a. Will be an ongoing discussion starting with kickoff on Thursday
6. Update pricing proposal based on feedback (NateA)
7. SAC team crafting messaging to confirm 0 impact for affiliates (DevinW)
8. Confirm console-synchronized price change operational process (Emu)
9. POSA proposal updates (Wes)
10. Setup weekly sync for all work streams with formal task tracking when we return from break (Emu)
    a. May include smaller group meetings more frequently closer to key moments

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.036

EPIC_04036406

# Communications Phase 1: July – August

## 1. Define our Cause

- **Create our Policy Points and Establish them Publicly:** Work with comm's team and Greenbrier to create a list of advocacy points to establish a . "Get rid of the tax!" along with some additional issues to avoid a one-dimensional argument.

- **Research Positions and Support them with Media:** Work with Greenbrier and the newly formed coalition to develop research to help establish our position (Are prices too high? Do players care about developers?), then seed with press and run ads to help generate awareness around our positions.

## 2. Establish a 501c4 Organization to Advocate on Behalf of Our Policy Issues

- **Work with Established Providers:** Partner with Greenbrier to help manage the organization. This will take one to two months to get started, and require $80K - $100K to get the coalition initially funded, with an expected life of project cost between $400K - $700K.

- **Create a Broad Coalition:** We need to fight with our friends. Epic is not sympathetic, but for all of the developers that suffer from these attacks, they are sympathetic. This includes all of our gaming and app partners who are losing out due to unfair platform/pricing practices.

## 3. Create the Sustain Campaign

- **Build the Press Cycle for Alternate Perspectives:** Create messaging materials and stories to ensure we're not the only voice in the cycle, and the conversation is much larger. When it comes to the press, that results in more neutral to positive coverage.

- **Amplify Policy Developments:** Move the conversation from a one-dimensional legal battle to something bigger. The coalition is in a position to advocate for these stories over and over. Talk about the developments of any individual member or policy.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



# Communications Phase 2: August - February

## 1. Campaign Kickoff with Action Initiative

- **Hotfix Update:** TBD.

- **Coalition Announcement:** Work with Greenbrier and the newly formed coalition to develop research to help establish our position (Are prices too high? Do players care about developers?), then seed with press and run ads to help generate awareness around our positions.

## 2. Earned Media Efforts

- **Earned Media:** Traditional public relations where we use the press to apply pressure and drive support. External communications will follow a two-week cadence where we create news through an inflection point every two weeks, and then generate continued press on that point through a 14-day tail.

- **Multiple Audiences:** The communications strategy focuses on, exhausts and moves on with three distinct audiences (press, consumers & policy makers) to influence the groups most likely to have an impact on Apple/Google.

## 3. Paid Media Efforts

- **Paid Media:** Influencing the general public on an issue as well as building a game-changing supporter list requires consistent marketing targeted at likely supporters and opponent detractors.

- **Petition:** The most effective way to demonstrate consumer support on an issue (and the fastest way to get consumers to take action) is to direct them to sign a petition. We will target out digital advertising to both function as a push/pressure campaign and elicit participation on the petition. Reaching significant petition signers, hundreds of thousands to millions is entirely based on the length of the marketing campaign and reach of the spend.


EPIC_04036408

DX-4561.038



*Console RMT store showing discounted prices*

EPIC_04036409

DX-4561.039

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Speaker Notes for Slide 35

How to make players aware that they are getting the discounted price?

EPIC_04036410

DX-4561.040

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



*Using STRIKETHROUGH pricing to emphasize the discount*

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

EPIC_04036411

DX-4561.041

EPIC_04036412

# Speaker Notes for Slide 36

How to make players aware that they are getting the discounted price?

DX-4561.042

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



*RMT offer that includes multiple items.*

EPIC_04036413

DX-4561.043

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# PROJECT LIBERTY - Proposed POSA Bonus Changes

|  | Tier 1 | Tier 2 | Tier 3 | Tier 4 |
|---|---|---|---|---|
| Proposed Digital Price | $7.99 | $19.99 | $32.99 | $81.99 |
| Digital V-Bucks | 1,000 | 2,800 | 5,000 | 13,500 |
| Digital Breakdown | 1,000 | 2,000 + 300 Bonus | 4,000 + 1,000 Bonus | 10,000 + 3,500 Bonus |
| Digital Price per V-BUCK | $0.0080 | $0.0071 | $0.0066 | $0.0061 |
| POSA Price (no change) | $10 | $25 | $40 | $100 |
| Proposed POSA V-Bucks | 1,250 | 3,500 | 6,000 | 16,400 |
| POSA Breakdown | 1,000 +250 Bonus | 2,0000 + 1,500 Bonus | 4,000 + 2,000 Bonus | 10,000 + 6,400 Bonus |
| POSA Price per V-BUCK | $0.0080 | $0.0071 | $0.0067 | $0.0061 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.044

EPIC_04036414

EPIC_04036415

## Project Liberty Initiatives Tracker

### Pre Launch (6/1 - 8/13)

| Objective | Started | Timeline/Deadline | Owner | Status |
|---|---|---|---|---|
| **Communications** | | | | |
| Reconvene the Corporate Comm's Team | ✓ | 6/1 - 7/15 | MaxW | Conducted interviews with Tara Randall and Julia Gaynor. Gained approval for additional PR Manager role, looking to staff with Steve Rugolo to free up additional NickC bandwidth. |
| Secure Market Season 1 Subscription Partnership Deals with Signed LOI's | ✓ | 6/1 - 8/1 | MaxW/NateN | Met with Spotify, Disney+ and Apple Music to discuss sub. partnerships in conjunction with Disney+ around Season 1 offer. NextN meeting weeks after break. |
| Prepare Coalition Kickoff Materials | ✓ | 6/15 - 7/15 | MaxW/LanieK | Completed 'Coalition Standout' strategy document in coordination with Greenbriar. Seeking approval on inception and funding of the coalition. |
| Create First Pass at Launch Comm's Calendar | ✓ | 6/15 - 7/15 | LanieK/NickC | Constructed high-level beat calendar to review. Have we go-to-market with ongoing communications cadence for launch. |
| Epic Vision Statement and Pre-Launch Comm's Calendar | ☐ | 6/15 - 7/15 | LanieK/NickC | Construct pre-launch messaging materials that clearly outline Epic's vision and strategic objectives surrounding Project Liberty efforts. |
| Initial Announcement Communication Materials | ✓ | 6/15 - 8/1 | NickC/MaxG LanieK | First pass at Roanoke blog announce communications has been constructed |
| Social Calendar and Content Plan | ☐ | 7/15 - 8/1 | ManiD/MaxG LanieK | Need to construct a social media calendar and content plan for launch and post-launch messaging amplification. This will fall out from the Launch Comm's Calendar. |
| **Finance** | | | | |
| Financial Forecasts and Economic Impact Assessment | ✓ | 6/1 - 7/15 | DanaL | Dana, Paul and Nate have conducted initial analysis of potential financial implications of Project Liberty. More data is needed and has spurred the creation of a series of tests. |
| V-Buck Repricing Sensitivity Test | ✓ | 6/1 - 7/15 | Paul/NateN | We are currently conducting a pricing test in Denmark and Sweden and are beginning to console initial data on changes to purchasing habits. |
| Repeat V-Buck Price Elasticity Test | ✓ | 6/1 - 7/15 | Paul/NateN | We are rolling out a new 100-day V-Buck pricing test in Italy to determine the incremental impact of product SKU availability while limiting potential downside effects |
| Support-a-Creator Program Impact | ✓ | 6/1 - 8/1 | DanN/NateN | Reviewed Support-A-Creator V-Buck to dollar conversion rates to make sure they are compatible with Project Liberty efforts. |
| Subscription Impact | ✓ | 6/15 - 7/15 | Paul/NateN | Reviewed the subscription pricing and content offerings to make sure they are compatible with Project Liberty efforts. |
| **Development** | | | | |
| Sustainable Platform | ✓ | 8/13 | AndrewG | Development team is targeting a single platform update hopeful test on Google Play with the 13.30 build on 13.40 release (EU unknown at this subscribe-able Release Plan |
| Independent EGS GP Test | ☐ | 7/21-8/13 | AndrewG | Test release of independent Android builds across EGS GP - required for Sustainable Platform |
| Payment System Hotfix Tech Integration | ✓ | 7-31 | DavidN | Include all tech needed to hit the new payment flow in 13.40 (Live Aug. 4. Submitting July 31) |
| Verify Web Payment Flow | ✓ | 7/17 | DavidN | Enable and verify web payment flow on iOS (in progress) |
| Support Multiple RMT Storefronts | ✓ | 7/17 | DavidN | Extend catalog code to support multiple RMT storefronts (almost complete) |
| Gauge Detectability | ☐ | 7/24 | DavidN | Reverse engineering pass on binary to gauge detectability (not started) |
| ImBase Evaluation | ☐ | 7/24 | DavidN | Allow inspect.io attempts to hack the notif. code and reveal the intent (not started) |
| Payment UI Integration | ☐ | 7/17 | PhilB | Complete integration of the new payment UI flow |
| Complete Payment UI Design | ✓ | 7/15 | DerekD | Finalize the payment flow UI in order to be ready for integration (including language, saving preferences, console messaging, copy, ordering and branding) |
| **First Party/Partnerships** | | | | |
| Finalize comms plan | ✓ | 7/17 | NateN/HenSE/C ameron/Alec | Lock external comms plans for any first party/partner outreach |
| Initiate console price changes | ☐ | 8/1 | EmilS | Begin process of changing prices in order to be complete by 8/13 HF |
| **Legal** | | | | |
| Payment UI Language Approval | ☐ | 7/15 | Derek/Gena | |
| Legal sign off on FP Partner comms | ☐ | 7/16 | NateN/Cameron/Gena | |

## REDACTED FOR PRIVILEGE

Link to Initiatives Tracker

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Scenario Planning (WIP)

Breakdown of Mobile First Party responses to HF-on competing payment methods

| Scenarios | 1: HF Ignored | 2: HF Ack'd - Deadline for Compliance Issued | 3: Content Updates Blocked, no appeals remain | 4: FN Removed from App Store |
|---|---|---|---|---|
| **Mobile First Parties Offer** | They do not acknowledge that FN has turned on competing payment methods | They issue deadline for compliance that triggers automated removal if app is not compliant by the stated deadline (example: Houseparty) | They block further content updates but allow bug fixes until the app becomes compliant - no deadline is issued (example: Hey app) | Cert team will provide feedback that they need to review a compliant update in order for FN mobile to appear in their store again |
| **Epic's Response** | • Take no action | • Appeal | • App enters "Sustainable Platform" state<br>• Community emphasizes savings from Epic Direct Payment<br>• PR statement saying we believe A&G do not have the legal right to deny players savings | • Community emphasizes A&G blocking savings from new payment methods would have gone to the player<br>• In case of protracted battle, issue refunds to players that cannot play<br>• PR issues statement saying A&G removed the app because Epic wanted to offer cheaper payment platforms to players |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DX-4561.046

EPIC_04036416

# EXHIBIT 8

VOLUME 2

Pages 215 – 480

UNDER SEAL PAGES 481 – 486

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**Before The Honorable YVONNE GONZALEZ ROGERS, Judge**

| EPIC GAMES, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | NO. C-20-5640 YGR |
| vs. | ) | Tuesday, May 4, 2021 |
| APPLE, INC., | ) | Oakland, California |
| Defendant. | ) | BENCH TRIAL |
| APPLE, INC., | ) | |
| Counterclaimant, | ) | Pages 481 – 486 (Under Seal) |
| vs. | ) | |
| EPIC GAMES, Inc., | ) | |
| Counter-Defendant. | ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:        CRAVATH, SWAINE & MOORE, LLP
                      825 Eighth Avenue
                      New York, New York 10019
                 BY:  KATHERINE B. FORREST, ESQUIRE
                      GARY A. BORNSTEIN, ESQUIRE
                      YONATAN EVEN, ESQUIRE

                      (Appearances continued.)

Reported By:          Diane E. Skillman, CSR 4909, RPR, FCRR
                      Official Court Reporter
       TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

---

I N D E X

| | PAGE | VOL. |
|---|---|---|
| **PLAINTIFF'S WITNESS:** | | |
| **Sweeney, Timothy** | | |
| Cross-Examination by Mr. Doren (Resumed) | 225 | 2 |
| Redirect Examination by Ms. Forrest | 303 | 2 |
| Recross-Examination by Mr. Doren | 342 | 2 |
| Examination by the Court | 345 | 2 |
| **Simon, Benjamin** | | |
| Direct Examination by Mr. Earnhardt | 349 | 2 |
| Cross-Examination by Ms. Dearborn | 397 | 2 |
| Redirect Examination by Mr. Earnhardt | 412 | 2 |
| Examination by the Court | 416 | 2 |
| **Patel, Aashish** | | |
| Direct Examination by Mr. Earnhardt | 421 | 2 |
| Cross-Examination by Mr. Srinivasan | 452 | 2 |
| (sealed testimony) | | |
| Redirect Examination by Mr. Earnhardt | 481 | 2 |
| Recross Examination by Mr. Srinivasan | 485 | 2 |

| Plaintiff's Exhibits: | EVD. | VOL. |
|---|---|---|
| 721 | 444 | 2 |
| 2374 | 340 | 2 |
| 2421 | 341 | 2 |
| 2790 | 361 | 2 |

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

---

For Plaintiff:        CRAVATH, SWAINE & MOORE, LLP
                      825 Eighth Avenue
                      New York, New York 10019
                 BY:  LAUREN A. MOSKOWITZ, ESQUIRE
                      JUSTIN C. CLARKE, ESQUIRE
                      W. WES EARNHARDT, ESQUIRE
                      BRENDAN BLAKE, ESQUIRE
                      JIN NIU, ESQUIRE

For Defendant:        GIBSON, DUNN & CRUTCHER
                      333 South Grand Avenue
                      Los Angeles, California 90071
                 BY:  RICHARD J. DOREN, ESQUIRE
                      DAN SWANSON, ESQUIRE
                      CYNTHIA RICHMAN, ESQUIRE
                      RACHEL BRASS, ESQUIRE

                      GIBSON, DUNN & CRUTCHER, LLP
                      2001 Ross Avenue, Suite 1100
                      Dallas, Texas 75201
                 BY:  VERONICA S. MOYE, ESQUIRE

                      PAUL WEISS RIFKIND
                      WHARTON & GARRISON LLP
                      2001 K STREET, NW
                      Washington, DC 20006
                 BY:  KAREN DUNN, ESQUIRE
                      JESSICA E. PHILLIPS, ESQUIRE

For Defendant:        PAUL WEISS RIFKIND
                      WHARTON & GARRISON LLP
                      943 Steiner Street
                      San Francisco, California 94117
                 BY:  MEREDITH DEARBORN, ESQUIRE

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

---

| Defendant's Exhibits: | EVD. | VOL. |
|---|---|---|
| 2624 | 411 | 2 |
| 3098 | 251 | 2 |
| 3125 | 235 | 2 |
| 3199 | 256 | 2 |
| 3478 | 296 | 2 |
| 3724 | 301 | 2 |
| 3768 | 247 | 2 |
| 3774 | 301 | 2 |
| 4036 | 344 | 2 |
| 4361 | 279 | 2 |
| 4419 | 284 | 2 |
| 4579 | 292 | 2 |
| 5505 | 411 | 2 |

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

279

1    Q.  Thank you.

2         Mr. Sweeney, let's talk for a few minutes, and --

3         **THE COURT:**  Okay.  Can I make sure our record is

4    clear?  Are you moving 4361?

5         **MR. DOREN:**  Thank you, Your Honor.  I would have

6    gotten there eventually.  May I please move -- first of all,

7    DX3818 into evidence, if I haven't done that.

8         **THE COURT:**  You haven't.  So 3818 is admitted, but

9    we'll wait until I hear from Ms. Forrest --

10        **MR. DOREN:**  Thank you, Your Honor.

11        **THE COURT:**  -- after lunch.

12        **MR. DOREN:**  And I would also move to admit DX4361.

13        **THE COURT:**  I assume no objection.

14        **MS. FORREST:**  No objection, Your Honor.

15        **THE COURT:**  4361 is admitted.

16        (Defendant's Exhibit 4361 received in evidence)

17        **MR. DOREN:**  Thank you, Your Honor.

18   BY MR. DOREN:

19   Q.  Mr. Sweeney, you testified yesterday that by the spring of

20   2020 you had initiated Project Liberty, correct?

21   A.  We were in the planning and preparation phases of at that

22   point.

23   Q.  Okay.  And by that time you had hired your lawyers who

24   helped you implement that, correct?

25   A.  By spring, yes.

---

280

1    Q.  And those are the lawyers who are representing you in this

2    lawsuit?

3    A.  Yes.

4    Q.  And you'd also, in the spring, you hired a public

5    relations firm, correct?

6    A.  Yes.

7    Q.  And by May 2020 you had settled on your strategy regarding

8    a hot fix, correct?

9    A.  At that point we had a plan of record that included the

10   hot fix.

11   Q.  And, sir, if you could please take a look at Exhibit 4419,

12   DX4419.

13        Do you have that exhibit in front of you?

14   A.  Yes.

15   Q.  And do you recognize this to be an internal Epic email

16   chain from May 11, 2020?

17   A.  Yes.

18   Q.  And the first email at the top of the first page is

19   actually from a gentleman named Mark Rein, correct?

20   A.  Yes.

21   Q.  And he is the cofounder of Epic Games?

22   A.  Yes.  He joined Epic in 1992.

23   Q.  And he owns about 4 percent of the company?

24   A.  Thereabouts.

25   Q.  If we can go back, please, to the first email in this

---

281

1    chain from May 11th at 11:25 a.m.  It's from Daniel Vogel.

2    Who is Mr. Vogel?

3    A.  Daniel Vogel is Epic's chief operating officer.

4    Q.  And Mr. Vogel states, making sure we were all in alignment

5    on approach and what to focus our limited mind share on.

6         Then he goes on to say the critical dependency on going

7    live with our V-Bucks price reduction efforts is finding the

8    most effective way to get Apple and Google to reconsider

9    without us looking like the baddies.

10        Do you see that?

11   A.  Yes.

12   Q.  And did you agree with Mr. Vogel that that was a critical

13   issue related to Project Liberty?

14   A.  I was focused on various other things.

15   Q.  You were leaving this to Mr. Vogel, the chief operations

16   officer?

17   A.  He played a major role in the planning of the price drop.

18   Q.  Thank you.

19        Now you go on to say -- he goes on to say, Here is my

20   understanding of the plan.  We submit a build to Google and

21   Apple with the ability to hot fix on our payment method that

22   passes the savings on to customers.  We flip the switch when

23   we know we can get by without having to update the client for

24   three weeks or so.  Our message is about passing on price

25   savings to players.  Google and Apple will immediately pull

---

282

1    the build for new players and potentially take an even more

2    aggressive stance.

3         And first of all, you agree with Mr. Vogel about what the

4    plan regarding a hot fix was as of May 11, 2020, correct?

5    A.  Yes.  That's the plan pertaining to the hot fix.

6    Q.  Okay.  And the point in flipping the switch at a point

7    where there would be three weeks until an update was that even

8    after the Direct Pay option had been implemented, it would

9    remain in place for players and they would be able to continue

10   playing cross-platform because they would be on the same

11   version as other players on other platforms, correct?

12   A.  Yes.

13   Q.  But after *Fortnite* was updated, and the version on iOS

14   remained the previous version because Apple had pulled it,

15   they would -- the players on iOS would no longer be able to

16   interact with other platforms, correct?

17   A.  If Apple and Google blocked *Fortnite*, which I was not

18   certain would happen.

19   Q.  Mr. Vogel was, though, wasn't he?

20   A.  Mr. Vogel appeared certain.

21   Q.  And your email on page 1 from May 11 at 12:44 p.m., it is

22   about two-thirds of the way down the page.  Let me know when

23   you see that.

24   A.  Yes.

25   Q.  And you say, hi, Ed.

347

```
 1   Store, Your Honor?
 2          THE COURT:  I'm talking about games in particular.
 3          THE WITNESS:  I see.  Apple has -- hosts the App
 4   Store from iOS, so there are all kinds of apps, including
 5   games.
 6          THE COURT:  Okay.  I don't have anything else.
 7   Any follow up on my questions, Ms. Forrest?
 8          THE WITNESS:  Your Honor, can I correct something I
 9   said to you earlier?
10      You asked about age knowledge that Epic -- for new
11   players, we ask for the players age.  And if the player is
12   under 13, then we implement child safety practices required by
13   law.  But we do not retain player age information outside of
14   that process.  I apologize.
15          THE COURT:  No, that's all right.  Thank you for the
16   clarification.
17      Ms. Forrest, any?
18          MS. FORREST:  No follow-up, Your Honor.
19          THE COURT:  Mr. Doren?
20          MR. DOREN:  No, Your Honor.  Thank you.
21          THE COURT:  All right, sir.  You may step down.
22          THE WITNESS:  Thank you.
23          THE COURT:  Next witness.
24      Wait, I did have another question.
25      Mr. Sweeney, you are asking the Court for equitable
```

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC

348

SWEENEY - EXAMINATION / COURT

```
 1   relief.  So part of the equitable relief that I've already
 2   provided was to require that Apple keep the *Unreal Engine*
 3   open.
 4      What is your backup plan if I don't?  What is your backup
 5   plan?
 6          THE WITNESS:  If Epic -- if Apple's actions are
 7   lawful, then I acknowledge Apple would have the right to
 8   remove Epic from the developer program for any reason or no
 9   reason, and then it would be up to Apple to decide.  If Apple
10   cut us off, then we would have to live with that, without
11   supporting the iOS platform.
12          THE COURT:  Okay.  Thank you.
13      Okay.  Now next witness.
14          MR. EARNHARDT:  Good morning, Your Honor.  Wes
15   Earnhardt for Epic Games.  We call Benjamin Simon.
16          MS. FORREST:  While they are getting their witness,
17   Your Honor, I will just remove the equipment over by the stand
18   so nobody trips on it.
19      (BENJAMIN SIMON, called as a witness for the Plaintiff,
20   having been duly sworn, testified as follows:)
21          THE CLERK:  Please be seated.  Please state your full
22   name and spell your last name.
23          THE WITNESS:  My full name is Benjamin Simon.  And
24   the last name is S-I-M-O-N.
25          THE COURT:  Good morning, sir.
```

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC

349

```
 1          THE WITNESS:  Good morning.
 2          THE COURT:  You may proceed.
 3                       DIRECT EXAMINATION
 4   BY MR. EARNHARDT:
 5   Q.   Good morning, Mr. Simon.  Where are you employed?
 6   A.   Yoga Buddhi Co.
 7   Q.   Does Yoga Buddhi Co. go by another name?
 8   A.   Yes.  We usually use the name Down Dog publicly.
 9   Q.   What kind of company is Down Dog?
10   A.   We are a small software company.
11   Q.   What does it develop?
12   A.   We develop consumer applications for wellness practices,
13   primarily our yoga app.
14   Q.   Down Dog is an unusual name.  Where does it come from?
15   A.   Down Dog is a yoga pose.  We also wanted to make my dog
16   the icon for the app, but it helped make that make sense.
17   Q.   What is your title at Down Dog?
18   A.   I'm the president and CEO.
19   Q.   What year -- did you also found Down Dog?
20   A.   Yes.
21   Q.   What year?
22   A.   We founded the company in 2015.
23   Q.   And what did you do before you founded Down Dog?
24   A.   I was a software engineer at Google for three years.  I
25   worked on a small team that built what is now the current
```

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC

350

SIMON - DIRECT / EARNHARDT

```
 1   version of Google Sheets for two years, and then I worked on
 2   Google Maps for mobile.
 3   Q.   How many employees does Down Dog have?
 4   A.   Currently we have five full-time employees, including
 5   myself.
 6   Q.   And what are your responsibilities as CEO?
 7   A.   I oversee most of the operations of Down Dog, particularly
 8   anything involving the code and software, distribution side.
 9   My cofounder handles some of the more purely business, admin
10   kinds of things.
11   Q.   Are you involved in the -- in overseeing the distribution
12   of your applications?
13   A.   Yes.
14   Q.   Are you involved in overseeing customer support?
15   A.   Yes.
16   Q.   Are you in charge of setting Down Dog's pricing?
17   A.   That's usually a conversation with me and my cofounder.
18   Q.   Does Down Dog have a data analytics team?
19   A.   No.
20   Q.   Are you in charge of reviewing Down Dog's data analytics?
21   A.   Yes.
22   Q.   Do you do that in the ordinary course of your business?
23   A.   Yes.
24   Q.   What are Down Dog's products?
25   A.   Currently we have five applications:  Our yoga app; we
```

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC

```
                        VOLUME 6

                 Pages 1319 - 1583

             UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

EPIC GAMES, INC.,          )
                           )
         Plaintiff,        )   NO. C-20-5640 YGR
                           )
    vs.                    )   Monday, May 10, 2021
                           )
APPLE, INC.,               )   Oakland, California
                           )
         Defendant.        )   BENCH TRIAL
_____)
                           )
APPLE, INC.,               )
                           )
         Counterclaimant,  )
    vs.                    )
                           )
EPIC GAMES, Inc.,          )
                           )
         Counter-Defendant.)
_____)


             REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:       CRAVATH, SWAINE & MOORE, LLP
                     825 Eighth Avenue
                     New York, New York 10019
                 BY: KATHERINE B. FORREST, ESQUIRE
                     GARY A. BORNSTEIN, ESQUIRE
                     YONATAN EVEN, ESQUIRE

                 (Appearances continued.)

Reported By:         Diane E. Skillman, CSR 4909, RPR, FCRR
                     Official Court Reporter
         TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION
```

| | Plaintiff's Witnesses: | Page | VOL. |
|---|---|---|---|
| 1 | | | |
| 2 | **Weissinger, Matthew** | | |
| 3 | Direct Examination by Ms. Moskowitz (Resumed) | 1331 | 6 |
| 4 | Cross-Examination by Mr. Doren | 1352 | 6 |
| 5 | Redirect Examination by Ms. Moskowitz | 1437 | 6 |
| 6 | Recross-examination by Mr. Doren | 1444 | 6 |
| 7 | **Evans, David** | | |
| 8 | Direct Examination by Mr. Bornstein | 1448 | 6 |
| 9 | | | |
| 10 | **Plaintiff's Exhibits:** | EVD. | VOL. |
| 11 | 0058 | 1582 | 6 |
| 12 | 2435 | 1344 | 6 |
| 13 | 2624 | 1582 | 6 |
| 14 | **Defendant's Exhibits:** | EVD. | VOL. |
| 15 | 3222 | 1398 | 6 |
| 16 | 3233 | 1392 | 6 |
| 17 | 3254 | 1404 | 6 |
| 18 | 3297 | 1421 | 6 |
| 19 | 3457 | 1396 | 6 |
| 20 | 3641 | 1418 | 6 |
| 21 | 3933 | 3933 | 6 |
| 22 | 4138 | 1426 | 6 |
| 23 | 4167 | 1422 | 6 |
| 24 | 4177 | 1417 | 6 |
| 25 | 4374 | 1582 | 6 |

```
 1   For Plaintiff:      CRAVATH, SWAINE & MOORE, LLP
 2                       825 Eighth Avenue
                         New York, New York 10019
 3                   BY: LAUREN A. MOSKOWITZ, ESQUIRE
                         JUSTIN C. CLARKE, ESQUIRE
 4                       W. WES EARNHARDT, ESQUIRE
                         BRENDAN BLAKE, ESQUIRE
 5                       JIN NIU, ESQUIRE

 6   For Defendant:      GIBSON, DUNN & CRUTCHER
 7                       333 South Grand Avenue
                         Los Angeles, California 90071
 8                   BY: RICHARD J. DOREN, ESQUIRE
                         DAN SWANSON, ESQUIRE
 9                       CYNTHIA RICHMAN, ESQUIRE
                         RACHEL BRASS, ESQUIRE
10                       ARPINE LAWYER, ESQUIRE

11                       GIBSON, DUNN & CRUTCHER, LLP
12                       2001 Ross Avenue, Suite 1100
                         Dallas, Texas 75201
13                   BY: VERONICA S. MOYE, ESQUIRE

14                       PAUL WEISS RIFKIND
                         WHARTON & GARRISON LLP
15                       2001 K STREET, NW
                         Washington, DC 20006
16                   BY: KAREN DUNN, ESQUIRE
                         JESSICA E. PHILLIPS, ESQUIRE
17

18   For Defendant:      PAUL WEISS RIFKIND
19                       WHARTON & GARRISON LLP
                         943 Steiner Street
                         San Francisco, California 94117
20                   BY: ARPINE LAWYER, ESQUIRE
21
22
23
24
25
```

| | Defendant's Exhibits: | EVD. | VOL. |
|---|---|---|---|
| 1 | | | |
| 2 | 4652 | 1437 | 6 |
| 3 | 5505 | 1582 | 6 |
| 4 | 5539 | 1365 | 6 |
| 5 | 5540 | 1381 | 6 |
| 6 | 5541 | 1361 | 6 |
| 7 | 5544 | 1373 | 6 |
| 8 | 5545 | | |

WEISSINGER - CROSS - DOREN

1  Q.   And you, in fact, sir, were offered as the corporate

2  representative related to the formation of that coalition;

3  correct?

4  A.   You're saying in the deposition process?

5  Q.   Yes, sir.  Yes, sir.

6  A.   Yes.

7  Q.   And you're familiar with the Coalition for App Fairness;

8  true?

9  A.   Yes.

10  Q.   And that was the coalition that you and Mr. Kasselman

11  formed; correct?

12  A.   I was involved in the early discussions for it.  I did not

13  myself form it.

14  Q.   Take a look, please, sir, at DX4177.  Do you have that in

15  front of you?

16  A.   Yes, sir.

17  Q.   These are notes that you typed up; correct?

18  A.   This is -- I had a habit or I still have a habit of

19  writing kind of random notes in email drafts that I use to

20  just kind of record.

21  Q.   That's how you keep your notes sometimes?

22  A.   Yeah.

23  Q.   And these are notes that you kept on May 15, 2020;

24  correct?

25  A.   It's unclear.  That's probably the last edit to this

WEISSINGER - CROSS - DOREN

1  document.

2  Q.   Sir, you created these notes; correct?

3  A.   Yes, I did.

4  Q.   All right.  And halfway down -- and you created them or

5  last edited them on May 15, 2020; correct?

6  A.   I believe so.

7  Q.   All right.  And there are a number of entries here, but

8  let's focus on the one that starts, "Go the nuclear option."

9  Do you see that, a little over halfway down?

10  A.   Yes.

11  Q.   It says, "Go the nuclear option.  It becomes the catalyst

12  for the coalition, which is up and running, and can

13  dimensionalize the battle for us.  That being said, we

14  recommend we go the nuclear option and submit onto Google

15  Play."

16       And that was you advising that the hotfix, the nuclear

17  option, should be adopted in order to create a good PR event;

18  correct?

19  A.   I have no idea of the context for that particular line in

20  this draft notes document.

21       MR. DOREN:   Your Honor, I would move into evidence

22  DX4177.

23       THE COURT:   No objection?

24       MS. MOSKOWITZ:   No objection, Your Honor.

25       MR. DOREN:   And DX3933 please.

WEISSINGER - CROSS - DOREN

1       THE COURT:   No objection.

2       MS. MOSKOWITZ:   No objection.

3       (Defense Exhibits 4177 and 3933 received in evidence)

4  BY MR. DOREN:

5  Q.   Sir, please take a look at DX3641.  Is this exhibit also

6  notes that you created?

7  A.   Yes.  It looks like that.

8  Q.   And either you wrote them or last edited them on May 22nd,

9  2020; correct?

10  A.   I believe so.

11  Q.   All right.  And you have the notation there "Create

12  narrative that we are benevolent," don't you?

13  A.   That is written there.

14  Q.   Yes.  And then the next line below "dimension" talks about

15  who can be founding members of the coalition; correct?

16  A.   What was the question again?  I'm sorry.

17  Q.   No.  We'll go on, sir.

18  A.   Okay.

19  Q.   Now, Epic initially -- Epic initially paid Greenbrier --

20  that's Mr. Kasselman's firm; correct?

21  A.   Yes.

22  Q.   And Epic paid them $100,000 for the PR consultation;

23  correct?

24  A.   I believe that's correct.

25  Q.   And it then hired an affiliated firm, a firm affiliated

WEISSINGER - CROSS - DOREN

1  with Greenbrier called The Messina Group; correct?

2  A.   Yes.

3  Q.   That firm was hired to create the coalition; correct?

4  A.   Yes.  To help with the creation of the coalition.

5  Q.   And at that point the spend went up to $300,000 from Epic

6  to both Kasselman and Messina, correct, The Messina Group?

7  A.   Yes.  I believe so.

8  Q.   Take a look, please, at DX3297.

9       And, Your Honor, I would move to admit 3641, though I

10  thought I just did.

11       THE COURT:   You did not.

12  No objection?

13       MS. MOSKOWITZ:   No objection.

14       THE COURT:   Admitted.

15       (Defense Exhibit 3641 received in evidence)

16       MR. DOREN:   Thank you, Your Honor, very much.

17  Q.   Mr. Weissinger, do you have Exhibit 3297 in front of you?

18  A.   Yes, I do.

19  Q.   And do you recognize this as a statement of work proposed

20  by The Messina Group to Epic?

21  A.   Yes, I do.

22  Q.   And do you recognize under the project scope, "The

23  consultant will work as directed by Matthew Weissenberg [sic]

24  or other Epic personnel so designated"?

25  A.   "Weissinger."  Yes.

1 Q.   I'm sorry, sir.

2 A.   No worries.

3 Q.   If you would look, please, at Exhibit .002 or page .002,

4 and you see the heading "Coalition Launch"?

5 A.   Yes.

6 Q.   And underneath that, it stated, "The proven and tested

7 coalition formula is as follows:  Established to correct a

8 wrong plus media interest plus sustained public attacks equals

9 success."

10     Did I read that correctly?

11 A.   Yes.

12 Q.   It then goes on to say, "Thus, for the coalition to be

13 effective, consultant will help to establish a reason for it

14 to exist (either organic or manufactured)"; correct, sir?

15 A.   That's what it says.

16 Q.   And here the reason for the existence of the coalition was

17 wholly manufactured, wasn't it?

18 A.   No.  The principles have always existed.

19 Q.   Always existed; is that right, sir?

20 A.   Well, the principles as established exist.  There's no

21 manufacturing in that.

22 Q.   All right, sir.

23     The coalition was incorporated in August 2020; correct?

24     I believe so.

25 Q.   And, again, it was named the Coalition for App Fairness;

1 true?

2 A.   Yes.

3 Q.   And at the time it was incorporated, Epic was the only

4 member; correct?

5 A.   I'm not positive, but I believe so.

6 Q.   Okay.  And it's existence was not publicly announced until

7 after the hotfix had been triggered; correct?

8 A.   Correct.

9 Q.   And it was kept under wraps until then because if Apple

10 gave in to the demands of Epic, the coalition would have

11 disappeared altogether; correct?

12 A.   Not necessarily.

13 Q.   But it could -- it was likely that it would have, correct,

14 sir?

15 A.   I mean, Google's still around, too.  There is other stores

16 that have the same, you know, issues with principles.

17 Q.   Well, sir, let's take a look at Exhibit 4167.

18     And, Your Honor, the version in the binders here is

19 actually a corrected version of this exhibit.  The version in

20 the main binder here did not print properly so we will hand one up

21 for the record as well.

22     THE COURT:   Okay.  And you've got two minutes before

23 our break.

24     MR. DOREN:   Thank you, Your Honor.

25     First of all, I would move to admit DX3297.

1     THE COURT:   Objection?

2     MS. MOSKOWITZ:   No objection.

3     THE COURT:   Admitted.

4     (Defense Exhibit 3297 received in evidence)

5     MR. DOREN:   I would also move to admit --

6 Q.   Actually, Mr. Weissinger, do you recognize DX4167?

7 A.   It looks like the website for the coalition.

8 Q.   And you recognize, sir, that nowhere in this document is

9 any company other than Apple referenced; correct?

10     THE COURT:   Apple?

11     MR. DOREN:   Apple.

12     THE WITNESS:   I'm not sure, but looking at it right

13 now, that looks to be the case.

14     MR. DOREN:   Your Honor, I have about five more

15 minutes.  We can stop here or I can finish up.

16     THE COURT:   Why don't we go ahead and stop.  The

17 court reporter needs a break.  So we will stand in recess for

18 20 minutes.

19     Ms. Forrest, could I by the end of the day receive a hard

20 copy color printout of your latest findings of fact?

21     MS. FORREST:   Yes.

22     THE COURT:   The redacted version.

23     MS. FORREST:   Yes.

24     THE COURT:   I would appreciate it.  Thank you so

25 much.

1 All right.  We will stand in recess for 20 minutes.  Thank

2 you.

3     (Recess taken at 10:14 a.m.)

4     (Proceedings resumed at      .m.)

5     ***************

6     THE COURT:

7

8

9     *************DIANE***************

10     (Recess taken at      .m.; resumed at 10:35 a.m.)

11     THE COURT:   Okay.  We are back on the record.  The

12 record will reflect the parties are present.  Witness is still

13 on the stand.  And, Ms. Forrest, I'm sure I misspoke.  I meant

14 redline, not redacted.

15     MS. FORREST:   Okay.  Thank you, Your Honor.  Thank

16 you.

17     THE COURT:   Thank you.  You may proceed.

18     MR. DOREN:   Thank you, Your Honor.  First I would

19 like to move to admit DX4167.

20     THE COURT:   Any objection?

21     MS. MOSKOWITZ:   Sorry.  I'm just flipping back.  I

22 don't think so.  No objection.

23     THE COURT:   Admitted.

24     (Defendant's Exhibit 4167 received in evidence)

25

# EXHIBIT 9

Confidential

EXHIBIT A



United States District Court
Northern District of California

Case No. __4:20-cv-05640-YGR__
Case Title *Epic Games, Inc. v. Apple, Inc.*
Exhibit No. __DX-3297__
Date Entered_____

Susan Y. Soong, Clerk
By: _____, Deputy Clerk

# Epic Games, Inc.

## Statement of Work Attachment

This Statement of Work, effective August 1, 2020, summarizes the agreement reached between Epic Games, Inc. ("Epic") and The Messina Group ("Consultant") and is an attachment to, and governed by that certain Consulting Services Agreement by and between the parties, dated August 1, 2020.

### PROJECT SCOPE DESCRIPTION

Consultant will work as directed by Matthew Weissinger, or Epic personnel so designated, to provide the following services in connection with the Liberty project.

**Coalition creation**
Consultant will set up a separate organization that will give the member companies a combined platform, leverage opposition research, put opponents on the defensive, and ultimately discredit their narratives and practices. Specifically, this coalition ("Coalition") will operate as a 501(c)(4) that is separate and independent from Epic. The Coalition will define the opposition aggressively—who they are, what they do and their motives while proactively positioning the campaign focus. The Coalition will pitch local and national press, influence conversations on social media, and engage in other earned media efforts.

- Internal infrastructure: The day-to-day operations will be managed by the Consultant with direct reporting into Epic's head of marketing and will lead regular campaign meetings with the appropriate Coalition stakeholders.
- Research: Consultant will organize thorough research both nationally and in target media markets to both test the most effective campaign messaging as well as identify themes with the most impact on opponents. This research would be subcontracted out to a research firm that specializes in message testing and opposition weakness identification.
- Campaign planning: Consultant will identify the top media markets, outlets, and media verticals for setting precedent and influencing opinion change.
- Messaging: In consultation with Epic, the Coalition founding members, and the research vendor, Consultant will develop all messaging materials including talking points, press materials, FAQ, and rapid response tools for use by both the Coalition and its membership.
- Digital asset development: Consultant will develop and launch a digital content hub and action platform that will serve as the primary repository for online messaging, organizing, and supporter activation Components of the digital program will include but not be limited to:
  - Branding: Create naming, tagline(s), and supporting extensions that will comprise the digital brand platform, including identity/logo, domain names, subdomains, hashtags, and more.
  - Website: Establish a flexible, scalable site that allows for featured content, a primary blog, community/advocacy actions, email signup, and supporter data collection.
  - Social channels: Stand up branded social channels as advisable across the most critical mediums and establish a baseline audience through partners and passionate supporters.
  - Email communications: Establish primary voices and construct an email communications calendar that will serve to announce new initiatives, highlight engagement opportunities, and recruit new supporters.
  - Supporter database: Pool supporter data and compile a custom supporter database that harvests all online actions including email behavior, advocacy actions, social following, and engagement. Consultant will build the email data base by both, purchasing existing databases of targeted supporters while also organically building the database through earned and paid media.
  - Specialty media: Beyond normal content flow, Consultant will identify options for feeding channels with multimedia content relevant to the audiences most likely to be supportive of the membership (i.e., gamers).

- Action platform: Consultant will build out an action platform that rests on the Coalition website that can be used to activate supporters via email, text, or other digital campaigns.

**Membership Recruitment**

Consultant will assist in the direct recruitment of Coalition membership. Reputable, knowledgeable and strategic third parties bring legitimacy to the Campaign and show widespread support across different product verticals. By joining the Coalition as member, these third parties credibly defend claims about the Coalition narratives and broadly show the impact beyond just Epic, the founding Coalition members and our customers. They serve as go-to experts with press, participants in Coalition initiatives, and validators for our issues.

- Membership pitch: Consultant will develop blogs, letters, manifestos and talking points that detail the Coalition's ideological opposition to the app tax and other fundamental issues, and shares examples of how consumers and creators are being harmed. This narrative will end with the call to action of joining the Coalition.
- Founding member targets and approach: Every Coalition starts with its founding membership. This typically consists of contemporaries who have at a minimum a professional friendship with a member of the leadership team at Epic or the other founding members. Consultant will assist with the steps involved:
  - Identify 3-5 target founding members from relevant industry sectors and verticals.
  - Identify who within founding membership has relationship(s) at the target companies.
  - Prepare the founding members to make the pitch with relevant talking points and ask.
  - Provide follow-up materials and/or documentation for potential member.
  - Once recruited, Consultant will take the lead on engaging with the member regarding the Campaign
- Membership roll-up: Once the founding members are on board, Consultant will help to round out the membership roster to include small and mid-size companies from the target categories. Epic, with additional support by the founding members, will recommend to the Coalition (and when warranted make introductions) small and mid-size companies for the Coalition to pitch membership. The Coalition will also develop an independent target list to ensure the roster is fully built, with the goal of adding 100+ of these small and mid-size companies.

**Coalition Launch**

The proven and tested Coalition formula is as follows: established to correct a wrong + media interest + sustained public attacks = success. Thus, for the Coalition to be effective, Consultant will help to establish a reason for it to exist (either organic or manufactured), and introduce the campaign with a widespread media and marketing attention moment followed by a long tail of recurring media interest inflection points.

- Pre-launch initiatives: Consultant will help develop a narrative and messaging that supports the reason for the Coalition to exist, to be used with the media, regulators, and industry stakeholders.
- Manufactured inflection point: Consultant will help guide Epic and the founding members through its launch inflection point, a Consultant determined tactic.
- Launch: Consultant will assist with the campaign launch event, which may include:
  - A press conference in front of the opponent's office attended by the CEO's of the founding members in which they outline the harm caused by the opponents and introduce the Coalition and its mission.
  - Exclusive story in a major daily news outlet followed by a day of story pitching and media interviews, all participated in remotely by a select group of member CEO's.

**Coalition Campaign**

The Coalition is managed and operated by Consultant, with oversight from the founding members, and charged with generating continuous media and campaign tactic pressure on the opponents in parallel to our litigation efforts. Once it has been launched, the Coalition will be completely focused on keeping our issues in the news and continuing to grow a supporter base of the public/member company customers. The tactics employed will be determined based on budget, the campaign plan, and the aggression tolerance of the founding members. Tactics will fall into the following categories:

- Earned media: Traditional public relations where Consultant use the press to apply pressure and drive

support. External communications will follow a two-week cadence where Consultant create news through an inflection point every 2 weeks, and then generate continued press on that point through a 14-day tail. With this strategy Consultant build momentum to impactful crescendo moments.

- The communications strategy focuses on, exhausts, and moves on with 3 distinct audiences—press, consumers, and policy maker—to influence the groups most likely to have an impact on the opponents.
- Owned media: Each of the member companies have channels for directly communicating with their customers, audience, and supporters. It's an incredible tool for communicating pointed messaging but is challenged by a somewhat limited reach, so it's critical it's done in coordination with other tactics.
- Paid media: Influencing the general public on an issue as well as building a game-changing supporter list requires consistent marketing targeted at likely supporters and opponent detractors.
- Petition: The most effective way to demonstrate consumer support on an issue (and the fastest way to get consumers to act) is to direct them to sign a petition. Consultant will target out digital advertising to both function as a push/pressure campaign and elicit participation on the petition. Reaching significant petition signers, hundreds of thousands to millions is entirely based on the length of the marketing campaign and reach of the spend.
- Public affairs: From events to op-eds to digital tactics, all tested and proven campaign tactics should be available.
- Initiatives: Advocacy must be followed by action that demonstrates the seriousness of the players and issue. Most large campaigns are won by first building momentum through many small wins.

**Corporate Advisory**

Consultant's staff will be on-call and available for the length of the engagement—either via email, phone, or in-person for Epic campaign, communications, strategy, and general consulting needs not defined in the scope of engagement above.

## PROJECT PAYMENT AND TERMS

For the above services, upon delivery to Epic's satisfaction, Epic agrees to pay Consultant ███████ per month for 6 months. The maximum budget under this Statement of Work is ███████ All Work shall be completed by February 2, 2021. Consultant shall work offsite.

All Epic preapproved business related expenses (travel, hotel, and meals) will be reimbursed by Epic upon the receipt of an itemized invoice and appropriate documentation.

Epic may provide Consultant with certain hardware to perform the services hereunder and in such event Consultant shall return such hardware to Epic at the conclusion of the term of this Statement of Work.

Consultant shall invoice Epic on a monthly basis and Epic's payment terms are Net 30 from invoice receipt.

ANY THIRD-PARTY CONTENT -- INCLUDING BUT NOT LIMITED TO AUDIOVISUAL CONTENT (E.G., IMAGES, TEXTURES, ANIMATIONS, ASSETS, MUSIC, ETC.), TRADEMARKS, COPYRIGHTED CONTENT, COMPUTER SOFTWARE CODE (E.G., SOURCE CODE, DLLS, LIBRARIES, SDK'S, ETC.), OR OTHER MATERIAL -- NOT WRITTEN, CONCEIVED OR DEVELOPED INTERNALLY BY CONSULTANT SPECIFICALLY IN CONNECTION WITH THE SERVICES CONTRACTED BY EPIC UNDER THIS SOW MUST FIRST BE APPROVED BY EPIC BEFORE CONSULTANT CAN INCORPORATE IT INTO ANY DELIVERABLE TO EPIC.  PLEASE ESCALATE ANY SUCH THIRD-PARTY CONTENT TO YOUR CONTACT AT EPIC FOR REVIEW AND APPROVAL.

This Statement of Work and the Consulting Services Agreement, as applicable, constitute the entire agreement between the parties with respect to the subject matter hereof and supersede all prior agreements and understandings between the parties with respect to the subject matter hereof, whether oral or written.

[Signature Page Follows]

IN WITNESS WHEREOF, the parties hereby execute this Statement of Work Attachment by and through their respective and duly authorized representatives.

**The Messina Group**

Signed:_____

Printed Name:_____

Title:_____

**Epic Games, Inc.**

Signed:_____

Printed Name:_____

Title:_____

# EXHIBIT 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Northern District of California

| | | | |
|---|---|---|---|
| EPIC GAMES, INC. v. APPLE INC. | ) | Civil Action Nos. | 4:20-CV-05640-YGR |
| CAMERON ET AL v. APPLE INC. | ) | | 4:19-CV-03074-YGR |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | ) | | 4:11-CV-06714-YGR |
| | ) | | |
| | ) | | |
| | ) | | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:                              Yoga Buddhi Co.
(c/o InCorp Services, Inc., 5716 Corsa Ave, Suite 110, Westlake Village, CA 91362-7354)

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A

| Place: McDermott Will & Emery LLP<br>2049 Century Park East<br>Suite 3200<br>Los Angeles, CA 90067-3206<br><br>Or as otherwise agreed. | Date and Time:<br>December 22, 2020 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 8, 2020

*CLERK OF COURT*

OR

_____                    */s/ Michelle Lowery*
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*
                                                            Michelle Lowery

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Apple Inc.___
_____, who issues or requests this subpoena, are:

Michelle Lowery, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206, mslowery@mwe.com, (310) 551-9309



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 4:20-CV-05640-YGR, 4:19-CV-03074-YGR, 4:20-CV-05640-YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ on *(date)*

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____   My fees are $ _____   My fees are $ _____

I declare under penalty of perjury that this information is true.

Date: _____          Date: _____
                                                          *Server's signature*

                                  _____
                                                          *Printed name and title*

                                  _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

# SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

## DEFINITIONS

1.       The following rules of construction shall apply to all discovery requests:

   a.   the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   b.   the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   c.   "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

   d.   the use of the singular form of any word includes the plural and vice versa.

2.       "**ADVERTISING**" shall mean the in-APP presentation of third-party promotional content in exchange for payment.

3.        "**APP**" shall mean a software application for a HANDHELD DEVICE or NON-HANDHELD DEVICE.  For the avoidance of doubt, the phrase "**YOUR APP**" shall mean any APP developed and/or published by YOU.

4.       "**APP DEVELOPER**" shall mean any PERSON who developed one or more APPS.

5.       "**APP MARKETPLACE**" shall mean any online storefront where APPS are offered for download and/or purchase. This term shall include, without limitation, Google Play, the Samsung Galaxy Store, Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon Underground, the Microsoft Store for Xbox, the Windows Store, the Windows Phone Store, the Epic Games Store, Steam, Origin, online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo, and websites that offer APPS.

6.      "**COALITION**" shall mean the Coalition for App Fairness in which YOU are a member or founder.

7.      "**COMMUNICATION**" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

8.      "**CONCERNING**" a given subject shall mean: directly or indirectly comprising, concerning, constituting, containing, discussing, embodying, evidencing, exhibiting, identifying, mentioning, negating, pertaining to, recording, regarding, reflecting, relating to, showing, or supporting a given subject matter.

9.      "**DEFENDANT**" shall mean Apple Inc.

10.     "**DEVICE**" shall mean any **HANDHELD DEVICE** or **NON-HANDHELD DEVICE.**

11.     "**DOCUMENT**" and "**DOCUMENTS**" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; COMMUNICATIONS; memoranda; records; REPORTS; books; records, REPORTS, and/or summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, REPORTS, and/or summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, INCLUDING information contained in any computer although not yet printed out. Any production of electronically stored information shall include the information needed to understand such information. The term "DOCUMENT" or "DOCUMENTS" further includes all copies where the copy is not identical to the original.

12. "**EPIC**" shall mean Epic Games, Inc., its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, (including but not limited to Epic Games International S.à r.l and Life on Air, Inc.), and any PERSON that Epic Games, Inc., manages or controls.

13. "**EXTERNAL PRODUCTS**" shall mean digital products and services purchased outside of an APP (such as through an APP DEVELOPER's website) that one may use within an APP.

14. "**HANDHELD DEVICE**" shall mean any smartphone, tablet, or portable MP3 music player.

15. "**INCLUDING**" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

16. "**IN-APP PRODUCT**" shall mean any feature, service, or functionality that can be enabled or unlocked within an APP in exchange for a fee, INCLUDING subscriptions, access to premium content, unlocking a full version of an APP, or paying to eliminate advertisements within an application.

17. "**MALWARE**" shall mean APPS and other software that could put users, user data, or devices at risk, INCLUDING computer viruses, worms, trojans, ransomware, scareware, spyware, phishing apps, backdoors, hostile downloaders, mobile billing fraud apps (including SMS fraud, call fraud, and toll fraud), and click fraud apps.

18. "**NAMED CONSUMER PLAINTIFF**" shall mean a named plaintiff in *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.), INCLUDING:

    a. **Edward W. Hayter**, of Brooklyn, NY;

    b. **Edward Lawrence**, of California;

    c. **Robert Pepper**, of Chicago, IL; and

    d.   **Stephen H. Schwartz**, of Ardsley, NY.

19.    **"NAMED DEVELOPER PLAINTIFF"** shall mean a named plaintiff in *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.), and *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.), INCLUDING:

    a.   **Donald R. Cameron**, of California;

    b.   **Barry Sermons**, of Georgia; and

    c.   **Pure Sweat Basketball, Inc.**, an Illinois corporation.

20.    **"NON-HANDHELD DEVICE"** shall mean laptop computers, desktop computers, or video game consoles.

21.    **"PERSON"** shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

22.    **"REPORTS"** shall mean any final reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

23.    **"THE"** shall not be construed as limiting the scope of any topic.

24.    **"YOU"** or **"YOUR"** shall refer to Yoga Buddhi Co. or any of its predecessor or successor companies, subsidiaries, corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

## INSTRUCTIONS

1.    All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether YOU consider the attachments and enclosures to be relevant or responsive to the Request.

2.    In responding to these Requests, YOU shall produce all DOCUMENTS and information in YOUR possession, custody, or control, and all DOCUMENTS reasonably available to YOU, INCLUDING those in the possession, custody, or control of YOUR present and former

attorneys, investigators, accountants, agents, representatives, or other PERSONS acting on YOUR behalf.

3.  These Requests shall not be deemed to call for identical copies of DOCUMENTS. "Identical" means precisely the same in all respects; for example, a DOCUMENT with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

4.  In the event YOU are able to produce only some of the DOCUMENTS called for in a particular Request, YOU shall produce all the DOCUMENTS available and state the reason(s) for YOUR inability to produce the remainder.

5.  If there are no DOCUMENTS responsive to a category in these Requests, YOU shall so state in writing. If a DOCUMENT requested is no longer existing or available, YOU shall so state in writing.

6.  If YOU object to a portion of any Request, YOU shall produce all DOCUMENTS called for by that portion of the Request to which YOU do not object.

7.  In producing DOCUMENTS responsive to these requests, YOU must Bates stamp them in a manner that clearly identifies the party that is producing each such DOCUMENT, and in whose possession the DOCUMENT was found.

8.  If any requested DOCUMENT is withheld on the basis of any claim of privilege, YOU must set forth the information necessary for DEFENDANT to ascertain whether the privilege properly applies, INCLUDING describing the DOCUMENT withheld, stating the privilege being relied upon, identifying all PERSONS (by name) who have had access to such DOCUMENT (INCLUDING all the identity(ies) of the author(s) or maker(s), recipient(s), carbon copy recipient(s), blind carbon copy recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the applicable date(s), and the subject matter(s) in a privilege log.

9.  If any portion of any DOCUMENT responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be

privileged redacted and logged in a privilege log pursuant to the preceding instructions.

10.     If YOU cannot answer all parts of a Request, but can answer some parts, YOU must answer those parts to which YOU can reply, and specify "unknown," or some other response, as appropriate, for any part to which YOU cannot reply.

11.     Unless otherwise stated, the time period for which the Requests seek DOCUMENTS is 2015 to the present.

12.     References to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof.

13.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from January 1 to December 31.

14.     These Requests are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers initially given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, YOU are required to supplement these responses and provide additional DOCUMENTS without a specific request from DEFENDANT.

15.     DEFENDANT serves these Requests without prejudice to its right to serve additional requests for production of DOCUMENTS.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to show the name of each APP, that YOU have published in any APP MARKETPLACE and for each such APP:

a.      the dates during which the APP was available for download by U.S. consumers from each APP MARKETPLACE;

b.       for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers from each APP MARKETPLACE;

c.       for each APP MARKETPLACE, the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.       YOUR decision to monetize the APP, INCLUDING why YOU chose the monetization strategy YOU did, and whether that strategy changed over time;

e.       the amount charged for APP downloads, subscriptions, and IN-APP PRODUCTS, by APP MARKETPLACE;

f.       YOUR annual revenues from APP downloads, subscriptions, and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available); and

g.       the number of minutes of usage of such APP.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show, with respect to any APP MARKETPLACE:

a.       the total yearly amount remitted to YOU by each APP MARKETPLACE from sales of APPS, subscriptions, and IN-APP PRODUCTS (by APP and method of monetization, if available);

b.       any estimates of or accounting for annual ADVERTISING revenue attributable to each APP MARKETPLACE (by APP, if available);

c.       any estimates of or accounting for YOUR annual revenues from sales of EXTERNAL PRODUCTS attributable to each APP MARKETPLACE (by APP and method of monetization, if available);

d.       any estimates of or accounting for annual revenues (other than the foregoing) attributable to each APP MARKETPLACE (by APP and method of monetization, if available);

7

e.      any estimates of or accounting for annual earnings, income, or profit (whether gross or net) attributable to each APP MARKETPLACE (by APP and method of monetization, if available); and

f.      any comparisons of monetization rates across each APP MARKETPLACE for YOUR APPS distributed through each APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to HANDHELD DEVICE users, and for each such APP:

a.      the dates during which the APP was available for direct download to such U.S. consumers;

b.      for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers;

c.      the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did, and whether that strategy changed over time;

e.      the amount charged for APP downloads and IN-APP PRODUCTS; and

f.       YOUR annual revenues from APP downloads, subscriptions, and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to NON-HANDHELD DEVICE users, and for each such APP:

a.      the dates during which the APP was available for direct download to such U.S. consumers;

b.      for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers;

c.      the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did, and whether that strategy changed over time;

e.      the amount charged for APP downloads and IN-APP PRODUCTS; and

f.      YOUR annual revenues from APP downloads, subscriptions, and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**REQUEST FOR PRODUCTION NO. 5:**

REPORTS comparing the distribution of YOUR APPS through different APP MARKETPLACES INCLUDING:

a.      the past or present benefits or costs of distribution in each APP MARKETPLACE;

b.      past or present fees and commission rates charged by each APP MARKETPLACE, INCLUDING how such fees and commission rates affect the attractiveness of the APP MARKETPLACE to YOU;

c.      past or present security or privacy protections offered in each APP MARKETPLACE;

d.      past or present APP REVIEW and approval procedures and practices in each APP MARKETPLACE;

e.      past or present tools for APP DEVELOPERS in each APP MARKETPLACE;

f.      past or present relative ease or difficulty of updating YOUR APPS in each APP MARKETPLACE;

g.      past or present decision to distribute YOUR APPS on a particular APP MARKETPLACE;

h.      contemplated, planned, or actual distribution of YOUR APPS directly (*i.e.*, not through an APP MARKETPLACE) to DEVICE users; and

i.      past or present APP maintenance activities in each APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 6:**

REPORTS concerning competition for each of YOUR APPS, INCLUDING:

a.      who YOU consider to be YOUR competitors for each of YOUR APPS;

b.      whether YOU offer the products or services available in YOUR APPS to NON-HANDHELD DEVICE users; and

c.      comparisons of YOUR APPS to other competing products.

**REQUEST FOR PRODUCTION NO. 7**:

DOCUMENTS sufficient to show YOUR processes and protocols related to security, user data protection and protection against MALWARE, INCLUDING:

a.   amount of time allocated as part of the development of YOUR APPS to security, user data protection and protection against MALWARE;

b.   costs YOU incur related to your efforts to make YOUR APPS secure, protect user data and protect users from MALWARE;

c.   controls you have in place in relation to each of YOUR APPS that protect user data and protect user from MALWARE; and

d.   frequency of and results from third party security review.

**REQUEST FOR PRODUCTION NO. 8**:

REPORTS AND DOCUMENTS related to the existence of MALWARE in connection with any of YOUR APPS, INCLUDING, in relation to each MALWARE incident:

a.   description of the MALWARE and how it was used to attack the user's DEVICE, INCLUDING whether the MALWARE resulted in ransomware being installed on the user's DEVICE;

10

b.  the number of users impacted and any financial loss incurred by the users and by YOU;

c.  breakdown of the DEVICES the users were using at the time the MALWARE was used to attack their DEVICE;

d.  any change in user DEVICE preference as a result of a MALWARE incident;

e.  breakdown of which APP MARKETPLACE(S) the users downloaded the APP from that was affected by the MALWARE;

f.  details of how YOU became aware of the incident, how long the MALWARE was active, and what actions you took to stop the incident; and

g.  security updates and measures you took to prevent future MALWARE incidents.

**REQUEST FOR PRODUCTION NO. 9**:

DOCUMENTS, INCLUDING COMMUNICATIONS, CONCERNING any   security   or privacy concerns or incidents YOU had in relation to any APP MARKETPLACE or DEVICE.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS, INCLUDING COMMUNICATIONS CONCERNING the COALITION INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, and fees.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS CONCERNING COMMUNICATIONS with any actual or proposed founder or member of the COALITION, INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, Epic Games Inc., European Publishers Council, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, and Tile, CONCERNING the COALITION, DEFENDANT, any APP MARKETPLACE, YOUR APP(s), and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 12:**

For each of YOUR APPS, DOCUMENTS sufficient to show the extent to which:

a.  IN-APP PRODUCTS or EXTERNAL PRODUCTS purchased on one DEVICE can be applied to the same APP on another DEVICE;

b. IN-APP PRODUCTS or EXTERNAL PRODUCTS purchased outside of a DEVICE can be applied to YOUR APPS; and

c.  consumers use the APP on multiple DEVICES.

**REQUEST FOR PRODUCTION NO. 13:**

For each of YOUR APPS, DOCUMENTS sufficient to show the prices of IN-APP PRODUCTS or EXTERNAL PRODUCTS, whether those prices vary based on DEVICE or where purchased, and whether APP users respond to discounts on IN-APP PRODUCTS or EXTERNAL PRODUCTS.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS CONCERNING YOUR decision to sell YOUR APPS, INCLUDING subscriptions, at a discounted or different price on YOUR website than through IN-APP purchases.

**REQUEST FOR PRODUCTION NO. 15:**

REPORTS CONCERNING the habits of YOUR APP users, INCLUDING whether users of YOUR APPS own multiple DEVICES and whether they use YOUR APPS on multiple DEVICES.

**REQUEST FOR PRODUCTION NO. 16**:

DOCUMENTS CONCERNING YOUR negotiations with operators of APP MARKETPLACES, INCLUDING YOUR negotiations CONCERNING commission rates.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show YOUR efforts to increase the ability of consumers in the United States to find and download YOUR APPS in any APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to show YOUR agreements or contracts with any APP MARKETPLACE or DEVICE manufacturer, INCLUDING any guidelines or rules setting forth

12

the terms and conditions under which YOU may distribute YOUR APPS through any APP MARKETPLACE(S) or to DEVICE users.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show any marketing, services, assistance, or support provided to YOU by any APP MARKETPLACE or DEVICE manufacturer, INCLUDING APP development tools, application programming interfaces ("APIs"), programming tools, technical support, opportunities for testing APPS before they are released to the consumers, marketing, payment processing, refund processing, and security measures.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS relating to the interaction of YOUR APPS with APPLE's "Health" App and any benefits derived by users from such interactions.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS relating to any advantages YOU perceive from YOUR APPS not storing user credit card information.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR marketing strategy for growing your user base and how each strategy contributed to YOUR APPS getting downloaded millions of times.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS and COMMUNICATIONS, INCLUDING customer complaints and reviews, for each of YOUR APPS relating to:

a.  YOUR customer service and responsiveness;

b.  YOUR APPS conducting any background activity without obtaining customer permission; and

c.  Any instances where an APP MARKETPLACE helped resolve any customer complaints, INCLUDING any instances where the APP MARKETPLACE refunded a customer any money.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS describing the organizational structure of, and/or listing personnel working within, any division or unit of YOUR business that is responsible for YOUR APPS.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to show what user information and data YOU collect and how YOU collect the user information and data, INCLUDING data about each user's activity such as configurations and preferences chosen and classes taken and favored and/or saved.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to show how YOU use user information and data, INCLUDING all third parties with whom you share user information and data with, INCLUDING REPORTS reflecting when and how you have shared user information and data with third parties.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS relating to YOUR privacy practices and concerns about user privacy, INCLUDING any customer COMMUNICATIONS raising questions or concerns about how YOU use and/or share customer information and data.

**REQUEST FOR PRODUCTION NO. 28:**

ALL COMMUNICATIONS between YOU and any NAMED CONSUMER PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 29:**

ALL COMMUNICATIONS between YOU and any NAMED DEVELOPER PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 30:**

ALL COMMUNICATIONS between YOU and any APP DEVELOPER, INCLUDING EPIC, or any member of the COALITION, CONCERNING:

a.      the DEFENDANT'S iOS App Store, INCLUDING any guidelines, policies, and procedures for the DEFENDANT'S iOS App Store;

b.      policies, practices, and/or procedures for handling and processing payments for the sale of IN-APP PRODUCTS;

c.      the following ongoing litigation, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:

  i.     *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

  ii.    *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

  iii.   *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

  iv.    *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

  v.     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 31:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE(S), the DEFENDANT, or YOUR privacy practices and user data.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS provided to EPIC in relation to any of the following litigations:

  i.     *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

  ii.    *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

  iii.   *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

  iv.    *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

  v.     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

# EXHIBIT 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Northern District of California

| | | | |
|---|---|---|---|
| EPIC GAMES, INC. v. APPLE INC. | ) | Civil Action Nos. | 4:20-CV-05640-YGR |
| CAMERON ET AL v. APPLE INC. | ) | | 4:19-CV-03074-YGR |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | ) | | 4:11-CV-06714-YGR |
| | ) | | |
| | ) | | |
| | ) | | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Match Group, Inc.
8750 N. Central Expressway, Suite 1400, Dallas, TX 75321

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A

| | |
|---|---|
| Place: Gibson, Dunn & Crutcher LLP<br>      555 Mission Street<br>      Suite 3000<br>      San Francisco, CA 94105-0921<br><br>      Or as otherwise agreed. | Date and Time:<br>December 23, 2020 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 9, 2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jay Srinivasan<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Jay Srinivasan |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____Apple Inc._____
_____, who issues or requests this subpoena, are:

333 South Grand Avenue, Los Angeles, CA 90071-3197, jsrinivasan@gibsondunn.com, 213.229.7296

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 4:20-CV-05640-YGR, 4:19-CV-03074-YGR, 4:20-CV-05640-YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ on *(date)*

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____   My fees are $ _____   My fees are $   _____

I declare under penalty of perjury that this information is true.

Date: _____         Date: _____

                                                            *Server's signature*

                                       _____

                                                            *Printed name and title*

                                       _____

                                                            *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---


American LegalNet, Inc.
www.FormsWorkFlow.com

# SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

## DEFINITIONS

1.      The following rules of construction shall apply to all discovery requests:

   a.   the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   b.   the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   c.   "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

   d.   the use of the singular form of any word includes the plural and vice versa.

2.      "**ADVERTISING**" shall mean the in-APP presentation of third-party promotional content in exchange for payment.

3.      "**APP**" shall mean a software application for a HANDHELD DEVICE or NON-HANDHELD DEVICE.  For the avoidance of doubt, the phrase "**YOUR APP**" shall mean any APP developed and/or published by YOU, INCLUDING Tinder, Pairs, Hinge, Match, Plenty of Fish, and OK Cupid.

4.      "**APP DEVELOPER**" shall mean any PERSON who developed one or more APPS.

5.      "**APP MARKETPLACE**" shall mean any online storefront where APPS are offered for download and/or purchase. This term shall include, without limitation, Google Play, the Samsung Galaxy Store, Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon Underground, the Microsoft Store for Xbox, the Windows Store, the

1

Windows Phone Store, the Epic Games Store, Steam, Origin, online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo, and websites that offer APPS.

6.      "**COALITION**" shall mean the Coalition for App Fairness in which YOU are a member or founder.

7.      "**COMMUNICATION**" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

8.      "**CONCERNING**" a given subject shall mean: directly or indirectly comprising, concerning, constituting, containing, discussing, embodying, evidencing, exhibiting, identifying, mentioning, negating, pertaining to, recording, regarding, reflecting, relating to, showing, or supporting a given subject matter.

9.      "**DEFENDANT**" shall mean Apple Inc.

10.     "**DEVICE**" shall mean any **HANDHELD DEVICE** or **NON-HANDHELD DEVICE.**

11.     "**DOCUMENT**" and "**DOCUMENTS**" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; COMMUNICATIONS; memoranda; records; REPORTS; books; records, REPORTS, and/or summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, REPORTS, and/or summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, INCLUDING information contained in any computer although not yet printed out. Any production of electronically stored information shall include the information needed to

understand such information. The term "DOCUMENT" or "DOCUMENTS" further includes all copies where the copy is not identical to the original.

12.    "**EPIC**" shall mean Epic Games, Inc., its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, (including but not limited to Epic Games International S.à r.l and Life on Air, Inc.), and any PERSON that Epic Games, Inc., manages or controls.

13.    "**EXTERNAL PRODUCTS**" shall mean digital products and services purchased outside of an APP (such as through an APP DEVELOPER's website) that one may use within an APP.

14.    "**HANDHELD DEVICE**" shall mean any smartphone, tablet, or portable MP3 music player.

15.    "**INCLUDING**" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

16.    "**IN-APP PRODUCT**" shall mean any feature, service, or functionality that can be enabled or unlocked within an APP in exchange for a fee, INCLUDING subscriptions, access to premium content, unlocking a full version of an APP, or paying to eliminate advertisements within an application.

17.    "**MALWARE**"  shall mean APPS and other software that could put users, user data, or devices at risk, INCLUDING computer viruses, worms, trojans, ransomware, scareware, spyware, phishing apps, backdoors, hostile downloaders, mobile billing fraud apps (including SMS fraud, call fraud, and toll fraud), and click fraud apps.

18.    "**NAMED CONSUMER PLAINTIFF**" shall mean a named plaintiff in *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.), INCLUDING:

    a.    **Edward W. Hayter**, of Brooklyn, NY;

      b.   **Edward Lawrence**, of California;

      c.   **Robert Pepper**, of Chicago, IL; and

      d.   **Stephen H. Schwartz**, of Ardsley, NY.

19.     **"NAMED DEVELOPER PLAINTIFF"** shall mean a named plaintiff in *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.), and *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.), INCLUDING:

      a.   **Donald R. Cameron**, of California;

      b.   **Barry Sermons**, of Georgia; and

      c.   **Pure Sweat Basketball, Inc.,** an Illinois corporation.

20.     **"NON-HANDHELD DEVICE"** shall mean laptop computers, desktop computers, or video game consoles.

21.     **"PERSON"** shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

22.     **"REPORTS"** shall mean any final reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses.

23.     **"THE"** shall not be construed as limiting the scope of any topic.

24.     **"YOU"** or **"YOUR"** refers to Match Group, Inc. and any of its subsidiaries, predecessor or successor companies, departments, divisions, joint ventures, INCLUDING any other organization or entity which YOU manage or control, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants and any other person or entity acting on its behalf, or any person or entity that served in any such role at any time.

<u>**INSTRUCTIONS**</u>

1.     All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether YOU consider the attachments and enclosures to be relevant or responsive to the Request.

4

2.     In responding to these Requests, YOU shall produce all DOCUMENTS and information in YOUR possession, custody, or control, and all DOCUMENTS reasonably available to YOU, INCLUDING those in the possession, custody, or control of YOUR present and former attorneys, investigators, accountants, agents, representatives, or other PERSONS acting on YOUR behalf.

3.     These Requests shall not be deemed to call for identical copies of DOCUMENTS. "Identical" means precisely the same in all respects; for example, a DOCUMENT with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

4.     In the event YOU are able to produce only some of the DOCUMENTS called for in a particular Request, YOU shall produce all the DOCUMENTS available and state the reason(s) for YOUR inability to produce the remainder.

5.     If there are no DOCUMENTS responsive to a category in these Requests, YOU shall so state in writing. If a DOCUMENT requested is no longer existing or available, YOU shall so state in writing.

6.     If YOU object to a portion of any Request, YOU shall produce all DOCUMENTS called for by that portion of the Request to which YOU do not object.

7.     In producing DOCUMENTS responsive to these requests, YOU must Bates stamp them in a manner that clearly identifies the party that is producing each such DOCUMENT, and in whose possession the DOCUMENT was found.

8.     If any requested DOCUMENT is withheld on the basis of any claim of privilege, YOU must set forth the information necessary for DEFENDANT to ascertain whether the privilege properly applies, INCLUDING describing the DOCUMENT withheld, stating the privilege being relied upon, identifying all PERSONS (by name) who have had access to such DOCUMENT (INCLUDING all the identity(ies) of the author(s) or maker(s), recipient(s), carbon copy recipient(s), blind carbon copy recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the

applicable date(s), and the subject matter(s) in a privilege log.

9.      If any portion of any DOCUMENT responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

10.     If YOU cannot answer all parts of a Request, but can answer some parts, YOU must answer those parts to which YOU can reply, and specify "unknown," or some other response, as appropriate, for any part to which YOU cannot reply.

11.     Unless otherwise stated, the time period for which the Requests seek DOCUMENTS is 2010 to the present.

12.     References to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof.

13.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from January 1 to December 31.

14.     These Requests are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers initially given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, YOU are required to supplement these responses and provide additional DOCUMENTS without a specific request from DEFENDANT.

15.     DEFENDANT serves these Requests without prejudice to its right to serve additional requests for production of DOCUMENTS.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to show the name of each APP, that YOU have published in any APP MARKETPLACE and for each such APP:

a.      the dates during which the APP was available for download by U.S. consumers from each APP MARKETPLACE;

b.      for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers from each APP MARKETPLACE;

c.      for each APP MARKETPLACE, the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the monetization strategy YOU did, and whether that strategy changed over time;

e.      the amount charged for APP downloads, subscriptions and IN-APP PRODUCTS, by APP MARKETPLACE;

f.      YOUR annual revenues from APP downloads, subscriptions, IN-APP PRODUCTS, attributable to such distribution (by APP and by type of monetization, if available); and

g.      the number of minutes of usage of such APP.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show, with respect to any APP MARKETPLACE:

a.      the total yearly amount remitted to YOU by each APP MARKETPLACE from sales of APPS, subscriptions, and IN-APP PRODUCTS (by APP and method of monetization, if available);

b.      any estimates of or accounting for annual ADVERTISING revenue attributable to each APP MARKETPLACE (by APP, if available);

c.      any estimates of or accounting for YOUR annual revenues from sales of EXTERNAL PRODUCTS attributable to each APP MARKETPLACE (by APP and method of monetization, if available);

7

d.     any estimates of or accounting for annual revenues (other than the foregoing) attributable to each APP MARKETPLACE (by APP and method of monetization, if available);

e.     any estimates of or accounting for annual earnings, income, or profit (whether gross or net) attributable to each APP MARKETPLACE (by APP and method of monetization, if available); and

f.     any comparisons of monetization rates across each APP MARKETPLACE for YOUR APPS distributed through each APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to HANDHELD DEVICE users, and for each such APP:

a.     the dates during which the APP was available for direct download to such U.S. consumers;

b.     for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers;

c.     the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.     YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did, and whether that strategy changed over time;

e.     the amount charged for APP downloads and IN-APP PRODUCTS;

f.     the percentage of the subscription costs paid to YOU that YOU retain for yourself versus pass through to the websites that you partner with; and

g.     YOUR annual revenues from APP downloads, subscriptions and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to NON-HANDHELD DEVICE users, and for each such APP:

a.      the dates during which the APP was available for direct download to such U.S. consumers;

b.      for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers;

c.      the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did, and whether that strategy changed over time;

e.      the amount charged for APP downloads and IN-APP PRODUCTS;

f.      the percentage of the subscription costs paid to YOU that YOU retain for yourself versus pass through to the websites that you partner with; and

g.      YOUR annual revenues from APP downloads, subscriptions, and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**REQUEST FOR PRODUCTION NO. 5:**

REPORTS comparing the distribution of YOUR APPS through different APP MARKETPLACES INCLUDING:

a.      the past or present benefits or costs of distribution in each APP MARKETPLACE;

b.      past or present fees and commission rates charged by each APP MARKETPLACE, INCLUDING how such fees and commission rates affect the attractiveness of the APP MARKETPLACE to YOU;

9

c.      past or present security or privacy protections offered in each APP MARKETPLACE;

d.      past or present APP REVIEW and approval procedures and practices in each APP MARKETPLACE;

e.      past or present tools for APP DEVELOPERS in each APP MARKETPLACE;

f.      past or present relative ease or difficulty of updating YOUR APPS in each APP MARKETPLACE;

g.      past or present decision to distribute YOUR APPS on a particular APP MARKETPLACE;

h.      contemplated, planned, or actual distribution of YOUR APPS directly (*i.e.*, not through an APP MARKETPLACE) to DEVICE users; and

i.      past or present APP maintenance activities in each APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS, INCLUDING COMMUNICATIONS, CONCERNING any security or privacy concerns or incidents YOU had in relation to any APP MARKETPLACE or DEVICE

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to show, for each of YOUR APPS available in the DEFENDANT'S APP MARKETPLACE, whether and to what extent users of YOUR APP may purchase EXTERNAL PRODUCTS (including premium memberships or subscriptions to YOUR dating services) on YOUR WEBSITE and use those EXTERNAL PRODUCTS within YOUR APP.

**REQUEST FOR PRODUCTION NO. 8:**

REPORTS RELATING TO all benefits YOU receive from the ability to distribute APPS to iOS users without paying any commission, transaction fee, and/or royalty to DEFENDANT, INCLUDING any REPORTS CONCERNING the role of iOS distribution in maximizing the user base for YOUR APPS, and any accounting for revenues and/or profits associated with or derived from iOS users who do not purchase IN-APP PRODUCTS.

**REQUEST FOR PRODUCTION NO. 9:**

For each of YOUR APPS, DOCUMENTS sufficient to show the prices of IN-APP PRODUCTS or EXTERNAL PRODUCTS, whether those prices vary based on DEVICE or where purchased, and whether APP users respond to discounts on IN-APP PRODUCTS or EXTERNAL PRODUCTS.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the price of all IN-APP PRODUCTS available in YOUR iOS APPS, the extent to which you charge different iOS users different prices for IN-APP PRODUCTS, and YOUR reasons for engaging in differential pricing.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show, for each of YOUR dating services (INCLUDING Tinder, Pairs, Hinge, Match, Plenty of Fish, and OK Cupid):

a. the number of unique user accounts that have accessed each service per year;

b. the number of unique user accounts that have accessed each service only through YOUR website;

c. the number of unique user accounts that have accessed each service only through YOUR APP; and

d. the number of unique user accounts that have accessed each service through both YOUR website and YOUR APP.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show, for each of YOUR APPS available in DEFENDANT'S APP MARKETPLACE, and for each year such APP has been available in DEFENDANT'S APP MARKETPLACE:

a. the number of unique user accounts that have accessed the APP; and

b. the number of unique user accounts that have accessed each APP and:

   i. have never purchased any of your digital products (INCLUDING premium memberships and subscriptions) from any source;

11

    ii.    have purchased your digital products (INCLUDING premium memberships and subscriptions) only through YOUR website;

    iii.    have purchased your digital products (INCLUDING premium memberships and subscriptions) as IN-APP PRODUCTS.

## REQUEST FOR PRODUCTION NO. 13:

REPORTS CONCERNING any comparisons between websites, web APPS (i.e., APPS run on a web server through a user's web browser), and native APPS, INCLUDING any comparisons of the extent to which APP DEVELOPERS use these different channels for distribution of services, the type of services APP DEVELOPERS offer through these different distribution channels, and the extent to which APP DEVELOPERS consider these distribution channels to be substitutes.

## REQUEST FOR PRODUCTION NO. 14:

REPORTS describing, setting forth, estimating, forecasting, or calculating the market share of each APP that YOU offer in DEFENDANT'S APP MARKETPLACE, INCLUDING any such REPORTS that discuss the market share of YOUR APPS with respect to particular demographics (such as users' location, age, gender, sexual orientation, or income level).

## REQUEST FOR PRODUCTION NO. 15:

REPORTS RELATING TO how YOU set the price of YOUR IN-APP PRODUCTS, INCLUDING REPORTS describing, contemplating, or modelling the outcome of any strategy to raise the price of YOUR IN-APP PRODUCTS or charge different users or user demographics different prices for YOUR IN-APP PRODUCTS.

## REQUEST FOR PRODUCTION NO. 16:

REPORTS comparing the price of YOUR IN-APP PRODUCTS to the prices charged for IN-APP PRODUCTS by any competing dating APP, such as Bumble or eHarmony.

## REQUEST FOR PRODUCTION NO. 17:

DOCUMENTS CONCERNING YOUR negotiations with operators of APP MARKETPLACES, INCLUDING YOUR negotiations CONCERNING commission rates.

**REQUEST FOR PRODUCTION NO. 18:**

REPORTS RELATING TO YOUR decision to "launch[] a new default payment process that skips Google Play and forces users to enter their credit card details straight into" YOUR Tinder APP, as reported in a July 19, 2019, article in *Bloomberg* (https://tinyurl.com/y6mr6fa3), INCLUDING REPORTS RELATING to the actual or potential impact of this decision on the price of IN-APP PRODUCTS in YOUR Tinder APP.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show the price of all IN-APP PRODUCTS available in YOUR Tinder APP on Google Play before and after YOU "launched a new default payment process that skips Google Play and forces users to enter their credit card details straight into" YOUR Tinder APP, as described in Request for Production No. 12.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show YOUR efforts to increase the ability of consumers in the United States to find and download YOUR APPS in any APP MARKETPLACE.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show YOUR agreements or contracts with any APP MARKETPLACE or DEVICE manufacturer, INCLUDING any guidelines or rules setting forth the terms and conditions under which YOU may distribute YOUR APPS through any APP MARKETPLACE(S) or to DEVICE users.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show any marketing, services, assistance, or support provided to YOU by any APP MARKETPLACE or DEVICE manufacturer, INCLUDING APP development tools, application programming interfaces ("APIs"), programming tools, technical support, opportunities for testing APPS before they are released to the consumers, marketing, payment processing, refund processing, and security measures.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS sufficient to show YOUR marketing strategies for growing YOUR user and subscriber base and how each strategy contributed to the growth of YOUR user and subscriber base.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS describing the organizational structure of, and/or listing personnel working within, any division or unit of YOUR business that is responsible for YOUR APPS.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to show what user information and data YOU collect and how YOU use user information and data, INCLUDING all third parties with whom you share user information and data with, INCLUDING REPORTS reflecting when and how you have shared user information and data with third parties.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS relating to YOUR privacy practices and concerns about user privacy, INCLUDING any customer COMMUNICATIONS raising questions or concerns about how YOU use and/or share customer information and data.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS supporting or refuting the allegation that you "used fake love interest advertisements to trick hundreds of thousands of consumers into purchasing paid subscriptions on Match.com," as alleged by the Federal Trade Commission in a September 25, 2019, blog post (https://www.ftc.gov/news-events/press-releases/2019/09/ftc-sues-owner-online-dating-service-matchcom-using-fake-love), INCLUDING all consumer complaints RELATING TO such alleged practices.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS concerning reports that "[m]ore than 70,000 photos of Tinder users [were] shared by members of an online cyber-crime forum," as reported in a January 16, 2020 article in *Gizmodo* (https://gizmodo.com/70-000-tinder-photos-of-women-just-got-dumped-on-a-

cybe-1841043456), INCLUDING DOCUMENTS sufficient to show how these photos were obtained from YOU.

**REQUEST FOR PRODUCTION NO. 29**:

DOCUMENTS, INCLUDING COMMUNICATIONS CONCERNING the COALITION INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, and fees.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS CONCERNING COMMUNICATIONS with any actual or proposed founder or member of the COALITION, INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, Epic Games Inc., European Publishers Council, News Media Europe, Prepear Inc., ProtonMail, SkyDemon, and Tile, CONCERNING the COALITION, DEFENDANT, any APP MARKETPLACE, YOUR APP(s), and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 31:**

ALL COMMUNICATIONS between YOU and any NAMED CONSUMER PLAINTIFF or NAMED DEVELOPER PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 32:**

ALL COMMUNICATIONS between YOU and any APP DEVELOPER, INCLUDING EPIC, or any member of the COALITION, CONCERNING:

a.     the DEFENDANT'S iOS App Store, INCLUDING any guidelines, policies, and procedures for the DEFENDANT'S iOS App Store;

b.     policies, practices, and/or procedures for handling and processing payments for the sale of IN-APP PRODUCTS;

c.      the following ongoing litigation, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:

i.     *In re Apple iPhone Antitrust Litigation.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

15

    ii.     *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

    iii.    *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

    iv.    *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

    v.     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS produced by YOU in relation to any of the following litigations:

    vi.    *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

    vii.    *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

    viii.    *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

    ix.    *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

    x.    *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

# EXHIBIT 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *Epic Games, Inc.* ) | |
| *v.* ) | Civil Action No. 4:20-CV-05640-YGR |
| *Apple Inc.* ) | |
| ) | |
| ) | |
| *Cameron et al.* ) | |
| *v.* ) | Civil Action No. 4:19-CV-03074-YGR |
| *Apple Inc.* ) | |
| ) | |
| ) | |
| *In re Apple iPhone Antitrust Litigation* ) | Civil Action No. 4:11-CV-06714-YGR |
| ) | |

---

**NON-PARTY BASECAMP, LLC'S OBJECTIONS TO DEFENDANT APPLE INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES**

---

TO:     Defendant, by and through its attorney, Michelle Lowery of McDermott Will & Emery LLP.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Basecamp, LLC ("Respondent") states its objections to Defendant's Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action ("Subpoena") as follows:

<u>**GENERAL OBJECTIONS**</u>

1.   Respondent objects to this Subpoena on the grounds that the production deadline set forth in the Subpoena is insufficient and fails to allow reasonable time for the identification, collection, review, and production of responsive materials, which, assuming any even exist, will require substantial time and effort to produce. The subpoena was served on December 8, 2020, and the date for compliance is December 22, 2020. Accordingly, the deadline set forth in the Subpoena places an undue burden on Basecamp. Basecamp will produce any responsive, non-privileged documents at a time and date to be agreed to by the parties.

2.   Respondent objects to the Subpoena to the extent that it seeks information that may be protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, common interest privilege or any other privilege. Should any such

disclosure by Respondent occur, it is inadvertent and shall not constitute a waiver of any privilege.

3. Respondent objects to the Subpoena, and any implied or express instruction or direction in the Subpoena, that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

4. Respondent objects to the Subpoena to the extent it purports to require Basecamp to conduct a search of all files in its possession, custody or control in an attempt to locate "All" or "Any" documents that might be responsive, Basecamp objects on the grounds that the Subpoena is overly broad and unduly burdensome and seeks discovery that is not proportional to the needs of the case. Basecamp does not generally maintain enterprise-wide subject matter files.

5. Respondent objects to the Subpoena to the extent that it seeks information and materials over an unreasonably long time period. The Subpoena requests documents created by Basecamp since January 1, 2010, a nearly eleven-year time period.

6. Respondent objects to the Subpoena to the extent that it may not reasonably be expected to yield information relevant to the allegations of the complaints, to the proposed relief, or to the defenses of any respondent.

7. Respondent objects to the Subpoena to the extent it seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Subpoena does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c).

8. Respondent objects to the Subpoena to the extent that it is unduly burdensome, impermissibly vague or ambiguous or requires unreasonable efforts or expense on the part of Respondent.

9. Respondent reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to the Subpoena, unless Respondent specifically states otherwise.

10. Respondent objects to the Subpoena to the extent it requires production of documents in the possession, custody, or control of former directors, officers, employees, agents, partners, representatives, and attorneys of Respondent or its subsidiaries. Documents such persons might possess are not within the possession, custody, or control of Respondent.

11. Respondent objects to the Subpoena to the extent it calls for information "concerning" a particular topic on the ground that gathering all documents containing

any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

12. Respondent objects to the Subpoena to the extent it requires Respondent to answer the Subpoena on behalf of third parties.

13. Respondent's answers to this Subpoena are given without prejudice to Respondent's right to produce evidence of any subsequently discovered facts. The failure of Respondent to object to any production request on a particular ground may not be construed as a waiver of Respondent's right to object on any additional ground(s).

## **REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to show the name of each APP, that YOU have published in any APP MARKETPLACE and for each such APP:

    a.    the dates during which the APP was available for download by U.S. consumers from each APP MARKETPLACE;

    b.    for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers from each APP MARKETPLACE;

    c.    for each APP MARKETPLACE, the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

    d.    YOUR decision to monetize the APP, INCLUDING why YOU chose the monetization strategy YOU did, and whether that strategy changed over time;

    e.     the amount charged for APP downloads, subscriptions and IN-APP PRODUCTS, by APP MARKETPLACE;

    f.    YOUR annual revenues from APP downloads, subscriptions, and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available); and

    g.    the number of minutes of usage of such APP.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection,

review, and production of documents and data.[1] Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case, it seeks information over an unreasonably long time period, and it seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 2:**
DOCUMENTS sufficient to show, with respect to any APP MARKETPLACE:

a.  the total yearly amount remitted to YOU by each APP MARKETPLACE from sales of APPS, subscriptions, and IN-APP PRODUCTS (by APP and method of monetization, if available);

b.  any estimates of or accounting for annual ADVERTISING revenue attributable to each APP MARKETPLACE (by APP, if available);

c.  any estimates of or accounting for YOUR annual revenues from sales of EXTERNAL PRODUCTS attributable to each APP MARKETPLACE (by APP and method of monetization, if available);

d.  any estimates of or accounting for annual revenues (other than the foregoing) attributable to each APP MARKETPLACE (by APP and method of monetization, if available);

e.  any estimates of or accounting for annual earnings, income, or profit (whether gross or net) attributable to each APP MARKETPLACE (by APP and method of monetization, if available); and

f.  any comparisons of monetization rates across each APP MARKETPLACE for YOUR APPS distributed through each APP MARKETPLACE.

---

[1] The identification location, collection, and production of responsive materials, assuming any even exist, require substantial time and effort, and Basecamp's investigation is still underway. Accordingly, the deadline set forth in the Subpoena places an undue burden on Basecamp. The subpoena was served on December 8, 2020, and the date for compliance is December 22, 2020.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case, it seeks information over an unreasonably long time period, and it seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to HANDHELD DEVICE users, and for each such APP:

    a.    the dates during which the APP was available for direct download to such U.S. consumers;

    b.    for each year that the APP was available, the number of times that the APP was downloaded by U.S. consumers;

    c.    the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the APP is available as a subscription, or uses any other method(s) or some combination of the above;

    d.    YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did, and whether that strategy changed over time;

    e.    the amount charged for APP downloads and IN-APP PRODUCTS;

    f.    the percentage of the subscription costs paid to YOU that YOU retain for yourself versus pass through to the websites that you partner with; and

g.      YOUR annual revenues from APP downloads, subscriptions and IN-APP
        PRODUCTS attributable to such distribution (by APP and by type of
        monetization, if available).

**OBJECTION:** Respondent objects to this Request on the grounds that the production
date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection,
review, and production of documents and data. Respondent also objects to the extent that the
Request is overbroad and unduly burdensome in scope, because Respondent has multiple
different apps and information pertaining to those apps is spread across several different business
units. This Request also seeks disclosure of proprietary and/or confidential business information
of Respondent. To the extent the Request does seek such information, Respondent will respond
only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks
information that is not relevant to the matters at issue in this case, it seeks information over an
unreasonably long time period, and it seeks information that Defendant should reasonably be
able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving
Respondent's ability to object more specifically to this Request, Respondent is willing to meet
and confer on a reasonable scope that is not overly broad and unduly burdensome, not
duplicative of information that is available publicly or from other parties, and seeks discovery
that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 4:**
DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available
for direct distribution (i.e., not through an APP MARKETPLACE) to NON-HANDHELD
DEVICE users, and for each such APP:

a.      the dates during which the APP was available for direct download to such U.S.
        consumers;

b.      for each year that the APP was available, the number of times that the APP was
        downloaded by U.S. consumers;

c.      the method(s) used (if any) to monetize the APP, INCLUDING, but not limited
        to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS,
        permits use of EXTERNAL PRODUCTS, features ADVERTISING, whether the
        APP is available as a subscription, or uses any other method(s) or some
        combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue
        model YOU did, and whether that strategy changed over time;

e.      the amount charged for APP downloads and IN-APP PRODUCTS;

     f.      the percentage of the subscription costs paid to YOU that YOU retain for yourself versus pass through to the websites that you partner with; and

     g.      YOUR annual revenues from APP downloads, subscriptions, and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case, it seeks information over an unreasonably long time period, and it seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**
REPORTS comparing the distribution of YOUR APPS through different APP MARKETPLACES INCLUDING:

     a.      the past or present benefits or costs of distribution in each APP MARKETPLACE;

     b.      past or present fees and commission rates charged by each APP MARKETPLACE, INCLUDING how such fees and commission rates affect the attractiveness of the APP MARKETPLACE to YOU;

     c.      past or present security or privacy protections offered in each APP MARKETPLACE;

     d.      past or present APP REVIEW and approval procedures and practices in each APP MARKETPLACE;

     e.      past or present tools for APP DEVELOPERS in each APP MARKETPLACE;

f.   past or present relative ease or difficulty of updating YOUR APPS in each APP MARKETPLACE;

g.   past or present decision to distribute YOUR APPS on a particular APP MARKETPLACE;

h.   contemplated, planned, or actual distribution of YOUR APPS directly (*i.e.*, not through an APP MARKETPLACE) to DEVICE users; and

i.   past or present APP maintenance activities in each APP MARKETPLACE.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case, it seeks information over an unreasonably long time period, and it seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 6:

REPORTS concerning competition for each of YOUR APPS, INCLUDING:

a.   who YOU consider to be YOUR competitors for each of YOUR APPS;

b.   whether YOU offer the products or services available in YOUR APPS to NON-HANDHELD DEVICE users; and

c.   comparisons of YOUR APPS to other competing products.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or

confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case and it seeks information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7**:
DOCUMENTS sufficient to show YOUR processes and protocols related to security, user data protection and protection against MALWARE, INCLUDING:

      a.      amount of time allocated as part of the development of YOUR APPS to security, user data protection and protection against MALWARE;

      b.      costs YOU incur related to your efforts to make YOUR APPS secure, protect user data and protect users from MALWARE;

      c.      controls you have in place in relation to each of YOUR APPS that protect user data and protect user from MALWARE; and

      d.      frequency of and results from third party security review.

      **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case and it seeks information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 8**:
REPORTS AND DOCUMENTS related to the existence of MALWARE in connection with any of YOUR APPS, INCLUDING, in relation to each MALWARE incident:

a.   description of the MALWARE and how it was used to attack the user's DEVICE, INCLUDING whether the MALWARE resulted in ransomware being installed on the user's DEVICE;

b.   the number of users impacted and any financial loss incurred by the users and by YOU;

c.   breakdown of the DEVICES the users were using at the time the MALWARE was used to attack their DEVICE;

d.   any change in user DEVICE preference as a result of a MALWARE incident;

e.   breakdown of which APP MARKETPLACE(S) the users downloaded the APP from that was affected by the MALWARE;

f.   details of how YOU became aware of the incident, how long the MALWARE was active, and what actions you took to stop the incident; and

g.   security updates and measures you took to prevent future MALWARE incidents.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case and it seeks information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

### REQUEST FOR PRODUCTION NO. 9:
DOCUMENTS, INCLUDING COMMUNICATIONS, CONCERNING any security or privacy concerns or incidents YOU had in relation to any APP MARKETPLACE or DEVICE.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple

different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case and it seeks information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 10**:
DOCUMENTS, INCLUDING COMMUNICATIONS CONCERNING the COALITION INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, and fees.

    **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11:**
DOCUMENTS CONCERNING COMMUNICATIONS with any actual or proposed founder or member of the COALITION, INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, Epic Games Inc., European Publishers Council, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, and Tile, CONCERNING the COALITION, DEFENDANT, any APP MARKETPLACE, YOUR APP(s), and/or any allegations or suspicion of any anti-competitive conduct or behavior.

    **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in

this case. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:**

For each of YOUR APPS, DOCUMENTS sufficient to show the extent to which:

> a.      IN-APP PRODUCTS or EXTERNAL PRODUCTS purchased on one DEVICE can be applied to the same APP on another DEVICE;

> b.      products purchased outside of an APP (such are through an APP DEVELOPER's website) can be applied to YOUR APPS; and

> c.      users can access activities, settings, calendars, documents, and messages in the APP across their different DEVICES.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps and information pertaining to those apps is spread across several different business units. This Request also seeks information that is not relevant to the matters at issue in this case and it seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13:**

For each of YOUR APPS, DOCUMENTS sufficient to show the prices of IN-APP PRODUCTS or EXTERNAL PRODUCTS, whether those prices vary based on DEVICE or where purchased, and whether APP users respond to discounts on IN-APP PRODUCTS or EXTERNAL PRODUCTS.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread

across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14:**
DOCUMENTS CONCERNING YOUR decision to sell YOUR APPS, INCLUDING subscriptions, at a discounted or different price on YOUR website than through IN-APP purchases.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 15:**
REPORTS CONCERNING the habits of YOUR APP users, INCLUDING whether users of YOUR APPS own multiple DEVICES and whether they use YOUR APPS on multiple DEVICES.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. Moreover, this Request asks for all responsive Reports, which, given the breadth of this Request, which touches on all apps in all app marketplaces, is extremely open-ended. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case and it

seeks information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.


**REQUEST FOR PRODUCTION NO. 16**:
DOCUMENTS CONCERNING YOUR negotiations with operators of APP MARKETPLACES, INCLUDING YOUR negotiations CONCERNING commission rates.

   **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.


**REQUEST FOR PRODUCTION NO. 17:**
DOCUMENTS sufficient to show YOUR efforts to increase the ability of consumers in the United States to find and download YOUR APPS in any APP MARKETPLACE.

   **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not

duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 18:**
DOCUMENTS sufficient to show YOUR agreements or contracts with any APP MARKETPLACE or DEVICE manufacturer, INCLUDING any guidelines or rules setting forth the terms and conditions under which YOU may distribute YOUR APPS through any APP MARKETPLACE(S) or to DEVICE users.

    **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19:**
DOCUMENTS sufficient to show any marketing, services, assistance, or support provided to YOU by any APP MARKETPLACE or DEVICE manufacturer, INCLUDING APP development tools, application programming interfaces ("APIs"), programming tools, technical support, opportunities for testing APPS before they are released to the consumers, marketing, payment processing, refund processing, and security measures.

    **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case and it seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to

object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20:**
DOCUMENTS sufficient to show YOUR marketing strategies for growing YOUR user and subscriber base and how each strategy contributed to the growth of YOUR user and subscriber base.

      **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21:**
DOCUMENTS describing the organizational structure of, and/or listing personnel working within, any division or unit of YOUR business that is responsible for YOUR APPS.

      **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. This Request also seeks information that is not relevant to the matters at issue in this case. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 22:**
DOCUMENTS sufficient to show what user information and data YOU collect and how YOU use user information and data, INCLUDING all third parties with whom you share user

information and data with, INCLUDING REPORTS reflecting when and how you have shared user information and data with third parties.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. Moreover, this Request asks for all responsive Reports, which, given the breadth of this Request, which touches on all apps in all app marketplaces, is extremely open-ended. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 23:**
DOCUMENTS relating to YOUR privacy practices and concerns about user privacy, INCLUDING any customer COMMUNICATIONS raising questions or concerns about how YOU use and/or share customer information and data.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope, because Respondent has multiple different apps across multiple marketplaces and information pertaining to those apps is spread across several different business units. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 24:**
ALL COMMUNICATIONS between YOU and any NAMED CONSUMER PLAINTIFF or NAMED DEVELOPER PLAINTIFF.

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case and it seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.


**REQUEST FOR PRODUCTION NO. 25:**

ALL COMMUNICATIONS between YOU and any APP DEVELOPER, INCLUDING EPIC, or any member of the COALITION, CONCERNING:

      a.     the DEFENDANT'S iOS App Store, INCLUDING any guidelines, policies, and procedures for the DEFENDANT'S iOS App Store;

      b.     policies, practices, and/or procedures for handling and processing payments for the sale of IN-APP PRODUCTS;

      c.     the following ongoing litigation, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:

           i.     *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

          ii.     *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

         iii.     *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

         iv.     *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

          v.     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

**OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case, it seeks information over an unreasonably long time period, and it seeks information that Defendant should reasonably be able to obtain from party or public sources.

Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE(S), the DEFENDANT, or YOUR privacy practices and user data.

   **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. Respondent also objects to the extent that the Request is overbroad and unduly burdensome in scope. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed. R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case, it seeks information over an unreasonably long time period. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS provided to EPIC in relation to any of the following litigations:

   i.   *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

   ii.  *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

   iii. *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

   iv.  *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

   v.   *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

   **OBJECTION:** Respondent objects to this Request on the grounds that the production date set forth in the Subpoena is insufficient and fails to allow reasonable time for the collection, review, and production of documents and data. This Request also seeks disclosure of proprietary and/or confidential business information of Respondent. To the extent the Request does seek such information, Respondent will respond only pursuant to a Protective Order pursuant to Fed.

R. Civ. P.26(c). This Request also seeks information that is not relevant to the matters at issue in this case and it seeks information that Defendant should reasonably be able to obtain from party or public sources. Notwithstanding the foregoing, and without waiving Respondent's ability to object more specifically to this Request, Respondent is willing to meet and confer on a reasonable scope that is not overly broad and unduly burdensome, not duplicative of information that is available publicly or from other parties, and seeks discovery that is proportional to the needs of the case.

*     *     *     *     *

Basecamp's objections and responses are based on its investigation to date. Basecamp expressly reserves the right to modify and supplement these objections and responses if additional information or documents are located by Basecamp. Basecamp assumes no obligation to supplement its responses, beyond those permitted by applicable court rules, if any.

Dated: December 22, 2020

Respectfully submitted,

By: _____

Brandon Kressin
Partner, Kanter Law Group PLLC
Attorney for Respondent Basecamp, LLC
brandon@kanterlawgroup.com
1717 K Street, N.W.
Suite 900
Washington, D.C. 20006
202-455-4244

# EXHIBIT 13

| | |
|---|---|
| **From:** | Srinivasan, Jay P. |
| **To:** | Castle, Nicole; Calandra, John; Huttenlocher, Michael; Rodd, Elizabeth |
| **Cc:** | Yang, Betty X.; Cornillie, Henry H.; Phillips, Harry |
| **Subject:** | FW: Apple App Store Cases: CAF/CAF member discovery |
| **Date:** | Thursday, July 8, 2021 2:32:10 PM |
| **Attachments:** | image002.png |

**[ External Email ]**

**Jay P. Srinivasan**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Brandon Kressin <brandon@kanterlawgroup.com>
**Sent:** Thursday, July 8, 2021 11:30 AM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** Cornillie, Henry H. <HCornillie@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>;
Yang, Betty X. <BYang@gibsondunn.com>; Douglas J. Dixon <ddixon@hueston.com>; William Larsen
<wlarsen@hueston.com>; Torborg, David S. <dstorborg@JonesDay.com>; Kenny, Stephen J.
<skenny@jonesday.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>; Catherine Larsen
<catherine@kanterlawgroup.com>
**Subject:** RE: Apple App Store Cases: CAF/CAF member discovery

[External Email]
Jay:

First, please note that under the Federal Rules, a motion to compel must be filed in the
district where compliance is required, which is not the N.D. Cal. for any of the non-parties
except for Yoga Buddhi (which I will discuss below). Rule 45(d)(2)(B)(i). Neither the
Coalition for App Fairness, Basecamp, nor Match consent to transferring any motion to
compel to the N.D. Cal.

Second, we also object to resolving these discovery disputes through a joint motion. While
there are some overlapping issues, there are also different arguments regarding the
relevance the information sought from the different non-parties. Trying to cram each non-
party's different relevance arguments into a 2.5 page letter brief would unduly prejudice our
clients.

Third, your request regarding timing is unreasonable. Even if the N.D. Cal. was the
appropriate forum, and even if a joint letter brief was the appropriate method for resolving
this discovery dispute, it would be unreasonable to expect us to draft a response and obtain
sign-off from four separate clients within less than 48 hours of receiving your letter brief.

Finally, with respect to Yoga Buddhi in particular, we have conducted a review and

identified the Coalition communications in Yoga Buddhi's possession, which include the communications and newsletters referenced in Mr. Simon's testimony. We have also searched, but have not found any other responsive communications with non-member developers. Yoga Buddhi has agreed to produce these documents, and we are preparing them for production.

- Brandon



**Brandon Kressin**
202.455.4244
brandon@kanterlawgroup.com

---

**From:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Sent:** Wednesday, July 7, 2021 11:37 PM
**To:** Brandon Kressin <brandon@kanterlawgroup.com>; Jonathan Kanter <jonathan@kanterlawgroup.com>
**Cc:** Cornillie, Henry H. <HCornillie@gibsondunn.com>; Phillips, Harry <hphillips2@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>
**Subject:** Apple App Store Cases: CAF/CAF member discovery

Brandon,

Following up on our meet and confers regarding Match and your meet and confers with my co-counsel at McDermott regarding the Coalition for App Fairness, Basecamp, and Yoga Buddhi, Apple intends to move to compel these parties to produce: (1) the CAF related documents and (2) communications with named plaintiffs and Epic. We understand from McDermott that Yoga Buddhi may agree to produce these documents (and if this issue is able to be resolved with respect to Yoga Buddhi then we would not move as to that party).  As you are aware, Judge Hixson is the Magistrate Judge handling this matter.  His standing order requires us to provide a joint letter brief not to exceed 5 pages.  To that end, attached is Apple's proposed insert to the letter brief.  To facilitate the process, we request that you provide your proposed insert by end of the day on Friday.  The parties can then make final edits to their sections, with the goal of filing by the end of the day on Monday July 12.

If your clients wish to reconsider their position on these matters or to further discuss the motion to compel process, please let me know.

Thanks,
Jay
**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# EXHIBIT 14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Northern District of California

| | | | |
|---|---|---|---|
| CAMERON ET AL v. APPLE INC. | ) | Civil Action Nos. | 4:19-CV-03074-YGR |
| | ) | | |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | ) | | 4:11-CV-06714-YGR |
| | ) | | |
| | ) | | |
| | ) | | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Coalition for App Fairness
(c/o Harmon, Curran, Spielberg & Eisenberg, LLP, 1725 DeSales Street NW, Suite 500, Washington, D.C., 20036)
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

        See Schedule A

| | |
|---|---|
| Place: McDermott Will & Emery LLP<br>        500 North Capitol Street, NW<br>        Washington, D.C. 20001-1531<br><br>        Or as otherwise agreed. | Date and Time:<br>June 21, 2021 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 7, 2021

                    *CLERK OF COURT*
                                            OR
                                                    */s/ Nicole Castle*
_____                    _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                            Nicole Castle

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Apple Inc.
_____ , who issues or requests this subpoena, are:

Nicole L. Castle, 340 Madison Avenue, New York, NY 10173-1922, ncastle@mwe.com , (212) 547-5480


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 4:19-CV-03074-YGR, 4:11-CV-06714-YGR

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ on *(date)*

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____   My fees are $ _____   My fees are $ _____

I declare under penalty of perjury that this information is true.

Date: _____       Date: _____

                                            *Server's signature*

                              _____

                                            *Printed name and title*

                              _____

                                            *Server's address*

Additional information regarding attempted service, etc.:



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

## DEFINITIONS

1.  The following rules of construction shall apply to all discovery requests:

    a.  the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    b.  the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    c.  "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

    d.  the use of the singular form of any word includes the plural and vice versa.

2.  "**APP**" shall mean a software application for a HANDHELD DEVICE or NON-HANDHELD DEVICE INCLUDING PAID APPS.

3.  "**APP DEVELOPER**" shall mean any PERSON who developed or otherwise makes available one or more APPS or other software.

4.  "**APP MARKETPLACE**" shall mean any online storefront where APPS are offered for download and/or purchase. This term shall include, without limitation, Google Play, the Samsung Galaxy Store, Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon Underground, the Microsoft Store for Xbox, the Windows Store, the Windows Phone Store, the Epic Games Store, Steam, Origin, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

5.  "**APP STORE**" shall mean the APP MARKETPLACE operated by DEFENDANT.

6.      "**COMMUNICATION**" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

7.      "**CONCERNING**" a given subject shall mean: directly or indirectly comprising, concerning, constituting, containing, discussing, embodying, evidencing, exhibiting, identifying, mentioning, negating, pertaining to, recording, regarding, reflecting, relating to, showing, or supporting a given subject matter.

8.      "**DEFENDANT**" shall mean Apple Inc.

9.      "**DOCUMENT**" and "**DOCUMENTS**" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; COMMUNICATIONS; memoranda; records; REPORTS; books; records, REPORTS, and/or summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, REPORTS, and/or summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, INCLUDING information contained in any computer although not yet printed out. Any production of electronically stored information shall include the information needed to understand such information. The term "DOCUMENT" or "DOCUMENTS" further includes all copies where the copy is not identical to the original.

10.     "**EPIC**" shall mean Epic Games, Inc., its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates,

(including but not limited to Epic Games International S.à r.l and Life on Air, Inc.), and any PERSON that Epic Games, Inc., manages or controls.

11.    "**INCLUDING**" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.    "**MICROSOFT**" shall mean Microsoft Corporation or any of its predecessor or successor companies,    subsidiaries (INCLUDING LinkedIn Corporation and Mojang AB), corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

13.    "**NAMED CONSUMER PLAINTIFF**" shall mean a named plaintiff in *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.), INCLUDING: **Edward W. Hayter**, of Brooklyn, NY; **Edward Lawrence**, of California; **Robert Pepper**, of Chicago, IL; and **Stephen H. Schwartz**, of Ardsley, NY, and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

14.    "**NAMED DEVELOPER PLAINTIFF**" shall mean a named plaintiff in *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.), and *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.), INCLUDING: **Donald R. Cameron**, of California; **Barry Sermons**, of Georgia; and **Pure Sweat Basketball, Inc.**, an Illinois corporation, and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

15.    "**PERSON**" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

16.    **"PLAINTIFFS"** shall mean any NAMED CONSUMER PLAINTIFF and/or any NAMED DEVELOPER PLAINTIFF and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

17.    "**THE**" shall not be construed as limiting the scope of any topic.

18.    "**YOU**" or "**YOUR**" shall refer to Coalition for App Fairness (INCLUDING Open Mobile Platforms Coalition), or any of its predecessor or successor companies, members, subsidiaries, corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

**INSTRUCTIONS**

1.    All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether YOU consider the attachments and enclosures to be relevant or responsive to the Request.

2.    In responding to these Requests, YOU shall produce all DOCUMENTS and information in YOUR possession, custody, or control, and all DOCUMENTS reasonably available to YOU, INCLUDING those in the possession, custody, or control of YOUR present and former attorneys, investigators, accountants, agents, representatives, or other PERSONS acting on YOUR behalf.

3.    These Requests shall not be deemed to call for identical copies of DOCUMENTS. "Identical" means precisely the same in all respects; for example, a DOCUMENT with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

4.    In the event YOU are able to produce only some of the DOCUMENTS called for in a particular Request, YOU shall produce all the DOCUMENTS available and state the reason(s) for YOUR inability to produce the remainder.

5.    If there are no DOCUMENTS responsive to a category in these Requests, YOU shall so state in writing. If a DOCUMENT requested is no longer existing or available, YOU shall

4

so state in writing.

6.    If YOU object to a portion of any Request, YOU shall produce all DOCUMENTS called for by that portion of the Request to which YOU do not object.

7.    In producing DOCUMENTS responsive to these requests, YOU must Bates stamp them in a manner that clearly identifies the party that is producing each such DOCUMENT, and in whose possession the DOCUMENT was found.

8.    If any requested DOCUMENT is withheld on the basis of any claim of privilege, YOU must set forth the information necessary for DEFENDANT to ascertain whether the privilege properly applies, INCLUDING describing the DOCUMENT withheld, stating the privilege being relied upon, identifying all PERSONS (by name) who have had access to such DOCUMENT (INCLUDING all the identity(ies) of the author(s) or maker(s), recipient(s), carbon copy recipient(s), blind carbon copy recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the applicable date(s), and the subject matter(s) in a privilege log.

9.    If any portion of any DOCUMENT responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

10.   If YOU cannot answer all parts of a Request, but can answer some parts, YOU must answer those parts to which YOU can reply, and specify "unknown," or some other response, as appropriate, for any part to which YOU cannot reply.

11.   Unless otherwise stated, the time period for which the Requests seek DOCUMENTS is August 1, 2019 to the present.

12.   References to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof.

13.   Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from January 1 to December 31.

14.   These Requests are to be regarded as continuing pursuant to Rule 26(e) of the

Federal Rules of Civil Procedure. YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers initially given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, YOU are required to supplement these responses and provide additional DOCUMENTS without a specific request from DEFENDANT.

15.    DEFENDANT serves these Requests without prejudice to its right to serve additional requests for production of DOCUMENTS.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED CONSUMER PLAINTIFF (and/or their counsel).

**REQUEST FOR PRODUCTION NO. 2:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED DEVELOPER PLAINTIFF (and/or their counsel).

**REQUEST FOR PRODUCTION NO. 3:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any APP DEVELOPER (and/or their counsel), INCLUDING EPIC (and/or their counsel), and INCLUDING MICROSOFT (and/or their counsel), CONCERNING:

a.    the APP STORE, INCLUDING any guidelines, policies, and procedures for the APP STORE;

b.    the distribution of APPS on any APP MARKETPLACE(S);

c.    any of the following litigations, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:

   i.    *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

   ii.   *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

   iii.  *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

   iv.   *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

   v.    *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.); and

d.    any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 4:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE, the DEFENDANT, and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 5:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any actual or proposed founder or member of YOUR organization (and/or their counsel), INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, EPIC, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, Spotify, Tile and Yoga Buddhi, CONCERNING the DEFENDANT, any APP MARKETPLACE(S), and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS, INCLUDING COMMUNICATIONS, CONCERNING YOUR formation, documents of incorporation, bylaws, purpose and objectives, activities, sponsorship, founders, board members, meeting minutes, membership list, fees, publications, press releases, letters to members or government agencies.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING YOUR website appfairness.org INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, fees, and any allegations YOU published on appfairness.org of anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING the subject matter of the following litigations:

      i.      *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

      ii.     *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

      iii.    *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

      iv.    *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

      v.     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and:

    a.    Athey, Susan;

    b.    Barnes, Ned;

    c.    Cragg, Michael;

    d.    Evans, David;

    e.    Lee, Wenke;

    f.    Mathiowetz, Nancy;

    g.    Mickens, James; and

    h.    Rossi, Peter.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show YOUR efforts to solicit or increase membership in YOUR organization, INCLUDING any strategy and/or public relations DOCUMENTS, whether developed and drafted directly by YOUR organization or any other PERSON.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS AND DOCUMENTS exchanged between YOU (and/or YOUR counsel) or any of YOUR members (and/or their counsel) and Lane Kasselman (and/or his counsel), Greenbrier (and/or their counsel), The Messina Group (and/or their counsel), and/or Matthew Weissinger (and/or his counsel) CONCERNING:

    a.  Project Liberty;

    b.  the DEFENDANT; and

    c.  any actual or potential litigation against the DEFENDANT.

**REQUEST FOR PRODUCTION NO. 12:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING:

    a.  Lane Kasselman;

    b.  Greenbrier;

    c.  The Messina Group; and

    d.  Matthew Weissinger.

**REQUEST FOR PRODUCTION NO. 13:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any consultants, consulting firms, political strategist, advisors and/or public relations firms.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to show YOUR agreements or contracts with any APP DEVELOPER, INCLUDING any guidelines, rules, or principals related to membership in YOUR organization.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS AND COMMUNICATIONS CONCERNING any financial relationship between YOU and any APP DEVELOPER, INCLUDING EPIC, INCLUDING any payments or monies paid by any APP DEVELOPER, INCLUDING EPIC, to YOUR organization, INCLUDING to any PERSON acting on behalf of YOUR organization.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to show all financial contributions that YOU have received of any kind (INCLUDING in kind or pro bono services), INCLUDING, the identity of the PERSON(s) or entities from whom such contributions were received, the date(s), type(s), amount(s) and value(s) for each.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show the organizational structure of, and/or listing personnel working for YOUR organization, INCLUDING any PERSON that does any work on behalf of YOUR organization, INCLUDING work done on a volunteer or non-paid basis.

**REQUEST FOR PRODUCTION NO. 18**

ALL DOCUMENTS produced to PLAINTIFFS in this litigation.

**REQUEST FOR PRODUCTION NO. 19**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any of the following law firms:

      a.  Cravath Swaine & Moore LLP;

      b.  Faegre Drinker Biddle & Reath LLP;

      c.  Wiggin and Dana LLP;

      d.  Hagens Berman Sobol Shapiro LLP;

      e.  Wolf Haldenstein Adler Freeman & Herz LLP;

      f.  Alioto Law Firm;

      g.  Kellogg, Hansen, Todd, Figel & Frederick, PLLC;

      h.  Calcaterra Pollack LLP;

i.   Nedeau Law PC;

j.   Law Offices of Lawrence G. Papale;

k.   Law Offices of Jeffery Kenneth Perkins;

l.   Alexander H. Schmidt, Esq.;

m.   Berman Tabacco;

n.   Thomas C. Willcox;

o.   Freed Kanner London Millen LLC;

p.   Sperling & Slater P.C.; and

q.   Saveri & Saveri, Inc.

# EXHIBIT 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| CAMERON ET AL v. APPLE INC. | ) | Civil Action Nos.    4:19-CV-03074-YGR |
| | ) | |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | ) | 4:11-CV-06714-YGR |
| | ) | |
| | ) | |
| | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:                              Forbes Tate Partners LLC
(c/o Corporation Service Company, 1090 Vermont Ave, NW, Washington, D.C. 20005)
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A

| | |
|---|---|
| Place: McDermott Will & Emery LLP<br>        500 North Capitol Street, NW<br>        Washington, D.C. 20001-1531<br><br>        Or as otherwise agreed. | Date and Time:<br>June 25, 2021 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 11, 2021

<table>
<tr><td><i>CLERK OF COURT</i></td><td></td><td></td></tr>
<tr><td></td><td>OR</td><td><i>/s/ Nicole Castle</i></td></tr>
<tr><td><i>Signature of Clerk or Deputy Clerk</i></td><td></td><td><i>Attorney's signature</i></td></tr>
<tr><td></td><td></td><td>Nicole Castle</td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____Apple Inc.____
_____ , who issues or requests this subpoena, are:

Nicole L. Castle, 340 Madison Avenue, New York, NY 10173-1922, ncastle@mwe.com , (212) 547-5480


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 4:19-CV-03074-YGR, 4:11-CV-06714-YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ on *(date)*

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____   My fees are $ _____   My fees are $ _____

I declare under penalty of perjury that this information is true.

Date: _____          Date: _____

                                         *Server's signature*

                              _____

                                         *Printed name and title*

                              _____

                                         *Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

## **DEFINITIONS**

1.      The following rules of construction shall apply to all discovery requests:

   a.  the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   b.  the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   c.  "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

   d.  the use of the singular form of any word includes the plural and vice versa.

2.      "**APP**" shall mean a software application for a HANDHELD DEVICE or NON-HANDHELD DEVICE INCLUDING PAID APPS.

3.      "**APP DEVELOPER**" shall mean any PERSON who developed or otherwise makes available one or more APPS or other software.

4.      "**APP MARKETPLACE**" shall mean any online storefront where APPS are offered for download and/or purchase. This term shall include, without limitation, Google Play, the Samsung Galaxy Store, Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon Underground, the Microsoft Store for Xbox, the Windows Store, the Windows Phone Store, the Epic Games Store, Steam, Origin, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

5.      "**APP STORE**" shall mean the APP MARKETPLACE operated by DEFENDANT.

1

6. "**COALITION FOR APP FAIRNESS**" shall mean the Coalition for App Fairness (INCLUDING Open Mobile Platforms Coalition), or any of its predecessor or successor companies, members, subsidiaries, corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

7. "**COMMUNICATION**" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

8. "**CONCERNING**" a given subject shall mean: directly or indirectly comprising, concerning, constituting, containing, discussing, embodying, evidencing, exhibiting, identifying, mentioning, negating, pertaining to, recording, regarding, reflecting, relating to, showing, or supporting a given subject matter.

9. "**DEFENDANT**" shall mean Apple Inc.

10. "**DOCUMENT**" and "**DOCUMENTS**" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; COMMUNICATIONS; memoranda; records; REPORTS; books; records, REPORTS, and/or summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, REPORTS, and/or summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, INCLUDING information contained in any computer although not yet printed out. Any production of electronically stored information shall include the information needed to understand such information. The term "DOCUMENT" or "DOCUMENTS" further includes all copies where the copy is not identical to the original.

2

11.     "**EPIC**" shall mean Epic Games, Inc., its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, (including but not limited to Epic Games International S.à r.l and Life on Air, Inc.), and any PERSON that Epic Games, Inc., manages or controls.

12.     "**GREENBRIER PARTNERS**" shall mean Greenbrier Partners, its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that Greenbrier Partners manages or controls.

13.     "**INCLUDING**" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

14.     "**LANE KASSELMAN**" shall mean Lane Kasselman, and any representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on his behalf, or any PERSON or entity that served in any such role at any time.

15.     "**MEGHAN DIMUZIO**" shall mean Meghan DiMuzio, and any representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on her behalf, or any PERSON or entity that served in any such role at any time.

16.     "**THE MESSINA GROUP**" shall mean The Messina Group, its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that The Messina Group manages or controls.

17.     "**MICROSOFT**" shall mean Microsoft Corporation or any of its predecessor or successor companies,     subsidiaries (INCLUDING LinkedIn Corporation and Mojang AB), corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants,

attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

18.     "**NAMED CONSUMER PLAINTIFF"** shall mean a named plaintiff in *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.), INCLUDING: **Edward W. Hayter**, of Brooklyn, NY; **Edward Lawrence**, of California; **Robert Pepper**, of Chicago, IL; and **Stephen H. Schwartz**, of Ardsley, NY, and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

19.     **"NAMED DEVELOPER PLAINTIFF"** shall mean a named plaintiff in *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.), and *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.), INCLUDING: **Donald R. Cameron**, of California; **Barry Sermons**, of Georgia; and **Pure Sweat Basketball, Inc.,** an Illinois corporation, and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

20.     "**PERSON**" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

21.     **"PLAINTIFFS"** shall mean any NAMED CONSUMER PLAINTIFF and/or any NAMED DEVELOPER PLAINTIFF and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

22.     "**THE**" shall not be construed as limiting the scope of any topic.

23.     "**YOU**" or "**YOUR**" shall refer to Forbes Tate Partners LLC, its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that Forces Tate Partners LLC manages or controls.

## **INSTRUCTIONS**

1.      All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether YOU consider the attachments and enclosures to be relevant or responsive to the Request.

2.      In responding to these Requests, YOU shall produce all DOCUMENTS and information in YOUR possession, custody, or control, and all DOCUMENTS reasonably available to YOU, INCLUDING those in the possession, custody, or control of YOUR present and former attorneys, investigators, accountants, agents, representatives, or other PERSONS acting on YOUR behalf.

3.      These Requests shall not be deemed to call for identical copies of DOCUMENTS. "Identical" means precisely the same in all respects; for example, a DOCUMENT with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

4.      In the event YOU are able to produce only some of the DOCUMENTS called for in a particular Request, YOU shall produce all the DOCUMENTS available and state the reason(s) for YOUR inability to produce the remainder.

5.      If there are no DOCUMENTS responsive to a category in these Requests, YOU shall so state in writing. If a DOCUMENT requested is no longer existing or available, YOU shall so state in writing.

6.      If YOU object to a portion of any Request, YOU shall produce all DOCUMENTS called for by that portion of the Request to which YOU do not object.

7.      In producing DOCUMENTS responsive to these requests, YOU must Bates stamp them in a manner that clearly identifies the party that is producing each such DOCUMENT, and in whose possession the DOCUMENT was found.

8.      If any requested DOCUMENT is withheld on the basis of any claim of privilege, YOU must set forth the information necessary for DEFENDANT to ascertain whether the privilege properly applies, INCLUDING describing the DOCUMENT withheld, stating the privilege being

5

relied upon, identifying all PERSONS (by name) who have had access to such DOCUMENT (INCLUDING all the identity(ies) of the author(s) or maker(s), recipient(s), carbon copy recipient(s), blind carbon copy recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the applicable date(s), and the subject matter(s) in a privilege log.

9.      If any portion of any DOCUMENT responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

10.      If YOU cannot answer all parts of a Request, but can answer some parts, YOU must answer those parts to which YOU can reply, and specify "unknown," or some other response, as appropriate, for any part to which YOU cannot reply.

11.      Unless otherwise stated, the time period for which the Requests seek DOCUMENTS is August 1, 2019 to the present.

12.      Unless otherwise stated, the geographical scope of the Requests for DOCUMENTS and COMMUNICATIONS is worldwide.

13.      References to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof.

14.      Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from January 1 to December 31.

15.      These Requests are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers initially given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, YOU are required to supplement these responses and provide additional DOCUMENTS without a specific request from DEFENDANT.

16.      DEFENDANT serves these Requests without prejudice to its right to serve

additional requests for production of DOCUMENTS.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED CONSUMER PLAINTIFF (and/or their counsel).

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED DEVELOPER PLAINTIFF (and/or their counsel).

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any APP DEVELOPER (and/or their counsel), INCLUDING EPIC (and/or their counsel), and INCLUDING MICROSOFT (and/or their counsel), CONCERNING:

a.    the APP STORE, INCLUDING any guidelines, policies, and procedures for the APP STORE;

b.    the distribution of APPS on any APP MARKETPLACE(S);

c.    any of the following litigations, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:

i.    *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

ii.    *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

iii.    *Cameron v. Apple Inc.*, Case 419-cv-03074-YGR (N.D. Cal.);

iv.    *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

v.    *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.); and

7

d.      any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 4:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE, the DEFENDANT, and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 5:**

All    COMMUNICATIONS    and/or    DOCUMENTS    CONCERNING    any COMMUNICATIONS between YOU (and/or YOUR counsel) and any actual or proposed member of the COALITION FOR APP FAIRNESS (and/or their counsel), INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, EPIC, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, Spotify, Tile and Yoga Buddhi, CONCERNING the DEFENDANT, any APP MARKETPLACE(S), and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS,    INCLUDING    COMMUNICATIONS    and/or    DOCUMENTS CONCERNING any COMMUNICATIONS, CONCERNING:

a.  the COALITION FOR APP FAIRNESS, INCLUDING its formation, documents of incorporation, bylaws, purpose and objectives, activities, sponsorship, founders, board members, meeting minutes, membership list, fees, publications, press releases, letters to members or government agencies;

b.  YOUR advice, strategies and/or recommendations CONCERNING the DEFENDANT;

c.  YOUR advice and/or recommendations CONCERNING the strategy of building a coalition of app developers;

d.  the solicitation of members to join the COALITION FOR APP FAIRNESS;

    e.   MEGHAN DIMUZIO's role as Executive Director of the COALITION FOR APP FAIRNESS; and

    f.   YOUR relationship with the COALITION FOR APP FAIRNESS.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING the COALITION FOR APP FAIRNESS' website appfairness.org, INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, fees, and any allegations published on appfairness.org of anti-competitive conduct.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING the subject matter of the following litigations:

    i.    *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

    ii.   *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

    iii.  *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

    iv.  *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

    v.   *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and:

    a.   Athey, Susan;

    b.   Barnes, Ned;

    c.   Cragg, Michael;

    d.   Evans, David;

    e.   Lee, Wenke;

    f.   Mathiowetz, Nancy;

    g.   Mickens, James; and

h.     Rossi, Peter.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS CONCERNING efforts to solicit or increase membership in the COALITION FOR APP FAIRNESS, INCLUDING any strategy and/or public relations DOCUMENTS, whether developed and drafted directly by YOU or any other PERSON.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS AND DOCUMENTS exchanged between YOU (and/or YOUR counsel) and LANE KASSELMAN (and/or his counsel), GREENBRIER PARTNERS (and/or their counsel), THE MESSINA GROUP (and/or their counsel), and/or Matthew Weissinger (and/or his counsel) CONCERNING:

    a.  Project Liberty;

    b.  the DEFENDANT; and

    c.  any actual or potential litigation against the DEFENDANT.

**REQUEST FOR PRODUCTION NO. 12:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING:

    a.  LANE KASSELMAN;

    b.  GREENBRIER PARTNERS;

    c.  THE MESSINA GROUP; and

    d.  Matthew Weissinger.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and:

a.    any EPIC employee;

b.    any EPIC lawyer; and

c.    any PERSON representing EPIC in any capacity.

**REQUEST FOR PRODUCTION NO. 14:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any consultants, consulting firms, political strategist, advisors and/or public relations firms, CONCERNING the DEFENDANT, the APP STORE, and any actual or potential litigation against the DEFENDANT.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS CONCERNING any guidelines, rules, or principals related to membership in the COALITION FOR APP FAIRNESS.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS AND COMMUNICATIONS CONCERNING any financial relationship between YOU and any APP DEVELOPER, INCLUDING EPIC, INCLUDING any payments or monies paid by any APP DEVELOPER, INCLUDING EPIC, to YOU, INCLUDING to any PERSON acting on YOUR behalf.

**REQUEST FOR PRODUCTION NO. 17**

DOCUMENTS sufficient to show the organizational structure of, and/or listing personnel working for YOU that did any work related to EPIC, the DEFENDANT, and/ or the COALITION FOR APP FAIRNESS.

**REQUEST FOR PRODUCTION NO. 18**

ALL DOCUMENTS produced to PLAINTIFFS in this litigation.

**REQUEST FOR PRODUCTION NO. 19**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any of the following law firms:

    a.  Cravath Swaine & Moore LLP;

    b.  Faegre Drinker Biddle & Reath LLP;

    c.  Wiggin and Dana LLP;

    d.  Hagens Berman Sobol Shapiro LLP;

    e.  Wolf Haldenstein Adler Freeman & Herz LLP;

11

f.   Alioto Law Firm;

g.   Kellogg, Hansen, Todd, Figel & Frederick, PLLC;

h.   Calcaterra Pollack LLP;

i.   Nedeau Law PC;

j.   Law Offices of Lawrence G. Papale;

k.   Law Offices of Jeffery Kenneth Perkins;

l.   Alexander H. Schmidt, Esq.;

m.  Berman Tabacco;

n.   Thomas C. Willcox;

o.   Freed Kanner London Millen LLC;

p.   Sperling & Slater P.C.; and

q.   Saveri & Saveri, Inc.

# EXHIBIT 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### Northern District of California

| | | | |
|---|---|---|---|
| CAMERON ET AL v. APPLE INC. | ) | Civil Action Nos. | 4:19-CV-03074-YGR |
| | ) | | |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | ) | | 4:11-CV-06714-YGR |
| | ) | | |
| | ) | | |
| | ) | | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Meghan DiMuzio
                      7237 Woodley Pl., Falls Church, VA 22046-2714
                  *(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See Schedule A

| | |
|---|---|
| Place: McDermott Will & Emery LLP<br>        500 North Capitol Street, NW<br>        Washington, D.C. 20001-1531<br><br>        Or as otherwise agreed. | Date and Time:<br>June 25, 2021 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 11, 2021

                    *CLERK OF COURT*
                                                    OR
                                          */s/ Nicole Castle*
_____              _____
   *Signature of Clerk or Deputy Clerk*                *Attorney's signature*
                                          Nicole Castle

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____Apple Inc._____
_____ , who issues or requests this subpoena, are:

Nicole L. Castle, 340 Madison Avenue, New York, NY 10173-1922, ncastle@mwe.com , (212) 547-5480


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 4:19-CV-03074-YGR, 4:11-CV-06714-YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ on *(date)* _____

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____   My fees are $ _____   My fees are $ _____

I declare under penalty of perjury that this information is true.

Date: _____            Date: _____

                                                                     *Server's signature*

                                          _____

                                                                    *Printed name and title*

                                          _____

                                                                      *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

## **<u>DEFINITIONS</u>**

1. The following rules of construction shall apply to all discovery requests:

    a. the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    b. the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    c. "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

    d. the use of the singular form of any word includes the plural and vice versa.

2. "**APP**" shall mean a software application for a HANDHELD DEVICE or NON-HANDHELD DEVICE INCLUDING PAID APPS.

3. "**APP DEVELOPER**" shall mean any PERSON who developed or otherwise makes available one or more APPS or other software.

4. "**APP MARKETPLACE**" shall mean any online storefront where APPS are offered for download and/or purchase. This term shall include, without limitation, Google Play, the Samsung Galaxy Store, Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon Underground, the Microsoft Store for Xbox, the Windows Store, the Windows Phone Store, the Epic Games Store, Steam, Origin, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

5. "**APP STORE**" shall mean the APP MARKETPLACE operated by DEFENDANT.

1

6.      "**COALITION FOR APP FAIRNESS**" shall mean the Coalition for App Fairness (INCLUDING Open Mobile Platforms Coalition), or any of its predecessor or successor companies, members, subsidiaries, corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

7.      "**COMMUNICATION**" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

8.      "**CONCERNING**" a given subject shall mean: directly or indirectly comprising, concerning, constituting, containing, discussing, embodying, evidencing, exhibiting, identifying, mentioning, negating, pertaining to, recording, regarding, reflecting, relating to, showing, or supporting a given subject matter.

9.      "**DEFENDANT**" shall mean Apple Inc.

10.      "**DOCUMENT**" and "**DOCUMENTS**" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; COMMUNICATIONS; memoranda; records; REPORTS; books; records, REPORTS, and/or summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, REPORTS, and/or summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, INCLUDING information contained in any computer although not yet printed out. Any production of electronically stored information shall include the information needed to understand such information. The term "DOCUMENT" or "DOCUMENTS" further includes all copies where the copy is not identical to the original.

2

11.     "**EPIC**" shall mean Epic Games, Inc., its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, (including but not limited to Epic Games International S.à r.l and Life on Air, Inc.), and any PERSON that Epic Games, Inc., manages or controls.

12.     "**FORBES TATE PARTNERS**" shall mean Forbes Tate Partners, its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that Forbes Tate Partners manages or controls.

13.     "**GREENBRIER PARTNERS**" shall mean Greenbrier Partners, its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that Greenbrier Partners manages or controls.

14.     "**INCLUDING**" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

15.     "**LANE KASSELMAN**" shall mean Lane Kasselman, and any representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on his behalf, or any PERSON or entity that served in any such role at any time.

16.     "**THE MESSINA GROUP**" shall mean The Messina Group, its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that The Messina Group manages or controls.

3

17.     **"MICROSOFT"** shall mean Microsoft Corporation or any of its predecessor or successor companies,     subsidiaries (INCLUDING LinkedIn Corporation and Mojang AB), corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

18.     "**NAMED CONSUMER PLAINTIFF**" shall mean a named plaintiff in *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.), INCLUDING: **Edward W. Hayter**, of Brooklyn, NY; **Edward Lawrence**, of California; **Robert Pepper**, of Chicago, IL; and **Stephen H. Schwartz**, of Ardsley, NY, and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

19.     **"NAMED DEVELOPER PLAINTIFF"** shall mean a named plaintiff in *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.), and *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.), INCLUDING: **Donald R. Cameron**, of California; **Barry Sermons**, of Georgia; and **Pure Sweat Basketball, Inc.**, an Illinois corporation, and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

20.     "**PERSON**" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

21.     **"PLAINTIFFS"** shall mean any NAMED CONSUMER PLAINTIFF and/or any NAMED DEVELOPER PLAINTIFF and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

22.     "**THE**" shall not be construed as limiting the scope of any topic.

23.    "**YOU**" or "**YOUR**" shall refer to Meghan DiMuzio, and any representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on her behalf, or any PERSON or entity that served in any such role at any time.

## INSTRUCTIONS

1.    All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether YOU consider the attachments and enclosures to be relevant or responsive to the Request.

2.    In responding to these Requests, YOU shall produce all DOCUMENTS and information in YOUR possession, custody, or control, and all DOCUMENTS reasonably available to YOU, INCLUDING those in the possession, custody, or control of YOUR present and former attorneys, investigators, accountants, agents, representatives, or other PERSONS acting on YOUR behalf.

3.    These Requests shall not be deemed to call for identical copies of DOCUMENTS. "Identical" means precisely the same in all respects; for example, a DOCUMENT with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

4.    In the event YOU are able to produce only some of the DOCUMENTS called for in a particular Request, YOU shall produce all the DOCUMENTS available and state the reason(s) for YOUR inability to produce the remainder.

5.    If there are no DOCUMENTS responsive to a category in these Requests, YOU shall so state in writing. If a DOCUMENT requested is no longer existing or available, YOU shall so state in writing.

6.    If YOU object to a portion of any Request, YOU shall produce all DOCUMENTS called for by that portion of the Request to which YOU do not object.

7.    In producing DOCUMENTS responsive to these requests, YOU must Bates stamp them in a manner that clearly identifies the party that is producing each such DOCUMENT, and in whose possession the DOCUMENT was found.

5

8.      If any requested DOCUMENT is withheld on the basis of any claim of privilege, YOU must set forth the information necessary for DEFENDANT to ascertain whether the privilege properly applies, INCLUDING describing the DOCUMENT withheld, stating the privilege being relied upon, identifying all PERSONS (by name) who have had access to such DOCUMENT (INCLUDING all the identity(ies) of the author(s) or maker(s), recipient(s), carbon copy recipient(s), blind carbon copy recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the applicable date(s), and the subject matter(s) in a privilege log.

9.      If any portion of any DOCUMENT responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

10.      If YOU cannot answer all parts of a Request, but can answer some parts, YOU must answer those parts to which YOU can reply, and specify "unknown," or some other response, as appropriate, for any part to which YOU cannot reply.

11.      Unless otherwise stated, the time period for which the Requests seek DOCUMENTS is August 1, 2019 to the present.

12.      Unless otherwise stated, the geographical scope of the Requests for DOCUMENTS and COMMUNICATIONS is worldwide.

13.      References to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof.

14.      Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from January 1 to December 31.

15.      These Requests are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers initially given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, YOU are required to

supplement these responses and provide additional DOCUMENTS without a specific request from DEFENDANT.

16.     DEFENDANT serves these Requests without prejudice to its right to serve additional requests for production of DOCUMENTS.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All     COMMUNICATIONS     and/or     DOCUMENTS     CONCERNING     any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED CONSUMER PLAINTIFF (and/or their counsel).

### REQUEST FOR PRODUCTION NO. 2:

All     COMMUNICATIONS     and/or     DOCUMENTS     CONCERNING     any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED DEVELOPER PLAINTIFF (and/or their counsel).

### REQUEST FOR PRODUCTION NO. 3:

All     COMMUNICATIONS     and/or     DOCUMENTS     CONCERNING     any COMMUNICATIONS between YOU (and/or YOUR counsel) and any APP DEVELOPER (and/or their counsel), INCLUDING EPIC (and/or their counsel), and INCLUDING MICROSOFT (and/or their counsel), CONCERNING:

a.     the APP STORE, INCLUDING any guidelines, policies, and procedures for the APP STORE;

b.     the distribution of APPS on any APP MARKETPLACE(S);

c.     any of the following litigations, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:

i.     *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

ii.     *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

iii.     *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

7

      iv.     *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

      v.     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.); and

    d.     any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 4:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE, the DEFENDANT, and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any actual or proposed member of the COALITION FOR APP FAIRNESS (and/or their counsel), INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, EPIC, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, Spotify, Tile and Yoga Buddhi, CONCERNING the DEFENDANT, any APP MARKETPLACE(S), and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 6:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING the COALITION FOR APP FAIRNESS' website appfairness.org, INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, fees, and any allegations published on appfairness.org of anti-competitive conduct.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING the subject matter of the following litigations:

    i.       *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

    ii.      *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

    iii.     *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

    iv.     *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

    v.      *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and:

    a.    Athey, Susan;

    b.    Barnes, Ned;

    c.    Cragg, Michael;

    d.    Evans, David;

    e.    Lee, Wenke;

    f.    Mathiowetz, Nancy;

    g.    Mickens, James; and

    h.    Rossi, Peter.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show YOUR efforts to solicit or increase membership in the COALITION FOR APP FAIRNESS, INCLUDING any strategy and/or public relations DOCUMENTS, whether developed and drafted directly by YOU or any other PERSON.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS AND DOCUMENTS exchanged between YOU (and/or YOUR counsel) and LANE KASSELMAN (and/or his counsel), GREENBRIER PARTNERS (and/or their counsel), THE MESSINA GROUP (and/or their counsel), and/or Matthew Weissinger (and/or his counsel) CONCERNING:

    a.  Project Liberty;

    b.  the DEFENDANT; and

      c. any actual or potential litigation against the DEFENDANT.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING:

      a. LANE KASSELMAN;

      b. GREENBRIER PARTNERS;

      c. THE MESSINA GROUP; and

      d. Matthew Weissinger.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and:

      a. any EPIC employee;

      b. any EPIC lawyer; and

      c. any PERSON representing EPIC in any capacity.

**REQUEST FOR PRODUCTION NO. 13:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any consultants, consulting firms, political strategist, advisors and/or public relations firms, INCLUDING FORBES TATE PARTNERS, CONCERNING the DEFENDANT, the APP STORE, and any actual or potential litigation against the DEFENDANT.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS CONCERNING any guidelines, rules, or principals related to membership in the COALITION FOR APP FAIRNESS.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS AND COMMUNICATIONS CONCERNING any financial relationship between YOU and any APP DEVELOPER, INCLUDING EPIC, INCLUDING any payments or monies paid by any APP DEVELOPER, INCLUDING EPIC, to YOU, INCLUDING to any PERSON acting on YOUR behalf.

10

**REQUEST FOR PRODUCTION NO. 16**

ALL DOCUMENTS produced to PLAINTIFFS in this litigation.

**REQUEST FOR PRODUCTION NO. 17**

All COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any of the following law firms:

a.  Cravath Swaine & Moore LLP;

b.  Faegre Drinker Biddle & Reath LLP;

c.  Wiggin and Dana LLP;

d.  Hagens Berman Sobol Shapiro LLP;

e.  Wolf Haldenstein Adler Freeman & Herz LLP;

f.  Alioto Law Firm;

g.  Kellogg, Hansen, Todd, Figel & Frederick, PLLC;

h.  Calcaterra Pollack LLP;

i.  Nedeau Law PC;

j.  Law Offices of Lawrence G. Papale;

k.  Law Offices of Jeffery Kenneth Perkins;

l.  Alexander H. Schmidt, Esq.;

m.  Berman Tabacco;

n.  Thomas C. Willcox;

o.  Freed Kanner London Millen LLC;

p.  Sperling & Slater P.C.; and

q.  Saveri & Saveri, Inc.

# EXHIBIT 17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *Cameron et al.*<br>*v.*<br>*Apple, Inc.* | Case No. 4:19-cv-03074-YGR |
| *In re Apple iPhone Antitrust Litigation* | Case No. 4:11-cv-06714-YGR |

**COALITION FOR APP FAIRNESS'S OBJECTIONS TO DEFENDANT'S *SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION***

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure (the "Federal Rules"), the Coalition for App Fairness (the "Coalition"), by and through its attorneys, hereby submits its Objections to Defendant's *Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action* (the "Subpoena"), dated June 7, 2021.

**GENERAL OBJECTIONS**

In addition to the objections separately set forth in response to individual requests for production, responses are provided subject to the following General Objections to which reference is hereby made with respect to each such response, whether or not specifically referred to therein. Each response herein is qualified by and incorporates the following General Objections and is limited to the matters not covered thereby.

1.      The Coalition objects to each and every request for production to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Any production of protected material is inadvertent and shall not constitute a waiver of any privilege.

2.      The Coalition objects to each and every request for production to the extent that it seeks documents protected from disclosure by the First Amendment, including but not limited to communications between and among Coalition members, personnel, advisors, vendors, and other persons regarding the Coalition's advocacy efforts, as well as communications to governmental entities related to the Coalition's political activities.  The Supreme Court has recognized that the forced disclosure of political associations and communications raises First Amendment concerns, because the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association." *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958).  Compelled disclosure of private communications in discovery can deter activities protected under the First Amendment "by chilling participation and by muting the internal exchange of ideas." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010); *see also Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Fed. Election Comm'n*, 333 F.3d 168, 175-80 (D.C. Cir. 2003); *Wyoming v. U.S. Dep't of Agriculture*, 208 F.R.D. 449, 454-55 (D.D.C. 202); *Int'l Union v. Nat'l Right to Work Legal Defense and Ed. Found., Inc.*, 590 F.2d 1139, 1147 (D.C. Cir. 1978).  Thus, courts "have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Perry*, 591 F.3d at 1160.

3.      The Coalition objects to each and every request for production to the extent that it seeks documents that are not relevant to any claims or defenses in the above-captioned cases.  Fed. R. Civ. P. 26(b)(1).  These cases concern whether Defendant's policies and practices regarding purchase of applications on iOS devices violate the Sherman Act and California's Unfair Competition Law.  Through the Subpoena, Defendant seeks documents and communications

regarding the Coalition's advocacy efforts, which are entirely irrelevant to whether the Defendant violated antitrust laws and are thus irrelevant to the claims and defenses in this case.

4.     The Coalition objects to each and every request for production to the extent that it is not "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

     a.     The requests for production are not proportional to the needs of the case because the Coalition's communications and documents are of no importance to "resolving the issues" in this case for the reasons explained in the third General Objection.  Fed. R. Civ. P. 26(b)(1).

     b.     The production requests are not proportional to the needs of the case because "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Many of the document requests are exceptionally broad and would require substantial resources to collect, review, and produce.  Moreover, they intrude on the Coalition's First Amendment associational rights.  The burdens on the Coalition thus clearly outweigh any benefit of the proposed discovery.

5.     The Coalition objects to each and every request for production to the extent that it (a) is vague and ambiguous; (b) is overly broad or unduly burdensome; (c) seeks documents that are not within the possession, custody, or control of the Coalition (including materials in the possession of third parties); or (d) seeks documents that are equally available, or more available, to Defendant through party discovery or other means.  The Coalition objects to requests for "all" documents or communications "concerning" a particular topic, because identifying and collecting all documents containing any reference or relationship to a particular topic is unduly burdensome and disproportionate to the needs of the case.

6.       The Coalition objects to each and every request for production to the extent that it purports to impose obligations beyond those required by the Federal Rules or to the extent that it seeks information beyond that permitted by the Federal Rules.

7.       The Coalition objects to each and every request for production to the extent that it seeks to require the Coalition to search for and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

8.       The Coalition objects to each and every request for production to the extent that it calls for the production of internal proprietary business information or other private or confidential information of the Coalition without the adoption of an appropriate protective order guaranteeing the confidentiality of the Coalition's materials.

9.       The Coalition objects to each and every request for production to the extent that it seeks production of documents or information subject to confidentiality or nondisclosure agreements with third parties (or other agreements governing the sharing of information).

10.      The Coalition objects to each and every request for production to the extent that it is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from parties to the case and other sources.  Fed. R. Civ. P. 26(b)(2)(C)(i).

11.      The Coalition objects to the requests on the ground that the production deadline set forth in the Subpoena is insufficient and fails to allow reasonable time for the identification, collection, review, and production of responsive materials, which (assuming any responsive materials exist) will require substantial time to identify, review for privilege, and produce.  The Subpoena was served on our around June 7, 2021, and the date for compliance is June 21, 2021.

12.     The Coalition reserves all objections to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to the Subpoena.

13.     The Coalition objects to the Subpoena to the extent Defendant did not provide notice of Subpoena as required by Rule 45(a)(4).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     The definition of "EPIC" (Definition 10) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include Epic Games, Inc.'s "officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, . . . and any PERSON that Epic Games, Inc., manages or controls."  Because the Coalition is not necessarily in a position to know whether a particular person meets this definition, the Coalition objects to this definition to the extent it applies to any person the Coalition does not know to be affiliated with Epic Games, Inc.

2.     The definition of "MICROSOFT" (Definition 12) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include Microsoft Corporation's "predecessor or successor companies, subsidiaries . . ., corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time."  Because the Coalition is not necessarily in a position to know whether a

particular person meets this definition, the Coalition objects to this definition to the extent it applies to any person the Coalition does not know to be affiliated with Microsoft Corporation.

3.     The definition of "NAMED CONSUMER PLAINTIFF" (Definition 13) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because the Coalition is not necessarily in a position to know whether a particular person meets this definition, the Coalition objects to this definition to the extent it applies to any person the Coalition does not know to be affiliated with a Named Consumer Plaintiff.

4.     The definition of "NAMED DEVELOPER PLAINTIFF" (Definition 14) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because the Coalition is not necessarily in a position to know whether a particular person meets this definition, the Coalition objects to this definition to the extent it applies to any person the Coalition does not know to be affiliated with a Named Developer Plaintiff.

5.     The definition of "PERSON" (Definition 15) is vague and ambiguous, and, as a result, requests and other definitions that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal" of an entity.  Because the Coalition is not necessarily

in a position to know whether a particular person meets this definition, the Coalition objects to this definition to the extent it applies to any person the Coalition does not know to be affiliated with a specific PERSON.

6.      The definition of "PLAINTIFFS" (Definition 16) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because the Coalition is not necessarily in a position to know whether a particular person meets this definition, the Coalition objects to this definition to the extent it applies to any person the Coalition does not know to be affiliated with a Plaintiff.

7.      The definition of "YOU" and "YOUR" (Definition 18) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  The definition is overly broad, and applying the definition would be unduly burdensome, because it purports to encompass a vast range of persons and entities, including members and potentially numerous unaffiliated grassroots supporters who engage in advocacy.  Applying the definition could potentially require the Coalition to disclose the identities of the persons covered by the definition in violation of the First Amendment right to keep such identities private.  *See NAACP v. Patterson*, 357 U.S. 449, 463 (1958); *Buckley v. Valeo*, 424 U.S. 1, 74 (1976).

8.      The Coalition objects to the request in Instruction 8 that the Coalition produce a privilege log.  Producing a privilege log would be unduly burdensome because it would divert the Coalition's limited resources and members' contributions away from its advocacy efforts and toward compiling a privilege log in connection with responding to overly broad discovery requests,

practically all of which implicate the Coalition's First Amendment privilege.  The Coalition also objects to this instruction to the extent producing a privilege log would itself reveal privileged information.

9.      The Coalition objects to Instruction 12 that "[r]eferences to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof."  This instruction is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Because the Coalition is not necessarily in a position to know whether a particular person is an "agent, employee, representative, attorney, superior, or principal" of another person, the Coalition objects to this instruction to the extent it applies to any person the Coalition does not know to meet that definition.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

> *ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED CONSUMER PLAINTIFF (and/or their counsel).*

**OBJECTIONS:**

This Request is unduly burdensome because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  The Request is also overly broad and unduly burdensome because it seeks "all" communications regardless of subject matter.  Moreover, this Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the Named Consumer Plaintiffs in this case.  Fed. R. Civ. P. 26(b)(2)(C)(i).   This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the

terms "YOU," "YOUR," and "NAMED CONSUMER PLAINTIFF," for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 2:**

> *ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED DEVELOPER PLAINTIFF (and/or their counsel).*

**OBJECTIONS:**

This Request is unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  The Request is also overly broad and unduly burdensome because it seeks "all" communications regardless of subject matter.  Moreover, this Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the Named Developer Plaintiffs in this case.  Fed. R. Civ. P. 26(b)(2)(C)(i).  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU", "YOUR", and "NAMED DEVELOPER PLAINTIFF," for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 3:**

*ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any APP DEVELOPER (and/or their counsel), INCLUDING EPIC (and/or their counsel), and INCLUDING MICROSOFT (and/or their counsel), CONCERNING:*

*a.      the APP STORE, INCLUDING any guidelines, policies, and procedures for the APP STORE;*

*b.      the distribution of APPS on any APP MARKETPLACE(S);*

*c.      any of the following litigations, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:*

> *i. Pepper v. Apple Inc., Case No. 4:11-cv-06714-YGR (N.D. Cal.);*
>
> *ii. Lawrence v. Apple Inc., Case No. 4:19-cv-02852-YGR (N.D. Cal.);*
>
> *iii. Cameron v. Apple Inc., Case No. 419-cv-03074-YGR (N.D. Cal.);*
>
> *iv. Sermons v. Apple Inc., Case No. 4:19-cv-03796-YGR (N.D. Cal.); and*
>
> *v. Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR (N.D. Cal.);*
>
> *and*

*d. any allegations or suspicion of any anti-competitive conduct or behavior.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  Any communications between the Coalition and other non-parties are irrelevant to the antitrust claims and defenses in these cases. With respect to an "App Developer" that is a party to these or other cases involving Defendant, this Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the parties in these and other cases.  Fed. R. Civ. P.

26(b)(2)(C)(i).  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU," "YOUR," "APP DEVELOPER," "EPIC," and "MICROSOFT" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  This request is also overly broad, vague, and ambiguous with respect to its request for documents regarding "any allegations or suspicion of any anti-competitive conduct or behavior."  Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 4:**

> *ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE, the DEFENDANT, and/or any allegations or suspicion of any anti-competitive conduct or behavior.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection and based on the Coalition's right to petition the government.  *See Perry*, 591 F.3d at 1165 n.12.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  Any communications between the Coalition and the government are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU,"  and "YOUR," for the reasons stated in the Objections to Defendant's Definitions and Instructions.  This request is also overly

broad, vague, and ambiguous with respect to its request for documents and communications

regarding "any allegations or suspicion of any anti-competitive conduct or behavior."

**REQUEST NO. 5:**

> *ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any actual or proposed founder or member of YOUR organization (and/or their counsel), INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, EPIC, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, Spotify, Tile and Yoga Buddhi, CONCERNING the DEFENDANT, any APP MARKETPLACE(S), and/or any allegations or suspicion of any anti-competitive conduct or behavior.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by

the First Amendment as stated in the Coalition's second General Objection.  The Request is also

unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in

this case, as stated in the Coalition's third General Objection, and not "proportional to the needs

of the case," as stated in the Coalition's fourth General Objection.  Any communications between

the Coalition and other non-parties are irrelevant to the antitrust claims and defenses in these cases.

This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in

reasonable particularity, as a result of its use of the terms "YOU" and "YOUR," for the reasons

stated in the Objections to Defendant's Definitions and Instructions.  This request is also overly

broad, vague, and ambiguous with respect to its request for documents and communications

regarding "any allegations or suspicion of any anti-competitive conduct or behavior."  Finally, the

Coalition objects to this Request to the extent it seeks documents that are subject to protection by

the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 6:**

> *DOCUMENTS, INCLUDING COMMUNICATIONS, CONCERNING YOUR formation, documents of incorporation, bylaws, purpose and objectives, activities, sponsorship, founders, board members, meeting minutes, membership list, fees, publications, press*

*releases, letters to members or government agencies.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  Documents related to the Coalition's governance and activities are irrelevant to the antitrust claims and defenses in these cases.  The Request is also overly broad and unduly burdensome because it seeks documents concerning, for example, the Coalition's "objectives," "meeting minutes," "publications," "press releases," and "letters to members or government agencies" without any limitation with respect to subject matter.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOUR," for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 7:**

> *ALL COMMUNICATIONS or DOCUMENTS CONCERNING YOUR website appfairness.org INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, fees, and any allegations YOU published on appfairness.org of anti-competitive conduct or behavior.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in

this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection. Documents related to the Coalition's website are irrelevant to the antitrust claims and defenses in these cases. The Request is also overly broad and unduly burdensome because it seeks documents concerning, for example, the website's "formation," "objectives," and "meeting minutes" without any limitation with respect to subject matter. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU" and "YOUR," for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, this Request seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 8:**

> *ALL COMMUNICATIONS or DOCUMENTS CONCERNING the subject matter of the following litigations:*
>
> > *i.* Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);*
> >
> > *ii.* Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);*
> >
> > *iii.* Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);*
> >
> > *iv.* Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and*
> >
> > *v.* Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).*

**OBJECTIONS:**

The Request is unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection. The Coalition's documents and communications concerning litigation involving the Defendant are irrelevant to the antitrust claims and defenses in these cases. This Request for documents

concerning the "subject matter" of the litigation is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity.  Finally, the Coalition objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.


**REQUEST NO. 9:**

> *ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and:*

> *a. Athey, Susan;*

> *b. Barnes, Ned;*

> *c. Cragg, Michael;*

> *d. Evans, David;*

> *e. Lee, Wenke;*

> *f. Mathiowetz, Nancy;*

> *g. Mickens, James; and*

> *h. Rossi, Peter.*

**OBJECTIONS:**

The Request is burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  Communications with individuals who served as expert witnesses in a separate case not involving the Coalition are irrelevant to the antitrust claims and defenses in these cases.  The Request is also overly broad and unduly burdensome because it seeks "all" documents and communications without regard to subject matter.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU" and "YOUR," for the

reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 10:**

> *DOCUMENTS sufficient to show YOUR efforts to solicit or increase membership in YOUR organization, INCLUDING any strategy and/or public relations DOCUMENTS, whether developed and drafted directly by YOUR organization or any other PERSON.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  The Coalition's efforts to solicit or increase its membership are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU," "YOUR," and "PERSON," for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 11:**

> *ALL COMMUNICATIONS AND DOCUMENTS exchanged between YOU (and/or YOUR counsel) or any of YOUR members (and/or their counsel) and Lane Kasselman (and/or his counsel), Greenbrier (and/or their counsel), The Messina Group (and/or their counsel), and/or Matthew Weissinger (and/or his counsel) CONCERNING:*
>
> > *a. Project Liberty;*

*b. the DEFENDANT; and*

*c. any actual or potential litigation against the DEFENDANT.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection. The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection. Any communications between the Coalition and other non-parties are irrelevant to the antitrust claims and defenses in these cases. The Request also seeks documents and communications that are not in the possession, custody, or control of the Coalition. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU" and "YOUR," for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 12:**

*ALL COMMUNICATIONS or DOCUMENTS CONCERNING:*

*a. Lane Kasselman;*

*b. Greenbrier;*

*c. The Messina Group; and*

*d. Matthew Weissinger.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  Documents "concerning" these other non-parties are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad and unduly burdensome because it is not limited to the subject matter of this litigation.  Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 13:**

*ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any consultants, consulting firms, political strategist, advisors and/or public relations firms.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  This Request is overly broad and unduly burdensome because it is not limited to the subject matter of this litigation.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU" and "YOUR," for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this

Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 14:**

> *DOCUMENTS sufficient to show YOUR agreements or contracts with any APP DEVELOPER, INCLUDING any guidelines, rules, or principals* [sic] *related to membership in YOUR organization.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  The Coalition's agreements with App Developers and documents governing membership in the Coalition are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOUR" and "APP DEVELOPER" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 15:**

> *DOCUMENTS AND COMMUNICATIONS CONCERNING any financial relationship between YOU and any APP DEVELOPER, INCLUDING EPIC, INCLUDING any payments or monies paid by any APP DEVELOPER, INCLUDING EPIC, to YOUR organization, INCLUDING to any PERSON acting on behalf of YOUR organization..*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  The Coalition's financial relationships with non-parties are irrelevant to the antitrust claims and defenses in these cases. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU," "YOUR," "APP DEVELOPER," "EPIC," and "PERSON," for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 16:**

> *DOCUMENTS sufficient to show all financial contributions that YOU have received of any kind (INCLUDING in kind or pro bono services), INCLUDING, the identity of the PERSON(s) or entities from whom such contributions were received, the date(s), type(s), amount(s) and value(s) for each.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  The sources and amounts of

financial contributions to the Coalition are irrelevant to the antitrust claims and defenses in these cases. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "YOU," for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 17:**

>*DOCUMENTS sufficient to show the organizational structure of, and/or listing personnel working for YOUR organization, INCLUDING any PERSON that does any work on behalf of YOUR organization, INCLUDING work done on a volunteer or non-paid basis.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection. The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection. The Coalition's organizational structure and identities of all persons, including volunteers, working for the Coalition are irrelevant to the antitrust claims and defenses in these cases. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "YOUR" and "PERSON," for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, the Coalition objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 18:**

>*ALL DOCUMENTS produced to PLAINTIFFS in this litigation.*

**OBJECTIONS:**

This Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the parties in these cases. Fed. R. Civ. P. 26(b)(2)(C)(i). The Coalition objects to this Request because the term "produced . . . in this litigation" is vague, ambiguous, and lacking in reasonable particularity. This Request may seek documents and communications that are protected from disclosure by the First Amendment as stated in the Coalition's second General Objection. The Request may also be unduly burdensome, because it may seek documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection. The Request may also seek documents that are subject to protection by the First Amendment, attorney-client privilege, attorney work-product doctrine, and/or related privileges. The Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "PLAINTIFFS," for the reasons stated in the Objections to Defendant's Definitions and Instructions.

**REQUEST NO. 19:**

*ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any of the following law firms:*

*a. Cravath Swaine & Moore LLP;*

*b. Faegre Drinker Biddle & Reath LLP;*

*c. Wiggin and Dana LLP;*

*d. Hagens Berman Sobol Shapiro LLP;*

*e. Wolf Haldenstein Adler Freeman & Herz LLP;*

*f. Alioto Law Firm;*

*g. Kellogg, Hansen, Todd, Figel & Frederick, PLLC;*

   *h. Calcaterra Pollack LLP;*

   *i. Nedeau Law PC;*

   *j. Law Offices of Lawrence G. Papale;*

   *k. Law Offices of Jeffery Kenneth Perkins;*

   *l. Alexander H. Schmidt, Esq.;*

   *m. Berman Tabacco;*

   *n. Thomas C. Willcox;*

   *o. Freed Kanner London Millen LLC;*

   *p. Sperling & Slater P.C.; and*

   *q. Saveri & Saveri, Inc.*

**OBJECTIONS:**

   The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in the Coalition's third General Objection, and not "proportional to the needs of the case," as stated in the Coalition's fourth General Objection.  Any communications between the Coalition and the listed law firms are irrelevant to the antitrust claims and defenses in these cases.  The Request is also overly broad and unduly burdensome because it seeks documents and communications without regard to subject matter.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "YOU" and "YOUR," for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, the Coalition objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

Dated: June 21, 2021
        Washington, DC

Respectfully submitted,

Brandon Kressin

Partner, The Kanter Law Group PLLC
1717 K St. NW, Suite 900
Washington, DC 20006
brandon@kanterlawgroup.com

*Counsel for the Coalition for App Fairness*

## <u>AFFIRMATION OF SERVICE</u>

I, Brandon Kressin, hereby certify that on June 21, 2021, I caused the foregoing

COALITION FOR APP FAIRNESS'S RESPONSES AND OBJECTIONS TO DEFENDANT'S

*SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT*

*INSPECTION OF PREMISES IN A CIVIL ACTION* to be served by U.S. mail and email upon

counsel for the Defendant:

> Nicole L. Castle,
> McDermott Will & Emery
> 340 Madison Avenue
> New York, NY 10173-1922
> ncastle@mwe.com
> (212) 547-5480

Dated:  June 21, 2021

Brandon Kressin

Partner, The Kanter Law Group PLLC
1717 K St. NW, Suite 900
Washington, DC 20006
brandon@kanterlawgroup.com

Counsel for the Coalition for App Fairness

# EXHIBIT 18

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *Cameron et al.*<br>*v.*<br>*Apple, Inc.* | Case No. 4:19-cv-03074-YGR |
| *In re Apple iPhone Antitrust Litigation* | Case No. 4:11-cv-06714-YGR |

**FORBES TATE PARTNERS' OBJECTIONS TO DEFENDANT'S *SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION***

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure (the "Federal Rules"), Forbes Tate Partners ("FTP"), by and through its attorneys, hereby submits its Objections to Defendant's *Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action* (the "Subpoena"), dated June 11, 2021.

**GENERAL OBJECTIONS**

In addition to the objections separately set forth in response to individual requests for production, responses are provided subject to the following General Objections to which reference is hereby made with respect to each such response, whether or not specifically referred to therein. Each response herein is qualified by and incorporates the following General Objections and is limited to the matters not covered thereby.

1.      FTP objects to each and every request for production to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Any production of protected material is inadvertent and shall not constitute a waiver of any privilege.

2.      FTP objects to each and every request for production to the extent that it seeks documents protected from disclosure by the First Amendment, including but not limited to communications between and among FTP, the Coalition for App Fairness (the "Coalition") or its members, personnel, advisors, vendors, and other persons regarding FTP's or the Coalition's advocacy and associational efforts, as well as communications to governmental entities related to FTP's or the Coalition's political and associational activities.  The Supreme Court has recognized that the forced disclosure of political associations and communications raises First Amendment concerns, because the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association." *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958).  Compelled disclosure of private communications in discovery can deter activities protected under the First Amendment "by chilling participation and by muting the internal exchange of ideas." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010); *see also Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Fed. Election Comm'n*, 333 F.3d 168, 175-80 (D.C. Cir. 2003); *Wyoming v. U.S. Dep't of Agriculture*, 208 F.R.D. 449, 454-55 (D.D.C. 2002); *Int'l Union v. Nat'l Right to Work Legal Defense and Ed. Found., Inc.*, 590 F.2d 1139, 1147 (D.C. Cir. 1978).  Thus, courts "have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Perry*, 591 F.3d at 1160.

3.      FTP objects to each and every request for production to the extent that it seeks documents that are not relevant to any claims or defenses in the above-captioned cases.  Fed. R. Civ. P. 26(b)(1).  These cases concern whether Defendant's policies and practices regarding purchase of applications on iOS devices violate the Sherman Act and California's Unfair Competition Law.  Through the Subpoena, Defendant seeks documents and communications

regarding FTP's and the Coalition's advocacy and associational efforts, which are entirely irrelevant to whether the Defendant violated antitrust laws and are thus irrelevant to the claims and defenses in this case.

4.    FTP objects to each and every request for production to the extent that it is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

    a.    The requests for production are not proportional to the needs of the case because FTP's communications and documents are of no importance to "resolving the issues" in this case for the reasons explained in the third General Objection. Fed. R. Civ. P. 26(b)(1).

    b.    The production requests are not proportional to the needs of the case because "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Many of the document requests are exceptionally broad and would require substantial resources to collect, review, and produce. Moreover, they intrude on FTP's, the Coalition's, its members', and other persons' First Amendment rights. The burdens of the proposed discovery thus clearly outweigh any benefit.

5.    FTP objects to each and every request for production to the extent that it (a) is vague and ambiguous; (b) is overly broad or unduly burdensome; (c) seeks documents that are not within the possession, custody, or control of FTP (including materials in the possession of third parties); or (d) seeks documents that are equally available, or more available, to Defendant through party discovery or other means. FTP objects to requests for "all" documents or communications "concerning" a particular topic, because identifying and collecting all documents containing any reference or relationship to a particular topic is unduly burdensome and disproportionate to the needs of the case.

6.      FTP objects to each and every request for production to the extent that it purports to impose obligations beyond those required by the Federal Rules or to the extent that it seeks information beyond that permitted by the Federal Rules.

7.      FTP objects to each and every request for production to the extent that it seeks to require FTP to search for and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

8.      FTP objects to each and every request for production to the extent that it calls for the production of internal proprietary business information or other private or confidential information of FTP or the Coalition without the adoption of an appropriate protective order guaranteeing the confidentiality of FTP's or the Coalition's materials.

9.      FTP objects to each and every request for production to the extent that it seeks production of documents or information subject to confidentiality or nondisclosure agreements with third parties (or other agreements governing the sharing of information).

10.     FTP objects to each and every request for production to the extent that it is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from parties to the case and other sources.  Fed. R. Civ. P. 26(b)(2)(C)(i).

11.     FTP objects to the requests on the ground that the production deadline set forth in the Subpoena is insufficient and fails to allow reasonable time for the identification, collection, review, and production of responsive materials, which (assuming any responsive materials exist) will require substantial time to identify, review for privilege, and produce.  The Subpoena is dated June 11, 2021, and the date for compliance is June 25, 2021.

12.     FTP reserves all objections to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to the Subpoena.

13.     FTP objects to the Subpoena to the extent Defendant did not provide notice of Subpoena as required by Rule 45(a)(4).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     The definition of "COALITION FOR APP FAIRNESS" (Definition 6) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include the Coalition's "predecessor or successor companies, members, subsidiaries, corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time."  Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with the Coalition.

2.     The definition of "EPIC" (Definition 11) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include Epic Games, Inc.'s "officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, . . . and any PERSON that Epic Games, Inc., manages or controls."  Because FTP is not necessarily in a position to know whether a particular person

meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with Epic Games, Inc.

3.     The definition of "GREENBRIER PARTNERS" (Definition 12) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested. Fed. R. Civ. P. 34(b)(1)(A). Defendant defines this term to include Greenbrier Partners' "officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that Greenbrier Partners manages or controls." Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with Greenbrier Partners.

4.     The definition of "LANE KASSELMAN" (Definition 14) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested. Fed. R. Civ. P. 34(b)(1)(A). Defendant defines this term to include Lane Kasselman's "representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on his behalf, or any PERSON or entity that served in any such role at any time." Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with Lane Kasselman.

5.     The definition of "THE MESSINA GROUP" (Definition 16) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested. Fed. R. Civ. P. 34(b)(1)(A). Defendant defines this

term to include The Messina Group's "officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that The Messina Group manages or controls."  Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with The Messina Group.

6.     The definition of "MICROSOFT" (Definition 17) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include Microsoft Corporation's "predecessor or successor companies, subsidiaries . . ., corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time."  Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with Microsoft Corporation.

7.     The definition of "NAMED CONSUMER PLAINTIFF" (Definition 18) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with a Named Consumer Plaintiff.

8.      The definition of "NAMED DEVELOPER PLAINTIFF" (Definition 19) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with a Named Developer Plaintiff.

9.      The definition of "PERSON" (Definition 20) is vague and ambiguous, and, as a result, requests and other definitions that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal" of an entity.  Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with a specific PERSON.

10.     The definition of "PLAINTIFFS" (Definition 21) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because FTP is not necessarily in a position to know whether a particular person meets this definition, FTP objects to this definition to the extent it applies to any person FTP does not know to be affiliated with a Plaintiff.

11.     FTP objects to the request in Instruction 8 that FTP produce a privilege log. Producing a privilege log would be unduly burdensome because it would divert FTP's resources

away from its advocacy efforts and toward compiling a privilege log in connection with responding to overly broad discovery requests, practically all of which implicate the First Amendment privilege.  FTP also objects to this instruction to the extent producing a privilege log would itself reveal privileged information.

12.     FTP objects to Instruction 13 that "[r]eferences to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof."  This instruction is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Because FTP is not necessarily in a position to know whether a particular person is an "agent, employee, representative, attorney, superior, or principal" of another person, FTP objects to this instruction to the extent it applies to any person FTP does not know to meet that definition.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED CONSUMER PLAINTIFF (and/or their counsel).*

**OBJECTIONS:**

This Request is unduly burdensome because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  The Request is also overly broad and unduly burdensome because it seeks "all" communications regardless of subject matter.  Moreover, this Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the Named Consumer Plaintiffs in this case.  Fed. R. Civ. P. 26(b)(2)(C)(i).  This Request is also overly broad, unduly burdensome, vague, ambiguous,

and lacking in reasonable particularity, as a result of its use of the term "NAMED CONSUMER

PLAINTIFF" for the reasons stated in the Objections to Defendant's Definitions and Instructions.

Finally, FTP objects to this Request to the extent it seeks documents that are protected from

disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine,

and/or related privileges.

**REQUEST NO. 2:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any*
> *COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED*
> *DEVELOPER PLAINTIFF (and/or their counsel).*

**OBJECTIONS:**

This Request is unduly burdensome, because it seeks documents that are not relevant to

any claims or defenses in this case, as stated in FTP's third General Objection, and not

"proportional to the needs of the case," as stated in FTP's fourth General Objection.  The Request

is also overly broad and unduly burdensome because it seeks "all" communications regardless of

subject matter.  Moreover, this Request is unreasonably cumulative and duplicative and seeks

documents that can more readily be obtained from and through the Named Developer Plaintiffs in

this case.  Fed. R. Civ. P. 26(b)(2)(C)(i).  This Request is also overly broad, unduly burdensome,

vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term

"NAMED DEVELOPER PLAINTIFF" for the reasons stated in the Objections to Defendant's

Definitions and Instructions.  Finally, FTP objects to this Request to the extent it seeks documents

that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney

work-product doctrine, and/or related privileges.

**REQUEST NO. 3:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any*
> *COMMUNICATIONS between YOU (and/or YOUR counsel) and any APP DEVELOPER*

*(and/or their counsel), INCLUDING EPIC (and/or their counsel), and INCLUDING MICROSOFT (and/or their counsel), CONCERNING:*

*a.      the APP STORE, INCLUDING any guidelines, policies, and procedures for the APP STORE;*

*b.      the distribution of APPS on any APP MARKETPLACE(S);*

*c.      any of the following litigations, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:*

*i. Pepper v. Apple Inc., Case No. 4:11-cv-06714-YGR (N.D. Cal.);*

*ii. Lawrence v. Apple Inc., Case No. 4:19-cv-02852-YGR (N.D. Cal.);*

*iii. Cameron v. Apple Inc., Case No. 419-cv-03074-YGR (N.D. Cal.);*

*iv. Sermons v. Apple Inc., Case No. 4:19-cv-03796-YGR (N.D. Cal.); and*

*v. Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR (N.D. Cal.);*

*and*

*d. any allegations or suspicion of any anti-competitive conduct or behavior.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  Any communications between FTP and other non-parties are irrelevant to the antitrust claims and defenses in these cases.  With respect to an "App Developer" that is a party to these or other cases involving Defendant, this Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the parties in these and other cases.  Fed. R. Civ. P. 26(b)(2)(C)(i).  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "APP DEVELOPER," "EPIC," and "MICROSOFT" for the reasons

stated in the Objections to Defendant's Definitions and Instructions.  This request is also overly broad, vague, and ambiguous with respect to its request for documents regarding "any allegations or suspicion of any anti-competitive conduct or behavior."  Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 4:**

> ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE, the DEFENDANT, and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  Any communications between FTP and the government are irrelevant to the antitrust claims and defenses in these cases.  This request is also overly broad, vague, and ambiguous with respect to its request for documents and communications regarding "any allegations or suspicion of any anti-competitive conduct or behavior."

**REQUEST NO. 5:**

> ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any actual or proposed member of the COALITION FOR APP FAIRNESS (and/or their counsel), INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, EPIC, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, Spotify, Tile and Yoga Buddhi, CONCERNING the DEFENDANT, any APP MARKETPLACE(S), and/or any allegations or suspicion of any anti-competitive conduct or behavior.

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection. The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection. Any communications between FTP and other non-parties are irrelevant to the antitrust claims and defenses in these cases. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "EPIC" and "COALITION FOR APP FAIRNESS" for the reasons stated in the Objections to Defendant's Definitions and Instructions. This request is also overly broad, vague, and ambiguous with respect to its request for documents and communications regarding "any allegations or suspicion of any anti-competitive conduct or behavior." Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 6:**

> *DOCUMENTS, INCLUDING COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS, CONCERNING:*
>
> *a.        the COALITION FOR APP FAIRNESS, INCLUDING its formation, documents of incorporation, bylaws, purpose and objectives, activities, sponsorship, founders, board members, meeting minutes, membership list, fees, publications, press releases, letters to members or government agencies;*
>
> *b.        YOUR advice, strategies and/or recommendations CONCERNING the DEFENDANT;*
>
> *c.        YOUR advice and/or recommendations CONCERNING the strategy of building a coalition of app developers;*
>
> *d.        the solicitation of members to join the COALITION FOR APP FAIRNESS;*
>
> *e.        MEGHAN DIMUZIO's role as Executive Director of the COALITION FOR APP FAIRNESS; and*
>
> *f.        YOUR relationship with the COALITION FOR APP FAIRNESS.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  Documents related to the Coalition's governance and activities, and any relationship between FTP and the Coalition, are irrelevant to the antitrust claims and defenses in these cases.  The Request is also overly broad and unduly burdensome because it seeks documents concerning, for example, the Coalition's "objectives," "meeting minutes," "publications," "press releases," and "letters to members or government agencies" without any limitation with respect to subject matter.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "COALITION FOR APP FAIRNESS" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 7:**

*ALL COMMUNICATIONS or DOCUMENTS CONCERNING the COALITION FOR APP FAIRNESS' website appfairness.org, INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, fees, and any allegations published on appfairness.org of anti-competitive conduct.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case,

as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  Documents related to appfairness.org are irrelevant to the antitrust claims and defenses in these cases.  The Request is also overly broad and unduly burdensome because it seeks documents concerning, for example, the website's "formation," "objectives," and "meeting minutes" without any limitation with respect to subject matter.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "COALITION FOR APP FAIRNESS" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, this Request seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 8:**

> *ALL COMMUNICATIONS or DOCUMENTS CONCERNING the subject matter of the following litigations:*
>
> > *i.* Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);*
> >
> > *ii.* Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);*
> >
> > *iii.* Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);*
> >
> > *iv.* Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and*
> >
> > *v.* Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).*

**OBJECTIONS:**

The Request is unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  FTP's documents and communications concerning litigation involving the Defendant are irrelevant to the antitrust claims and defenses in these cases.  This Request for documents concerning the "subject matter" of the

litigation is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity.  Finally, FTP objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 9:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and:*
>
> > *a. Athey, Susan;*
> >
> > *b. Barnes, Ned;*
> >
> > *c. Cragg, Michael;*
> >
> > *d. Evans, David;*
> >
> > *e. Lee, Wenke;*
> >
> > *f. Mathiowetz, Nancy;*
> >
> > *g. Mickens, James; and*
> >
> > *h. Rossi, Peter.*

**OBJECTIONS:**

The Request is burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  Communications with individuals who served as expert witnesses in a separate case are irrelevant to the antitrust claims and defenses in these cases.  The Request is also overly broad and unduly burdensome because it seeks "all" documents and communications without regard to subject matter.  Finally, FTP objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 10:**

> *DOCUMENTS CONCERNING efforts to solicit or increase membership in the COALITION FOR APP FAIRNESS, INCLUDING any strategy and/or public relations DOCUMENTS, whether developed and drafted directly by YOU or any other PERSON.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection. The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection. Efforts to solicit or increase the Coalition's membership are irrelevant to the antitrust claims and defenses in these cases. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "COALITION FOR APP FAIRNESS" and "PERSON" for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 11:**

> *ALL COMMUNICATIONS AND DOCUMENTS exchanged between YOU (and/or YOUR counsel) and LANE KASSELMAN (and/or his counsel), GREENBRIER PARTNERS (and/or their counsel), THE MESSINA GROUP (and/or their counsel), and/or Matthew Weissinger (and/or his counsel) CONCERNING:*
>
> > *a. Project Liberty;*
> >
> > *b. the DEFENDANT; and*
> >
> > *c. any actual or potential litigation against the DEFENDANT.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  Any communications between FTP and other non-parties are irrelevant to the antitrust claims and defenses in these cases.  The Request also seeks documents and communications that are not in the possession, custody, or control of FTP.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "LANE KASSELMAN," "GREENBRIER PARTNERS," and "THE MESSINA GROUP" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 12:**

> *ALL COMMUNICATIONS or DOCUMENTS CONCERNING:*
>
> > *a. LANE KASSELMAN;*
> >
> > *b. GREENBRIER PARTNERS;*
> >
> > *c. THE MESSINA GROUP; and*
> >
> > *d. Matthew Weissinger.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case,"

as stated in FTP's fourth General Objection.  Documents "concerning" these other non-parties are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "LANE KASSELMAN," "GREENBRIER PARTNERS," and "THE MESSINA GROUP" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  This Request is also overly broad and unduly burdensome because it is not limited to the subject matter of this litigation.  Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 13:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and:*
>
> > *a. any EPIC employee;*
> >
> > *b. any EPIC lawyer; and*
> >
> > *c. any PERSON representing EPIC in any capacity.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.   Communications with another non-party are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "EPIC" and "PERSON" for the reasons stated in the Objections to Defendant's

Definitions and Instructions.  This Request is also overly broad and unduly burdensome because it is not limited to the subject matter of this litigation.  Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 14:**

> *ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any consultants, consulting firms, political strategist, advisors and/or public relations firms, CONCERNING the DEFENDANT, the APP STORE, and any actual or potential litigation against the DEFENDANT.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  This Request is overly broad and unduly burdensome because it is not limited to the subject matter of this litigation.   Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 15:**

> *DOCUMENTS CONCERNING  any guidelines, rules, or principals* [sic] *related to membership in the COALITION FOR APP FAIRNESS.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case,"

as stated in FTP's fourth General Objection.  Documents relating to membership in the Coalition

are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad,

unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its

use of the term "COALITION FOR APP FAIRNESS" for the reasons stated in the Objections to

Defendant's Definitions and Instructions.  Finally, FTP objects to this Request to the extent it seeks

documents that are subject to protection by the attorney-client privilege, attorney work-product

doctrine, and/or related privileges.

**REQUEST NO. 16:**

> *DOCUMENTS AND COMMUNICATIONS CONCERNING any financial relationship between YOU and any APP DEVELOPER, INCLUDING EPIC, INCLUDING any payments or monies paid by any APP DEVELOPER, INCLUDING EPIC, to YOU, INCLUDING to any PERSON acting on YOUR behalf.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by

the First Amendment as stated in FTP's second General Objection.  The Request is also unduly

burdensome, because it seeks documents that are not relevant to any claims or defenses in this

case, as stated in FTP's third General Objection, and not "proportional to the needs of the case,"

as stated in FTP's fourth General Objection.  FTP's financial relationships with non-parties are

irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad,

unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its

use of the terms "APP DEVELOPER," "EPIC," and "PERSON" for the reasons stated in the

Objections to Defendant's Definitions and Instructions.  Finally, FTP objects to this Request to the

extent it seeks documents that are subject to protection by the attorney-client privilege, attorney

work-product doctrine, and/or related privileges.

**REQUEST NO. 17:**

*DOCUMENTS sufficient to show the organizational structure of, and/or listing personnel working for YOU that did any work related to EPIC, the DEFENDANT, and/ or the COALITION FOR APP FAIRNESS.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection. The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection. FTP's organizational structure and identities of persons working for FTP are irrelevant to the antitrust claims and defenses in these cases. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "EPIC" and "COALITION FOR APP FAIRNESS" for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, FTP objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 18:**

*ALL DOCUMENTS produced to PLAINTIFFS in this litigation.*

**OBJECTIONS:**

This Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the parties in these cases. Fed. R. Civ. P. 26(b)(2)(C)(i). FTP objects to this Request because the term "produced . . . in this litigation" is vague, ambiguous, and lacking in reasonable particularity. This Request may seek documents and communications that are protected from disclosure by the First Amendment as stated in FTP's second General Objection. The Request may also be unduly burdensome, because it may seek documents that are not relevant to any claims or defenses in this case, as stated in FTP's third

General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection.  The Request may also seek documents that are subject to protection by the First Amendment, attorney-client privilege, attorney work-product doctrine, and/or related privileges.  The Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "PLAINTIFFS" for the reasons stated in the Objections to Defendant's Definitions and Instructions.

**REQUEST NO. 19:**

> ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any of the following law firms:
>
> a. Cravath Swaine & Moore LLP;
>
> b. Faegre Drinker Biddle & Reath LLP;
>
> c. Wiggin and Dana LLP;
>
> d. Hagens Berman Sobol Shapiro LLP;
>
> e. Wolf Haldenstein Adler Freeman & Herz LLP;
>
> f. Alioto Law Firm;
>
> g. Kellogg, Hansen, Todd, Figel & Frederick, PLLC;
>
> h. Calcaterra Pollack LLP;
>
> i. Nedeau Law PC;
>
> j. Law Offices of Lawrence G. Papale;
>
> k. Law Offices of Jeffery Kenneth Perkins;
>
> l. Alexander H. Schmidt, Esq.;
>
> m. Berman Tabacco;
>
> n. Thomas C. Willcox;
>
> o. Freed Kanner London Millen LLC;
>
> p. Sperling & Slater P.C.; and

*q. Saveri & Saveri, Inc.*

**OBJECTIONS:**

The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in FTP's third General Objection, and not "proportional to the needs of the case," as stated in FTP's fourth General Objection. Any communications between FTP and the listed law firms are irrelevant to the antitrust claims and defenses in these cases. The Request is also overly broad and unduly burdensome because it seeks documents and communications without regard to subject matter. Finally, FTP objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

Dated: June 25, 2021
      Washington, DC

Respectfully submitted,

/s/ David S. Torborg
David S. Torborg
Megan S. Newton
Stephen J. Kenny
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Forbes Tate Partners*

## AFFIRMATION OF SERVICE

I, David S. Torborg, hereby certify that on June 25, 2021, I caused the foregoing FORBES

TATE PARTNERS' OBJECTIONS TO DEFENDANT'S *SUBPOENA TO PRODUCE*

*DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES*

*IN A CIVIL ACTION* to be served by U.S. mail and email upon counsel for the Defendant:

> Nicole L. Castle,
> McDermott Will & Emery
> 340 Madison Avenue
> New York, NY 10173-1922
> ncastle@mwe.com
> (212) 547-5480

Dated:  June 25, 2021

/s David S. Torborg

# EXHIBIT 19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *Cameron et al.*<br>*v.*<br>*Apple, Inc.* | Case No. 4:19-cv-03074-YGR |
| *In re Apple iPhone Antitrust Litigation* | Case No. 4:11-cv-06714-YGR |

### MEGHAN DIMUZIO'S OBJECTIONS TO DEFENDANT'S *SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION*

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure (the "Federal Rules"), Meghan DiMuzio ("DiMuzio"), by and through her attorneys, hereby submits her Objections to Defendant's *Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action* (the "Subpoena"), dated June 11, 2021.

### GENERAL OBJECTIONS

In addition to the objections separately set forth in response to individual requests for production, responses are provided subject to the following General Objections to which reference is hereby made with respect to each such response, whether or not specifically referred to therein. Each response herein is qualified by and incorporates the following General Objections and is limited to the matters not covered thereby.

1.      DiMuzio objects to each and every request for production to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Any production of protected material is inadvertent and shall not constitute a waiver of any privilege.

2.    DiMuzio objects to each and every request for production to the extent that it seeks documents protected from disclosure by the First Amendment, including but not limited to communications between and among DiMuzio, the Coalition for App Fairness (the "Coalition") and/or its members, personnel, advisors, vendors, and other persons regarding DiMuzio's or the Coalition's advocacy and associational efforts, as well as communications to governmental entities related to DiMuzio's or the Coalition's political and associational activities.  The Supreme Court has recognized that the forced disclosure of political associations and communications raises First Amendment concerns, because the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association."  *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958).  Compelled disclosure of private communications in discovery can deter activities protected under the First Amendment "by chilling participation and by muting the internal exchange of ideas."  *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010); *see also Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Fed. Election Comm'n*, 333 F.3d 168, 175-80 (D.C. Cir. 2003); *Wyoming v. U.S. Dep't of Agriculture*, 208 F.R.D. 449, 454-55 (D.D.C. 2002); *Int'l Union v. Nat'l Right to Work Legal Defense and Ed. Found., Inc.*, 590 F.2d 1139, 1147 (D.C. Cir. 1978).  Thus, courts "have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment."  *Perry*, 591 F.3d at 1160.

3.    DiMuzio objects to each and every request for production to the extent that it seeks documents that are not relevant to any claims or defenses in the above-captioned cases.  Fed. R. Civ. P. 26(b)(1).  These cases concern whether Defendant's policies and practices regarding purchase of applications on iOS devices violate the Sherman Act and California's Unfair Competition Law.  Through the Subpoena, Defendant seeks documents and communications

regarding DiMuzio's and the Coalition's advocacy and associational efforts, which are entirely irrelevant to whether the Defendant violated antitrust laws and are thus irrelevant to the claims and defenses in this case.

4.  DiMuzio objects to each and every request for production to the extent that it is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

a.  The requests for production are not proportional to the needs of the case because DiMuzio's communications and documents are of no importance to "resolving the issues" in this case for the reasons explained in the third General Objection. Fed. R. Civ. P. 26(b)(1).

b.  The production requests are not proportional to the needs of the case because "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Many of the document requests are exceptionally broad and would require substantial resources to collect, review, and produce. Moreover, they intrude on DiMuzio's, the Coalition's, its members', and other persons' First Amendment rights. The burdens of the proposed discovery thus clearly outweigh any benefit.

5.  DiMuzio objects to each and every request for production to the extent that it (a) is vague and ambiguous; (b) is overly broad or unduly burdensome; (c) seeks documents that are not within her possession, custody, or control (including materials in the possession of third parties); or (d) seeks documents that are equally available, or more available, to Defendant through party discovery or other means. DiMuzio objects to requests for "all" documents or communications "concerning" a particular topic, because identifying and collecting all documents containing any reference or relationship to a particular topic is unduly burdensome and disproportionate to the needs of the case.

6.      DiMuzio objects to each and every request for production to the extent that it purports to impose obligations beyond those required by the Federal Rules or to the extent that it seeks information beyond that permitted by the Federal Rules.

7.      DiMuzio objects to each and every request for production to the extent that it seeks to require DiMuzio to search for and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

8.      DiMuzio objects to each and every request for production to the extent that it calls for the production of proprietary business information or other private or confidential information of DiMuzio, Forbes Tate Partners ("FTP"), or the Coalition without the adoption of an appropriate protective order guaranteeing the confidentiality of DiMuzio's, FTP's, or the Coalition's materials.

9.      DiMuzio objects to each and every request for production to the extent that it seeks production of documents or information subject to confidentiality or nondisclosure agreements with third parties (or other agreements governing the sharing of information).

10.     DiMuzio objects to each and every request for production to the extent that it is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from parties to the case and other sources.  Fed. R. Civ. P. 26(b)(2)(C)(i).

11.     DiMuzio objects to the requests on the ground that the production deadline set forth in the Subpoena is insufficient and fails to allow reasonable time for the identification, collection, review, and production of responsive materials, which (assuming any responsive materials exist) will require substantial time to identify, review for privilege, and produce.  The Subpoena was served on or around June 11, 2021, and the date for compliance is June 25, 2021.

12.     DiMuzio reserves all objections to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to the Subpoena.

13.     DiMuzio objects to the Subpoena to the extent Defendant did not provide notice of Subpoena as required by Rule 45(a)(4).

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     The definition of "COALITION FOR APP FAIRNESS" (Definition 6) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include the Coalition's "predecessor or successor companies, members, subsidiaries, corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time."  Because DiMuzio is not necessarily in a position to know whether a particular person meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with the Coalition.

2.     The definition of "EPIC" (Definition 11) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include Epic Games, Inc.'s "officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, . . . and any PERSON that Epic Games, Inc., manages or controls."  Because DiMuzio is not necessarily in a position to know whether a particular person

meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with Epic Games, Inc.

3.     The definition of "GREENBRIER PARTNERS" (Definition 13) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested. Fed. R. Civ. P. 34(b)(1)(A). Defendant defines this term to include Greenbrier Partners' "officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that Greenbrier Partners manages or controls." Because DiMuzio is not necessarily in a position to know whether a particular person meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with Greenbrier Partners.

4.     The definition of "LANE KASSELMAN" (Definition 15) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested. Fed. R. Civ. P. 34(b)(1)(A). Defendant defines this term to include Lane Kasselman's "representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on his behalf, or any PERSON or entity that served in any such role at any time." Because DiMuzio is not necessarily in a position to know whether a particular person meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with Lane Kasselman.

5.     The definition of "THE MESSINA GROUP" (Definition 16) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested. Fed. R. Civ. P. 34(b)(1)(A). Defendant defines this

term to include The Messina Group's "officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, and any PERSON that The Messina Group manages or controls."  Because DiMuzio is not necessarily in a position to know whether a particular person meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with The Messina Group.

6.     The definition of "MICROSOFT" (Definition 17) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include Microsoft Corporation's "predecessor or successor companies, subsidiaries . . ., corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time."  Because DiMuzio is not necessarily in a position to know whether a particular person meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with Microsoft Corporation.

7.     The definition of "NAMED CONSUMER PLAINTIFF" (Definition 18) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because DiMuzio is not necessarily in a position to know whether a particular person meets this definition, DiMuzio objects to this definition to the

- 7 -

extent it applies to any person DiMuzio does not know to be affiliated with a Named Consumer Plaintiff.

8.      The definition of "NAMED DEVELOPER PLAINTIFF" (Definition 19) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because DiMuzio is not necessarily in a position to know whether a particular person meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with a Named Developer Plaintiff.

9.      The definition of "PERSON" (Definition 20) is vague and ambiguous, and, as a result, requests and other definitions that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal" of an entity.  Because DiMuzio is not necessarily in a position to know whether a particular person meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with a specific PERSON.

10.      The definition of "PLAINTIFFS" (Definition 21) is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Defendant defines this term to include "any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf."  Because DiMuzio is not necessarily in a position to know whether a

particular person meets this definition, DiMuzio objects to this definition to the extent it applies to any person DiMuzio does not know to be affiliated with a Plaintiff.

11.     DiMuzio objects to the request in Instruction 8 that she produce a privilege log. Producing a privilege log would be unduly burdensome because it would divert resources away from advocacy efforts and toward compiling a privilege log in connection with responding to overly broad discovery requests, practically all of which implicate the First Amendment privilege. DiMuzio also objects to this instruction to the extent producing a privilege log would itself reveal privileged information.

12.     DiMuzio objects to Instruction 13 that "[r]eferences to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof."  This instruction is vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  Because DiMuzio is not necessarily in a position to know whether a particular person is an "agent, employee, representative, attorney, superior, or principal" of another person, DiMuzio objects to this instruction to the extent it applies to any person DiMuzio does not know to meet that definition.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED CONSUMER PLAINTIFF (and/or their counsel).*

**OBJECTIONS:**

This Request is unduly burdensome because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  The

Request is also overly broad and unduly burdensome because it seeks "all" communications regardless of subject matter. Moreover, this Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the Named Consumer Plaintiffs in this case. Fed. R. Civ. P. 26(b)(2)(C)(i). This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "NAMED CONSUMER PLAINTIFF" for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, DiMuzio objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 2:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED DEVELOPER PLAINTIFF (and/or their counsel).*

**OBJECTIONS:**

This Request is unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection. The Request is also overly broad and unduly burdensome because it seeks "all" communications regardless of subject matter. Moreover, this Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the Named Developer Plaintiffs in this case. Fed. R. Civ. P. 26(b)(2)(C)(i). This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "NAMED DEVELOPER PLAINTIFF" for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, DiMuzio objects to this Request to the extent it

- 10 -

seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 3:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any APP DEVELOPER (and/or their counsel), INCLUDING EPIC (and/or their counsel), and INCLUDING MICROSOFT (and/or their counsel), CONCERNING:*
>
> *a.      the APP STORE, INCLUDING any guidelines, policies, and procedures for the APP STORE;*
>
> *b.      the distribution of APPS on any APP MARKETPLACE(S);*
>
> *c.      any of the following litigations, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:*
>
>> *i. Pepper v. Apple Inc., Case No. 4:11-cv-06714-YGR (N.D. Cal.);*
>>
>> *ii. Lawrence v. Apple Inc., Case No. 4:19-cv-02852-YGR (N.D. Cal.);*
>>
>> *iii. Cameron v. Apple Inc., Case No. 419-cv-03074-YGR (N.D. Cal.);*
>>
>> *iv. Sermons v. Apple Inc., Case No. 4:19-cv-03796-YGR (N.D. Cal.); and*
>>
>> *v. Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR (N.D. Cal.);*
>>
>> *and*
>
> *d. any allegations or suspicion of any anti-competitive conduct or behavior.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  Any communications between DiMuzio and other non-parties are irrelevant to the antitrust claims and defenses in these cases.  With respect to an "App Developer" that is a party to these or other cases involving Defendant, this Request is

unreasonably cumulative and duplicative and seeks documents that can more readily be obtained

from and through the parties in these and other cases.  Fed. R. Civ. P. 26(b)(2)(C)(i).  This Request

is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable

particularity, as a result of its use of the terms "APP DEVELOPER," "EPIC," and "MICROSOFT"

for the reasons stated in the Objections to Defendant's Definitions and Instructions.  This request

is also overly broad, vague, and ambiguous with respect to its request for documents regarding

"any allegations or suspicion of any anti-competitive conduct or behavior."  Finally, DiMuzio

objects to this Request to the extent it seeks documents that are subject to protection by the

attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 4:**

> *ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney general's office, or congressional committee, CONCERNING any APP MARKETPLACE, the DEFENDANT, and/or any allegations or suspicion of any anti-competitive conduct or behavior.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by

the First Amendment as stated in DiMuzio's second General Objection.  The Request is also

unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in

this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the

case," as stated in DiMuzio's fourth General Objection.  Any communications between DiMuzio

and the government are irrelevant to the antitrust claims and defenses in these cases.  This request

is also overly broad, vague, and ambiguous with respect to its request for documents and

communications regarding "any allegations or suspicion of any anti-competitive conduct or

behavior."

**REQUEST NO. 5:**

*ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and any actual or proposed member of the COALITION FOR APP FAIRNESS (and/or their counsel), INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, EPIC, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, Spotify, Tile and Yoga Buddhi, CONCERNING the DEFENDANT, any APP MARKETPLACE(S), and/or any allegations or suspicion of any anti-competitive conduct or behavior.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  Any communications between DiMuzio and other non-parties are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "EPIC" and "COALITION FOR APP FAIRNESS" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  This request is also overly broad, vague, and ambiguous with respect to its request for documents and communications regarding "any allegations or suspicion of any anti-competitive conduct or behavior."  Finally, DiMuzio objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 6:**

*ALL COMMUNICATIONS or DOCUMENTS CONCERNING the COALITION FOR APP FAIRNESS' website appfairness.org, INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, fees, and any allegations published on appfairness.org of anti-competitive conduct.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  Documents related to appfairness.org are irrelevant to the antitrust claims and defenses in these cases.  The Request is also overly broad and unduly burdensome because it seeks documents concerning, for example, the website's "formation," "objectives," and "meeting minutes" without any limitation with respect to subject matter.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "COALITION FOR APP FAIRNESS" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, this Request seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 7:**

> *ALL COMMUNICATIONS or DOCUMENTS CONCERNING the subject matter of the following litigations:*
>
> > *i.* Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);*
> >
> > *ii.* Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);*
> >
> > *iii.* Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);*
> >
> > *iv.* Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and*
> >
> > *v.* Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).*

**OBJECTIONS:**

The Request is unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not

"proportional to the needs of the case," as stated in DiMuzio's fourth General Objection. DiMuzio's documents and communications concerning litigation involving the Defendant are irrelevant to the antitrust claims and defenses in these cases.  This Request for documents concerning the "subject matter" of the litigation is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity.  Finally, DiMuzio objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 8:**

> *ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and:*
>
> > *a. Athey, Susan;*
> >
> > *b. Barnes, Ned;*
> >
> > *c. Cragg, Michael;*
> >
> > *d. Evans, David;*
> >
> > *e. Lee, Wenke;*
> >
> > *f. Mathiowetz, Nancy;*
> >
> > *g. Mickens, James; and*
> >
> > *h. Rossi, Peter.*

**OBJECTIONS:**

The Request is burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  Communications with individuals who served as expert witnesses in a separate case are irrelevant to the antitrust claims and defenses in these cases.  The Request is also overly broad and unduly burdensome because it seeks "all" documents and communications without regard to subject matter.  Finally, DiMuzio

objects to this Request to the extent it seeks documents that are protected from disclosure by the First Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 9:**

> *DOCUMENTS sufficient to show YOUR efforts to solicit or increase membership in the COALITION FOR APP FAIRNESS, INCLUDING any strategy and/or public relations DOCUMENTS, whether developed and drafted directly by YOU or any other PERSON.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  Efforts to solicit or increase the Coalition's membership are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "COALITION FOR APP FAIRNESS" and "PERSON" for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, DiMuzio objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 10:**

> *ALL COMMUNICATIONS AND DOCUMENTS exchanged between YOU (and/or YOUR counsel) and LANE KASSELMAN (and/or his counsel), GREENBRIER PARTNERS (and/or their counsel), THE MESSINA GROUP (and/or their counsel), and/or Matthew Weissinger (and/or his counsel) CONCERNING:*
>
> > *a. Project Liberty;*

> b. the DEFENDANT; and
>
> c. any actual or potential litigation against the DEFENDANT.

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  Any communications between DiMuzio and other non-parties are irrelevant to the antitrust claims and defenses in these cases.  The Request also seeks documents and communications that are not in the possession, custody, or control of DiMuzio.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "LANE KASSELMAN," "GREENBRIER PARTNERS," and "THE MESSINA GROUP" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, DiMuzio objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 11:**

> ALL COMMUNICATIONS or DOCUMENTS CONCERNING:
>
> a. LANE KASSELMAN;
>
> b. GREENBRIER PARTNERS;
>
> c. THE MESSINA GROUP; and
>
> d. Matthew Weissinger.

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection. The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection. Documents "concerning" these other non-parties are irrelevant to the antitrust claims and defenses in these cases. This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "LANE KASSELMAN," "GREENBRIER PARTNERS," and "THE MESSINA GROUP" for the reasons stated in the Objections to Defendant's Definitions and Instructions. This Request is also overly broad and unduly burdensome because it is not limited to the subject matter of this litigation. Finally, DiMuzio objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 12:**

*ALL COMMUNICATIONS and/or DOCUMENTS CONCERNING any COMMUNICATIONS between YOU (and/or YOUR counsel) and:*

    *a. any EPIC employee;*

    *b. any EPIC lawyer; and*

    *c. any PERSON representing EPIC in any capacity.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection. The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the

- 18 -

case," as stated in DiMuzio's fourth General Objection.  Communications with another non-party are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the terms "EPIC" and "PERSON" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  This Request is also overly broad and unduly burdensome because it is not limited to the subject matter of this litigation.  Finally, DiMuzio objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 13:**

> *ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any consultants, consulting firms, political strategist, advisors and/or public relations firms, INCLUDING FORBES TATE PARTNERS, CONCERNING the DEFENDANT, the APP STORE, and any actual or potential litigation against the DEFENDANT.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  This Request is overly broad and unduly burdensome because it is not limited to the subject matter of this litigation.  Finally, DiMuzio objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 14:**

> *DOCUMENTS CONCERNING  any guidelines, rules, or principals* [sic] *related to membership in the COALITION FOR APP FAIRNESS.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  Documents relating to membership in the Coalition are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "COALITION FOR APP FAIRNESS" for the reasons stated in the Objections to Defendant's Definitions and Instructions.  Finally, DiMuzio objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 15:**

> *DOCUMENTS AND COMMUNICATIONS CONCERNING any financial relationship between YOU and any APP DEVELOPER, INCLUDING EPIC, INCLUDING any payments or monies paid by any APP DEVELOPER, INCLUDING EPIC, to YOU, INCLUDING to any PERSON acting on YOUR behalf.*

**OBJECTIONS:**

This Request seeks documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection.  The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection.  DiMuzio's financial relationships with non-parties are irrelevant to the antitrust claims and defenses in these cases.  This Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a

result of its use of the terms "APP DEVELOPER," "EPIC," and "PERSON" for the reasons stated in the Objections to Defendant's Definitions and Instructions. Finally, DiMuzio objects to this Request to the extent it seeks documents that are subject to protection by the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

**REQUEST NO. 16:**

*ALL DOCUMENTS produced to PLAINTIFFS in this litigation.*

**OBJECTIONS:**

This Request is unreasonably cumulative and duplicative and seeks documents that can more readily be obtained from and through the parties in these cases. Fed. R. Civ. P. 26(b)(2)(C)(i). DiMuzio objects to this Request because the term "produced . . . in this litigation" is vague, ambiguous, and lacking in reasonable particularity. This Request may seek documents and communications that are protected from disclosure by the First Amendment as stated in DiMuzio's second General Objection. The Request may also be unduly burdensome, because it may seek documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection. The Request may also seek documents that are subject to protection by the First Amendment, attorney-client privilege, attorney work-product doctrine, and/or related privileges. The Request is also overly broad, unduly burdensome, vague, ambiguous, and lacking in reasonable particularity, as a result of its use of the term "PLAINTIFFS" for the reasons stated in the Objections to Defendant's Definitions and Instructions.

**REQUEST NO. 17:**

*ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any of the following law firms:*

*a. Cravath Swaine & Moore LLP;*

     *b. Faegre Drinker Biddle & Reath LLP;*

     *c. Wiggin and Dana LLP;*

     *d. Hagens Berman Sobol Shapiro LLP;*

     *e. Wolf Haldenstein Adler Freeman & Herz LLP;*

     *f. Alioto Law Firm;*

     *g. Kellogg, Hansen, Todd, Figel & Frederick, PLLC;*

     *h. Calcaterra Pollack LLP;*

     *i. Nedeau Law PC;*

     *j. Law Offices of Lawrence G. Papale;*

     *k. Law Offices of Jeffery Kenneth Perkins;*

     *l. Alexander H. Schmidt, Esq.;*

     *m. Berman Tabacco;*

     *n. Thomas C. Willcox;*

     *o. Freed Kanner London Millen LLC;*

     *p. Sperling & Slater P.C.; and*

     *q. Saveri & Saveri, Inc.*

**OBJECTIONS:**

The Request is also unduly burdensome, because it seeks documents that are not relevant to any claims or defenses in this case, as stated in DiMuzio's third General Objection, and not "proportional to the needs of the case," as stated in DiMuzio's fourth General Objection. Any communications between DiMuzio and the listed law firms are irrelevant to the antitrust claims and defenses in these cases. The Request is also overly broad and unduly burdensome because it seeks documents and communications without regard to subject matter. Finally, DiMuzio objects to this Request to the extent it seeks documents that are protected from disclosure by the First

- 22 -

Amendment, the attorney-client privilege, attorney work-product doctrine, and/or related privileges.

Dated: June 25, 2021                            Respectfully submitted,
       Washington, DC

                                                /s/ David S. Torborg
                                                David S. Torborg
                                                Megan S. Newton
                                                Stephen J. Kenny
                                                JONES DAY
                                                51 Louisiana Ave., NW
                                                Washington, DC 20001
                                                Telephone:  (202) 879-3939
                                                Facsimile:  (202) 626-1700

                                                *Counsel for Meghan DiMuzio*

## <u>AFFIRMATION OF SERVICE</u>

I, David S. Torborg, hereby certify that on June 25, 2021, I caused the foregoing MEGHAN

DIMUZIO'S OBJECTIONS TO DEFENDANT'S *SUBPOENA TO PRODUCE DOCUMENTS,*

*INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL*

*ACTION* to be served by U.S. mail and email upon counsel for the Defendant:

> Nicole L. Castle,
> McDermott Will & Emery
> 340 Madison Avenue
> New York, NY 10173-1922
> ncastle@mwe.com
> (212) 547-5480

Dated:  June 25, 2021

/s David S. Torborg

# EXHIBIT 20

Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE COALITION FOR APP FAIRNESS; FORBES TATE PARTNERS LLC; AND MEGHAN DIMUZIO,<br><br>                    Non-Party Movants<br><br>v.<br><br>APPLE INC.<br><br>                    Defendant | Misc. Case No. _____<br><br>Underlying Litigation:<br><br>*Cameron v. Apple, Inc.*,<br>    No. 4:19-cv-3074<br>*In re Apple iPhone Antitrust Litigation*,<br>    No. 4:11-cv-6714<br><br>U.S. District Court for the Northern District of California |

<u>**DECLARATION OF DAVID HEINEMEIER HANSSON**</u>

**I, David Heinemeier Hansson, swear of affirm as follows:**

1.      I am the co-founder and Chief Technology Officer of Basecamp, LLC ("Basecamp"), a non-party to this action.

2.      I make this affidavit based on personal knowledge and am competent to do so.

3.      Basecamp is a software development company that creates and distributes software-as-a-service applications. Our apps include Basecamp, a project management tool launched in 2004, and Hey, an integrated email client and service launched in 2020.

4.      In September 2020, Basecamp became a member of the Coalition for App Fairness ("CAF" or the "Coalition"). I currently serve on CAF's Board of Directors.

5.      CAF is an independent nonprofit organization founded by app development companies to advocate for freedom of choice and fair competition across the app ecosystem. The Coalition opposes Apple Inc.'s ("Apple") anticompetitive practices with respect to its mobile operating system, iOS, and its App Store. For example, the Coalition opposes App Store policies

imposed by the platforms that restrict app developers' ability to choose payment processors for in-app payments. The Coalition's positions on these and other issues are published on its website, https://appfairness.org/.

6. The Coalition's activities include campaigning and lobbying for legislation that aims to address the power imbalance between the Apple and app developers and to prohibit Apple's anticompetitive practices. The Coalition's positions and activities on these matters are informed by meetings, conferences, and other communications between Coalition members and other entities, including email communications, concerned about the anticompetitive practices that currently exist in the app marketplace.

7. On December 8, 2020, Basecamp received a subpoena (the "Basecamp Subpoena") from Apple LLC ("Apple"), which is the defendant in three antitrust cases currently pending in the United States District Court for the Northern District of California. The Basecamp Subpoena includes several requests demanding that Basecamp produce communications with other non-party Coalition members and non-party developers. Specifically:

- Request 10 demands: "DOCUMENTS, INCLUDING COMMUNICATIONS CONCERNING the COALITION INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, and fees."

- Request 11 demands: "DOCUMENTS CONCERNING COMMUNICATIONS with any actual or proposed founder or member of the COALITION, INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, Epic Games Inc., European Publishers Council, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, and Tile, CONCERNING the COALITION, DEFENDANT, any APP MARKETPLACE, YOUR APP(s), and/or any allegations or suspicion of any anti-competitive conduct or behavior."

- Request 25 demands: "ALL COMMUNICATIONS between YOU and any APP DEVELOPER, INCLUDING EPIC, or any member of the COALITION, CONCERNING: a. the DEFENDANT'S iOS App Store, INCLUDING any guidelines, policies, and procedures for the DEFENDANT'S iOS App Store; b. policies, practices, and/or procedures

2

for handling and processing payments for the sale of IN-APP PRODUCTS; c. the following ongoing litigation, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same: i. Pepper v. Apple Inc., Case No. 4:11-cv-06714-YGR (N.D. Cal.); ii. Lawrence v. Apple Inc., Case No. 4:19-cv-02852-YGR (N.D. Cal.); iii. Cameron v. Apple Inc., Case No. 419-cv-03074-YGR (N.D. Cal.); iv. Sermons v. Apple Inc., Case No. 4:19-cv-03796-YGR (N.D. Cal.); and v. Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR (N.D. Cal.)."

8.      On June 7, 2021, the Coalition also received a subpoena (the "CAF Subpoena") from Apple. The CAF Subpoena similarly requests communications involving non-party Coalition members, including Basecamp.

9.      Enforcing any of the above-listed subpoena requests would have a chilling effect on the Coalition's activities and on app developers' willingness either to participate in the Coalition or to advocate in advance of its interests. Disclosure of the Coalition's internal communications, or communications between app developers regarding advocacy against Apple's practices, will the affect the willingness of the Coalition, its individual members, and potential members to participate in such advocacy, which will undermine the Coalition's First Amendment associational rights to influence the legislative process through its communications regarding legislative policy, and its campaign communications, activities, or solicitations.

10.      Basecamp, like most software companies, is heavily dependent on access to Apple's iOS mobile operating system. Approximately 77 percent of customers of Basecamp's HEY service rely on the iOS app.

11.      Basecamp's dependence on Apple creates many opportunities for Apple to retaliate against us. For example, if Apple decided to expel our apps from the iOS App Store, the effect on our business would be devastating. It would also substantially harm our business if Apple began to reject our app updates or to demote our apps in the App Store. We are therefore extremely sensitive to the potential for retaliatory attacks by Apple.

3

12.     We decided to participate in the Coalition despite the threat of retaliation because we believe strongly in the Coalition's mission of opposing abusive and anticompetitive restrictions that mobile operating system platforms impose on app developers. If we had known at the time, however, that joining could result in us being forced to turn over to Apple our communications with other Coalition members and other developers regarding Apple's abusive conduct, then we would have been far less likely to join.

13.     Moreover, enforcing the subpoena requests will discourage Basecamp from communicating openly with other members of the Coalition and otherwise participating in its activities going forward. Even if Basecamp continues to participate as a member in the Coalition, I, as an officer of Basecamp and a member of the Coalition's Board, would be less willing to freely share my thoughts and opinions on various issues, such as legislation, legislators, campaigns, and the mobile platforms with the other Coalition members and potential members if I believed that information would be subject to disclosure.

14.     Finally, I have spoken with the CEOs of several other app companies who have told me that they support the Coalition's efforts, but who are unwilling to join the Coalition publicly due to fears of retaliation by Apple. Enforcing Apple's subpoena requests will further dissuade them from participating in advocacy against Apple's App Store policies.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: July  8 , 2021

_____

David Heinemeier Hansson

4